IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| C R BARD INC. & BARD PERIPHERAL VASCULAR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANGIODYNAMICS, <br><br> Defendant. | 1:15CV218 (JFB) (SRF) <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the objections by plaintiffs, D.I. 397, to the report and recommendations of the magistrate judge, D.I. 393, addressing the motion to resolve outstanding claim construction disputes, D.I. 364. AngioDynamics has also filed its own objections, D.I. 406, and a response to Bard's objections, D.I. 403. Previously, this Court held a hearing and preliminarily ruled in favor of adopting the report and recommendation of the magistrate judge in its entirety. D.I. 395. However, the Court permitted the parties to file their objections on or before February 25, 2019 and indicated it would make its final determination at that time.

In examining the Report, the Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### *Bard's Objections*

Bard objects, arguing that the magistrate judge's report and recommendation conflicts with Judge Robinson's May 19, 2017 Markman Order, D.I. 156. This Court

1

previously stated in its summary judgment memorandum and order that it would "follow the instructions of Judge Robinson" in his claim construction order. *See* D.I. 356 at 9. Bard contends that the magistrate judge erred in determining that under step two of the printed matter inquiry that the information that the "access port is structured for power injection" is not "functionally or structurally related" to the claimed power injectable port. D.I. 397 at 2. Bard argues that the magistrate judge incorrectly concludes that the matter would need to function to make the port power injectable in order to have patentable weight. *Id.* at 9. This finding, says Bard, contradicts Judge Robinson's Markman Order: "As the court understands the claims at issue, then, the focus is on how to make a power injectable vascular access port identifiable, not necessarily on how to make a power injectable vascular access port." D.I. 156 at 2. The Markman Order further concludes that the "undisputed focus of each of the asserted patents is on how to identify or use a power injectable vascular access port." *Id.* Consequently, it does not, as suggested by the magistrate judge, also have to make the port identifiable as a power injectable port with patentable weight nor does it have to make the port "capable" of power injection.

Further, Bard contends the R&R contradicts the Markman Order and noted that a recent Federal Circuit case noted the importance of identification:

> Because of these similarities, doctors were unable to identify and distinguish specific types of ports after they were implanted. This prevented doctors from distinguishing so called "power injectable ports" from ordinary ones. Power injectable ports are designed to be "injected and pressurized by mechanical assistance" at high flow rates. By contrast, regular access ports are not manufactured to withstand high-pressure injections. Power injecting a non-power injectable port can cause the port to fracture while in the patient's body, leading to serious bodily injury or even death.

*C. R. Bard, Inc. v. AngioDynamics, Inc.*, 748 Fed.Appx 1009, 1011-12 (Fed. Cir. Sept. 28, 2018). Bard contends that the Patent Office cited limitations regarding identification nine

2

times in its Reasons for Allowance. Identification, according to Bard, is the key term in this regard.

In response, AngioDynamics argues that magistrate judge's report and recommendation is consistent with Judge Robinson's Markman order. Judge Robinson's Markman Order, contends AngioDynamics, did not decide the issue regarding printed matter. In fact, argues AngioDynamics, the parties did not even brief printed matter nor the functional relationship requirement. Additionally, Judge Robinson previously found this to be an abstract mental step under 35 U.S.C. § 101. The report and recommendation of Magistrate Judge Fallon considered and then rejected Bard's identification argument and applied the reasoning of *Praxair, Guldenaar, and AstraZeneca*.[1]

The Court agrees that Judge Robinson's Markman Order and § 101 orders and Judge Fallon's report and recommendation are consistent. The Court finds that the magistrate judge is correct as a matter of law and fact. Judge Robinson did not specifically decide the printed matter issue or the functional relationship test. This is most likely due to the fact that Judge Robinson was not asked to decide this issue by the parties, probably because it was a year later that the *Praxair* court clarified that printed matter is to be determined at the claim construction stage of the proceedings. Magistrate Judge Fallon did exactly that in her Report and Recommendation. The Court will adopt her report and recommendation as to the claim construction as to print matter.

---

[1] *Praxair Distrib., Inc. v. Mallinckrodt Hosp. Prods. JP Ltd.*, 890 F.3d 1024, 1033 (Fed. Cir. 2018); *In re Marco Guldenaar Holding B.V.*, 911 F.3d 1157 (Fed. Cir. 2018); and *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1065 (Fed. Cir. 2010).

***AngioDynamics Objections***

AngioDynamics objects to the recommendations of the magistrate judge who found the '417 Patent and the '951 patent are substantially identical. The magistrate judge, argues AngioDynamics, erred by "minimizing the effect on claim scope of Bard's deliberate removal of the claim term 'about' to overcome the indefiniteness rejection" and by ignoring Bard's "other, second clear and unmistakable disclaimer during prosecution." D.I. 406, at 6. This, argues AngioDynamics, is an incorrect determination of the scope and limits of the patents. The magistrate judge's report incorrectly found these two patents substantially identical because of the removal of the word "about" from the '417 patent, argues AngioDynamics. The report and recommendation, contends AngioDynamics, also ignores Federal Circuit authority concerning the term "about." *See*, e.g., *Ortho-McNeil Pharm., Inc. v. Caraco Pharm. Labs., Ltd.*, 476 F.3d 1321, 1328 (Fed. Cir. 2007) (identifying the zone of imprecision for the term "about 1:5" as "1:3.6-1:7.1"). In short, Bard's intentional removal of the term "about" changed the scope of the claims, asserts AngioDynamics.

Second, AngioDynamics argues that the report ignored Bard's second disclaimer during prosecution. The magistrate judge determined that "[t]he record before the court does not reflect a clear and unmistakable prosecution disclaimer by Bard that would substantively alter the scope of the claims." D.I. 393 at 16. The magistrate judge overlooked the disclaimer in Bard's amendment, argues AngioDynamics.

The Court has carefully reviewed the record de novo and, particularly, the magistrate judge's report and recommendation. The magistrate judge stated:

> To establish prosecution disclaimer, the Federal Circuit "requires that the alleged disavowing actions or statements made during prosecution be both clear and

unmistakable." *Omega Eng'g, Inc. v. Raytek Corp.*, 334 FJd 1314, 1325-26 (Fed. Cir. 2003). The prosecution history in the present case reveals that Bard filed an amendment to overcome a prior art rejection based on the Fenton reference. (D.I. 376, Ex. 104 at 6) Bard explained that "the alleged first identifiable feature and second identifiable feature are disclosed as the same feature by Fenton" because the Fenton reference disclosed "a single tactile feature." (*Id.*) Bard distinguished the claimed invention in the present case by stating that "the claimed invention requires that the first and second identifiable features be different (i.e., the first identifies the port as suitable for flowing fluid at a fluid flow rate of at least about l milliliter per second, and the second identifies the port as suitable for accommodating a pressure within the cavity of at least about 35 psi)." (*Id.*) Bard did not disclaim scope during prosecution by noting that the Fenton reference disclosed only a single feature, while the '417 patent discloses two features. *See Avid Tech., Inc. v. Harmonic, Inc.*, 812 F.3d 1040, 1045 (Fed. Cir. 2016) ("Where the alleged disavowal is ambiguous, or even 'amenable to multiple reasonable interpretations,' we have declined to find prosecution disclaimer"). For these reasons, I recommend that the court find the claims of the '951 publication and the '417 patent substantially identical.

D.I. 393 at 16.

The Court finds that the magistrate judge's reasoning is sound and correct as a matter of law and fact. The Court agrees with the magistrate judge that '417 patent and the '951 Publication are substantially identical. The Court further finds that the information conveyed by the radiographic letters and separated features is printed matter.

**THERFORE, IT IS ORDERED THAT:**

1. C R Bard's objections, D.I. 397, are overruled;

2. AngioDynamics objections, D.I. 406, are overruled;

3. The request for claim construction, D.I. 364, is denied; and

4. The report and recommendation of the magistrate judge, D.I. 393, is adopted in its entirety.

Dated this 27th day of February 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge