IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| C R BARD INC. and BARD PERIPHERAL VASCULAR, INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> vs. <br><br> ANGIODYNAMICS, INC., <br><br> Defendant/Counterclaim plaintiff. | Civ. No. 15-218-JFB-SRF <br><br> **MEMORANDUM and ORDER** |

This matter is before the Court on defendant/counterclaim plaintiff AngioDynamics, Inc.'s ("AngioDynamics") motion for attorneys' fees and nontaxable expenses (D.I. 450), plaintiffs/counterclaim defendants Bard Peripheral Vascular, Inc.'s and C.R. Bard's (collectively, "Bard") motion to stay the attorney fees and costs motion (D.I. 455), and the parties' competing requests for final judgment in a separate document pursuant to Federal Rule of Civil Procedure 58 (D.I. 454 and D.I. 458). The parties have each submitted a proposal for the entry of judgment. (D.I. 454, Ex. A and D.I. 458-1). The proposals differ only in that Bard seeks dismissal of AngioDynamics's equitable counterclaims without prejudice, whereas AngioDynamics seeks either a bench trial setting or a stay pending any appeal.

At trial, on March 7, 2019, the Court sustained AngioDynamics's oral motion for Judgment as a Matter of Law, as well as its motions for summary judgment under Federal Rule of Civil Procedure 56, on the grounds that the claims of the Asserted Patents are invalid, not patent-eligible, not infringed and not willfully infringed. D.I. 446, Transcript at 1247-50, 1252-1255. Bard filed a notice of appeal of the ruling on April 3,

1

2019 (D.I. 441). Under the Federal Rules of Appellate Procedure, the notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry. Fed. R. App. P. 4(a)(2). The Federal Rules of Civil Procedure require that, with some exceptions not relevant here, "every judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58(a). The Court later issued an opinion elaborating on its findings on the record at trial and stating that any deadline for appeal of the Court's rulings "shall be calculated from [that] date, April 26, 2019. (D.I. 449, Memorandum and Order at 1) Earlier, the Court had granted Bard's motion in limine to bifurcate AngioDynamics's equitable issues from the main trial. *See* D.I. 358 at 5 ("The Court agrees with Bard. It is not for the jury to decide issues related to inequitable conduct . . . The Court will hear this evidence and decide the equitable conduct claims").

The Court is inclined to think the inequitable conduct and unclean hands claims against Bard may be moot, but finds that any remaining claims, as well as the motion for fees and costs should be stayed in any event. The actions of the Appeals Court may affect these matters. The Court finds it appropriate, in view of the pending appeal, to grant the motion for entry of judgment and to stay the remaining motions pending the outcome of the appeal. Accordingly, the Court finds the requests for entry of judgment should be granted in part, the motion for a stayed should be granted and a stay of pending proceedings should be issued.

IT IS HEREBY ORDERED:

1. Bard Peripheral Vascular, Inc.'s and C.R. Bard's motion to stay (D.I. 455) is granted.

2. AngioDynamics, Inc.'s motion for attorney fees and nontaxable expenses (D.I. 450) is stayed pending the appeal of this matter.

3. The parties' requests for a final judgment in a separate document pursuant to Federal Rule of Civil Procedure 58 (D.I. 454 and D.I. 458) are granted in part.

4. A Final Judgment will issue this date.

Dated this 21st day of May 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge