IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

C R BARD INC. and BARD PERIPHERAL
VASCULAR, INC.,

        Plaintiffs/Counterclaim Defendants,

    vs.

ANGIODYNAMICS, INC.,

        Defendant/Counterclaim Plaintiff.

**Civ. No. 15-218-JFB-SRF**

**MEMORANDUM and ORDER**

This matter is before the Court on the mandate of the United States Court of Appeals for the Federal Circuit ("Federal Circuit").  D.I. 468.

At trial, this Court sustained defendant/counterclaim plaintiff AngioDynamics, Inc.'s ("AngioDynamics") oral motion for judgment as a matter of law, as well as its motions for summary judgment under Federal Rule of Civil Procedure 56, finding that the claims of the asserted patents were invalid, not patent-eligible, not infringed, and not willfully infringed.  D.I. 446, Transcript at 1247-50, 1252-1255; D.I. 449, Memorandum and Order. The Federal Circuit reversed-in-part this Court's judgment of invalidity as it pertained to ineligibility under § 101; vacated-in-part this court's judgment of invalidity as to all other grounds; vacated the judgment of non-infringement and no willful infringement; and remanded the case for further proceedings consistent with its opinion. D.I. 468-1, Opinion at 21.  Although it found "that the content of the information conveyed by the claimed markers—i.e. that the claimed access ports are suitable for injection at the claimed pressure and flow rate—is printed matter not entitled to patentable weight[,]" the Federal Circuit concluded "that the asserted claims are not patent ineligible under § 101 because

1

the claims in their entireties are not solely directed to printed matter." *Id.* at 16, 20.  The Federal Circuit also found that AngioDynamics' evidence was not sufficient to establish as a matter of law, at *Alice* [*Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 221 (2014)] step two, that the use of a radio-graphic marker, in the 'ordered combination' of elements claimed was not an inventive concept[,]" in that, even if prior art "demonstrated that it would have been obvious to combine radiographic marking with the other claim elements, that evidence does not establish that radio-graphic marking was routine and conventional under *Alice* step two." *Id.* at 19-20.  Further, the Federal Circuit found that although "largely undisputed evidence" established that "certain prior art ports, and the use of those ports, satisfied most of the remaining elements of the asserted claims, including power injectability and the presence of external identifiers[,]"  there was a "factual dispute over whether any of the prior art access ports contained a 'radiographic marker' or 'radiographic feature' required by the asserted claims[,]" creating a "genuine dispute over the novelty of the asserted claims" under § 102.  *Id.* at 20-21.

In light of those findings, the Court finds it necessary to ascertain the parties' positions on further progression of this case.  Earlier, this Court granted Bard's motion to stay AngioDynamic's equitable claims (D.I. 455), which had been bifurcated for a trial to the bench (D.I. 358) and AngioDynamic's motion for attorney fees and nontaxable expenses (D.I. 450), pending the outcome of the appeal.  D.I. 461.  It appears the motion for attorney fees is moot.  The Court finds the parties should provide status reports to the Court addressing what remains to be done in this case.  Accordingly,

IT IS ORDERED that

1.     AngioDynamics' Motion for attorney fees (D.I. 450) is denied as moot.

2.    Within two weeks of the date of this order, the parties shall each file a status report addressing what remains to be done in this action and further progression of the case.

Dated this 15th day of March, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge