IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANGIODYNAMICS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. 15-218-JFB-SRF ) ) ) ) ) |

## MEMORANDUM ORDER

At Wilmington this **1st** day of **March, 2022**, the court having considered defendant AngioDynamics, Inc.'s ("Defendant") motion to stay (D.I. 492), and the briefing associated therewith (D.I. 493; D.I. 496; D.I. 497), IT IS HEREBY ORDERED that Defendant's motion to stay is DENIED for the following reasons:

1. **Background.** Beginning in 2012, Plaintiffs C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Plaintiffs") asserted patents related to their power injectable port technology in six cases across two judicial districts. *See C.R. Bard Inc. v. Med. Components, Inc.*, C.A. No. 12-32 (D. Utah) (Shelby, C.J.); *CR Bard v. AngioDynamics*, C.A. No. 12-35 (D. Utah) (Shelby, C.J.);[1] *CR Bard v. Smiths Medical ASD*, C.A. No. 12-36 (D. Utah) (Shelby, C.J.);[2] *C R Bard Inc. et al. v. AngioDynamics Inc.*, C.A. No. 15-218-JFB-SRF (D. Del.) (Bataillon, J.); *C.R. Bard, Inc. v. Med. Components, Inc.*, C.A. No. 17-754 (D. Utah) (Nielson, J.); *C. R. Bard, Inc. et al. v.*

---

[1] This case was subsequently transferred to the District of Delaware, where it was assigned to Chief Judge Connolly. *See CR Bard v. AngioDynamics*, C.A. No. 20-1544-CFC (D. Del.) (Connolly, C.J.).

[2] This case was subsequently transferred to the District of Delaware, where it was assigned to Chief Judge Connolly. *See C.R. Bard, Inc. v. Smiths Med. ASD, Inc.*, C.A. No. 20-1543-CFC (D. Del.) (Connolly, C.J.).

*AngioDynamics, Inc.*, C.A. No. 21-349-CFC (D. Del.) (Connolly, C.J.). In the three 2012 actions brought in the District of Utah (the "Port I cases"), Plaintiffs asserted causes of action for infringement of U.S. Patent Nos. 7,947,022 ("the '022 patent"); 7,785,302 ("the '302 patent"); and / or 7,959,615 ("the '615 patent"). Plaintiffs asserted claims for infringement of a different trio of patents in this case (the "Port II case") in 2015: U.S. Patent Nos. 8,475,417 ("the '417 patent"); 8,545,460 ("the '460 patent"); and 8,805,478 ("the '478 patent"). (D.I. 1) The 2017 Utah action (the "Port III case") and the 2021 Delaware action (the "Port IV case") involve yet another set of patents covering Plaintiffs' power-injectable port technology.³ Plaintiffs provided a helpful visual aid for identifying the location and status of the various civil actions:



2. The court held a jury trial in this matter in April 2019, which concluded with the court's entry of judgment as a matter of law ("JMOL") in favor of Defendant under Rule 50(a) after the conclusion of Plaintiffs' case in chief. (D.I. 449) In the JMOL decision, the court

---

³ In *C.R. Bard, Inc. v. Med. Components, Inc.*, C.A. No. 17-754 (D. Utah) (Nielson, J.), Plaintiffs alleged infringement of U.S. Patent Nos. 8,025,639; 8,382,723; 8,585,663; and 8,603,052. In *C. R. Bard, Inc. et al. v. AngioDynamics, Inc.*, C.A. No. 21-349-CFC (D. Del.) (Connolly, C.J.), Plaintiffs alleged infringement of U.S. Patent Nos. 8,025,639; 9,603,992; and 9,603,993.

reasoned that the '478, '460, and '417 patents were directed to ineligible printed matter under 35 U.S.C. § 101. (D.I. 449) The Federal Circuit reversed the court's JMOL decision in November 2020, concluding that "each claim as a whole is patent eligible because none are solely directed to the printed matter." *C R Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372, 1381 (Fed. Cir. 2020). Defendant subsequently filed a petition for panel rehearing and rehearing *en banc*, alleging that "the panel's reversal of the trial court's § 101 judgment has the unjust effect of precluding AngioDynamics from raising its ineligibility defense at trial" because "[t]he panel did not consider AngioDynamics's argument that the claims are directed to the abstract idea of identification at step one and summarily decided that AngioDynamics did not meet its burden at step two." (D.I.496, Ex. A at 4) The Federal Circuit denied Defendant's petitions for panel rehearing and rehearing *en banc*. (Fed. Cir. Case No. 19-1756, D.I. 77)

3. The District of Utah addressed the issue of patent eligibility under § 101 in the Port III case in March 2021. There, the court extended the Federal Circuit's two-step eligibility analysis to the patents at issue in the Port III case and concluded that the asserted patent claims were not directed to an abstract idea. (D.I. 483, Ex. 1 at 77:7-82:1)

4. Four months later, the District of Utah granted defendant Medical Components, Inc.'s partial motion for summary judgment in the Port I case, concluding that the '022, '302, and '615 patents were invalid under § 101 because the asserted claims were "directed to the ineligible abstract idea of communicating information and lack an inventive concept[.]" *See C.R. Bard, Inc. v. Med. Components, Inc.*, --- F. Supp. 3d ----, 2021 WL 3109914, at *19 (D. Utah July 22, 2021). The court subsequently certified its summary judgment decision for immediate appeal under Rule 54(b) (the "MedComp Appeal") to "give the Federal Circuit an opportunity to further address the application of its patent eligibility case law . . . and the printed matter

doctrine." *C.R. Bard, Inc. v. Med. Components, Inc.*, 2021 WL 5145284, at *5 (D. Utah Nov. 4, 2021). In the certification decision, the court acknowledged "some tension" between its summary judgment ruling and the interpretation given to the Federal Circuit's eligibility decision in the Port III case. *Id.*

5.  In the District of Delaware, the transferred Port I cases and the Port IV case were stayed as of December 27, 2021, pending the Federal Circuit's decision in the MedComp Appeal. (D.I. 254)

6.  Defendant moved to stay this action in February 2022 until the Federal Circuit's resolution of the MedComp Appeal. (D.I. 492) The motion is now fully briefed and ripe for resolution.

7.  **Legal Standard.** A court has discretionary authority to grant a motion to stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts generally consider three factors in deciding how to exercise this discretion: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Manuf., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021) (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)).

8.  **Analysis.** Defendant asks this court to stay the pending action until the Federal Circuit resolves the MedComp Appeal, arguing that the Federal Circuit's 2020 decision in this case did not address or resolve Defendant's other ineligibility theories and stressing that the

4

'302, '022, and '615 patents are materially identical to the '478, '460, and '417 patents at issue in this case. (D.I. 493 at 11-15) These arguments ignore the law of the case. The Federal Circuit considered the eligibility of the '478, '460, and '417 patents and reversed the district court's determination that the patents were ineligible. *C R Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372, 1381 (Fed. Cir. 2020). This court has no authority to nullify the Federal Circuit's final judicial determination regarding the eligibility of the '478, '460, and '417 patents. *See id.* at 1384 ("We therefore hold that the asserted claims are not patent ineligible under § 101 because the claims in their entireties are not solely directed to printed matter.").

9.    The alleged material identity of the '302, '022, and '615 patents and the '478, '460, and '417 patents is irrelevant because the Federal Circuit issued a final determination on the eligibility of the '478, '460, and '417 patents. Even if the Federal Circuit were to invalidate the '302, '022, and '615 patents under § 101 in the MedComp Appeal, the ruling would not change the Federal Circuit's final determination in this case that the '478, '460, and '417 patents are eligible under § 101. Issues regarding the eligibility of the '478, '460, and '417 patents cannot be further simplified because they have already been decided on appeal.

10.   Defendant suggests that this court is not foreclosed from considering ineligibility arguments beyond the printed matter issue that formed the basis of the Federal Circuit's eligibility determination. (D.I. 493 at 11) But as Defendant acknowledged in its petition for panel rehearing, "[t]he panel's reversal on § 101 . . . forecloses AngioDynamics's ability to present its full range of defenses against Bard's infringement claims."[4] (D.I. 496, Ex. A at 16)

---

[4] This position finds support in the guiding principles of § 101 jurisprudence. The Supreme Court and the Federal Circuit have characterized the § 101 patent-eligibility inquiry as a threshold test that presents an issue of law. *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014); *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 75 (2012); *Bilski v. Kappos*, 561 U.S. 593, 602 (2010); *see also Intellectual Ventures I LLC v.*

The Federal Circuit did not remand the issue of § 101 eligibility of the '478, '460, and '417 patents for further consideration by this court of additional ineligibility arguments raised by Defendant. Instead, the Federal Circuit reversed the holding of the district court and concluded that the asserted claims of the '478, '460, and '417 patents are eligible under § 101. This is the law of the case.

11.   Defendant discusses the Federal Circuit's decision in *CardioNet, LLC v. InfoBionic, Inc.* to suggest that the reversal of the § 101 determination does not bar consideration of alternate theories under § 101 at the trial court level. (D.I. 497 at 5-6) In *CardioNet*, the district court granted a Rule 12(b)(6) motion to dismiss in favor of the defendant after finding that the asserted patent was invalid under § 101. *CardioNet, LLC v. InfoBionic, Inc.*, 348 F. Supp. 3d 87 (D. Mass. 2018). The Federal Circuit reversed the district court's ineligibility determination, finding that the intrinsic evidence established that the claims of the asserted patent were not directed to an abstract idea and there was no need to reach step two of the *Alice* inquiry. *See CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358, 1371 (Fed. Cir. 2020). Rejecting the defendant's argument in favor of a remand of the § 101 issue for further development of the record, the Federal Circuit concluded that "a remand is unnecessary" because the question

---

*Capital One Fin. Corp.*, 850 F.3d 1332, 1338 (Fed. Cir. 2017). Indeed, the Federal Circuit has explored whether the § 101 inquiry may be addressed sua sponte. *See Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 41 (Fed. Cir. 2012) (Mayer, J., dissenting). And it is well-established that step one of the § 101 analysis requires the court to consider whether the claim's character as a whole is directed to excluded subject matter. *See Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016). These principles suggest that the two-step *Alice* framework was designed to detect any eligibility issues by requiring a close examination of the claims, and eligibility issues beyond the printed matter doctrine would not have eluded the Federal Circuit's consideration in reaching a final determination on eligibility in this case. *See, e.g., CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358, 1371-72 (Fed. Cir. 2020) (concluding that asserted claims were not directed to an abstract idea under *Alice* step one based on a review of the intrinsic evidence).

presented in that case was a legal question that could be answered based on the intrinsic evidence. *Id.* at 1371-72. In this regard, the Federal Circuit's approach to the § 101 eligibility issue in *CardioNet* is wholly consistent with this court's reasoning in denying the motion to stay.

**12.** Instead of focusing on the Federal Circuit's decision, however, Defendant emphasizes the *CardioNet* district court's handling of the issue on remand in a decision that has not been subjected to appellate review. The district court interpreted the Federal Circuit's reversal as a conclusion that the district court improperly found the asserted patent ineligible on the pleadings, and the law of the case doctrine did not bar further development of the record and adjudication on the merits. *See CardioNet, LLC v. InfoBionic, Inc.*, 2021 WL 1723847, at *2 (D. Mass. Apr. 30, 2021). In accordance with that interpretation, the district court denied the defendant's motion for summary judgment of ineligibility under § 101 without prejudice based on its determination that claim construction was necessary before evaluating the question of patent eligibility. *Id.* at *3. Even if the court were to follow the *CardioNet* district court's reasoning on remand, the outcome on this record would remain the same because claim construction, summary judgment, and trial are complete, and the Federal Circuit reversed the district court's § 101 eligibility decision based on consideration of a full evidentiary record.[5] *See C R Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1358, 1372 (Fed. Cir. 2020).

---

[5] Using selective quotes, Defendant wrongly suggests that the Federal Circuit concluded the evidence was insufficient to reach an eligibility determination in this case. (D.I. 497 at 5-6) ("The Federal Circuit's statement that the 'evidence is not sufficient to establish [ineligibility] as a matter of law' thus reflects the undeveloped record and procedural posture."). Not so. The Federal Circuit held that "the asserted claims are not patent ineligible under § 101 because the claims in their entireties are not solely directed to printed matter." *C R Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372, 1384 (Fed. Cir. 2020). The court went on to explain that, "*even if* we were to conclude that the sole focus of the claimed advance was the printed matter, *AngioDynamics's evidence* is not sufficient to establish as a matter of law, at *Alice* step two, that the use of a radiographic marker . . . was not an inventive concept." *Id.* (emphasis added). Ignoring the Federal Circuit's determinative conclusion at step one, Defendant argues that it

7

13. The stay of three other civil actions in this district pending resolution of the MedComp Appeal does not alter the equation. The two Port I cases pending in this district assert causes of action for infringement of the '022 patent, the '302 patent, and the '615 patent—the same patents at issue in the pending MedComp Appeal. (C.A. No. 20-1544-CFC; C.A. No. 20-1543-CFC) The Port IV case does not. (C.A. No. 21-349-CFC) Unlike the circumstances in this case, however, the Federal Circuit has not yet rendered a final determination on the eligibility of the patents at issue in the Port IV case.

14. Because a stay will not simplify the issues in this case for the reasons stated in paragraphs 8 to 10, *supra*, Defendant's complaints about the "substantial work" to be done before trial are not compelling. (D.I. 493 at 16)

15. **Conclusion.** IT IS ORDERED that Defendant's motion to stay is DENIED. (D.I. 492)

16. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to five (5) pages each.

---

could have satisfied its evidentiary burden at step two if it had the opportunity to present its case in chief at trial. (D.I. 497 at 5) But Defendant submitted full summary judgment briefing and exhibits on the patent eligibility issues in this case. (D.I. 259; D.I. 261; D.I. 306) Thus, the available evidence has been on the record, and the court considered the evidence and trial testimony in issuing the JMOL decision that was the subject of the Federal Circuit's ruling. (D.I. 449 at 9-14)

8

17. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge