IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| C R BARD INC. and BARD PERIPHERAL VASCULAR, INC., <br><br> Plaintiffs/Counterclaim Defendants. <br><br> vs. <br><br> ANGIODYNAMICS, INC. <br><br> Defendant/Counterclaim Plaintiff. | **CIV. NO. 15-218-JFB-SRF** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on defendant/counterclaim plaintiff Angiodynamics, Inc.'s objections, D.I. 499, to the Memorandum and Order of the Magistrate Judge, D.I. 498, on its motion to stay, D.I. 492. This patent infringement action was remanded to this court for further proceedings. See *C.R. Bard Inc. v. Angiodynamics, Inc.*, 979 F.3d 1372 (Fed. Cir. 2020). The case is set for trial in May 2022.

I.   BACKGROUND

The defendant moved to stay the trial of this action based on proceedings in a case pending in another district that ostensibly involves the same patent eligibility issues involved here. See *C.R. Bard, Inc., and Bard Peripheral Vascular v. Medical Components, Inc.,* No. 2:12-cv-00032-RJS-DAO (D. Utah), *appeal docketed*, Nos. 22-1136; 22-1186 (Fed. Cir.) ("*Bard v. MedComp*"). The Magistrate Judge found that the appeal in this case fully resolved issue of patent eligibility and therefore this case should not be stayed while the Federal Circuit considers patent eligibility for a different set of Bard patents. Defendant Angiodynamics objects, arguing that the law of the case does

not foreclose this Court from considering the potentially dispositive § 101 issues the Court of Appeals for the Federal Circuit will soon address in the *Bard v. MedComp* appeal. It contends it should be permitted to present the defense that the claims of the patent are directed to an abstract idea.[1]

II.  LAW

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, two types of referral and concomitant "levels of review depending on the scope and significance of the magistrate's decision" are authorized. *Gomez*, 490 U.S. at 871. Section 636(b)(1)(A) authorizes the Court to

> designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

*Id*. A Magistrate Judge's rulings on a nondispositive pretrial matter under § 636(b)(1)(A) is subject to review by this Court when the ruling "is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A Magistrate Judge's order is contrary to law when the

---

[1] The parties elaborated on these positions in letters to the Court. D.I. 505, 508, and 509. Angiodynamics again contends there is an open issue on patent eligibility and has requested additional briefing and/or a hearing on the issue. The Court finds no hearing is necessary and that request is denied.

magistrate judge has misinterpreted or misapplied the applicable law.  See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).  The court reviews findings of fact for clear error and legal conclusions de novo.  Id.; see also Haines v. Liggett Grp. Inc., 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law").

With respect to dispositive motions, the court may designate a magistrate judge to conduct hearings, if necessary, and submit to the Court "proposed findings of fact and recommendations for the disposition" of the pending motion.  28 U.S.C. § 636(b)(1)(B); see also Fed. R. Civ. P. 72(b).  If a party timely objects to the magistrate judge's findings, § 636(b)(1) requires the Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Fed. R. Civ. P. 72(b).

III.   DISCUSSION

The Court has reviewed the parties' submissions and the Magistrate Judge's order and finds no clear errors of fact or law.  Contrary to the defendant's assertion, the Magistrate Judge acknowledges that this Court dismissed the plaintiff's claim before the defendant had put on its evidence, but noted that the Federal Circuit reversed the district court's § 101 eligibility decision based on consideration of a full evidentiary record.  D.I. 498, Order at 7; see Angiodynamics, 979 F.3d at 1381.  The Court agrees with the Magistrate Judge that

> The Federal Circuit did not remand the issue of § 101 eligibility of the '478, '460, and '417 patents for further consideration by this court of additional ineligibility arguments raised by Defendant. Instead, the Federal Circuit reversed the holding of the district court and concluded that the asserted

3

> claims of the '478, '460, and '417 patents are eligible under § 101. This is the law of the case.

D.I. 498, Order at 6.  This Court is not free to disregard the Federal Circuit's explicit holding that the claims are not patent ineligible under § 101.  In its petition for rehearing at the Federal Circuit, Angiodynamics acknowledged that the Circuit Court's reversal of this Court's ruling on the § 101 issue foreclosed its ability to present its full range of defenses against Bard's infringement claims.  *See id.* at 5.  The subjects of the trial on remand are infringement, willful infringement, and whether the asserted claims of the patent are invalid as anticipated or obvious.  Accordingly,

IT IS ORDERED that:

1. The defendant's objections (D.I. 499) to the Magistrate Judge's denial (D.I. 498) of its motion to stay (D.I. 492) are overruled.

2. The Memorandum and Order of the United States Magistrate Judge (D.I. 498) is adopted in its entirety.

Dated this 13th day of April, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge