EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARD PERIPHERAL VASCULAR, INC., | |
| Plaintiff and Counterclaim-Defendant, | C.A. No. 15-218-JFB-SRF |
| v. | |
| ANGIODYNAMICS, INC., | JURY TRIAL DEMANDED |
| Defendant and Counterclaim-Plaintiff, | **CONTAINS HIGHLY CONFIDENTIAL MATERIAL** |
| v. | |
| C.R. BARD, INC., | |
| Counterclaim/Third-Party Complaint Defendant. | |

**STATEMENT OF UNCONTESTED FACTS REQUIRING NO PROOF**

**I.     THE PARTIES**

1.     Plaintiff Bard Peripheral Vascular, Inc. (also known as "Bard") is a corporation organized and existing under the laws of the State of Arizona, having its principal place of business at 1625 West 3rd Street, Tempe, Arizona 85281. (D.I. 344.)

2.     Third-Party/Crossclaim Defendant C. R. Bard, Inc. (also known as "C.R. Bard") is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 1 Becton Drive, Franklin Lakes, New Jersey 07417.

3.     Bard Peripheral Vascular is a wholly-owned subsidiary of C. R. Bard. (D.I. 344.)

4.     Defendant AngioDynamics, Inc. ("AngioDynamics") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 14 Plaza, Latham, New York 12110. (D.I. 344.)

## II.      THE LAWSUIT

5.       C. R. Bard and Bard Peripheral Vascular filed this lawsuit against

AngioDynamics on March 10, 2015. (D.I. 344.)

6.       C. R. Bard and Bard Peripheral Vascular asserted in their Complaint that

AngioDynamics infringed U.S. Patent No. 8,475,417 ("the '417 Patent"), U.S. Patent No.

8,545,460 ("the '460 patent"), and U.S. Patent No. 8,805,478 ("the '478 Patent") (collectively,

the "Patents-in-Suit" or "Asserted Patents"). (D.I. 344.)

7.       Bard Peripheral Vascular filed a supplemental complaint on August 2, 2017, in

which it stated that C. R. Bard had assigned the patents-in-suit to Bard Peripheral Vascular.

C. R. Bard was no longer a plaintiff as of the August 2, 2017 filing. (D.I. 344.)

8.       On August 18, 2017, AngioDynamics filed an answer and counterclaim to Bard's

supplemental complaint that added C. R. Bard both as a crossclaim defendant and third-party

defendant. (D.I. 344.)

## III.     THE PATENTS-IN-SUIT

### A.     The '417 Patent

9.       U.S. Patent No. 8,475,417 ("the '417 Patent"), entitled "Assemblies for

Identifying a Power Injectable Access Port," issued on July 2, 2013. (D.I. 344.)

10.      The asserted claims of the '417 Patent in this matter are claims 5, 6, 12, and

13.(D.I. 344.)

11.      Claims 5 and 6 of the '417 Patent depend from claim 1. (D.I. 344.)

12.      Claims 12 and 13 of the '417 Patent depend from claim 8. (D.I. 344.)

### B.     The '460 Patent

13.      U.S. Patent No. 8,545,460 ("the '460 patent"), entitled "Infusion Apparatuses and

Related Methods," issued on October 1, 2013. (D.I. 344.)

14.     The asserted claims of the '460 patent in this matter are claims 2 and 4.
(D.I. 344.)

15.     Claims 2 and 4 of the '460 Patent are dependent claims. (D.I. 344.)

16.     The asserted claims 2 and 4 of the '460 Patent depend from claim 1. (D.I. 344.)

**C.     The '478 Patent**

17.     U.S. Patent No. 8,805,478 ("the '478 Patent"), entitled "Methods of Performing a Power Injection Procedure Including Identifying Features of a Subcutaneously Implanted Access Port for Delivery of Contrast Media," issued on August 12, 2014. (D.I. 344.)

18.     The asserted claims of the '478 Patent in this matter are claims 3, 5, 9, and 11. (D.I. 344.)

19.     The asserted claims 3, 5, 9, and 11 of the '478 Patent are method claims. (D.I. 344.)

20.     Claims 3 and 5 of the '478 Patent depend from claim 1. (D.I. 344.)

21.     Claims 9 and 11 of the '478 Patent depend from claim 8. (D.I. 344.)

**IV.     THE ACCUSED PRODUCTS**

22.     The accused products in this case are AngioDynamics's Smart Port CT, Smart Port LP, Smart Port Mini, Xcela port, Xcela Plus port, and BioFlo port products. (D.I. 344.)

23.     AngioDynamics first sold the Smart Port CT between March and May 2007.[1]

24.     AngioDynamics first sold the Smart Port CT low profile between June and August 2010. (*See* note 1.)

25.     AngioDynamics first sold the Smart Port CT Mini between June and August 2010. (*See* note 1.)

---

[1]     Stipulated during trial (D.I. 446 at 1217:24-1218:11); D.I. 449 at 2 n.3.

26.     AngioDynamics first sold the BioFlo ports between September and November 2013. (*See* note 1.)

27.     AngioDynamics first sold the Xcela Plus ports without PASV between September and November 2013. (*See* note 1.)

28.     AngioDynamics first sold the Xcela Plus ports with PASV between March and May 2013. (*See* note 1.)

29.     AngioDynamics first sold the Xcela ports without PASV between December 2008 and February 2009. (*See* note 1.)

**V.** ████████████████████

30.     ████████████████████████████████████

██████████████████████████████

████████████████████████████████████████

██████████████████████████████

████████████████████████████████████████

██████████████████████████████

## VI.   LEVEL OF ORDINARY SKILL IN THE ART

33.     A person of ordinary skill in the art in this case is a radiologist with experience in interventional and vascular radiology, and/or an engineer with education or experience in designing access ports. (Sept. 1, 2017, Vogelzang Report, ¶ 62; Sept. 1, 2017, Clark Report, ¶ 21; Jan. 31, 2018, Johnson Dep. at 219:22-220:3.)

## VII.  ADMITTED FACTS

34.     U.S. Patent No. 6,287,293 to Jones ("Jones") "discloses an 'implantable drug port' with 'radiopaque rings.'" (D.I. 268-1, Bard's Response to RFA No. 14.)

4

35.     "[T]itanium vascular access ports were radiographically visible on X-ray before April 27, 2004." (D.I. 268-1, Bard's Response to RFA No. 46.)

36.     "[A]ll Bard vascular access port kits sold in the United States before April 27, 2004 included certain information about the port (e.g., the product label) and that information about the port may have been provided to the patient." (D.I. 268-1, Bard's Response to RFA No. 47.)

37.     "[A]t least some of Bard's current and former vascular access port models that have not been marketed as being power injectable are structurally capable of withstanding the pressures and flow rate of power injection procedures." (Bard's Response to RFA No. 49.)

38.     "[I]t was known in the medical field prior to April 27, 2004 that medical devices intended to be implanted in humans could have radiographic markings that could identify information about the device after implantation." (D.I. 268-1, Bard's Response to RFA No. 50.)

39.     "Power Injection of Contrast Media Using Central Venous Catheters: Feasibility, Safety, and Efficacy," by Herts, et al. ("Herts") was not cited during the prosecution of the Asserted Patents. (D.I. 211 at ¶ 171; D.I. 214 at ¶ 171.)

40.     "Power Injection of Contrast Media Using Central Venous Catheters: Feasibility, Safety, and Efficacy," by Herts, et al. ("Herts") was not provided to the USPTO during the prosecution of the Asserted Patents by the applicants. (D.I. 211 at ¶ 172; D.I. 214 at ¶ 172.)

# EXHIBIT 1A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BARD PERIPHERAL VASCULAR, INC., | |
| Plaintiff and Counterclaim-Defendant, | C.A. No. 15-218-JFB-SRF |
| v. | |
| ANGIODYNAMICS, INC., | JURY TRIAL DEMANDED |
| Defendant and Counterclaim-Plaintiff, | CONTAINS HIGHLY CONFIDENTIAL MATERIAL |
| v. | |
| C.R. BARD, INC., | |
| Counterclaim/Third-Party Complaint Defendant. | |

## STATEMENT OF FACTS THAT CANNOT BE REASONABLY DISPUTED

### I.     THE LAWSUIT

1.     On March 4, 2019, the parties began a jury trial in the District of Delaware. (D.I. 449.) On March 7, 2019, the Court granted JMOL on the grounds that the Asserted Patents are invalid, not patent-eligible, not infringed and not willfully infringed and dismissed the case. (D.I. 446.)

2.     On April 25, 2019, the Court issued a Memorandum and Order of non-infringement, no willful infringement, and invalidity. (D.I. 449.)

3.     On November 10, 2020, the Federal Circuit affirmed-in-part, reversed-in-part, vacated, and remanded for further proceedings. Specifically, the Federal Circuit affirmed this

1

Court's printed matter ruling, reversed-in-part the Court's judgment of invalidity under Section 101, vacated-in-part the judgment of invalidity for all other grounds, and vacated the judgment of noninfringement and no willful infringement. (D.I. 468.)

## II.      THE PATENTS-IN-SUIT

4.       The priority date for each of the patents-in-suit is April 25, 2006. (Bard's Response to RFA Nos. 16-18.)

## III.     EMBODYING PRODUCTS

5.       Bard did not mark the Vaccess CT port product with the patents-in-suit before the filing date of this lawsuit. (10/5/2017 Dep. Tr. of Kristoph Herron, 206:13-207:17 (discussing BARD_AD_2356681 at 684).)

## IV.     VASCULAR ACCESS PORTS

6.       All ports have a geometric shape. (Dr. Clark 2/23/17 Dep. Transcript at 135:12-22.)

7.       Vascular access ports are devices implanted underneath a patient's skin that allow medical providers to inject fluid into the patient's veins on a regular basis without needing to start an intravenous line each time. (*See, e.g.*, D.I. 468-1, *C.R. Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372, 1375 (Fed. Cir. 2020) ("*AngioDynamics*").)

8.       ████████████████████████████████████████████
████████████████████████████████████████████
████████████████. (*See, e.g.*, D.I. 468-1, *AngioDynamics*, 979 F.3d at 1375; D.I. 449, *C.R. Bard, Inc. v. AngioDynamics, Inc.*, 382 F. Supp. 3d 332, 335 (D. Del. 2019) ("*Bard*"); D.I. 444 (Powers) at 573:3-578:21 (discussing BARD_AD_0107619 at 759-760, 792-809), 567:9-568:10.)

9. ██████████████████████████████████████

████████████████████████████ (*See, e.g.*, D.I. 444 (Powers) at 567:9-568:10; D.I.

445 (Clark) at 829:4-21 (discussing DELANGIO_00001215), 839:11-848:15 (discussing

DELANGIO_00200714), 909:25-910:23; DELANGIO_00002295 at 322; D.I. 449, *Bard*, 382 F.

Supp. 3d at 335; D.I. 468-1, *AngioDynamics*, 979 F.3d at 1375.)

10. Bard did not invent power injection machines or power injection procedures. (*See, e.g.*, D.I. 449, *Bard*, 382 F. Supp. 3d at 340.)

11. Power injections were performed as early as 1992. (*See, e.g.*, D.I. 449, *Bard*, 382 F. Supp. 3d at 340; BARD_AD_0107619 at 909-915; D.I. 82-30 at JA05272-05275.)

12. AngioDynamics merged with RITA on January 29, 2007. (*See* DELANGIO_00297946.)

13. ██████████████████████████████████████

████████████

14. Bard did not invent vascular access ports containing external identifiers. (*See, e.g.*, D.I. 449, *AngioDynamics*, 979 F.3d at 1384-85; D.I. 268-1, Bard's Response to RFA No. 47 at ANG_SJ_000216-217.)

15. The use of external identifiers was well-known to a skilled artisan in the relevant field. (*See, e.g.*, D.I. 449, *AngioDynamics*, 979 F.3d at 1384-85; D.I. 268-1, Bard's Response to RFA No. 47 at ANG_SJ_000216-217; D.I. 443 (Powers) at 476:13-479:15 (discussing BARD_AD_0020069).)

16. Bard did not invent palpation. (*See, e.g.*, D.I. 449, *Bard*, 382 F. Supp. 3d at 339; D.I. 444 (Powers) at 579:9-22.)

3

17.    The use of palpation was well-known to a skilled artisan in the relevant field. (*See, e.g.*, D.I. 449, *Bard*, 382 F. Supp. 3d at 339; *C.R. Bard, Inc. v. AngioDynamics, In*c., 748 F. App'x 1009, 1017–18 (Fed. Cir. 2018); D.I. 444 (Powers) at 579:9-22.)

18.    Using structural features to identify the type of port being implanted is known in the art. (*C.R. Bard, Inc. v. AngioDynamics, In*c., 748 F. App'x 1009, 1017–18 (Fed. Cir. 2018).

19.    Bard did not invent radiographic letters. (*See, e.g.*, D.I. 449, *Bard*, 382 F. Supp. 3d at 339; D.I. 444 (Powers) 649:17-650:3.)

20.    Bard did not invent radiographic markers. (*See, e.g.*, D.I. 449, *Bard*, 382 F. Supp. 3d at 340; *C.R. Bard, Inc. v. Med. Components, Inc.*, 550 F. Supp. 3d 1202, 1228 (D. Utah 2021) ("*MedComp*"); D.I. 268-1, Bard's Response to RFA 50 at ANG_SJ_000218; D.I. 444 (Powers) at 649:17-650:3; D.I. 445 (Clark) at 930:15-18, 945:15-946:11.)

21.    Bard did not invent radiographic markings on subcutaneous medical devices for identification by x-ray or other imaging. (*See, e.g.*, D.I. 449, *Bard*, 382 F. Supp. 3d at 340; *MedComp*, 550 F. Supp. 3d at 1228; D.I. 445 (Clark) at 930:15-18, 945:15-946:11; D.I. 444 (Powers) at 649:17-650:3.)

22.    Bard did not invent computed tomography. (*See, e.g.*, D.I. 449, *Bard*, 382 F. Supp. 3d at 340.)

23.    The testing performed to determine whether the Xcela Plus port sold by AngioDynamics is capable of power injection was performed on the Vaxcel port designed and sold by Navilyst. (D.I. 445 914:23-916:1.)

24.    The testing performed to determine whether the BioFlo port sold by AngioDynamics is capable of power injection was performed on the Vaxcel port designed and sold by Navilyst. (D.I. 445 847:22-848:15, 908:14-909:14.)

25.     The testing performed to determine whether the SmartPort sold by AngioDynamics is capable of power injection was performed on the Vortex port designed and sold by RITA. (D.I. 445 904:9-22, 908:8-14.)

26.     Titanium Implanted Port has voids (orientation holes) in the flange which, under X-ray examination, function as indicia of orientation. (Tallarida Decl. ¶ 216, DX-1058.)

27.     ███████████████████████████████████████████████
███████████████████████████████

# EXHIBIT 1B

| **Issue:** Whether Bard can play portions from Ms. King's deposition over Angio's objections on FRE 401 and 403 grounds. (*See* D.I. 424, D.I. 424-1.) | **Ruling:** The Court ruled that Bard cannot play the attorney objections, instructions not to answer and subsequent refusal to answer. (*See* D.I. 443 (March 4 Trial Tr.), at 268:16-24 (explaining that the "fundamental problem" is that "objections that are made at the time of the deposition aren't ruled on in the deposition and unless you get a ruling on it beforehand, you can't put the objection and the non answer into evidence as substantive evidence because it's not evidence and it raises an inference that nobody can answer because the witness isn't available.  So I'm not interested in playing the objection and the non answer, so I'm going to sustain the objection."); *id.* at 270:12-18 ("I'm not interested in the jury hearing I object. Whatever they testified to you're entitled to put in.").) |
| | If AngioDynamics brings Ms. King in as a live witness Bard would be entitled to cross examine her on the issue. (*See* D.I. 443 (March 4 Trial Tr.), at 269:11-24 ("[Y]ou have the option of cross-examination to ask her the question, if she's called as a live witness, your [sic] were asked these questions before and didn't answer. And she'll have to admit, unless she wants to lie about it, which I don't think she's going to want to do because you have the deposition. I think that's hammer enough.").) |

| **Issue:** Whether Bard can introduce into evidence PX-77 and PX-78 over Angio's hearsay and relevance objections.  (*See* D.I. 426, 426-1; s*ee also* D.I. 443, (March 4 Trial Tr.), at 271:23, 272:15-18, D.I. 444 (March 5 Trial Tr.), at 656:14-16.) | **Ruling:** The Court overruled Angio's hearsay objection following oral argument on March 4th (D.I. 443 at 377:11-15, D.I. 444 at 498:8-13) and overruled Angio's relevance objection following oral argument on March 5th.  (D.I. 444 at 509:12-17).  When Bard moved to admit PX-77 and PX-78 through the deposition of Mr. Brad Chartrand, Angio objected and the Court overruled the objection and admitted the exhibits.  (*see id.* at 656:17-19 ("All right. We've gone over |

| | both of these before, I think, and I'm going to overrule your objections consistent with my previous ruling.").) |

| **Issue:** Whether Dr. Clark can opine regarding whether AngioDynamics sold Vortex, Triumph or Vaxcel ports over Angio's objection that he did not offer any such opinion "in either of his expert reports or in his depositions." (*See* D.I. 426, 426-2.) | **Ruling:** The Court ruled that "Clark can only testify to what Clark testifies about and identified in his designation." Dr. Clark's testimony would be limited to only things in his reports and thus he court not testify about AngioDynamics's sale of prior art products. (*See* D.I. 444 (March 5 Trial Tr.), at 606:1-13 ("Clark can only testify to what Clark testifies about and identified in his designation. With respect to the affirmative defense of prior art personal use, honestly, I have to hear some testimony before I make any decisions about this about the corporate structure.").) |

| **Issue:** Whether PX 522A-H, which includes detailed Bard financial information, should be allowed into evidence over Angio's objection that it is "irrelevant and prejudicial." (*See* D.I. 429, 429-1.) | **Ruling:** Following oral argument on Angio's letter brief in which this issue was first raised, the Court overruled Angio's objection and stated "their approach is not objectionable" and "[y]ou're going to have to object to it at the time it's introduced, but right now you have not given me enough." (D.I. 445 (March 6 Trial Tr.) at 751:1-4.) When Bard moved Exhibit PX 522A-H into evidence, Angio objected, and the Court overruled the objection, stating "[s]ame ruling. This exhibit is received." (*Id.* at 978:1-4.) The Court recognized that the invention is for the marker, not the port itself. (*See* D.I. 445 (March 6 Trial Tr.), at 748:7-11 ("Well, first of all, the only -- well, your invention only basically has to do with the marker. That's all it has to do with. You have not patented -- this case is not about the port itself. It's just about the marker.").) |

| **Issue:** Whether the designated portions from the Eliasen deposition can be played at trial over Bard's objection to "testimony regarding the Zinn Interference." (*See* D.I. 430, 430-1, | **Ruling:** After a review of the complete deposition transcript, the Court ruled that the Eliasen testimony could be played. (*See* D.I. 445 (March 6 Trial Tr.), at 1010:6-10 ("And I |

| | |
|---|---|
| 430-2, D.I. 445 (March 6 Trial Tr.), at 758:4-6 ("We're only objecting to any testimony regarding the Zinn Interference.")) | didn't see anything in here about any -- and Mr. Eliasen specifically about any other patents except for the ones that we're talking about now and some prior art. So I am going to generally overrule the objection to Mr. Eliasen's testimony.").) |

| | |
|---|---|
| **Issue:** Whether the designated portions of Mr. Tallarida's deposition could be played at trial over Bard's objections, including based on "improper speculation as well as improper expert testimony." (*See* D.I. 430, 430-4, D.I. 445 (March 6 Trial Tr.), at 764:10-22.) | **Ruling:** After a review of the deposition transcript, the Court ruled that aside from pages 98-99 and 160-161, the designated deposition portions could be played. (*See* D.I. 445 (March 6 Trial Tr.), at 1010:11-24 ("With respect to Mr. Tallarida, I'm going to overrule all the objections to his testimony except for there's an -- I think it's page, pages 98 through 99, counsel asked questions about attorney's legal conclusions, and I don't think that's admissible. And then there's a hypothetical question that we talked about this morning, I think it's on page 160 and 161, that have to do with a hypothetical question and a hypothetical negotiation, I suppose, that is somewhat incomplete. So I don't think that's admissible as well, and I will sustain that objection. Otherwise, I don't see anything objectionable about the proffers that you've sent me.").) |

| | |
|---|---|
| **Issue:** Whether Mr. Campbell can testify at trial over Bard's objection that he may testify "about the growth of BioFlo in that period for which we have no information." (*See* D.I. 432, 432-1, D.I. 446 (March 7 Trial Tr.), 1015:17-22, 1017:9-11, 1020:9-15.) | **Ruling:** The Court ruled that Mr. Campbell cannot testify about financial disclosures beyond the timeframe that Angio has produced. (*See* D.I. 446 (March 7 Trial Tr.), at 1020:20-22 ("So he can't talk about what happens after '17 from a financial standpoint because nobody knows what it is.").) |

| | |
|---|---|
| **Issue:** Whether Dr. Clark can offer opinions regarding what is being done at institutions he is no longer associated with over Angio's objection that Dr. Clark did not previously provide this opinion." (*See* D.I. 445 (March 6 Trial Tr.), at 878:4-5.) | **Ruling:** The Court sustained objections for Dr. Clark providing testimony about what is being done at institutions he no longer is associated with "because that wasn't disclosed." (*See* D.I. 445 (March 6 Trial Tr.), at 878:23-879:4 ("So he can only testify as to what he's doing now or what he did at the time. And as far as your objection is |

|  | concerned, it's frankly a logical extension of his CV, so I'm going to overrule your objection on that, but what is being done in institutions he's no longer affiliated with he's not going to testify to, because that wasn't disclosed, so you may continue.").) |
|---|---|

| **Issue:** Whether Industry Surveys DX-242, DX-373, DX-380, and DX-11 can be offered into evidence.   Bard objected to all four documents on the grounds that they were "part of the motion in limine on survey" and objected to DX-11 also on hearsay grounds (*See* D.I. 444 (March 5 Trial Tr.), at 608:1-15; 611:22-612:11; 615:2-22;616:15-617:3.) | **Ruling:**  The Court overruled Bard's objections and admitted DX-242 DX-373 and DX-11 and admitted DX-380 over Bard's objection.   *See* D.I. 444 (March 5 Trial Tr.), at 608:9-17 ("Overruled. 242 is received."); *id.* at 612:12 ("Overruled. Exhibit 373 is received."); *id.* at 615:23 ("380 is received.); *id.* at 617:4-6 ("Well, for the reasons that I previously indicated, I'm going to overrule the objection. DX-11 is received.").) |
|---|---|

| **Issue:** Whether DX-411, POA Vaccess CT Power Injectable Port, can be offered into evidence over Bard's objection under FRE 402 and 403. (*See* D.I. 444 (March 5 Trial Tr.), at 636:12-638:12.) | **Ruling:** The Court overruled Bard's objections and admitted DX-411. *See* D.I. 444 (March 5 Trial Tr.), at 638:13-14 ("I'm going to overrule the objection, counsel. 411 is received.").) |
|---|---|

| **Issue:** Whether DX-448, Project Expense Rollup Summary spreadsheet, can be offered into evidence through Kelly Powers over Bard's objection that "I don't think he's ever seen it."  (*See* D.I. 444 (March 5 Trial Tr.), at 584:4-585:3.) | **Ruling:** The Court overruled Bard's objection and admitted DX-448. (*See* D.I. 444 (March 5 Trial Tr.), at 585:4-5 ("The objection is overruled. 448 is received.").) |
|---|---|

| **Issue:** Whether DX-406, U.S. Patent 6,527,754, Tallarida, can be offered into evidence over Bard's objection under FRE 402 and 403. (*See* D.I. 444 (March 5 Trial Tr.) at 624:16-628:2.) | **Ruling:** The Court overruled Bard's objections, stated that Bard "may have a "continuing objection [] on Exhibit 406" and admitted DX-406 "subject to plaintiffs' objection."  (*See* D.I. 444 (March 5 Trial Tr.), at 628:3-14 ("I'm going to overrule your objection. I don't think it's prejudicial and I do have a problem if it has to do with validity, but [Powers] testified about his conception and that is fair game as far as I'm concerned. So I'm overruling your objection.").) |
|---|---|

4

| Issue | Ruling |
|---|---|
| **Issue:** Whether the question "Q. Is it a fact that AngioDynamics BioFlo affected your pricing in any way?" to Kelly Powers is appropriate and whether the testimony "remember just in one year and just because of AngioDynamics' actions the two biggest purchasing organizations cost us $13 million in just a single year" from Kelly Powers is admissible. (*See* D.I. 444 (March 5 Trial Tr.), at 552:22-560:12.) | **Ruling:** The Court sustained the objection on the BioFlo question and struck the testimony concerning the $13 million loss. (*See* D.I. 444 (March 5 Trial Tr.), at 560:6-12 ("Here's what I'm going to rule. I'm going to sustain your objection to the last question and then I'm going to grant your motion to strike the testimony concerning the $13 million loss, because. It's outside the scope of his designation and certainly outside the scope of his job. And other than that, I'm not doing anything further, okay?").) |
| **Issue:** Whether Dr. Clark can offer testimony regarding the Java Survey over Angio's objection that it is "beyond the scope of Dr. Clark's expertise." (*See* D.I. 445 (March 6 Trial Tr.), at 818:21-823:3.) | **Ruling:** The Court overruled Angio's objection because "[i]t's not outside his report.**"** (*See* D.I. 445 (March 6 Trial Tr.), at 823:4-6 ("Now you've got the problem. It's not outside his report. Okay. I can't tell you how to try your cases, but I'm going to overrule your objection.").) |
| **Issue:** Whether DX-428, U.S. Patent 8,177,762, Beasley, can be offered into evidence on cross of Dr. Clark over Bard's objection that it is outside the scope of direct. (*See* D.I. 445 (March 6 Trial Tr.), at 935:22-936:5.) | **Ruling:** The Court overruled Bard's objection, stating "[Dr. Clark] testified about prior art. This is prior art." (*See* D.I. 445 (March 6 Trial Tr.) 936:6-7 ("[Dr. Clark] testified about prior art. This is prior art. Your objection is overruled.").) |
| **Issue:** Whether PX-560, PX-561, and PX-563 can be offered into evidence over Angio's hearsay objection. (*See* D.I. 447 (March 7 Trial Tr.), at 1026:8-19; 1028:17-1029:5.; 1032:9-20.) | **Ruling:** The Court overruled Angio's objection and admitted PX-560, PX-561 and PX-563. (*See* D.I. 447 (March 7 Trial Tr.) 1026:20-23 ("Okay. Your objection is overruled. 560 is received. It's just the flow sheet or the spreadsheet"); *id.* at 1029:5 ("Overruled. 561 is received"); *id.* at 1032:21 ("Overruled. 563 is received.").) |
| **Issue:** Angio's objection to the question "Have you evaluated whether provisional rights are available in this case?" on the grounds that it is outside the scope of Dr. Cox's report. (*See* D.I. 447 (March 7 Trial Tr.), at 1045:16-1047:7.) | **Ruling:** Dr. Cox  is allowed to offer testimony about what the damages would be assuming provisional damages are recoverable, but cannot make the determination of whether  provisional rights are available. (*See* D.I. 447 (March 7 Trial |

| | |
|---|---|
| | Tr.) 1046:15-18 ("Well, I think that he can testify that if the Court finds, or if the jury finds that there's provisional rights, as long as -- but he can't make that determination, and that's effectively what you asked him."), 1047:8-18 ("So I'll just say this, ladies and gentlemen. There's an issue about a certain method of recovery. In other words, damages can be calculated from a certain day and certain requirements have to be made and there may be some factual issues about whether those factual requirements are in place. And this witness is simply going to testify on if he assumes that those provisional rights are able to be recovered what the damages would be. He's not saying that they are, because he's not trying the case for facts, like you, or on the law, like me. So from that we'll proceed. You may continue, Ms. Smith.").) |

| | |
|---|---|
| **Issue:** Whether Dr. Cox can testify regarding PX-101, Report on the Filing Determination of an Action Regarding a Patent over Angio's objection that it is outside the scope of his designation. (*See* D.I. 447 (March 7 Trial Tr.), at 1100:8-1103:22.) | **Ruling:** Dr. Cox's is allowed to testify about this so long as counsel does not "mischaracterize" the patent as "a rejected patent" and makes clear that the claims were rejected. (*See* D.I. 447 (March 7 Trial Tr.) 110323-1104:6 ("Okay. Well, it does. So I'm going to overrule your objection. But, Ms. Smith, you cannot mischaracterize this by a rejected patent, because that's. the way I heard it coming out of you. It's not rejected. This is a patent that was accepted.MS. SMITH: No, no. Only the claims. THE COURT: But those claims were not accepted. MS. SMITH: Claims are rejected. THE COURT: Just be sure you make that clear.").) |

| | |
|---|---|
| **Issue:** Whether the patent video can be played to the jury over Angio's objection.  D.I. 442 at 10:18-11:20, 12:17-18. | **Ruling:** Objection overruled.  D.I. 442 at 10:18-11:20, 12:17-18. |

| | |
|---|---|
| **Issue:** Whether PX-96 can be admitted into evidence over Angio's foundation and hearsay objections.  D.I. 443 at 405:20-410:3 | **Ruling:** The Court overruled the objection. D.I. 443 at 409:12-23 ("But if you'll lay the appropriate foundation, I'm likely to admit it. |

|  | Your objection is noted at this point and overruled.") PX-96 was admitted into evidence. D.I. 443 at 444:2-6. |
|---|---|

| **Issue:** Angio's objection to the question "Q. And so at the time there was a meeting with Dr. Carlisle, you had already come up with the idea of using the letters CT; is that right?" as misleading. D.I. 444 at 645:16-23. | **Ruling:** The Court overruled the objection. D.I. 444 at 645:23. |
|---|---|

| **Issue:** Angio's objection to the question and answer "When you say continue to do so, what do you mean? A. My colleagues at NYU continue to –" on the grounds that "Dr. Clark is no longer at NYU." D.I. 445 at 878:2-8. | **Ruling:** The Court sustained the objection. D.I. 445 at 878:6-8 ("I sustain the objection. You need to have some foundation on his familiarity with what – what they continue to do at NYU.") |
|---|---|

| **Issue:** Angio's objection to the question and answer "Do you have an understanding what they continue to do from working with people at NYU? A. I do" on the grounds that Dr. Clark "did not previously provide this opinion." D.I. 445 at 878:10-14. | **Ruling:** The Court sustained the objection. D.I. 445 at 878:15-879:4 ("…what is being done in institutions he's no longer affiliated with he's not going to testify to, because that wasn't disclosed, so you may continue.") |
|---|---|
| **Issue:** Angio's objection to the question "Okay. Now, as far as these steps of the method claims, are these the kind of steps you perform at Penn today?" on the grounds that "Dr. Clark has testified he doesn't implant -- he doesn't use the accused products at Penn today.." D.I. 445 at 883:2-20. | **Ruling:** The Court sustained the objection. D.I. 445 at 883:19-20. |

| **Issue:** Angio's objection to the questions "There's claim 3. Now, in connection with those steps  on the left at Penn today, when a patient comes in with an  already implanted AngioD Smart Port, are those steps performed at Penn?" and "By one person?" on the grounds that "Dr. Clark has not previously provided this opinion." D.I. 445 at 884:6-15. | **Ruling:** The Court overruled the objection. D.I. 445 at 884:15. |
|---|---|

| **Issue:** Angio's objection to the question "Okay. And those were, at least some of those | **Ruling:** The Court sustained the objection. D.I. 445 at 940:21-22 ("I agree. If you could |
|---|---|

| | |
|---|---|
| are I think certainly the product stuff you had were post patent issuance, weren't they?" as leading on redirect.  D.I. 445 at 940:15-20. | be a little bit more discrete about your leading questions, counsel.") |

| | |
|---|---|
| **Issue:** Whether DX-1145 can be admitted over Bard's objection that it is beyond the scope of direct. D.I. 445 at 969:7-21. | **Ruling:** The Court overruled the objection and DX-1145 was admitted into evidence. D.I. 445 at 969:7-21 ("MR. MOEHRINGER: I'd ask that we admit defense exhibit 1145, please. THE COURT:  Any objection? MS. SMITH:  I'm going to object.  I think we're going far beyond the scope of direct at this point. THE COURT:  Just let me look here.  I'm not sure how this fits in with the direct, counsel. MR. MOEHRINGER:  She provided testimony regarding the use of identification and Bard's use of identification. THE COURT:  Oh, I see. MR. MOEHRINGER:  And she has some e-mails that go to the identification that they used. THE COURT:  Okay.  Objection is overruled. 1145 is received.") |

| | |
|---|---|
| **Issue:** Angio's objection to the question "Q. Did Bard lose money as a result of the renegotiation of the HPG and MedAccess contracts?" for lack of foundation. D.I. 445 at 982:11-15. | **Ruling:** The Court instructed counsel to lay a foundation. D.I. 445 at 982:16-21 ("Yes. She's the VP of finance, so if you just lay a foundation on how she would know, how she came to the opinion of losses. Accounting, financing, budgeting. I don't know where she fits in the organization for losses. Obviously, she knows about revenue.  Okay. Go ahead.")_ |

| | |
|---|---|
| **Issue:** Angio's objection to the answer "So again, national accounts brought it to us, letting us know that there were significantly lower prices being offered by AngioDynamics to HPG" for hearsay. D.I. 445 at 983:1-5. | **Ruling:** The Court overruled the objection. D.I. 445 at 983:1-5. |

| | |
|---|---|
| **Issue:** Bard's objection to the question "Q. Now, you're not able to associate the price | **Ruling:** The Court overruled the objection. D.I. 445 at 990:21-991:5.  ("Q. Now, you're |

| | |
|---|---|
| rop with the particular technology at issue in this case, the identification technology in this case; is that correct?" as calling for expert testimony. D.I. 445 at 990:21-991:5. | not able to associate the price drop with the particular technology at issue in this case, the identification technology in this case; is that correct?<br>MS. SMITH: Objection, Your Honor. I think what we're doing is getting into expert testimony, expert opinions.<br>THE COURT: But I think that counsel has the right to somehow or other understand what the numbers she presented represent and he has a right to explore that. Maybe not artfully, but he's doing okay. Overruled.") |

| | |
|---|---|
| **Issue:** Angio's objection to the question "Q. And what is your understanding with respect to AngioDynamics' acknowledge of the patent publication, the '951 publication, which became the '417 Patent?" as beyond the scope." D.I. 446 at 1048:24-1049:6. | **Ruling:** The Court overruled the objection. D.I. 446 at 1049:7-12. |

| | |
|---|---|
| **Issue:** Angio's objection to the question "Q. Dr. Cox, did the original Smart Port that was launched in April of 2007 have any features that allowed it to be identified by X-ray after it was implanted?" as beyond the scope." D.I. 446 at 1061:5-9. | **Ruling:** The Court overruled the objection. D.I. 446 at 1061:9. |

| | |
|---|---|
| **Issue:** Angio's objection to the question "Q. Do you recall hearing Tina King's testimony about the Medron purchase agreement?" as leading. D.I. 446 at 1107:23-1108:1. | **Ruling:** The Court overruled the objection. D.I. 446 at 1108:2. |

| | |
|---|---|
| **Issue:** Angio's objection to the question "Q. Do you recall her description of why AngioDynamics gave up on the light emitting port?" as leading. D.I. 446 at 1109:2-1110:2. | **Ruling:** The Court overruled the objection. D.I. 446 at 1110:2. |

| | |
|---|---|
| **Issue:** Bard's objection to the question "Q. Would you agree that the technology has been in medical journals and medical trade press; is that correct?" as beyond the scope. D.I. 446 at 1180:24-1181:5. | **Ruling:** Counsel agreed to move on; objection sustained. D.I. 446 at 1181:5. |

9

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BARD PERIPHERAL VASCULAR, INC., | ) | |
| | ) | |
|     Plaintiff and | ) | |
|     Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-218 (JFB) (SRF) |
| | ) | |
| ANGIODYNAMICS, INC., | ) | |
| | ) | |
| Defendant, Counterclaim-Plaintiff and | ) | |
| Crossclaim/Third-Party Complaint Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| C.R. BARD, INC., | ) | |
| | ) | |
| Counterclaim/Third-Party Complaint | ) | |
| Defendant. | ) | |
| | ) | |

**BARD'S STATEMENT OF ISSUES OF FACT REMAINING
TO BE LITIGATED AND STATEMENT OF PROOF**

**I.     STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED**

Bard Peripheral Vascular, Inc., ("BPV" or "Bard") expects that it will present the below

listed issues of fact at trial.  Further details on these proofs have been explained at length in

Bard's interrogatory responses, expert reports, and by the experts in their depositions.  To the

extent that any issues of law set forth in Bard's Statement of Issues of Law that Remain to Be

Litigated are later deemed issues of fact, those issues are incorporated here by reference.

**A.     Patent Ownership**

On April 19, 2022, AngioDynamics for the first time raised an issue with respect to

Bard's standing to bring this suit.  Bard objects to this argument because it is untimely.  In any

event, as stated in D.I. 344, Bard intends to satisfy its burden to show that it holds legal title to

U.S. Patent No. 8,475,417 ("the '417 patent"), U.S. Patent No. 8,545,460 ("the '460 patent") and U.S. Patent No. 8,805,478 ("the '478 patent") (collectively, "the Asserted Patents"), and therefore can assert a claim for patent infringement as set forth in 35 U.S.C. § 281.

1.     Whether BPV has established that it holds legal title in the Asserted Patents.

2.     Whether BPV has established that inventors Kelly B. Powers, Jim C. Beasley, Kevin W. Sheetz, Matthew M. Lowe, Eddie K. Burnside and Jay Gerondale transferred all right, title and interest in the '417 patent to C.R. Bard in an April 2009 Patent Assignment.

3.     Whether BPV has established that inventors Kelly B. Powers and Jim C. Beasley transferred all right, title and interest in the '460 patent to C.R. Bard in a July 2006 Patent Assignment.

4.     Whether BPV has established that inventors Kelly B. Powers, Jim C. Beasley, Kevin W. Sheetz, Jay Gerondale and Guy Rome transferred all right, title and interest in the '478 patent to C.R. Bard in an April 2009 Patent Assignment.

5.     Whether BPV has established that C.R. Bard assigned all of its right, title and interest in the '417, '478 and '460 patents to BPV in a "Patent Assignment" dated July 12, 2017 and signed by Richard Rosenzweig.

    B.     **Infringement**

        1.     **Infringement of Apparatus Patents**

Bard will demonstrate that AngioDynamics's Accused Products satisfy each element of the asserted claims of the Asserted Patents.  Bard will make this proof with the testimony of the inventors, experts, and current and former AngioDynamics employees, as well as documents and things that have been produced in this case.  To that end, the following specific factual issues with respect to infringement remain to be determined at trial:

6.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's manufacture and sale of the Smart Port CT and LP products directly infringe claims 5, 6, 12, and 13 of U.S. Patent No. 8,475,417 ("the '417 patent").

7.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's manufacture and sale of the Smart Port products (all models including CT, LP, and Mini) directly infringe claims 2 and 4 of U.S. Patent No. 8,545,460 ("the '460 patent").

8.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's manufacture and sale of the Xcela port products directly infringe claims 2 and 4 of U.S. Patent No. 8,545,460 ("the '460 patent").

9.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's manufacture and sale of the Xcela Plus port products directly infringe claims 2 and 4 of the '460 Patent.

10.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's manufacture and sale of the BioFlo port products directly infringe claims 2 and 4 of the '460 Patent.

## 2.     Infringement of Method Patent

11.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's customers directly infringe claims 3, 5, 9, and 11 of the U.S. Patent No. 8,805,478 ("the '478 patent") using the Smart Port products (all models including CT, LP, and Mini).

12.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's customers directly infringe of claims 3, 5, 9, and 11 of the '478 Patent using the Xcela port products.

13.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics's customers directly infringe claims 3, 5, 9, and 11 of the '478 Patent using the Xcela Plus port products.

14.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics's customers directly infringe claims 3, 5, 9, and 11 of the '478 Patent using the BioFlo port products.

15.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew or should have known its actions would induce its customers to directly infringe claims 3, 5, 9, and 11 of the '478 patent using the Smart Port products (all models including CT, LP, and Mini) by August 12, 2014.

16.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew or should have known its actions would induce its customers to directly infringe claims 3, 5, 9, and 11 of the '478 patent using the Xcela port products by August 12, 2014.

17.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew or should have known its actions would induce its customers to directly infringe claims 3, 5, 9, and 11 of 'the 478 patent using the Xcela Plus port products by August 12, 2014.

18.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew or should have known its actions would induce its customers to directly infringe claims 3, 5, 9, and 11 of the '478 patent using the BioFlo port products by August 12, 2014.

19.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics instructs its customers to perform each step of claims 3, 5, 9, and 11 of the '478 patent using the Smart Port products (all models including CT, LP, and Mini).

20.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics instructs its customers to perform each step of claims 3, 5, 9, and 11 of the '478 patent using the Xcela port products.

21.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics instructs its customers to perform each step of claims 3, 5, 9, and 11 of the '478 patent using the Xcela Plus products.

22.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics instructs its customers to perform each step of claims 3, 5, 9, and 11 of the '478 patent using the BioFlo products.

23.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of claims 3, 5, 9, and 11 of the U.S. Patent No. 8,805,478 ("the '478 patent") via the sale of the Smart Port products (all models including CT, LP, and Mini).

24.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of claims 3, 5, 9, and 11 of the '478 patent via the sale of the Xcela port products.

25.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of claims 3, 5, 9, and 11 of the '478 patent via the sale of the Xcela Plus port products.

26.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of claims 3, 5, 9, and 11 of the '478 patent via the sale of the BioFlo port products.

### 3.   35 U.S.C. § 154(d)

27.   Whether Bard has proven by a preponderance of evidence that AngioDynamics sold the invention as claimed in claim 6 of U.S. Patent Publication No. 2009/0227951 (the "'951 Publication"), the published patent application of the '417 patent, by the sale of the Smart Port CT and LP products.

28.   Whether Bard has proven that AngioDynamics had actual notice of the '951 Publication.

### 4.   Prior Commercial Use

Although Bard does not bear the burden of proof on this issue, Bard understands that the factual issues listed below remain to be litigated.

29.   Whether AngioDynamics identifies instances of using the SmartPort either in a manufacturing process or other process in the United States that it contends do not infringe based on the alleged prior commercial uses.

30.   Whether AngioDynamics has established, through clear and convincing evidence, a prior commercial use that involves using the SmartPort in a manufacturing process or other process prior to April 25, 2005.

31.   If that commercial use was performed by Rita, whether Rita transferred its rights to this defense as an ancillary and subordinate part of a good-faith assignment or transfer of its port business.

32.   If that commercial use was performed by Rita, whether AngioDynamics has identified specific sites in the United States where the process involving SmartPort for which it claims a non-infringement defense was in use by Rita before January 29, 2007.

33.   Whether AngioDynamics identifies instances of using the Xcela Plus either in a manufacturing process or other process in the United States that it contends do not infringe based on the alleged prior commercial uses.

6

34.    Whether AngioDynamics has established, through clear and convincing evidence, a prior commercial use that involves using the Xcela Plus in a manufacturing process or other process prior to April 25, 2005.

35.    If that commercial use was performed by Navilyst, whether Navilyst transferred its rights to this defense as an ancillary and subordinate part of a good-faith assignment or transfer of its port business.

36.    If that commercial use was performed by Navilyst, whether AngioDynamics has identified specific sites in the United States where the process involving Xcela Plus for which it claims a non-infringement defense was in use by Navilyst before May 22, 2012.

37.    Whether AngioDynamics identifies instances of using the BioFlo either in a manufacturing process or other process in the United States that it contends do not infringe based on the alleged prior commercial uses.

38.    Whether AngioDynamics has established, through clear and convincing evidence, a prior commercial use that involves using the BioFlo in a manufacturing process or other process prior to April 25, 2005.

39.    If that commercial use was performed by Navilyst, whether Navilyst transferred its rights to this defense as an ancillary and subordinate part of a good-faith assignment or transfer of its port business.

40.    If that commercial use was performed by Navilyst, whether AngioDynamics has identified specific sites in the United States where the process involving BioFlo for which it claims a non-infringement defense was in use by Navilyst before May 22, 2012.

41.    Whether AngioDynamics identifies instances of using the Xcela either in a manufacturing process or other process in the United States that it contends do not infringe based on the alleged prior commercial uses.

42.    Whether AngioDynamics has established, through clear and convincing evidence, a prior commercial use that involves using the Xcela in a manufacturing process or other process prior to April 25, 2005.

43.    If that commercial use was performed by PFM, whether AngioDynamics has established by clear and convincing evidence that PFM sold the useful end result of PFM's use of the Xcela in a manufacturing or other process to AngioDynamics.

44.    Whether AngioDynamics identifies instances in which AngioDynamics has used the SmartPort in performing a power injection procedure following the steps of the '478 asserted claims that it contends do not infringe based on the alleged prior commercial use.

45.    Whether AngioDynamics has established, through clear and convincing evidence, a prior commercial use that involves performing a power injection procedure following the steps of the '478 asserted claims using the SmartPort prior to April 25, 2005.

46.    If that commercial use was performed by Rita, whether Rita transferred its rights to this defense as an ancillary and subordinate part of a good-faith assignment or transfer of its port business.

47.    If that commercial use was performed by Rita, whether AngioDynamics has identified specific sites in the United States where the process involving SmartPort for which it claims a non-infringement defense was in use by Rita before January 29, 2007.

48.     Whether AngioDynamics identifies instances in which AngioDynamics has used the Xcela Plus in performing a power injection procedure following the steps of the '478 asserted claims that it contends do not infringe based on the alleged prior commercial uses.

49.     Whether AngioDynamics has established, through clear and convincing evidence, a prior commercial use that involves performing a power injection procedure following the steps of the '478 asserted claims prior to April 25, 2005.

50.     If that commercial use was performed by Navilyst, whether Navilyst transferred its rights to this defense as an ancillary and subordinate part of a good-faith assignment or transfer of its port business.

51.     If that commercial use was performed by Navilyst, whether AngioDynamics has identified specific sites in the United States where the process involving Xcela Plus for which it claims a non-infringement defense was in use by Navilyst before May 22, 2012.

52.     Whether AngioDynamics identifies instances in which AngioDynamics has used the BioFlo in performing a power injection procedure following the steps of the '478 asserted claims that it contends do not infringe based on the alleged prior commercial uses.

53.     Whether AngioDynamics has established, through clear and convincing evidence, a prior commercial use that involves performing a power injection procedure following the steps of the '478 asserted claims prior to April 25, 2005.

54.     If that commercial use was performed by Navilyst, whether Navilyst transferred its rights to this defense as an ancillary and subordinate part of a good-faith assignment or transfer of its port business.

55.     If that commercial use was performed by Navilyst, whether AngioDynamics has

identified specific sites in the United States where the process involving BioFlo for which

it claims a non-infringement defense was in use by Navilyst before May 22, 2012.

56.     Whether AngioDynamics identifies instances of AngioDynamics using the Xcela in

performing a power injection procedure following the steps of the '478 asserted claims

that it contends do not infringe based on the alleged prior commercial uses.

57.     Whether AngioDynamics has established, through clear and convincing evidence, a prior

commercial use that involves that involves performing a power injection procedure

following the steps of the '478 asserted claims prior to April 25, 2005.

### C.     Willfulness

The following specific factual issues with respect to AngioDynamics's willful

infringement of the Asserted Patents remain to be determined at trial:

58.     Whether AngioDynamics infringement of the '417 Patent was willful.

59.     Whether AngioDynamics infringement of the '460 Patent was willful.

60.     Whether AngioDynamics infringement of the '478 Patent was willful.

61.     Whether AngioDynamics deliberately copied the ideas or design of the Asserted Patents.

62.     Whether AngioDynamics, when it learned of Bard's patent protection, investigated the

scope of the Asserted Patents and formed a good-faith belief that they were invalid or that

they were not infringed.

63.     Whether AngioDynamics made a good-faith effort to avoid infringing the Asserted

Patents.

### D.     Validity

Although Bard does not bear the burden to prove validity, Bard understands that the

factual issues listed below remain to be litigated.  Bard reserves its right to amend this list

10

pending AngioDynamics's disclosure of any validity facts that remain to be tried and any motions for summary judgment, motions to strike, or motions in limine to exclude particular arguments and evidence, even if such motions are not specifically referenced herein. Bard also objects to AngioDynamics' addition of the prior art references described in Dr. Vogelzang's unauthorized April 8, 2022 report, which Bard has moved to strike (D.I. 514).  As stated in D.I. 514, those references were not timely disclosed, and Angio should not be permitted to rely on them at trial.

The following specific factual issues with respect to the validity of the Asserted Patents remain to be determined at trial:

### 1.      Anticipation Allegations

64.     Whether the Vortex port that AngioDynamics relies on for anticipation was before the Patent Office during prosecution.

65.     Whether the adult titanium port that AngioDynamics relies on for anticipation was before the Patent Office during prosecution.

66.     Whether the Port-A-Cath port that AngioDynamics relies on for anticipation was before the Patent Office during prosecution.

67.     Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '417 Patent are anticipated by the Vortex Access Port under 35 U.S.C. § 102.

68.     Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '417 Patent are anticipated by the Adult Titanium Port under 35 U.S.C. § 102.

69.    Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '417 Patent are anticipated by the Port-a-Cath port under 35 U.S.C. § 102.

70.    Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '460 Patent are anticipated by the Vortex Access Port under 35 U.S.C. § 102.

71.    Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '460 Patent are anticipated by the Adult Titanium Port under 35 U.S.C. § 102.

72.    Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '460 Patent are anticipated by the Port-a-Cath port under 35 U.S.C. § 102.

73.    Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '478 Patent are anticipated by the Vortex Access Port under 35 U.S.C. § 102.

74.    Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '478 Patent are anticipated by the Adult Titanium Port under 35 U.S.C. § 102.

75.    Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '478 Patent are anticipated by the Port-a-Cath port under 35 U.S.C. § 102.

### 2.    Obviousness Allegations

76.    The content and scope of the prior art asserted by AngioDynamics as rendering the asserted claims of the Asserted Patents obvious.

77.	Whether Carter, Jones and Isomed were before the Patent Office during prosecution.

78.	The differences between the asserted claims of the Asserted Patents and the Vortex Access Port, the Adult Titanium Port, the Port-A-Cath port, Jones, Isomed and Carter.

79.	Whether there is a reason that would have prompted a person of ordinary skill in the art to combine (1) the Vortex Access Port with Jones, Isomed and Carter, (2) the Adult Titanium Port with Jones, Isomed and Carter, and (3) the Port-a-Cath port with Jones, Isomed and Carter.

80.	Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '417 Patent are obvious in view of the Vortex Access Port in combination with Jones, Isomed and Carter under 35 U.S.C. § 103.

81.	Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '417 Patent are obvious in view of the Adult Titanium Port in combination with Jones, Isomed and Carter under 35 U.S.C. § 103.

82.	Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '417 Patent are obvious in view of the Port-a-Cath Port in combination with Jones, Isomed and Carter  under 35 U.S.C. § 103.

83.	Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '460 Patent are obvious in view of the Vortex Access Port in combination with Jones, Isomed and Carter under 35 U.S.C. § 103.

84.	Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '460 Patent are obvious in view of the Adult Titanium Port in combination with Jones, Isomed and Carter under 35 U.S.C. § 103.

85.   Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '460 Patent are obvious in view of the Port-a-Cath Port in combination with Jones, Isomed and Carter under 35 U.S.C. § 103.

86.   Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '478 Patent are obvious in view of the Vortex Access Port in combination with Jones, Isomed and Carter under 35 U.S.C. § 103.

87.   Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '478 Patent are obvious in view of the Adult Titanium Port in combination with Jones, Isomed and Carter under 35 U.S.C. § 103.

88.   Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '478 Patent are obvious in view of the Port-a-Cath port in combination with Jones, Isomed and Carter under 35 U.S.C. § 103.

89.   Whether any of the following objective evidence of non-obviousness tends to show that the asserted claims of the Asserted Patents are not obvious, the extent of any proffered objective evidence of non-obviousness, and whether a nexus exists between the evidence and the claimed inventions:

   a.   Commercial success of the invention of the Asserted Patents;

   b.   A long-felt, unmet need in the art that was satisfied by the invention of the Asserted Patents;

   c.   The failure of others to make the invention of the Asserted Patents;

   d.   Copying of the inventions of the Asserted Patents;

   e.   Unexpected results achieved by the invention of the Asserted Patents;

   f.   Initial skepticism of the invention of the Asserted Patents; and

   g.   Praise of the invention of the Asserted Patents by AngioDynamics and those in the field.

### 3.      Allegations Under Section 112

90.      Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '417 Patent do not meet the written description requirement under 35 U.S.C § 112.

91.      Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '417 Patent do not meet the enablement requirement under 35 U.S.C § 112.

92.      Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '460 Patent do not meet the written description requirement under 35 U.S.C § 112.

93.      Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '460 Patent do not meet the enablement requirement under 35 U.S.C § 112.

94.      Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '478 Patent do not meet the written description requirement under 35 U.S.C § 112.

95.      Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '478 Patent do not meet the enablement requirement under 35 U.S.C § 112.

### 4.      Improper Inventorship Allegations

96.      Whether AngioDynamics has proven by clear and convincing evidence that any of the Asserted Patents contains an inventorship error.

97.   To the extent AngioDynamics has proven by clear and convincing evidence that any of the Asserted Patents contains an inventorship error, whether the defect can be corrected under 35 U.S.C. § 256.

### E.   Conception and Reduction to Practice of the Invention

98.   The date of invention for the inventions claimed in the asserted claims of the Patents-in-Suit.

99.   The date on which the inventions claimed in the asserted claims of the Asserted Patents were reduced to practice.

### F.   Damages

100.   What dollar amount or royalty percentage would reflect a reasonable royalty for the Asserted Patents.

101.   Whether a reasonable royalty for patent infringement should take the form of a lump sum payment for a perpetual license to the Asserted Patents or the form of a royalty percentage applied against AngioDynamics's infringing conduct.

102.   When, between September 2009 and May 2013, AngioDynamics first had notice of the '951 publication

103.   Amount of provisional rights damages under 35 U.S.C. § 154(d) for AngioDynamics's infringement of the '951 publication that issued as the '417 patent.

104.   Amount of pre-verdict supplemental damages.

105.   Amount of post-verdict / post-judgment damages.

106.   Amount of pre-judgment and post-judgment interest.

### G.   Injunctive Relief

107.   Whether AngioDynamics should be barred from further acts of infringements of the asserted claims of the Asserted Patents.

108.    The scope of the permanent injunction to which Bard is entitled enjoining AngioDynamics from directly infringing the asserted claims of the Asserted Patents.

109.    The scope of the permanent injunction to which Bard is entitled enjoining AngioDynamics from inducing infringement of the asserted claims of the Asserted Patents.

### H.    Non-Jury Issues for the Court

The following specific factual issues that are to be determined by the Court:

#### 1.    "Exceptional Case"

110.    Whether this is an "exceptional case" within the meaning of 35 U.S.C. § 285 and, if so, whether the prevailing party is entitled to an award of its attorneys' fees, costs, and expenses.

111.    Whether AngioDynamics had a reasonable basis for asserting the prior use defense concerning its alleged prior use of the SmartPort, Xcela Plus, Xcela or BioFlo ports.

112.    Whether AngioDynamics had a reasonable basis for asserting the prior use defense concerning Rita's alleged prior use of the SmartPort ports.

113.    Whether AngioDynamics had a reasonable basis for asserting the prior use defense concerning Navilyst's alleged prior use of the Xcela Plus and BioFlo ports.

114.    Whether AngioDynamics had a reasonable basis for asserting the prior use defense concerning PFM's alleged prior use of the Xcela ports.

#### 2.    Inequitable Conduct

115.    Whether Bard's claims for infringement of the Asserted Patents are barred by the doctrine of inequitable conduct.

### 3.    Acquiescence, Unclean Hands, Estoppel, Waiver

116.    Whether Bard's claims for infringement of the Asserted Patents are barred due to the doctrines of acquiescence.

117.    Whether Bard's claims for infringement of the Asserted Patents are barred due to the doctrines of unclean hands.

118.    Whether Bard's claims for infringement of the Asserted Patents are barred due to the doctrine of equitable estoppel.

119.    Whether Bard's claims for infringement of the Asserted Patents are barred due to the doctrine of waiver.

## II.    STATEMENT OF INTENDED PROOF

Bard will offer the following proof at trial:

### A.    Background

1.    The invention of the Asserted Patents.

2.    Conception and reduction to practice of the invention claimed in the Asserted Patents.

3.    Bard's power injectable port products are covered by the Asserted Patents.

4.    The development and commercialization of the patented technology by Bard.

5.    The assignment of the Asserted Patents to C.R. Bard from the inventors.  The assignment of the Asserted Patents from C.R. Bard to Bard Peripheral Vascular, Inc.

### B.    Infringement of Bard's Asserted Patents

6.    Proof that the Accused Products satisfy each element of claims 2 and 4 of the '460 patent.

7.    Proof that AngioDynamics's manufacture and sale of the Accused Products directly infringes claims 2 and 4 of the '460 patent.

8.      Proof that AngioDynamics's Smart Port CT and LP products satisfy each element of claims 5, 6, 12, and 13 of the '417 patent.

9.      Proof that AngioDynamics's manufacture and sale of the Accused Products directly infringes claims 5, 6, 12, and 13 of the '417 patent.

10.     Proof that AngioDynamics induces infringement of claims 3, 5, 9, and 11 of the '478 patent by its customers.

11.     Proof that AngioDynamics's customers practice each step of claims of the Asserted Patents claims 3, 5, 9, and 11 of the '478 Patent when using the Accused Products to perform power injection procedures.

12.     Proof that AngioDynamics knew of the '478 Patent as of its issuance date.

13.     Proof that AngioDynamics knew or should have known that it induced its customers to practice each step of claims of the Asserted Patents claims 3, 5, 9, and 11 of the '478 patent when using the Accused Products to perform power injection procedures.

14.     Proof that AngioDynamics encouraged its customers to practice each step of claims of the Asserted Patents claims 3, 5, 9, and 11 of the '478 patent when using the Accused Products to perform power injection procedures.

15.     Proof that AngioDynamics directly infringes claim 6 of the '951 publication, which issued as the '417 patent.

16.     Proof that the claims of the '951 publication and the '417 patent are substantially identical.  (D.I. 393 ("I recommend that the court find the claims of the '951 publication and the '417 patent substantially identical."); D.I. 416 ("The Court finds that the magistrate judge's reasoning is sound and correct as a matter of law and fact. The Court agrees with the magistrate

judge that '417 patent and the '951 Publication are substantially identical…The report and recommendation of the magistrate judge, D.I. 393, is adopted in its entirety.")

17.     Proof that AngioDynamics had actual notice of the '951 publication.

**C.     AngioDynamics's Willful Infringement**

18.     Proof that AngioDynamics was aware of the patent applications leading to the issuance of the Asserted Patents.

19.     Proof that AngioDynamics deliberately copied the ideas or design of the Asserted Patents.

20.     Proof that AngioDynamics did not form a good-faith belief that Bard's Asserted Patents were invalid and were not infringed when it learned of Bard's patent protection.

**D.     Validity of Bard's Asserted Patents**

21.     Proof that rebuts AngioDynamics's assertion that any asserted claim of the Asserted Patents is anticipated by the prior art.

22.     Proof that rebuts AngioDynamics's assertion that any asserted claim of the Asserted Patents would have been obvious to one of ordinary skill in the art in light of the prior art, including objective indicia of non-obviousness, including that a nexus exists between the evidence and the claimed inventions, and proof of the following:

a.   Commercial success of the invention of the Asserted Patents;

b.   A long-felt, unmet need in the art that was satisfied by the invention of the Asserted Patents;

c.   The failure of others to make the invention of the Asserted Patents;

d.   Copying of the inventions of the Asserted Patents;

e.   Unexpected results achieved by the invention of the Asserted Patents;

f.   Initial skepticism of the invention of the Asserted Patents; and

g.  Praise of the invention of the Asserted Patents by AngioDynamics and those in the field.

23.     Proof that rebuts AngioDynamics's assertion that any asserted claim of the Asserted Patents is invalid for lack of enablement.

24.     Proof that rebuts AngioDynamics's assertion that any asserted claim of the Asserted Patents is invalid for lack of written description.

25.     Proof that rebuts AngioDynamics's assertion that any asserted claim of the Asserted Patents is invalid for improper inventorship.

**E.     Damages**

26.     Proof that Bard is entitled to a reasonable royalty.

27.     Proof that Bard is entitled to a reasonable royalty for provisional rights.

28.     Bard has calculated a running reasonable royalty for different infringement scenarios and time periods. ███████████████████████

████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

████████████████████████████

29.     Proof that AngioDynamics does not have a reasonable basis for asserting the prior use defense as to the '417 and '460 patents because Bard alleges that AngioDynamics's *manufacture and sale* of the Accused products infringes the patents and does not allege that AngioDynamics has *used* the products in a way that infringes the patents or to produce a product that infringes the patents.

30.     Proof that AngioDynamics does not have a reasonable basis for asserting the prior use defense as to the '478 patent because AngioDynamics has taken the position in this litigation

that it does not perform the method recited in the claims, and to establish a commercial use defense AngioDynamics would have to identify instances of its performing the claimed method for which it is entitled to a non-infringement defense based on its performing of the claimed method prior to April 25, 2005.

31.     Proof that Bard is entitled to attorneys' fees, costs, and expenses.

### F.     Injunctive Relief

32.     Proof that Bard is entitled to a permanent injunction against AngioDynamics enjoining AngioDynamics from further infringement of the Asserted Patents.

# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| BARD PERIPHERAL VASULAR, INC., | |
| Plaintiff and Counterclaim-Defendant, | C.A. No. 15-218-JFB-SRF |
| v. | |
| ANGIODYNAMICS, INC., | JURY TRIAL DEMANDED |
| Defendant and Counterclaim-Plaintiff, | |
| v. | CONTAINS HIGHLY CONFIDENTIAL MATERIAL |
| C.R. BARD, INC., | |
| Counterclaim/Third-Party Complaint Defendant. | |

## ANGIODYNAMICS, INC.'S STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED AND STATEMENT OF PROOF

# TABLE OF CONTENTS

**Page**

I.   STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED INCLUDING THOSE TO BE ADDRESSED BY ADVISORY OPINIONS....................1

   A.   The Litigation.................................................................................1

   B.   Non-Infringement .........................................................................1

   C.   5 U.S.C. 154(d) ...........................................................................12

   D.   Willfulness ..................................................................................13

   E.   State of The Art...........................................................................14

   F.   Bard's Embodying Products .........................................................16

   G.   Anticipation.................................................................................19

   H.   Prior Art .....................................................................................19

   I.   Prior Use/ 35 U.S.C § 273 ...........................................................23

   J.   Obviousness ................................................................................25

   K.   Invalidity Under Section 112 ........................................................27

   L.   Improper Inventorship Allegations ................................................28

   M.   Patent Ineligibility.......................................................................29

   N.   Bard's Alleged Earlier Conception and Reduction to Practice of the Invention ....................................................................................30

   O.   Alleged Damages for Infringement of the Asserted Patents................31

   P.   Injunctive Relief..........................................................................34

II.   STATEMENT OF ISSUES OF FACT TO BE ADDRESSED BY ADVISORY VERDICT ..............................................................................................35

   A.   Inequitable Conduct, Unclean Hands, and Equitable Estoppel ............35

      1.   Inequitable Conduct .........................................................37

      2.   Acquiescence, Unclean Hands, Estoppel, Waiver ...................40

   B.   "Exceptional Case" ......................................................................42

III.   STATEMENT OF INTENDED PROOF..................................................42

   A.   Background ..................................................................................42

   B.   Anticipation.................................................................................42

   C.   Obviousness ................................................................................42

   D.   Ineligibility .................................................................................43

   E.   Equitable Defenses.......................................................................43

   F.   Damages .....................................................................................43

I.      **STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED INCLUDING THOSE TO BE ADDRESSED BY ADVISORY OPINIONS**

AngioDynamics's identification of the contested facts that remain to be litigated is based on the pleadings, discovery, and Federal Circuit decision in the action to date and on AngioDynamics's current understanding of Bard's claims. To the extent that Bard intends or attempts to introduce or contest different or additional facts, or raise other issues, AngioDynamics reserves the right to supplement this statement and contest such other, different or additional facts as arise therefrom, and to present any and all rebuttal evidence in response to those facts. These issues of fact may also change based on the Court's decisions on certain motions *in limine.*

To the extent that one or more issues of fact to be litigated is deemed an issue of law to be litigated or a mixed issue of fact and law, it should be treated as such and considered included with AngioDynamics's Statement of Issues of Law Remaining to Be Litigated, filed concurrently herewith.

AngioDynamics contends that the issues of fact that remain to be litigated at trial are as follows:

A.      **The Litigation**

1.      Whether Becton Dickinson & Co is the corporate parent of Bard Peripheral Vascular, Inc.

2.      Whether the plaintiff has standing to assert the patents-in-suit.

3.      Whether the plaintiff holds legal title to the patents-in-suit.

B.      **Non-Infringement**

4.      Whether Bard has proven by a preponderance of the evidence that any of AngioDynamics's Smart Port CT and LP products directly infringes any of claims 5 and 6, of

U.S. Patent No. 8,475,417 ("the '417 patent"), which also requires Bard to prove by a preponderance of the evidence that these products infringe the independent claim to which these claims depend—namely, claim 1 of the '417 Patent.

5.      Whether Bard has proven by a preponderance of the evidence that any of AngioDynamics's Smart Port CT and LP products directly infringes any of claims, 12, and 13 of the '417 patent, which also requires Bard to prove by a preponderance of the evidence that these products infringe the independent claim to which these claims depend—namely, claim 8 of the '417 Patent.

6.      Whether Bard has proven by a preponderance of the evidence that any of AngioDynamics's Smart Port products (all models including CT, LP, and Mini) directly infringes any of claims 2 and 4 of U.S. Patent No. 8,545,460 ("the '460 patent"), which also requires Bard to prove by a preponderance of the evidence that these products infringe the independent claim to which these claims depend—namely, claim 1 of the '460 Patent.

7.      Whether Bard has proven by a preponderance of the evidence that AngioDynamics's Xcela port products directly infringe any of claims 2 and 4 of the '460 patent which also requires Bard to prove by a preponderance of the evidence that these products infringe the independent claim to which these claims depend—namely, claim 1 of the '460 Patent.

8.      Whether Bard has proven by a preponderance of the evidence that AngioDynamics's Xcela Plus port products directly infringe any of claims 2 and 4 of the '460 Patent, which also requires Bard to prove by a preponderance of the evidence that these products infringe the independent claim to which these claims depend—namely, claim 1 of the '460 Patent.

9.      Whether Bard has proven by a preponderance of the evidence that AngioDynamics's BioFlo port products directly infringe any of claims 2 and 4 of the '460 Patent, which also requires Bard to prove by a preponderance of the evidence that these products infringe the independent claim to which these claims depend—namely, claim 1 of the '460 Patent.

10.     Whether Bard has proven by a preponderance of the evidence that a single entity directly infringes any of claims 3 and 5 of the U.S. Patent No. 8,805,478 ("the '478 patent") using the Smart Port products (all models including CT, LP, and Mini), which also requires Bard to prove by a preponderance of the evidence that a single entity directly infringes the independent claim to which these claims depend—namely, claim 1 of the '478 Patent.

11.     Whether Bard has proven by a preponderance of the evidence that a single entity directly infringes any of claims 9, and 11 of the '478 patent using the Smart Port products (all models including CT, LP, and Mini), which also requires Bard to prove by a preponderance of the evidence that a single entity directly infringes the independent claim to which these claims depend—namely, claim 8 of the '478 Patent.

12.     Whether Bard has proven an instance of actual use of each and every step of any of claims 3 and 5 including the limitations from their independent claim, namely claim 1 of the '478 Patent, of the Smart Port products by a single entity by a preponderance of the evidence.

13.     Whether Bard has proven an instance of actual use of each and every step of any of claims 9 and 11, including the limitations from their independent claim, namely claim 8 of the '478 Patent, of the Smart Port products by a single entity by a preponderance of the evidence.

14.    Whether Bard has proven by a preponderance of the evidence that a single entity directs or controls the individuals who actually perform each and every step of claims 3 and 5 including the limitations from their independent claim, namely claim 1 of the '478 Patent, using the Smart Port products.

15.    Whether Bard has proven by a preponderance of the evidence that a single entity directs or controls the individuals who actually perform each and every step of claims 9 and 11, including the limitations from their independent claims, namely claims 8 of the '478 Patent, using the Smart Port products.

16.    Whether Bard has proven by a preponderance of the evidence that a single entity directly infringes each and every step of any of claims 3 and 5 of the '478 Patent using the Xcela port products, which also requires Bard to prove by a preponderance of the evidence that a single entity directly infringes the independent claims to which these claim depend—namely, claim 1 of the '478 Patent.

17.    Whether Bard has proven by a preponderance of the evidence that a single entity directly infringes each and every step of any of claims 9 and 11 of the '478 Patent using the Xcela port products, which also requires Bard to prove by a preponderance of the evidence that a single entity directly infringes the independent claims to which these claim depend—namely, claim 8 of the '478 Patent.

18.    Whether Bard has proven an instance of actual use of each and every step of any of claims 3 and 5, including the limitations from their antecedent independent claim, namely claim 1 of the '478 Patent, of the Xcela port products by a single entity by a preponderance of the evidence.

19.    Whether Bard has proven an instance of actual use of each and every step of any of claims 9 and 11, including the limitations from their antecedent independent claim,

namely claim 8 of the '478 Patent, of the Xcela port products by a single entity by a preponderance of the evidence.

20.     Whether Bard has proven by a preponderance of the evidence that a single entity directs or controls the individuals who actually perform each and every step of any of claims 3 and 5, including the limitations from their antecedent independent claim, namely claim 1 of the '478 Patent, using the Xcela port products.

21.     Whether Bard has proven by a preponderance of the evidence that a single entity directs or controls the individuals who actually perform each and every step of any of claims 9 and 11, including the limitations from their antecedent independent claim, namely claim 8 of the '478 Patent, using the Xcela port products.

22.     Whether Bard has proven by a preponderance of the evidence that any one specific customer of AngioDynamics directly infringes each and every step of any of claims 3 and 5 of the '478 Patent using the Xcela Plus port products, which also requires Bard to prove by a preponderance of the evidence that a single entity directly infringes the antecedent independent claim to which these claims depend—namely, claim 1 of the '478 Patent.

23.     Whether Bard has proven by a preponderance of the evidence that any one specific customer of AngioDynamics directly infringes each and every step of any of claims 9 and 11 of the '478 Patent using the Xcela Plus port products, which also requires Bard to prove by a preponderance of the evidence that a single entity directly infringes the antecedent independent claim to which these claims depend—namely, claim 8 of the '478 Patent.

24.     Whether Bard has proven an instance of actual use of each and every step of any of claims 3 and 5, including the limitations from their antecedent independent claim, namely claim 1 of the '478 Patent, of the Xcela Plus port products by a single entity by a preponderance of the evidence.

25.    Whether Bard has proven an instance of actual use of each and every step of any of claims 9 and 11, including the limitations from their antecedent independent claim, namely claim 8 of the '478 Patent, of the Xcela Plus port products by a single entity by a preponderance of the evidence.

26.    Whether Bard has proven by a preponderance of the evidence that a single entity directs or controls the individuals who actually perform each and every step of any of claims 3 and 5, including the limitations from their antecedent independent claim, namely claim 1 of the '478 Patent, using the Xcela Plus port products.

27.    Whether Bard has proven by a preponderance of the evidence that a single entity directs or controls the individuals who actually perform each and every step of any of claims 9 and 11, including the limitations from their antecedent independent claim, namely claim 8 of the '478 Patent, using the Xcela Plus port products.

28.    Whether Bard has proven by a preponderance of the evidence that any one specific identified customer of AngioDynamics directly infringe each and every step of any of claims 3 and 5 of the '478 Patent using the BioFlo port products, which also requires Bard to prove by a preponderance of the evidence that a single entity directly infringes the antecedent independent claim to which these claims depend—namely, claim 1 of the '478 Patent.

29.    Whether Bard has proven by a preponderance of the evidence that any one specific identified customer of AngioDynamics directly infringe each and every step of any of claims 9 and 11 of the '478 Patent using the BioFlo port products, which also requires Bard to prove by a preponderance of the evidence that a single entity directly infringes the antecedent independent claim to which these claims depend—namely, claim 8 of the '478 Patent.

30.    Whether Bard has proven an instance of actual use of each and every step of any of claims 3 and 5, including the antecedent limitations from their independent claim,

namely claim 1 of the '478 Patent, of the BioFlo port products by a single entity by a preponderance of the evidence.

31.     Whether Bard has proven an instance of actual use of each and every step of any of claims 9 and 11, including the antecedent limitations from their independent claim, namely claim 8 of the '478 Patent, of the BioFlo port products by a single entity by a preponderance of the evidence.

32.     Whether Bard has proven by a preponderance of the evidence that a single entity directs or controls the individuals who actually perform each and every step of any of claims 3 and 5, including the limitations from their antecedent independent claim, namely claim 1 of the '478 Patent, using the BioFlo port products.

33.     Whether Bard has proven by a preponderance of the evidence that a single entity directs or controls the individuals who actually perform each and every step of any of claims 9 and 11, including the limitations from their antecedent independent claim, namely claim 8 of the '478 Patent, using the BioFlo port products.

34.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew its actions would induce specific identified customers to directly infringe each and every step of any of claims 3 and 5 of '478 patent, including the limitations from their antecedent independent claim, namely claim 1 of the '478 Patent, using the Smart Port products (all models including CT, LP, and Mini) by August 12, 2014.

35.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew its actions would induce specific identified customers to directly infringe each and every step of any of claims 9 and 11 of '478 patent, including the limitations from their antecedent independent claim, namely claim 8 of the '478 Patent, using the Smart Port products (all models including CT, LP, and Mini) by August 12, 2014.

36.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew its actions would induce specific identified customers to directly infringe each and every step of any of claims 3 and 5 of '478 patent, including the antecedent limitations from their independent claim, namely claim 1 of the '478 Patent, using the Smart Port products (all models including CT, LP, and Mini) by August 12, 2014.

37.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew its actions would induce specific identified customers to directly infringe each and every step of any of claims 9 and 11 of '478 patent, including the antecedent limitations from their independent claim, namely claim 8 of the '478 Patent, using the Smart Port products (all models including CT, LP, and Mini) by August 12, 2014.

38.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew its actions would induce specific identified customers to directly infringe each and every step of any of claims 3 and 5 of '478 patent, including the limitations from their antecedent independent claim, namely claim 1 of the '478 Patent, using the Xcela port products by August 12, 2014.

39.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew its actions would induce specific identified customers to directly infringe each and every step of any of claims 9 and 11 of '478 patent, including the limitations from their antecedent independent claim, namely claim 8 of the '478 Patent, using the Xcela port products by August 12, 2014.

40.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew its actions would induce specific identified customers to directly infringe each and every step of any of claims 3 and 5 of '478 patent, including the limitations from their

antecedent independent claim, namely claim 1 of the '478 Patent, using the Xcela Plus port products by August 12, 2014.

41.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew its actions would induce specific identified customers to directly infringe each and every step of any of claims 9 and 11 of '478 patent, including the limitations from their antecedent independent claim, namely claim 8 of the '478 Patent, using the Xcela Plus port products by August 12, 2014.

42.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew its actions would induce specific identified customers to directly infringe each and every step of any of claims 3 and 5 of '478 patent, including the limitations from their antecedent independent claim, namely claim 1 of the '478 Patent, using the BioFlo port products by August 12, 2014.

43.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew its actions would induce specific identified customers to directly infringe each and every step of any of claims 9 and 11 of '478 patent, including the limitations from their antecedent independent claim, namely claim 8 of the '478 Patent, using the BioFlo port products by August 12, 2014.

44.     Whether AngioDynamics had a subjective belief that it wasn't infringing or inducing infringement any asserted claim of the '478 patent.

45.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics induces specific identified customers to perform each and every step of any of claims 3 and 5 of '478 patent, including the limitations from their antecedent independent claim, namely claim 1 of the '478 Patent, using the Smart Port products (all models including CT, LP, and Mini).

46.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics induces specific identified customers to perform each and every step of any of claims 9 and 11 of '478 patent, including the limitations from their antecedent independent claim, namely claim 8 of the '478 Patent, using the Smart Port products (all models including CT, LP, and Mini).

47.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics induces specific identified customers to perform each and every step of any of claims 3 and 5 of '478 patent including the limitations from their antecedent independent claim, namely claim 1 of the '478 Patent, using the Xcela port products.

48.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics induces specific identified customers to perform each and every step of any of claims 9 and 11 of '478 patent including the limitations from their antecedent independent claim, namely claim 8 of the '478 Patent, using the Xcela port products.

49.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics induces specific identified customers to perform each and every step of any of claims 3 and 5 of '478 patent, including the limitations from their antecedent independent claim, namely claim 1 of the '478 Patent, using the Xcela Plus products.

50.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics induces specific identified customers to perform each and every step of any of claims 9 and 11 of '478 patent, including the limitations from their antecedent independent claim, namely claim 8 of the '478 Patent, using the Xcela Plus products.

51.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics induces specific identified customers to perform each and every step of any of

claims 3 and 5 of '478 patent, including the limitations from their antecedent independent claim, namely claim 1 of the '478 Patent, using the BioFlo products.

52.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics induces its customers to perform each and every step of any of claims 9 and 11 of '478 patent, including the limitations from their antecedent independent claim, namely claim 8 of the '478 Patent, using the BioFlo products.

53.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of each and every step of any of claims 3 and 5 of the U.S. Patent No. 8,805,478 patent, including the limitations from their antecedent independent claim, namely claim 1 of the '478 Patent, via the sale of the Smart Port products (all models including CT, LP, and Mini).

54.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of each and every step of any of claims 9 and 11 of the U.S. Patent No. 8,805,478 patent, including the limitations from their antecedent independent claim, namely claim 8 of the '478 Patent, via the sale of the Smart Port products (all models including CT, LP, and Mini).

55.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of each and every step of any of claims 3 and 5 of the '478 patent, including the limitations from their antecedent independent claim, namely claim 1 of the '478 Patent, via the sale of the Xcela port products.

56.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of each and every step of any of claims 9 and 11 of the '478 patent, including the limitations from their antecedent independent claim, namely claim 8 of the '478 Patent, via the sale of the Xcela port products.

57.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of claims each and every step of 3 and 5 of the '478 patent, including the limitations from their antecedent independent claim, namely claim 1 of the '478 Patent, via the sale of the Xcela Plus port products.

58.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of claims each and every step of 3 and 5 of the '478 patent, including the limitations from their antecedent independent claim, namely claim 8 of the '478 Patent, via the sale of the Xcela Plus port products.

59.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of each and every step of any of claims 3 and 5 of the '478 patent, including the limitations from their antecedent independent claim, via the sale of the BioFlo port products.

60.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of each and every step of any of claims 9 and 11 of the '478 patent, including the limitations from their antecedent independent claim, via the sale of the BioFlo port products.

**C.     5 U.S.C. 154(d)**

Although AngioDynamics does not bear the burden of proof on BPV's provisional damages claim, AngioDynamics understands that the factual issues listed below remain to be litigated.

61.     Whether Bard has proven that AngioDynamics had actual notice of the '951 Publication prior to the issuance of the '417 Patent.

62.     Whether Bard has proven that AngioDynamics had actual notice of the '951 Publication at the beginning of the period in which Bard claims entitlement to pre-suit damages.

63.     Whether Bard has proven that that the provisional damages it seeks conforms to the applicable legal authorities and is an appropriate pre-issuance "reasonable royalty," as required by statute.

64.     Whether Bard's failure to mark its embodying port products with the '417 Patent in accordance with 35 U.S.C. §§ 154(d), 287 precludes the grant of provisional rights damages.

### D.    Willfulness

Although AngioDynamics does not bear the burden of proof, AngioDynamics understands that the factual issues listed below remain to be litigated.

65.     Whether AngioDynamics's alleged infringement of the '417 Patent was willful.

66.     Whether AngioDynamics's alleged infringement of  the '460 Patent was willful.

67.     Whether AngioDynamics's alleged infringement of  the '478 Patent was willful.

68.     Whether AngioDynamics deliberately copied the design of the purported invention(s) covered by any of the Asserted Claims.

69.     Whether AngioDynamics, when it learned of Bard's patents, investigated the scope of the Patents-in-Suit and formed a good-faith belief that they were invalid, patent ineligible, unenforceable, or not infringed.

70.     Whether AngioDynamics obtained opinions of counsel that each of the Asserted Patents was invalid and/or not infringed.

71.     Whether AngioDynamics reasonably relied on opinions of counsel it received.

72.     Whether AngioDynamics had a reasonable belief that the Asserted Patents were not valid following the filing of suit by Bard, including in view of the Court's decisions regarding AngioDynamics's motion to dismiss and claim construction and AngioDynamics's identification of prior art and evidence of inequitable conduct and unclean hands.

73.     Whether, on November 7, 2012, the *inter partes* reexamination of related patent US 7,785,302 was instituted.

74.     Whether, on November 7, 2012, the *inter partes* reexamination of related patent US 7,947,022 was instituted.

75.     Whether, on November 13, 2012, the *inter partes* reexamination of related patent US 7,959,615 was instituted.

76.     Whether, on November 14, 2013, the PTAB issued an initial rejection against related patent US 7,785,302.

77.     Whether, on October 4, 2013, the PTAB issued an initial rejection against related patent US 7,947,022.

78.     Whether, on October 18, 2013, the PTAB issued an initial rejection against related patent US 7,959,615.

**E.     State of The Art**

79.     Whether patient identification cards for access ports existed before April 25, 2005.

-14-

80.     Whether product labeling, wrist bands, keychains, patient chart stickers, instructions for use and other external labeling for implanted medical devices existed before April 25, 2005.

81.     Whether medical records for implanted medical devices existed before April 25, 2005.

82.     Whether, before Bard's purported invention, implanted medical devices were sold in product packaging.

83.     Whether all Bard vascular access port kits sold in the United States before April 25, 2005 included certain information about the port (e.g. the product label) and that information about the port may have been provided to the patient.

84.     Whether radiographic markers for implantable medical devices have been known since the beginning of radiography.

85.     Whether radiographic markers on access ports were known in the art before April 25, 2005.

86.     Whether it was a requirement by various standards related to implantable medical devices, at least by April 25, 2005, that ports could be radiographically tracked.

87.     Whether approaches for making a device feature radiopaque were known in the art before April 25, 2005.

88.     Whether there were ports having a geometric shape which was radiographically visible under x-ray before April 25, 2005.

89.     Whether, triangular-shaped ports were publicly available before April 25, 2005.

-15-

90.     Whether it was known in the medical field prior to April 25, 2005 that there were implantable medical devices that had radiographic markings that could identify information about the device after implantation.

91.     Whether the FDA promulgated guidelines for using radiographic features to identify and track implanted medical devices, including "Use of Symbols on Labels and Labeling of In Vitro Diagnostic Devices Intended for Professional Use" (2004) and "Do It By Design." (1996)

92.     Whether at least some ports existing before April 25, 2005 were structurally capable of withstanding power injection procedures at flow rates of at least 1 milliliter per second and cavity pressures of at least 35 psi.

**F.      Bard's Embodying Products**

93.     Whether Bard's PowerPort Titanium Port was the subject of 510(k) K060812.

94.     Whether Bard, through the sworn statement of Peggy Keiffer, certified that all data and information submitted in K060812 was believed to be truthful and accurate and that no material fact had been omitted.

95.     Whether Bard's Adult Titanium Port was the access port that was used as the predicate access port device in K060812.

96.     Whether Bard stated in K060812 that the materials, interior reservoir geometry, septum, stem, cathlock and catheter type and size of the titanium PowerPort were "identical" to the predicate Adult Titanium Port.

97.     Whether Bard stated in K060812 that the testing performed on the predicate Adult Titanium Port was directly applicable to the K060812 submission.

98.     Whether Bard submitted summary data in K060812 corresponding to power injection testing.

99.     Whether Kelly Christian and Kevin Sheetz signed the data summary sheets submitted in K060812 that correspond to this testing.

100.     Whether as stated in K060812, the test samples used for Bard's power injection testing were Adult Titanium Ports.

101.     Whether as stated in K060812, Bard certified that its Adult Titanium Port demonstrated the capability to withstand multiple power injections of contrast media of flow rates of up to 5 ml/sec after septum puncture conditioning.

102.     Whether Bard cited a 2004 white paper authored by Dr. Robert L. Vogelzang, called "Power Injection Through Central Venous Catheters: Physiologic and Hemodynamic Considerations," in support of K060812.

103.     Whether Bard created a document in 2005 called the PowerPort Product Opportunity Appraisal ("PowerPort POA").

104.     Whether each of Annemarie Boswell, Kevin Sheetz, Dwight Hibdon, Ed Burnside, Kelly Powers, Peggy Keiffer, and Jim Beasley, among others, signed the PowerPort POA in 2005.

105.     Whether Bard stated in the PowerPort POA that other commercially available ports were capable of withstanding power injection, but that they were not indicated for it.

106.     Whether Bard stated in the PowerPort POA that Dr. Scott Trerotola had conducted his own study of the HMP Vortex Access Port showing that it could withstand power injection pressures.

107.    Whether Bard stated in the PowerPort POA that it had discovered Dr. Scott Treretola's study on March 1, 2005.

108.    Whether Bard stated in the PowerPort POA that the opportunity was not in developing the product technology to withstand the pressures of power injection, but rather in developing the method of distinguishing capable ports from incapable ones.

109.    Whether Before Bard launched its patent-embodying Titanium PowerPort, it conducted market research regarding the performance of power injection procedures with access ports and regarding various ways for identifying access ports.

110.    Whether Bard learned from market research testing conducted in 2004 and 2005 that at least some practitioners were already power injecting then-existing access ports at flow rates of at least 1 milliliter per second.

111.    Whether Bard learned from market research testing conducted in 2004 and 2005 that at least some practitioners were already identifying ports implanted in patients via scout scans.

112.    Whether Bard did not mark its PowerPort products in accordance with 35 USC § 287 with any of the Asserted Patents until September 29, 2014.

113.    Whether Bard failed to mark substantially all of its patent embodying products as specified in 35 USC § 287 before filing suit on March 10, 2015.

114.    Whether Bard first gave actual notice of AngioDynamics's alleged infringement of the Asserted Patents when filing suit on March 10, 2015.

115.    Whether Bard gave constructive notice of AngioDynamics's alleged infringement of the Asserted Patents before filing suit on March 10, 2015.

G.      **Anticipation**

AngioDynamics will demonstrate that each of the Asserted Claims of the

Asserted Patents is anticipated by prior art. AngioDynamics will make this proof with the

testimony of the inventors, experts, and current and former AngioDynamics and Bard

employees, as well as documents and things that have been produced in this case. To that end,

the following specific factual issues with respect to invalidity remain to be determined at trial:

116.    Whether AngioDynamics has proven by clear and convincing evidence

that claims 5, 6, 12, and 13 of the '417 Patent are anticipated under 35 U.S.C. § 102.

117.    Whether AngioDynamics has proven by clear and convincing evidence

that claims 2 and 4 of the '460 Patent are anticipated under 35 U.S.C. § 102.

118.    Whether AngioDynamics has proven by clear and convincing evidence

that claims 3, 5, 9, and 11 of the '478 Patent are anticipated under 35 U.S.C. § 102.

H.      **Prior Art**

119.    Whether the Vortex Access System was on sale by RITA and/or publicly

available on or before April 25, 2005.

120.    Whether the Vortex MP System was on sale by RITA and/or publicly

available on or before April 25, 2005.

121.    Whether the Port-A-Cath System was on sale by SIMS Deltec and/or

publicly available on or before April 25, 2005.

122.    Whether Bard's Adult Titanium Port was on sale by Bard and/or publicly

available on or before April 25, 2005.

123.    Whether Bard's Titanium Dome System was on sale by Bard and/or

publicly available on or before April 25, 2005.

124.     Whether Bard's Slim Port System was on sale by Bard and/or publicly available on or before April 25, 2005.

125.     Whether the IsoMed System was on sale by Medtronic and/or publicly available on or before April 25, 2005.

126.     Whether the IsoMed User Guide was published before April 25, 2005.

127.     Whether Bard conducted market surveys regarding the performance of power injection procedures with access ports before April 25, 2005.

128.     Whether Bard conducted market surveys regarding the identification of access ports before April 25, 2005.

129.     Whether U.S. Patent No. 6,287,293 to Jones et al. ("Jones"), entitled "Method and apparatus for locating the injection point of an implanted medical device," issued September 11, 2001.

130.     Whether U.S. Patent No. 5,423,334 to Jordan ("Jordan"), "Implantable medical device characterization system," issued June 13, 1995.

131.     Whether the article "Contrast Media Power Injection Using Central Venous Port Catheters- Results of an in vitro Study" by B. Gebauer et al. ("Gebauer") was published on August 11, 2005.

132.     Whether the article "Safety Considerations in the Power Injection of Contrast Media Via Central Venous Catheters during Computer Tomographic Examinations," by Carlson, et al. ("Carlson") was published in May 1992.

133.     Whether the article "Power Injection of Contrast Media Using Central Venous Catheters: Feasibility, Safety, and Efficacy," by Herts, et al. (Herts) was published in February 2001.

134.     Whether Herts was included as an exhibit in K060812.

135.     Whether U.S. Patent No. 6,459,772 to Curt Wiedenhoefer, Steven F. Glander, Stephen L. Gage, and Paul Katsch ("Wiedenhoefer"), entitled "Radiographic reference marker," issued on March 17, 2000.

136.     Whether U.S. Patent 4,863,470 to Garry L. Carter (Carter), entitled "Identification marker for a breast prosthesis," was published on September 5, 1989.

137.     Whether ESPrit/Nucleus was available for sale by Cochlear and/or publicly available at least by April 2000.

138.     Whether ESPrit/Nucleus product brochure was published before April 25, 2005.

139.     Whether U.S. Publication No. 2005/0075614 to Michael Buondiere and Guy Nadal ("Bunodiere"), entitled "Subcutaneously implantable access port," claims priority to October 25, 2002 and was published on April 7, 2005.

140.     Whether U.S. Patent 6,826,257 to James Sayre and Stewart Bober ("Sayre"), entitled "Device and Method for Margin Marking of Radiography Specimens," issued on November 30, 2004.

141.     Whether Bard relied on Sayre in the Declaration of Steven J. Tallarida, which was filed against U.S. Patent 8,257,325 in a request for the USPTO to institute an inter partes review.

142.     Whether Bard relied on Jones in the Declaration of Kenneth A. Eliasen, during the prosecution of the 11/368,954 Application.

143.     Whether Bard relied on Carter in the Declaration of Kenneth A. Eliasen, during the prosecution of the 11/368,954 Application.

144.     Whether Bard relied on Jordan in the Declaration of Kenneth A. Eliasen, during the prosecution of the 11/368,954 Application.

145.    Whether in October 1990, the FDA issued guidance regarding 510(k) submissions called "Guidance of 510(K) Submissions for Implanted Infusion Ports" (October 1990).

146.    Whether on April 19, 2001, the FDA issued "Guidance on Medical Device Patient Labeling; Final Guidance for Industry and FDA Reviews, March 3, 2000."

147.    Whether in December 1996, the FDA Center for Devices and Radiological Heath published "Do It By Design: An Introduction to Human Factors in Medical Devices," by Dick Sawyer.

148.    Whether in November 2004, the FDA issued Guidance for Industry and FDA Staff: use of Symbols on Labels and in Labeling of In Vitro Diagnostic Devices Intended for Professional Use."

149.    Whether the article *Artificial intelligence can improve X-ray identification of pacemakers in emergencies*, sources from Imperial College London and published in ScienceDaily, recognized that clinicians used shapes to identify subcutaneous medical devices. *See id.* at ( by looking at "flowchart contain[ing] a series of shapes . . . designed to help clinicians identify the make and model of a patient's pacemaker.")

150.    Whether the power injection testing submitted to the FDA for the Vortex CT Port was performed on the original Vortex Access Ports made and/or sold by RITA Medical.

151.    Whether Bard published a bulletin entitled "FDA clearances for biliary stent products of Bard and Sulzer Medica, on March 8, 2001.

152.    Whether the article *Radiographic Identification of Commonly Used Implanted Pacemakers*, by William H. Walter: Lt. Col. William H. Walter, III, MC, USAF and Nanette K. Wenger, MD was published in 1969.

153.     Whether the article *Radiographic Identification of Commonly Used Pulse Generators*, by William H. Walter: Lt. Col. William H. Walter, III, MC, USAF was published in 1970.

154.     Whether the article *Implantable Cardioverter-Defibrillators: Implications for the Nonelectrophysiologist*, by Sergio L. Pinski, MD and Richard G. Trohman, MD, published on May 15, 1995.

155.     Whether the article *Radiopaque Imprinting Enables Alternative to Angioplasty: Markings on fabric substrate of device allow precise positioning*, reprinted from Medical Product Manufacturing News, published in April 2003.

156.     Whether the article *Retained surgical swab misinterpreted as epicardial pacing wire on chest x-ray*, by G. McKillop and J.H. Reid published on April 1, 1996.

157.     Whether the article *Imaging of surgical paraphernalia: what belongs in the patient and what does not*, by Kenneth A. Wolfson, MD, Leanne L. Seeger, MD, Barbara M. Kadell, MD, and Jeffrey J. Eckardt, MD, published in 2000.

158.     Whether the article *Imaging of retained surgical sponges in the abdomen and pelvis*, by Angus R. O'Connor, Fergus V. Coakley, Maxwell V. Meng, and Stephen Eberhardt, published in February 2003.

159.     Whether each of the items of prior art identified above were before the Examiner during prosecution of each of the patents-in-suit.

**I.     Prior Use/ 35 U.S.C § 273**

160.     Whether the Vortex MP was commercially used in the United States, either in connection with an internal commercial use or an actual arm's length sale or other arm's length commercial transfer of a useful end result of such commercial use on or before April 25, 2005.

161.    Whether the Vortex MP became the Smart Port CT Mini.

162.    Whether the Vortex Access port was commercially used in the United States, either in connection with an internal commercial use or an actual arm's length sale or other arm's length commercial transfer of a useful end result of such commercial use on or before April 25, 2005.

163.    Whether the Vortex Access Port became the Vortex CT Port, which became the Smart Port CT.

164.    Whether the Vortex TR Low-profile port was commercially used in the United States, either in connection with an internal commercial use or an actual arm's length sale or other arm's length commercial transfer of a useful end result of such commercial use on or before April 25, 2005.

165.    Whether the Vortex TR Low-profile port became the Smart Port CT LP.

166.    Whether the Vaxcel port was commercially used in the United States, either in connection with an internal commercial use or an actual arm's length sale or other arm's length commercial transfer of a useful end result of such commercial use on or before April 25, 2005.

167.    Whether the Vaxcel port became the Xcela Plus Port.

168.    Whether the Vaxcel port became the BioFlo Port.

169.    Whether the PFM's Jetport was commercially used in the United States, either in connection with an internal commercial use or an actual arm's length sale or other arm's length commercial transfer of a useful end result of such commercial use on or before April 25, 2005.

170.    Whether PFM sold or otherwise disposed of the PFM Jetport.

171.     Whether PFM sold or otherwise disposed of the PFM Jetport to AngioDynamics.

172.     Whether PFM's Jetport became the Xcela port.

173.     Whether the power injection testing submitted to the FDA for the Smart Port CT LP was performed on Vortex TR Low-profile ports.

174.     Whether the power injection testing submitted to the FDA for the Smart Port CT was performed on Vortex Access ports.

175.     Whether the power injection testing submitted to the FDA for the Smart Port CT Mini was performed on Vortex MP ports.

176.     Whether the power injection testing submitted to the FDA for the Xcela Plus was performed on the Vaxcel port.

177.     Whether the power injection testing submitted to the FDA for the BioFlo product was performed on the Vaxcel port.

**J.     Obviousness**

AngioDynamics will demonstrate that each of the Asserted Claims of the Asserted Patents is obvious in view of prior art and the knowledge of a person of ordinary skill in the art ("POSITA"). AngioDynamics will make this proof with the testimony of the inventors, experts, and current and former AngioDynamics and Bard employees, as well as documents and things that have been produced in this case. To that end, the following specific factual issues with respect to infringement remain to be determined at trial:

178.     Whether AngioDynamics has proven by clear and convincing evidence that claims 5, 6, 12, and 13 of the '417 Patent are obvious in view of the prior art under 35 U.S.C. § 103.

179.    Whether AngioDynamics has proven by clear and convincing evidence that claims 2 and 4 of the '460 Patent are obvious in view of the prior art under 35 U.S.C. § 103.

180.    Whether AngioDynamics has proven by clear and convincing evidence that claims 3, 5, 9, and 11 of the '478 Patent are obvious in view of the prior art under 35 U.S.C. § 103.

181.    Whether Bard distinguished the prior art during prosecution based on limitations later determined to be printed matter.

182.    Whether the content and scope of the prior art asserted by AngioDynamics renders the asserted claims of the Patents-in-Suit anticipated or obvious.

183.    Whether any differences that may exist between the asserted claims of the Patents-in-Suit and the prior art asserted by AngioDynamics would be sufficient to render the claims non-obvious.

184.    Whether there is a reason or motivation for a POSITA to combine or the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a POSITA, all in order to determine whether there was an apparent reason to combine the references relied on by AngioDynamics to establish obviousness under 35 U.S.C. § 103.

185.    Whether Bard has already admitted that it would have been obvious to perform power injection procedures with access ports as of April 25, 2005.

186.    Whether Bard has already admitted that it would have been obvious to label a port for power injection as of April 25, 2005.

187.    Whether any of the following secondary evidence of non-obviousness is relevant to the obviousness of the Asserted Claims of the Patents-in-Suit, the extent of the

evidence for each indicia of non-obviousness, and whether Bard has proven a nexus exists between the secondary consideration and the claimed inventions with respect to:

a)     Commercial success of the invention of the Patents-in-Suit;

b)     A long-felt, unmet need in the art that was satisfied by the invention of the Patents-in-Suit;

c)     The failure of others to make the invention of the Patents-in-Suit;

d)     Copying of the inventions of the Patents-in-Suit;

e)     Unexpected results achieved by the invention of the Patents-in-Suit;

f)     Initial skepticism of the invention of the Patents-in-Suit; and

g)     Praise of the invention of the Patents-in-Suit by those in the field.

188.     Whether the following secondary indicia of obviousness is relevant to the obviousness of the Asserted Claims of the Patents-in-Suit:

a)     Simultaneous invention.

**K.     Invalidity Under Section 112**

AngioDynamics will demonstrate that the Asserted Claims of the Asserted Patents are indefinite and not enabled by the specifications. AngioDynamics will make this proof with the testimony of the inventors, experts, and current and former AngioDynamics and Bard employees, as well as documents and things that have been produced in this case. To that end, the following specific factual issues with respect to indefiniteness and/or non-enablement remain to be determined at trial:

189.     Whether Bard has enabled any of the "identifiable feature," "radiographic feature/marker," and/or "power- injectable vascular access port" limitations recited in any of the asserted claims.

a)      Whether AngioDynamics has proven by clear and convincing evidence that claims 5, 6, 12, and 13 of the '417 Patent are not enabled by the specification of the patent.

b)      Whether AngioDynamics has proven by clear and convincing evidence that claims 2 and 4 of the '460 Patent are not enabled by the specification of the patent.

c)      Whether AngioDynamics has proven by clear and convincing evidence that claims 3, 5,9, and 11 of the '478 Patent are not enabled by the specification of the patent.

190.    Whether AngioDynamics has proven by clear and convincing evidence that claims 5, 6, 12, and 13 of the '417 Patent lack adequate written description.

191.    Whether AngioDynamics has proven by clear and convincing evidence that claims 2 and 4 of the '460 Patent lack adequate written description.

192.    Whether AngioDynamics has proven by clear and convincing evidence that claims 3, 5, 9, and 11 of the '478 Patent lack written description.

193.    Whether Bard's specification enables/adequately discloses how a given identifiable feature would come to be associated with power injection.

a)      Whether the specification describes product marketing;

b)      Whether the specification describes how any given features would be inherently associated with power injection as an element of the invention; and

c)      Whether the specification discloses any other approach for building an association to power injection as an element of the invention.

194.    Whether any particular structures are needed to render an access port power injectable.

195.     Whether any particular structures are sufficiently disclosed as rendering an access port power injectable.

**L.      Improper Inventorship Allegations**

196.     Whether AngioDynamics has proven by clear and convincing evidence that any of the Patents-in-Suit contains an inventorship error.

a)      Whether Steven Tallarida should have been named as an inventor on the '417 and '478 Patents because he conceived of, or made substantial contribution to the conception of, the "structural feature" that is "perceivable via palpation" limitation.

b)      Whether Jim Beasley was improperly included as an inventor on one or more of the Asserted Patents because he did not conceive, or make any contribution to the conception of any limitation of the Asserted Claims.

c)      Whether Kevin Sheetz was improperly excluded as an inventor on the '460 and '478 Patents because he conceived, or made substantial contribution to the conception of, the "identifiable feature" limitation, and more than just the "echogenic" identifiable feature limitation as Bard contends.

d)      Whether Jay Gerondale was improperly excluded as an inventor on the '460 and '478 Patents because he made a significant contribution to the conception of the identifiable feature limitation.

e)      Whether Jason Stats was improperly excluded as an inventor on one or more of the Asserted Patents because he made a significant contribution to the conception of at least one of the claims of the Asserted Patents.

M.      **Bard's Alleged Earlier Conception and Reduction to Practice of the Invention**

Although AngioDynamics does not bear the burden of proof, AngioDynamics understands that the factual issues listed below remain to be litigated.

197.    Whether Bard can prove by a preponderance of the evidence that it conceived of each and every limitation of each of the Asserted Claims before April 25, 2006.

a)      Whether Bard can prove by a preponderance of the evidence that it conceived of a novel feature for identifying a power-injectable vascular access port limitation before April 25, 2006.

b)      Whether Bard can prove by a preponderance of the evidence that it conceived of the "incorporated" identifiable feature limitations before April 25, 2006.

c)      Whether Bard can prove by a preponderance of the evidence that it conceived of the "separated" identifiable feature limitation before April 25, 2006.

d)      Whether Bard can prove by a preponderance of the evidence that it conceived of the radiographic letter, pattern, symbol, etc. limitations before April 25, 2006.

e)      Whether Bard can prove by a preponderance of the evidence that it conceived, before April 25, 2006, of the limitation wherein the separated identifiable feature comprises visually perceptible information provided on an element selected from the group consisting essentially of a key chain, a bracelet, a wrist band, a sticker provided on a patient's chart, a patient ID card, a label provided on packaging of the access port, and combinations thereof.

198.     Whether Bard has proven legally cognizable corroboration of the activities it alleges show the conception of each of the aforementioned claim elements by a preponderance of the evidence.

199.     Whether Bard has proven by a preponderance of the evidence that it was diligent in reducing to practice each of the aforementioned claim elements.

200.     Whether Bard has proven by a preponderance of the evidence that it was reasonably diligent during the entire period between its alleged conception and alleged reduction to practice for each of the aforesaid claim limitations.

201.     Whether Bard has proven legally cognizable corroboration of its alleged diligence for each of the aforesaid limitations by a preponderance of the evidence.

**N.     Alleged Damages for Infringement of the Asserted Patents**

Although AngioDynamics does not bear the burden of proof, AngioDynamics understands that the factual issues listed below remain to be litigated.

Whether the Accused Products are sold in multi-component kits, which include several independent components that do not infringe any Asserted Claims.

202.     Whether Bard's damages demand constitutes a disgorgement of AngioDynamics's profits.

203.     Whether AngioDynamics's sales of non-accused components should be properly included in the royalty base (*i.e.*, non-accused components of AngioDynamics's kits).

204.     Whether the radiopaque marker on the PowerPort product is the sole driver of demand for the ports.

205.     Whether the accused Smart Port products incorporate Vortex technology.

206.     Whether the accused BioFlo port products are sold with BioFlo catheters.

207.     Whether BioFlo catheters incorporate an additive called Endexo.

208.     Whether Bard attempted to develop anti-thrombogenic catheter technology.

209.      Whether Bard tried to develop port clearing technology.

210.     Whether the FDA approved BioFlo catheters to be marketed as reducing the rate of thrombus accumulation.

211.     Whether the Endexo BioFlo catheters have anti-thrombogenic properties.

212.     Whether Bard attempted to develop anti-thrombogenic catheter technology.

213.     Whether Bard has not received approval from the FDA to market any of its port catheters as reducing the rate of thrombus accumulation.

214.     Whether certain models of Xcela Plus and BioFlo ports are sold with PASV valve technology.

215.     Whether neither Bard nor its expert witness has conducted a lost profits analysis.

216.     What is the dollar and percentage value attributable to each of the following components or attributes found within AngioDynamics's kits that include each of the Accused Products, such as:

a)     Port clearing technologies, such as Vortex technology;

b)     Antithrombogneic technologies, such as BioFlo technology;

c)     Valve technology, such as PASV technology;

d)     FDA marketing approval for power injection;

e)     AngioDynamics's house brands and trademarks;

f)     The standard functionality of access ports (*e.g.*, injection and withdrawing fluids);

g)      The standard structural elements of access ports (*e.g.*, septum, housing, cavity, outlet); and

h)      The non-accused items within the kit, like needles, guidewires, and catheters.

217.    What is the valuation of similar port labeling technology, as evidenced by the STD license.

218.    What is the value attributable to the port labeling approach claimed in the Asserted Patents.

219.    What is the royalty the parties to the hypothetical negotiation would consider a reasonable royalty applicable to the invention claimed in the Asserted Claims in view of the apportionment requirement and Bard's own licenses.

220.    Whether a reasonable royalty for infringement of the Asserted Patents should take the form of a lump sum payment as opposed to a running royalty.

221.    Whether Bard has proven entitlement to provisional rights reasonable royalty damages under 35 U.S.C. § 154(d) and the date such provisional rights damages terminated.

222.    To the extent Bard has proven entitlement to provisional rights damages, the date by which provisional rights damages began to accrue.

223.    To the extent Bard has proven entitlement to provisional rights damages, the amount of pre-issuance reasonable royalty damages to which it is properly entitled under 35 U.S.C. § 154(d).

224.    Whether the non-infringing alternatives proposed by AngioDynamics were available and acceptable at the time of first alleged infringement in 2009 or in 2013.

225.    Whether there is any market demand for the port labeling approach claimed in the Asserted Patents.

**O.    Injunctive Relief**

Although AngioDynamics does not bear the burden, AngioDynamics understands that the factual issues listed below remain to be litigated.

226.    Whether Bard has proven each element for a permanent injunction from further acts of infringements of the asserted claims of the Patents-in-Suit, including:

a)    Whether Bard has suffered irreparable harm from AngioDynamics's alleged infringement;

b)    Whether monetary damages are inadequate to address Bard's injury from AngioDynamics's alleged infringement;

c)    Whether, after weighing the balance of hardship between the parties, an injunction is warranted; and

d)    Whether the public interest would not be disserved by a permanent injunction.

227.    If each element for a permanent injunction is found to be met, the scope of the permanent injunction to which Bard would be entitled enjoining AngioDynamics from directly infringing the asserted claims of the Patents-in-Suit.

228.    If each element for a permanent injunction is found to be met, the scope of the permanent injunction to which Bard would be entitled enjoining AngioDynamics from inducing infringement of the asserted claims of the Patents-in-Suit.

## II.    STATEMENT OF ISSUES OF FACT TO BE ADDRESSED BY ADVISORY VERDICT

Although the equitable issues will ultimately to be determined by the Court, the following factual issues may be determined in an advisory jury verdict:

### A.    Inequitable Conduct, Unclean Hands, and Equitable Estoppel

229.    Whether Bard employees or outside counsel who had a duty of candor to the USPTO, including specifically Todd Wight, Erik Ence, Kelly Powers, Jim Beasley, Kevin Sheetz or Ed Burnside knew about the Herts prior art reference during the prosecution of the Asserted Patents.

230.    Whether Bard employees and outside counsel who had a duty of candor to the USPTO, including specifically Todd Wight, Erik Ence, Kelly Powers, Jim Beasley, Kevin Sheetz or Ed Burnside, withheld the Herts reference to the USPTO, despite the obligation to disclose known prior art.

231.    Whether Bard employees or outside counsel who had a duty of candor to the USPTO, including specifically Todd Wight, Erik Ence, Kelly Powers, Jim Beasley, Kevin Sheetz or Ed Burnside, knew or should have known, during the prosecution of the Asserted Patents, that the Gebauer reference disclosed the power injection of Port-A-Cath, BardPort, and/or Vaxcel access ports.

232.    Whether Bard employees or outside counsel who had a duty of candor to the USPTO, including specifically Todd Wight, during the prosecution of the Asserted Patents, that the Gebauer reference disclosed the power injection of Port-A-Cath, BardPort, and Vaxcel access ports.

233.    Whether Bard represented to the FDA that so-called power injectable vascular access ports have no special structure as compared to so-called conventional vascular

access ports in order to withstand flow rates and pressure attendant to power injection as claimed in the Asserted Patents.

234.    Whether any particular structure is needed to make a port power injectable.

235.    Whether Bard knew before it filed for of the Asserted Patents that practitioners were already identifying access ports via scout scans.

236.    Whether Bard knew before it filed for the Asserted Patents that practitioners were already power injecting through access ports at flow rates of at least 1 milliliter per second.

237.    Whether Bard knew before it filed for of the Asserted Patents that practitioners had suggested radiographic markers comprising the letters "CT" as reflected in Bard's survey files.

238.    Whether Bard represented to the USPTO that it would be obvious to put a radiographic marker on the bottom of an access port during the Zinn Interference.

239.    Whether discovery during the litigation revealed that Bard admitted that putting a radiographic marker on the bottom of the port would have been the most obvious thing to a person of ordinary skill in the art.

240.    Whether discovery revealed that Bard admitted that it would require routine manufacturing efforts to make brand name/lot number engravings common to prior art ports radiographically visible.

241.    Whether Bard represented to the USPTO that the suture slots/orientation holes of the Adult Titanium Port could be used for identification.

-36-

1.      Inequitable Conduct

AngioDynamics will demonstrate that the Asserted Claims of the Asserted Patents were obtained through inequitable conduct based on the actions of C.R. Bard ("CRB") adopted by and attributable to Bard Peripheral Vascular, Inc. ("BPV") as the successor-in-interest to the Asserted Patents from CRB. AngioDynamics will make this proof with the testimony of the inventors, experts, and current and former AngioDynamics and CRB and BPV (collectively, "Bard") employees, as well as documents and things that have been produced in this case. To that end, the following specific factual issues with respect to infringement remain to be determined at trial:

242.    Whether Bard's claims for infringement of the Patents-in-Suit are barred by the doctrine of inequitable conduct.

243.    Whether CRB's conduct is attributable to BPV as CRB's successor-in-interest to the Asserted Patents.

244.    Whether BPV's conduct in this litigation is relevant to the question of whether it acted with the specific intent to deceive the USPTO during prosecution of the Asserted Patents.

245.    Whether Bard knew or had reason to know that the Asserted Patents were not entitled to filing dates of Provisional Application Nos. 60/737,466 and 60/675,309 (the "Provisional Applications") during the prosecution of the Asserted Patents.

246.    Whether Bard misrepresented material information to the USPTO during the prosecution of the Asserted Patents.

247.    Whether Bard overcame a rejection from the USPTO of the 12/419,854 Patent Application by arguing the prior art ports were not power injectable in an office action response filed on April 12, 2013.

248.     Whether Bard overcame a rejection from the USPTO of the 12/420,007 Patent Application by arguing the  prior art does not disclose identifiers that identify the port as being suitable for power injection in an office action response filed on January 16, 2013.

249.     Whether Bard overcame a rejection from the USPTO of the 11/380,124 Patent Application by arguing the prior art does not disclose identifiers that identify the port as being suitable for power injection in an office action response filed on July 1, 2011.

250.     Whether Bard overcame a rejection from the USPTO of the 12/419,854 Patent Application by arguing the prior art does not disclose identifiers that identify the port as being suitable for power injection  office action responses filed on October 4, 2011 and February 22, 2012.

251.     Whether Bard overcame a rejection from the USPTO of the 12/420,007 Patent Application by arguing the prior art did not disclose radiopaque markers in an office action response filed on January 13, 2013.

252.     Whether Bard overcame a rejection from the USPTO of the 11/380,124 Patent Application by arguing the prior art did not disclose radiopaque markers in an office action response filed on December 12, 2011.

253.     Whether Bard overcame a rejection from the USPTO of the 12/419,854 Patent Application by arguing the prior art did not disclose radiopaque markers in office action responses filed on November 4, 2011 and February 2, 2012.

254.     Whether Bard failed to provide material references it was aware of to the USPTO during prosecution of the Asserted Patents.

255.     Whether Bard failed to disclose relevant aspects of its own prior art information to the USPTO, including relevant aspects of its prior art Adult Titanium Port and Slim Port products.

256.     Whether Bard failed to disclose to the USPTO its own belief regarding the obviousness of putting radiographic markers on access ports.

257.     Whether Bard did not disclose to the USPTO the extent to which doctors in the United States had been power injecting through commercially available prior art ports.

258.     Whether Bard mislead the USPTO during prosecution of the Asserted Patents by withholding one or more material reference and making inaccurate arguments.

259.     Whether Bard made conflicting representations to the USPTO during prosecution of the Asserted Patents and the FDA during the K060812 submission.

260.     Whether Bard continued its pattern of deception into this litigation through a pattern of litigation misconduct initiated by CRB and perpetuated by BPV.

261.     Whether Bard intended to mislead or deceive the USPTO.

262.     Whether Bard mislead AngioDynamics during discovery in asserting that Vaccess CT is not a separate port product from PowerPort.

263.     Whether Bard identified its Vaccess CT products as a separate product line.

264.     Whether individuals including (i) the prosecuting attorney from Rutan & Tucker, Todd Wight, (ii) in-house counsel Erik Ence, and (iii) inventors Kelly Powers, Jim Beasley, Kevin Sheetz and Ed Burnside owed a duty of candor to the USPTO during prosecution of the Asserted Patents whether acting through CRB, BPV, or other related entities.

265.     Whether Herts was submitted to the USPTO during the prosecutions of any of the applications leading to the Asserted Patents.

266.     Whether Bard advised the USPTO during the prosecutions of any of the applications leading to the Asserted Patents that the Adult Titanium Port was suitable for power injection.

-39-

267.    Whether Bard submitted the power injection testing summaries it submitted in K060812 to the USPTO during the prosecutions of any of the applications leading to the Asserted Patents.

268.    Whether Bard submitted its PowerPort Equivalency testing to the USPTO during the prosecutions of any of the applications leading to the Asserted Patents.

269.    Whether Bard disclosed the 2004-2005 market testing regarding power-injectable ports to the USPTO during any of the applications leading to the Asserted Patents.

270.    Whether Bard disclosed the Wayne Memorial Port-A-Cath protocol, which was provided to Bard by Tammi Glascoe in Fall 2004, during any of the applications leading to the Asserted Patents.

271.    Whether Bard disclosed its knowledge that at least Dr. Scott Treretola was power injecting the Vortex port as early as March 1, 2005.

272.    Whether Steven Tallarida was omitted as a named inventor on each of the Asserted Patents.

273.    Whether U.S. App. No. 14/455,660 (the '660 Application) is a direct continuation of the Asserted Patents.

274.    Whether, on March 18, 2015, the USPTO rejected the claims then pending during the prosecution of the '660 Application as non-enabled for reciting open-ended ranges—namely, the ranges "at least one milliliter per second" and "at least 35 psi" with no upper limit to either parameter.

275.    Whether, on July 27, 2015, Bard amended the independent claim to provide upper range limits for a fluid flow rate of "between 1 milliliter per second and 5 milliliters per second," and a pressure of "up to 180 psi."

276.    Whether the USPTO rejected the '660 Application claims on October 14, 2016.

277.    Whether the claims of the '660 Application rejected on October 14, 2016 all recite "the access port is 'structured for accommodating a pressure developed within the reservoir of up to 180 psi," explaining that "no corresponding written description is provided for what structure or configuration of elements of the port result in achieving this functional capability."

278.    Whether the '660 Patent was prosecuted by the same attorney as the Asserted Patents – Rutan & Tucker attorney Todd Wight.

279.    Whether, on February 14, 2017, Bard removed this limitation from the claims pending during the prosecution of the '660 Application.

2.    Acquiescence, Unclean Hands, Estoppel, Waiver

AngioDynamics will demonstrate that certain equitable defenses prevent Bard from asserting its patents or making specific allegations. AngioDynamics will make this proof with the testimony of the inventors, experts, and current and former AngioDynamics and CRB and BPV (collectively, "Bard") employees, as well as documents and things that have been produced in this case. To that end, the following specific factual issues with respect to unclean hands and other equitable defenses and claims remain to be determined at trial:

280.    Whether Bard's claims for infringement of the Patents-in-Suit are barred due to the doctrines of unclean hands.

281.    Whether CRB's conduct is attributable to BPV as CRB's successor-in-interest to the Asserted Patents.

282.    Whether Bard knew or had reason to know that the Asserted Patents were not entitled to filing dates of Provisional Application Nos. 60,737,466 and 60/675,309 (the "Provisional Applications") during the vast majority of this litigation.

283.    Whether Bard (whether acting through CRB or BPV) made conflicting statements to the USPTO and the FDA.

284.    Whether Bard's (whether acting through CRB or BPV) statements regarding non- obviousness of the Patents-in-Suit are barred due to the doctrine of equitable estoppel.

285.    Whether Bard's (whether acting through CRB or BPV) claims for infringement of the Patents-in-Suit are barred due to the doctrine of waiver.

286.    Whether Bard's (whether acting through CRB or BPV) claims for infringement of the Patents-in-Suit are barred due to the doctrines of acquiescence.

287.    Whether Bard (whether acting through CRB or BPV) attempted to hide rejections based on the scope of its markers as prohibited by *MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.*, 687 F.3d 1377 (Fed. Cir. 2012) from the USPTO.

288.    Whether Bard (whether acting through CRB or BPV) continued prosecution of the present litigation knowing that the Asserted Patents were invalid under *MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.*, 687 F.3d 1377 (Fed. Cir. 2012).

289.    Whether Bard (whether acting through CRB or BPV) failed to identify related appeals or proceedings during prosecution of the Asserted Patents.

290.    Whether Bard (whether acting through CRB or BPV) emphasized that "the fundamental technology of the port and catheter has not changed" between the predicate device and the PowerPort in its FDA submissions.

B.     "Exceptional Case"

291.    Whether this is an "exceptional case" within the meaning of 35 U.S.C. § 285 and, if so, whether the prevailing party is entitled to an award of its attorneys' fees, costs, and expenses.

## III.    STATEMENT OF INTENDED PROOF

### A.    Background

1.    The state of the art at the time of the supposed invention.

### B.    Anticipation

2.    Proof that prior art meets all the limitations of the Asserted Claims of the '417 Patent.

3.    Proof that prior art meets all the limitations of the Asserted Claims of the '460 Patent.

4.    Proof that prior art meets all the limitations of the Asserted Claims of the '478 Patent.

### C.    Obviousness

5.    Proof that prior art meets renders obvious the Asserted Claims of the '417 Patent.

6.    Proof that prior art meets renders obvious the Asserted Claims of the '460 Patent.

7.    Proof that prior art meets renders obvious the Asserted Claims of the '478 Patent.

### D.    Prior Use/35 U.S.C. § 273

8.    Proof that AngioDynamics qualifies for the prior commercial use defense.

9.      For the Smart Port, Xcela Plus, and BioFlo products, proof that AngioDynamics commercially used the subject matter claimed in the patents in the United States before the critical date.

10.      For the PFM ports, proof that PFM commercially used the subject matter claimed in the patents in the United States before the critical date and, thereafter, sold the useful end of such commercial use to AngioDynamics.

**E.      Equitable Defenses**

11.      Proof that Bard failed to provide references it was aware of to the USPTO during prosecution of the Asserted Patents.

12.      Proof that Bard mislead the USPTO during prosecution of the Asserted Patents.

13.      Proof that Bard made conflicting statements to the USPTO and the FDA.

14.      Proof that Bard relied on statement in a legal proceeding and that it won that proceeding.

15.      Proof that Bard antedated that statement to the time of supposed invention.

**F.      Damages**

16.      Proof that Bard is not entitled to a reasonable royalty of more than a lump-sum royalty of two million dollars.

17.      Proof that Bard is not entitled to a disgorgement of AngioDynamics's profits.

18.      Proof that Bard may only seek damages that are apportioned to the actual inventive improvement recited in the Asserted Claims.

19.      Proof that Bard is not entitled to provisional rights damages.

20.     Proof that AngioDynamics is entitled to attorneys' fees, costs and expenses or any other appropriate damages.

21.     Proof that Bard is not entitled to attorneys' fees, costs and expenses.

22.     Proof that damages are not continuing past May 2017.

EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BARD PERIPHERAL VASCULAR, INC., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-218 (JFB) (SRF) |
| | ) | |
| ANGIODYNAMICS, INC., | ) | |
| | ) | |
| Defendant, Counterclaim-Plaintiff and | ) | |
| Crossclaim/Third-Party Complaint Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| C.R. BARD, INC., | ) | |
| | ) | |
| Counterclaim/Third-Party Complaint | ) | |
| Defendant. | ) | |
| | ) | |

**BARD'S STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED**

**I.     STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED**

Litigation is required to resolve the issues of law listed below.  To the extent that any issues of fact set forth in Bard's Statement of Issues of Fact that Remain to Be Litigated are later deemed issues of law, those issues are incorporated here by reference.

**A.     Patent Ownership**

1.     Whether Bard Peripheral Vascular, Inc., ("BPV" or "Bard") has complied with the requirements of 35 U.S.C. § 281 to bring this claim for patent infringement by establishing that BPV holds legal title to U.S. Patent No. 8,475,417 ("the '417 patent"), U.S. Patent No. 8,545,460 ("the '460 patent") and U.S. Patent No. 8,805,478 ("the '478 patent") (collectively, "the Asserted Patents").

2.      Whether Bard is entitled to rebuttable presumption that inventors Kelly B. Powers, Jim C. Beasley, Kevin W. Sheetz, Matthew M. Lowe, Eddie K. Burnside and Jay Gerondale transferred all right, title and interest in the '417 patent to C.R. Bard because the April 10, 2009 Patent Assignment between the inventors and C.R. Bard was recorded at the Patent Office.

3.      Whether Bard is entitled to rebuttable presumption that inventors Kelly B. Powers and Jim C. Beasley transferred all right, title and interest in the '460 patent to C.R. Bard because the July 2006 Patent Assignment between the inventors and C.R. Bard was recorded at the Patent Office.

4.      Whether Bard is entitled to rebuttable presumption that inventors Kelly B. Powers, Jim C. Beasley, Kevin W. Sheetz, Jay Gerondale and Guy Rome transferred all right, title and interest in the '478 patent to C.R. Bard because the April 2009 Patent Assignment between the inventors and C.R. Bard was recorded at the Patent Office.

5.      Whether Bard is entitled to rebuttable presumption that C.R. Bard transferred all right, title and interest in the Asserted Patents to BPV because the July 12, 2017 Patent Assignment from C.R. Bard to BPV was recorded at the Patent Office.

**Citation:**

- 35 U.S.C. § 261

- 35 U.S.C. § 281

- *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007)

- *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1189 (Fed. Cir. 2007)

- *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1327-28 (Fed. Cir. 2010)

- *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019)

- *Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 19 F.4th 1315, 1319 (Fed. Cir. 2021).

**B.     Infringement**

**1.     Infringement of Apparatus Patents**

6.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's Smart Port CT and LP products directly infringe claims 5, 6, 12, and 13 of the '417 patent.

7.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's Smart Port products (all models including CT, LP, and Mini) directly infringe claims 2 and 4 of the '460 patent.

8.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's Xcela port products directly infringe claims 2 and 4 of the '460 patent.

9.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's Xcela Plus port products directly infringe claims 2 and 4 of the '460 Patent.

10.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's BioFlo port products directly infringe claims 2 and 4 of the '460 Patent.

**Citations:**

- 35 U.S.C. § 271(a)

- *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) ("The first step is determining the meaning and scope of the patent claims asserted to be infringed. The second step is comparing the properly construed claims to the device accused of infringing.")

- *Lisle Corp. v. A.J. Mfg. Co.*, 398 F.3d 1306, 1313 (Fed. Cir. 2005) ("Step two, comparison of the claims to the accused device, requires a determination that every claim limitation or its equivalent be found in the accused device.")

- *Unique Concepts v. Brown*, 939 F.2d 1558 (Fed. Cir. 1991) ("Literal infringement of a claim exists when every limitation recited in the claim is found in the accused device, i.e., when the properly construed claim reads on the accused device exactly.")

- *Conroy v. Reebok Int'l, Inc.*, 14 F.3d 1570, 1573 (Fed. Cir. 1994). ("Plaintiff must prove infringement by a preponderance of the evidence.")

- *C R Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372, 1379 (Fed. Cir. 2020) ("Bard was entitled to rely on AngioDynamics's representations to its customers and to the FDA that the Xcela port was suitable for power injection at the flow rate and pressure required by the claims… AngioDynamics's statements regarding the capabilities of its own product constituted substantial evidence of those capabilities.").

## 2.     Infringement of Method Patent

11.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's customers directly infringe claims 3, 5, 9, and 11 of the '478 patent using the Smart Port products (all models including CT, LP, and Mini).

12.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's customers directly infringe of claims 3, 5, 9, and 11 of the '478 Patent using the Xcela port products.

13.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's customers directly infringe claims 3, 5, 9, and 11 of the '478 Patent using the Xcela Plus port products.

14.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics's customers directly infringe claims 3, 5, 9, and 11 of the '478 Patent using the BioFlo port products.

15.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew or should have known its actions would induce its customers to directly infringe claims 3, 5, 9, and 11 of the '478 patent using the Smart Port products (all models including CT, LP, and Mini) by August 12, 2014.

16.   Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew or should have known its actions would induce its customers to directly infringe claims 3, 5, 9, and 11 of the '478 patent using the Xcela port products by August 12, 2014.

17.   Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew or should have known its actions would induce its customers to directly infringe claims 3, 5, 9, and 11 of the '478 patent using the Xcela Plus port products by August 12, 2014.

18.   Whether Bard has proven by a preponderance of the evidence that AngioDynamics knew or should have known its actions would induce its customers to directly infringe claims 3, 5, 9, and 11 of the '478 patent using the BioFlo port products by August 12, 2014.

19.   Whether Bard has proven by a preponderance of the evidence that AngioDynamics instructs its customers to perform each step of claims 3, 5, 9, and 11 of the '478 patent using the Smart Port products (all models including CT, LP, and Mini).

20.   Whether Bard has proven by a preponderance of the evidence that AngioDynamics instructs its customers to perform each step of claims 3, 5, 9, and 11 of the '478 patent using the Xcela port products.

21.   Whether Bard has proven by a preponderance of the evidence that AngioDynamics instructs its customers to perform each step of claims 3, 5, 9, and 11 of the '478 patent using the Xcela Plus products.

22.   Whether Bard has proven by a preponderance of the evidence that AngioDynamics instructs its customers to perform each step of claims 3, 5, 9, and 11 of the '478 patent using the BioFlo products.

23.   Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of claims 3, 5, 9, and 11 of the U.S. Patent No. 8,805,478 ("the

'478 patent") via the sale of the Smart Port products (all models including CT, LP, and Mini).

24.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of claims 3, 5, 9, and 11 of the '478 patent via the sale of the Xcela port products.

25.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of claims 3, 5, 9, and 11 of the '478 patent via the sale of the Xcela Plus port products.

26.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics has induced infringement of claims 3, 5, 9, and 11 of the '478 patent via the sale of the BioFlo port products.

**Citations:**

- 35 U.S.C. § 271(a)

- 35 U.S.C. § 271(b)

- *Tinnus Enterprises, LLC v. Telebrands Corp.*, 846 F.3d 1190, 1204 (Fed. Cir. 2017) ("We are aware of no case law prohibiting a court from relying on product instructions to find direct infringement.") ("If [Defendant] is arguing that proof of inducing infringement or direct infringement requires direct, as opposed to circumstantial evidence, we must disagree. It is hornbook law that direct evidence of a fact is not necessary.")

- *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1363 (Fed. Cir. 2006) ("We reject [Defendant]'s argument that [the patentee] could not rely on the instruction sheets to prove acts of direct infringement by end-users.")

- *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 (Fed. Cir. 1986) (finding "evidence of extensive puzzle sales, dissemination of an instruction sheet teaching the method of restoring the preselected pattern with each puzzle, and the availability of a solution booklet on how to solve the puzzle" to be sufficient circumstantial evidence of direct infringement)

- *Water Techs. Corp. v. Calco Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) ("The requisite intent to induce infringement may be inferred from all of the circumstances.")

- *Metabolite Labs., Inc. v. Lab. Corp. of America Holdings*, 370 F.3d 1354, 1364 (Fed. Cir. 2004) ("A patentee may prove [] intent [to induce] through circumstantial evidence, much like direct infringement as discussed above.")

- *Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*, 845 F.3d 1357, 1364, 1368 (Fed. Cir. 2017) ("Pursuant to 35 U.S.C. § 271(b), '[w]hoever actively induces infringement of a patent shall be liable as an infringer." Importantly, liability for induced infringement under § 271(b) 'must be predicated on direct infringement.' Akamai III, 134 S.Ct. at 2117. The patentee must also show that the alleged infringer possessed the requisite intent to induce infringement, which we have held requires that the alleged infringer 'knew or should have known his actions would induce actual infringements.'") ("The product labeling, combined with the [expert] testimony discussed above, provide sufficient evidence" of infringement).

- *See Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1365 (Fed. Cir. 2012) ("This is not the first time we have concluded that where an alleged infringer designs a product for use in an infringing way and instructs users to use the product in an infringing way, there is sufficient evidence for a jury to find direct infringement.")

- *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1319 (Fed. Cir. 2009) (same).

- *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (Direct infringement requires that "all steps of a claimed method are performed by or attributable to a single entity.")

- *Metabolite Labs., Inc. v. Lab. Corp. of America Holdings*, 370 F.3d 1354, 1364 (Fed. Cir. 2004) ("[A]n actor is liable for infringement under § 271(a) if it acts through an agent (applying traditional agency principles) or contracts with another to perform one or more steps of a claimed method.").

- *C R Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372, 1379-80 (Fed. Cir. 2020) ("Third, even if Bard did not present direct evidence of specific instances in which an entity performed each of the claimed steps of the '478 patent, there was sufficient circumstantial evidence in the record to support AngioDynamics's induced infringement of the method claims.  This court held in *Toshiba Corp. v. Imation Corp.* that 'where an alleged infringer designs a product for use in an infringing way and instructs users to use the product in an infringing way, there is sufficient evidence for a jury to find direct infringement.' 681 F.3d 1358, 1365 (Fed. Cir. 2012).  This type of circumstantial evidence is sufficient for a jury to 'reasonably conclude that, sometime during the relevant period[,] more likely than not one [entity] somewhere in the United States' performed each of the claim steps, even when there is no direct evidence of a specific person doing so. *Id.* at 1366 (ellipsis omitted, alterations added).  Here, Dr. Clark testified that, in his professional experience, (1) the steps of scanning, identifying, and injecting, as required by the asserted method claims, were generally performed by a single CT technician (J.A. 25554–55), and (2) the implantation of the port, as required by claims 9 and 11, were typically performed by another medical provider at the same hospital, who would be acting as part of the same 'entity' as the medical providers performing the other

claim steps (J.A. 25533, 25539, 25558, 25569–70). Dr. Clark also pointed to instructional materials provided by AngioDynamics that directed medical providers to perform each step of the claimed methods. J.A. 25540; 26660–71, 26783–90, 26803–08, 26820–25. This constituted substantial evidence to support a jury verdict of infringement as to the method claims of the '478 patent.").

- *Commil USA, LLC v. Cisco Systems, Inc.*, 575 U.S. 632, 646 (2015) ("[B]elief in invalidity is no defense to a claim of induced infringement.")

### 3.   Prior Commercial Use Defense

27.   With respect to the '417 patent, whether AngioDynamics has established by clear and convincing evidence that AngioDynamics used the Smart Port CT and LP products in the United States in a manufacturing process or other commercial process, before April 25, 2005, such that it is entitled to a non-infringement defense with respect to its continuing use of .Smart Port CT and LP products in that process.

28.   Alternatively, with respect to the '417 patent, whether AngioDynamics has established by clear and convincing evidence that Rita used the Smart Port CT and LP products in the United States in a manufacturing process or other commercial process, before April 25, 2005, such that it would be entitled to a non-infringement defense with respect to the continuing use of .Smart Port CT and LP products in that process, and that the right to assert this defense was transferred to AngioDynamics as an ancillary and subordinate part of a good-faith assignment or transfer for other reasons of the entire enterprise or line of business to which the defense relates.  Also, whether AngioDynamics has established that, for the sites that AngioDynamics has identified where this continuing use occurs, that the prior commercial use occurred at those sites prior to January 29, 2007.

29.   With respect to the '460 patent, whether AngioDynamics has established by clear and convincing evidence that AngioDynamics used the Smart Port products in the United States in a manufacturing process or other commercial process, before April 25, 2005,

such that it is entitled to a non-infringement defense with respect to its continuing use of .Smart Port products in that process.

30. Alternatively, with respect to the '460 patent, whether AngioDynamics has established by clear and convincing evidence that Rita used the Smart Port products in the United States in a manufacturing process or other commercial process, before April 25, 2005, such that it would be entitled to a non-infringement defense with respect to its use of .Smart Port products in that process, and that the right to assert this defense was transferred to AngioDynamics as an ancillary and subordinate part of a good-faith assignment or transfer for other reasons of the entire enterprise or line of business to which the defense relates.  Also, whether AngioDynamics has established that, for the sites that AngioDynamics has identified where this continuing use occurs, that the prior commercial use occurred at those sites prior to January 29, 2007.

31. With respect to the '460 patent, whether AngioDynamics has established by clear and convincing evidence that AngioDynamics used the Xcela Plus products in the United States in a manufacturing process or other commercial process, prior to April 25, 2005, such that it is entitled to a non-infringement defense with respect to its continuing use of the Xcela Plus products in that process.

32. Alternatively, with respect to the '460 patent, whether AngioDynamics has established by clear and convincing evidence that Navilyst used the Xcela Plus products in the United States in a manufacturing process or other commercial process, before April 25, 2005, such that it would be entitled to a non-infringement defense with respect to its use of the Xcela Plus products in that process, and that the right to assert this defense was transferred to AngioDynamics as an ancillary and subordinate part of a good-faith

9

assignment or transfer for other reasons of the entire enterprise or line of business to which the defense relates.  Also, whether AngioDynamics has established that, for the sites that AngioDynamics has identified where this continuing use occurs, that the prior commercial use occurred at those sites prior to May 22, 2012.

33.    With respect to the '460 patent, whether AngioDynamics has established by clear and convincing evidence that AngioDynamics used the BioFlo products in the United States in a manufacturing process or other commercial process, prior to April 25, 2005,  such that it is entitled to a non-infringement defense with respect to its continuing use of the BioFlo products in that process.

34.    Alternatively, with respect to the '460 patent, whether AngioDynamics has established by clear and convincing evidence that Navilyst used the BioFlo products in the United States in a manufacturing process or other commercial process, before April 25, 2005, such that it would be entitled to a non-infringement defense with respect to its use of the BioFlo products in that process, and that the right to assert this defense was transferred to AngioDynamics as an ancillary and subordinate part of a good-faith assignment or transfer for other reasons of the entire enterprise or line of business to which the defense relates.  Also, whether AngioDynamics has established that, for the sites that AngioDynamics has identified where this continuing use occurs, that the prior commercial use occurred at those sites prior to May 22, 2012.

35.    With respect to the '460 patent, whether AngioDynamics has established by clear and convincing evidence that AngioDynamics used the Xcela products in the United States in a manufacturing process or other commercial process, prior to April 25, 2005,  such that

it is entitled to a non-infringement defense with respect to its continuing use of .the Xcela products in that process.

36.   Alternatively, with respect to the '460 patent, whether AngioDynamics has established by clear and convincing evidence that PFM used the Xcela products in the United States in a manufacturing process or other commercial process, before April 25, 2005, such that it would be entitled to a non-infringement defense with respect to its use of the Xcela products in that process, and that PFM sold the useful end result of PFM's use of the Xcela products to AngioDynamics.

37.   Whether AngioDynamics identifies instances in which AngioDynamics has used the SmartPort in performing a power injection procedure following the steps of the '478 asserted claims that it contends do not infringe based on an alleged prior commercial use. If so, whether AngioDynamics has established, through clear and convincing evidence, a prior commercial use that involves performing a power injection procedure following the steps of the '478 asserted claims using the SmartPort prior to April 25, 2005.

38.   If that commercial use was performed by Rita, whether Rita transferred its rights to this defense as an ancillary and subordinate part of a good-faith assignment or transfer of its port business.

39.   If that commercial use was performed by Rita, whether AngioDynamics has identified specific sites in the United States where the process involving SmartPort for which it claims a non-infringement defense was in use by Rita before January 29, 2007.

40.   Whether AngioDynamics identifies instances in which AngioDynamics has used the Xcela Plus in performing a power injection procedure following the steps of the '478 asserted claims that it contends do not infringe based on an alleged prior commercial use.

If so, whether AngioDynamics has established, through clear and convincing evidence, a prior commercial use that involves performing a power injection procedure following the steps of the '478 asserted claims prior to April 25, 2005.

41.   If that commercial use was performed by Navilyst, whether Navilyst transferred its rights to this defense as an ancillary and subordinate part of a good-faith assignment or transfer of its port business.

42.   If that commercial use was performed by Navilyst, whether AngioDynamics has identified specific sites in the United States where the process involving Xcela Plus for which it claims a non-infringement defense was in use by Navilyst before May 22, 2012.

43.   Whether AngioDynamics identifies instances in which AngioDynamics has used the BioFlo in performing a power injection procedure following the steps of the '478 asserted claims that it contends do not infringe based on an alleged prior commercial use. If so, whether AngioDynamics has established, through clear and convincing evidence, a prior commercial use that involves performing a power injection procedure following the steps of the '478 asserted claims prior to April 25, 2005.

44.   If that commercial use was performed by Navilyst, whether Navilyst transferred its rights to this defense as an ancillary and subordinate part of a good-faith assignment or transfer of its port business.

45.   If that commercial use was performed by Navilyst, whether AngioDynamics has identified specific sites in the United States where the process involving BioFlo for which it claims a non-infringement defense was in use by Navilyst before May 22, 2012.

46.   Whether AngioDynamics identifies instances of AngioDynamics using the Xcela in performing a power injection procedure following the steps of the '478 asserted claims

that it contends do not infringe based on an alleged prior commercial use.  If so, whether

AngioDynamics has established, through clear and convincing evidence, a prior

commercial use that involves that involves performing a power injection procedure

following the steps of the '478 asserted claims prior to April 25, 2005.

**Citations:**

- 35 U.S.C. § 273 (a) ("A person shall be entitled to a defense under section 282(b) with respect to subject matter consisting of a process, or consisting of *a machine, manufacture, or composition of matter used in a manufacturing or other commercial process*, that would otherwise infringe a claimed invention being asserted against the person if—(1)such person, acting in good faith, *commercially used the subject matter in the United States*, either in connection with *an internal commercial use* or an actual arm's length *sale* or other arm's length *commercial transfer of a useful end result of such commercial use*; and (2)such commercial use occurred at least 1 year before the earlier of either—(A)the effective filing date of the claimed invention; or (B)the date on which the claimed invention was disclosed to the public in a manner that qualified for the exception from prior art under section 102(b).) (emphasis added).

- 35 U.S.C. § 273 (b) ("A person asserting a defense under this section shall have the burden of establishing the defense by clear and convincing evidence."

- 35 U.S.C. § 273 (d) ("*the sale or other disposition of a useful end result by a person entitled to assert a defense under this section* in connection with a patent with respect to that useful end result *shall exhaust the patent owner's rights under the patent* to the extent that such rights would have been exhausted had such sale or other disposition been made by the patent owner.") (emphasis added)

- 35 U.S.C. § 273 (e)(1)(A) ("A defense under this section may be asserted only by the person who performed or directed the performance of the commercial use described in subsection (a), or by an entity that controls, is controlled by, or is under common control with such person.")

- 35 U.S.C. § 273 (e)(1)(B) ("Except for any transfer to the patent owner, the right to assert a defense under this section shall not be licensed or assigned or transferred to another person except as an ancillary and subordinate part of a good-faith assignment or transfer for other reasons of the entire enterprise or line of business to which the defense relates.")

- 35 U.S.C. § 273 (e)(1)(C) ("A defense under this section, *when acquired by a person as part of an assignment or transfer* described in subparagraph (B), *may only be asserted for uses at sites where the subject matter* that would otherwise infringe a claimed invention *is in use before the later of the effective filing date of the claimed invention or the date of the assignment or transfer* of such enterprise or line of business.") (emphasis added).

13

- 35 U.S.C. § 273 (e)(3) ("The defense asserted by a person under this section *is not a general license under all claims of the patent at issue, but extends only to the specific subject matter for which it has been established that a commercial use that qualifies under this section occurred*, except that the defense shall also extend to variations in the quantity or volume of use of the claimed subject matter, and to improvements in the claimed subject matter that do not infringe additional specifically claimed subject matter of the patent.") (emphasis added).

- *Dunnhumby USA, LLC v. Emnos USA Corp.,* 2014 WL 12780170, at *3 (N.D. Ill. June 27, 2014) ("Congress' broadening of the prior use defense under the Leahy-Smith America Invents Act is more nuanced than emnos' argument.  The Act broadened the subject matter of the defense to protect businesses from having to disclose internal processes and technologies. The sponsors of the bill, Representative Lamar Smith of the 21st District of Texas and Senator Patrick Leahy of Vermont, discussed the reasoning during the bill's debate. *See, e.g.*, 157 Cong. Rec. H4483 (daily ed. June 23, 2011) (statement of Rep. Smith) ("The prior-use defense is not overly expansive and will protect American manufacturers from having to patent the hundreds or thousands of processes they already use in their plants."); 157 Cong. Rec. S5426 (daily ed. Sept. 8, 2011) (statements of Sen. Blunt and Sen. Leahy) ("the prior user rights provided under section 5 of H.R. 1249 will allow developers of innovative technologies to keep internally used technologies in-house without publication in a patent"); *see also* 157 Cong. Rec. S5430 (daily ed. Sept. 8, 2011) (statement of Sen. Kyl) (the "defense is principally designed to protect the use of manufacturing processes").

### 4.    35 U.S.C. § 154(d)

47.    Whether Bard has proven by a preponderance of evidence that AngioDynamics sold the invention as claimed in claim 6 of U.S. Patent Publication No. 2009/0227951 (the "'951 Publication"), the published patent application of the '417 patent, via the sale of the Smart Port CT and LP products.

48.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics had actual notice of the '951 Publication.

**Citations:**

- 35 U.S.C. § 154(d)

- D.I. 393 at 16 ("For these reasons, I recommend that the court find the claims of the '951 publication and the '417 patent substantially identical."); D.I 416 at 5 ("The Court agrees with the magistrate judge that '417 patent and the '951 Publication are substantially identical…The report and recommendation of the magistrate judge, D.I. 393, is adopted in its entirety.").

14

- *Rosebud LMS Inc. v. Adobe Sys.*, 812 F.3d 1070, 1073 (Fed. Cir. 2016) ("the ordinary meaning of 'actual notice' also includes knowledge obtained without an affirmative act of notification. Indeed, 'actual notice' is synonymous with knowledge." … Section 287(a) explicitly requires an act of notification, unlike § 154(d), which merely requires "actual notice." If anything, these differences suggest that we should interpret the two statutes differently. Section 287(a) shows that Congress knows how to use language requiring an affirmative act of notification when it wishes. It could have used that language in § 154(d) and did not.").

### C.    Willfulness

49.    Whether AngioDynamics infringement of the '417 Patent was willful.

50.    Whether AngioDynamics infringement of the '460 Patent was willful.

51.    Whether AngioDynamics infringement of the '478 Patent was willful.

52.    If the jury determines that AngioDynamics willfully infringed any of the asserted claims of the Patents-in-Suit whether the damages for which AngioDynamics is liable should be trebled or increased in such other amount pursuant to 35 U.S.C. § 284 as the Court deems proper for AngioDynamics's willful infringement.

**Citations:**

- 35 U.S.C. § 284.

- *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016).

- *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1338 (Fed. Cir. 2018) ("willfulness is to be determined by the jury regardless of whether [defendant's] defenses were objectively reasonable.").

- *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("The district court has the discretion to decide whether the case is sufficiently egregious to warrant enhancing damages and to decide the amount of enhancement that is warranted (up to the statutory limit of treble damages.").

- *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) ("the district court did not abuse its discretion by trebling damages.").

- *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992) ("three factors were identified for consideration in determining when an infringer "acted in [such] bad faith as to merit an increase in damages awarded against him.").

- *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1383 (Fed. Cir. 2017) ("The district court is not required to discuss the Read factors … The Halo test merely requires the district court to consider the particular circumstances of the case to determine whether it is egregious.").

- *C R Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372, 1380 (Fed. Cir. 2020) ("Bard introduced evidence at trial that AngioDynamics's Director of Intellectual Property was aware of the applications that issued as the patents-in-suit prior to their issuance. J.A.25505, 25550, 25496. Bard also introduced evidence that AngioDynamics intentionally copied Bard's CT radiographic marker based on market demand. Appellants' Br. 37–38. This is sufficient evidence to support a jury verdict of willfulness.").

### D.    Validity

Although Bard does not bear the burden to prove validity, Bard understands that the legal issues listed below remain to be litigated. Bard reserves its right to amend this list pending AngioDynamics's disclosure of any validity facts that remain to be tried and any motions for summary judgment, motions to strike, or motions in limine to exclude particular arguments and evidence, even if such motions are not specifically referenced herein.

### 1.    Anticipation Allegations

53.    Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '417 Patent are anticipated by the Vortex Access Port under 35 U.S.C. § 102.

54.    Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '417 Patent are anticipated by the Adult Titanium Port under 35 U.S.C. § 102.

55.    Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '417 Patent are anticipated by the Port-a-Cath port under 35 U.S.C. § 102.

56.     Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '460 Patent are anticipated by the Vortex Access Port under 35 U.S.C. § 102.

57.     Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '460 Patent are anticipated by the Adult Titanium Port under 35 U.S.C. § 102.

58.     Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '460 Patent are anticipated by the Port-a-Cath port under 35 U.S.C. § 102.

59.     Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '478 Patent are anticipated by the Vortex Access Port under 35 U.S.C. § 102.

60.     Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '478 Patent are anticipated by the Adult Titanium Port under 35 U.S.C. § 102.

61.     Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '478 Patent are anticipated by the Port-a-Cath port under 35 U.S.C. § 102.

**Citations:**

- pre-AIA 35 U.S.C. § 102.

- *Verdegaal Bros., Inc. v. Union Oil Co. of Cal.*, 814 F.2d 628, 631 (Fed. Cir. 1987) ("A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference.").

- *MEHL/Biophile Int'l Corp. v. Milgraum*, 192 F.3d 1362, 1365 (Fed. Cir. 1999) ("To anticipate, a single reference must teach every limitation of the claimed invention.").

- *Atofina v. Great Lakes Chem. Corp.*, 441 F.3d 991, 999 (Fed. Cir. 2006) "Anticipation requires a showing that each limitation of a claim is found in a single reference, either expressly or inherently.").

- *Crown Operations Int'l, Ltd. v. Solutia Inc.*, 289 F.3d 1367, 1377 (Fed. Cir. 2002) (""In arguing inherent disclosure … [defendant] bears an evidentiary burden to establish that the limitation was necessarily present" with clear and convincing evidence.").

- *See Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 639-40 (Fed. Cir. 2011) (Claims "may have both structural and functional limitations" and that both need to be necessarily present in the prior art to establish inherent anticipation.).

- *HTC Corp. v. Cellular Commc'ns Equip., LLC*, 877 F.3d 1361, 1368 (Fed. Cir. 2017) ("Inherency, however, may not be established by probabilities or possibilities. The mere fact that a certain thing may result from a given set of circumstances is not sufficient.").

- *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1364 (Fed. Cir. 2008) ("The tests for anticipation and obviousness are different.").

- *Structural Rubber Prods. Co. v. Park Rubber Co.*, 749 F.2d 707, 716 (Fed. Cir. 1984) (rejecting the notion "that missing elements may be supplied by the knowledge of one skilled in the art or the disclosure of another reference" when assessing anticipation).

- *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1334-35 (Fed. Cir. 2002) ("we have made clear that anticipation does not permit an additional reference to supply a missing claim limitation.").

- *Rockwell Int'l Corp. v. SDL, Inc.*, 103 F. Supp. 2d 1202, 1206-07 (N.D. Cal. 2000) ("Thus, as clearly stated in Structural Rubber, the common knowledge of a skilled artisan cannot be used to add an inherent element into a patent claim for the purpose of a section 102 anticipation analysis. Rather, the Federal Circuit case law dictates that an absent element is inherently disclosed only if a skilled artisan would recognize that the element is necessarily practiced by the reference.").

- *Dynamic Drinkware, LLC v. National Graphics, Inc.*, 800 F.3d 1375, 1381 (Fed. Cir. 2015) (citation omitted). ("A reference patent is only entitled to claim the benefit of the filing date of its provisional application if the disclosure of the provisional application provides support for the claims in the reference patent in compliance with § 112, ¶ 1.").

- *In re Klesper*, 397 F.2d 882, 885 (C.C.P.A.1968) ("It is well settled that where a patent purports on its face to be a 'continuation-in-part' of a prior application, the continuation-in-part application is entitled to the filing date of the parent application as to all subject matter carried over into it from the parent application….").

- *Intellectual Ventures I, LLC v. Motorola Mobility, LLC*, 13 F. Supp. 3d 369, 402-03 (D. Del. 2014) (patent was not invalidating prior art under 102(e) because the "specific

subject matter" that was relied up on as "allegedly anticipatory" was not found in the grandparent application.).

- *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, 2006 WL 1343648, at *16 (N.D. Cal. May 16, 2006) citing (In re Schreiber, 128 F.3d 1473, 1478 (Fed. Cir. 1997)) ("Contrary to [defendant's] assertion, the Federal Circuit did not hold, in Schrieber, that language pertaining to a patent's function may never be given patentable weight.  Instead, the Federal Circuit found that, based on the facts of that particular case, the functional limitations of the asserted claims were inherent in the prior art reference.).

- *In re Klopfenstein*, 380 F.3d 1345, 1350 (Fed. Cir. 2004) ("[W]e must consider several factors relevant to the facts of this case before determining whether or not it was sufficiently publicly accessible in order to be considered a "printed publication" under § 102(b)").

- *Motionless Keyboard Co. v. Microsoft Corp.*, 486 F.3d 1376 (Fed. Cir. 2007) (reversing district court's grant of summary judgment of invalidity for prior public use under § 102(b) because the mouse "was not in public use as the term is used in section 102(b) because the device, although visually disclosed [to multiple individuals who had not signed nondisclosure agreements], was never connected to be used in the normal course of business to enter data into a system").

- *C R Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372, 1384-85 (Fed. Cir. 2020) ("However, there remained a factual dispute over whether any of the prior art access ports contained a 'radiographic marker' or 'radiographic feature' as required by the asserted claims. Although AngioDynamics points to certain features of two prior art ports, the ATP and Port-a-Cath, that may be detectable via x-ray, Bard presented contrary evidence that these features were not radiographically discernible and could not be used to distinguish or identify the device or its functionality. Appellee's Br. 34–35; J.A. 16217, 17945. This conflicting evidence created a genuine dispute of material fact as to the novelty of the asserted claims. Thus, the district court erred to the extent it granted summary judgment of invalidity based on anticipation under § 102.").

- *In re Royka*, 490 F.2d 981, 985 (C.C.P.A. 1974) ("printed matter may well constitute structural limitations upon which patentability can be predicated.").

- *In re DiStefano*, 808 F.3d 845, 850–51 (Fed. Cir. 2015) (citing In re Gulack, 703 F.2d 1381 (Fed. Cir. 1983) ("[I]n Gulack we determined that while a sequence of digits printed on a wrist band constituted printed matter, the sequence deserved patentable weight because the informational content of the sequence (what numbers were represented) was functionally related to the endless-band physical structure of the substrate.").

- *In re Distefano*, 808 F.3d 845, 850–51 (Fed. Cir. 2015) (citing In re Miller 418 F.2d 1392, 1396 (1969) ("Similarly, in *In re Miller*, our predecessor court determined that while the text written on a measuring vessel was printed matter, it must be given patentable weight because there was a "functional relationship between a measuring receptacle, volumetric indicia thereon indicating volume in a certain ratio to actual

volume, and a legend indicating the ratio, and in our judgment the appealed claims properly define this relationship.").

- *In re Gulack*, 703 F.2d 1381 (Fed. Cir. 1983).

- *In re Miller* 418 F.2d 1392, 1396 (1969).

- *C R Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372, 1384 (Fed. Cir. 2020) ("As explained in our discussion of the printed matter doctrine, when evaluating the novelty and non-obviousness of claims, we must assign no patentable weight to the nonfunctional printed matter in the claims, which in this case is the information that the claimed access ports are suitable for injection at the claimed pressure and flow rate.").

- *Therma-Tru Corp. v. Peachtree Doors, Inc.*, 44 F.3d 988, 992 (Fed. Cir. 1995) ("The burden of proving invalidity of an issued patent is on the challenger.  This burden can not be shifted to the patentee by asserting that the patentee should have presented additional evidence in the patent office, or that the examiner should not have issued the patent on the record presented.") (internal citations omitted).

- *Microsoft Corp. v. I4I Ltd. Partnership*, 564 U.S. 91, 95 (2011) ("Under § 282 of the Patent Act of 1952, "[a] patent shall be presumed valid" and "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. § 282. We consider whether § 282 requires an invalidity defense to be proved by clear and convincing evidence. We hold that it does.")

- *Microsoft Corp. v. I4I Ltd. Partnership*, 564 U.S. 91, 99-100 (2011) ("According to Microsoft, a defendant in an infringement action need only persuade the jury of an invalidity defense by a preponderance of the evidence. In the alternative, Microsoft insists that a preponderance standard must apply at least when an invalidity defense rests on evidence that was never considered by the PTO in the examination process. We reject both contentions.")

- *Bristol-Myers Squibb Co. v. Teva Pharmaceuticals USA, Inc.*, 923 F.Supp.2d 602, 650-51 (D .Del. 2013) ("The burden of proving invalidity rests with the patent challenger at all times, who must establish a patent's "obviousness by facts supported by clear and convincing evidence" in order to prevail…With regard to the presumption of validity afforded to patents, however, the rationale underlying that presumption becomes 'much diminished' if the PTO did not consider all of the material prior art references during prosecution of the patent. In other words, 'if the PTO did not have all material facts before it [during prosecution of the patent], its considered judgment may lose significant force.' 'And, concomitantly, the challenger's burden to persuade [the fact-finder] of its invalidity defense by clear and convincing evidence may be easier to sustain.'") (internal citations omitted).

- *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260 (Fed. Cir. 2012) ("As the Supreme Court explained in *i4i,* there is no heightened burden of proof when a reference was

previously considered by the PTO, and no lowered burden of proof if a defendant raises a new reference or argument during litigation.")

- *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1329 (Fed. Cir. 2004) ("After a patent has issued, validity is determined objectively based on prior art and the other requirements of patentability…Introspection and speculation into the examiner's understanding of the prior art or the completeness or correctness of the examination process is not part of the objective review of patentability.")

### 2.    Obviousness Allegations

62.    The content and scope of the prior art asserted by AngioDynamics as rendering the asserted claims of the Patents-in-Suit obvious.

63.    The differences between the asserted claims of the Patents-in-Suit and the Vortex Access Port, the Adult Titanium Port, the Port-A-Cath port, Jones, Isomed and Carter.

64.    Whether there is a reason that would have prompted a person of ordinary skill in the art to combine (1) the Vortex Access Port with Jones, Isomed and Carter, (2) the Adult Titanium Port with Jones, Isomed and Carter, and (3) the Port-a-Cath port with Jones, Isomed and Carter.

65.    Whether AngioDynamics has proven by clear and convincing evidence whether any of the asserted claims of the '417 Patent are obvious in view of Vortex Access Port in combination with Jones, Isomed and Carter under 35 U.S.C. § 103.

66.    Whether AngioDynamics has proven by clear and convincing evidence whether any of the asserted claims of the '417 Patent are obvious in view of the Adult Titanium Port in combination with Jones, Isomed and Carter under 35 U.S.C. § 103.

67.    Whether AngioDynamics has proven by clear and convincing evidence whether any of the asserted claims of the '417 Patent are obvious in view of the Port-a-Cath Port in combination with Jones, Isomed and Carter  under 35 U.S.C. § 103.

68.     Whether AngioDynamics has proven by clear and convincing evidence whether any of the asserted claims of the '460 Patent are obvious in view of Vortex Access Port in combination with Jones, Isomed and Carter under 35 U.S.C. § 103.

69.     Whether AngioDynamics has proven by clear and convincing evidence whether any of the asserted claims of the '460 Patent are obvious in view of the Adult Titanium Port in combination with Jones, Isomed and Carter under 35 U.S.C. § 103.

70.     Whether AngioDynamics has proven by clear and convincing evidence whether any of the asserted claims of the '460 Patent are obvious in view of the Port-a-Cath Port in combination with Jones, Isomed and Carter  under 35 U.S.C. § 103.

71.     Whether AngioDynamics has proven by clear and convincing evidence whether any of the asserted claims of the '478 Patent are obvious in view of the Vortex Access Port in combination with Jones, Isomed and Carter under 35 U.S.C. § 103.

72.     Whether AngioDynamics has proven by clear and convincing evidence whether any of the asserted claims of the '478 Patent are obvious in view of the Adult Titanium Port in combination with Jones, Isomed and Carter under 35 U.S.C. § 103.

73.     Whether AngioDynamics has proven by clear and convincing evidence whether any of the asserted claims of the '478 Patent are obvious in view of the Port-a-Cath port in combination with Jones, Isomed and Carter under 35 U.S.C. § 103.

74.     Whether any of the following objective evidence of non-obviousness tends to show that the asserted claims of the Patents-in-Suit are not obvious, the extent of any proffered objective evidence of non-obviousness, and whether a nexus exists between the evidence and the claimed inventions:

        a.   Commercial success of the invention of the Patents-in-Suit;

b. A long-felt, unmet need in the art that was satisfied by the invention of the Patents-in-Suit;

c. The failure of others to make the invention of the Patents-in-Suit;

d. Copying of the inventions of the Patents-in-Suit;

e. Unexpected results achieved by the invention of the Patents-in-Suit;

f. Initial skepticism of the invention of the Patents-in-Suit; and

g. Praise of the invention of the Patents-in-Suit by AngioDynamics and those in the field.

**Citations:**

- 35 U.S.C. § 103.

- 35 U.S.C. § 103(c)(1).

- *KSR International Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

- *Graham v. John Deere Co.*, 383 U.S. 1 (1966).

- *Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1348 (Fed. Cir. 2008) quoting (*Dennison Mfg. Co. v. Panduit Corp.*, 475 U.S. 809 (1986) ("[T]he district court is not to rely on hindsight, and that 'in addressing the question of obviousness a judge must not pick and choose isolated elements from the prior art and combine them so as to yield the invention in question if such a combination would not have been obvious at the time of the invention.'").

- *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 381 F.3d 1371, 1377 (Fed. Cir. 2004) ("Recognition of a need does not render obvious the achievement that meets that need…. Recognition of an unsolved problem does not render the solution obvious.").

- *Arendi S.A.R.L. v. Apple Inc.*, 832 F.3d 1355, 1362-63 (Fed. Cir. 2016) (relying only on "common knowledge and common sense" is problematic when it used "to supply a limitation that was admittedly missing from the prior art.").

- *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1380 n.4 (Fed. Cir. 1986) (patents with priority dates "more than a year after" the relevant filing date were "of little probative value" with respect to simultaneous development).

- *Eli Lilly & Co. v. Teva Pharms. USA, Inc.*, No. IP 02-0512-C-B/S, 2004 WL 1724632, at *39 (S.D. Ind. July 29, 2004) (emphasis added), aff'd, No. 05-1044, 2005 WL 1635262 (Fed. Cir. July 13, 2005) ("Evidence of contemporaneous development that occurs after

the date of the patented invention, however, will almost never be probative of the ultimate conclusion of obviousness.").

- *Therma-Tru Corp. v. Peachtree Doors, Inc.*, 44 F.3d 988, 992 (Fed. Cir. 1995) ("The burden of proving invalidity of an issued patent is on the challenger.  This burden can not be shifted to the patentee by asserting that the patentee should have presented additional evidence in the patent office, or that the examiner should not have issued the *patent* on the record presented.") (internal citations omitted).

- *Microsoft Corp. v. I4I Ltd. Partnership*, 564 U.S. 91, 95 (2011) ("Under § 282 of the Patent Act of 1952, "[a] patent shall be presumed valid" and "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. § 282. We consider whether § 282 requires an invalidity defense to be proved by clear and convincing evidence. We hold that it does.")

- *Microsoft Corp. v. I4I Ltd. Partnership*, 564 U.S. 91, 99-100 (2011) ("According to Microsoft, a defendant in an infringement action need only persuade the jury of an invalidity defense by a preponderance of the evidence. In the alternative, Microsoft insists that a preponderance standard must apply at least when an invalidity defense rests on evidence that was never considered by the PTO in the examination process. We reject both contentions.")

- *Bristol-Myers Squibb Co. v. Teva Pharmaceuticals USA, Inc.*, 923 F.Supp.2d 602, 650-51 (D .Del. 2013) ("The burden of proving invalidity rests with the patent challenger at all times, who must establish a patent's "obviousness by facts supported by clear and convincing evidence" in order to prevail…With regard to the presumption of validity afforded to patents, however, the rationale underlying that presumption becomes 'much diminished' if the PTO did not consider all of the material prior art references during prosecution of the patent. In other words, 'if the PTO did not have all material facts before it [during prosecution of the patent], its considered judgment may lose significant force.' 'And, concomitantly, the challenger's burden to persuade [the fact-finder] of its invalidity defense by clear and convincing evidence may be easier to sustain.'") (internal citations omitted).

- *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260 (Fed. Cir. 2012) ("As the Supreme Court explained in *i4i,* there is no heightened burden of proof when a reference was previously considered by the PTO, and no lowered burden of proof if a defendant raises a new reference or argument during litigation.")

- *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1329 (Fed. Cir. 2004) ("After a patent has issued, validity is determined objectively based on prior art and the other requirements of patentability…Introspection and speculation into the examiner's understanding of the prior art or the completeness or correctness of the examination process is not part of the objective review of patentability.")

### 3.     Allegations Under Section 112

75.   Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '417 Patent lack written description support under 35 U.S.C § 112.

76.   Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '417 Patent are not enabled under 35 U.S.C § 112.

77.   Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '460 Patent lack written description support under 35 U.S.C § 112.

78.   Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '460 Patent are not enabled under 35 U.S.C § 112.

79.   Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '478 Patent lack written description support under 35 U.S.C § 112.

80.   Whether AngioDynamics has proven by clear and convincing evidence that any of the asserted claims of the '478 Patent are not enabled under 35 U.S.C § 112.

**Citations:**

- 35 U.S.C. § 112.

- *United States v. Telectronics, Inc.*, 857 F.2d 778, 785 (Fed. Cir. 1988) ("The test of enablement is whether one reasonably skilled in the art could make or use the invention from the disclosures in the patent coupled with information known in the art without undue experimentation.").

- *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330, 1337–38 (Fed. Cir. 2013) ("As an initial matter, the district court determined that [defendant] established a 'prima facie' case of lack of enablement and that [plaintiff] failed to 'rebut' [defendant's] prima facie case. Actually, the burden of proof was [defendant's] alone. Because we must presume a patent enabled, the challenger bears the burden, throughout the litigation, of proving lack of enablement by clear and convincing evidence.").

- *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1288 (Fed. Cir. 2012) ("It is well-established, however, that a specification need not disclose what is well-known in the art.").

25

- *PerkinElmer Health Scis., Inc. v. Agilent Techs., Inc.*, 962 F. Supp. 2d 304, 309 (D. Mass. 2013) (citing *MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.*, 687 F.3d 1377, 1381-83 (Fed. Cir. 2012)) ("[MagSil] does not, however, stand for the proposition that 'at least 10%' or other phrases identifying only a minimum value preclude the finding of an upper limit and such an argument is readily refuted.").

- *Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp.*, 635 F.3d 1373, 1380 (Fed. Cir. 2011)( "The test for sufficiency of a written description is 'whether the disclosure clearly allow[s] persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed.'").

### 4.     Improper Inventorship Allegations

81.    Whether AngioDynamics has proven by clear and convincing evidence that any of the

Patents-in-Suit contains an inventorship error.

82.    To the extent AngioDynamics has proven by clear and convincing evidence that any of

the Patents-in-Suit contains an inventorship error, whether the defect can be corrected

under 35 U.S.C. § 256.

**Citations:**

- 35 U.S.C. § 102(f).

- 35 U.S.C. § 256.

- *Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997) ("The burden of showing misjoinder or nonjoinder of inventors is a heavy one and must be proved by clear and convincing evidence.").

- *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998) ("[I]n cases of misjoinder and nonjoinder the operation of section 102(f) is ameliorated by section 256. … This provision permits a bona fide mistake in joining a person as [an] inventor or in failing to join a person as an inventor to be corrected.").

### E.     Conception and Reduction to Practice of the Invention

83.    The date of invention for the inventions claimed in the asserted claims of the Patents-in-

Suit.

84.    The date on which the inventions claimed in the asserted claims of the Patents-in-Suit

were reduced to practice.

**Citations:**

- Pre-AIA 35 U.S.C. § 102 (g).

- *Perfect Surgical Techniques, Inc. v. Olympus Am., Inc.*, 841 F.3d 1004, 1007 (Fed. Cir. 2016) ("Pre-AIA section 102(g) allows a patent owner to antedate a reference by proving earlier conception and reasonable diligence in reducing to practice. Reasonable diligence must be shown throughout the entire critical period, which begins just prior to the competing reference's effective date and ends on the date of the invention's reduction to practice.") (internal citations omitted).

- *REG Synthetic Fuels, LLC v. Neste Oil Oyj*, 841 F.3d 954, 962 (Fed. Cir. 2016) ("Priority of invention and its constituent issues of conception and reduction to practice are questions of law predicated on subsidiary factual findings…To show prior invention, Plaintiff must either prove (1) a conception and reduction to practice before the priority date of the reference or (2) a conception before the priority date of the reference combined with diligence and reduction to practice after that date.")

- *Stamps.com Inc. v. Endicia, Inc.*, 437 Fed.App'x 897, 907–08 (Fed. Cir. 2011) ("Though the patentee has the burden of production in antedating a reference, the burden of persuasion, by clear and convincing evidence, remains with the party that challenges an issued patent's validity.").

### F.    Damages

85.    What dollar amount or royalty percentage would reflect a reasonable royalty for the Patents-in-Suit.

86.    Whether a reasonable royalty for patent infringement should take the form of a lump sum payment for a perpetual license to the Patents-in-Suit or the form of a royalty percentage applied against AngioDynamics's infringing conduct.

87.    When between September 2009 and May 2013 AngioDynamics first became aware of the '951 publication

88.    Amount of provisional rights damages under 35 U.S.C. § 154(d) for AngioDynamics's infringement of the '951 publication that issued as the '417 patent.

89.    Amount of pre-verdict supplemental damages.

**Citations:**

- *Georgia—Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)).

- *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009) (hypothetical negotiation occurs at or about the time of first infringement).

- *Unisplay, S.A. v. American Electronic Sign Co., Inc.*, 69 F.3d 512, 517-18 (Fed. Cir. 1995) ("The key element in setting a reasonable royalty after determination of validity and infringement is the necessity for return to the date when the infringement began…").

- *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1285-86 (Fed. Cir. 2017) (("[P]roducts lacking the advantages of the patented invention 'can hardly be termed a substitute acceptable to the customer who wants those advantages.'").

- *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1361 (Fed. Cir. 2012) ("[P]roducts lacking the advantages of the patented invention 'can hardly be termed a substitute acceptable to the customer who wants those advantages.'").

- *See, e.g.*, *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1369 (Fed. Cir. 2017) ("[T]he hypothetical negotiation rubric for the assessment of royalty damages assumes that the asserted patents are valid and infringed.").

- *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1364 (Fed. Cir. 2008) (quoting *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1373 (Fed. Cir. 1991) ("A product on the market which lacks the advantages of the patented product can hardly be termed a substitute acceptable to the customer who wants those advantages. Accordingly, if purchasers are motivated to purchase because of particular features available only from the patented product, products without such features—even if otherwise competing in the marketplace—would not be acceptable noninfringing substitutes.").

- *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 2011 WL 197869, at *3 (E.D. Tex. Jan. 20, 2011) ("[defendant] ... bears the burden of proving that the non-infringing alternatives were available to it during the accounting period.").

- *Smart Skins LLC v. Microsoft Corp.*, 2016 WL 4148091, at *2 (W.D. Wash. July 1, 2016) ("The relevant case law establishes that [defendant], the alleged infringer, has the burden of showing that non-infringing alternatives were both available to it and were acceptable to its customers during the damages period.").

- *Audio MPEG., Inc. v. Dell, Inc.*, No. 2:15-00073 (E.D. Va. Oct. 6, 2017), ECF No. 863, 25-26 ("Federal Circuit law allows for the fact that real world licenses might be greatly reduced for uncertainty and that there is nothing inherently wrong with permitting an expert to testify that the rates should be increased in a specified amount for the lack of uncertainty [in a hypothetical negotiation].").

- *Douglas Dynamics LLC v. Buyers Products Co.*, 717 F.3d 1336, 1346 (Fed. Cir. 2013) (requiring infringer to raise price "may be the only way to adequately compensate the patentee").

- *Exmark v. Briggs*, 879 F.3d 1332, 1349 (Fed. Cir. 2018), quoting *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1338 (Fed. Cir. 2015) ("The Federal Circuit has long held that "the standard Georgia-Pacific reasonable royalty analysis takes account of the importance of the inventive contribution in determining the royalty rate that would have emerged from the hypothetical negotiation.").

- *Exergen Corp. v. Kaz USA, Inc.*, 2018 WL 1193529, at *8 (Fed. Cir. 2018) (royalty rate of 71% of projected net profit was reasonable).

- *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1338 (Fed. Cir. 2015) ("This case does not fit the pattern in which the entire market value rule applies" because the "patents cover the infringing product as a whole, not a single component of a multi-component product.").

- *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 561 F. App'x 934, 947–50 (Fed. Cir. 2014) (reiterating that guarding against compensation for more than the added value attributable to the invention "is precisely what the Georgia–Pacific factors purport to do").

- *TWM Mfg. Co. v. Dura Corp.*, 789 F.2d 895, 901 (Fed. Cir. 1986) ("Where a hypothetical licensee would have anticipated an increase in sales of collateral unpatented items because of the patented device, the patentee should be compensated accordingly.").

- *Asetek Danmark A/S v. CMI USA Inc.*, 852 F.3d 1352, 1362 (Fed. Cir. 2017) ("The fact that a royalty calculation relies in part on the patent owner's per-unit profits does 'not make it an unreasonable award.' We have explained that a patent owner would be "unlikely" to be "interested in" accepting a royalty rate lower than its profit margin on the patented products.").

- *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 772-73 (Fed. Cir. 2014) ("The infringer's price can be raised if necessary to accommodate a higher royalty rate, and indeed, requiring the infringer to do so may be the only way to adequately compensate the patentee for the use of its technology.").

### G.     Injunctive Relief

90.    Whether AngioDynamics must be barred from further acts of infringements of the

asserted claims of the Patents-in-Suit.

91.    The scope of the permanent injunction to which Bard is entitled enjoining

AngioDynamics from directly infringing the asserted claims of the Patents-in-Suit.

92.     The scope of the permanent injunction to which Bard is entitled enjoining

AngioDynamics from inducing infringement of the asserted claims of the Patents-in-Suit.

**Citations:**

- 35 U.S.C. § 283.

- *eBay v. MercExchange*, 547 U.S. 388 (2006).

- *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d 683 (Fed. Cir. 2008) (upholding issuance of permanent injunction against competitor).

- *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323 (Fed. Cir. 2008) (upholding issuance of permanent injunction against competitor).

### H.     Non-Jury Issues for the Court

The following specific factual issues that are to be determined by the Court:

### 1.     "Exceptional Case"

93.     Whether this is an "exceptional case" within the meaning of 35 U.S.C. § 285 and, if so,

whether the prevailing party is entitled to an award of its attorneys' fees, costs, and

expenses.

94.     Whether AngioDynamics can establish a reasonable basis for asserting its prior use

defense.

**Citations:**

- 35 U.S.C. § 285.

- 35 U.S.C. § 273.

- *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004 (Fed. Cir. 2008) (award of fees).

- *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547 (Fed. Cir. 1989) (award of fees).

- *Avia Grp. Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1567 (Fed. Cir. 1988) (abrogated on other grounds) ("[O]ur cases uniformly indicate that the willfulness of the infringement by the accused infringer may be a sufficient basis in a particular case for

finding the case "exceptional" for purposes of awarding attorney fees to the prevailing patent owner.").

### 2.     Inequitable Conduct

95.   Whether Bard's claims for infringement of the Patents-in-Suit are barred by the doctrine

of inequitable conduct.

**Citations:**

- *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) ("To prevail on a claim of inequitable conduct, the accused infringer must prove that the patentee acted with the specific intent to deceive the PTO.")

- *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009) ("To plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO

### 3.     Acquiescence, Unclean Hands, Estoppel, Waiver

96.   Whether Bard's claims for infringement of the Patents-in-Suit are barred due to the

doctrines of acquiescence.

97.   Whether Bard's claims for infringement of the Patents-in-Suit are barred due to the

doctrines of unclean hands.

98.   Whether Bard's claims for infringement of the Patents-in-Suit are barred due to the

doctrine of equitable estoppel.

99.   Whether Bard's claims for infringement of the Patents-in-Suit are barred due to the

doctrine of waiver.

**Citations:**

- *Regents of the Univ. of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1571 (Fed. Cir. 1997) ("reject[ing] [] argument that the patent is unenforceable under the doctrine of 'unclean hands.' This court has previously refused to afford equitable relief in that guise in the absence of proof of materiality.").

- *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1042 (Fed. Cir. 1992), (abrogated on other grounds) (elements of estoppel include (1) that the patentee must

31

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BARD PERIPHERAL VASCULAR, INC., | |
| Plaintiff and Counterclaim-Defendant, | C.A. No. 15-218-JFB-SRF |
| v. | |
| ANGIODYNAMICS, INC., | JURY TRIAL DEMANDED |
| Defendant and Counterclaim-Plaintiff, | |
| v. | CONTAINS HIGHLY CONFIDENTIAL MATERIAL |
| C.R. BARD, INC., | |
| Counterclaim/Third-Party Complaint Defendant. | |

**ANGIODYNAMICS INC.'S STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED**

## <u>TABLE OF CONTENTS</u>

I.      STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED............................ 3

    A.      Alleged Infringement .................................................................................. 3

        1.      Alleged Infringement of Apparatus Patents (U.S. Patent 8,475,417 & 8,545,460) ...................................................................................... 3

        2.      Defense to infringement based on prior commercial use Under 35 U.S.C. § 273 ................................................................................... 6

        3.      Alleged Infringement of Method Patent (U.S. Patent 8,805,478) ............. 6

    B.      Invalidity ................................................................................................. 13

        1.      Prior Art ............................................................................................ 13

        2.      Anticipation ...................................................................................... 15

        3.      Obviousness ...................................................................................... 19

        4.      Non-Enablement under Section 112 ................................................ 24

        5.      Improper Inventorship ...................................................................... 26

    C.      Conception and Reduction to Practice of the Invention ............................ 27

    D.      Purported Damages .................................................................................. 28

        1.      Post Complaint Damages .................................................................. 28

        2.      Alleged Entitlement to Provisional Rights Damages under 35 U.S.C. § 154(d) ............................................................................................. 33

    E.      Equitable Issues ....................................................................................... 35

        1.      Inequitable Conduct .......................................................................... 35

        2.      Unclean Hands and Equitable Estoppel ............................................ 38

        3.      Alleged Willfulness ........................................................................... 40

        4.      Purported Injunctive Relief .............................................................. 42

        5.      Whether Bard's Misconduct Makes This an "Exceptional Case" ............ 42

## I.    STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED

Based on the current status of this case, below are the issues of law AngioDynamics currently believes remain to be resolved in this matter. To the extent that any issues of fact set forth in AngioDynamics's Statement of Issues of Fact that Remain to Be Litigated are later deemed issues of law, those issues are incorporated herein by reference. Similarly, to the extent any of these issue of law subsume factual issues, AngioDynamics hereby incorporates these factual issues in its Statement of Issues of Fact Remaining to Be Litigated. These issues of law may change based on the Court's decisions on pending motions, and AngioDynamics reserves the right to amend and/or supplement this Statement.

### A.    Alleged Infringement
#### 1.    Alleged Infringement of Apparatus Patents (U.S. Patent 8,475,417 & 8,545,460)

1.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics's Smart Port CT and Smart Port LP products directly infringe each and every limitation of any of claims 5, 6, 12, and 13 of U.S. Patent No. 8,475,417 (the "'417 Patent"), including each and every limitation of the independent claims to which they depend.

2.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics has made, used, sold, or imported a Smart Port product (all models including CT, LP, and Mini) that infringes each and every limitation of any of claims 5, 6, 12, and 13 of the '417 Patent, including each and every limitation of the independent claims to which they depend.

3.    Whether Bard has proven by a preponderance of the evidence that any of AngioDynamics's Smart Port products (all models including CT, LP, and Mini) directly infringe each and every limitation of any of claims 2 and 4 of U.S. Patent No. 8,545,460 (the "'460 Patent"), including each and every limitation of the independent claim to which they depend.

4.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics

has made, used, sold, or imported a Smart Port product (all models including CT, LP, and Mini) that infringes each and every limitation of any of claims 2 and 4 of U.S. Patent No. 8,545,460, including each and every limitation of the independent claim to which they depend.

5.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics's Xcela port products directly infringe each and every limitation of any of claims 2 and 4 of the '460 Patent, including each and every limitation of the independent claim to which they depend.

6.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics has made, used, sold, or imported an Xcela port product that infringes each and every limitation of any of claims 2 and 4 of the '460 Patent, including each and every limitation of the independent claim to which they depend.

7.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics's Xcela Plus port products directly infringe each and every limitation of any of claims 2 and 4 of the '460 Patent, including each and every limitation of the independent claim to which they depend.

8.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics has made, used, sold, or imported an Xcela Plus port product that infringes each and every limitation of any of claims 2 and 4 of the '460 Patent, including each and every limitation of the independent claim to which they depend.

9.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics's BioFlo port products directly infringe each and every limitation of any of claims 2 and 4 of the '460 Patent, including each and every limitation of the independent claim to which they depend.

10.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics has made, used, sold, or imported a BioFlo port product that infringes each and every limitation

-4-

of any of claims 2 and 4 of the '460 Patent, including each and every limitation of the independent claim to which they depend.

**Citations:**

- 35 U.S.C. § 271(a)

- *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 849 (2014) (the patentee "bears the burden of proving infringement.")

- *Conroy v. Reebok Int'l, Inc.*, 14 F.3d 1570, 1573 (Fed. Cir. 1994) ("[T]he patentee must prove infringement by a preponderance of the evidence.")

- *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) ("The first step is determining the meaning and scope of the patent claims asserted to be infringed. The second step is comparing the properly construed claims to the device accused of infringing.")

- *Lisle Corp. v. A.J. Mfg. Co.*, 398 F.3d 1306, 1313 (Fed. Cir. 2005) ("Step two, comparison of the claims to the accused device, requires a determination that every claim limitation or its equivalent be found in the accused device.")

- *Unique Concepts v. Brown*, 939 F.2d 1558 (Fed. Cir. 1991) ("Literal infringement of a claim exists when every limitation recited in the claim is found in the accused device, *i.e.*, when the properly construed claim reads on the accused device exactly.")

- *Tech Search, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1371, 1373 (Fed. Cir. 2002) (a literal "infringement analysis is a 'two-step process in which'" the Court "first determine[s] the correct claim scope, and then compare[s] the properly construed claim to the accused device to determine whether all of the claim limitations are" literally present. "To establish literal infringement, all of the elements of the claim, as correctly construed, must be present in the accused system" and "specific claim limitations cannot be ignored as insignificant or immaterial in determining infringement.")

- *MicroStrategy Inc. v. Bus. Objects S.A.*, 429 F.3d 1344, 1352-53 (Fed. Cir. 2005) (there is no literal infringement where accused product did not contain every element of the asserted claim)

- *Perkin-Elmer Corp. v. Westinghouse Elec. Corp.*, 822 F.2d 1528, 1534 (Fed. Cir. 1987) (rejecting patentee's attempt to distill a multi-element claim into a "two element characterization of the claimed invention")

- *Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 950 (Fed. Cir. 2006) (courts must give full "effect to all terms in the claims")

- *Kim v. ConAgra Foods, Inc.*, 465 F.3d 1312, 1316 n.1 (Fed. Cir. 2006) (dependent claims are not infringed when the independent claim is not infringed)

- *Wolverine World Wide, Inc. v. Nike, Inc.*, 38 F.3d 1192, 1199 (Fed. Cir. 1994) (when independent claims are not infringed "as a matter of law, it follows that" their dependent claims "also are not infringed")

### 2. Defense to infringement based on prior commercial use Under 35 U.S.C. § 273

11.     Whether AngioDynamics has proven by clear and convincing evidence that it commercially used the subject matter of the '478, '417, and '460 Patents prior to the critical date.

12.     Whether AngioDynamics has proven by clear and convincing evidence that a third party has commercially used the subject matter of the '478, '417, and '460 Patents prior to the critical date, and such third party has sold or otherwise disposed of the useful end result of such commercial use.

13.     Whether AngioDynamics has proven by clear and convincing evidence that Bard has exhausted its patent rights under the '478, '417, and '460 Patents as a result of the sale or disposition of a useful end result by a person who has commercially used the subject matter of the '478, '417, and '460 Patents prior to the critical date.

**Citations:**
- 35 U.S.C. §§ 273(a), (d)

### 3. Alleged Infringement of Method Patent (U.S. Patent 8,805,478)

AngioDynamics provides the following Issues of Law regarding the alleged infringement of the '478 Patent for the sake of completeness. However, Bard has failed to identify any particular "single entities" who allegedly carry out each and every method step or any specific individuals who actually perform each and every method step under the direction or control of the alleged single entity for the asserted method claims of the '478 Patent. Accordingly, AngioDynamics sets forth the following Issues of Law without waiver of its argument that Bard has failed to adequately allege the legal requirements for induced infringement under 35 U.S.C. § 271(b).

#### a. Alleged Acts of Infringement

14.     Whether Bard has proven by a preponderance of the evidence that a single entity directly infringes each and every limitation of any of claims 3, 5, 9, and 11 of the U.S. Patent No. 8,805,478 (the "'478 Patent") using the Smart Port products (all models including CT, LP, and

Mini), including each and every limitation of their antecedent independent claim.

15.    Whether Bard has proven by a preponderance of the evidence that a single entity has control over each and every step of any of claims 3, 5, 9, and 11 of the '478 Patent such that all the steps carried out when using the Smart Port products (all models including CT, LP, and Mini) are attributable to the controlling or directing party, including each and every step of their antecedent independent claim.

16.    Whether Bard has proven by a preponderance of the evidence that an agency relationship exists between "hospital customers" and their employees/agents, and that those employees/agents actually perform each and every step of any of claims 3, 5, 9, and 11 of the '478 Patent, including each and every step of their antecedent independent claim, when using the Smart Port products (all models including CT, LP, and Mini).

17.    Whether Bard has proven by a preponderance of the evidence that a single entity directly infringes each and every limitation of any of claims 3, 5, 9, and 11 of the '478 Patent using the Xcela Port products, including each and every step of the antecedent independent claim.

18.    Whether Bard has proven by a preponderance of the evidence that a single entity has control over each and every step of any of claims 3, 5, 9, and 11 of the '478 Patent such that all the steps carried out when using the Xcela port product are attributable to the controlling or directing party, including each and every step the antecedent independent claim.

19.    Whether Bard has proven by a preponderance of the evidence that an agency relationship exists between "hospital customers" and their employees/agents, and that those employees/agents actually perform each and every step of any of claims 3, 5, 9, and 11 of the '478 Patent, including each and every step of the antecedent independent claim, when using the Xcela port products.

20.    Whether Bard has proven by a preponderance of the evidence that a single entity directly infringes each and every limitation of any of claims 3, 5, 9, and 11 of the '478 Patent using

the Xcela Plus port products, including each and every step of the antecedent independent claim.

21.      Whether Bard has proven by a preponderance of the evidence that a single entity has control over each and every step of any of claims 3, 5, 9, and 11 of the '478 Patent such that all the steps carried out when using the Xcela Plus port product are attributable to the controlling or directing party, including each and every step of the antecedent independent claim.

22.      Whether Bard has proven by a preponderance of the evidence that an agency relationship exists between "hospital customers" and their employees/agents, and that those employees/agents actually perform all the steps of any of claims 3, 5, 9, and 11 of the '478 Patent, including each and every step of the antecedent independent claim, when using the Xcela Plus port products.

23.      Whether Bard has proven by a preponderance of the evidence that a single entity directly infringes each and every limitation of any of claims 3, 5, 9, and 11 of the '478 Patent using the BioFlo port products, including each and every step of the antecedent independent claim.

24.      Whether Bard has proven by a preponderance of the evidence that a single entity has control over each and every step of any of claims 3, 5, 9, and 11 of the '478 Patent such that all the steps carried out when using the BioFlo port product are attributable to the controlling or directing party, including each and every step of the antecedent independent claim.

25.      Whether Bard has proven by a preponderance of the evidence that an agency relationship exists between "hospital customers" and their employees/agents, and that those employees/agents actually perform all the steps of any of claims 3, 5, 9, and 11 of the '478 Patent, including the steps of the antecedent independent claim, when using the BioFlo port products.

**Citations:**

- 35 U.S.C. § 271(a)
- 35 U.S.C. § 271(b)
- *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 849 (2014) (the patentee "bears the burden of proving infringement.")

-8-

- *Parallel Networks Licensing, LLC v. Microsoft Corp.*, 777 F. App'x 489, 493 (Fed. Cir. 2019) ("In order to prove direct infringement, a patentee must either point to specific instances of direct infringement" by a single entity "or show that the accused device necessarily infringes the patent in suit.") (*quoting ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007))

- *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014) ("[W]here there has been no direct infringement, there can be no inducement of infringement under [Section] 271(b).")

- *E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1222 (Fed. Cir. 2007) (affirming noninfringement when no evidence established "that any customer actually performed the claimed method")

- *Mirror Worlds, LLC v. Apple Inc.*, 692 F.3d 1351, 1360 (Fed. Cir. 2012) (finding no induced infringement and explaining that the patentee provided no "testimony of customers" demonstrating actual use of "each step of the method claims")

- *Lucent Techs., Inc. v. Gateway, Inc.*, 543 F.3d 710, 723 (Fed. Cir. 2008) (upholding a judgment of noninfringement when the patentee's "circumstantial evidence" failed to show that the accused software product necessarily infringed, as such evidence "established only uncertainty and speculation" as to whether the infringing encoder functionality "had run even once." "[I]f running of the . . . encoder was so common and so routine, then certainly [the patentee] could have produced evidence of at least one instance" of actual use.)

- *Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*, 845 F.3d 1357, 1364, 1368 (Fed. Cir. 2017) ("The question of direct infringement [was] whether physicians direct or control their patients' administration of [a drug]"—not whether the patentee put forth an instance of actual infringement)

- *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) ("Direct infringement under [Section] 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity.")

- *Akamai Techs.*, 797 F.3d at 1022-23 (to show that an entity is responsible for another's performance of method steps, the patentee must show that entity directs or controls the others' performance, or that the two actors form a joint enterprise )

- *Voter Verified, Inc. v. Premier Election Sols. Inc.*, 698 F.3d 1374, 1383-84 (Fed. Cir. 2012) (affirming noninfringement when the evidence failed to show the requisite direction and control by an accused infringer over third parties)

- *CFTC v. Weintraub*, 471 U.S. 343, 348 (1985) ("inanimate entit[ies]" can only act through human agents)

- *Pac. Gas & Elec. Co. v. U.S.*, 838 F.3d 1341 (Fed. Cir. 2016) (agency requires consent of the parties, a benefit attributable to the principal, and control over the agents actions by the principal)

b.    *Alleged Knowledge of the '478 Patent*

26.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics had actual knowledge of the '478 Patent after it issued on August 12, 2014.

**Citations:**

- 35 U.S.C. § 271(b)

- *Global-Tech Appliances, Inc. v. SEB S.A., U.S.*, 131 S. Ct. 2060, 2068-71 (2012) (inducement requires knowledge of the patent)

- *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1342 (Fed. Cir. 2003) (no inducement where evidence did not show defendant knew or should have known that his actions were encouraging infringement)

### c. Alleged Acts of Inducement

27.     Whether AngioDynamics took action after the '478 Patent issued on August 12, 2014 intending to cause alleged infringing acts by a single entity who directly infringed each and every limitation of any of claims 3, 5, 9, and 11 of the "478 Patent, including each and every limitation of any independent claim to which any such claim depends, using the Smart Port products (all models including CT, LP, and Mini).

28.     Whether AngioDynamics took action after the '478 Patent issued on August 12, 2014 intending to cause alleged infringing acts by a single entity who directly infringed each and every limitation of any of claims 3, 5, 9, and 11 of the '478 Patent, including each and every limitation of any independent claim to which any such claim depends, using the Xcela port products.

29.     Whether AngioDynamics took action after the '478 Patent issued on August 12, 2014 intending to cause alleged infringing acts by a single entity who directly infringed each and every limitation of any of claims 3, 5, 9, and 11 of the '478 Patent, including each and every limitation of any independent claim to which any such claim depends, using the Xcela Plus port products.

30.     Whether AngioDynamics took action after the '478 Patent issued on August 12, 2014 intending to cause alleged infringing acts by a single entity who directly infringed each and every limitation of any of claims 3, 5, 9, and 11 of the '478 Patent, including each and every limitation of any independent claim to which any such claim depends, using the BioFlo port

products.

**Citations:**

- 35 U.S.C. § 271(b)

- *Global-Tech Appliances*, 131 S. Ct. at 2068-71 (inducement requires an affirmative act)

         *d.*     *Alleged Knowledge of Direct Infringement*

31.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics had actual knowledge that the acts of the particular single entity who actually carried out the method steps using the Smart Port products (all models including CT, LP, and Mini), which if taken, would constitute direct infringement of each and every limitation of any of claims 3, 5, 9, and 11 of the '478 Patent, and which would require the performance of each and every method step of the antecedent independent claim.

32.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics had actual knowledge that the acts of the particular single entity who directed or controlled the execution of the method steps using the Smart Port products (all models including CT, LP, and Mini), which if taken, would constitute direct infringement of each and every limitation of any of claims 3, 5, 9, and 11 of the '478 Patent, and which would require the performance of each and every method step of the antecedent independent claim.

33.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics had actual knowledge that the acts of the particular single entity who actual carried out the method steps using the Xcela port products, which if taken, would constitute direct infringement of each and every limitation of any of claims 3, 5, 9, and 11 of the '478 Patent, and which would require the performance of each and every method step of the antecedent independent claim.

34.     Whether Bard has proven by a preponderance of the evidence that AngioDynamics had actual knowledge that the acts of a particular entity who directed or controlled the execution

of the method steps using the Xcela port products, which if taken, would constitute direct infringement of each and every limitation of any of claims 3, 5, 9, and 11 of the '478 Patent, and which would require the performance of each and every method step of the antecedent independent claim.

35. Whether Bard has proven by a preponderance of the evidence that AngioDynamics had actual knowledge that the acts of the particular single entity who actually carried out the method steps using the Xcela Plus port products, which if taken, would constitute direct infringement of each and every limitation of any of claims 3, 5, 9, and 11 of the '478 Patent, and which would require the performance of each and every method step of the antecedent independent claim.

36. Whether Bard has proven by a preponderance of the evidence that AngioDynamics had actual knowledge that the acts of the particular single entity who directed or controlled the execution of the method steps using the Xcela Plus port products, which if taken, would constitute direct infringement of each and every limitation of any of claims 3, 5, 9, and 11 of the '478 Patent, and which would require the performance of each and every method step of the antecedent independent claim.

37. Whether Bard has proven by a preponderance of the evidence that AngioDynamics had actual knowledge that the acts of the particular single entity who actually carried out the method steps using the BioFlo port products, which if taken, would constitute direct infringement of each and every limitation of any of claims 3, 5, 9, and 11 of the '478 Patent, and which would require the performance of each and every method step of the antecedent independent claim.

38. Whether Bard has proven by a preponderance of the evidence that AngioDynamics had actual knowledge that the acts of the particular single entity who directed or controlled the execution of the method steps using the BioFlo port products, which if taken, would constitute direct infringement of each and every limitation of any of claims 3, 5, 9, and 11 of the '478 Patent, and which would require the performance of each and every method step of the antecedent

independent claim.

39.     Whether AngioDynamics had a subjective belief that it was not infringing or inducing infringement any asserted claim of the '478 patent.

**Citations:**

- 35 U.S.C. § 271(b)
- *Global-Tech Appliances*, 131 S. Ct. at 2068-71 (inducement requires actual knowledge by the accused infringer)
- *Roche Diagnostics Corporation v. Meso Scale Diagnostics, LLC*, Case Nos. 21-1609; -1633 (Fed. Cir. Apr. 8, 2022) (inducement is based on subjective intent of accused infringer and requires the accused infringer believe it is inducing acts that would cause infringement)
- *Ferguson Beauregard/Logic Controls., LLC*, 350 F.3d at 1342 (no inducement where evidence did not show defendant knew or should have known that his actions were encouraging infringement)
- *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363-66 (Fed. Cir. 2003) (no infringement where lack of intent to induce)

### B.     Invalidity

AngioDynamics reserves its right to amend this list pending any decision regarding any motion *in limine* to exclude particular arguments and evidence, or motion to strike, even if such motions are not specifically referenced herein or any other pending motions.

*C R Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372, 1384 (Fed. Cir. 2020) (finding "largely undisputed evidence that certain prior art ports, and the use of those ports, satisfied most of the remaining elements . . .  including power injectability and the presence of external identifiers.")

### 1.     Prior Art

36.     Whether under 35 U.S.C. § 102(a), one or more prior art printed publication or patent asserted by AngioDynamics to invalidate one or more Asserted Claim was published by April 25, 2006.

37.     Whether under 35 U.S.C. § 102(a), one or more prior art product asserted by AngioDynamics to invalidate one or more Asserted Claim was known or used by others in the United States by April 25, 2006.

38.   Whether under 35 U.S.C. § 102(b), one or more prior art product asserted by AngioDynamics to invalidate one or more Asserted Claims was on sale in the United States by April 25, 2005.

39.   Whether under 35 U.S.C. § 102(b), one or more prior art printed publications asserted by AngioDynamics to invalidate one or more Asserted Claim was published in the United States by April 25, 2005.

40.   Whether under 35 U.S.C. § 102(e) one or more prior art patents or published patent applications asserted by AngioDynamics to invalidate one or more Asserted Claim has an effective date before April 25, 2006.

41.   Whether under 35 U.S.C. § 102(a), Bard's prior art survey activities show that one or more Asserted Claim was known or used by others in the United States before April 25, 2006.

42.   Whether under 35 U.S.C. § 102(b), Bard's prior art survey activities show that one or more Asserted Claims was on sale or in public use at least by April 25, 2005.

43.   Whether Bard has satisfied its burden of showing that its prior art survey activities were confidential.

**Citations:**

- pre-AIA 35 U.S.C. § 102

- *In re Giacomini*, 612 F.3d 1380, 1384 (Fed. Cir. 2010) (prior art under § 102(e) shall have "patent-defeating effect, as to the claim invention" as of the provisional filing date if at least one claim is disclosed by the provisional application)

- *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1371 (Fed. Cir. 2011) ("Claims deserve the provisional application's earlier filing date so long as that application contains adequate written description under 35 U.S.C. § 112.")

- *In re Land*, 368 F.2d 866, 879 (C.C.P.A. 1966) (an invention is "by another" when the listed inventors on the prior art reference differ from those listed on the patent at issue)

- *In re Klopfenstein*, 380 F.3d 1345, 1350 (Fed. Cir. 2004) ("[W]e must consider several factors relevant to the facts of this case before determining whether or not it was sufficiently publicly accessible in order to be considered a "printed publication" under § 102(b).")

- *In re Enhanced Sec. Res., LLC*, 739 F.3d 1347, 1354 (Fed. Cir. 2014) (whether a reference is prior art under § 102(b) is a question of law that depends on a number of underlying facts)

- *Voter Verified, Inc. v. Premier Election Sols. Inc.*, 698 F.3d 1374, 1380 (Fed. Cir. 2012) (holding invalidating prior art reference to be a printed publication)

## 2. Anticipation
### a. Invalidation

44.     Whether AngioDynamics has proven by clear and convincing evidence that claims 5, 6, 12, and 13 of the '417 Patent are anticipated under 35 U.S.C. § 102 by any prior art reference alone or in view of the knowledge of one skilled in the art.

45.     Whether AngioDynamics has proven by clear and convincing evidence that claims 2 and 4 of the '460 Patent are anticipated under 35 U.S.C. § 102 by any prior art reference alone or in view of the knowledge of one skilled in the art.

46.     Whether AngioDynamics has proven by clear and convincing evidence that claims 3, 5, 9, and 11 of the '478 Patent are anticipated under 35 U.S.C. § 102 by any prior art reference alone or in view of the knowledge of one skilled in the art.

**Citations:**

- pre-AIA 35 U.S.C. § 102

- *ClearValue, Inc. v. Pearl River Polymers, Inc.*, 668 F.3d 1340, 1344 (Fed. Cir. 2012) (A claim is anticipated by a prior art reference that discloses each and every element of a claim, either expressly or inherently)

- *In re Bond*, 910 F.2d 831, 832-33 (Fed. Cir. 1990) (the elements must be arranged as required by the claim, but the prior art need not use identical terminology)

- *In re Paulsen*, 30 F.3d 1475, 1480 (Fed. Cir. 1994) (A prior art reference "need not…explain every detail since it is speaking to those skilled in the art," and thus "a prior art reference must be 'considered together with the knowledge of one of ordinary skill in the pertinent art.'")

- *In re Graves*, 69 F.3d 1147, 1152 (Fed. Cir. 1995) (A reference also anticipates a claim if it discloses the claimed invention "'such that a skilled artisan could take its teachings in combination with his own knowledge of the particular art and be in possession of the invention.'")

- *Kennametal, Inc. v. Ingersoll Cutting Tool Co.*, 780 F.3d 1376, 1381 (Fed. Cir. 2015) ("[A]

reference can anticipate a claim even if it 'does not expressly spell out' all the limitations arranged or combined as in the claim, if a person of skill in the art, reading the reference, would 'at once envisage' the claimed arrangement or combination.")

- *Cont'l Can Co. USA, Inc. v. Monsanto Co.*, 948 F.2d 1264, 1269 (Fed. Cir. 1991) (the "common knowledge" of skilled artisans is often "not recorded in the reference")

- *In re Sovish*, 769 F.2d 738, 743 (Fed. Cir. 1985) (rejecting argument when it presumed "stupidity rather than skill" in the art)

- *C R Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372, 1384 (Fed. Cir. 2020) ("when evaluating the novelty and non-obviousness of claims, we must assign no patentable weight to the non-functional printed matter in the claims, which in this case is the information that the claimed access ports are suitable for injection at the claimed pressure and flow rate.")

- *Praxair Distribution, Inc. v. Mallinckrodt Hospital Prods. IP Ltd.*, 890 F.3d 1024, 1033 (Fed. Cir. 2018) (The patent "merely requires a medical provider to think about the information claimed in the providing information limitation of claim 1. But adding an ineligible mental process to ineligible information still leaves the claim limitation directed to printed matter. To hold otherwise would make the printed matter doctrine a dead letter, requiring no more than a 'think about it' step to give patentable weight to a claim limitation directed to information content.")

- *Praxair*, 890 F.3d at 1033 ("The printed matter doctrine thus raises an issue where the §101 patent-eligibility inquiry and the §102 and §103 novelty and non-obviousness inquiries overlap. Because claim limitations directed to mental steps may attempt to capture informational content, they may be considered printed matter lacking patentable weight in an obviousness analysis. Accordingly, a limitation that merely claims information by incorporating that information into a mental step will receive patentable weight only if the limitation is functionally related to the substrate.")

- *Praxair*, 890 F.3d at 1032 ("Claim limitations directed to the content of information and lacking a requisite functional relationship are not entitled to patentable weight because such information is not patent eligible subject matter under 35 U.S.C. § 101.")

- *In re Marco Guldenaar Holding B.V.*, 911 F.3d 1157, 1161 (Fed. Cir. 2018) (finding markings on dice were printed matter not entitled to patentable weight because the addition of the markings did not "cause the die itself to become a manufacture with new functionality.")

- *In re Xiao*, 462 F. App'x 947, 948, 951 (Fed. Cir. 2011) (holding letters printed on prior art lock to be printed matter)

- *In re Anderson*, 662 F. App'x 958, 963 (Fed. Cir. 2016) (holding "for use by motorists in determining route of travel" to be unpatentable statement of intended use)

- *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1064 (Fed. Cir. 2010) (holding instructions for use corresponding to a drug to be printed matter; FDA regulations cannot provide patentable significance)

- *In re Ngai*, 367 F.3d 1336, 1338-39 (Fed. Cir. 2004) (holding instructions for using a kit to be printed matter)

- *In re Theresa*, 720 F. App'x 634, 637 (Fed. Cir. 2018) (holding symbols printed on a label

to be printed matter)

- *C.R. Bard, Inc. v. Med. Components, Inc.*, 550 F. Supp. 3d 1202, 1219 (D. Utah 2021), motion to certify appeal granted, No. 2:12-CV-0003, 2021 WL 5145284 (D. Utah Nov. 4, 2021) (finding radiopaque markings/identifiers and structural features ineligible printed matter where the radiopaque markings/identifiers and structural features were used to convey to a medical practitioner that the port is power injectable.)

### b.   Bard's Validity Assertions

47.     Whether a claimed capability is not disclosed in the prior art merely because those of skill in the art did not appreciate this capability in the prior art before the time of the invention.

48.     Whether sales or marketing is part of the purported invention claimed by the Asserted Claims.

49.     Whether FDA marketing approval for power injection is part of the purported invention claimed by the Asserted Patents.

50.     Whether a claimed capability is not disclosed in the prior art merely because the capability was not advertised in the prior art before the time of the invention.

**Citations:**

- *HP Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1468 (Fed. Cir. 1990) ("[C]laims cover what a device *is*, not what a device *does*.")

- *In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997) (A patentee of a popcorn maker tried to distinguish a structurally similar prior art device by contending that the prior art device was never used to make popcorn. The Federal Circuit rejected this argument because the recited structure was "already known, regardless of whether it has ever been used in any way [connected] to popcorn.")

- *Atlas Powder Co. v. IRECO Inc.*, 190 F.3d 1342, 1347 (Fed. Cir. 1999) (inherency arguments are used only when a function was not known in the prior art and can only be shown by inference)

- *AK Steel Corp. v. Sollac*, 344 F.3d 1234, 1239 (Fed. Cir. 2003) (a dependent limitation recites the phrase "consisting essentially of," which "has long been understood to permit inclusion of components not listed in the claim, provided that they do not materially affect the basic and novel properties of the invention.")

- *Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 639-40 (Fed. Cir. 2011) ("While Bunzl struggles to characterize this as a case of 'inherency,' it is nothing of the sort." *Bettcher* concerned whether sufficient evidence supported the jury's finding that the prior art structure alleged to be a "bearing face" could "bear" for longer than a "short period of time at an unusually slow speed." Evidence showed that this prior art structure did not have

this capability.)

- *Ansonia Brass & Copper Co. v. Elec. Supply Co.*, 144 U.S. 11, 18 (1892) ("[N]othing is better settled in this court than that the application of an old process to a new and analogous purpose does not involve invention.")

- *General Elec. Co. v. Jewel Incandescent Lamp Co.*, 326 U.S. 242 (1945) ("It is not invention to perceive that the product which others had discovered had qualities they failed to detect.")

- *King Pharms., Inc. v. EON Labs, Inc.*, 616 F.3d 1267, 1278 (Fed. Cir. 2010) (merely instructing practitioners about a new use for an old product does not amount to invention)

- *In re Ngai*, 367 F.3d 1336, 1339 (Fed. Cir. 2004) (addition of instructions onto an already existing product is printed matter not entitled to patentable weight otherwise "anyone could continue patenting a product indefinitely provided that they add a new instruction sheet to the product.")

### 3. Obviousness
#### a. *Prima Facie Obviousness*

51.     Whether AngioDynamics has proven by clear and convincing evidence that claims 5, 6, 12, and 13 of the '417 Patent are obvious under 35 U.S.C. § 103.

52.     Whether AngioDynamics has proven by clear and convincing evidence that claims 2 and 4 of the '460 Patent are obvious under 35 U.S.C. § 103.

53.     Whether AngioDynamics has proven by clear and convincing evidence that claims 3, 5, 9, and 11 of the '478 Patent are obvious under 35 U.S.C. § 103.

54.     Whether Bard has satisfied its burden of showing that one or more references used in an obviousness combination were commonly owned or subject to a common obligation to assign ownership at the time of Bard's purported invention.

55.     One of the ways in which a patent's subject matter can be proved obvious is by noting that there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims. Motivation to combine may be found in the nature of the problem to be solved, which is particularly relevant with simpler mechanical technologies. Design choice may provide motivation to combine. When a work is available in one field of endeavor, design incentives and other market forces can prompt variations of it, either in the same

-18-

field or a different one. If a person of ordinary skill can implement a predictable variation, §103 likely bars its patentability. Determining if a claim is obvious requires an expansive and flexible approach for determining motivation to combine and not rigid preventative rules that deny factfinders recourse to common sense.

**Citations:**

- pre-AIA 35 U.S.C. § 103

- pre-AIA 35 U.S.C. § 103(c)(1)

- *Graham v. John Deere Co*., 383 U.S. 1, 17-18 (1966) ("Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved.")

- *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398, 407 (2007) ("While the sequence of these questions might be reordered in any particular case, the factors continue to define the inquiry that controls.")

- *KSR*, 550 U.S. at 417 ("When a work is available in one field of endeavor, design incentives and other market forces can prompt variations of it, either in the same field or a different one. If a person of ordinary skill can implement a predictable variation, §103 likely bars its patentability.")

- *KSR*, 550 U.S. at 419-420 ("One of the ways in which a patent's subject matter can be proved obvious is by noting that there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims.")

- *KSR*, 550 U.S. at 415, 421 (Determining obviousness requires an "expansive and flexible approach" for determining motivation to combine and not "[r]igid preventative rules that deny factfinders recourse to common sense[.]")

- *KSR*, 550 U.S. at 427 ("Where, as here, the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors, summary judgment is appropriate.")

- *Cordis Corp. v. Medtronic Ave., Inc.*, 511 F.3d 1157, 1172 (Fed. Cir. 2008) (the proper inquiry as to whether references can be properly combined is a flexible analysis considering whether, among other factors, the prior art teaches, suggests, or motivates the claimed invention)

- *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1238 (Fed. Cir. 2010) (with respect to combining prior art references the Supreme Court "emphasized the role of 'common sense'")

- *Praxair* 890 F.3d at 1037 ("Where the level of ordinary skill in the art is high . . . and the claim applies a known solution to a known problem, it is like that the product [is] not of innovation but of ordinary skill and common sense.")

- *Daiichi Sankyo Co., Ltd. v. Apotex, Inc.*, 501 F.3d 1254, 1256 (Fed. Cir. 2007) ("Factors that may be considered in determining level of ordinary skill in the art include: (1) the

-19-

educational level of the inventor; (2) type of problems encountered in the art; (3) prior art solutions to those problems; (4) rapidity with which innovations are made; (5) sophistication of the technology; and (6) educational level of active workers in the field.")

- *Indus. Tech. Res. Inst. v. Pac. Biosci. of Cal., Inc.*, 640 F. App'x 871, 883 (Fed. Cir. 2016) ("[E]vidence of common ownership by assignment after the application filing date does not establish common ownership or an obligation to assign ownership at the time of the invention.")

- *Nox Med. EHF v. Natus Neurology Inc.*, 2018 WL 845635, at *8-9 (D. Del. Feb. 13, 2018) (patentee must come forward with evidence of common assignment at the time of invention)

- *Tokai Corp. v. Easton Enters., Inc.*, 632 F.3d 1358, 1371 (Fed. Cir. 2011) (Motivation to combine may be found "in the nature of the problem to be solved," which is "'particularly relevant with simpler mechanical technologies.'")

- *Adapt Pharma Operations Ltd. v. Teva Pharms. USA, Inc.*, 25 F.4th 1354, 1365 (Fed. Cir. 2022) ("motivation to combine may be found explicitly or implicitly in market forces; design incentives; the 'interrelated teachings of multiple patents'; 'any need or problem known in the field of endeavor at the time of invention and addressed by the patent'; and the background knowledge, creativity, and common sense of the person of ordinary skill.")

- *Adapt Pharma*, 25 F.4th at 1365 (affirming district court's holding guidance from the FDA to solve a problem is an explicit motivation to combine)

- *Adapt Pharma*, 25 F.4th at 1369 ("As to the specific factual consideration of motivation to combine, the fact finder . . . is not constrained to an expert's say-so; other documentary evidence, such as the teachings of the prior art or problems known in the field of endeavor at the time of the invention, can provide the requisite support for the court's motivation finding.")

- *C R Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372, 1384 (Fed. Cir. 2020) ("when evaluating the novelty and non-obviousness of claims, we must assign no patentable weight to the non-functional printed matter in the claims, which in this case is the information that the claimed access ports are suitable for injection at the claimed pressure and flow rate.")

- *Praxair Distribution, Inc. v. Mallinckrodt Hospital Prods. IP Ltd.*, 890 F.3d 1024, 1033 (Fed. Cir. 2018) (The patent "merely requires a medical provider to think about the information claimed in the providing information limitation of claim 1. But adding an ineligible mental process to ineligible information still leaves the claim limitation directed to printed matter. To hold otherwise would make the printed matter doctrine a dead letter, requiring no more than a 'think about it' step to give patentable weight to a claim limitation directed to information content.")

- *Praxair*, 890 F.3d at 1033 ("The printed matter doctrine thus raises an issue where the §101 patent-eligibility inquiry and the §102 and §103 novelty and non-obviousness inquiries overlap. Because claim limitations directed to mental steps may attempt to capture informational content, they may be considered printed matter lacking patentable weight in an obviousness analysis. Accordingly, a limitation that merely claims information by incorporating that information into a mental step will receive patentable weight only if the limitation is functionally related to the substrate."

-20-

- *Praxair*, 890 F.3d at 1032 ("Claim limitations directed to the content of information and lacking a requisite functional relationship are not entitled to patentable weight because such information is not patent eligible subject matter under 35 U.S.C. § 101.")

- *In re Marco Guldenaar Holding B.V.*, 911 F.3d 1157, 1161 (Fed. Cir. 2018) (finding markings on dice were printed matter not entitled to patentable weight because the addition of the markings did not "cause the die itself to become a manufacture with new functionality.")

- *In re Xiao*, 462 F. App'x 947, 948, 951 (Fed. Cir. 2011) (holding letters printed on prior art lock to be printed matter)

- *In re Anderson*, 662 F. App'x 958, 963 (Fed. Cir. 2016) (holding "for use by motorists in determining route of travel" to be unpatentable statement of intended use)

- *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1064 (Fed. Cir. 2010) (holding instructions for use corresponding to a drug to be printed matter; FDA regulations cannot provide patentable significance)

- *In re Ngai*, 367 F.3d 1336, 1338-39 (Fed. Cir. 2004) (holding instructions for using a kit to be printed matter)

- *In re Theresa*, 720 F. App'x 634, 637 (Fed. Cir. 2018) (holding symbols printed on a label to be printed matter)

- *C.R. Bard, Inc. v. Med. Components, Inc.*, 550 F. Supp. 3d 1202, 1219 (D. Utah 2021), motion to certify appeal granted, No. 2:12-CV-0003, 2021 WL 5145284 (D. Utah Nov. 4, 2021) (finding radiopaque markings/identifiers and structural features ineligible printed matter where the radiopaque markings/identifiers and structural features were used to convey to a medical practitioner that the port is power injectable.)

### b.   *Alleged Secondary Considerations*

56.    Whether the alleged secondary considerations of non-obviousness, as posed by Bard, are sufficient to defeat AngioDynamics's *prima facie* showing that claims 5, 6, 12, and 13 of the '417 Patent are obvious under 35 U.S.C. § 103.

57.    Whether the alleged secondary considerations of non-obviousness, as posed by Bard, are sufficient to defeat AngioDynamics's *prima facie* showing that claims 2 and 4 of the '460 Patent are obvious under 35 U.S.C. § 103.

58.    Whether the alleged secondary considerations of non-obviousness, as posed by Bard, are sufficient to defeat AngioDynamics's *prima facie* showing that claims 3, 5, 9, and 11 of the '478 Patent are obvious under 35 U.S.C. § 103.

59.     A court also considers in its obviousness analysis secondary considerations of nonobviousness that may bear on the issue of whether the claimed invention would have been obvious. For objective evidence of secondary considerations to be accorded substantial weight, its proponent must establish a nexus between the evidence and the merits of the claimed invention. Where the offered secondary consideration actually results from something other than what is both claimed and novel in the claim, there is no nexus to the merits of the claimed invention.

60.     Whether Bard has established a substantial nexus between the purported evidence of non-obviousness and the merits of the claimed invention with respect to the following considerations:

1) The absence of near-simultaneous invention of the invention of the Patents-in- Suit;
2) Alleged commercial success of the invention of the Patents-in-Suit;
3) Alleged long-felt, unmet need in the art that was satisfied by the invention of the Patents-in-Suit;
4) Alleged failure of others to make the invention of the Patents-in-Suit;
5) Alleged copying of the inventions of the Patents-in-Suit;
6) Alleged unexpected results achieved by the invention of the Patents-in-Suit;
7) Alleged initial skepticism of the invention of the Patents-in-Suit; and
8) Alleged praise of the invention of the Patents-in-Suit by AngioDynamics and those in the field.

**Citations:**

- pre-AIA 35 U.S.C. § 103

- *KSR International Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007)

- *In re Huai-Hung Kao*, 639 F.3d 1057, 1068 (Fed. Cir. 2011) ("But there is a more fundamental requirement that must be met before secondary considerations can carry the day. For objective evidence of secondary considerations to be accorded substantial weight, its proponent must establish a nexus between the evidence and the merits of the claimed invention. Where the offered secondary consideration actually results from something other than what is both claimed and novel in the claim, there is no nexus to the merits of the claimed invention.")

- *Graham v. John Deere Co.*, 383 U.S. 1 (1966)

- *Aventis Pharma S.A. v. Hospira, Inc.*, 743 F. Supp. 2d 305, 344 (D. Del. 2010), *aff'd*, 675 F.3d

1324 (Fed. Cir. 2012) ("Once a *prima facie* case of obviousness has been established, the burden shifts to the applicant to come forward with evidence of secondary considerations of non-obviousness to overcome the prima facie case.")

- *Novartis AG v. Torrent Pharms. Ltd.*, 853 F.3d 1316, 1331 (Fed. Cir. 2017) (secondary considerations must have a substantial nexus to the "merits of the claimed invention")

- *In re Kao*, 639 F.3d 1057, 1068 (Fed. Cir. 2011) ("Where the offered secondary consideration actually results from something other than what is both claimed and novel in the claim, there is no nexus to the merits of the claimed invention.")

- *Tokai Corp. v. Easton Enters., Inc.*, 632 F.3d 1358, 1369 (Fed. Cir. 2011) ("If commercial success is due to an element in the prior art, no nexus exists.")

- *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1312 (2006) ("[I]f the feature that creates the commercial success was known in the prior art, the success is not pertinent.")

- *Geo. M. Martin Co. v. Alliance Mach. Sys. Int'l LLC*, 618 F.3d 1294,1305 (Fed. Cir. 2010) (near- simultaneous invention, "occurring only a year later than the earliest possible reduction-to practice date of the claimed invention," was strong evidence of obviousness)

- *Colum. Univ. v. Illumina, Inc.*, 620 F. App'x 916 (Fed. Cir. 2015) (it is irrelevant that the evidence of near simultaneous invention is not itself "prior art")

- *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1344 ([W]here a claimed invention represents no more than the predictable use of prior art elements according to established functions, as here, evidence of secondary indicia are frequently deemed inadequate to establish non-obviousness.")

- *Western Union Co. v. MoneyGram Payment Sys., Inc.*, 626 F.3d 1361, 1373 (Fed. Cir. 2010) (weak secondary considerations generally do not overcome a strong prima facie case of obviousness)

- *ClassCo, Inc. v. Apple, Inc.,* 838 F.3d 1214, 1222-23 (Fed. Cir. 2016) ("While the Board erred in giving ClassCo's evidence of nonobviousness no weight, we nonetheless agree that the value this evidence possesses in establishing nonobviousness is not strong in comparison to the findings and evidence regarding the prior art under the first three *Graham* factors.")

- *Great Brands LLC v. Kellogg N. Am. Co.*, 869 F.3d 1336 (Fed. Cir. 2017) (Affirming the district court's finding that the secondary considerations did not "require a legal conclusion of nonobviousness" "given the strength of the record on those elements, including the simplicity of the technology and combination at issue, the recognized problem of resealing for cookie packaging, and the strong teaching of the prior art just before the claimed priority date."

- *Adapt Pharma Operations Ltd. v. Teva Pharms. USA, Inc.*, 25 F.4th 1354, 1372 (Fed. Cir. 2022) ("[A] strong showing of obviousness may stand 'even in the face of considerable evidence' of objective indicia.")

- *ZUP, LLC v. Nash Mfg.*, Inc., 896 F.3d 1365, 1374 (Fed. Cir. 2018): ("Obviousness is ultimately a legal determination, and a strong showing of obviousness may stand 'even in the face of considerable evidence of secondary considerations.'")

- *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010) ("secondary

considerations of nonobviousness—considered here by the district court—simply cannot overcome a strong prima facie case of obviousness.")

- *McNeil-PPC, Inc. v. L. Perrigo Co.,* 337 F.3d 1362, 1370 (Fed. Cir. 2003) (affirming district court's finding that the "launch[ing] a massive marketing and advertising campaign in connection with the launch of [an embodying product] obscur[ed] any nexus that might have existed between the merits of the product and its commercial success.")

- *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 683 F.3d 1356, 1363 (Fed. Cir. 2012) (affirming district court's decision that plaintiff failed to adequately establish nexus between the alleged commercial success and the claimed invention when the documents showed other aspects, including marketing efforts which may have contributed to the commercial success

- *In re DBC*, 545 F.3d 1373, 1384 (Fed. Cir. 2008) (affirming Board's decision of obviousness when Patentee could not demonstrate a nexus of commercial success and claimed product as other factors such as "marketing efforts employed" may have contributed to the rise in sales and how much of the success was a result of "aggressive network marketing" was unexplained by appellant.

- *Geo. M. Martin Co. v. All. Mach. Sys. Int'l LLC*, 618 F.3d 1294, 1304 (Fed. Cir. 2010) (providing that evidence of commercial success "carries little weight" where it may be ascribed to "pre-existing market share").

- *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1329 (Fed. Cir. 2016) (The presumption of nexus is rebuttable: a patent challenger may respond by presenting evidence that shows the proffered objective evidence was due to extraneous factors other than the patented invention. Such extraneous factors include additional unclaimed features and external factors, such as improvements in marketing.)

- *In re Paulsen*, 30 F.3d 1475, 1482 (Fed. Cir. 1994) (finding there was insufficient showing of "commercial success, copying, and professional recognition experienced by [embodying product] probative of the nonobviousness of the inventions" because "[i]t has not been shown that such evidence is relevant to a computer within the scope of these claims, *i.e.,* that it is attributable to the inventions of these claims, rather than to extraneous factors such as advertising and marketing.")

### 4.    Non-Enablement under Section 112

61.    Whether the specification fails to enable the claim terms "identifiable feature"/"radiographic feature" under 35 U.S.C § 112.

62.    Whether the specification fails to enable the claim terms "radiographic marker"/"radiographic feature" under 35 U.S.C § 112.

63.    Whether the specification fails to enable the claim terms "power-injectable vascular access port" under 35 U.S.C § 112.

64. Whether the recitation of the open-ended ranges "at least 1 milliliter per second" and "at least 35 psi" renders the Asserted Claims non-enabled under 35 U.S.C § 112.

65. Whether claims 5, 6, 12, and 13 of the '417 Patent are invalid for failing to meet the enablement/written description requirements under 35 U.S.C § 112.

66. Whether claims 2 and 4 of the '460 Patent are invalid for failing to meet the enablement/written description requirements under 35 U.S.C § 112.

67. Whether claims 3, 5, 9, and 11 of the '478 Patent are invalid for failing to meet the enablement/written description requirements under 35 U.S.C § 112.

**Citations:**

- 35 U.S.C. § 112
- *In re Wright*, 999 F.2d 1557, 1561 (Fed. Cir. 1993) (The specification must provide a sufficient description of the claimed invention to enable a person of ordinary skill in the art ("POSITA") to make and use the claimed invention without "undue experimentation.")
- *Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371, 1378 (Fed. Cir. 2007) (the specification must describe (a) how to make the claimed invention and (b) how to use it)
- *W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1556 (Fed. Cir. 1983) (enablement is determined based on the specification's adequacy at the time the application is filed, not at some later time)
- *Enzo Life Sci., Inc. v. Gen-Probe Inc.*, 2017 WL 2829625, at \*5-7 (D. Del. June 28, 2017) (finding "extremely broad" claims non-enabled, despite example embodiments)
- *Auto. Techs. Int'l, Inc. v. BMW of N. Am., Inc.*, 501 F.3d 1283 (Fed. Cir. 2007) ("It is the specification, not the knowledge of one skilled in the art, that must supply the novel aspects of an invention in order to constitute adequate enablement. Although the knowledge of one skilled in the art is indeed relevant, the novel aspect of an invention must be enabled in the patent.")
- *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1365 (Fed. Cir. 1997) ("Whether making and using the invention would have required undue experimentation, and thus whether the disclosure is enabling, is a legal conclusion based upon several underlying factual inquiries.")
- *Genentech*, 108 F.3d at 1366 ("Patent protection is granted in return for an enabling disclosure of an invention, not for vague intimations of general ideas that may or may not be workable.")
- *MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.*, 687 F.3d 1377, 1383-85 (Fed. Cir. 2012) (claims reciting "open-ended" ranges are invalid as non-enabled when the specification fails to enable the full scope of the open-ended range)

- *Promega Corp. v. Life Techs. Corp.*, 773 F.3d 1338, 1349 (Fed. Cir. 2014) ("And as in *MagSil*, we need not delineate the precise boundary at which [the patentee's] claims are no longer enabled.")
- *Gevo, Inc. v. Butamax Advanced Biofuels LLC*, C.A. No. 13-576-SLR, 2013 WL 3914467, at *16 (D. Del. July 26 2013) (invalidating open-ended range under *MagSil* that recited the same "at least" recitation)

## 5.   Improper Inventorship

68.   An inventor of a patent is who conceived the subject matter recited in a claim in an application or patent.

69.   Whether one or more person(s) who made a contribution to the conception of the claims of the '417 Patent was not named as an inventor on the '417 Patent.

70.   Whether one or more person(s) who made a contribution to the conception of the claims of the '460 Patent was not named as an inventor on the '460 Patent.

71.   Whether one or more person(s) who made a contribution to the conception of the claims of the '478 Patent was not named as an inventor on the '478 Patent.

72.   Whether one or more person(s) was named as an inventor on the '417 Patent when he/she did not make a meaningful contribution to the conception of any of the claims of the '417 Patent.

73.   Whether one or more person(s) was named as an inventor on the '460 Patent when he/she did not make a meaningful contribution to the conception of any of the claims of the '460 Patent.

74.   Whether one or more person(s) was named as an inventor on the '478 Patent when he/she did not make a meaningful contribution to the conception of any of the claims of the '478 Patent.

75.   In the case inventorship is improper for one or more of the Asserted Patents, whether Bard satisfied its burden of showing that it made a mistake, without deceptive intent, in failing to

include a named inventor or in naming a non-inventor.

**Citations:**

- pre-AIA 35 U.S.C. § 102(f)

- 35 U.S.C. § 256

- *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1461-62 (Fed. Cir. 1998) (determining that co- inventor was improperly omitted as a named inventor)

- *Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997) (applying "clear and convincing evidence" standard to inventorship claims and finding plaintiff who offered suggestions to named inventors was not an inventor)

- *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998) ("If a patentee demonstrates that inventorship can be corrected as provided for in section 256, a district court must order correction of the patent, thus saving it from being rendered invalid.")

- *Sewall v. Walters*, 21 F.3d 411, 415 (Fed. Cir. 1994)

### C. Conception and Reduction to Practice of the Invention

76. Whether Bard has satisfied its burden of proving that it conceived of each and every limitation of each of the Asserted Claims, including each and every limitation of the antecedent independent claims, before April 25, 2006.

77. Whether Bard has satisfied its burden of corroborating its alleged activities constituting conception of each and every limitation of each of the Asserted Claims, including each and every limitation of the antecedent independent claims.

78. Whether Bard has satisfied its burden of proving diligent reduction-to-practice of each and every limitation of the Asserted Claims, including each and every limitation of the antecedent independent claims.

79. To the extent Bard does not rely on a theory of constructive reduction-to-practice, whether Bard has satisfied its burden of corroborating its alleged activities constituting reduction-to- practice with respect to each and every limitation of the Asserted Claims, including each and every limitation of the antecedent independent claims.

80. Whether Bard has satisfied its burden of proving reasonable diligence throughout

the entire period between its alleged conception activities and its alleged reduction-to-practice activities with respect to each and every limitation of the Asserted Claims, including each and every limitation of the antecedent independent claims.

81.     Whether Bard has satisfied its burden of corroborating its alleged activities constituting diligence with respect to each and every limitation of the Asserted Claims, including each and every limitation of the antecedent independent claims.

**Citations:**

- Pre-AIA 35 U.S.C. § 102(e)
- Pre-AIA 35 U.S.C. § 102(g)
- *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1329 (Fed. Cir. 2008) (Once a validity challenger "has introduced sufficient evidence to put at issue whether there is prior art to anticipate the claims being asserted, prior art that is dated earlier than the apparent effective date of the asserted patent claim, the patentee has the burden of going forward with evidence and argument to the contrary.")
- *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1305-06 (Fed. Cir. 2008) ("The district court therefore correctly placed the burden on [the patentee] to come forward with evidence to prove entitlement to claim priority to an earlier filing date.")
- *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1322 (Fed. Cir. 2013) (the patentee has the "burden of *production* . . . to prove entitlement to an earlier invention date")
- *Proctor & Gamble Co. v. Teva Pharms. USA, Inc.*, 566 F.3d 989, 999 (Fed. Cir. 2009) (reasoning that patentee failed to provide "adequate corroborating evidence of an earlier invention date")
- *In re Steed*, 802 F.3d 1311, 1317, 1320 (Fed. Cir. 2015) (to establish diligence, the patentee must be specific as to date and facts)
- *Gould v. Schawlow*, 363 F.2d 908, 919 (C.C.P.A. 1966) (the patentee must also provide such dates and facts for the entire period during which diligence is required)
- *Round Rock Research, LLC v. Sandisk Corp.*, 82 F. Supp. 3d 339, 349, 354-55 (D. Del. 2015) (the party alleging prior invention must also be able to show diligence from a date just prior to the other party's conception to the date of reduction to practice by the party first to conceive)

    **D.     Purported Damages**

        **1.     Post Complaint Damages**

96.     Whether Bard has proven entitlement to damages by a preponderance of the evidence.

97.     Whether Bard is seeking a legally prohibited disgorgement of profit.

98.     Whether Bard has failed to propose a theory based on a proper reasonable royalty.

99.     Whether Bard has failed to apportion its damages demand to the value attributable to the actual patented improvement recited in the Asserted Claims.

100.    Whether Bard has violated the entire market value exception to damages.

101.    Whether Bard has failed to prove that the actual patented improvement recited in the Asserted Claims actually drives demand for the Accused Products or the kits in which the Accused Products are sold.

102.    Whether Bard has failed to properly account for the value of the non-patented elements of AngioDynamics's ports and kits.

103.    Whether Bard has failed to properly account for the value of the intangible assets associated with AngioDynamics's ports and kits, including but not limited to FDA approval for power injection and AngioDynamics's trademarks and house brands.

104.    Whether Bard has failed to properly account for the value of AngioDynamics's technological features associated with the Accused Products, including Vortex, BioFlo, and PASV.

105.    Whether Bard has failed to properly account for the value of the conventional structure and functions incorporated in the Accused Products.

106.    Whether a reasonable royalty for the Asserted Patents should take the form of a lump sum payment or a running royalty.

107.    Whether Bard has satisfied its burden of proving that AngioDynamics actually knew of the '951 Publication before July 2, 2013, and if so when.

108.    When the hypothetical negotiation for the Asserted Patents would have occurred.

109.    Whether Bard has failed to satisfy its burden of proving that not even one of the multiple non-infringing alternatives would be available at the time of the hypothetical negotiation for the Asserted Patents.

110.     Whether Bard has failed to satisfy its burden of proving that not even one of the multiple non-infringing alternatives would be acceptable at the time of the hypothetical negotiation for the Asserted Patents.

111.     To the extent damages are awarded, the amount of damages that must be removed in view of Bard's admission that it failed to adequately mark the '417 and '460 Patents before filing suit.

112.     To the extent damages are awarded, whether the damages awarded for the period between August 12, 2014 and the filing of suit are reasonable in view of the fact that the '478 Patent is at most used in a *de minimis* fashion.

113.     To the extent damages are awarded, whether the amount of Bard's proposed monetary damages award is supported by substantial evidence and controlling legal authority.

**Citations:**

- *Ga.-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified*, 446 F.2d 295 (2d Cir. 1971)

- *Uniloc U.S.A., Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315 (Fed. Cir. 2011) (the patentee "bears the burden of proving damages" with reasonable certainty)

- *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010) (the patentee must "carefully tie proof of damages" to the patented invention)

- *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1327 (Fed. Cir. 2014) (When the "smallest salable unit is, in fact, a multi-component product containing several non-infringing features with no relation to the patented feature," damages experts must apportion out the value that is not "attributable to the patented technology")

- *LaserDynamics, Inc. v. Quanta Comp., Inc.*, 694 F.3d 51, 68 (Fed. Cir. 2012) ("It is not enough to merely show" that the patented invention is "valuable, important, or even essential" to the accused product; "[w]ere this sufficient, a plethora of features . . . could be deemed to drive demand for the entire product.")

- *Exmark Mfg. Co. v. Briggs & Stratton Prods. Grp. LLC*, 879 F.3d 1332 (Fed. Cir. 2018) (the patentee fundamentally errs by failing to apportion damages to the value of the patented invention)

- *Exmark*, 879 F.3d at 1350 ("We are skeptical that other patented components of the mower bear no relation to . . . [its] overall value[.]")

- *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1311 (Fed. Cir. 2018) ("[A]dditional

apportionment is still required" when the "smallest salable unit . . . contains non-infringing features")

- *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1373 (Fed. Cir. 2021) (affirming the district court's grant of motion to exclude expert opinion on reasonable royalty because expert did not properly apportion either the royalty base or the royalty rate to account for the patented technology)

- *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 974 (vacating damages award when expert made "methodological and factual errors in analyzing the comparable license agreements" by improperly determining the Asserted Patents were "key" when weighing their value in the licensed portfolio)

- *Omega Pats., LLC v. CalAmp Corp.*, 13 F.4th 1361, 1377 (Fed. Cir. 2021) (rejecting patent owner's argument that there was no need to apportion damages because the infringing products "have no component parts outside what is found in the [asserted patent]" because there was "no question" that the infringing product had conventional components which must be separated from the patented improvement when calculating damages for a multicomponent product)

- *Omega Pats., LLC v. CalAmp Corp.*, 13 F.4th 1361, 1378-80 (Fed. Cir. 2021) (vacating damages award for failure to apportion when patent owner failed to present sufficient evidence that the patented feature alone created the basis for customer demand or substantially created the value of the component parts )

-  *Omega Pats., LLC v. CalAmp Corp.*, 13 F.4th 1361, 1379-80 (Fed. Cir. 2021) (built-in apportionment based on comparable license theory was not supported when patent owner "failed to adequately account for substantial 'distinguishing facts' between the proffered licenses" which consisted of several patents and the "hypothetical negotiation" for a single patent license)

- *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 904 F.3d 965, 978, 980 (Fed. Cir. 2018) (vacating damages award based on entire market value because evidence that "[patented feature] was essential to many customers" because "it allowed the products to meet the federal government's Energy Star program" coupled with "evidence that some customers asked for the [patented feature,] . . . that products with the [patented feature] outsold other products, and that technical marketing materials promoted the [patented feature]" was insufficient to invoke the entire market rule rather than apportion for only the patented portion of the product when parties agreed that the accused products contained other valuable features as well)

- *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 904 F.3d 965, 978,(Fed. Cir. 2018) (patent holder bears the burden of proof to show patented feature is the sole driver of customer demand for embodying product, warranting invoking entire market rule over apportionment of damages based on only patented feature)

- *California Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 993 (Fed. Cir. 2022) (vacating damages award because expert provided improper theory based on a two-tier approach for the hypothetical negotiation)

- *Sonos, Inc. v. D & M Holdings Inc.*, 297 F. Supp. 3d 501, 516–17 (D. Del. 2017) (excluding damages expert opinions at trial because "opinion as to the amount of a reasonable royalty" for the [patented product] is methodologically unsound"  when expert "neither considered the

value of the allegedly infringing features in relation to the product as a whole, nor showed that those features alone drive consumer demand")

- *Shure Inc. v. ClearOne, Inc.,* No. CV 19-1343-RGA-CJB, 2021 WL 4748744, at *2 (D. Del. Oct. 8, 2021), *objections overruled,* No. CV 19-1343-RGA, 2021 WL 4973981 (D. Del. Oct. 26, 2021) (granting motion to exclude damages calculation based on "total profit for a bundle that includes [product] instead of just doing so for the [product] itself.")

- *Kewazinga Corp. v. Microsoft Corp.,* No. 1:18-CV-4500-GHW, 2021 WL 4066597, at *22 (S.D.N.Y. Sept. 1, 2021) (excluding expert testimony for failure to apportion between patented and unpatented features which lead to an "overinflated" result)

- *CSIRO v. Cisco Sys., Inc.*, 809 F.3d 1295, 1305 (Fed. Cir. 2015) (the "value" of patented technology "is distinct from any value that artificially accrues to the patent due to the standard's adoption")

- *Microsoft Corp. v. Motorola, Inc.*, 2013 WL 2111217, at *19 (W.D. Wash. Apr. 25, 2013) ("[The] parties to a hypothetical negotiation . . . would consider alternatives that could have been" selected "instead of the patented technology.")

- *Aro Mfg Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 505 (1964) (In 1946, Congress amended the patent statute "precisely to eliminate the recovery" of an accused infringer's "profits")

- *GM Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983) (disgorgement of profits is not an available measure of damages for utility patents)

- *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009) (hypothetical negotiation occurs at or about the time of first infringement)

- *Carl Zeiss Vision Int'l Gmbh v. Signet Armorlite, Inc.*, 2010 WL 11442890, at *1-2 (S.D. Cal. May 10, 2010) (uncertainty factors cannot be applied in damages calculations)

- *Audio MPEG, Inc. v. Dell, Inc.*, No. 2:15-cv-00073-MSD-RJK, Op. & Order (E.D. Va. Oct. 6, 2017), ECF No. 863

- *Presido Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1380 (Fed. Cir. 2017) ("To prove the absence of acceptable, noninfringing alternatives, the patentee may prove either that the potential alternative was not acceptable to potential customers or was not available at the time.")

- *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1364 (Fed. Cir. 2008) (quoting *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1373 (Fed. Cir. 1991) ("A product on the market which lacks the advantages of the patented product can hardly be termed a substitute acceptable to the customer who wants those advantages. Accordingly, if purchasers are motivated to purchase because of particular features available only from the patented product, products without such features—even if otherwise competing in the marketplace—would not be acceptable noninfringing substitutes.")

- *Salazar v. HTC Corp.*, 2:16-cv-01096-JRG-RSP, ECF No. 213 (E.D. Tex., Mar. 28, 2018) (the patentee bears the burden of disproving noninfringing alternatives in the reasonable royalty context)

- *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1333 (Fed. Cir. 2009) (overturning damages award when "[n]o evidence" demonstrated the frequency of use)

- *Nike, Inc. v. Wal–Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998) (damages awards must be reduced commensurate with the patentee's failure to mark)
- *Salazar v. HTC Corp.*, No. 216CV01096JRGRSP, 2018 WL 2033709, at *3 (E.D. Tex. Mar. 28, 2018) ("[O]nly by comparing the patented invention to its next-best available alternative(s) . . . can the court discern the market value of the patent owner's exclusive right, and therefore his expected profit or reward.")

### 2.   Alleged Entitlement to Provisional Rights Damages under 35 U.S.C. § 154(d)

114.   Whether Bard admitted that it failed to mark its embodying port products with the '417 Patent in accordance with 35 U.S.C. §§ 154(d), 287, which thereby precludes the grant of provisional rights damages.

115.   Whether Bard has shown that its deliberate deletion of the term "about," which Bard made to overcome an unpatentability rejection, changed the scope of the pending claims, such that the scope of the claims as issued in the '417 Patent is not substantially identical to the scope of the claims as published in U.S. Patent Publication No. 2009/0227951 (the "'951 Publication") in accordance with 35 U.S.C. § 154(d).

116.   Whether Bard has shown that its disclaimer of any claim scope where one feature/attribute corresponds to both the first and second identifiable feature, which Bard made to overcome an unpatentability rejection, did not change the scope of the pending claims, such that the scope of the claims as issued in the '417 Patent is not substantially identical to the scope of the claims as published in the '951 Publication in accordance with 35 U.S.C. § 154(d).

117.   Whether Bard has proven actual knowledge of the '951 Publication by a preponderance of the evidence.

118.   Whether Bard is barred from seeking provisional rights damages because it does not seek a reasonable royalty, as specified in 35 U.S.C. § 154(d).

119.   Whether Bard is estopped from seeking damages under 35 U.S.C. § 154(d) for failing to raise alleged entitlement to so-called provisional rights damages until after the substantial

close of fact discovery.

**Citations:**

- 35 U.S.C. § 154(d)

- 35 U.S.C. § 287(a)

- *Arctic Cat Inc. v. Bombardier Recreational Prods.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (failing to mark is an absolute bar on pre-notice damages)

- *Dunlap v. Schofield*, 152 U.S. 244, 247-48 (1894) (marking is an absolute requirement that cuts off damages when not done)

- *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, (when Congress intends to create an exception, it makes its intent explicit in the patent statute)

- *Rosebud LMS Inc. v. Adobe Sys. Inc.*, 812 F.3d 1070, 1073 (Fed. Cir. 2016) (Provisional rights under 35 U.S.C. § 154(d) "is a narrow exception" to the rule that patentees "may only collect damages for patent infringement that takes place during the term of the patent.")

- *Rosebud*, 812 F.3d at 1073 (Fed. Cir. 2016) (rejecting alleged provisional rights damages because "constructive notice" is not sufficient for proving actual notice)

- *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998) ("[C]laims are 'identical' to their original counterparts if they are 'without substantive change.'")

- *Laitram*, 163 F.3d at 1348 ("[I]t is difficult to conceive of many situations in which the scope of a rejected claim that became allowable when amended is not substantively changed by the amendment.")

- *Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 950 (Fed. Cir. 2006) (courts must give full "effect to all terms in the claims")

- *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1341 (Fed. Cir. 2015) (claims are indefinite when the specification fails to explain what a recited claim term means)

- *Quantum Corp. v. Rodime, PLC*, 65 F.3d 1577, 1581 (Fed. Cir. 1995) (adding the term "approximately" changed the scope of the pending claims)

- *Sloan Valve Co. v. Zurn Indus. Inc.*, No. 10 C 204, 2012 WL 5306287, at *4 (N.D. Ill. Oct. 26, 2012) (Provisional rights are unavailable unless the patentee seeks (i) a reasonable royalty and proves (ii) that the claims included in a published patent application are substantially identical to those that later issue in the granted patent, and (iii) that the patentee had actual notice of the published patent application.)

- *Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211, 1218 (Fed. Cir. 1995) (term "about" changed scope of recited range)

- *Modine Mfg. Co. v. ITC*, 75 F.3d 1545, 1554 (Fed. Cir. 1996) ("Such broadening usages as 'about' must be given reasonable scope[.]")

- *Seachange Int'l, Inc. v. C-COR, Inc.*, 413 F.3d 1361, 1372-73 (Fed. Cir. 2005) ("Where an applicant argues that a claim possesses a feature that the prior art does not possess in order to overcome a prior art rejection, the argument may serve to narrow the scope of otherwise

broad claim language.")

- *Seattle Box Co. v. Indus. Crating & Pkg'g Inc.*, 731 F.2d 818, 828 (Fed. Cir. 1984) (changing "greater than" to "substantially equal to or greater than" broadened the claims)
- *N. Am. Container, Inc. v. Plastipak Pkg'g Inc.*, 415 F.3d 1335, 1345 (Fed. Cir. 2005) (patentee sought to "overcome an obviousness rejection" by contending that the claims did not require "inner walls that [were] slightly concave," as the examiner had demonstrated in the art, thereby limiting the claims by disclaimer "to inner walls . . . with no concavity")

### E.    Equitable Issues
#### 1.    Inequitable Conduct

120.    Whether any of Bard's employees, whether acting through C.R. Bard ("CRB"), or Bard Peripheral Vascular ("BPV") including (i) in-house counsel Erik Ence, and (ii) inventors Kelly Powers,

121.    Jim Beasley, Kevin Sheetz and Ed Burnside had a duty of candor and good faith with respect to the prosecution of the Asserted Patents at the USPTO.

122.    Whether any of Bard's outside lawyers including the prosecuting attorney from Rutan & Tucker, Todd Wight, had a duty of candor and good faith with respect to the prosecution of the Asserted Patents at the USPTO.

123.    Whether any of the aforesaid Bard employees and outside lawyers with a duty of candor and good faith, whether acting through CRB or BPV withheld material information from the USPTO.

124.    Whether any of the aforesaid Bard employees and outside lawyers with a duty of candor and good faith, whether acting through CRB or BPV misrepresented material facts to the USPTO.

125.    Whether any of the aforesaid Bard employees and outside lawyers with a duty of candor and good faith, whether acting through CRB or BPV submitted false information to the USPTO.

126.    Whether Bard employee or outside lawyer, whether acting through CRB or BPV

acted with intent to deceive the USPTO.

127.     Whether any of the aforesaid Bard employees and outside lawyers with a duty of candor and good faith, whether acting through CRB or BPV acted with intent to deceive the USPTO.

128.     Whether Bard's (whether acting through Bard's aforesaid employees or outside lawyers) litigation misconduct—namely, its misrepresentation about inventing power injection, inventing special "power injectable" port identifiers, deliberate deception regarding purportedly embodying products, and deliberate assertion of invalid patents—evidences egregious litigation misconduct sufficient to show an intent to deceive.

129.     Whether Bard (whether acting through Bard's aforesaid employees or outside lawyers) unreasonably continued to litigate the Asserted Claims against AngioDynamics knowing that the open-ended ranges "at least 1 milliliter per second" and "at least 35 psi" were invalid under *MagSil* in view of the USPTO's rejections and Bard's subsequent amendments during the prosecution of U.S. App. No. 14/455,660 (the "'660 Application").

130.     Whether Bard's (whether acting through Bard's aforesaid employees or outside lawyers) failure to disclose (1) the full scope of its prior art Adult Titanium port; (2) its knowledge that the prior art Port-A-Cath port was power injectable—as demonstrated by Carson, Gebauer, and the Wayne Memorial Protocol; (3) its knowledge that the Vortex port was power injectable as evidenced by Bard's Power Port Product Opportunity Appraisal; and (4) the Herts prior art reference was material to the patentability of one or more of the Asserted Claims, and whether such acts evidence intent to deceive the USPTO.

131.     Whether Bard's (whether acting through Bard's aforesaid employees or outside lawyers) failure to disclose the proper inventors for the Asserted Patents, including but not limited to Steven Tallarida, was material to the patentability of one or more of the Asserted Claims, and

whether such acts evidence intent to deceive the USPTO.

132.    Whether Bard's (whether acting through Bard's aforesaid employees or outside lawyers) failure to disclose the statements it made in K060812 to the USPTO during the prosecution of the Asserted Patents was material to the patentability of one or more of the Asserted Claims, and whether such acts evidence intent to deceive the USPTO.

133.    Whether Bard's (whether acting through Bard's aforesaid employees or outside lawyers) failure to disclose the testing summaries it disclosed in K060812 to the USPTO during the prosecution of the Asserted Patents was material to the patentability of one or more of the Asserted Claims, and whether such acts evidence intent to deceive the USPTO.

134.    Whether Bard's (whether acting through Bard's aforesaid employees or outside lawyers) failure to disclose its market testing relevant to power-injectable ports during the prosecution of the Asserted Patents was material to the patentability of one or more of the Asserted Claims, and whether such acts evidence intent to deceive the USPTO.

135.    Whether the conduct of CRB is attributable to BPV as CRB's successor-in-interest to the Asserted Patents.

136.    Whether BPV acted with the specific intent to deceive the USPTO based on its conduct in this litigation.

137.    Whether BPV and/or CRB acted with the specific intent to deceive the USPTO.

138.    Whether individuals owing a duty of candor, whether acting through Bard's aforesaid employees or outside lawyers, or any other related entities, have breached their duty of candor by (i) making false claims to priority, and (ii) misrepresenting and withholding material information, each of which would have precluded issuance of any or all of the Asserted Patents.

139.    Whether, as sole plaintiff, BPV is liable, at least in part, for the consequences for the acts of CRB or any other related entity. Whether Bard's claims for infringement of the Patents-

in- Suit are barred by the doctrine of inequitable conduct.

**Citations:**

- *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) ("To prevail on a claim of inequitable conduct, the accused infringer must prove that the patentee acted with the specific intent to deceive the PTO.")

- *Therasense*, 649 F.3d at 1288 ("Unlike validity defenses, which are claim specific, *see* 35 U.S.C. § 288, inequitable conduct regarding any single claim renders the entire patent unenforceable.")

- *Therasense*, 649 F.3d at 1290 ("In other words, the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it.")

- *Therasense*, 649 F.3d at 1290 ("[A] district court may infer intent from indirect and circumstantial evidence.")

- *Regeneron Pharms. v. Merus N.V.*, 864 F.3d 1343, (Fed. Cir. 2017) ("Unlike validity defenses, which are claim specific, inequitable conduct regarding a single claim renders the entire patent unenforceable.")

- *Regeneron*, 864 F.3d at 1350 ("Inequitable conduct has two separate requirements: materiality and intent.")

- *Regeneron*, 864 F.3d at 1356 (finding materiality based on "Regeneron's litigation misconduct")

- *Consolidated Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 809–812 (Fed. Cir. 1990) (unclean hands and inequitable conduct doctrine applied to patents issuing after the patent that was found to be unenforceable due to inequitable conduct)

## 2.     Unclean Hands and Equitable Estoppel

140.     Whether Bard's claims for infringement of the Patents-in-Suit are barred due to the doctrines of unclean hands.

141.     Whether Bard's claims for infringement of the Patents-in-Suit are barred due to the doctrine of equitable estoppel.

142.     Whether Bard's (whether acting through CRB or BPV) litigation misconduct—namely, its misrepresentation about inventing power injection, inventing special "power injectable" port identifiers, deliberate deception regarding purportedly embodying products, and deliberate assertion of invalid patents—evidences egregious litigation misconduct sufficient to show an intent to deceive.

143.     Whether Bard (whether acting through CRB or BPV) unreasonably continued to litigate the Asserted Claims against AngioDynamics knowing that the open-ended ranges "at least 1 milliliter per second" and "at least 35 psi" were invalid under *MagSil* in view of the USPTO's rejections and Bard's subsequent amendments during the prosecution of U.S. App. No. 14/455,660.

144.     Whether Bard's (whether acting through CRB or BPV) failure to disclose the full (1) the full scope of its prior art Adult Titanium port; (2) its knowledge that the prior art Port-A-Cath port was power injectable as demonstrated by Carson, Gebauer, and the Wayne Memorial Protocol;(3) its knowledge that the Vortex port was power injectable as evidenced by Bard's Power Port Product Opportunity Appraisal; and (4) the Herts prior art reference constitutes unclean hands.

145.     Whether Bard's (whether acting through CRB or BPV) failure to disclose the proper inventors for the Asserted Patents, including but not limited to Steven Tallarida, constitutes unclean hands.

146.     Whether Bard's (whether acting through CRB or BPV) failure to disclose the statements it made in K060812 to the USPTO during the prosecution of the Asserted Patents constitutes unclean hands.

147.     Whether Bard's (whether acting through CRB or BPV) failure to disclose the testing summaries it disclosed in K060812 to the USPTO during the prosecution of the Asserted Patents constitutes unclean hands.

148.     Whether Bard's (whether acting through CRB or BPV) failure to disclose its market testing relevant to power-injectable ports during the prosecution of the Asserted Patents constitutes unclean hands.

149.     Whether BPV's conduct in this litigation is relevant to the question of whether it acted with the specific intent to deceive the USPTO.

**Citations:**

- *Gilead Sciences, Inc. v. Merck & Co., Inc.*, 888 F.3d 1231 (Fed. Cir. 2018) ("We conclude that the district court made findings that have adequate support in the evidence and that, taken together, justify the equitable determination of unclean hands as a defense to enforcement in this case.")

- *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933) (A determination of unclean hands may be reached when "misconduct" of a party seeking relief "has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation," *i.e.*, "for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court.")

- *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806-814-15 (1945) (Unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant," and requires that claimants "have acted fairly and without fraud or deceit as to the controversy in issue.")

- *Consolidated Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 809–812 (Fed. Cir. 1990) (unclean hands doctrine applied to patents issuing after the patent that was found to be unenforceable due to inequitable conduct)

- *Regeneron Pharms. v. Merus N.V.*, 864 F.3d 1343, (Fed. Cir. 2017) ("Unlike validity defenses, which are claim specific, inequitable conduct regarding a single claim renders the entire patent unenforceable.")

### 3.    Alleged Willfulness

150.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics did not reasonably rely on the opinions of counsel it obtained for each of the Asserted Patents.

151.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics did not, at the time the Asserted Patents issued, have a reasonable belief as to the invalidity and/or noninfringement of the Asserted Patents.

152.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics did not act in accordance with the standards of commerce for the industry.

153.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics intentionally copied a Bard product that is allegedly covered by one or more Asserted Patent.

154.    Whether Bard has proven by a preponderance of the evidence that AngioDynamics tried to cover up any alleged acts of infringement.

155.    Whether Bard has proven by a preponderance of the evidence that it did not engage

in misconduct before the USPTO, FDA, and this Court.

156. Whether Bard has proven that AngioDynamics willfully infringed the '417 Patent by a preponderance of the evidence.

157. Whether Bard has proven that AngioDynamics willfully infringed the '460 Patent by a preponderance of the evidence.

158. Whether Bard has proven that AngioDynamics willfully infringed the '478 Patent by a preponderance of the evidence.

159. To the extent willfulness is found, whether it would be appropriate to enhance any damages awarded in accordance with 35 U.S.C. § 284—particularly, in view of Bard's misconduct before the USPTO, FDA and this Court; AngioDynamics's opinions of counsel; AngioDynamics's conviction that the Asserted Patents are invalid; the *Bard I* reexaminations; AngioDynamics much smaller size relative to Bard; Bard's contention that radiographic markers have become industry standard; and the fact that AngioDynamics never concealed any of its alleged acts.

**Citations:**

- 35 U.S.C. § 284

- *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016) (awards of enhanced damages are extraordinary in the case of egregious conduct)

- *Read Corp. v. Portex, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992) (listing nine factors for courts to consider when assessing enhanced damages: (1) whether the infringer deliberately copied a patented product; (2) whether the infringer investigated the scope of the patent and formed a good-faith belief as to invalidity or noninfringement; (3) the infringer's behavior during litigation; (4) the infringer's size and financial condition; (5) the closeness of the case; (6) the duration of alleged misconduct; (7) remedial action by the defendant; (8) the defendant's motivation; and (9) whether the defendant attempted to conceal its misconduct)

- *Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*, 2018 Wl 620968, at *7-8 (D. Del., Jan. 30, 2018) (granting summary judgment motion of no willfulness when patentee failed to prove acts supporting willful infringement)

- *Vehicle IP, LLC v. AT&T Mobility LLC*, 227 F. Supp. 3d 319, 331 (D. Del. 2016) (dismissing willfulness allegations when patentee could not show that defendant's behavior was egregious, deliberate, or wanton)

- *Greatbatch Ltd. v. AVX Corp.*, 2018 WL 1568872, at *6-7 (D. Del., Mar. 30, 2018) (refusing to award enhanced damages after reasoning that six factors weighed against enhancement)

- *Green Mountain Glass LLC v. Saint-Gobain Containers, Inc.*, 300 F.Supp.3d 610, 630 (D. Del.,2018) (refusing to award damages after balancing the *Read* factors)

### 4.    Purported Injunctive Relief

160.    Whether Bard is entitled to injunctive relief as a remedy for alleged infringement:

    a.    Whether Bard has offered sufficient evidence of irreparable harm;

    b.    Whether remedies available at law are adequate to compensate for infringement;

    c.    Whether the balance of hardships between the plaintiff and defendant warrants an injunction; and

    d.    Whether the public interest would be disserved by a permanent injection, particularly, in view of the life-saving medical devices at issue.

161.    To the extent injunctive relief is not waived and warranted, the scope and extent of any alleged injunction.

**Citations:**

- 35 U.S.C. § 283

- *eBay v. MercExcha., L.L.C.*, 547 U.S. 388 (2006)

- *Datascope Corp v. Kontron Inc.*, 786 F.2d 398, 401 (Fed. Cir. 1986) (public would be harmed because "some physicians prefer[red] defendant's" medical device)

### 5.    Whether Bard's Misconduct Makes This an "Exceptional Case"

162.    Whether this is an "exceptional case" within the meaning of 35 U.S.C. § 285 based on Bard's conduct in obtaining the Asserted Patents, its sworn statements to the FDA and USPTO, and misconduct during this litigation; if so, whether AngioDynamics, as the prevailing party, is entitled to an award of its attorneys' fees, costs, and expenses.

**Citations:**

- 35 U.S.C. § 285

- *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014) (In the context of a frivolous assertions by the patentee, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.")

- *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1359 (Fed. Cir. 2017) (exceptionality must be evaluated based on a "totality of the circumstances")

- *Bayer CropScience AG v. Dow AgroScience LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017) (upholding award of attorneys' fees to prevailing defendant in view of patentee's "litigation conduct")

- *Theresense*, 649 F.3d at 1289 ("[P]revailing on a claim of inequitable conduct often makes a case 'exceptional,' leading potentially to an award of attorneys' fees under 35 U.S.C. § 285.")

# EXHIBIT 6

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 1 | 7/2/2013 | None | U.S. Patent No. 8,475,417 (certified) | | | |
| 2 | 10/1/2013 | None | U.S. Patent No. 8,545,460 (certified) | | | |
| 3 | 8/12/2014 | None | U.S. Patent No. 8,805,478 (certified) | | | |
| 4 | | None | File History for U.S. Patent No. 8,475,417 (certified) | | | |
| 5 | | None | File History for U.S. Patent No. 8,545,460 (certified) | | | |
| 6 | | None | File History for U.S. Patent No. 8,805,478 (certified) | | | |
| 7 | 9/10/2009 | None | U.S. Patent Application Publication No. 2009/0227951 | | | |
| 8 | 11/23/2006 | None | U.S. Patent Application Publication No. 2006/0264898 | | | |
| 9 | 8/27/2009 | None | U.S. Patent Application Publication No. 2009/0216216 | | | |
| 10 | | None | Application for Provisional Letters Patent - Access Port Identification System | | | |
| 11 | | None | PowerPort Titanium kit | | | |
| 12 | | None | PowerPort M.R.I. kit | | | |
| 13 | | None | PowerPort ISP kit | | | |
| 14 | | None | Vaccess CT kit | | | |
| 15 | | None | SmartPort CT kit | | | |
| 16 | | None | SmartPort CT Low-Profile kit | | | |
| 17 | | None | SmartPort CT mini kit | | | |
| 18 | | None | Xcela Titanium kit | | | |
| 19 | | None | Xcela Plastic kit | | | |
| 20 | | None | Xcela Plus Titanium kit | | | |
| 21 | | None | Xcela Plus Plastic kit | | | |
| 22 | | None | BioFlo Titanium kit | | | |
| 23 | | None | BioFlo Plastic kit | | | |
| 24 | 6/12/2017 | None | AngioDynamics Inc.'s Responses and Objections to Bard's First Set of Requests for Admissions (Nos. 1-54) | | | |
| 25 | | None | Timothy Clark, M.D. Curriculum Vitae | | | |
| 26 | | BARD_AD_0506807 | PowerPort*Power Loc* Guidelines for CT Technologist | | | |
| 27 | | BARD_AD_0414353 - BARD_AD_0414364 | PowerPort® Implantable Port Instruction for Use | | | |
| 28 | | BARD_AD_0321309 - BARD_AD_0321314 | PowerPort* Implantable Port Feel the NEW Standard of Care brochure | | | |
| 29 | | BARD_AD_0675804 - BARD_AD_0675807 | PowerPort* Implantable Port ClearVUE When Image is Everything brochure | | | |
| 30 | | BARD_AD_1700696 - BARD_AD_1700706 | PowerPort* Power Loc* CT Guide | | | |
| 31 | | BARD_AD_0124330 - BARD_AD_0124337 | Vas-Cath* Vaccess* CT Power-Injectable Implantable Port Instructions for Use | | | |
| 32 | | BARD_AD_1293389 - BARD_AD_1293390 | Vas-Cath* Vaccess* CT Port brochure | | | |
| 33 | | DELANGIO_00000001- DELANGIO_00000004 | Smart Port Power-Injectable Ports brochure | | | |
| 34 | | BARD_AD_0019225 - BARD_AD_0019227 | Xcela Power Injectable Ports Introducing the Xcela Dual Lumen Port brochure | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 35 | | BARD_AD_0019215 - BARD_AD_0019218 | Xcela™ Plus Power Injectable Ports Saline Only Option brochure | | | |
| 36 | | None | BioFlo brochures | | | |
| 37 | | DELANGIO_00000007 - DELANGIO_00000129 | Smart Port® Power Injectable Implantable Port Systems Instructions For Use | | | |
| 38 | | DELANGIO_00000130 | Smart Port® Guidelines for Health Care Providers | | | |
| 39 | | DELANGIO_00153121 - DELANGIO_00153124 | Xcela Power Injectable Ports brochure | Chartrand Chartrand | 147 146 | |
| 40 | | BARD_AD_0019236 - BARD_AD_0019250 | Xcela® Power Injection Port, Vascular Access System Instructions for Use | | | |
| 41 | | BARD_AD_0019233 | Xcela™ Power Injectable Ports Guidelines for CT Technologists | | | |
| 42 | 08/00/13 | DELANGIO_00004290 - DELANGIO_00004305 | Xcela Plus Port, Xcela Plus Port with PASV Valve Technology Directions for Use | Chartrand | 151 | |
| 43 | | DELANGIO_00271116 | Xcela Plus Power Injectable Ports with PASV Valve Technology Power Injection Guidelines | | | |
| 44 | 08/00/13 | DELANGIO_00004386 - DELANGIO_00004401 | BioFlo Port with ENDEXO Technology and BioFlo Port with ENDEXO and PASV Valve Technology Directions for Use | Chartrand | 155 | |
| 45 | | BARD_AD_0019228 | BioFlo Power Injectable Ports with ENDEXO and PASV Valve Technology Power Injection Guidelines | | | |
| 46 | | DELANGIO_00251811 - DELANGIO_00251829 | Xcela Plus Port Valved and Non-Valved Nurse's Guide | | | |
| 47 | | DELANGIO_00113183 - DELANGIO_00113202 | Xcela Plus Dual Port Nurse's Guide | | | |
| 48 | | DELANGIO_00000131 - DELANGIO_00000134 | Smart Port® Power-Injectable Ports brochure | | | |
| 49 | | None | Smart Port Power Injection Guidelines Rev. C http://www.angiodynamics.com/uploads/pdf/063016-102844_MLC%20040%20Rev%20C.pdf | | | |
| 50 | | DELANGIO_00262713 - DELANGIO_00262725 | BioFlo Port with ENDEXO Technology Valved and Non-Valved Nurse's Guide | | | |
| 51 | | None | Wayback Machine for May 5, 2016 and June 16, 2016: Smart Port Guidelines for Health Care Providers Rev. B http://www.angiodynamics.com/uploads/pdf/071310-083617_MLC%20040.pdf | | | |
| 52 | | None | Smart Port Power Injectable Ports brochure | | | |
| 53 | | None | PowerFlow Implantable Apheresis IV Port CT Guide | | | |
| 54 | 5/2/2008 | BARD_AD_0045028 - BARD_AD_0045083 | MRI PowerPort Qualification Report | | | |
| 55 | 12/16/2008 | BARD_AD_0040694 - BARD_AD_0040748 | MRI *isp* PowerPort Qualification Report | | | |
| 56 | | BARD_AD_0710356 - BARD_AD_0710390 | 8 Fr Polyurethane Low Artifact ISP ClearVUE* Qualification Report | | | |
| 57 | 5/1/2013 | BARD_AD_1483190 - BARD_AD_1483494 | PowerPort ClearVUE* Slim 6Fr Polyurethane Design Qualification Report | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 58 | 11/20/2009 | BARD_AD_1286137 - BARD_AD_1286149 | Bard Access Systems Memo to DHF 343 from N. Huynh, M. Draper re Vaccess CT Power-Injectable Port vs. PowerPort M.R.I *isp* Equivalence | | | |
| 59 | 2/1/2007 | DELANGIO_00001215 - DELANGIO_00001375 | FDA letter to RITA Medical Systems, Incorporated re approval to market Vortex® CT Port Access Systems and LifeGuard® Safety Infusion Set | | | |
| 60 | | DELANGIO_00220080 - DELANGIO_00220117 | Special 510(k) Device Modification AngioDynamics, Inc. Smart Port CT, MP and LP Line Extensions | | | |
| 61 | | DELANGIO_00534445 - DELANGIO_00534456 | Power Injectable Port Due Diligence Testing | | | |
| 62 | 4/30/2012 | DELANGIO_00200714 - DELANGIO_00200952 | Xcela Plus 510(k) filing | | | |
| 63 | 8/8/2013 | DELANGIO_00200030 - DELANGIO_00200420 | BioFlo 510(k) filing | | | |
| 64 | 10/1/2013 | DELANGIO_00345828 - DELANGIO_00346299 | Bingham McCutchen LLP's Invalidity Opinion of U.S. Patent No. 8,545,460 to Beasley et al. | | | |
| 65 | 7/2/2013 | DELANGIO_00346300 - DELANGIO_00348558 | Bingham McCutchen LLP's Invalidity Opinion of U.S. Patent No. 8,475,417 to Powers et al. | | | |
| 66 | 8/12/2014 | DELANGIO_00348559 - DELANGIO_00349142 | Kacvinsky Daisak Bluni PLLC's Invalidity Onion of United States Patent No. 8,805,478 to Powers et al. | | | |
| 67 | 5/3/2007 | DELANGIO_00349143 - DELANGIO_00349604 | Bond, Schoeneck & King, PLLC's Opinion on Validity and Patentability of Claims of U.S. Patent Publication No. 2006/0264898 to Beasley | | | |
| 68 | 5/1/2010 | DELANGIO_00267801 - DELANGIO_00267921 | PRIMER Ports | Greiner Chartrand | 641 129 | |
| 69 | 7/14/2006 | BARD_AD_0107619 - BARD_AD_0108101 | FDA Approval Letter to C.R. Bard for PowerPort™ Implanted Titanium Port, PowerLoc™ Safety Infusion Set | | | |
| 70 | 3/13/2007 | BARD_AD_1293216 | PowerPort*Guidelines for CT Technologists | | | |
| 71 | 7/24/2012 | BARD_AD_0091355 – BARD_AD_0091360 | 510(k) Summary for Navilyst Medical, Inc. | | | |
| 72 | 12/18/2002 | BARD_AD_1606949 – BARD_AD_1606975 | Bard Marketing Department Memo to BAS Field Sales Force from R. Shah re Vortex® Ports - Horizon Medical Products, Inc. (HMP) | | | |
| 73 | 7/19/2007 | BARD_AD_1606658 – BARD_AD_1606659 | Port Marketing Binder Memo to Sales Force and Clinical Specialists from A. Boswell re Breakdown of the RITA Vortex* Reservoir Port JVAD article | | | |
| 74 | | BARD_AD_2301759 | Bard Access Systems Video: Residual Deposits in Vascular Access Devices | | | |
| 75 | 10/18/2007 | BARD_AD_1621729 - BARD_AD_1621736 | G.A. Goossens, et al., Functional evaluation of conventional 'Celsite®' venous ports versus 'Vortex®' ports with tangential outlet: a prospective randomised pilot study, Support Care Cancer 16:1367-1374 | | | |
| 76 | | | **WITHDRAWN** | | | |

Bard Peripheral Vascular, Inc.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

Sept. 15, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 77 | 9/17/2013 | DELANGIO_00270787 - DELANGIO_00270796 | Email from B. Chartrand to S. Centea re CT Port Identification Policy & Procedures Example | Chartrand | 132 | |
| 78 | 8/9/2013 | DELANGIO_00270116 - DELANGIO_00270128 | Email from B. Chartrand to S. Rustad and J. MacDonald re Implantable Infusion Port Critical Criteria | Chartrand | 133 | |
| 79 | 10/1/2008 | DELANGIO_00275321 - DELANGIO_00275325 | Lisa Hartkopf Smith, Implanted Ports, Computed Tomography, Power Injectors, and Catheter Rupture, Clinical Journal of Oncology Nursing, vol. 12, No. 5 | | | |
| 80 | 5/15/2015 | DELANGIO_00002789 - DELANGIO_00002790 | Reminders from FDA Regarding Ruptured Vascular Access Devices from Power Injection | | | |
| 81 | 5/15/2008 | DELANGIO_00063293 | AngioDynamics Memorandum to Project File - CT engraving of Smartport CT and Smartport MP from B. Chartrand re Market need for CT indicator to signify power injection capability | | | |
| 82 | 5/1/2006 | DELANGIO_00535431 - DELANGIO_00535452 | Asset Purchase Agreement between AngioDynamics and Medron, Inc., R. Wortley and E. King | | | |
| 83 | | DELANGIO_00161070 - DELANGIO_00161073 | Lighted Smart Port Project Overview | Chartrand | 109 | |
| 84 | 7/6/2007 | DELANGIO_00161141 - DELANGIO_00161182 | AngioDynamics Fiscal Year 2008 Product Development Department Plan | | | |
| 85 | | None | POWERFLOW® Implantable Aphersis IV Port webpage http://www.bardpv.com/portfolio/powerflow/ | | | |
| 86 | | None | 5 Ways the Healthcare Industry is Implementing RFID Technology, https://medcitynews.com/2013/12/5-ways-hospitals-implementing-rfid-tags-emerging-trendhealthcare/ | | | |
| 87 | | None | Smart Port Power-Injectable Ports brochure Rev. J, http://www.angiodynamics.com/uploads/pdf/020515-100211_MLC%20220_SmartPort-brochure-RevJ-ipad.pdf | | | |
| 88 | | None | Matthew S. Johnson Curriculum Vitae | | | |
| 89 | 7/1/2005 | BARD_AD_0377196 - BARD_AD_0377197 | Email from A. Boswell to D. Blaber re Bracelet Colors with attachment | | | |
| 90 | 9/21/2005 | BARD_AD_0590026 - BARD_AD_0590027 | Material Specifications for PowerPort Patient Discharge Packet Prepared for Bard Access Systems | | | |
| 91 | | BARD_AD_2306293 | Implanted Ports presentation by K. Christian and J. Zawacki | | | |
| 92 | | BARD_AD_0681780 - BARD_AD_0681803 | BardPort, SlimPort, X-Port Instructions for Use | | | |
| 93 | | BARD_AD_2127091 - BARD_AD_2127092 | Smiths Medical PORT-A-CATH and P.A.S. Port T2 Power P.A.C. Implantable Venous Access Systems brochure | | | |
| 94 | 00/00/1996 | BARD_AD_0868662 - BARD_AD_0868667 | Brian R. Herts, et al., Power Injection of Intravenous Material through Central Venous Catheters for CT: In Vitro Evaluation, Radiology 1996, 200:731-735 | | | |

Bard Peripheral Vascular, Inc.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 95 | 2/00/2001 | BARD_AD_1627725 - BARD_AD_1627732 | Brian R. Herts, et al., Power Injection of Contrast Media Using Central Venous Catheters: Feasibility, Safety, and Efficacy, AJR2001;176:447-453 | | | |
| 96 | 12/8/2004 | BARD_AD_0947163 - BARD_AD_0947165 | Memo from Kevin Sheetz to J. Gerondale re Trip Report for 12/7/04 visit to Northwestern Medial Center | | | |
| 97 | 6/6/2005 | BARD_AD_0305357 - BARD_AD_0305374 | BAS - Marketing & Sales Memorandum to Port Team and Procedural Device Team from A. Boswell re PowerPort and PowerLoc labeling inputs | | | |
| 98 | 10/7/2005 | BARD_AD_1352902 - BARD_AD_1352906 | BAS - Marketing & Sales Memorandum to Port Team and Procedural Device Team from A. Boswell re PowerPort Design Validation New England Tour Trip Report | | | |
| 99 | 10/26/2005 | BARD_AD_0945147 - BARD_AD_0945149 | Bard Access Systems Memorandum to J. Zawacki, D. Hibdon, K. Sheetz from D. Cise re Design Validation Trip Report for Titanium PowerPort | | | |
| 100 | 10/00/2005 | BARD_AD_2306057 | Caution on Power Injection of MRI and CT Contrast Media, FDA Patient Safety News: Show #44, October 2005 | | | |
| 101 | | BARD_AD_2305322 - BARD_AD_2305969 | Report on the Filing Determination of an Action Regarding a Patent or Trademark | | | |
| 102 | 12/00/2005 | BARD_AD_0304520 - BARD_AD_0304529 | Bard transcribed notes from calls with FDA | | | |
| 103 | | BARD_AD_1241374 - BARD_AD_1241383 | Boston Scientific PowerPoint presentation re power injectable ports | | | |
| 104 | 2/8/2008 | BARD_AD_0370731 - BARD_AD_0370734 | Bard Memorandum to Sales Force, Clinical Specialists from L. Ung re Smiths PORT-A-CATH II POWER P.A.C. and P.A.S. Port T2 Power P.A.C. | | | |
| 105 | | BARD_AD_1844720 - BARD_AD_1844734 | Smith Medical Instructions for Use for PORT-A-CATH, PORT-A-CATH II, and P.A.S. PORT T2 POWER P.A.C. | | | |
| 106 | | BARD_AD_1619857 - BARD_AD_1619860 | Smiths Medical PORT-A-CATH and P.A.S. PORT POWER P.A.C. Systems GRIPPER PLUS POWER P.A.C. Safety Huber Needles brochure | | | |
| 107 | | BARD_AD_1619841 - BARD_AD_1619852 | Smith Medical Patient Information for PORT-A-CATH, PORT-A-CATH II, and P.A.S. PORT T2 POWER P.A.C. | | | |
| 108 | | BARD_AD_0577716 - BARD_AD_0577719 | MedComp Dignity CT Implantable Port brochure | | | |
| 109 | | BARD_AD_2262119 - BARD_AD_2262120 | MedComp Power Injectable Implantable Infusion Port Instructions for Use | | | |
| 110 | | BARD_AD_1299944 | Medcomp Pro-Fuse, Dignity CT Ports Tech Guide | | | |
| 111 | 1/00/2007 | BARD_AD_0291173 - BARD_AD_0291199 | Bard Price List Catalog 07 | | | |
| 112 | 1/00/2008 | BARD_AD_0291200 - BARD_AD_0291226 | Bard Price List Catalog 08 | | | |
| 113 | 1/00/2009 | BARD_AD_2273609 - BARD_AD_2273789 | Bard Price List Catalog 09 | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 114 | 1/00/2010 | BARD_AD_2273790 - BARD_AD_2273988 | Bard Price List Catalog 10 | | | |
| 115 | 4/00/2011 | BARD_AD_1355115 - BARD_AD_1355348 | Bard Price List Catalog 11 | | | |
| 116 | 5/1/2011 | BARD_AD_1588312- BARD_AD_1588677 | iData Research US Market for Vascular Access Devices and Accessories | | | |
| 117 | 4/1/2008 | BARD_AD_1823311 - BARD_AD_1823560 | iData Research, Inc. - US Market for Vascular Access Devices and Accessories | | | |
| 118 | 2/1/2010 | BARD_AD_1828467 - BARD_AD_1828837 | iData Research US Market for Vascular Access Devices and Accessories | | | |
| 119 | 00/00/16 | BARD_AD_0678008 - BARD_AD_0678014 | NPD Fall 2016: Port Cheat Sheet | | | |
| 120 | 4/3/2007 | DELANGIO_00312190 - DELANGIO_00312199 | AngioDynamics Memorandum to USA Interventional Products Group from Michelle Jones re SMART PORT CT POWER INJECTABLE PORT SYSTEM USA LAUNCH PLANS | | | |
| 121 | 9/00/2007 | DELANGIO_00161091 - DELANGIO_00161094 | Research and Product Development Monthly Report for September 2007 | | | |
| 122 | 4/00/2008 | DELANGIO_00312654 - DELANGIO_00312655 | Market Summary Report Jean Laino Territory 36 | | | |
| 123 | 8/14/2007 | DELANGIO_00104459 - DELANGIO_00104461 | Infusion Nurses Society Annual Meeting & Industrial Exhibition June 4-6, 2007 Orlando, FL Summary Report by Erin Young | Chartrand | 106 | |
| 124 | 9/7/2007 | DELANGIO_00063317 - DELANGIO_00063318 | AngioDynamics Letter to File to Smartport 510(k) file re Extension of model code offerings | Chartrand | 108 | |
| 125 | 10/3/2008 | DELANGIO_00157228 - DELANGIO_00157234 | Port Marketing Project Update | | | |
| 126 | | DELANGIO_00219193 - DELANGIO_00219195 | Port Design Modifications | | | |
| 127 | | DELANGIO_00219191 - DELANGIO_00219192 | Smart Port LP Design Modifications | | | |
| 128 | 5/9/2008 | DELANGIO_00050985 | AngioDynamics memo to DHF VAD6006 from B. Johnson re "CT" identifier engraving for Titanium Vortex Port codes | | | |
| 129 | | DELANGIO_00050803 - DELANGIO_00050804 | Radiographic Testing of "CT" Engraving on MP and Smart Port CT Ports - Testing and Report | | | |
| 130 | 11/4/2009 | DELANGIO_00216077 - DELANGIO_00216082 | SmartPort MP Peripheral Body Engineering schematics | | | |
| 131 | | DELANGIO_00001515 - DELANGIO_00001978 | Vortex MP File History | | | |
| 132 | | DELANGIO_00216184 - DELANGIO_00216185 | AngioDynamics Memo to Project 100247, SmartPort®Line Extension $(M_{ini}P_{rofile}\&L_{ow}P_{rofile})$ from T. Powers re Design Output - Biocompatibility | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 133 | 5/1/1992 | DELANGIO_00002682 - DELANGIO_00002685 | John E. Carlson, et al., Safety Considerations in the Power Injection of Contrast Media Via Central Venous Catheters during Computed Tomographic Examinations, Investigative Radiology, Vol. 27 | | | |
| 134 | 10/11/2006 | DELANGIO_00535356 - DELANGIO_00535428 | AngioDynamics Inc. Form 10-Q for period ending 9/2/06 | | | |
| 135 | | DELANGIO_00444734 - DELANGIO_00444925 | AngioDynamics Inc. Board of Directors Meeting January 15-18, 2006 | | | |
| 136 | 3/14/2007 | DELANGIO_00312306 - DELANGIO_00312312 | Email from C. Greiner to M. Schutt re February Market Summary report-East | Greiner | 604 | |
| 137 | 4/8/2007 | DELANGIO_00312156 - DELANGIO_00312167 DELANGIO_00312178 - DELANGIO_00312181 | Email from C. Greiner to E. Preist, P. Shea re March '07, MidAtlantic Region Mkt. Summary Report with Attachments | Greiner | 605 | |
| 138 | 5/1/2007 | DELANGIO_00150553 - DELANGIO_00150602 | Smart Port™ CT Attack Pack presentation | Chartrand | 118 | |
| 139 | 8/00/2007 | DELANGIO_00312393 - DELANGIO_00312396 | Sales Report | | | |
| 140 | 10/14/2007 | DELANGIO_00312515 - DELANGIO_00312524 DELANGIO_00312531 - DELANGIO_00312535 | Email from Greiner to Priest re Mid-Atlantic SMS Reports w/attachments | Greiner | 610 | |
| 141 | 11/00/2007 | DELANGIO_00312414 - DELANGIO_00312416 | Market Summary Report Todd Galski 1003 | | | |
| 142 | 12/00/2007 | DELANGIO_00320120 - DELANGIO_00320129 | Market Summary Report for Mid Atlantic Region December, '07 | | | |
| 143 | 12/00/2007 | DELANGIO_00320076 - DELANGIO_00320078 | Market Summary Report Brent Thompson Territory 44 December, 2007 | | | |
| 144 | 12/00/2007 | DELANGIO_00320102 - DELANGIO_00320103 | Market Summary Report Scott Nelson December 2007 Territory 49 | | | |
| 145 | 1/00/2008 | DELANGIO_00312730 - DELANGIO_00312732 | Market Summary Report Bronk Harris 33 January 2008 | | | |
| 146 | 1/00/2008 | DELANGIO_00312684 - DELANGIO_00312691 | Eastern US IPG Market Summary Report - January 2008 | | | |
| 147 | 5/20/2008 | DELANGIO_00320155 - DELANGIO_00320160 | Email from Greiner to Veloni re East SMS Report for April 2008 with attachment | Greiner | 618 | |
| 148 | 10/1/2008 | DELANGIO_00312802 | Market Summary Report Derek Rosales Territory 18 October 2008 | | | |
| 149 | | DELANGIO_00159655 - DELANGIO_00159658 | Smart Port® Power-Injectable Ports brochure | | | |
| 150 | 00/00/2013 | DELANGIO_00334346 - DELANGIO_00334349 | BioFlo Ports with Endexo Technology brochure | | | |
| 151 | | DELANGIO_00047490 | Smart Port Power-Injectable Ports Product Usage | | | |
| 152 | | DELANGIO_00152676 - DELANGIO_00152699 | BioFlo Port with Endexo Technology Valved and Non- Valved Nurse's Guide | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 153 | 10/14/2008 | DELANGIO_00312741, DELANGIO_00312745, DELANGIO_00312745, DELANGIO_00312749 - DELANGIO_00312751 | Email from C. Greiner to J. Maguire re West SMS reports with attachments | Greiner | 621 | |
| 154 | 11/24/2008 | DELANGIO_00320515 - DELANGIO_00320532 | Email from C. Greiner to T. Casey, R. Rossell, J. Benkoczy, B. Chartrand, T. Hall, and E. Young re sms reports with attachments | | | |
| 155 | Nov. 2009 | DELANGIO_00160846 - DELANGIO_00160855 | SmartPort MP Peripheral/Chest - Implantable Access Port, Smart Port TR Low-Profile -Implantable Access Port Market Release Plan Phase I | Chartrand | 124 | |
| 156 | | DELANGIO_00312836 - DELANGIO_00312870 | SmartPort™ MP Attack Pack | | | |
| 157 | 5/21/2009 | DELANGIO_00156235 - DELANGIO_00156257 | SmartPort Presentation to Memorial Sloan-Kettering | | | |
| 158 | 8/00/2009 | DELANGIO_00156565 - DELANGIO_00156588 | Smart Port  with Vortex Technology Material Prepared for University Hospital, Cleveland | Chartrand | 137 | |
| 159 | 00/00/2011 | DELANGIO_00239912 - DELANGIO_00239918 | AngioDynamics Internal Document: Ports | Chartrand | 107 | |
| 160 | 5/22/2012 | DELANGIO_00027375 - DELANGIO_00027376 | AngioDynamics Press release: AngioDynamics Completes Acquisition of Navilyst Medical news article | | | |
| 161 | | DELANGIO_00281045 - DELANGIO_00281085 | BioFlo and Xcela Plus Port Market Specification | | | |
| 162 | 3/5/2013 | DELANGIO_00266434 - DELANGIO_00266443 | Email from B. Chartrand to N. Roberts re Smiths Medical: Power P.A.C. Port with attachments | Chartrand | 138 | |
| 163 | 9/2/2014 | DELANGIO_00260214 - DELANGIO_00260225 | AngioDynamics Memo from B. Chartrand to Vascular Access Sales Team; Clinical Specialists; Corporate Accounts; R&D Team re BioFlo and Xcela Plus Plastic Ports v. BARD Clearvue Port | | | |
| 164 | 8/11/2016 | DELANGIO_00260226 - DELANGIO_00260230 | Email from B. Chartrand to A. Hercules-Rutledge with atttached 3/17/2015 AngioDynamics Memo from B. Chartrand to Vascular Access Sales Team, Clinical Specialists; Corporate Accounts  re BioFlo vs. BARD Clearvue Port - CT Identification | | | |
| 165 | 9/11/2012 | DELANGIO_00127738 - DELANGIO_00127746 | USPTO Decision in Zinn v. Powers | | | |
| 166 | 00/00/2013 | None | Federal Judicial Center Introduction to the Patent System https://www.youtube.com/watch?v=ax7QHQTbKQE | | | |
| 167 | | None | Zelin Yang, Damaging Royalties: An Overview of Reasonable Royalty Damages, 29 Berkeley Tech. L.J. (2014), http://scholarship.law.berkeley.edu/btlj/vol29/iss4/9 | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 168 | | None | "Arrow Polysite Pressure Injectable Low Profile Hybrid Ports," at https://www.teleflex.com/usa/product-areas/interventional-access/arrow-polysite-low-profilehybrid-ports/IA_PT_Arrow-Ports_PO_2013-2159.pdf | | | |
| 169 | | None | Cook Medical Vital-Port Vascular Access System, https://www.cookmedical.com/data/resources/IR-BM-VPDS-EN-201111m3.pdf | | | |
| 170 | 3/1/2014 | BARD_AD_1678024 – BARD_AD_1678377 | iData Research, "U.S. Market for Vascular Access Devices and Accessories" | | | |
| 171 | 1/21/2014 | None | "Teleflex to Launch Family of Implantable Infusion Ports", https://teleflexincorporated.gcs-web.com/news-releases/news-release-details/teleflex-launch-family-implantable-infusionports, | | | |
| 172 | 12/31/2014 | None | Teleflex Incorporated Form 10-K for year ended December 31, 2014 | | | |
| 173 | | None | "Vascular Access and Use of Central Lines and Ports in Adults," https://radiology.ucsf.edu/patient-care/patientsafety/contrast/iodinated/vascular-access-adults | | | |
| 174 | | None | "Vascular Access and use of Central Lines and Ports in Pediatrics," https://radiology.ucsf.edu/patient-care/patient-safety/contrast/iodinated/vacular-access-pediatrics | | | |
| 175 | | None | AngioDynamics Xcela Plus Ports webpage http://www.angiodynamics.com/products/xcelaplusports/vascular | | | |
| 176 | | None | "5 Ways the Healthcare Industry is Implementing RFID Technology," https://medcitynews.com/2013/12/5-ways-hospitalsimplementing-rfid-tags-emerging-trend-healthcare/ | | | |
| 177 | 5/8/2017 | None | Pasupathy, Kalyan S., and Thomas R. Hellmich. "How RFID Technology Improves Hospital Care." Harvard Business Review, https://hbr.org/2015/12/how-rfid-technology-improves-hospital-care. | | | |

Bard Peripheral Vascular, Inc.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

Sept. 15, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 178 | 9/1/2013 | None | Ajami, Sima, and Ahmad Rajabzadeh. "Radio Frequency Identification (RFID) technology and patient safety." Journal of Research in Medical Sciences 18, no. 9 ,https://www.ncbi.nlm.nih.gov/pmc/articles/PMC387259 2/ | | | |
| 179 | 7/00/2010 | None | Yao, Wen, Chao-Hsien Chu, and Zang Li. "The use of RFID in healthcare: Benefits and barriers." 2010 IEEE International Conference on RFID-Technology and Applications | | | |
| 180 | | None | "AngioDynamics Signs Multi-Year, Sole-Source Agreement With Large Integrated Delivery Network Group" http://investors.angiodynamics.com/releasedetail.cfm?rel easeid=796255 | | | |
| 181 | | None | "AngioDynamics and Merz North America Establish Multi- Year Relationship to Market Asclera for Vein Patients" http://investors.angiodynamics.com/releasedetail.cfm?Re leaseID=959837 | | | |
| 182 | 4/13/2006 | BARD_AD_2201303 - BARD_AD_2201304 | Patent Assignment Agreement | | | |
| 183 | 6/1/2009 | BARD_AD_2201245 - BARD_AD_2201277 | 2009 Development and Supply Agreement | | | |
| 184 | | BARD_AD_0680399 | BARD Peripheral Vascular, Ports Project Review Power Point | | | |
| 185 | | DELANGIO_00157713 - DELANGIO_00157731 | Presentation titled, "Key Selling Tools vs. The Competition" | | | |
| 186 | 4/24/2006 | BARD_AD_2201163 - BARD_AD_2201191 | Development and Supply Agreement | | | |
| 187 | 7/11/2006 | BARD_AD_2201278 - BARD_AD_2201302 | Development and Supply Agreement | | | |
| 188 | 00/00/2004 | None | Sherry, Edward F. and David J. Teece, "Royalties, Evolving Patent Rights, and The Value Of Innovation" Research Policy 33 (2004) 179-191 | | | |
| 189 | 10/30/2009 | DELANGIO_00535525 - DELANGIO_00535576 | License and Supply Agreement | | | |
| 190 | 10/31/2013 | None | "The Story of Endexo Anti-Thrombotic Polymer Additives from Interface Biologics." Medical Plastics News, https://www.medicalplasticsnews.com/news/technology/ the-story-of-interface-biologics/. | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 191 | 9/26/2017 | None | "Interface Biologics Enters the Neurology Market with 510(k) Clearance of Arkis BioSciences(R) CerebroFlo(TM) EVD Catheter with Endexo(R) Technology." Marketwire, http://www.marketwired.com/press-release/interface-biologics-enters-neurology-market-with-510kclearance-arkis-biosciencesr-cerebroflo-2234959.htm. | | | |
| 192 | | None | "What we do." Interface Biologics, http://www.interfacebiologics.com/what-we-do.htm. | | | |
| 193 | | None | "A material advantage for medical devices." Interface Biologics, http://www.interfacebiologics.com/ | | | |
| 194 | | DELANGIO_00535472 | Port US Sales and forecasts: 2014-2017 | | | |
| 195 | | DELANGIO_00272618 | OUS Product Sales - FY 2007 - FY 2013 | | | |
| 196 | | DELANGIO_00273595 | AngioDynamics, Inc.'s FY14 Strategic Planning spreadsheet | | | |
| 197 | 3/1/2004 | None | Victor Stango, "The Economics of Standards Wars," Review of Network Economics, Vol. 3, https://doi.org/10.2202/1446-9022.1040 | | | |
| 198 | 2018 | None | Menell, Peter S., Economic Analysis of Network Effects and Intellectual Property (November 16, 2017), Research Handbook on the Economics of Intellectual Property Law: Vol I. Theory (2018). Available at SSRN: https://ssrn.com/abstract=3072633. | | | |
| 199 | 3/1/2011 | None | The Evolving IP Marketplace: Aligning Patent Notice And Remedies with Competition: A Report of the Federal Trade Commission" | | | |
| 200 | 8/00/2011 | None | Ramirez, Edith, and Lisa Kimmel. "A Competition Policy Perspective on Patent Law: The Federal Trade Commission's Report on the Evolving IP Marketplace." The Antitrust Source (2011) | | | |
| 201 | 00/00/2005 | None | Swanson, Daniel G., and William J. Baumol. "Reasonable and nondiscriminatory (RAND) royalties, standards selection, and control of market power" Antitrust Law Journal 73, no. 1 (2005) | | | |
| 202 | 00/00/2007 | None | Joseph Farrell, John Hayes, Carl Shapiro, Theresa Sullivan, "Standard Setting, Patents, and Hold-Up" Antitrust Law Journal, No. 3 (2007) | | | |
| 203 | 3/00/2002 | None | Janice M. Mueller, "Patent Misuse through the Capture of Industry Standards," 17 Berkeley Tech. L.J. 623 (2002), at: http://scholarship.law.berkeley.edu/btlj/vol17/iss2/1 | | | |
| 204 | 8/00/2008 | DELANGIO_00320323 | Market Summary Report, Joe Euston, Territory 10, August 2008 | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 205 | 00/00/2015 | None | Carlton, Dennis W., and Jeffrey M. Perloff, Modern industrial organization. Pearson Higher Ed. | | | |
| 206 | 00/00/1985 | None | Katz, Michael L., and Carl Shapiro. "On the licensing of innovations." The RAND Journal of Economics (1985): 504-520 | | | |
| 207 | 4/00/1985 | None | DeBrock, Lawrence M. "Market structure, innovation, and optimal patent life." The Journal of Law and Economics 28, no. 1 (1985): 223-244 | | | |
| 208 | 7/7/2014 | None | "A 2014 Update of Cost Savings and Marketplace Analysis of the Health Care Group Purchasing Industry," HSCA | | | |
| 209 | 00/00/2015 | None | "Marketing to Healthcare Organization Decision-Makers: New Survey Insights, 2015" IMS Health | | | |
| 210 | 5/31/2016 | None | AngioDynamics Form 10-K for the year ended May 31, 2016 | | | |
| 211 | | None | AngioDynamics BioFlo Port webpage http://www.angiodynamics.com/products/biofloport/vas cular | | | |
| 212 | | None | AngioDynamics Smart Port Power-Injectable Ports webpage http://www.angiodynamics.com/products/smart-port- ct/vascular | | | |
| 213 | | None | AngioDynamics Vortex Ports webpage http://www.angiodynamics.com/products/vortex- ports/vascular | | | |
| 214 | | None | AngioDynamics Conventional Ports webpage http://www.angiodynamics.com/products/conventional- ports/vascular | | | |
| 215 | | None | Navilyst Medical Xcela® Power Injectable Ports webpage https://www.navilystmedical.com/Products/index.cfm/23 | | | |
| 216 | 1/25/2017 | None | Declaration of Timothy Clark, MD, MS, FSIR in Support of Plaintiff's Reply Claim Construction Brief | | | |
| 217 | 12/12/2016 | None | Declaration of Robert L. Vogelzang, M.D. | | | |
| 218 | | None | Website, Contact Us , C. R. Bard, Inc., https://www.crbard.com/Special-Pages/Contacts.aspx | | | |
| 219 | | None | Website, Company Profile , Bloomberg L.P., https://www.bloomberg.com/profiles/companies/BCR:US- cr-bard-inc. | | | |
| 220 | | None | Website, Products by Disease , C. R. Bard, Inc., https://www.crbard.com/en-us/Products/Products-by- Disease. | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 221 | 2/13/2016 | None | C.R. Bard, Inc. 2016 Form 10-K (filed Feb. 13, 2017) | | | |
| 222 | | None | Website, *Description of Business*, Nasdaq, http://www.nasdaq.com/symbol/bcr/stock-report | | | |
| 223 | | None | Website, *Products By Division*, C. R. Bard, https://www.crbard.com/Products/products-by-division | | | |
| 224 | | None | Website, *Contact BARD Peripheral Vascular*, Bard Peripheral Vascular, Inc., http://www.bardpv.com/contact bard-pv/ | | | |
| 225 | | None | Website, *Company Overview of BARD Peripheral Vascular, Inc.*, Bloomberg L.P., https://www.bloomberg.com/research/stocks/private/sn apshot.asp?privcapid=22905683 | | | |
| 226 | 7/17/2017 | NERA_0000554 - NERA_0000705 | Website, *Bard Product List 2017 Peripheral Vascular Biopsy, Bard Peripheral Vascular, Inc.*, http://www.bardpv.com/ wp-content/uploads/2017/07/ BPV-BPAL-1116-0057a1-_2017-Product-List- Catalog_7.17.17.pdf | | | |
| 227 | | None | Website, *Company Overview of BARD Peripheral Vascular, Inc.*, Bloomberg L.P., https://www.bloomberg.com/research/stocks/private/sn apshot.asp?privcapid=22905683 | | | |
| 228 | | None | Website, *A Global Reach, A Community Presence*, (No Suggestions), http://www.angiodynamics.com/about/ facilities/ | | | |
| 229 | 8/1/2016 | None | AngioDynamics Inc. May 31, 2016 Form 10-K (filed August 1, 2016) | | | |
| 230 | 1/29/2007 | DELANGIO_00027212 - DELANGIO_00027213 | *AngioDynamics Completes RITA Medical Systems Acquisition*, January 29, 2007, (No Suggestions), http://investors.angiodynamics.com/releasedetail.cfm?Re leaseID=419885 | | | |
| 231 | 5/22/2012 | DELANGIO_00027375 - DELANGIO_00027376 | Website, *AngioDynamics Completes Acquisition of Navilyst Medical*, May 22, 2012, AngioDynamics, http://investors.angiodynamics.com/ releasedetail.cfm?ReleaseID=675739 | | | |
| 232 | | None | Website, *About AngioDynamics*, AngioDynamics, http://www.angiodynamics.com/about/ | | | |
| 233 | 8/1/2016 | None | AngioDynamics, Inc., August 1, 2016, Form 10-K | | | |
| 234 | 3/00/14 | None | Website, *BardPort Implanted Ports Patient Information*, Bard Peripheral Vascular Inc., http://www.bardpv.com/ wpcontent/uploads/2014/03/ Non-Power_Patient_Guide.pdf | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 235 | 3/00/14 | None | Website, *PowerPort Implantable Port Patient Guide* ," Bard Peripheral Vascular, http://www.bardpv.com/ wpcontent/uploads/2014/03/0723905_09-225_PowerPort_Patient_Guide_web.pdf | | | |
| 236 | 3/00/14 | None | Website, *BardPort Implanted Ports Patient Information* , Bard Peripheral Vascular Inc., http://www.bardpv.com/ wpcontent/uploads/2014/03/Non-Power_Patient_Guide.pdf | | | |
| 237 | 00/00/08 | BARD_AD_1823311 - BARD_AD_1823560 | *U.S. Market for Vascular Access Devices and Accessories* , iData Research | | | |
| 238 | | NERA_0001069 - NERA_0001079 | Website, Central Venous Catheter, American Cancer Society, https://www.cancer.org/treatment/ treatmentsand-side-effects/central-venous-catheters.html | | | |
| 239 | | None | Website, *Peripherally inserted central catheter – insertion* , Medline Plus, https://medlineplus.gov/ency/patientinstructions/000461.htm | | | |
| 240 | | None | Website, *Peripherally Inserted Central Catheter (PICC),* Cleveland Clinic, https://my.clevelandclinic.org/ health/articles/peripherally-inserted-central-catheter-picc | | | |
| 241 | 03/00/14 | None | Website, *PowerPort Implantable Port Patient Guide* , Bard Peripheral Vascular, http://www.bardpv.com/ wpcontent/uploads/2014/03/0723905_09-225_PowerPort_Patient_Guide_web.pdf | | | |
| 242 | 00/00/15 | BARD_AD_0681523 - BARD_AD_0681527 | NPD Fall 2015: Port Cheat Sheet | | | |
| 243 | 12/7/05 | BARD_AD_0947719 - BARD_AD_0947722 | Notes from Phone Conference with FDA concerning PowerPort and PowerLoc 510(k)s | | | |
| 244 | | BARD_AD_2263461 | FDA - Caution on Power Injection of MRI and CT Contrast Media Oct 05 | | | |
| 245 | | BARD_AD_2263477 - BARD_AD_2263478 | Reminder from FDA Regarding Ruptured Vascular Access Devices from Power Injection | | | |
| 246 | | BARD_AD_1403386 - BARD_AD_1403467 | PowerPort Product Opportunity Appraisal | | | |
| 247 | 00/00/2004 | None | *510(k) Premarket Notification Number K033389* , FDA, https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfpmn/pmn.cfm?ID=K033389 | | | |
| 248 | | None | Website, *Bard Access – PowerPortAdvantage* , http://www.powerportadvantage.com/assets/pdfs/MC-0476-01_PowerPort_CT_Guide_web.pdf | | | |
| 249 | | None | Website, *Medical Devices Consumers* , FDA, https://www.fda.gov/MedicalDevices/ResourcesforYou/Consumers/ucm142523.htm | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 250 | | None | Website, *PowerPort System Traditional 510(k)* , FDA, https://www.accessdata.fda.gov/cdrh_docs/pdf6/K06081 2.pdf | | | |
| 251 | 8/2/2017 | None | Website, *Implantable Port Devices* , C. R. Bard, Inc., http://www.bardaccess.com/products/ports/powerport- mri | | | |
| 252 | | None | Website, *PowerPort® M.R.I.® Implantable Port Features* , C.R. Bard, http://www.bardaccess.com/ products/ports/powerport-mri#features | | | |
| 253 | | None | Website, *Smart Port Power-Injectable Ports* , http://www.angiodynamics.com/uploads/pdf/071310- 083527_MLC%20220.pdf | | | |
| 254 | 07/00/11 | None | Website, *US Product Catalog and Ordering Information* , July 2011," Navilyst Medical, https://www.navilystmedical.com/downloads/July%2020 11%20US%20Product%20Catalog%20-%20NAV130.pdf | | | |
| 255 | | NERA_0000315 - NERA_0000317 | Website, *Xcela Power Injectable Ports* , Navilyst Medical,https://www.navilystmedical.com/ Products/downloads/xcela_power_injectable_port_broch ure.pdf | | | |
| 256 | 10/30/2008 | None | Website, *Navilyst Offers Xcela Power Injectable Port Catheter*, Diagnostic & Interventional Cardiology, Technology, October 30, 2008, ttps://www.dicardiology.com/ product/navilyst-offers- xcela-power-injectable-port-catheter. | | | |
| 257 | 5/22/2012 | DELANGIO_00027375 - DELANGIO_00027376 | Website, *AngioDynamics Completes Acquisition of Navilyst Medical* , http://investors.angiodynamics.com/releasedetail.cfm?Re leaseID=675739 | | | |
| 258 | | NERA_0000144 | Website, *Xcela Power Injectable Ports Guidelines for CT Technologists* , https://www.navilystmedical.com/ Products/downloads/ Xcela_Power_Injectable_Port_CT_Wall_Chart.pdf | | | |
| 259 | 8/19/2014 | DELANGIO_00535577 - DELANGIO_00535636 | Amended and Restated License and Supply Agreement | | | |
| 260 | | NERA_0002072 - NERA_0002084 | Article, Rudich, Eric A., Lewis M. Koppel, and Michael P. Padden, *Post-Uniloc Reasonable Royalty Damages* , Landslide, American Bar Association | | | |
| 261 | 04/00/07 | DELANGIO_00270798 | Revenue Summary (FY 2007-2010) | | | |
| 262 | 04/00/07 | DELANGIO_00272417 | Port Revenue Summary | | | |
| 263 | 09/00/08 | None | Website, *New VascularAccess Medical Devices Launched by Navilyst Medical* , prweb, http://www.prweb.com/releases/2008/09/prweb131710 4.htm | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 264 | 03/00/09 | None | Website, *Navilyst Highlights Power Injectable Port, PICC, Infusion Set at SIR* , Imaging Technology News, https://www.itnonline.com/content/navilysthighlights-power-injectable-port-picc-infusion-set-sir | | | |
| 265 | 4/9/2007 | DELANGIO_00312188 - DELANGIO_00312199 | Email from Greiner to Shea re Smart Port CT Power Injectable Port Launch w/attachment | Greiner | 634 | |
| 266 | 4/4/2007 | DELANGIO_00067108 - DELANGIO_00067118 | Memo to DHF VAD6006 re Smartport design control explanation | | | |
| 267 | | DELANGIO_00161327 - DELANGIO_00161329 | Memo to Bill Appling re Port Strategy Meeting Minutes | | | |
| 268 | 2/2/2007 | DELANGIO_00162366 - DELANGIO_00162387 | Implantable Port - Marketing/Development Plan | Greiner | 635 | |
| 269 | 1/15/2007 | DELANGIO_00442574 - DELANGIO_00442739 | Board of Director Meeting, AngioDynamics | | | |
| 270 | 12/13/2007 | DELANGIO_00312376 - DELANGIO_00312379 DELANGIO_00312389 - DELANGIO_00312390 DELANGIO_00312393 - DELANGIO_00312396 | Email from Greiner to Veloni re Southeast Region report Market Summaries (SMS) with attachments | Greiner | 606 | |
| 271 | 08/00/07 | DELANGIO_00312565 - DELANGIO_00312568 | Market Summary Report, Danny Garrison, Territory 16 | | | |
| 272 | 12/13/2007 | DELANGIO_00312397 - DELANGIO_00312409 DELANGIO_00312414 - DELANGIO_00312416 | Email from Greiner to Veloni re November Market Summary with attachments | Greiner | 611 | |
| 273 | 1/17/2008 | DELANGIO_00320119 - DELANGIO_00320129 DELANGIO_00320133 - DELANGIO_00320135 | Email from Greiner to Veloni re December SMS Reports - Mid Atlantic with attachments | Greiner | 612 | |
| 274 | 1/17/2008 | DELANGIO_00320073 DELANGIO_00320076 - DELANGIO_00320078 | Email from Greiner to Veloni re December SMS Reports - Northeast with attachments | Greiner | 613 | |
| 275 | 1/17/2008 | DELANGIO_00320096 DELANGIO_00320102 - DELANGIO_00320103 | Email from Greiner to Veloni re SMS Reports - Gulf Coast with attachment | Greiner | 614 | |
| 276 | 2/11/2008 | DELANGIO_00312714 DELANGIO_00312721 - DELANGIO_00312732 | Email from Greiner to Veloni re SMS for January - Mid Atlantic with attachments | Greiner | 615 | |
| 277 | 2/26/2008 | DELANGIO_00312683 - DELANGIO_00312691 | Email from Greiner to Soto et al re January SMS Report for the East IPG with attachment | Greiner | 616 | |
| 278 | 3/25/2008 | DELANGIO_00320239 DELANGIO_00320250 - DELANGIO_00320252 | Email from Greiner to Veloni re February SMS Reports - Gulf Coast with attachments | Greiner | 617 | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 279 | 9/24/2008 | DELANGIO_00320305 - DELANGIO_00320319 DELANGIO_00320323 | Email from Greiner to Maguire re Mid West Access SMS Report with attachments | Greiner | 620 | |
| 280 | 10/14/2008 | DELANGIO_00320333 - DELANGIO_00320335 DELANGIO_00320346 - DELANGIO_00320357 | Email from Greiner to Maguire re Reps Reports for SMS September with attachments | Greiner | 622 | |
| 281 | 11/20/2008 | DELANGIO_00312790 DELANGIO_00312802 - DELANGIO_00312803 | Email from Greiner to Maguire re October SMS Report for Midwest Region with attachment | Greiner | 623 | |
| 282 | 11/20/2008 | DELANGIO_00312804 DELANGIO_00312823 - DELANGIO_00312834 | Email from Greiner to Maguire re October SMS for East Coast with attachments | Greiner | 624 | |
| 283 | | DELANGIO_00056521 - DELANGIO_00056524 | Memo from B. Chartrand to B. Johnson re Marketing Specifications for the Smart Port TR and MP line extensions | | | |
| 284 | 5/27/2009 | DELANGIO_00160588 | Memo from B. Chartrand to B. Johnson re Competitive Literature Review | Chartrand | 121 | |
| 285 | 1/31/2012 | DELANGIO_00027377 - DELANGIO_00027381 | AngioDynamics to Acquire Navilyst Medical for $372 Million | | | |
| 286 | | None | Website, *Smart Port* , http://www.angiodynamics.com/uploads/pdf/020515-100211_MLC%20220_SmartPort-brochure-RevJ-ipad.pdf | | | |
| 287 | | NERA_0001395 - NERA_0001398 | Website, *Xcela PlusPower Injectable Ports* , AngioDynamics, http://www.angiodynamics.com/uploads/pdf/062816-024519_NAVB_440_Xcela_PlusPort_brochure_Rev3.pdf | | | |
| 288 | | NERA_0002303 - NERA_0002308 | *Evolve to BioFlo Ports with Endexo Technology* | | | |
| 289 | | NERA_0002303 - NERA_0002308 | Website, *BioFlo* , AngioDynamics, http://www.angiodynamics.com/uploads/pdf/022717-122210_ANGB_023_GL_BioFlo_Port_Brochure_Rev04_ipa d.pdf | | | |
| 290 | | NERA_0000315 - NERA_0000317 | Website, *Introducing the Excela Dual Lumen Port. At the root of innovation,* https://www.navilystmedical.com/Products/downloads/Xcela_Power_Injectable_Port_Brochure.pdf | | | |
| 291 | | DELANGIO_00535356 - DELANGIO_00535428 | AngioDynamics Inc. Form 10-Q Quarterly Report filed October 11, 2006 for the Period Ending September 2, 2006 | | | |
| 292 | 01/00/06 | DELANGIO_00444734 - DELANGIO_00444925 | Board of Directors Meeting, January 15-18, 2006 | | | |
| 293 | 8/11/2011 | DELANGIO_00535430 | Letter from Trowbridge re  U.S. Patent Application Serial No. 11/537,363, Implantable Medical Device | King | 15 | |
| 294 | 11/1/2011 | DELANGIO_00535429 | Letter from Trowbridge re  U.S. Patent Application Serial No. 11/537,363, Implantable Medical Device | | | |

Bard Peripheral Vascular, Inc.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 295 | 00/00/07 | None | Mark A. Lemley and Carl Shapiro, *Patent Holdup and Royalty Stacking* , 85 Tex. L. Rev. 1991, 1999-2049 (2007) | | | |
| 296 | 00/00/04 | None | John J. Barnhardt, III, *Revisiting a Reasonable Royalty as a Measure of Damages for Patent Infringement* , 86 J. Pat. & Trademark Off. Soc'y 991, 1001–02 (2004) | | | |
| 297 | 00/00/04 | None | Edward F. Sherry & David J. Teece, *Royalties, Evolving Patent Rights, and the Value of Innovation* , 33 Research Policy 179, 183 (2004). | | | |
| 298 | 7/27/2009 | DELANGIO_00222323 - DELANGIO_00222324 | Email from Steven Kenny to Tim Powers | | | |
| 299 | | BARD_AD_1617742 - BARD_AD_1617754 | Project Profile: Vaccess CT power injectable low cost port POA #60390 | | | |
| 300 | 05/00/07 | DELANGIO_00103654 - DELANGIO_00103705 | AngioDynamics Smart Port CT Attack Pack (May 2007) | | | |
| 301 | 05/00/10 | DELANGIO_00005493 - DELANGIO_00005613 | 2010 Primer: Ports, AngioDynamics, May 2010 | | | |
| 302 | 00/00/09 | DELANGIO_00150603 - DELANGIO_00150740 | AngioDynamics Smart Port CT Attack Pack (2009) | | | |
| 303 | 9/7/2006 | DELANGIO_00325945 - DELANGIO_00325946 | Market Summary Report, Tim Blair, Territory 23 | | | |
| 304 | 08/00/07 | DELANGIO_00312565 - DELANGIO_00312568 | Market Summary Report, Danny Garrison, Territory 16 | | | |
| 305 | 09/00/09 | DELANGIO_00312749 - DELANGIO_00312751 | Market Summary Report, Bryan Tedor/ 1050, Access West Region, September FY2009 | | | |
| 306 | 9/9/2009 | BARD_AD_0321368 - BARD_AD_0321374 | BAS Monthly Sales Reports Summary April 2009- September 2009 | | | |
| 307 | | DELANGIO_00243180 | IData Access Market Summary (12-28-09) spreadsheet | | | |
| 308 | | BARD_AD_0709891 | IMS Breakout Data 4Q08 spreadsheet | | | |
| 309 | 5/13/2015 | DELANGIO_00535510 - DELANGIO_00535524 | Amendment No. 1 to Amended And Restated License and Supply Agreement | | | |
| 310 | 8/19/2014 | DELANGIO_00535474 - DELANGIO_00535509 | Amended and Restated License and Supply Agreement | | | |
| 311 | | None | Website, *Product Catalog, Implantable Port Devices* , https://www.bardaccess.com/catalog/ports?products=56 9 | | | |
| 312 | | BARD_AD_0019215 - BARD_AD_0019218 | *Xcela Plus Power Injectable Ports* , AngioDynamics Xcela Port Whitepapers.pdf | | | |
| 313 | 4/30/2009 | BARD_AD_0424424 - BARD_AD_0424426 | Memorandum from S. Sigl to S. Goode Re: April 2009 Pacific Significant event | | | |
| 314 | 00/00/08 | NERA_0000295 - NERA_0000314 | Natalie Mizik, and Robert Jacobson (2008), *The Financial Value Impact of Perceptual Brand Attributes* , Journal of Marketing Research, 45 (1), 15-32 | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 315 | 03/00/91 | NERA_0001938 - NERA_0001954 | Kyle Bagwell, and Michael H. Riordan, *High and Declining Prices Signal Product Quality* , The American Economic Review Vol. 81, No. 1 (Mar., 1991), pp. 224-239. | | | |
| 316 | 08/00/86 | NERA_0001015 - NERA_0001040 | Paul Milgrom and John Roberts, *Price and Advertising Signals of Product Quality* , Journal of Political Economy 94, no. 4 (Aug., 1986): 796-821. | | | |
| 317 | 00/00/01 | None | Pamela Samuelson, and Suzanne Scotchmer, *The Law and Economics of Reverse Engineering* , Yale L.J. 1575 (2001), http://scholarship.law.berkeley.edu/facpubs/62. | | | |
| 318 | 00/00/17 | NERA_0000025 - NERA_0000039 | Jaffe, Adam and Gaetan de Rassenfosse, *Patent Citation Data in Social Science Research: Overview and Best Practices* , Journal of the Association for Information Science and Technology, 68(6), 1360-1374 (2017) | | | |
| 319 | 00/00/90 | NERA_0002282 - NERA_0002291 | Manuel Trajtenberg, *Economic Analysis of Product Innovation* , Harvard University Press, 1990 | | | |
| 320 | 00/00/90 | NERA_0001716 - NERA_0001731 | Manuel Trajtenberg, *A Penny for Your Quotes: Patent Citations and the Value of Innovations* , RAND Journal of Economics 21 (1), Spring 1990, pp. 172-87 | | | |
| 321 | 00/00/05 | NERA_0000438 - NERA_0000479 | Bronwyn H. Hall, Adam Jaffe, and Manuel Trajtenberg, *Market Value and Patent Citations* , RAND Journal of Economics 36 (1), Spring 2005, pp. 16-38. | | | |
| 322 | 00/00/02 | NERA_0001374 - NERA_0001394 | Dietmar Harhoff, Frederic Scherer, and Katrin Vopel, *Citation, family size, opposition and the value of patent rights* , Research Policy, 1596 (2002), pp. 1-21 | | | |
| 323 | 4/8/2013 | NERA_0001900 - NERA_0001937 | Petra Moser, Joerg Ohmstedt, and Paul W. Rhode, *Patent Citations and the Size of Patented Inventions—Evidence from Hybrid Corn* , SSRN, April 8, 2013 | | | |
| 324 | | NERA_0002157 - NERA_0002203 | Carlos Serrano, *Estimating the Gains from Trade in the Market for Patent Rights* , NBER Working Paper 17304 | | | |
| 325 | 4/1/2016 | BARD_AD_0773655 - BARD_AD_0773658 | HPG Port Executive Summary | | | |
| 326 | 00/00/2014 | BARD_AD_0776407 | "Port Strategy Meeting, slide show - 2014" | | | |
| 327 | 8/19/2010 | None | Horizontal Merger Guidelines, U.S. Department of Justice and the Federal Trade Commission, August 19, 2010 | | | |
| 328 | | None | Model Request for Additional Information and Documentary Material (Second Request), https://www.ftc.gov/system/files/attachments/merger-review/guide3.pdf | | | |

Bard Peripheral Vascular, Inc.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 329 | 00/00/10 | NERA_0002088 - NERA_0002122 | Joseph Farrell and Carl Shapiro, Antitrust Evaluation of Horizontal Mergers: An Economic Alternative to Market Definition, The B.E. Journal of Theoretical Economics: Vol. 10: Iss. 1 Article 9., http://www.bepress.com/ bejte/vol10/iss1/art9. | | | |
| 330 | 11/9/2009 | BARD_AD_1667517 - BARD_AD_1667533 | Email from Boswell to Draper re Vaccess CT Port aka "Stealth Port" POA with attachments | Boswell | Ex. 36 | |
| 331 | 06/00/03 | NERA_0000913 - NERA_0000940 | Justin P. Johnson and David P. Myatt, Multiproduct Quality Competition: Fighting Brands and Product Line Pruning , American Economic Review, June 2003, v. 93, iss. 3, pp. 748-74 | | | |
| 332 | 00/00/16 | BARD_AD_2274031 | Bard Ports Sales - 2004 -2015 | | | |
| 333 | 00/00/08 | NERA_0001080 - NERA_0001086 | Douglas Puffert, Path Dependence in Technical Standards , The New Palgrave Dictionary of Economics, Second Edition, 2008 | | | |
| 334 | 00/00/90 | NERA_0000743 - NERA_0000781 | Paul A. David and Shane Greenstein, The Economics of Compatibility Standards: and Introduction to Recent Research , Economic Innovation New Technology, 1990, 1 3-41 | | | |
| 335 | 3/8/2011 | NERA_0001411 - NERA_0001713 | OECD, Standard Setting  at p. 25, https://www.oecd.org/daf/competition/47381304.pdf | | | |
| 336 | | None | http://www.smithsonianmag.com/arts-culture/fact-of-fiction-the-legend-of-the-qwerty-keyboard-49863249/ | | | |
| 337 | 08/00/11 | NERA_0001405 - NERA_0001410 | Policy: Power Injection of Implanted Ports , Vanderbilt University Medical Center, August, 2011, http://www.mc.vanderbilt.edu/documents/pedshemonc/ files/ 07_%252020%2520Power%2520Inj %2520of%2520Imp %2520%2520Ports%2520final.pdf | | | |
| 338 | 09/00/11 | None | John Slaby and Rakesh Navuluri, Chest Port Fracture Caused by Power Injection , Semin Intervent Radiol. 2011 Sep; 28(3):357–358, ttps://www.ncbi.nlm.nih.gov/ pmc/articles/PMC3312164/, | | | |
| 339 | 00/00/04 | NERA_0000397 - NERA_0000403 | Suzanne Scotchmer, Innovation and Incentives, (MIT Press: 2004) | | | |
| 340 | 00/00/02 | NERA_0001115 - NERA_0001143 | Nancy T. Gallini, The Economics of Patents: Lessons from Recent U.S. Patent Reform , Journal of Economic Perspectives, Volume 16, Number 2, Spring 2002, pp. 131–154. | | | |
| 341 | 00/00/85 | NERA_0000007 - NERA_0000024 | Michael Katz and Carl Shapiro, On the Licensing of Innovations , RAND Journal of Economics, Vol 16, No. 4, Winter 1985; | | | |
| 342 | 11/00/96 | NERA_0001062 - NERA_0001068 | Richard Gilbert and Carl Shapiro, An economic analysis of unilateral refusals to license intellectual property , Proc. Natl. Acad. Sci. USA, Vol. 93, pp. 12749–12755, November 1996 | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 343 | | | WITHDRAWN | | | |
| 344 | 00/00/03 | NERA_0000353 - NERA_0000372 | Ashish Arora, Andrea Fosfuri, *Licensing the market for technology* , Journal of Economic Behavior & Organization, 2003, v. 52, nº 2, pp. 277-295 | | | |
| 345 | 00/00/05 | None | James Bessen and Michael J. Meurer, *Lessons for Patent Policy from Empirical Research on Patent Litigation* , Lewis and Clark L. R., 2005, Vol. 9:1, p. 9 | | | |
| 346 | 00/00/98 | NERA_0000040 - NERA_0000053 | Wang, X.H., *Fee versus royalty licensing in a Cournot duopoly model* , Economics Letters, 60, 55-62 (1998) | | | |
| 347 | 00/00/02 | NERA_0000054 - NERA_0000075 | X.Henry Wang, *Fee versus royalty licensing in a differentiated Cournot duopoly* , Journal of Economics and Business, Volume 54, Issue 2, March–April 2002, Pages 253-266 | | | |
| 348 | 00/00/00 | NERA_0000388 - NERA_0000396 | Standard Patent License Agreement, http://www.gemalto.com/companyinfo-site/about-site/ mergersite/download- site/Documents/patent_licence.pdf. | | | |
| 349 | 10/10/2013 | None | *AngioDynamics Signs Multi-Year, Sole-Source Agreement With Large Integrated Delivery Network Group* , AngioDynamics, October 10, 2013, http://investors.angiodynamics.com/releasedetail.cfm?rel easeid=796255 | | | |
| 350 | | NERA_0001228 - NERA_0001243 | Stefano Colombo and Luigi Filippini, *Patent Licensing with Bertrand Competitors* , The Manchester School, Vol. 83 No 1, 1-16, p. 9 | | | |
| 351 | 00/00/10 | NERA_0000706 - NERA_0000709 | Marta San Martin and Ana Saraco, *Royalty Licensing,* Economic Letters, (2010) | | | |
| 352 | 00/00/14 | NERA_0000344 - NERA_0000352 | John S. Heyword, Jianpei Li, Guangliang Ye, *Per Unit vs. Ad Valorem Royalties under Asymmetric Information* , International Journal of Industrial Organization, 37 (2014), 38-46. | | | |
| 353 | 10/00/11 | NERA_0001051 - NERA_0001061 | Varner, Thomas R., *An Economic Perspective on Patent Licensing Structure and Provisions* , Business Economics, Vol. 46(4), (October 2011), 233-234, | | | |
| 354 | 00/00/00 | None | DVD audio and video disks are licensed on a dollar per unit basis, http://www.dvd6cla.com/royaltyrate.html | | | |
| 355 | 4/5/2007 | BARD_AD_1957404 - BARD_AD_1957438 | U.S. Patent Application Publication No. 2007/0078391 | | | |
| 356 | 12/13/2011 | BARD_AD_2307309 - BARD_AD_2307318 | U.S. Patent No. 8,075,536 | | | |
| 357 | 1/6/2015 | BARD_AD_2305291 - BARD_AD_2305321 | U.S. Patent No. 8,926,573 | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 358 | | None | Appendix B to Expert Report of Matthew S. Johnson, MD in Rebuttal to Dr. Vogelzang's Report on Invalidity of the Patents-in-Suit | | | |
| 359 | | None | Alan J. Cox Curriculum Vitae | | | |
| 360 | | None | Bard Power Port U.S. Dollar Sales by Product 2006-2016 Cox Expert Report Exhibit 1 | | | |
| 361 | | None | Bard Power Port U.S. Unit Sales By Product 2006-2016 Cox Expert Report Exhibit 2 | | | |
| 362 | | None | Bard Power Port U.S. Average Sale Price By Product 2006-2016 Cox Expert Report Exhibit 3 | | | |
| 363 | | None | Bard Average U.S. Selling Price 2006-2016 Cox Expert Report Exhibit 4 | | | |
| 364 | | None | AngioDynamics U.S. Average Selling Price 2007-2017 Cox Expert Report Exhibit 5 | | | |
| 365 | | None | Bard Power Port U.S. Gross Profit Margin By Product 2006- 2016 Cox Expert Report Exhibit 6 | | | |
| 366 | | None | Bard Power Port U.S. Gross Profit per Unit By Product 2006-2016 Cox Expert Report Exhibit 7 | | | |
| 367 | | None | Bard U.S. Unit Gross Profit 2006-2016 Cox Expert Report Exhibit 8 | | | |
| 368 | | None | AngioDynamics U.S. Unit Gross Profit 2007-2017 Cox Expert Report Exhibit 9 | | | |
| 369 | | None | Bard U.S. Non-Power and Non-Power Dual Lumen Ports Profit Margins 2006-2016 Cox Expert Report Exhibit 10 | | | |
| 370 | | None | Bard U.S. Power and Non-Power Ports Weighted Average Gross Profit 2006-2016 Cox Expert Report Exhibit 11 | | | |
| 371 | | None | AngioDynamics Power Port U.S. Dollar Sales By Product 2007-2017 Cox Expert Report Exhibit 12 | | | |
| 372 | | None | AngioDynamics Power Port Outside U.S. Dollar Sales By Product 2007-2017 Cox Expert Report Exhibit 12.1 | | | |
| 373 | | None | AngioDynamics Power Port U.S. Unit Sales By Product 2007-2017 Cox Expert Report Exhibit 13 | | | |
| 374 | | None | AngioDynamics Power Port Outside U.S. Unit Sales By Product 2007-2017 Cox Expert Report Exhibit 13.1 | | | |
| 375 | | None | AngioDynamics Power Port U.S. Average Sale Price By Product 2007-2017 Cox Expert Report Exhibit 14 | | | |

Bard Peripheral Vascular, Inc.                                                                      Sept. 15, 2022
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 376 | | None | AngioDynamics Power Port Outside U.S. Average Sale Price By Product 2007-2017<br>Cox Expert Report Exhibit 14.1 | | | |
| 377 | | None | AngioDynamics Power Port U.S. Gross Margin By Product 2007-2017<br>Cox Expert Report Exhibit 15 | | | |
| 378 | | None | AngioDynamics Power Port Outside U.S. Gross Margin By Product 2007-2017<br>Cox Expert Report Exhibit 15.1 | | | |
| 379 | | None | AngioDynamics Power Port U.S. Gross Profit per Unit By Product 2007-2017<br>Cox Expert Report Exhibit 16 | | | |
| 380 | | None | AngioDynamics Power Port Outside U.S. Gross Profit per Unit By Product 2007-2017<br>Cox Expert Report Exhibit 16.1 | | | |
| 381 | | None | Xcela Power Injectable Ports Properties and Characteristics<br>Cox Expert Report Exhibit 17 | | | |
| 382 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 1<br>September 10, 2009 - 2017<br>Cox Expert Report Exhibit 18.1 | | | |
| 383 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 1<br>September 10, 2009 - 2017<br>Cox Expert Report Exhibit 18.1.2 | | | |
| 384 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 2<br>September 10, 2009 - 2017<br>Cox Expert Report Exhibit 18.2 | | | |
| 385 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 2<br>September 10, 2009 - 2017<br>Cox Expert Report Exhibit 18.2.2 | | | |
| 386 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 3<br>September 10, 2009 - 2017<br>Cox Expert Report Exhibit 18.3 | | | |
| 387 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 3<br>September 10, 2009 - 2017<br>Cox Expert Report Exhibit 18.3.2 | | | |
| 388 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 4<br>July 2, 2013 - 2017<br>Cox Expert Report Exhibit 18.4 | | | |

Sept. 15, 2022

Bard Peripheral Vascular, Inc.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 389 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 4 July 2, 2013 - 2017 Cox Expert Report Exhibit 18.4.2 | | | |
| 390 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 5 July 2, 2013 - 2017 Cox Expert Report Exhibit 18.5 | | | |
| 391 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 5 July 2, 2013 - 2017 Cox Expert Report Exhibit 18.5.2 | | | |
| 392 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 6 July 2, 2013 - 2017 Cox Expert Report Exhibit 18.6 | | | |
| 393 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 6 July 2, 2013 - 2017 Cox Expert Report Exhibit 18.6.2 | | | |
| 394 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 7 October 1, 2013 - 2017 Cox Expert Report Exhibit 18.7 | | | |
| 395 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 7 October 1, 2013 - 2017 Cox Expert Report Exhibit 18.7.2 | | | |
| 396 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 8 August 12, 2014 - 2017 Cox Expert Report Exhibit 18.8 | | | |
| 397 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 8 August 12, 2014 - 2017 Cox Expert Report Exhibit 18.8.2 | | | |
| 398 | | None | Implied Relative Value of Each Bard Patent at Issue Based on Analysis of All Forward Citations Cox Expert Report Exhibit 19 | | | |
| 399 | | None | Implied Relative Value of Each Bard Patent at Issue Based on Analysis of Forward Citations by U.S. Granted Patents Cox Expert Report Exhibit 20 | | | |
| 400 | | None | Bard U.S. Unit Sales 2006 - 2016 Cox Expert Report Exhibit 21.1 | | | |
| 401 | | None | AngioDynamics U.S. Unit Sales 2007 - 2017 Cox Expert Report Exhibit 21.2 | | | |
| 402 | | None | AngioDynamics and Bard Total U.S. Unit Sales 2006-2017 Cox Expert Report Exhibit 21.3 | | | |

Bard Peripheral Vascular, Inc.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

Sept. 15, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 403 | | None | Damage Scenarios By Hypothetical Negotiation Cox Expert Report Exhibit 22 | | | |
| 404 | | None | Damage Scenarios Outside U.S. By Hypothetical Negotiation Cox Expert Report Exhibit 22.1 | | | |
| 405 | | None | Bard Selling Cost as a Percentage of Net Sales Year to Date and Prior Year 2007 - 2015 Cox Expert Report Exhibit 23 | | | |
| 406 | | None | Calculation of Royalty Rate 2007 - 2015 Cox Expert Report Exhibit 24 | | | |
| 407 | | DELANGIO_00267464 | AngioDynamics Port Matrix 08-2012 spreadsheet | | | |
| 408 | | BARD_AD_2290218 | Bard Access Systems Financials as of December 2004 | | | |
| 409 | | BARD_AD_2290224 | Bard Access Systems Financials as of December 2005 | | | |
| 410 | | BARD_AD_2274009 - BARD_AD_2274018 | Bard Access Systems Financials as of December 2006 | | | |
| 411 | | BARD_AD_2273990 - BARD_AD_2273999 | Bard Access Systems Financials as of December 2007 | | | |
| 412 | | BARD_AD_2274020 - BARD_AD_2274030 | Bard Access Systems Financials as of December 2008 | | | |
| 413 | | BARD_AD_2274002 - BARD_AD_2274005 | Bard Access Systems Financials as of December 2009 | | | |
| 414 | | BARD_AD_2290219 | Bard Access Systems Financials as of December 2010 | | | |
| 415 | | BARD_AD_2290223 | Bard Access Systems Financials as of December 2011 | | | |
| 416 | | BARD_AD_2274008 | C.R. Bard - Management P&L for Dec 2012 | | | |
| 417 | | BARD_AD_2274001 | C.R. Bard - Management P&L for Dec 2013 | | | |
| 418 | | BARD_AD_2274006 | C.R. Bard - Management P&L for Dec 2014 | | | |
| 419 | | BARD_AD_2274007 | C.R. Bard - Management P&L for Dec 2015 | | | |
| 420 | | BARD_AD_2274019 | C.R. Bard - Management P&L for Dec 2016 | | | |
| 421 | 10/25/2016 | None | U.S. Patent No. 9,474,888 | | | |
| 422 | 9/14/1999 | None | U.S. Patent No. 3. 5,951,512 | | | |
| 423 | | None | PORT-A-CATH® IMPLANTABLE Epidural, Arterial and Peritoneal Access Systems http://web.archive.org/web/20001119035900/www.deltec.com/cPacspl.htm | | | |
| 424 | 9/23/2003 | BARD_AD_0501470 | Bard Access Systems - Research and Development Presentation | | | |
| 425 | 9/9/2004 | BARD_AD_1975735 - BARD_AD_1975755 | Sep. 9, 2004 Memorandum from Jim Beasley re: Monthly Management Report - Bard Access Systems | | | |
| 426 | 3/5/2005 | BARD_AD_2143533 - BARD_AD_2143554 | Mar. 8, 2005 Memorandum from Jim Beasley re: Monthly Management Report - Bard Access Systems | | | |
| 427 | 4/5/2005 | BARD_AD_2149962 - BARD_AD_2149988 | Monthly Manager's Report - Concept to Post Market Projects | | | |
| 428 | 2/15/2005 | BARD_AD_0944267 | Feb. 5, 2005 Memo From Andrew Robertson re: Marketing claims for PowerPort | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 429 | 6/13/2005 | BARD_AD_2292740 - BARD_AD_2292742 | Minutes/Actions from 6/13/05 Plastic Power Port (PPP) team meeting | | | |
| 430 | | BARD_AD_0054166 - BARD_AD_0054216 | Laboratory Notebook - Kelly Powers | | | |
| 431 | 7/18/2005 | BARD_AD_2300199 - BARD_AD_2300208 | Jul. 18, 2005 Memorandum from Kelly Powers re: TTR Summary for July 12 & 13, 2005 | | | |
| 432 | 12/20/2005 | BARD_AD_0952678 - BARD_AD_0952684 | PowerPort Pre-IDE Worksheet | | | |
| 433 | 3/22/2006 | BARD_AD_0062218 - BARD_AD_0062312 | PreIDE for Power Injectable Port System | | | |
| 434 | 10/21/2004 | BARD_AD_2191553 - BARD_AD_2191687 | Oct. 21, 2004 Bard Access Systems 3 Year Strategic Plan | | | |
| 435 | 9/12/2005 | BARD_AD_2149318 - BARD_AD_2149371 | Sep. 12, 2005 Traditional 510(k) for PowerPort Titanium Implanted Port | | | |
| 436 | | BARD_AD_2146989 - BARD_AD_2146991 | Curriculum Vitae of Kelly B. Powers, 2011 | | | |
| 436-A | | BARD_AD_2356964- BARD_AD_2356966 | Curriculum Vitae of Kelly B. Powers (current) | | | |
| 437 | 12/9/2005 | BARD_AD_1523904 - BARD_AD_1523906 | Dec. 9, 2005 Email from Peggy Keifer re: FDA Conference for PowerPort/Power Loc | | | |
| 438 | 7/26/2005 | BARD_AD_0019209 | Photograph of Triangular Power Port | | | |
| 439 | 2/9/2005 | BARD_AD_2274032 - BARD_AD_2274050 | Disclosure of Invention, D310267 | | | |
| 440 | 10/22/2002 | BARD_AD_2190609 - BARD_AD_2190719 | Bard Access Systems - Business Review 2003 Budget - Three Year Plan | | | |
| 441 | 4/27/2004 | BARD_AD_2190841 - BARD_AD_2191004 | Bard Access Systems - NPD Review | | | |
| 441-A | 3/9/2004 | | X-ray of Bard Ports | | | |
| 441-P | 3/9/2004 | | X-ray of Bard Ports - Physical Sample | | | |
| 442 | 3/25/2002 | BARD_AD_2191453 - BARD_AD_2191485 | Bard Access Systems - 2002 Business Review | | | |
| 443 | 10/25/2004 | BARD_AD_0020069 - BARD_AD_0020084 | TTR Summary for October 5 & 6, 2004 | | | |
| 444 | 6/28/2004 | BARD_AD_1898738 - BARD_AD_1898748 | TTR Summary for June 22 & 23, 2004 | | | |
| 445 | 6/23/2004 | BARD_AD_0019187 - BARD_AD_0019197 | Excerpt from Lab Notebook of Kevin Sheetz | | | |
| 446 | 7/26/2005 | BARD_AD_0019210 | Photograph of Triangular Power Port | | | |
| 446-P | 7/26/2005 | | Triangular Power Port - Physical Sample | | | |
| 447 | 7/15/2005 | BARD_AD_0019183 - BARD_AD_0019185 | Excerpt from Lab Notebook of Kelly Powers | | | |
| 448 | 2/15/2005 | BARD_AD_0952086 - BARD_AD_0952087 | Feb. 15, 2005 Memo from Andrew Robertson and Kevin Sheetz re: Marketing claims for PowerPort | | | |
| 449 | 8/21/2006 | BARD_AD_2270260 - BARD_AD_2270352 | P57588 MRI Power Port Qualification Protocol | | | |
| 450 | 10/19/2004 | BARD_AD_2244095 - BARD_AD_2244098 | Fall ONS 2004 Survey, Melissa Andres Response | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 451 | 10/19/2004 | BARD_AD_2244424 - BARD_AD_2244427 | Fall ONS 2004 Survey, Jodi Kozak Response | | | |
| 452 | | BARD_AD_2273427 | CAD Drawing of a Port | | | |
| 452-A | | | Solidworks PDF | | | |
| 453 | 1/27/2005 | BARD_AD_2305287 - BARD_AD_2305288 | Confidential Information Agreement Between Bard Access Systems and Katie Lowe | | | |
| 454 | 1/27/2005 | BARD_AD_2305289 - BARD_AD_2305290 | Confidential Information Agreement Between Bard Access Systems and Lisa Ketcheside | | | |
| 455 | 1/27/2005 | BARD_AD_0014555 - BARD_AD_0014557 | Oncology Nurses Design Input Survey, Spring 2005, Katie Lowe Response | | | |
| 456 | 1/27/2005 | BARD_AD_0014558 - BARD_AD_0014560 | Oncology Nurses Design Input Survey, Spring 2005, Lisa Ketcheside Response | | | |
| 457 | 2/10/2006 | BARD_AD_0028073 - BARD_AD_0028187 | Power Port Qualification Protocol | | | |
| 458 | 9/2/2005 | BARD_AD_0028341 - BARD_AD_0028670 | PowerPort E Qualification Testing | | | |
| 459 | 7/20/2006 | BARD_AD_0029452 - BARD_AD_0029899 | PowerPort™ Port Qualification Equivalency Testing Report | | | |
| 460 | 3/16/2006 | BARD_AD_0031188 - BARD_AD_0031489 | PowerPort Port Qualification Test Report | | | |
| 461 | 2/24/2006 | BARD_AD_1314287 - BARD_AD_1314308 | Titanium PowerPort tm Port Pressure vs Flow Evaluation Report | | | |
| 462 | 10/31/2006 | BARD_AD_1533195 - BARD_AD_1534316 | MRI PowerPort Qualification Report | | | |
| 463 | 1/20/2005 | BARD_AD_0038439 | Jan. 20, 2005 Memo from Kevin Sheetz re: Burst testing concept Power Inject Ports | | | |
| 464 | 1/12/2005 | BARD_AD_0044941 - BARD_AD_0044942 | Jan. 12, 2005 Memo from Kevin Sheetz re: Concept level testing of Adult Titanium Port as a Power Port | | | |
| 465 | 1/4/2005 | BARD_AD_0052894 - BARD_AD_0052897 | Jan. 4, 2005 Memo from Esther McNeal re: Power Injection Testing | | | |
| 466 | 7/3/2003 | BARD_AD_0306907 - BARD_AD_0306910 | Jul. 3, 2003 Memorandum from David Jansen re: June Marketing Monthly Report | | | |
| 467 | 10/1/2003 | BARD_AD_2149454 | Marketing and R&D Presentation | | | |
| 468 | 8/4/2004 | BARD_AD_0020561 - BARD_AD_0020572 | August 4 & 5, 2005 TTR Summary | | | |
| 469 | 8/18/2004 | BARD_AD_0052514 - BARD_AD_0052515 | M193-1 Memo re Concept Testing of Power Injection on Ports | | | |
| 470 | 12/6/2004 | BARD_AD_0051343 - BARD_AD_0051353 | P52589 - Power Injection Port Concept Protocol | | | |
| 471 | 2/18/2005 | BARD_AD_0050780 - BARD_AD_0050803 | DIR52601.000 - Design Input Requirements | | | |
| 472 | 2/10/2005 | BARD_AD_0053703 - BARD_AD_0053711 | DDP55184 - DDP for Power Injectable Port Project | | | |

Bard Peripheral Vascular, Inc.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 473 | 3/3/2005 | BARD_AD_0168432 - BARD_AD_0168461 | R52598 - Power Port Feasibility Test Report | | | |
| 474 | 4/8/2005 | BARD_AD_0053006 - BARD_AD_0053042 | P52599.000 - Power Port Qualification Protocol, Revision 0 | | | |
| 475 | 6/8/2005 | BARD_AD_0051159 - BARD_AD_0051164 | M193-21 - Adult Titanium Port Reservoir, and Port Assembly Tensile Equivalency Testing | | | |
| 476 | 6/16/2005 | BARD_AD_0238955 - BARD_AD_0238966 | M193-23 - Adult Ti Port Reservoir dimensional investigation | | | |
| 477 | 7/18/2006 | BARD_AD_0040867 - BARD_AD_0040895 | PRM57992 - TiPP Product Release to Market Form | | | |
| 478 | 2/28/2006 | BARD_AD_0065888 - BARD_AD_0065912 | R57265.000 - High Pressure Septum Evaluation Feasibility Report | | | |
| 479 | 2/28/2006 | BARD_AD_0147395 - BARD_AD_0147410 | R57391 - High Pressure Septum Redesign Evaluation Feasibility Report | | | |
| 480 | 5/5/2006 | BARD_AD_0156031 - BARD_AD_0156046 | R57587 - Further Evaluation of the High Pressure Septum Redesign Feasibility Report | | | |
| 481 | 7/17/2006 | BARD_AD_0271255 - BARD_AD_0271262 | M200-21 - Port Assembly Tensile Testing to Evaluate Port Weld Strength | | | |
| 482 | 9/22/2006 | BARD_AD_0229962 - BARD_AD_0229966 | M200-29 - DIR Engineering Requirements for Weld Strength Tensile | | | |
| 483 | 3/16/2007 | BARD_AD_0039490 - BARD_AD_0039560 | PRM58565 - MRI PowerPort Product Release | | | |
| 484 | 11/14/2008 | BARD_AD_0052536 - BARD_AD_0052549 | Bard Access Systems Memorandum to DHFR 268/M268- 038 from M. Wiley and D. Case re PowerPort Port "CT" Base Engraving Study | | | |
| 485 | 6/11/2009 | BARD_AD_0051356 - BARD_AD_0051364 | P60115 - PowerPort CT Engraving Qualification Protocol | | | |
| 486 | 7/6/2009 | BARD_AD_0032345 - BARD_AD_0032406 | R60015.000 - PowerPort CT Engraving Qualification Report | | | |
| 487 | 8/10/2006 | BARD_AD_2157452 - BARD_AD_2157582 | DISR56685 PowerPort Design Input Summary Report | | | |
| 488 | 9/00/2006 | None | FDA - Caution on Power Injection of MRI and CT Contrast Media (October 2005) 6. https://web.archive.org/web/20060928103534/http://www.accessdata.fda.gov/psn/printer.cfm?id=462 | | | |
| 489 | 7/12/2017 | None | Bard's Supplemental Response to AngioDynamics Inc.'s Interrogatories Nos. 1 and 9. | | | |
| 490 | 5/5/2016 | None | AngioDynamics, Inc.'s Responses and Objections to Bard's First Set of Interrogatories | | | |
| 491 | 8/8/2016 | None | AngioDynamics Inc.'s Supplemental Response to Interrogatory No. 7 | | | |

Bard Peripheral Vascular, Inc.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 492 | 8/16/2016 | None | AngioDynamics Inc.'s Supplemental Response to Bard's Interrogatory No. 5 | | | |
| 493 | 10/13/2016 | None | AngioDynamics's Responses to Bard's Second Set of Interrogatories (Nos. 8-10) | | | |
| 494 | 11/4/2016 | None | AngioDynamics Inc.'s First Supplemental Response to Interrogatory No. 8 | | | |
| 495 | 12/27/2016 | None | AngioDynamics Inc.'s Response and Objections to Bard's Third Set of Interrogatories (No. 11) | | | |
| 496 | 1/17/2017 | None | AngioDynamics Inc.'s Responses and Objections to Bard's Fourth Set of Interrogatories (No.12) | | | |
| 497 | 5/12/2017 | None | AngioDynamics Inc.'s Responses and Objections to Bard's Fifth Set of Interrogatories (Nos. 13-21) | | | |
| 498 | 5/15/2017 | None | AngioDynamics Inc.'s Supplemental Responses to Interrogatories Nos. 2, 3 and 5-7 | | | |
| 499 | 5/26/2017 | None | 2017-05-26 AngioDynamics Inc.'s Responses and Objections to Bard's Sixth Set of Interrogatories (Nos. 22- 25) | | | |
| 500 | 7/12/2017 | None | AngioDynamics Inc.'s Supplemental Responses and Objections to Bard's Interrogatories Nos. 1 7 9-11 14 15 17 21 23 and 25 | | | |
| 501 | 9/1/2017 | | Expert Report of Timothy Clark, MD, MS, FSIR Regarding Infringement of the Patents-In-Suit | | | |
| 502 | 11/30/2017 | | Supplemental Expert Report of Timothy Clark, MD, MS, FSIR Regarding Infringement of the Patents-In-Suit | | | |
| 503 | 9/29/2017 | | Expert Report of Matthew S. Johnson, MD in Rebuttal to Dr. Vogelzang's Report on Invalidity of the Patents-in-Suit | | | |
| 504 | 12/6/2017 | | Additional Expert Report of Matthew Johnson, MD Regarding Validity of the Patents-In-Suit | | | |
| 505 | 9/1/2017 | | Expert Report of Alan J. Cox, Ph.D | | | |
| 506 | 12/1/2017 | | Reply Expert Report of Alan J. Cox, Ph.D | | | |
| 507 | 12/6/2017 | | Reply to Supplemental Expert Report of Alan J. Cox, Ph.D. | | | |
| 508 | 11/10/2016 | | Reminders from FDA Regarding Ruptured Vascular Access Devices from Power Injection, available at http://www.fda.gov/MedicalDevices/Safety/AlertsandNot ices/TipsandArticlesonDeviceSafety/ucm070193.htm | | | |
| 509 | 3/1/2009 | BARD_AD_0313428-BARD_AD_0313435 | Kathleen Johnson, "Power Injectable Portal Systems", Journal of Radiology Nursing Volume 28, Issue 1 (March 2009) | | | |
| 510 | 1/5/2010 | | PTO Information Disclosure Statement by Applicant for Application No. 11/320,223 | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 511 | 4/24/2001 | | Bard Schematic titled "Port S/A MRI 8 FR CHFX" | | | |
| 512 | 4/4/2017 | | Plaintiffs C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Notice of Deposition of Defendant AngioDynamics, Inc. Pursuant to Fed. R. Civ. P. 30(b)(6) | Chartrand | 102 | |
| 513 | 9/11/2007 | DELANGIO_00312541 - DELANGIO_00312544 DELANGIO_00312559 - DELANGIO_00312568 | Email from C. Greiner to E. Priest re Mid Atlantic SMS - including Mehmet's with attachments | Greiner | 607 | |
| 514 | 9/17/2007 | DELANGIO_00320147 - DELANGIO_00320154 | Email from C. Greiner to E. Priest, et al., re East IPG SMS Report - August with attachment | Greiner | 608 | |
| 515 | | DELANGIO_00113250 - DELANGIO_00113345 | Xcela Plus Port Design Verification Master Plan/Report Ver. E | Girard | 507 | |
| 516 | 3/8/2010 | DELANGIO_00219101 - DELANGIO_00219111 | SmartPort CT Extensions Project Design Project Plan | Kenny | 206 | |
| 517 | 2/24/2010 | DELANGIO_00218706 - DELANGIO_00218718 | Email from S. Kenny to mdavis@AngioDynamics.com re Bard Power Port Testing with attachment | Kenny | 216 | |
| 518 | 5/27/2008 | DELANGIO_00515100 | Smart Port "CT" Engraving Timeline | Kenny | 220 | |
| 519 | 5/21/2008 | DELANGIO_00063132 | AngioDynamics Memo to S. Kenny, B. Johnson, D. Derrick, K. Joiner, M. Milliron, E. Young, B. Chartrand and D. Recinella from B. Hanson re Port Team Meeting of 5-20- 2008 - Meeting Minutes | Kenny | 221 | |
| 520 | 10/9/2008 | DELANGIO_00055198 | AngioDynamics Smart Port CT Projects Team Meeting Minutes | Kenny | 223 | |
| 521 | | DELANGIO_00221509 - DELANGIO_00221514 | Smart Port CT (Mini & Low Profile) Project #: 100247 | Kenny | 204 | |
| 522 | | BARD_AD_2356963 | Updated Bard Sales Numbers spreadsheet | | | |
| 523 | | DELANGIO_00053472 | AngioDynamics Sales Figures for July 2013 forward spreadsheet | McTiernan | 302 | |
| 524 | | None | Cox Expert Report Exhibit 1 (Updated) Bard Power Port U.S. Dollar Sales by Product 2006-2017 | | | |
| 525 | | None | Cox Expert Report Exhibit 12 (Updated) AngioDynamics Power Port U.S. Dollar Sales By Product 2007-July 2018 | | | |
| 526 | | None | Cox Expert Report Exhibit 12.1 (Updated) AngioDynamics Power Port Outside U.S. Dollar Sales By Product 2007-July 2018 | | | |
| 527 | | None | Cox Expert Report Exhibit 13 (Updated) AngioDynamics Power Port U.S. Unit Sales By Product 2007-July 2018 | | | |
| 528 | | None | Cox Expert Report Exhibit 13.1 (Updated) AngioDynamics Power Port Outside U.S. Unit Sales By Product 2007-July 2018 | | | |
| 529 | | None | Cox Expert Report Exhibit 14 (Updated) AngioDynamics Power Port U.S. Average Sale Price By Product 2007-July 2018 | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 530 | | None | Cox Expert Report Exhibit 14.1 (Updated) AngioDynamics Power Port Outside U.S. Average Sale Price By Product 2007-July 2018 | | | |
| 531 | | None | Cox Expert Report Exhibit 18.1(a) (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 1; Sept. 10, 2009 - July 2, 2013; Aug. 12, 2014-July 31, 2018 | | | |
| 532 | | None | Cox Expert Report Exhibit 18.1(b) (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 1; Sept. 10, 2009 - July 2, 2013; Mar. 10, 2015-July 31, 2018 | | | |
| 533 | | None | Cox Expert Report Exhibit 18.1.2(a) (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 1;Sept. 10, 2009 - July2, 2013; Aug. 12, 2014-July 31, 2018 | | | |
| 534 | | None | Cox Expert Report Exhibit 18.1.2 (b) (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 1;Sept. 10, 2009 - July2, 2013; Mar. 10, 2015-July 31, 2018 | | | |
| 535 | | None | Cox Expert Report Exhibit 18.2 (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 2 Sept. 10, 2009 - July 2013; Aug. 12, 2014-July 31, 2018+D550 | | | |
| 536 | | None | Cox Expert Report Exhibit 18.2.2 (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 2 Sept. 10, 2009 - July 2, 2013; Aug. 12. 2014-July 31, 2018+D552 | | | |
| 537 | | None | Cox Expert Report Exhibit 18.3 (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 3; Sept. 10, 2009 - July 2, 2013; Mar. 10, 2015-July 31, 2018 | | | |
| 538 | | None | Cox Expert Report Exhibit 18.3.2 (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 3; Sept. 10, 2009 - July 2, 2013; Mar. 10, 2015-July 31, 2018 | | | |
| 539 | | None | Cox Expert Report Exhibit 18.4(a) (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 4 Aug. 12, 2014 - July 31, 2018 | | | |
| 540 | | None | Cox Expert Report Exhibit 18.4(b) (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 4 Mar. 10, 2015 - July 31, 2018 | | | |

Bard Peripheral Vascular, Inc.                                                                    Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 541 | | None | Cox Expert Report Exhibit 18.4.2(a) (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 4 Aug. 12, 2014-July 31, 2018 | | | |
| 542 | | None | Cox Expert Report Exhibit 18.4.2(b) (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 4 Mar. 10, 2015+D558 -July 31, 2018 | | | |
| 543 | | None | Cox Expert Report Exhibit 18.5 (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 5 Aug. 2014 - July 31, 2018 | | | |
| 544 | | None | Cox Expert Report Exhibit 18.5.2 (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 5 Aug. 12. 2014 - July 31, 2018+D560 | | | |
| 545 | | None | Cox Expert Report Exhibit 18.6 (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 6 Mar. 2015 - July 31, 2018 | | | |
| 546 | | None | Cox Expert Report Exhibit 18.6.2 (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 6 Mar. 10, 2015 - July 31, 2018 | | | |
| 547 | | None | Cox Expert Report Exhibit 18.7(a) (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 7 Aug. 12, 2014 - July 31, 2018 | | | |
| 548 | | None | Cox Expert Report Exhibit 18.7(b) (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 7 Mar. 10, 2015 - July 31, 2018 | | | |
| 549 | | None | Cox Expert Report Exhibit 18.7.2(a)  (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 7 Aug. 12, 2014 - July 31, 2018 | | | |
| 550 | | None | Cox Expert Report Exhibit 18.7.2(b) (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 7 Mar. 10, 2015 - July 31, 2018 | | | |
| 551 | | None | Cox Expert Report Exhibit 18.8 (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 8 August 12, 2014 - July 31, 2018 | | | |
| 552 | | None | Cox Expert Report Exhibit 18.8.2 (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 8 August 12, 2014 - July 31, 2018 | | | |

Bard Peripheral Vascular, Inc.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

Sept. 15, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 553 | | None | Cox Expert Report Exhibit 22 (Updated) Damage Scenarios By Hypothetical Negotiation | | | |
| 554 | | None | Cox Expert Report Exhibit 22.1 (Updated) Damage Scenarios Outside U.S. By Hypothetical Negotiation | | | |
| 555 | | | WITHDRAWN | | | |
| 556 | 5/19/2017 | | Claim Construction Order | | | |
| 557 | 3/23/2006 | | X-ray of Bard Ports | | | |
| 557-P | 3/23/2006 | | X-ray of Bard Ports - Physical Sample | | | |
| 558 | 6/13/2017 | | AngioDynamics, Inc.'s Twice Updated Sales Figures Disclosure Pursuant to 1(c)(3) of Scheduling Order (6/13/17) [previously listed as Exhibit 196] | | | |
| 559 | | None | Q3 2018 IQVIA - PORTS | | | |
| 560 | | None | Cox Expert Report Exhibit 12(a) AngioDynamics Power Port U.S. Dollar Sales By Product; 2007 - May 31, 2017 | | | |
| 561 | | None | Cox Expert Report Exhibit 12(b) AngioDynamics U.S. Dollar Sales of Accused Power Ports By Product; September 10, 2009 - July 1, 2013 and August 12, 2014 - May 31, 2017 | | | |
| 562 | | None | Cox Expert Report Exhibit 12.1(a) AngioDynamics Power Port Outside U.S. Dollar Sales By Product; 2007 - May 31, 2017 | | | |
| 563 | | None | Cox Expert Report Exhibit 12.1(b) AngioDynamics Outside U.S. Dollar Sales of Accused Power Ports By Product; September 10, 2009 - July 1, 2013 and August 12, 2014 - May 31, 2017 | | | |
| 564 | | None | Cox Expert Report Exhibit 13(a) AngioDynamics Power Port U.S. Unit Sales By Product; 2007 - May 31, 2017 | | | |
| 565 | | None | Cox Expert Report Exhibit 13(b) AngioDynamics U.S. Unit Sales of Accused Power Ports By Product; September 10, 2009 - July 1, 2013 and August 12, 2014 - May 31, 2017 | | | |
| 566 | | None | Cox Expert Report Exhibit 13.1(a) AngioDynamics Power Port Outside U.S. Unit Sales By Product; 2007 - May 31, 2017 | | | |
| 567 | | None | Cox Expert Report Exhibit 13.1(b) AngioDynamics Outside of U.S. Unit Sales of Accused Power Ports By Product; September 10, 2009 - July 1, 2013 and August 12, 2014 - May 31, 2017 | | | |

Bard Peripheral Vascular, Inc.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

Sept. 15, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 568 | | None | Cox Expert Report Exhibit 18.1(a) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 1; September 10, 2009 - July 1, 2013; August 12, 2014-May 31, 2017 | | | |
| 569 | | None | Cox Expert Report Exhibit 18.1(b) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 2; Sept. 10, 2009 - July 1, 2013; March 10, 2015-May 31, 2017 | | | |
| 570 | | None | Cox Expert Report Exhibit 18.2 AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 2; September 10, 2009 - July 1, 2013 and August 12, 2014 - May 31, 2017 | | | |
| 571 | | None | Cox Expert Report Exhibit 18.3 AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 3; September 10, 2009 - July 1, 2013 and March 10, 2015 - May 31, 2017 | | | |
| 572 | | None | Cox Expert Report Exhibit 18.4(a) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 4; August 12, 2014 - May 31, 2017 | | | |
| 573 | | None | Cox Expert Report Exhibit 18.4(b) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 4; March 10, 2015 - May 31, 2017 | | | |
| 574 | | None | Cox Expert Report Exhibit 18.5 AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 5; August 12, 2014 - May 31, 2017 | | | |
| 575 | | None | Cox Expert Report Exhibit 18.6 AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 6; March 10, 2015 - May 31, 2017 | | | |
| 576 | | None | Cox Expert Report Exhibit 18.7(a) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 7; August 12, 2014 - May 31, 2017 | | | |
| 577 | | None | Cox Expert Report Exhibit 18.7(b) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 7; March 10, 2015 - May 31, 2017 | | | |

Bard Peripheral Vascular, Inc.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 578 | | None | Cox Expert Report Exhibit 18.8<br>AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 8; August 12, 2014 - May 31, 2017 | | | |
| 579 | | None | Cox Expert Report Exhibit 18.1.2(a)<br>AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 1; September 10, 2009 - July 1, 2013 and August 12, 2014 - May 31, 2017 | | | |
| 580 | | None | Cox Expert Report Exhibit 18.1.2(b)<br>AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 2; September 10, 2009 - July 1, 2013 and March 10, 2015 - May 31, 2017 | | | |
| 581 | | None | Cox Expert Report Exhibit 18.2.2<br>AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 2; September 10, 2009 - July 1, 2013 and August 12, 2014 - May 31, 2017 | | | |
| 582 | | None | Cox Expert Report Exhibit 18.3.2 AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 3; September 10, 2009 - July 1, 2013 and March 10, 2015 - May 31, 2017 | | | |
| 583 | | None | Cox Expert Report Exhibit 18.4.2(a)<br>AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 4; August 12, 2014 - May 31, 2017 | | | |
| 584 | | None | Cox Expert Report Exhibit 18.4.2(b)<br>AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 4; March 10, 2015 - May 31, 2017 | | | |
| 585 | | None | Cox Expert Report Exhibit 18.5.2<br>AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 5; August 12, 2014 - May 31, 2017 | | | |
| 586 | | None | Cox Expert Report Exhibit 18.6.2<br>AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 6; March 10, 2015 - May 31, 2017 | | | |

Bard Peripheral Vascular, Inc.

Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 587 | | None | Cox Expert Report Exhibit 18.7.2(a) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 7; August 12, 2014 - May 31, 2017 | | | |
| 588 | | None | Cox Expert Report Exhibit 18.7.2(b) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 7; March 10, 2015 - May 31, 2017 | | | |
| 589 | | None | Cox Expert Report Exhibit 18.8.2 AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 8; August 12, 2014 - May 31, 2017 | | | |
| 590 | | None | Cox Expert Report Exhibit 22 Damage Scenarios By Hypothetical Negotiation | | | |
| 591 | | None | Cox Expert Report Exhibit 22.1 Damage Scenarios By Hypothetical Negotiation | | | |
| 592 | | None | Cox Expert Report Exhibit 12(a) with Projections AngioDynamics Power Port U.S. Dollar Sales By Product; 2007 - February 28, 2019 | | | |
| 593 | | None | Cox Expert Report Exhibit 13(a) with Projections AngioDynamics Power Port U.S. Unit Sales By Product; 2007 - February 28, 2019 | | | |
| 594 | | None | Cox Expert Report Exhibit 12(b) with Projections AngioDynamics U.S. Dollar Sales of Accused Power Ports By Product; September 10, 2009 - July 1, 2013 and August 12, 2014 - February 28, 2019 | | | |
| 595 | | None | Cox Expert Report Exhibit 13(b) with Projections AngioDynamics U.S. Unit Sales of Accused Power Ports By Product; September 10, 2009 - July 1, 2013 and August 12, 2014 - February 28, 2019 | | | |
| 596 | | None | Cox Expert Report Exhibit 18.1(a) with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 1; September 10, 2009 - July 1, 2013 and August 12, 2014 - February 28, 2019 | | | |
| 597 | | None | Cox Expert Report Exhibit 18.1(b) with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 2; September 10, 2009 - July 1, 2013 and March 10, 2015 - February 28, 2019 | | | |

Bard Peripheral Vascular, Inc.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

Sept. 15, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 598 | | None | Cox Expert Report Exhibit 18.2 with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 2; September 10, 2009 - July 1, 2013 and August 12, 2014 - February 28, 2019 | | | |
| 599 | | None | Cox Expert Report Exhibit 18.3 with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 3; September 10, 2009 - July 1, 2013 and March 10, 2015 - February 28, 2019 | | | |
| 600 | | None | Cox Expert Report Exhibit 18.4(a) with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 4; August 12, 2014 - February 28, 2019 | | | |
| 601 | | None | Cox Expert Report Exhibit 18.4(b) with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 4; March 10, 2015 - February 28, 2019 | | | |
| 602 | | None | Cox Expert Report Exhibit 18.5 with Projections Exhibit 18.5 with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 5; August 12, 2014 - February 28, 2019 | | | |
| 603 | | None | Cox Expert Report Exhibit 18.6 with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 6; March 10, 2015 - February 28, 2019 | | | |
| 604 | | None | Cox Expert Report Exhibit 18.7(a) with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 7; August 12, 2014 - February 28, 2019 | | | |
| 605 | | None | Cox Expert Report Exhibit 18.7(b) with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 7; March 10, 2015 - February 28, 2019 | | | |
| 606 | | None | Cox Expert Report Exhibit 18.8 with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 8; August 12, 2014 - February 28, 2019 | | | |
| 607 | | None | Cox Expert Report Exhibit 22 with Projections Damage Scenarios By Hypothetical Negotiation | | | |
| 608 | 7/12/2017 | BARD_AD_2307319 - BARD_AD_2307321 | Patent Assignment Agreement between C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. | | | |
| 609 | 3/7/2019 | | Stipulation | | | |
| 610 | | AD_BARD_ONE_00007835 | AngioDynamics Port Sales Data by Product Q1 2018 - Q4 2021 | | | |
| 611 | | DELANGIO_00539137 | AngioDynamics Port Sales Data by Product through YTD 2022 | | | |

Bard Peripheral Vascular, Inc.                                                          Sept. 15, 2022

AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 612 | | BARD_AD_2356967 | Bard/BD Port Sales Data by Product 2017 - YTD 2022 | | | |
| 613 | 3/25/2022 | | Email from D. Cole RE: C.R. Bard, Inc. v. AngioDynamics, Inc. (15-218-JFB) | | | |
| 614 | | N/A | Cox Updated Exhibit 1 - Bard Power Port U.S. Dollar Sales By Product 2006 - YTD 2022 | | | |
| 615 | | N/A | Cox Updated Exhibit 2 - Bard Power Port U.S. Unit Sales By Product 2006 - YTD 2022 | | | |
| 616 | | N/A | Cox Updated Exhibit 7 - Bard Power Port U.S. Gross Profit per Unit By Product 2006 - YTD 2022 | | | |
| 617 | | N/A | Cox Updated Exhibit 12 - AngioDynamics Power Port U.S. Dollar Sales By Product 2007 - YTD 2022 | | | |
| 618 | | N/A | Cox Updated Exhibit 12.1 - AngioDynamics Power Port Outside U.S. Dollar Sales By Product 2007 - YTD 2022 | | | |
| 619 | | N/A | Cox Updated Exhibit 13 - AngioDynamics Power Port U.S. Unit Sales By Product 2007 - YTD 2022 | | | |
| 620 | | N/A | Cox Updated Exhibit 13.1 - AngioDynamics Power Port Outside U.S. Unit Sales By Product 2007 - YTD 2022 | | | |
| 621 | | N/A | Cox Updated Exhibit 14 - AngioDynamics Power Port U.S. Average Sale Price By Product 2007 - YTD 2022 | | | |
| 622 | | N/A | Cox Updated Exhibit 14.1 - AngioDynamics Power Port Outside U.S. Average Sale Price By Product 2007 - YTD 2022 | | | |
| 623 | | N/A | Cox Updated Exhibit 15 - AngioDynamics Power Port U.S. Gross Margin By Product 2007 - YTD 2022 | | | |
| 624 | | N/A | Cox Updated Exhibit 15.1 - AngioDynamics Power Port Outside U.S. Gross Margin By Product 2007 - YTD 2022 | | | |
| 625 | | N/A | Cox Updated Exhibit 16 - AngioDynamics Power Port U.S. Gross Profit per Unit By Product 2007 - YTD 2022 | | | |
| 626 | | N/A | Cox Updated Exhibit 16.1 - AngioDynamics Power Port Outside U.S. Gross Profit per Unit By Product 2007 - YTD 2022 | | | |
| 627 | 4/7/2022 | N/A | Cox Updated Exhibits 18.1 to 18.8.2 - Royalty Damages by Product through May 2021 | | | |
| 628 | | N/A | Cox Updated Exhibits 18.1 to 18.8.2 - Royalty Damages by Product through YTD 2022 | | | |
| 629 | 4/7/2022 | N/A | Cox Updated Exhibits 22 and 22.1 - Damages Scenarios for AngioDynamics by Hypothetical Negotiation through May 2021 | | | |
| 630 | | N/A | Cox Updated Exhibits 22 and 22.1 - Damages Scenarios for AngioDynamics by Hypothetical Negotiation through YTD 2022 | | | |
| 631 | | N/A | Recorded April 2009 Patent Assignment between inventors Kelly B. Powers, Jim C. Beasley, Kevin W. Sheetz, Matthew M. Lowe, Eddie K. Burnside and Jay Gerondale and C.R. Bard regarding the '417 Patent | | | |

Sept. 15, 2022

Bard Peripheral Vascular, Inc.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 632 | | N/A | Recorded July 2006 Patent Assignment between inventors Kelly B. Powers and Jim C. Beasley and C.R. Bard regarding the '460 Patent | | | |
| 633 | | N/A | Recorded April 2009 Patent Assignment between inventors Kelly B. Powers, Jim C. Beasley, Kevin W. Sheetz, Jay Gerondale and Guy Rome and C.R. Bard regarding the '478 Patent | | | |
| 634 | 9/10/2008 | BARD_AD_0320951-BARD_AD_0320953 | PowerPort MRI device Post Launch Design Review memorandum from Annemarie Boswell to PowerPort device and PowerLoc system Post Launch. | | | |
| 635 | 2/7/2008 | BARD_AD_0566443-BARD_AD_0566445 | February Field Update from Lisa Ung to The Port Development Team | | | |
| 636 | 4/15/2009 | DELANGIO_00158207-DELANGIO_00158222 | Smart Port Value Analysis Presentation | | | |

EXHIBIT 6A

| Objection Code | Description |
|---|---|
| A | Authenticity (FRE 901) |
| B | Best Evidence Rule Prohibits Admissibility (FRE 1002, 1003 and/or 1004) |
| C | Cumulative, Duplicative, Wasteful or Undue Delay (FRE 403) |
| Char | Improper Character Evidence (FRE 404) |
| Cmpd | Compound |
| D | Demonstrative/Should Not Be Admitted Into Evidence |
| Daub | Subject to Daubert motion |
| G | Group Exhibit |
| H | Hearsay/Improper Use of Deposition (FRE802 and/or FRCP 32) |
| IR | Irrelevant and/or Immaterial (Relevance) (FRE 401/402) |
| LA | Limited Admissibility (Admissible for Some Purposes but Not Others) (FRE 105) |
| MH | Multiple Hearsay |
| ML | Subject to Motion In Limine |
| MSJ | Subject to SJ Motion |
| ND | Not disclosed or identified by Plaintiff in response to one or more Defendants' discovery requests (including in response to interrogatories propounded under FRCP 33) or as required by FRCP 26; not disclosed or identified in Plaintiff's contentions. |
| O | Improper Lay or Expert Opinion (FRE 701-703) |
| OC | Offer to Compromise, Settlement (FRE 408) |
| OTH | Other |
| P | Unfair, Prejudicial, Confusing and/or Misleading (FRE 403) |
| PV | More prejudicial than probative, Fed. R. Evid. 403 |
| I | Reserved Because Exhibit Has Not Been Provided, the Copy Provided Is Illegible and/or the Entry Includes Multiple Documents |
| U | Untimely/Never Produced (FRCP 26, 37) |
| W | Privileged/Work Product (FRE 501/502) |
| X | Incomplete Document (FRE 106) |
| Y | Wrong Document Identified or Incorrectly Described |
| Z | Outside damages period |
| M | Misleading |
| LF | Lack of Foundation |
| NEv | Not Evidence |

Sept. 16, 2022

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 1 | 7/2/2013 | None | U.S. Patent No. 8,475,417 (certified) | | | |
| 2 | 10/1/2013 | None | U.S. Patent No. 8,545,460 (certified) | | | |
| 3 | 8/12/2014 | None | U.S. Patent No. 8,805,478 (certified) | | | |
| 4 | | None | File History for U.S. Patent No. 8,475,417 (certified) | | | |
| 5 | | None | File History for U.S. Patent No. 8,545,460 (certified) | | | |
| 6 | | None | File History for U.S. Patent No. 8,805,478 (certified) | | | |
| 7 | 9/10/2009 | None | U.S. Patent Application Publication No. 2009/0227951 | | | |
| 8 | 11/23/2006 | None | U.S. Patent Application Publication No. 2006/0264898 | | | |
| 9 | 8/27/2009 | None | U.S. Patent Application Publication No. 2009/0216216 | | | |
| 10 | | None | Application for Provisional Letters Patent - Access Port Identification System | | | |
| 11 | | None | PowerPort Titanium kit | | | LA, U, IR, A, LF |
| 12 | | None | PowerPort M.R.I. kit | | | LA, U, IR, A, LF |
| 13 | | None | PowerPort ISP kit | | | LA, U, IR, A , LF |
| 14 | | None | Vaccess CT kit | | | LA, U, IR, A, LF |
| 15 | | None | SmartPort CT kit | | | LA, U, A, LF |
| 16 | | None | SmartPort CT Low-Profile kit | | | LA, U, A, LF |
| 17 | | None | SmartPort CT mini kit | | | LA, U, A, LF |
| 18 | | None | Xcela Titanium kit | | | LA, U, A, LF |
| 19 | | None | Xcela Plastic kit | | | LA, U, A, LF |
| 20 | | None | Xcela Plus Titanium kit | | | LA, U, A, LF |
| 21 | | None | Xcela Plus Plastic kit | | | LA, U, A, LF |
| 22 | | None | BioFlo Titanium kit | | | LA, U, A, LF |
| 23 | | None | BioFlo Plastic kit | | | LA, U, A, LF |
| 24 | 6/12/2017 | None | AngioDynamics Inc.'s Responses and Objections to Bard's First Set of Requests for Admissions (Nos. 1-54) | | | |
| 25 | | None | Timothy Clark, M.D. Curriculum Vitae | | | LA |
| 26 | | BARD_AD_0506807 | PowerPort*Power Loc* Guidelines for CT Technologist | | | P, IR, PV, LA, LF |
| 27 | | BARD_AD_0414353 - BARD_AD_0414364 | PowerPort® Implantable Port Instruction for Use | | | P, IR, PV, LA, LF |
| 28 | | BARD_AD_0321309 - BARD_AD_0321314 | PowerPort* Implantable Port Feel the NEW Standard of Care brochure | | | P, IR, PV, LA, LF |
| 29 | | BARD_AD_0675804 - BARD_AD_0675807 | PowerPort* Implantable Port ClearVUE When Image is Everything brochure | | | P, IR, PV, LA, LF |
| 30 | | BARD_AD_1700696 - BARD_AD_1700706 | PowerPort* Power Loc* CT Guide | | | P, IR, PV, LA, LF |
| 31 | | BARD_AD_0124330 - BARD_AD_0124337 | Vas-Cath* Vaccess* CT Power-Injectable Implantable Port Instructions for Use | | | P, IR, PV, LA, LF |
| 32 | | BARD_AD_1293389 - BARD_AD_1293390 | Vas-Cath* Vaccess* CT Port brochure | | | P, IR, PV, LA, LF |
| 33 | | DELANGIO_00000001- DELANGIO_00000004 | Smart Port Power-Injectable Ports brochure | | | M, P, PV, LA, LF |
| 34 | | BARD_AD_0019225 - BARD_AD_0019227 | Xcela Power Injectable Ports Introducing the Xcela Dual Lumen Port brochure | | | M, P, PV, LA, LF |
| 35 | | BARD_AD_0019215 - BARD_AD_0019218 | Xcela™ Plus Power Injectable Ports Saline Only Option brochure | | | M, P, PV, LA, LF |
| 36 | | None | BioFlo brochures | | | M, P, PV, LA, LF |
| 37 | | DELANGIO_00000007 - | Smart Port® Power Injectable Implantable Port Systems Instructions For Use | | | M, P, PV, LA, LF |
| 38 | | DELANGIO_00000130 | Smart Port® Guidelines for Health Care Providers | | | M, P, PV, LA, LF |
| 39 | | DELANGIO_00153121 - | Xcela Power Injectable Ports brochure | Chartrand Chartrand | 147 | M, P, PV, LA, LF |

Sept. 16, 2022

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 40 | | BARD_AD_0019236 - BARD_AD_0019250 | Xcela® Power Injection Port, Vascular Access System Instructions for Use | | | M, P, PV, LA, LF |
| 41 | | BARD_AD_0019233 | Xcela™ Power Injectable Ports Guidelines for CT Technologists | | | M, P, PV, LA, LF |
| 42 | 08/00/13 | DELANGIO_00004290 - DELANGIO_00004305 | Xcela Plus Port, Xcela Plus Port with PASV Valve Technology Directions for Use | Chartrand | 151 | M, P, PV, LA, LF |
| 43 | | DELANGIO_00271116 | Xcela Plus Power Injectable Ports with PASV Valve Technology Power Injection Guidelines | | | M, P, PV, LA, LF |
| 44 | 08/00/13 | DELANGIO_00004386 - DELANGIO_00004401 | BioFlo Port with ENDEXO Technology and BioFlo Port with ENDEXO and PASV Valve Technology Directions for Use | Chartrand | 155 | M, P, PV, LA, LF |
| 45 | | BARD_AD_0019228 | BioFlo Power Injectable Ports with ENDEXO and PASV Valve Technology Power Injection Guidelines | | | M, P, PV, LA, LF |
| 46 | | DELANGIO_00251811 - DELANGIO_00251829 | Xcela Plus Port Valved and Non-Valved Nurse's Guide | | | M, P, PV, LA, LF |
| 47 | | DELANGIO_00113183 - DELANGIO_00113202 | Xcela Plus Dual Port Nurse's Guide | | | M, P, PV, LA, LF |
| 48 | | DELANGIO_00000131 - DELANGIO_00000134 | Smart Port® Power-Injectable Ports brochure | | | M, P, PV, LA, LF |
| 49 | | None | Smart Port Power Injection Guidelines Rev. C http://www.angiodynamics.com/uploads/pdf/063016-102844_MLC%20240%20Rev%20C.pdf | | | M, P, PV, LA, U, LF |
| 50 | | DELANGIO_00262713 - DELANGIO_00262725 | BioFlo Port with ENDEXO Technology Valved and Non- Valved Nurse's Guide | | | M, P, PV, LA, LF |
| 51 | | None | Wayback Machine for May 5, 2016 and June 16, 2016: Smart Port Guidelines for Health Care Providers Rev. B http://www.angiodynamics.com/uploads/pdf/071310- 083617_MLC%20240.pdf | | | M, P, PV, LA, A, U, LF |
| 52 | | None | Smart Port Power Injectable Ports brochure | | | M, P, PV, LA, A, U, LF |
| 53 | | None | PowerFlow Implantable Apheresis IV Port CT Guide | | | M, P, PV, LA, A, U, LF |
| 54 | 5/2/2008 | BARD_AD_0045028 - | MRI PowerPort Qualification Report | | | PV, IR, LF |
| 55 | 12/16/2008 | BARD_AD_0040694 - | MRI *isp*  PowerPort Qualification Report | | | PV, IR, LF, A |
| 56 | | BARD_AD_0710356 - BARD_AD_0710390 | 8 Fr Polyurethane Low Artifact ISP ClearVUE* Qualification Report | | | PV, IR, LF |
| 57 | 5/1/2013 | BARD_AD_1483190 - BARD_AD_1483494 | PowerPort ClearVUE* Slim 6Fr Polyurethane Design Qualification Report | | | PV, IR, LF |
| 58 | 11/20/2009 | BARD_AD_1286137 - BARD_AD_1286149 | Bard Access Systems Memo to DHF 343 from N. Huynh, M. Draper re Vaccess CT Power-Injectable Port vs. PowerPort M.R.I.*isp*  Equivalence | | | PV, IR, LF |
| 59 | 2/1/2007 | DELANGIO_00001215 - DELANGIO_00001375 | FDA letter to RITA Medical Systems, Incorporated re approval to market Vortex® CT Port Access Systems and LifeGuard®  Safety Infusion Set | | | P, IR, PV, LA, LF |
| 60 | | DELANGIO_00220080 - DELANGIO_00220117 | Special 510(k) Device Modification AngioDynamics, Inc. Smart Port CT, MP and LP Line Extensions | | | P, IR, PV, LA, LF |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 61 | | DELANGIO_00534445 - DELANGIO_00534456 | Power Injectable Port Due Diligence Testing | | | P, IR, PV, LA, LF |
| 62 | 4/30/2012 | DELANGIO_00200714 - DELANGIO_00200952 | Xcela Plus 510(k) filing | | | P, IR, PV, LA, LF |
| 63 | 8/8/2013 | DELANGIO_00200030 - DELANGIO_00200420 | BioFlo 510(k) filing | | | P, IR, PV, LA, LF |
| 64 | 10/1/2013 | DELANGIO_00345828 - DELANGIO_00346299 | Bingham McCutchen LLP's Invalidity Opinion of U.S. Patent No. 8,545,460 to Beasley et al. | | | LA, LF |
| 65 | 7/2/2013 | DELANGIO_00346300 - DELANGIO_00348558 | Bingham McCutchen LLP's Invalidity Opinion of U.S. Patent No. 8,475,417 to Powers et al. | | | LA, LF |
| 66 | 8/12/2014 | DELANGIO_00348559 - DELANGIO_00349142 | Kacvinsky Daisak Bluni PLLC's Invalidity Onion of United States Patent No. 8,805,478 to Powers et al. | | | LA, LF |
| 67 | 5/3/2007 | DELANGIO_00349143 - DELANGIO_00349604 | Bond, Schoeneck & King, PLLC's Opinion on Validity and Patentability of Claims of U.S. Patent Publication No. 2006/0264898 to Beasley | | | LA, LF |
| 68 | 5/1/2010 | DELANGIO_00267801 - DELANGIO_00267921 | PRIMER Ports | Greiner Chartrand | 641 129 | P, PV, LA |
| 69 | 7/14/2006 | BARD_AD_0107619 - BARD_AD_0108101 | FDA Approval Letter to C.R. Bard for PowerPort™ Implanted Titanium Port, PowerLoc™ Safety Infusion Set | | | P, IR, PV, ML, M, LF |
| 70 | 3/13/2007 | BARD_AD_1293216 | PowerPort*Guidelines for CT Technologists | | | P, IR, PV, ML, M, LF |
| 71 | 7/24/2012 | BARD_AD_0091355 – BARD_AD_0091360 | 510(k) Summary for Navilyst Medical, Inc. | | | P, IR, PV, LF |
| 72 | 12/18/2002 | BARD_AD_1606949 – BARD_AD_1606975 | Bard Marketing Department Memo to BAS Field Sales Force from R. Shah re Vortex® Ports - Horizon Medical Products, Inc. (HMP) | | | P, IR. PV, H, LF, G, O |
| 73 | 7/19/2007 | BARD_AD_1606658 – BARD_AD_1606659 | Port Marketing Binder Memo to Sales Force and Clinical Specialists from A. Boswell re Breakdown of the RITA Vortex* Reservoir Port JVAD article | | | P, PV, O, H, LF, IR |
| 74 | | BARD_AD_2301759 | Bard Access Systems Video: Residual Deposits in Vascular Access Devices | | | P, PV, X, M, LA, IR, LF, O, H |
| 75 | 10/18/2007 | BARD_AD_1621729 - BARD_AD_1621736 | G.A. Goossens, et al., Functional evaluation of conventional 'Celsite®' venous ports versus 'Vortex®' ports with tangential outlet: a prospective randomised pilot study, Support Care Cancer 16:1367-1374 | | | P, PV, IR, H, LA, O, M, LF |
| | | | **INTENTIONALLY OMITTED** | | | |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 77 | 9/17/2013 | DELANGIO_00270787 - DELANGIO_00270796 | Email from B. Chartrand to S. Centea re CT Port Identification Policy & Procedures Example | Chartrand | 132 | H, IR, P, PV, Z, ML, M |
| 78 | 8/9/2013 | DELANGIO_00270116 - DELANGIO_00270128 | Email from B. Chartrand to S. Rustad and J. MacDonald re Implantable Infusion Port Critical Criteria | | | H, IR, P, PV, Z, LA, ML, M, LF |
| 79 | 10/1/2008 | DELANGIO_00275321 - DELANGIO_00275325 | Lisa Hartkopf Smith, Implanted Ports, Computed Tomography, Power Injectors, and Catheter Rupture, Clinical Journal of Oncology Nursing, vol. 12, No. 5 | | | P, PV, IR, H, LA, O, M, LF, A |
| 80 | 5/15/2015 | DELANGIO_00002789 - DELANGIO_00002790 | Reminders from FDA Regarding Ruptured Vascular Access Devices from Power Injection | | | P, PV, IR, H, LA, ML, A, LF |
| 81 | 5/15/2008 | DELANGIO_00063293 | AngioDynamics Memorandum to Project File - CT engraving of Smartport CT and Smartport MP from B. Chartrand re Market need for CT indicator to signify power injection capability | | | H, M, P, PV, Z, LA, ML, LF |
| 82 | 5/1/2006 | DELANGIO_00535431 - DELANGIO_00535452 | Asset Purchase Agreement between AngioDynamics and Medron, Inc., R. Wortley and E. King | | | P, PV, LA, LF |
| 83 | | DELANGIO_00161070 - DELANGIO_00161073 | Lighted Smart Port Project Overview | | | P, PV, Z, IR, LA, LF |
| 84 | 7/6/2007 | DELANGIO_00161141 - DELANGIO_00161182 | AngioDynamics Fiscal Year 2008 Product Development Department Plan | | | P, PV, Z, IR, LA, LF, M |
| 85 | | None | POWERFLOW® Implantable Apheresis IV Port webpage http://www.bardpv.com/portfolio/powerflow/ | | | P, IR, LA, U, LF, A, PV |
| 86 | | None | 5 Ways the Healthcare Industry is Implementing RFID Technology, https://medcitynews.com/2013/12/5-ways- hospitals-implementing-rfid-tags-emerging-trendhealthcare/ | | | P, PV, IR, H, BS, LA, U, Nev, H, A |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 87 | | None | Smart Port Power-Injectable Ports brochure Rev. J, http://www.angiodynamics.com/uploads/pdf/020515-100211_MLC%20220_SmartPort-brochure-RevJ-ipad.pdf | | | M, P, PV, LA, LF, U |
| 88 | | None | Matthew S. Johnson Curriculum Vitae | | | LA |
| 89 | 7/1/2005 | BARD_AD_0377196 - BARD_AD_0377197 | Email from A. Boswell to D. Blaber re Bracelet Colors with attachment | | | LA, H, LF, P, PV, IR |
| 90 | 9/21/2005 | BARD_AD_0590026 - BARD_AD_0590027 | Material Specifications for PowerPort Patient Discharge Packet Prepared for Bard Access Systems | | | LA, H, LF, P, PV, IR |
| 91 | | BARD_AD_2306293 | Implanted Ports presentation by K. Christian and J. Zawacki | | | LA, H, LF, P, PV, IR, M |
| 92 | | BARD_AD_0681780 - BARD_AD_0681803 | BardPort, SlimPort, X-Port Instructions for Use | | | LA, H, LF, P, PV, IR |
| 93 | | BARD_AD_2127091 - BARD_AD_2127092 | Smiths Medical PORT-A-CATH and P.A.S. Port T2 Power P.A.C. Implantable Venous Access Systems brochure | | | LA, H, LF, P, PV, IR |
| 94 | 00/00/1996 | BARD_AD_0868662 - BARD_AD_0868667 | Brian R. Herts, et al., Power Injection of Intravenous Material through Central Venous Catheters for CT: In Vitro Evaluation, Radiology 1996, 200:731-735 | | | LF, LA |
| 95 | 2/00/2001 | BARD_AD_1627725 - BARD_AD_1627732 | Brian R. Herts, et al., Power Injection of Contrast Media Using Central Venous Catheters: Feasibility, Safety, and Efficacy, AJR2001;176:447-453 | | | LF, LA |
| 96 | 12/8/2004 | BARD_AD_0947163 - BARD_AD_0947165 | Memo from Kevin Sheetz to J. Gerondale re Trip Report for 12/7/04 visit to Northwestern Medial Center | | | LA, H, M, P, PV, LF |
| 97 | 6/6/2005 | BARD_AD_0305357 - BARD_AD_0305374 | BAS - Marketing & Sales Memorandum to Port Team and Procedural Device Team from A. Boswell re PowerPort and PowerLoc labeling inputs | | | LF, G, H, PV, M, P, LA |
| 98 | 10/7/2005 | BARD_AD_1352902 - BARD_AD_1352906 | BAS - Marketing & Sales Memorandum to Port Team and Procedural Device Team from A. Boswell re PowerPort Design Validation New England Tour Trip Report | | | P, PV, LA, H, M, LF |
| 99 | 10/26/2005 | BARD_AD_0945147 - BARD_AD_0945149 | Bard Access Systems Memorandum to J. Zawacki, D. Hibdon, K. Sheetz from D. Cise re Design Validation Trip Report for Titanium PowerPort | | | P, PV, LA, H, M, LF |
| 100 | 10/00/2005 | BARD_AD_2306057 | Caution on Power Injection of MRI and CT Contrast Media, FDA Patient Safety News: Show #44, October 2005 | | | P, PV, LA, M, LF, H |
| 101 | | BARD_AD_2305322 - BARD_AD_2305969 | Report on the Filing Determination of an Action Regarding a Patent or Trademark | | | IR, P, PV, LF, M |
| 102 | 12/00/2005 | BARD_AD_0304520 - BARD_AD_0304529 | Bard transcribed notes from calls with FDA | | | IR, P, PV, LA, LF, H, M, A |
| 103 | | BARD_AD_1241374 - BARD_AD_1241383 | Boston Scientific PowerPoint presentation re power injectable ports | | | A, H, P, PV, IR, M,  S, O, LF |
| 104 | 2/8/2008 | BARD_AD_0370731 - BARD_AD_0370734 | Bard Memorandum to Sales Force, Clinical Specialists from L. Ung re Smiths PORT-A-CATH II POWER P.A.C. and | | | LA, H, P, PV, IR, LF, M |
| 105 | | BARD_AD_1844720 - BARD_AD_1844734 | Smith Medical Instructions for Use for PORT-A-CATH, PORT-A-CATH II, and P.A.S. PORT T2 POWER P.A.C. | | | LA, P, PV, IR, M, LF, OTH |
| 106 | | BARD_AD_1619857 - BARD_AD_1619860 | Smiths Medical PORT-A-CATH and P.A.S. PORT POWER P.A.C. Systems GRIPPER PLUS POWER P.A.C. Safety Huber Needles brochure | | | LA, P, PV, IR, OTH, LF, M |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 107 | | BARD_AD_1619841 - BARD_AD_1619852 | Smith Medical Patient Information for PORT-A-CATH, PORT-A-CATH II, and P.A.S. PORT T2 POWER P.A.C. | | | LA, P, PV, IR, OTH, LF, M |
| 108 | | BARD_AD_0577716 - BARD_AD_0577719 | MedComp Dignity CT Implantable Port brochure | | | LA, P, PV, IR, OTH, LF, M |
| 109 | | BARD_AD_2262119 - BARD_AD_2262120 | MedComp Power Injectable Implantable Infusion Port Instructions for Use | | | LA, P, PV, IR, OTH, LF, M, I |
| 110 | | BARD_AD_1299944 | Medcomp Pro-Fuse, Dignity CT Ports Tech Guide | | | LA, P, PV, IR, OTH, LF, M, I |
| 111 | 1/00/2007 | BARD_AD_0291173 - BARD_AD_0291199 | Bard Price List Catalog 07 | | | P, PV, IR, Z, OTH, M, LF |
| 112 | 1/00/2008 | BARD_AD_0291200 - BARD_AD_0291226 | Bard Price List Catalog 08 | | | P, PV, IR, Z, OTH, M, LF |
| 113 | 1/00/2009 | BARD_AD_2273609 - BARD_AD_2273789 | Bard Price List Catalog 09 | | | P, PV, IR, Z, OTH, M, LF |
| 114 | 1/00/2010 | BARD_AD_2273790 - BARD_AD_2273988 | Bard Price List Catalog 10 | | | P, PV, IR, Z, OTH, M, LF |
| 115 | 4/00/2011 | BARD_AD_1355115 - BARD_AD_1355348 | Bard Price List Catalog 11 | | | P, PV, IR, Z, OTH, M, LF |
| 116 | 5/1/2011 | BARD_AD_1588312 - BARD_AD_1588677 | iData Research US Market for Vascular Access Devices and Accessories | | | H, P, PV, IR, LA, A, LF, O, M |
| 117 | 4/1/2008 | BARD_AD_1823311 - BARD_AD_1823560 | iData Research, Inc. - US Market for Vascular Access Devices and Accessories | | | H, P, PV, IR, LA, A, LF, O, M |
| 118 | 2/1/2010 | BARD_AD_1828467 - BARD_AD_1828837 | iData Research US Market for Vascular Access Devices and Accessories | | | H, P, PV, IR, LA, A, LF, O, M |
| 119 | 00/00/16 | BARD_AD_0678008 - BARD_AD_0678014 | NPD Fall 2016: Port Cheat Sheet | | | H, P, PV, IR, LA, A, LF, O, M |
| 120 | 4/3/2007 | DELANGIO_00312190 - DELANGIO_00312199 | AngioDynamics Memorandum to USA Interventional Products Group from Michelle Jones re SMART PORT CT POWER INJECTABLE PORT SYSTEM USA LAUNCH PLANS | | | LA, P, PV, IR, LF, H, O, M |
| 121 | 9/00/2007 | DELANGIO_00161091 - DELANGIO_00161094 | Research and Product Development Monthly Report for September 2007 | | | LA, P, PV, IR, LF |
| 122 | 4/00/2008 | DELANGIO_00312654 - DELANGIO_00312655 | Market Summary Report Jean Laino Territory 36 | | | LA, P, PV, IR, LF |
| 123 | 8/14/2007 | DELANGIO_00104459 - DELANGIO_00104461 | Infusion Nurses Society Annual Meeting & Industrial Exhibition June 4-6, 2007 Orlando, FL Summary Report by Erin Young | Chartrand | 106 | P, PV, LA, H |
| 124 | 9/7/2007 | DELANGIO_00063317 - DELANGIO_00063318 | AngioDynamics Letter to File to Smartport 510(k) file re re Extension of model code offerings | | | LA, P, PV, LF |
| 125 | 10/3/2008 | DELANGIO_00157228 - DELANGIO_00157234 | Port Marketing Project Update | | | LA, P, PV, M, LF |
| 126 | | DELANGIO_00219193 - DELANGIO_00219195 | Port Design Modifications | | | P, PV, LA, M, LF |
| 127 | | DELANGIO_00219191 - DELANGIO_00219192 | Smart Port LP Design Modifications | | | P, PV, LA, LF, M |
| 128 | 5/9/2008 | DELANGIO_00050985 | AngioDynamics memo to DHF VAD6006 from B. Johnson re "CT" identifier engraving for Titanium Vortex Port codes | | | P, PV, LA, LF, M |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 129 | | DELANGIO_00050803 - DELANGIO_00050804 | Radiographic Testing of "CT" Engraving on MP and Smart Port CT Ports - Testing and Report | | | P, PV, LA, LF, M |
| 130 | 11/4/2009 | DELANGIO_00216077 - DELANGIO_00216082 | SmartPort MP Peripheral Body Engineering schematics | | | P, PV, LA, LF, M |
| 131 | | DELANGIO_00001515 - DELANGIO_00001978 | Vortex MP File History | | | LA, LF |
| 132 | | DELANGIO_00216184 - DELANGIO_00216185 | AngioDynamics Memo re Project 100247, SmartPort®Line Extension ($M_{in}P_{rofile}$ & $L_{ow}P_{rofile}$) from T. Powers re Design Output - Biocompatibility | | | LA, LF, P, PV, M, OTH |
| 133 | 5/1/1992 | DELANGIO_00002682 - DELANGIO_00002685 | John E. Carlson, et al., Safety Considerations in the Power Injection of Contrast Media Via Central Venous Catheters during Computed Tomographic Examinations, Investigative Radiology, Vol. 27 | | | LA |
| 134 | 10/11/2006 | DELANGIO_00535356 - DELANGIO_00535428 | AngioDynamics Inc. Form 10-Q for period ending 9/2/06 | | | IR, LF, LA |
| 135 | | DELANGIO_00444734 - DELANGIO_00444925 | AngioDynamics Inc. Board of Directors Meeting January 15-18, 2006 | | | IR, LF, LA, P, PV, M |
| 136 | 3/14/2007 | DELANGIO_00312306 - DELANGIO_00312312 | Email from C. Greiner to M. Schutt re February Market Summary report-East | Greiner | 604 | IR, P, PV, H, M |
| 137 | 4/8/2007 | DELANGIO_00312156 - DELANGIO_00312167 DELANGIO_00312178 - | Email from C. Greiner to E. Preist, P. Shea re March '07, MidAtlantic Region Mkt. Summary Report with Attachments | Greiner | 605 | IR, P, PV, H, M |
| 138 | 5/1/2007 | DELANGIO_00150553 - DELANGIO_00150602 | Smart Port™ CT Attack Pack presentation | Chartrand | 118 | IR, P, PV, H, M |
| 139 | 8/00/2007 | DELANGIO_00312393 - DELANGIO_00312396 | Sales Report | | | IR, P, PV, H, M, OTH |
| 140 | 10/14/2007 | DELANGIO_00312515 - DELANGIO_00312524 DELANGIO_00312531 - DELANGIO_00312535 | Email from Greiner to Priest re Mid-Atlantic SMS Reports w/attachments | Greiner | 610 | IR, P, PV, H, M |
| 141 | 11/00/2007 | DELANGIO_00312414 - DELANGIO_00312416 | Market Summary Report Todd Galski 1003 | | | IR, P, PV, H, M |
| 142 | 12/00/2007 | DELANGIO_00320120 - DELANGIO_00320129 | Market Summary Report for Mid Atlantic Region December, '07 | | | IR, P, PV, H, M |
| 143 | 12/00/2007 | DELANGIO_00320076 - DELANGIO_00320078 | Market Summary Report Brent Thompson Territory 44 December, 2007 | | | IR, P, PV, H, M |
| 144 | 12/00/2007 | DELANGIO_00320102 - DELANGIO_00320103 | Market Summary Report Scott Nelson December 2007 Territory 49 | | | IR, P, PV, H, M |
| 145 | 1/00/2008 | DELANGIO_00312730 - DELANGIO_00312732 | Market Summary Report Bronk Harris 33 January 2008 | | | IR, P, PV, H, M |
| 146 | 1/00/2008 | DELANGIO_00312684 - DELANGIO_00312691 | Eastern US IPG Market Summary Report - January 2008 | | | IR, P, PV, H, M |
| 147 | 5/20/2008 | DELANGIO_00320155 - DELANGIO_00320160 | Email from Greiner to Veloni re East SMS Report for April 2008 with attachment | Greiner | 618 | IR, P, PV, H, M |
| 148 | 10/1/2008 | DELANGIO_00312802 | Market Summary Report Derek Rosales Territory 18 October 2008 | | | IR, P, PV, H, M |
| 149 | | DELANGIO_00159655 - DELANGIO_00159658 | Smart Port® Power-Injectable Ports brochure | | | P, IR, PV, LA, LF |
| 150 | 00/00/2013 | DELANGIO_00334346 - DELANGIO_00334349 | BioFlo Ports with Endexo Technology brochure | | | P, IR, PV, LA, LF |
| 151 | | DELANGIO_00047490 | Smart Port Power-Injectable Ports Product Usage | | | P, IR, PV, LA, LF |
| 152 | | DELANGIO_00152676 - DELANGIO_00152699 | BioFlo Port with Endexo Technology Valved and Non- Valved Nurse's Guide | | | P, IR, PV, LA, LF |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 153 | 10/14/2008 | DELANGIO_00312741, DELANGIO_00312745, DELANGIO_00312749 - DELANGIO_00312751 | Email from C. Greiner to J. Maguire re West SMS reports with attachments | Greiner | 621 | IR, P, PV, H, M |
| 154 | 11/24/2008 | DELANGIO_00320515 - DELANGIO_00320532 | Email from C. Greiner to T. Casey, R. Rossell, J. Benkoczy, B. Chartrand, T. Hall, and E. Young re sms reports | | | IR, P, PV, H, M |
| 155 | Nov. 2009 | DELANGIO_00160846 - DELANGIO_00160855 | SmartPort MP Peripheral/Chest - Implantable Access Port, Smart Port TR Low-Profile -Implantable Access Port Market Release Plan Phase I | Chartrand | 124 | LA, P, PV, M |
| 156 | | DELANGIO_00312836 - DELANGIO_00312870 | SmartPort™ MP Attack Pack | | | LA, P, PV, M |
| 157 | 5/21/2009 | DELANGIO_00156235 - DELANGIO_00156257 | SmartPort Presentation to Memorial Sloan-Kettering | | | LA, P, PV, M |
| 158 | 8/00/2009 | DELANGIO_00156565 - DELANGIO_00156588 | Smart Port  with Vortex Technology Material Prepared for University Hospital, Cleveland | Chartrand | 137 | LA, P, PV, M |
| 159 | 00/00/2011 | DELANGIO_00239912 - DELANGIO_00239918 | AngioDynamics Internal Document: Ports | | | P, PV, LA, LF |
| 160 | 5/22/2012 | DELANGIO_00027375 - DELANGIO_00027376 | AngioDynamics Press release: AngioDynamics Completes Acquisition of Navilyst Medical news article | | | LA, IR, LF |
| 161 | | DELANGIO_00281045 - DELANGIO_00281085 | BioFlo and Xcela Plus Port Market Specification | | | P, IR, PV, LA, LF |
| 162 | 3/5/2013 | DELANGIO_00266434 - DELANGIO_00266443 | Email from B. Chartrand to N. Roberts re Smiths Medical: Power P.A.C. Port with attachments | Chartrand | 138 | LA, P, PV, M |
| 163 | 9/2/2014 | DELANGIO_00260214 - DELANGIO_00260225 | AngioDynamics Memo from B. Chartrand to Vascular Access Sales Team; Clinical Specialists; Corporate Accounts; R&D Team re BioFlo and Xcela Plus Plastic Ports | | | LA, IR, P, PV, M, LF |
| 164 | 8/11/2016 | DELANGIO_00260226 - DELANGIO_00260230 | Email from B. Chartrand to A. Hercules-Rutledge with attached 3/17/2015 AngioDynamics Memo from B. Chartrand to Vascular Access Sales Team, Clinical Specialists; Corporate Accounts  re BioFlo vs. BARD Clearvue Port - CT Identification | | | LA, IR, P, PV, M, LF |
| 165 | 9/11/2012 | DELANGIO_00127738 - DELANGIO_00127746 | USPTO Decision in Zinn v. Powers | | | LA, LF |
| 166 | 00/00/2013 | None | Federal Judicial Center Introduction to the Patent System https://www.youtube.com/watch?v=ax7QHQTbKQE | | | U, M, P, PV, Nev, A, LF |
| 167 | | None | Zelin Yang, Damaging Royalties: An Overview of Reasonable Royalty Damages, 29 Berkeley Tech. L.J. (2014), http://scholarship.law.berkeley.edu/btlj/vol29/iss4/9 | | | U, A, H, Nev, A, LF |
| 168 | | None | "Arrow Polysite Pressure Injectable Low Profile Hybrid Ports," at https://www.teleflex.com/usa/product-areas/interventional-access/arrow-polysite-low- profilehybrid-ports/IA_PT_Arrow-Ports_PO_2013-2159.pdf | | | LA, U, P, PV, LF, Daub |
| 169 | | None | Cook Medical Vital-Port Vascular Access System, https://www.cookmedical.com/data/resources/IR-BM-VPDS-EN-201111m3.pdf | | | LA, U, P, PV, LF, Daub |
| 170 | 3/1/2014 | BARD_AD_1678024 – BARD_AD_1678377 | iData Research, "U.S. Market for Vascular Access Devices and Accessories" | | | H, LA, IR, P, PV, LF, M, Daub |
| 171 | 1/21/2014 | None | "Teleflex to Launch Family of Implantable Infusion Ports", | | | LA, IR, P, PV, U, A, LF,Daub |
| 172 | 12/31/2014 | None | Teleflex Incorporated Form 10-K for year ended December 31, 2014 | | | LA, IR, P, PV, U, A,LF, Daub |
| 173 | | None | "Vascular Access and Use of Central Lines and Ports in Adults," https://radiology.ucsf.edu/patient-care/patientsafety/contrast/iodinated/vascular-access- adults | | | H, LA, IR, P, PV, U, A, LF, Daub |
| 174 | | None | "Vascular Access and use of Central Lines and Ports in Pediatrics," https://radiology.ucsf.edu/patient-care/patient-safety/contrast/iodinated/vacular-access- pediatrics | | | H, LA, IR, P, PV, U, A, LF, Daub |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 175 | | None | AngioDynamics Xcela Plus Ports webpage http://www.angiodynamics.com/products/xcelaplusports/vascular | | | LA, P, PV, U, A, M, LF, Daub |
| 176 | | None | "5 Ways the Healthcare Industry is Implementing RFID Technology," https://medcitynews.com/2013/12/5-ways- hospitalsimplementing-rfid-tags-emerging-trend-healthcare/ | | | H, LA, IR, P, PV, U, A, LF, Daub |
| 177 | 5/8/2017 | None | Pasupathy, Kalyan S., and Thomas R. Hellmich. "How RFID Technology Improves Hospital Care." Harvard Business Review, https://hbr.org/2015/12/how-rfid-technology- improves-hospital-care. | | | H, LA, IR, P, PV, U, A, LF, Daub |
| 178 | 9/1/2013 | None | Ajami, Sima, and Ahmad Rajabzadeh. "Radio Frequency Identification (RFID) technology and patient safety." Journal of Research in Medical Sciences 18, no. 9 | | | H, LA, IR, P, PV, U, A, LF, Daub |
| 179 | 7/00/2010 | None | Yao, Wen, Chao-Hsien Chu, and Zang Li. "The use of RFID in healthcare: Benefits and barriers." 2010 IEEE International Conference on RFID-Technology and Applications | | | H, LA, IR, P, PV, U, A, LF, Daub |
| 180 | | None | "AngioDynamics Signs Multi-Year, Sole-Source Agreement With Large Integrated Delivery Network Group" http://investors.angiodynamics.com/releasedetail.cfm?rel easeid=796255 | | | LA, IR, P, PV, U, LF, A,Daub |
| 181 | | None | "AngioDynamics and Merz North America Establish Multi- Year Relationship to Market Asclera for Vein Patients" http://investors.angiodynamics.com/releasedetail.cfm?Re leaseID=959837 | | | LA, IR, P, PV, U, A, LF, Daub |
| 182 | 4/13/2006 | BARD_AD_2201303 - BARD_AD_2201304 | Patent Assignment Agreement | | | IR, LA, P, PV, LF, Daub |
| 183 | 6/1/2009 | BARD_AD_2201245 - BARD_AD_2201277 | 2009 Development and Supply Agreement | | | IR, LA, P, PV, LF, Daub |
| 184 | | BARD_AD_0680399 | BARD Peripheral Vascular, Ports Project Review Power Point | | | IR, LA, P, PV, LF, Daub |
| 185 | | DELANGIO_00157713 - DELANGIO_00157731 | Presentation titled, "Key Selling Tools vs. The Competition" | | | LA, IR, P, PV, LF, M, Daub |
| 186 | 4/24/2006 | BARD_AD_2201163 - BARD_AD_2201191 | Development and Supply Agreement | | | LA, P, PV, LF, Daub |
| 187 | 7/11/2006 | BARD_AD_2201278 - BARD_AD_2201302 | Development and Supply Agreement | | | LA, P, PV, LF, Daub |
| 188 | 00/00/2004 | None | Sherry, Edward F. and David J. Teece, "Royalties, Evolving Patent Rights, and The Value Of Innovation" Research Policy 33 (2004) 179-191 | | | LA, IR, P, PV, U,A, LF, Daub |
| 189 | 10/30/2009 | DELANGIO_00535525 - DELANGIO_00535576 | License and Supply Agreement | | | LA, P, PV, LF, Daub |
| 190 | 10/31/2013 | None | "The Story of Endexo Anti-Thrombotic Polymer Additives from Interface Biologics." Medical Plastics News https://www.medicalplasticsnews.com/news/technology/ the-story-of-interface-biologics/. | | | LA, IR, P, PV, U,A, H, LF, Daub |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 191 | 9/26/2017 | None | "Interface Biologics Enters the Neurology Market with 510(k) Clearance of Arkis BioSciences(R) CerebroFlo(TM) EVD Catheter with Endexo(R) Technology." Marketwire, http://www.marketwired.com/press-release/interface-biologics-enters-neurology-market-with-510kclearance- arkis-biosciencesr-cerebroflo-2234959.htm. | | | LA, IR, P, PV, U,A, LF, Daub |
| 192 | | None | "What we do." Interface Biologics, http://www.interfacebiologics.com/what-we-do.htm. | | | LA, IR, P, PV, U,A, LF, Daub |
| 193 | | None | "A material advantage for medical devices." Interface Biologics, http://www.interfacebiologics.com/ | | | LA, IR, P, PV, U,A, LF, Daub |
| 194 | | DELANGIO_00535472 | Port US Sales and forecasts: 2014-2017 | | | M, P, PV,  LA, LF, Daub |
| 195 | | DELANGIO_00272618 | OUS Product Sales - FY 2007 - FY 2013 | | | M, P, PV, IR, LA, Z, LF, Daub |
| 196 | | DELANGIO_00273595 | AngioDynamics, Inc.'s Twice Updated Sales Figures Disclosure Pursuant to 1(c)(3) of Scheduling Order (6/13/17) | | | M, P, PV, IR, LA, LF, Daub |
| 197 | 3/1/2004 | None | Victor Stango, "The Economics of Standards Wars," Review of Network Economics, Vol. 3, https://doi.org/10.2202/1446-9022.1040 | | | U, H, IR, LA, M, P, PV, Daub, A |
| 198 | 2018 | None | Menell, Peter S., Economic Analysis of Network Effects and Intellectual Property (November 16, 2017), Research Handbook on the Economics of Intellectual Property Law: Vol I. Theory (2018). Available at SSRN: https://ssrn.com/abstract=3072633. | | | U, H, IR, LA, M, P, PV, Daub, A |
| 199 | 3/1/2011 | None | The Evolving IP Marketplace: Aligning Patent Notice And Remedies with Competition: A Report of the Federal Trade Commission" | | | U, IR, LA, M, P, PV, Daub, A |
| 200 | 8/00/2011 | None | Ramirez, Edith, and Lisa Kimmel. "A Competition Policy Perspective on Patent Law: The Federal Trade Commission's Report on the Evolving IP Marketplace." The Antitrust Source (2011) | | | U, H, M, P, PV, IR, LA, Daub, A |
| 201 | 00/00/2005 | None | Swanson, Daniel G., and William J. Baumol. "Reasonable and nondiscriminatory (RAND) royalties, standards selection, and control of market power" Antitrust Law Journal 73, no. 1 (2005) | | | U, H, M, P, PV, IR, LA, Daub, A |
| 202 | 00/00/2007 | None | Joseph Farrell, John Hayes, Carl Shapiro, Theresa Sullivan, "Standard Setting, Patents, and Hold-Up" Antitrust Law Journal, No. 3 (2007) | | | U, H, M, P, PV, IR, LA, Daub, A |
| 203 | 3/00/2002 | None | Janice M. Mueller, "Patent Misuse through the Capture of Industry Standards," 17 Berkeley Tech. L.J. 623 (2002), at: http://scholarship.law.berkeley.edu/btlj/vol17/iss2/1 | | | U, H, M, P, PV, IR, LA Daub, A |
| 204 | 8/00/2008 | DELANGIO_00320323 | Market Summary Report, Joe Euston, Territory 10, August 2008 | | | IR, M, P, PV, Z , LF, Daub, H |
| 205 | 00/00/2015 | None | Carlton, Dennis W., and Jeffrey M. Perloff, Modern industrial organization. Pearson Higher Ed. | | | U, I, H, IR, M, P, PV, Daub, A |
| 206 | 00/00/1985 | None | Katz, Michael L., and Carl Shapiro. "On the licensing of innovations." The RAND Journal of Economics (1985): 504- 520 | | | U, H, IR, LA, M, P, PV, Daub, A |
| 207 | 4/00/1985 | None | DeBrock, Lawrence M. "Market structure, innovation, and optimal patent life." The Journal of Law and Economics 28, no. 1 (1985): 223-244 | | | U, IR, M, P, PV, H, Daub, A |
| 208 | 7/7/2014 | None | "A 2014 Update of Cost Savings and Marketplace Analysis of the Health Care Group Purchasing Industry," HSCA | | | U, IR, M, P, PV H, Daub, A |
| 209 | 00/00/2015 | None | "Marketing to Healthcare Organization Decision-Makers: New Survey Insights, 2015" IMS Health | | | U, IR, M, P, PV, H, Daub, A |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 210 | 5/31/2016 | None | AngioDynamics Form 10-K for the year ended May 31, 2016 | | | U, IR, LA, P, PV, M, Daub |
| 211 | | None | AngioDynamics BioFlo Port webpage http://www.angiodynamics.com/products/biofloport/vascular | | | U, M, P, PV IR, LA, LF |
| 212 | | None | AngioDynamics Smart Port Power-Injectable Ports webpage http://www.angiodynamics.com/products/smart-port-ct/vascular | | | U, M, P, PV, IR, LA, LF |
| 213 | | None | AngioDynamics Vortex Ports webpage http://www.angiodynamics.com/products/vortex-ports/vascular | | | U, M, P, PV, IR, LA, LF |
| 214 | | None | AngioDynamics Conventional Ports webpage http://www.angiodynamics.com/products/conventional-ports/vascular | | | U, M, P, PV, IR, LA, LF |
| 215 | | None | Navilyst Medical Xcela® Power Injectable Ports webpage https://www.navilystmedical.com/Products/index.cfm/23 | | | U, M, P, PV, IR, LA, LF |
| 216 | 1/25/2017 | None | Declaration of Timothy Clark, MD, MS, FSIR in Support of Plaintiff's Reply Claim Construction Brief | | | LA, IR, M, PV, P |
| 217 | 12/12/2016 | None | Declaration of Robert L. Vogelzang, M.D. | | | LA, IR, M, PV, P |
| 218 | | None | Website, *Contact Us* , C. R. Bard, Inc., https://www.crbard.com/Special-Pages/Contacts.aspx | | | U, H, IR, M, P, PV, Daub, A, LF |
| 219 | | None | Website, *Company Profile* , Bloomberg L.P., https://www.bloomberg.com/profiles/companies/BCR:US-cr-bard-inc. | | | U, H, IR, M, P, PV, Daub, A, LF |
| 220 | | None | Website, *Products by Disease* , C. R. Bard, Inc., https://www.crbard.com/en-us/Products/Products-by-Disease. | | | U, H, IR, M, P, PV, Daub, A, LF |
| 221 | 02/31/2016 | None | C.R. Bard, Inc. 2016 Form 10-K (filed Feb. 13, 2017) | | | U, IR, LA, M, P, PV, Daub, LF, A |
| 222 | | None | Website, *Description of Business* , Nasdaq, http://www.nasdaq.com/symbol/bcr/stock-report | | | U, IR, M, P, PV, Daub, LF, A |
| 223 | | None | Website, *Products By Division* , C. R. Bard, https://www.crbard.com/Products/products-by-division | | | U, H, IR, M, P, PV, Daub, A, LF |
| 224 | | None | Website, *Contact BARD Peripheral Vascular* , Bard Peripheral Vascular, Inc., http://www.bardpv.com/contact bard-pv/ | | | U, H, IR, M, P, PV, Daub, A, LF |
| 225 | | None | Website, *Company Overview of BARD Peripheral Vascular, Inc.* , Bloomberg L.P., https://www.bloomberg.com/research/stocks/private/sn apshot.asp?privcapid=22905683 | | | U, H, IR, M, P, PV, Daub, A, LF |
| 226 | 7/17/2017 | NERA_0000554 - NERA_0000705 | Website, *Bard Product List 2017 Peripheral Vascular Biopsy, Bard Peripheral Vascular, Inc.* , http://www.bardpv.com/ wp-content/uploads/2017/07/ BPV-BPAL-1116-0057a1- 2017-Product-List- | | | IR, M, P, PV, Daub, LF |
| 227 | | None | Website, *Company Overview of BARD Peripheral Vascular, Inc.* , Bloomberg L.P., https://www.bloomberg.com/research/stocks/private/sn apshot.asp?privcapid=22905683 | | | U, H, IR, M, P, PV, Daub, A, LF |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 228 | | None | Website, *A Global Reach, A Community Presence* , (No Suggestions), http://www.angiodynamics.com/about/ facilities/ | | | U, IR, LA M, P, PV Daub, A, LF |
| 229 | 8/1/2016 | None | AngioDynamics Inc. May 31, 2016 Form 10-K (filed August 1, 2016) | | | U, IR, LA, M, P, PV, Daub, LF |
| 230 | 1/29/2007 | DELANGIO_00027212 - DELANGIO_00027213 | *AngioDynamics Completes RITA Medical Systems Acquisition* , January 29, 2007, (No Suggestions), http://investors.angiodynamics.com/releasedetail.cfm?Re leaseID=419885 | | | LA, Daub, LF |
| 231 | 5/22/2012 | DELANGIO_00027375 - DELANGIO_00027376 | Website, *AngioDynamics Completes Acquisition of Navilyst Medical* , May 22, 2012, AngioDynamics, http://investors.angiodynamics.com/ releasedetail.cfm?ReleaseID=675739 | | | LA, M, P, PV, Daub, LF |
| 232 | | None | Website, *About AngioDynamics* , AngioDynamics, http://www.angiodynamics.com/about/ | | | U, IR, LA M, P, PV, Daub, LF, A |
| 233 | 8/1/2016 | None | AngioDynamics, Inc., August 1, 2016, Form 10-K | | | U, IR, LA M, P, PV, Daub, LF |
| 234 | 3/00/14 | None | Website, *BardPort Implanted Ports Patient Information* , Bard Peripheral Vascular Inc., http://www.bardpv.com/ wpcontent/uploads/2014/03/ Non- Power_Patient_Guide.pdf | | | U, LA, Daub, LF, A |
| 235 | 3/00/14 | None | Website, *PowerPort Implantable Port Patient Guide* ," Bard Peripheral Vascular, http://www.bardpv.com/ wpcontent/uploads/2014/03/0723905_09- 225_PowerPort_Patient_Guide_web.pdf | | | U, IR, P, PV, Daub, LF, A |
| 236 | 3/00/14 | None | Website, *BardPort Implanted Ports Patient Information* , Bard Peripheral Vascular Inc., http://www.bardpv.com/ wpcontent/uploads/2014/03/Non- Power_Patient_Guide.pdf | | | U, LA, Daub, LF, A |
| 237 | 00/00/08 | BARD_AD_1823311 - BARD_AD_1823560 | *U.S. Market for Vascular Access Devices and Accessories* , iData Research | | | H, IR, M, P, PV, Z, Daub, LF |
| 238 | | NERA_0001069 - NERA_0001079 | Website, Central Venous Catheter, American Cancer Society, https://www.cancer.org/treatment/ treatmentsand-side-effects/ central-venous- catheters.html | | | U, H, IR, M, P, PV, Daub, A, LF |
| 239 | | None | Website, *Peripherally inserted central catheter – insertion* , Medline Plus, https://medlineplus.gov/ency/ patientinstructions/000461.htm | | | U, H, IR, M, P, PV, Daub, A, LF |
| 240 | | None | Website, *Peripherally Inserted Central Catheter (PICC)*, Cleveland Clinic, https://my.clevelandclinic.org/ health/articles/peripherally-inserted-central-catheter-picc | | | U, H, IR, M, P, PV, Daub, A, LF |
| 241 | 03/00/14 | None | Website, *PowerPort Implantable Port Patient Guide* , Bard Peripheral Vascular, http://www.bardpv.com/ wpcontent/uploads/2014/03/0723905_09- 225_PowerPort_Patient_Guide_web.pdf | | | U, H, IR, M, P, PV, Daub, A, LF |
| 242 | 00/00/15 | BARD_AD_0681523 - BARD_AD_0681527 | NPD Fall 2015: Port Cheat Sheet | | | H, IR, LA, M, P, PV, X, B, M, P, PV, Daub, LF |
| 243 | 12/7/2005 | BARD_AD_0947719 - BARD_AD_0947722 | Notes from Phone Conference with FDA concerning PowerPort and PowerLoc 510(k)s | | | H, LF, IR, M, P, PV, ML,Daub, LF, X |
| 244 | | BARD_AD_2263461 | FDA - Caution on Power Injection of MRI and CT Contrast Media Oct 05 | | | H, IR, LA, M, P, PV, ML, B, Daub, LF |
| 245 | | BARD_AD_2263477 - BARD_AD_2263478 | Reminder from FDA Regarding Ruptured Vascular Access Devices from Power Injection | | | LA, M, P, PV, ML, B, LF |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 246 | | BARD_AD_1403386 - BARD_AD_1403467 | PowerPort Product Opportunity Appraisal | | | LA, ML, LF |
| 247 | 00/00/2004 | None | *510(k) Premarket Notification Number K033389* , FDA, https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfpmn/pmn.cfm?ID=K033389 | | | U, LA, P, PV, B, X, Daub, LF |
| 248 | | None | Website, *Bard Access – PowerPortAdvantage* , http://www.powerportadvantage.com/assets/pdfs/MC-0476-01_PowerPort_CT_Guide_web.pdf | | | U, P, PV, Daub |
| 249 | | None | Website, *Medical Devices Consumers* , FDA, https://www.fda.gov/MedicalDevices/ResourcesforYou/Consumers/ucm142523.htm | | | U, IR, M, P, PV, Daub, MIL, A, LF |
| 250 | | None | Website, *PowerPort System Traditional 510(k)* , FDA, https://www.accessdata.fda.gov/cdrh_docs/pdf6/K06081 2.pdf | | | U, M, P, PV, B, X, Daub, A, LF, X |
| 251 | 8/2/2017 | None | Website, *Implantable Port Devices* , C. R. Bard, Inc., http://www.bardaccess.com/products/ports/powerport- mri | | | U, H, IR, M, P, PV, Daub,A, LF |
| 252 | | None | Website, *PowerPort® M.R.I.® Implantable Port Features* , C.R. Bard, http://www.bardaccess.com/ products/ports/powerport-mri#features | | | U, H, IR, M, P, PV, Daub, A, LF |
| 253 | | None | Website, *Smart Port Power-Injectable Ports* , http://www.angiodynamics.com/uploads/pdf/071310-083527_MLC%20220.pdf | | | U, LA, M, P, PV, Daub,A, LF |
| 254 | 07/00/11 | None | Website, *US Product Catalog and Ordering Information* , July 2011," Navilyst Medical, https://www.navilystmedical.com/downloads/July%2020 11%20US%20Product%20Catalog%20-%20NAV130.pdf | | | U, M, P, PV, Z, Daub, LA, LF |
| 255 | | NERA_0000315 - NERA_0000317 | Website, *Xcela Power Injectable Ports* , Navilyst Medical,https://www.navilystmedical.com/ | | | U, LA, M, P, PV, Daub, LF |
| 256 | 10/30/2008 | None | Website, *Navilyst Offers Xcela Power Injectable Port Catheter,*   Diagnostic & Interventional Cardiology, Technology, October 30, 2008, ttps://www.dicardiology.com/ product/navilyst-offers-xcela-power-injectable-port-catheter. | | | U, H, IR, LA M, P, PV, Daub, LF, A |
| 257 | 5/22/2012 | DELANGIO_00027375 - DELANGIO_00027376 | Website, *AngioDynamics Completes Acquisition of Navilyst Medical* , http://investors.angiodynamics.com/releasedetail.cfm?Re leaseID=675739 | | | LA, M, P, PV, Daub, LF |
| 258 | | NERA_0000144 | Website, *Xcela Power Injectable Ports Guidelines for CT Technologists* , https://www.navilystmedical.com/ Products/downloads/Xcela_Power_Injectable_Port_CT_Wall_Chart.pdf | | | LA, M, P, PV, Daub, LF |
| 259 | 8/19/2014 | DELANGIO_00535577 - DELANGIO_00535636 | Amended and Restated License and Supply Agreement | | | LA, P, PV, Daub, LF |
| 260 | | NERA_0002072 - NERA_0002084 | Article, Rudich, Eric A., Lewis M. Koppel, and Michael P. Padden, *Post-Uniloc Reasonable Royalty Damages* , Landslide, American Bar Association | | | H, NEV, IR, M, P, PV, Daub, LF |
| 261 | 04/00/07 | DELANGIO_00270798 | Revenue Summary (FY 2007-2010) | | | P, PV, Z, Daub, LF, Z |
| 262 | 04/00/07 | DELANGIO_00272417 | Port Revenue Summary | | | P, PV, Z, Daub, LF, Z |
| 263 | 09/00/08 | None | Website, *New VascularAccess Medical Devices Launched by Navilyst Medical* , prweb, http://www.prweb.com/releases/2008/09/prweb131710 4.htm | | | U, H, LA, IR, M, P, PV, Daub, A, LF |
| 264 | 03/00/09 | None | Website, *Navilyst Highlights Power Injectable Port, PICC, Infusion Set at SIR* , Imaging Technology News, https://www.itnonline.com/content/navilysthighlights- power-injectable-port-picc-infusion-set-sir | | | U, H, IR, LA, M, P, PV, Daub, A, LF |
| 265 | 4/9/2007 | DELANGIO_00312188 - DELANGIO_00312199 | Email from Greiner to Shea re Smart Port CT Power Injectable Port Launch w/attachment | Greiner | 634 | IR, LA, M, P, PV |
| 266 | 4/4/2007 | DELANGIO_00067108 - DELANGIO_00067118 | Memo to DHF VAD6006 re Smartport design control explanation | | | LA, M, P, PV, LF |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 267 | | DELANGIO_00161327 - DELANGIO_00161329 | Memo to Bill Appling re Port Strategy Meeting Minutes | | | LA, P, PV, Z , LF |
| 268 | 2/2/2007 | DELANGIO_00162366 - DELANGIO_00162387 | Implantable Port - Marketing/Development Plan | Greiner | 635 | LA, M, P, PV, Z, H |
| 269 | 1/15/2007 | DELANGIO_00442574 - DELANGIO_00442739 | Board of Director Meeting, AngioDynamics | | | P, M, PV, Z, LF |
| 270 | 12/13/2007 | DELANGIO_00312376 - DELANGIO_00312379 DELANGIO_00312389 - DELANGIO_00312390 DELANGIO_00312393 - DELANGIO_00312396 | Email from Greiner to Veloni re Southeast Region report Market Summaries (SMS) with attachments | Greiner | 606 | LA, M, P, PV, Z, H |
| 271 | 08/00/07 | DELANGIO_00312565 - DELANGIO_00312568 | Market Summary Report, Danny Garrison, Territory 16 | | | LA, M, P, PV, Z, H |
| 272 | 12/13/2007 | DELANGIO_00312397 - DELANGIO_00312409 DELANGIO_00312414 - DELANGIO_00312416 | Email from Greiner to Veloni re November Market Summary with attachments | Greiner | 611 | LA, M, P, PV, Z, H |
| 273 | 1/17/2008 | DELANGIO_00320119 - DELANGIO_00320129 DELANGIO_00320133 - DELANGIO_00320135 | Email from Greiner to Veloni re December SMS Reports - Mid Atlantic with attachments | Greiner | 612 | LA, M, P, PV, Z, H |
| 274 | 1/17/2008 | DELANGIO_00320073 - DELANGIO_00320076 - DELANGIO_00320078 | Email from Greiner to Veloni re December SMS Reports - Northeast with attachments | Greiner | 613 | La, M, P, PV, Z, H |
| 275 | 1/17/2008 | DELANGIO_00320096 - DELANGIO_00320102 - DELANGIO_00320103 | Email from Greiner to Veloni re SMS Reports - Gulf Coast with attachment | Greiner | 614 | LA, M, P, PV, Z, H |
| 276 | 2/11/2008 | DELANGIO_00312714 - DELANGIO_00312721 - DELANGIO_00312732 | Email from Greiner to Veloni re SMS for January - Mid Atlantic with attachments | Greiner | 615 | LA, M, P, PV, Z, H |
| 277 | 2/26/2008 | DELANGIO_00312683 - DELANGIO_00312691 | Email from Greiner to Soto et al re January SMS Report for the East IPG with attachment | Greiner | 616 | LA, M, P, PV, Z, H |
| 278 | 3/25/2008 | DELANGIO_00320239 - DELANGIO_00320250 - | Email from Greiner to Veloni re February SMS Reports - Gulf Coast with attachments | Greiner | 617 | LA, M, P, PV, Z, H |
| 279 | 9/24/2008 | DELANGIO_00320305 - DELANGIO_00320319 DELANGIO_00320323 | Email from Greiner to Maguire re Mid West Access SMS Report with attachments | Greiner | 620 | LA, M, P, PV, Z, H |
| 280 | 10/14/2008 | DELANGIO_00320333 - DELANGIO_00320335 DELANGIO_00320346 - DELANGIO_00320357 | Email from Greiner to Maguire re Reps Reports for SMS September with attachments | Greiner | 622 | LA, M, P, PV, Z, H |
| 281 | 11/20/2008 | DELANGIO_00312790 - DELANGIO_00312802 - DELANGIO_00312803 | Email from Greiner to Maguire re October SMS Report for Midwest Region with attachment | Greiner | 623 | LA, M, P, PV, Z, H |
| 282 | 11/20/2008 | DELANGIO_00312804 - DELANGIO_00312823 - DELANGIO_00312834 | Email from Greiner to Maguire re October SMS for East Coast with attachments | Greiner | 624 | LA, M, P, PV, Z, H |
| 283 | | DELANGIO_00056521 - DELANGIO_00056524 | Memo from B. Chartrand to B. Johnson re Marketing Specifications for the Smart Port TR and MP line extensions | | | LA, M, P, PV, LF |
| 284 | 5/27/2009 | DELANGIO_00160588 | Memo from B. Chartrand to B. Johnson re Competitive Literature Review | Chartrand | 121 | LA, M P, PV |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 285 | 1/31/2012 | DELANGIO_00027377 - DELANGIO_00027381 | AngioDynamics to Acquire Navilyst Medical for $372 Million | | | IR, LA, M, P, PV, LF |
| 286 | | None | Website, *Smart Port* , http://www.angiodynamics.com/uploads/pdf/020515-100211_MLC%20220_SmartPort-brochure-RevJ-ipad.pdf | | | U, LA, M, P, PV, A, LF |
| 287 | | NERA_0001395 - NERA_0001398 | Website, *Xcela PlusPower Injectable Ports* , AngioDynamics, http://www.angiodynamics.com/uploads/pdf/062816- | | | U, LA, M, P, PV, LF, A |
| 288 | | NERA_0002303 - NERA_0002308 | *Evolve to BioFlo Ports with Endexo Technology* | | | LA, M, P, PV, LF |
| 289 | | NERA_0002303 - NERA_0002308 | Website, *BioFlo* , AngioDynamics, http://www.angiodynamics.com/uploads/pdf/022717-122210_ANGB_023_GL_BioFlo_Port_Brochure_Rev04_ipa d.pdf | | | LA, M, P, PV, LF |
| 290 | | NERA_0000315 - NERA_0000317 | Website, *Introducing the Excela Dual Lumen Port. At the root of innovation,* https://www.navilystmedical.com/Products/downloads/X cela_Power_Injectable_Port_Brochure.pdf | | | LA, M, P, PV, LF |
| 291 | | DELANGIO_00535356 - DELANGIO_00535428 | AngioDynamics Inc. Form 10-Q Quarterly Report filed October 11, 2006 for the Period Ending September 2, | | | M, P, PV, Z, LA, LF |
| 292 | 01/00/06 | DELANGIO_00444734 - DELANGIO_00444925 | Board of Directors Meeting, January 15-18, 2006 | | | M, P, PV, Z, LA, LF |
| 293 | 8/11/2011 | DELANGIO_00535430 | Letter from Trowbridge re  U.S. Patent Application Serial No. 11/537,363, Implantable Medical Device | King | 15 | LA, M, P, PV, Z |
| 294 | 11/1/2011 | DELANGIO_00535429 | Letter from Trowbridge re  U.S. Patent Application Serial No. 11/537,363, Implantable Medical Device | | | LA, M, P, PV, Z |
| 295 | 00/00/07 | None | Mark A. Lemley and Carl Shapiro, *Patent Holdup and Royalty Stacking* , 85 Tex. L. Rev. 1991, 1999-2049 (2007) | | | H, IR, LA, Daub, U, A, LF, M |
| 296 | 00/00/04 | None | John J. Barnhardt, III, *Revisiting a Reasonable Royalty as a Measure of Damages for Patent Infringement* , 86 J. Pat. & Trademark Off. Soc'y 991, 1001–02 (2004) | | | H, IR, LA, Daub, U, A, LF, M |
| 297 | 00/00/04 | None | Edward F. Sherry & David J. Teece, *Royalties, Evolving Patent Rights, and the Value of Innovation* , 33 Research Policy 179, 183 (2004). | | | H, IR, LA, Daub, U, A, LF, M |
| 298 | 7/27/2009 | DELANGIO_00222323 - DELANGIO_00222324 | Email from Steven Kenny to Tim Powers | | | X, IR, M, P, PV , ML, LF |
| 299 | | BARD_AD_1617742 - BARD_AD_1617754 | Project Profile: Vaccess CT power injectable low cost port POA #60390 | | | LA, M, P, PV, LF |
| 300 | 05/00/07 | DELANGIO_00103654 - DELANGIO_00103705 | AngioDynamics Smart Port CT Attack Pack (May 2007) | | | M, P, PV, LA, LF |
| 301 | 05/00/10 | DELANGIO_00005493 - DELANGIO_00005613 | 2010 Primer: Ports, AngioDynamics, May 2010 | | | M, P, PV, ML, LF |
| 302 | 00/00/09 | DELANGIO_00150603 - DELANGIO_00150740 | AngioDynamics Smart Port CT Attack Pack (2009) | | | LA, M, P, PV , LF |
| 303 | 9/7/2006 | DELANGIO_00325945 - DELANGIO_00325946 | Market Summary Report, Tim Blair, Territory 23 | | | LA, LF, M, P, PV, Z, H |
| 304 | 08/00/07 | DELANGIO_00312565 - DELANGIO_00312568 | Market Summary Report, Danny Garrison, Territory 16 | | | LA, LF, M, P, PV, Z, H |
| 305 | 09/00/09 | DELANGIO_00312749 - DELANGIO_00312751 | Market Summary Report, Bryan Tedor/ 1050, Access West Region, September FY2009 | | | LA, LF, M, P, PV, Z, H |
| 306 | 9/9/2009 | BARD_AD_0321368 - BARD_AD_0321374 | BAS Monthly Sales Reports Summary April 2009- September 2009 | | | H, IR, LF, M, P, PV, Z, Daub |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 307 | | DELANGIO_00243180 | IData Access Market Summary (12-28-09) spreadsheet | | | H, IR, LF, M, P, PV, Z, Daub |
| 308 | | BARD_AD_0709891 | IMS Breakout Data 4Q08 spreadsheet | | | H, A, P, PV, IR, LA, O |
| 309 | 5/13/2005 | DELANGIO_00535510 - DELANGIO_00535524 | Amendment No. 1 to Amended And Restated License and Supply Agreement | | | P, PV, LA, LF |
| 310 | 8/19/2014 | DELANGIO_00535474 - DELANGIO_00535509 | Amended and Restated License and Supply Agreement | | | P, PV, LA, LF |
| 311 | | None | Website, *Product Catalog, Implantable Port Devices* , https://www.bardaccess.com/catalog/ports?product=56 9 | | | U, H, A, P, PV, LF |
| 312 | | None | *Xcela Plus Power Injectable Ports* , AngioDynamics Xcela Port Whitepapers.pdf | | | P, PV, LA, LF |
| 313 | 4/30/2009 | BARD_AD_0424424 - BARD_AD_0424426 | Email from Sigl to Goode Re: April 2009 Pacific Significant event | | | H, Z, P, PV, IR, LF |
| 314 | 00/00/08 | NERA_0000295 - NERA_0000314 | Natalie Mizik, and Robert Jacobson (2008), *The Financial Value Impact of Perceptual Brand Attributes* , Journal of Marketing Research, 45 (1), 15-32 | | | H, Z, IR, P, PV, A, U, Nev, Daub, LF |
| 315 | 03/00/91 | NERA_0001938 - NERA_0001954 | Kyle Bagwell, and Michael H. Riordan, *High and Declining Prices Signal Product Quality* , The American Economic Review Vol. 81, No. 1 (Mar., 1991), pp. 224-239. | | | H, Z, IR, P, PV, A, U, Nev, Daub, LF |
| 316 | 08/00/86 | NERA_0001015 - NERA_0001040 | Paul Milgrom and John Roberts, *Price and Advertising Signals of Product Quality* , Journal of Political Economy 94, no. 4 (Aug., 1986): 796-821. | | | H, Z, IR, P, PV, A, U, Nev, Daub, LF |
| 317 | 00/00/01 | None | Pamela Samuelson, and Suzanne Scotchmer, *The Law and Economics of Reverse Engineering* , Yale L.J. 1575 (2001), http://scholarship.law.berkeley.edu/facpubs/62. | | | H, Z, IR, P, PV, A, U, Nev, Daub, LF |
| 318 | 00/00/17 | NERA_0000025 - NERA_0000039 | Jaffe, Adam and Gaetan de Rassenfosse, *Patent Citation Data in Social Science Research: Overview and Best Practices* , Journal of the Association for Information Science and Technology, 68(6), 1360-1374 | | | H, Z, IR, P, PV, A, U, Nev, Daub, LF |
| 319 | 00/00/90 | NERA_0002282 - NERA_0002291 | Manuel Trajtenberg, *Economic Analysis of Product Innovation* , Harvard University Press, 1990 | | | H, Z, IR, P, PV, A, U, Nev, Daub, LF |
| 320 | 00/00/90 | NERA_0001716 - NERA_0001731 | Manuel Trajtenberg, *A Penny for Your Quotes: Patent Citations and the Value of Innovations* , RAND Journal of Economics 21 (1), Spring 1990, pp. 172- | | | H, Z, IR, P, PV, A, U, NEv, LA, Daub, LF |
| 321 | 00/00/05 | NERA_0000438 - NERA_0000479 | Bronwyn H. Hall, Adam Jaffe, and Manuel Trajtenberg, *Market Value and Patent Citations* , RAND Journal of Economics 36 (1), Spring 2005, pp. 16-38. | | | H, Z, IR, P, PV, A, U, NEv, LA, Daub, LF |
| 322 | 00/00/02 | NERA_0001374 - NERA_0001394 | Dietmar Harhoff, Frederic Scherer, and Katrin Vopel, *Citation, family size, opposition and the value of patent rights* , Research Policy, 1596 (2002), pp. 1-21 | | | H, Z, IR, P, PV, A, U, NEv, LA, Daub, LF |
| 323 | 4/8/2013 | NERA_0001900 - NERA_0001937 | Petra Moser, Joerg Ohmstedt, and Paul W. Rhode, *Patent Citations and the Size of Patented Inventions—Evidence from Hybrid Corn* , SSRN, April 8, 2013 | | | H, Z, IR, P, PV, A, U, NEv, LA, Daub, LF |
| 324 | | NERA_0002157 - NERA_0002203 | Carlos Serrano, *Estimating the Gains from Trade in the Market for Patent Rights* , NBER Working Paper 17304 | | | H, Z, IR, P, PV, A, U, Nev, Daub, LF |
| 325 | 4/1/2016 | BARD_AD_0773655 - BARD_AD_0773658 | HPG Port Executive Summary | | | H, IR, P, PV, M |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 326 | 00/00/2014 | BARD_AD_0776407 | "Port Strategy Meeting, slide show - 2014" | | | H, IR, P, PV, M |
| 327 | 8/19/2010 | None | Horizontal Merger Guidelines, U.S. Department of Justice and the Federal Trade Commission, August 19, 2010 | | | NEv, H, U, IR, P, PV, H |
| 328 | | None | Model Request for Additional Information and Documentary Material (Second Request), https://www.ftc.gov/system/files/attachments/merger- review/guide3.pdf | | | NEv, U, H, IR, P, PV, A |
| 329 | 00/00/10 | NERA_0002088 - NERA_0002122 | Joseph Farrell and Carl Shapiro,  Antitrust Evaluation of Horizontal Mergers: An Economic Alternative to Market Definition, The B.E. Journal of Theoretical Economics: Vol. 10: Iss. 1 Article 9., http://www.bepress.com/ bejte/vol10/iss1/art9. | | | H, P, PV, NEv, IR |
| 330 | 11/9/2009 | BARD_AD_1667517 - BARD_AD_1667533 | Email from Boswell to Draper re Vaccess CT Port aka "Stealth Port" POA with attachments | Boswell | Ex. 36 | LA, LF, P, PV |
| 331 | 06/00/03 | NERA_0000913 - NERA_0000940 | Justin P. Johnson and David P. Myatt, *Multiproduct  Quality Competition: Fighting Brands and Product Line Pruning* , American Economic Review, June 2003, v. 93, iss. 3, pp. 748-74 | | | H, IR, P, PV, Nev, LF, H |
| 332 | 00/00/16 | BARD_AD_2274031 | Bard Ports Sales - 2004 -2015 | | | H, P, PV, LA, U, A |
| 333 | 00/00/08 | NERA_0001080 - NERA_0001086 | Douglas Puffert, *Path Dependence in Technical Standards* , The New Palgrave Dictionary of Economics, Second Edition, 2008 | | | P, PV, Nev, LF, H |
| 334 | 00/00/90 | NERA_0000743 - NERA_0000781 | Paul A. David and Shane Greenstein, *The Economics of Compatibility Standards: and Introduction to Recent Research* , Economic Innovation New Technology, 1990, 1 3-41 | | | IR, P, PV, Nev, LF, H |
| 335 | 3/8/2011 | NERA_0001411 - NERA_0001713 | OECD, *Standard Setting*  at p. 25, https://www.oecd.org/daf/competition/47381304.pdf | | | H, IR, P, PV, Nev, LF |
| 336 | | None | http://www.smithsonianmag.com/arts-culture/fact-of- fiction-the-legend-of-the-qwerty-keyboard-49863249/ | | | H, IR, P, PV, A, U, Nev, LF |
| 337 | 08/00/11 | NERA_0001405 - NERA_0001410 | *Policy: Power Injection of Implanted Ports* , Vanderbilt University Medical Center, August, 2011, http://www.mc.vanderbilt.edu/documents/pedshemonc/ files/ 07_%252020%2520Power%2520Inj | | | H,  IR, P, PV, Nev, LF |
| 338 | 09/00/11 | None | John Slaby and Rakesh Navuluri, *Chest Port Fracture Caused by Power Injection* , Semin Intervent Radiol. 2011 Sep; 28(3):357–358, ttps://www.ncbi.nlm.nih.gov/ pmc/articles/PMC3312164/, | | | H, IR, P, PV, A, U, Nev, LF |
| 339 | 00/00/04 | NERA_0000397 - NERA_0000403 | Suzanne Scotchmer, Innovation and Incentives, (MIT Press: 2004) | | | H, IR, P, PV, Nev, LF |
| 340 | 00/00/02 | NERA_0001115 - NERA_0001143 | Nancy T. Gallini, *The Economics of Patents: Lessons from Recent U.S. Patent Reform* , Journal of Economic Perspectives, Volume 16, Number 2, Spring 2002, pp. 131–154. | | | H, Z, IR, P, PV, Nev, LF |
| 341 | 00/00/85 | NERA_0000007 - NERA_0000024 | Michael Katz and Carl Shapiro, On *the Licensing of Innovations* , RAND Journal of Economics, Vol 16, No. 4, Winter 1985; | | | H, Z, IR, P, PV,  Nev, LF |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 342 | 11/00/96 | NERA_0001062 - NERA_0001068 | Richard Gilbert and Carl Shapiro, *An economic analysis of unilateral refusals to license intellectual property* , Proc. Natl. Acad. Sci. USA, Vol. 93, pp. 12749–12755, November 1996 | | | H, Z, IR, P, PV, Nev, LF |
| | | | **INTENTIONALLY OMITTED** | | | |
| 344 | 00/00/03 | NERA_0000353 - NERA_0000372 | Ashish Arora, Andrea Fosfuri, *Licensing the market for technology* , Journal of Economic Behavior & Organization, 2003, v. 52, nº 2, pp. 277-295 | | | H, IR, P, PV, A, NEv |
| 345 | 00/00/05 | None | James Bessen and Michael J. Meurer, *Lessons for Patent Policy from Empirical Research on Patent Litigation* , Lewis and Clark L. R., 2005, Vol. 9:1, p. 9 | | | H, IR, P, PV, A, U, Nev, LF |
| 346 | 00/00/98 | NERA_0000040 - NERA_0000053 | Wang, X.H., *Fee versus royalty licensing in a Cournot duopoly model* , Economics Letters, 60, 55-62 (1998) | | | H, IR, P, PV, Nev, LF |
| 347 | 00/00/02 | NERA_0000054 - NERA_0000075 | X.Henry Wang, *Fee versus royalty licensing in a differentiated Cournot duopoly* , Journal of Economics and Business, Volume 54, Issue 2, March–April 2002, Pages 253-266 | | | H, IR, P, PV, Nev, LF |
| 348 | 00/00/00 | NERA_0000388 - NERA_0000396 | Standard Patent License Agreement, http://www.gemalto.com/companyinfo-site/about-site/ mergersite/download- site/Documents/patent_licence.pdf. | | | H, IR, P, PV, Nev, LF |
| 349 | 10/10/2013 | None | *AngioDynamics Signs Multi-Year, Sole-Source Agreement With Large Integrated Delivery Network Group* | | | U, NEv, IR, P, PV, A, LF |
| 350 | | NERA_0001228 - NERA_0001243 | Stefano Colombo and Luigi Filippini, *Patent Licensing with Bertrand Competitors* , The Manchester School, Vol. 83 No 1, 1-16, p. 9 | | | H, IR, P, PV, Nev, LF |
| 351 | 00/00/10 | NERA_0000706 - NERA_0000709 | Marta San Martin and Ana Saraco, *Royalty Licensing*, Economic Letters, (2010) | | | H, IR, P, PV,  Nev, LF |
| 352 | 00/00/14 | NERA_0000344 - NERA_0000352 | John S. Heyword, Jianpei Li, Guangliang Ye, *Per Unit vs. Ad Valorem Royalties under Asymmetric Information* , International Journal of Industrial Organization, 37 (2014), 38-46. | | | H, IR, P, PV,  Nev, LF |
| 353 | 10/00/11 | NERA_0001051 - NERA_0001061 | Varner, Thomas R., *An Economic Perspective on Patent Licensing Structure and Provisions* ,  Business Economics, Vol. 46(4), (October 2011), 233-234, | | | H, IR, P, PV, Nev, LF |
| 354 | 00/00/00 | None | DVD audio and video disks are licensed on a dollar per unit basis, http://www.dvd6cla.com/royaltyrate.html | | | H, IR, P, PV, A, U, Nev, LF |
| 355 | 4/5/2007 | BARD_AD_1957404 - BARD_AD_1957438 | U.S. Patent Application Publication No. 2007/0078391 | | | LA, P, PV, M, LF |
| 356 | 12/13/2011 | BARD_AD_2307309 - BARD_AD_2307318 | U.S. Patent 8,075,536 | | | LA, P, PV, M, LF |
| 357 | 1/6/2015 | BARD_AD_2305291 - BARD_AD_2305321 | U.S. Patent 8,926,573 | | | LA, P, PV, M, LF |
| 358 | | None | Appendix B to Expert Report of Matthew S. Johnson, MD in Rebuttal to Dr. Vogelzang's Report on Invalidity of the Patents-in-Suit | | | LA, I, P, PV, Nev |
| 359 | | None | Alan J. Cox Curriculum Vitae | | | NEv, H, A, U |
| 360 | | None | Bard Power Port U.S. Dollar Sales by Product 2006-2016 Cox Expert Report Exhibit 1 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 361 | | None | Bard Power Port U.S. Unit Sales By Product 2006-2016 Cox Expert Report Exhibit 2 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 362 | | None | Bard Power Port U.S. Average Sale Price By Product 2006-2016 Cox Expert Report Exhibit 3 | | | NEv, H, A, U, LA, P, PV, Daub, C, |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 363 | | None | Bard Average U.S. Selling Price 2006-2016 Cox Expert Report Exhibit 4 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 364 | | None | AngioDynamics U.S. Average Selling Price 2007-2017 Cox Expert Report Exhibit 5 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 365 | | None | Bard Power Port U.S. Gross Profit Margin By Product 2006- 2016 Cox Expert Report Exhibit 6 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 366 | | None | Bard Power Port U.S. Gross Profit per Unit By Product 2006-2016 Cox Expert Report Exhibit 7 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 367 | | None | Bard U.S. Unit Gross Profit 2006-2016 Cox Expert Report Exhibit 8 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 368 | | None | AngioDynamics U.S. Unit Gross Profit 2007-2017 Cox Expert Report Exhibit 9 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 369 | | None | Bard U.S. Non-Power and Non-Power Dual Lumen Ports Profit Margins 2006-2016 Cox Expert Report Exhibit 10 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 370 | | None | Bard U.S. Power and Non-Power Ports Weighted Average Gross Profit 2006-2016 Cox Expert Report Exhibit 11 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 371 | | None | AngioDynamics Power Port U.S. Dollar Sales By Product 2007-2017 Cox Expert Report Exhibit 12 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 372 | | None | AngioDynamics Power Port Outside U.S. Dollar Sales By Product 2007-2017 Cox Expert Report Exhibit 12.1 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 373 | | None | AngioDynamics Power Port U.S. Unit Sales By Product 2007-2017 Cox Expert Report Exhibit 13 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 374 | | None | AngioDynamics Power Port Outside U.S. Unit Sales By Product 2007-2017 Cox Expert Report Exhibit 13.1 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 375 | | None | AngioDynamics Power Port U.S. Average Sale Price By Product 2007-2017 Cox Expert Report Exhibit 14 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 376 | | None | AngioDynamics Power Port Outside U.S. Average Sale Price By Product 2007-2017 Cox Expert Report Exhibit 14.1 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 377 | | None | AngioDynamics Power Port U.S. Gross Margin By Product 2007-2017 Cox Expert Report Exhibit 15 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 378 | | None | AngioDynamics Power Port Outside U.S. Gross Margin By Product 2007-2017 Cox Expert Report Exhibit 15.1 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 379 | | None | AngioDynamics Power Port U.S. Gross Profit per Unit By Product 2007-2017 Cox Expert Report Exhibit 16 | | | NEv, H, A, U, LA, P, PV, Daub, C, |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 380 | | None | AngioDynamics Power Port Outside U.S. Gross Profit per Unit By Product 2007-2017<br>Cox Expert Report Exhibit 16.1 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 381 | | None | Xcela Power Injectable Ports Properties and Characteristics<br>Cox Expert Report Exhibit 17 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 382 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 1<br>September 10, 2009 - 2017 Cox Expert Report Exhibit 18.1 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 383 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 1<br>September 10, 2009 - 2017<br>Cox Expert Report Exhibit 18.1.2 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 384 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 2<br>September 10, 2009 - 2017 Cox Expert Report Exhibit 18.2 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 385 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 2<br>September 10, 2009 - 2017<br>Cox Expert Report Exhibit 18.2.2 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 386 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 3<br>September 10, 2009 - 2017 Cox Expert Report Exhibit 18.3 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 387 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 3<br>September 10, 2009 - 2017 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 388 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 4<br>July 2, 2013 - 2017<br>Cox Expert Report Exhibit 18.4 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 389 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 4<br>July 2, 2013 - 2017<br>Cox Expert Report Exhibit 18.4.2 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 390 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 5<br>July 2, 2013 - 2017<br>Cox Expert Report Exhibit 18.5 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 391 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 5<br>July 2, 2013 - 2017<br>Cox Expert Report Exhibit 18.5.2 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 392 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 6<br>July 2, 2013 - 2017<br>Cox Expert Report Exhibit 18.6 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 393 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 6<br>July 2, 2013 - 2017<br>Cox Expert Report Exhibit 18.6.2 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 394 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 7<br>October 1, 2013 - 2017 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 395 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 7 October 1, 2013 - 2017 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 396 | | None | AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 8 August 12, 2014 - 2017 Cox Expert Report Exhibit 18.8 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 397 | | None | AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 8 August 12, 2014 - 2017 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 398 | | None | Implied Relative Value of Each Bard Patent at Issue Based on Analysis of All Forward Citations Cox Expert Report Exhibit 19 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 399 | | None | Implied Relative Value of Each Bard Patent at Issue Based on Analysis of Forward Citations by U.S. Granted Patents | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 400 | | None | Bard U.S. Unit Sales 2006 - 2016 Cox Expert Report Exhibit 21.1 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 401 | | None | AngioDynamics U.S. Unit Sales 2007 - 2017 Cox Expert Report Exhibit 21.2 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 402 | | None | AngioDynamics and Bard Total U.S. Unit Sales 2006-2017 Cox Expert Report Exhibit 21.3 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 403 | | None | Damage Scenarios By Hypothetical Negotiation Cox Expert Report Exhibit 22 | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 404 | | None | Damage Scenarios Outside U.S. By Hypothetical Negotiation | | | NEv, H, A, U, LA, P, PV, Daub, C, , O |
| 405 | | None | Bard Selling Cost as a Percentage of Net Sales Year to Date and Prior Year 2007 - 2015 Cox Expert Report Exhibit 23 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 406 | | None | Calculation of Royalty Rate 2007 - 2015 Cox Expert Report Exhibit 24 | | | NEv, H, A, U, LA, P, PV, Daub, C, |
| 407 | | DELANGIO_00267464 | AngioDynamics Port Matrix  08-2012 spreadsheet | | | LA, LF |
| 408 | | BARD_AD_2290218 | Bard Access Systems Financials as of December 2004 | | | H, A, P PV, IR, LA, Z, LF |
| 409 | | BARD_AD_2290224 | Bard Access Systems Financials as of December 2005 | | | H, A, P, PV, IR, LA, Z, LF |
| 410 | | BARD_AD_2274009 - | Bard Access Systems Financials as of December 2006 | | | H, A, P, PV, IR, LA, Z, Lf |
| 411 | | BARD_AD_2273990 - | Bard Access Systems Financials as of December 2007 | | | H, A, P, PV, IR, LA, Z, LF |
| 412 | | BARD_AD_2274020 - | Bard Access Systems Financials as of December 2008 | | | H, A, P, PV, IR, LA, Z, LF |
| 413 | | BARD_AD_2274002 - | Bard Access Systems Financials as of December 2009 | | | H, A, P, PV, IR, LA, Z, LF |
| 414 | | BARD_AD_2290219 | Bard Access Systems Financials as of December 2010 | | | H, A, P, PV, IR, LA, Z, LF |
| 415 | | BARD_AD_2290223 | Bard Access Systems Financials as of December 2011 | | | H, A, P, PV, IR, LA, Z, LF |
| 416 | | BARD_AD_2274008 | C.R. Bard - Management P&L for Dec 2012 | | | H, A, P, PV, IR, LA, Z, LF |
| 417 | | BARD_AD_2274001 | C.R. Bard - Management P&L for Dec 2013 | | | H, A, P, PV, IR, LA, Z, LF |
| 418 | | BARD_AD_2274006 | C.R. Bard - Management P&L for Dec 2014 | | | H, A, P, PV, IR, LA, LF |
| 419 | | BARD_AD_2274007 | C.R. Bard - Management P&L for Dec 2015 | | | H, A, P, PV, IR, LA, LF |
| 420 | | BARD_AD_2274019 | C.R. Bard - Management P&L for Dec 2016 | | | H, A, P, PV, IR, LA, LF |
| 421 | 10/25/2016 | None | U.S. Patent No. 9,474,888 | | | U, IR, P, PV, LA, LF, M |
| 422 | 9/14/1999 | None | U.S. Patent No. 3. 5,951,512 | | | LA, P, PV, LF |
| 423 | | None | PORT-A-CATH® IMPLANTABLE Epidural, Arterial and Peritoneal Access Systems http://web.archive.org/web/20001119035900/www.delt ec.com/cPacspl.htm | | | U, IR, P, PV, LA, Lf, M, A, H |
| 424 | 9/23/2003 | BARD_AD_0501470 | Bard Access Systems - Research and Development Presentation | | | U, P, PV, IR, H, A, M, LF |
| 425 | 9/9/2004 | BARD_AD_1975735 - BARD_AD_1975755 | Sep. 9, 2004 Memorandum from Jim Beasley re: Monthly Management Report - Bard Access Systems | | | H, P, PV, IR, LF |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 426 | 3/5/2005 | BARD_AD_2143533 - BARD_AD_2143554 | Mar. 8, 2005 Memorandum from Jim Beasley re: Monthly Management Report - Bard Access Systems | | | H, IR, P, PV, LF |
| 427 | 4/5/2005 | BARD_AD_2149962 - BARD_AD_2149988 | Monthly Manager's Report - Concept to Post Market Projects | | | H, P, PV, M, Lf |
| 428 | 2/15/2005 | BARD_AD_0944267 | Feb. 5, 2005 Memo From Andrew Robertson re: Marketing claims for PowerPort | | | P, PV, Lf |
| 429 | 6/13/2005 | BARD_AD_2292740 - BARD_AD_2292742 | Minutes/Actions from 6/13/05 Plastic Power Port (PPP) team meeting | | | H, P, PV, M, LF |
| 430 | | BARD_AD_0054166 - BARD_AD_0054216 | Laboratory Notebook - Kelly Powers | | | P, PV, LF |
| 431 | 7/18/2005 | BARD_AD_2300199 - BARD_AD_2300208 | Jul. 18, 2005 Memorandum from Kelly Powers re: TTR Summary for July 12 & 13, 2005 | | | H, P, PV, IR, LA, LF, M |
| 432 | 12/20/2005 | BARD_AD_0952678 - BARD_AD_0952684 | PowerPort Pre-IDE Worksheet | | | H, LF, IR, M, P, PV, ML |
| 433 | 3/22/2006 | BARD_AD_0062218 - BARD_AD_0062312 | PreIDE for Power Injectable Port System | | | LF, LA, IR, M, P, PV, ML , |
| 434 | 10/21/2004 | BARD_AD_2191553 - BARD_AD_2191687 | Oct. 21, 2004 Bard Access Systems 3 Year Strategic Plan | | | H, LF, IR, M, P, PV, ML, |
| 435 | 9/12/2005 | BARD_AD_2149318 - BARD_AD_2149371 | Sep. 12, 2005 Traditional 510(k) for PowerPort Titanium Implanted Port | | | LF, LA, M, P, PV, ML, B, X |
| 436 | | BARD_AD_2146989 - BARD_AD_2146991 | Curriculum Vitae of Kelly B. Powers, 2011 | | | H, LA, |
| 437 | 12/9/2005 | BARD_AD_1523904 - BARD_AD_1523906 | Dec. 9, 2005 Email from Peggy Keifer re: FDA Conference for PowerPort/Power Loc | | | H, LF, M, P, PV, ML |
| 438 | 7/26/2005 | BARD_AD_0019209 | Photograph of Triangular Power Port | | | H, LF, P, PV, ML, I, B |
| 439 | 2/9/2005 | BARD_AD_2274032 - BARD_AD_2274050 | Disclosure of Invention, D310267 | | | LF, LA, P, PV, X |
| 440 | 10/22/2002 | BARD_AD_2190609 - BARD_AD_2190719 | Bard Access Systems - Business Review 2003 Budget - Three Year Plan | | | H, LF, M, P, PV, ML |
| 441 | 4/27/2004 | BARD_AD_2190841 - BARD_AD_2191004 | Bard Access Systems - NPD Review | | | H, LF, M, P, PV, ML |
| 442 | 3/25/2002 | BARD_AD_2191453 | Bard Access Systems - 2002 Business Review | | | H, LF, IR, M, P, PV, ML, I |
| 443 | 10/25/2004 | BARD_AD_0020069 - BARD_AD_0020084 | TTR Summary for October 5 & 6, 2004 | | | H, LF, LA, IR, M, P, PV, ML |
| 444 | 6/28/2004 | BARD_AD_1898738 - BARD_AD_1898748 | TTR Summary for June 22 & 23, 2004 | | | LF, LA, P, PV |
| 445 | 6/23/2004 | BARD_AD_0019187 - BARD_AD_0019197 | Excerpt from Lab Notebook of Kevin Sheetz | | | LF, LA, P, PV, X, A |
| 446 | 7/26/2005 | BARD_AD_0019210 | Photograph of Triangular Power Port | | | A, LF, P, PV, I, B |
| 447 | 7/15/2005 | BARD_AD_0019183 - BARD_AD_0019185 | Excerpt from Lab Notebook of Kelly Powers | | | LF, LA, P, PV, X |
| 448 | 2/15/2005 | BARD_AD_0952086 - BARD_AD_0952087 | Feb. 15, 2005 Memo from Andrew Robertson and Kevin Sheetz re: Marketing claims for PowerPort | | | LF, LA, |
| 449 | 8/21/2006 | BARD_AD_2270260 - BARD_AD_2270352 | P57588 MRI Power Port Qualification Protocol | | | LF, LA, M, P, PV, ML |
| 450 | 10/19/2004 | BARD_AD_2244095 - BARD_AD_2244098 | Fall ONS 2004 Survey, Melissa Andres Response | | | LF, LA, M, ML, P, PV |
| 451 | 10/19/2004 | BARD_AD_2244424 - BARD_AD_2244427 | Fall ONS 2004 Survey, Jodi Kozak Response | | | LF, LA, M, ML, P, PV |
| 452 | | BARD_AD_2273427 | CAD Drawing of a Port | | | LA, LF, I, M, P, PV |
| 453 | 1/27/2005 | BARD_AD_2305287 - BARD_AD_2305288 | Confidential Information Agreement Between Bard Access Systems and Katie Lowe | | | LA, LF, M, ML, P, PV |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 454 | 1/27/2005 | BARD_AD_2305289 - BARD_AD_2305290 | Confidential Information Agreement Between Bard Access Systems and Lisa Ketcheside | | | LA, LF, M, ML, P, PV |
| 455 | 1/27/2005 | BARD_AD_0014555 - BARD_AD_0014557 | Oncology Nurses Design Input Survey, Spring 2005, Katie Lowe Response | | | LA, LA |
| 456 | 1/27/2005 | BARD_AD_0014558 - BARD_AD_0014560 | Oncology Nurses Design Input Survey, Spring 2005, Lisa Ketcheside Response | | | LA, LF |
| 457 | 2/10/2006 | BARD_AD_0028073 - BARD_AD_0028187 | Power Port Qualification Protocol | | | LA, LF, M, P, PV, ML, A |
| 458 | 9/2/2005 | BARD_AD_0028341 - BARD_AD_0028670 | PowerPort E Qualification Testing | | | LA, LF, M, P, PV, ML |
| 459 | 7/20/2006 | BARD_AD_0029452 - BARD_AD_0029899 | PowerPort™ Port Qualification Equivalency Testing Report | | | LF, LA, M, P, PV, ML |
| 460 | 3/16/2006 | BARD_AD_0031188 - BARD_AD_0031489 | PowerPort Port Qualification Test Report | | | LA, LF, M, P, PV, ML |
| 461 | 2/24/2006 | BARD_AD_1314287 - BARD_AD_1314308 | Titanium PowerPort tm Port Pressure vs Flow Evaluation Report | | | A, LA, LF |
| 462 | 10/31/2006 | BARD_AD_1533195 - BARD_AD_1534316 | MRI PowerPort Qualification Report | | | LA, LF, M, P, PV, ML |
| 463 | 1/20/2005 | BARD_AD_0038439 | Jan. 20, 2005 Memo from Kevin Sheetz re: Burst testing concept Power Inject Ports | | | LF, LA, P, PV |
| 464 | 1/12/2005 | BARD_AD_0044941 - BARD_AD_0044942 | Jan. 12, 2005 Memo from Kevin Sheetz re: Concept level testing of Adult Titanium Port as a Power Port | | | LF, LA, M, P, PV, ML |
| 465 | 1/4/2005 | BARD_AD_0052894 - | Jan. 4, 2005 Memo from Esther McNeal re: Power Injection Testing | | | LF, LA, M, P, PV, ML |
| 466 | 7/3/2003 | BARD_AD_0306907 - BARD_AD_0306910 | Jul. 3, 2003 Memorandum from David Jansen re: June Marketing Monthly Report | | | LF, IR, M, P, PV, ML |
| 467 | 10/1/2003 | BARD_AD_2149454 | Marketing and R&D Presentation | | | LF, LA, M, P, PV, ML |
| 468 | 8/4/2004 | BARD_AD_0020561 - BARD_AD_0020572 | August 4 & 5, 2005 TTR Summary | | | LF, LA, P, PV |
| 469 | 8/18/2004 | BARD_AD_0052514 - BARD_AD_0052515 | M193-1 Memo re Concept Testing of Power Injection on Ports | | | H, LF, LA, P, PV |
| 470 | 12/6/2004 | BARD_AD_0051343 - BARD_AD_0051353 | P52589 - Power Injection Port Concept Protocol | | | LF, LA, M, P, PV, ML |
| 471 | 2/18/2005 | BARD_AD_0050780 - BARD_AD_0050803 | DIR52601.000 - Design Input Requirements | | | H, LF, LA, M, P, PV, ML |
| 472 | 2/10/2005 | BARD_AD_0053703 - BARD_AD_0053711 | DDP55184 - DDP for Power Injectable Port Project | | | LF, LA, M, P, PV, ML |
| 473 | 3/3/2005 | BARD_AD_0168432 - BARD_AD_0168461 | R52598 - Power Port Feasibility Test Report | | | A, LF, LA, P, PV, ML, M |
| 474 | 4/8/2005 | BARD_AD_0053006 - BARD_AD_0053042 | P52599.000 - Power Port Qualification Protocol, Revision 0 | | | LF, LA, PV |
| 475 | 6/8/2005 | BARD_AD_0051159 - BARD_AD_0051164 | M193-21 - Adult Titanium Port Reservoir, and Port Assembly Tensile Equivalency Testing | | | LF, A, LA, M, P, PV, ML |
| 476 | 6/16/2005 | BARD_AD_0238955 - BARD_AD_0238966 | M193-23 - Adult Ti Port Reservoir dimensional investigation | | | LF, A, LA, M, P, PV, ML |
| 477 | 7/18/2006 | BARD_AD_0040867 - BARD_AD_0040895 | PRM57992 - TiPP Product Release to Market Form | | | LF, LA, PV, P |
| 478 | 2/28/2006 | BARD_AD_0065888 - BARD_AD_0065912 | R57265.000 - High Pressure Septum Evaluation Feasibility Report | | | LF, LA, PV, P, IR |
| 479 | 2/28/2006 | BARD_AD_0147395 - BARD_AD_0147410 | R57391 - High Pressure Septum Redesign Evaluation Feasibility Report | | | LF, LA, PV, P, IR |
| 480 | 5/5/2006 | BARD_AD_0156031 - BARD_AD_0156046 | R57587 - Further Evaluation of the High Pressure Septum Redesign Feasibility Report | | | LF, LA, PV, P, IR |
| 481 | 7/17/2006 | BARD_AD_0271255 - BARD_AD_0271262 | M200-21 - Port Assembly Tensile Testing to Evaluate Port Weld Strength | | | LF, LA, PV, |
| 482 | 9/22/2006 | BARD_AD_0229962 - BARD_AD_0229966 | M200-29 - DIR Engineering Requirements for Weld Strength Tensile | | | LF, LA, PV |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 483 | 3/16/2007 | BARD_AD_0039490 - BARD_AD_0039560 | PRM58565 - MRI PowerPort Product Release | | | G, LF, LA, A, PV |
| 484 | 11/14/2008 | BARD_AD_0052536 - BARD_AD_0052549 | Bard Access Systems Memorandum to DHFR 268/M268- 038 from M. Wiley and D. Case re PowerPort Port "CT" Base Engraving Study | | | LF, LA, M, A, PV |
| 485 | 6/11/2009 | BARD_AD_0051356 - BARD_AD_0051364 | P60115 - PowerPort CT Engraving Qualification Protocol | | | LF, LA, M, A, PV |
| 486 | 7/6/2009 | BARD_AD_0032345 - BARD_AD_0032406 | R60015.000 - PowerPort CT Engraving Qualification Report | | | H, LF, LA, P, PV, A |
| 487 | 8/10/2006 | BARD_AD_2157452 - BARD_AD_2157582 | DISR56685 PowerPort Design Input Summary Report | | | H, LF, LA, P, PV |
| 488 | 9/00/2006 | None | FDA - Caution on Power Injection of MRI and CT Contrast Media (October 2005) 6. | | | H, LF, LA, IR, M, P, PV, A, U |
| 489 | 7/12/2017 | None | Bard's Supplemental Response to AngioDynamics Inc.'s Interrogatories Nos. 1 and 9. | | | H, ML, Daub |
| 490 | 5/5/2016 | None | AngioDynamics, Inc.'s Responses and Objections to Bard's First Set of Interrogatories | | | LA, Oth |
| 491 | 8/8/2016 | None | AngioDynamics Inc.'s Supplemental Response to Interrogatory No. 7 | | | LA, Oth |
| 492 | 8/16/2016 | None | AngioDynamics Inc.'s Supplemental Response to Bard's Interrogatory No. 5 | | | LA, Oth |
| 493 | 10/13/2016 | None | AngioDynamics's Responses to Bard's Second Set of Interrogatories (Nos. 8-10) | | | LA, Oth |
| 494 | 11/4/2016 | None | AngioDynamics Inc.'s First Supplemental Response to Interrogatory No. 8 | | | LA, Oth |
| 495 | 12/27/2016 | None | AngioDynamics Inc.'s Response and Objections to Bard's Third Set of Interrogatories (No. 11) | | | LA, Oth |
| 496 | 1/17/2017 | None | AngioDynamics Inc.'s Responses and Objections to Bard's Fourth Set of Interrogatories (No.12) | | | LA, Oth |
| 497 | 5/12/2017 | None | AngioDynamics Inc.'s Responses and Objections to Bard's Fifth Set of Interrogatories (Nos. 13-21) | | | LA, Oth |
| 498 | 5/15/2017 | None | AngioDynamics Inc.'s Supplemental Responses to Interrogatories Nos. 2, 3 and 5-7 | | | LA, Oth |
| 499 | 5/26/2017 | None | 2017-05-26 AngioDynamics Inc.'s Responses and Objections to Bard's Sixth Set of Interrogatories (Nos. 22- 25) | | | LA, Oth |
| 500 | 7/12/2017 | None | AngioDynamics Inc.'s Supplemental Responses and Objections to Bard's Interrogatories Nos. 1 7 9-11 14 15 17 21 23 and 25 | | | LA, Oth |
| 501 | 9/1/2017 | | Expert Report of Timothy Clark, MD, MS, FSIR Regarding Infringement of the Patents-In-Suit | | | Daub, NEv |
| 502 | 11/30/2017 | | Supplemental Expert Report of Timothy Clark, MD, MS, FSIR Regarding Infringement of the Patents-In-Suit | | | Daub, NEv |
| 503 | 9/29/2017 | | Expert Report of Matthew S. Johnson, MD in Rebuttal to Dr. Vogelzang's Report on Invalidity of the Patents-in-Suit | | | ML, Daub, NEv |
| 504 | 12/6/2017 | | Additional Expert Report of Matthew Johnson, MD Regarding Validity of the Patents-In-Suit | | | ML, Daub, NEv |
| 505 | 9/1/2017 | | Expert Report of Alan J. Cox, Ph.D | | | ML, Daub, NEv |
| 506 | 12/1/2017 | | Reply Expert Report of Alan J. Cox, Ph.D | | | ML, Daub, NEv |
| 507 | 12/6/2017 | | Reply to Supplemental Expert Report of Alan J. Cox, Ph.D. | | | ML, Daub, NEv |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 508 | 11/10/2016 | | Reminders from FDA Regarding Ruptured Vascular Access Devices from Power Injection, available at http://www.fda.gov/MedicalDevices/Safety/AlertsandNotices/TipsandArticlesonDeviceSafety/ucm070193.htm | | | U, P, PV, IR, H, LA, ML, A, LF |
| 509 | 3/1/2009 | BARD_AD_0313428-BARD_AD_0313435 | Kathleen Johnson, "Power Injectable Portal Systems", Journal of Radiology Nursing Volume 28, Issue 1 (March 2009) | | | P, PV, IR, H, LA, ML, A, LF |
| 510 | 1/5/2010 | | PTO Information Disclosure Statement by Applicant for Application No. 11/320,223 | | | U, P, PV, IR, H, LA, A, LF |
| 511 | 4/24/2001 | | Bard Schematic titled "Port S/A MRI 8 FR CHFX" | | | U, P, PV, IR, H, LA, A, LF |
| 512 | 4/4/2017 | | Plaintiffs C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Notice of Deposition of Defendant AngioDynamics, Inc. Pursuant to Fed. R. Civ. P. 30(b)(6) | Chartrand | 102 | NEv, P, PV, H, X, LF |
| 513 | 9/11/2007 | DELANGIO_00312541 - DELANGIO_00312544 DELANGIO_00312559 - DELANGIO_00312568 | Email from C. Greiner to E. Priest re Mid Atlantic SMS - including Mehmet's with attachments | Greiner | 607 | IR, P, PV, H, M |
| 514 | 9/17/2007 | DELANGIO_00320147 - DELANGIO_00320154 | Email from C. Greiner to E. Priest, et al., re East IPG SMS Report - August with attachment | Greiner | 608 | IR, P, PV, H, M |
| 515 | | DELANGIO_00113250 - DELANGIO_00113345 | Xcela Plus Port Design Verification Master Plan/Report Ver. E | Girard | 507 | IR, P, PV, LA, M |
| 516 | 3/8/2010 | DELANGIO_00219101 - DELANGIO_00219111 | SmartPort CT Extensions Project Design Project Plan | Kenny | 206 | IR, P, PV, LA, M |
| 517 | 2/24/2010 | DELANGIO_00218706 - DELANGIO_00218718 | Email from S. Kenny to mdavis@AngioDynamics.com re Bard Power Port Testing with attachment | Kenny | 216 | IR, P, PV, LA, M |
| 518 | 5/27/2008 | DELANGIO_00515100 | Smart Port "CT" Engraving Timeline | Kenny | 220 | IR, P, PV, LA, M |
| 519 | 5/21/2008 | DELANGIO_00063132 | AngioDynamics Memo to S. Kenny, B. Johnson, D. Derrick, K. Joiner, M. Milliron, E. Young, B. Chartrand and D. Recinella from B. Hanson re Port Team Meeting of 5-20- 2008 - Meeting Minutes | Kenny | 221 | IR, P, PV, LA, M |
| 520 | 10/9/2008 | DELANGIO_00055198 | AngioDynamics Smart Port CT Projects Team Meeting Minutes | Kenny | 223 | IR, P, PV, LA, M |
| 521 | | DELANGIO_00221509 - DELANGIO_00221514 | Smart Port CT (Mini & Low Profile) Project #: 100247 | Kenny | 204 | IR, P, PV, LA, M |
| 522 | | BARD_AD_2356963 | Updated Bard Sales Numbers spreadsheet | | | U, O, P, PV, M, Daub |
| 523 | | DELANGIO_00053472 | AngioDynamics Sales Figures for July 2013 forward spreadsheet | McTiernan | 302 | P, PV, M, Daub |
| 524 | | None | Cox Expert Report Exhibit 1 (Updated) Bard Power Port U.S. Dollar Sales by Product 2006-2017 | | | U, O, NEv, A, LA, P, PV, Daub, C, |
| 525 | | None | Cox Expert Report Exhibit 12 (Updated) AngioDynamics Power Port U.S. Dollar Sales By Product 2007-July 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 526 | | None | Cox Expert Report Exhibit 12.1 (Updated) AngioDynamics Power Port Outside U.S. Dollar Sales By Product 2007-July 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 527 | | None | Cox Expert Report Exhibit 13 (Updated) AngioDynamics Power Port U.S. Unit Sales By Product 2007-July 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 528 | | None | Cox Expert Report Exhibit 13.1 (Updated) AngioDynamics Power Port Outside U.S. Unit Sales By Product 2007-July 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 529 | | None | Cox Expert Report Exhibit 14 (Updated) AngioDynamics Power Port U.S. Average Sale Price By Product 2007-July 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 530 | | None | Cox Expert Report Exhibit 14.1 (Updated) AngioDynamics Power Port Outside U.S. Average Sale Price By Product 2007-July 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 531 | | None | Cox Expert Report Exhibit 18.1(a) (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 1; Sept. 10, 2009 - July 2, 2013; Aug. 12, 2014-July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 532 | | None | Cox Expert Report Exhibit 18.1(b) (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 1; Sept. 10, 2009 - July 2, 2013; Mar. 10, 2015-July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 533 | | None | Cox Expert Report Exhibit 18.1.2(a) (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 1;Sept. 10, 2009 - July2, 2013; Aug. 12, 2014-July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 534 | | None | Cox Expert Report Exhibit 18.1.2 (b) (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 1;Sept. 10, 2009 - July2, 2013; Mar. 10, 2015-July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 535 | | None | Cox Expert Report Exhibit 18.2 (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 2 Sept. 10, 2009 - July 2013; Aug. 12, 2014-July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 536 | | None | Cox Expert Report Exhibit 18.2.2 (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 2 Sept. 10, 2009 - July 2, 2013; Aug. 12. 2014-July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 537 | | None | Cox Expert Report Exhibit 18.3 (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 3; Sept. 10, 2009 - July 2, 2013; Mar. 10, 2015-July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 538 | | None | Cox Expert Report Exhibit 18.3.2 (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 3; Sept. 10, 2009 - July 2, 2013; Mar. 10, 2015-July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 539 | | None | Cox Expert Report Exhibit 18.4(a) (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 4 Aug. 12, 2014 - July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 540 | | None | Cox Expert Report Exhibit 18.4(b) (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 4 Mar. 10, 2015 - July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 541 | | None | Cox Expert Report Exhibit 18.4.2(a) (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 4 Aug. 12, 2014-July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 542 | | None | Cox Expert Report Exhibit 18.4.2(b) (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 4 Mar. 10, 2015 -July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 543 | | None | Cox Expert Report Exhibit 18.5 (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 5 Aug. 2014 - July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 544 | | None | Cox Expert Report Exhibit 18.5.2 (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 5 Aug. 12. 2014 - July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 545 | | None | Cox Expert Report Exhibit 18.6 (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 6 Mar. 2015 - July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 546 | | None | Cox Expert Report Exhibit 18.6.2 (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 6 Mar. 10, 2015 - July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 547 | | None | Cox Expert Report Exhibit 18.7(a) (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 7 Aug. 12, 2014 - July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 548 | | None | Cox Expert Report Exhibit 18.7(b) (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 7 Mar. 10, 2015 - July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 549 | | None | Cox Expert Report Exhibit 18.7.2(a) (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 7 Aug. 12, 2014 - July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 550 | | None | Cox Expert Report Exhibit 18.7.2(b) (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 7 Mar. 10, 2015 - July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 551 | | None | Cox Expert Report Exhibit 18.8 (Updated) AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 8 August 12, 2014 - July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 552 | | None | Cox Expert Report Exhibit 18.8.2 (Updated) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 8 August 12, 2014 - July 31, 2018 | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 553 | | None | Cox Expert Report Exhibit 22 (Updated) Damage Scenarios By Hypothetical Negotiation | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 554 | | None | Cox Expert Report Exhibit 22.1 (Updated) Damage Scenarios Outside U.S. By Hypothetical Negotiation | | | U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 555 | | None | INTENTIONALLY OMITTED | | | I, U, O, NEv, H, A, LA, P, PV, Daub, C, |
| 556 | 5/19/2017 | | Claim Construction Order | | | NEv |
| 557 | 3/23/2006 | | X-ray of Bard Ports | | | A, LA. P, PV, LF |
| 558 | 6/13/2017 | | AngioDynamics, Inc.'s Twice Updated Sales Figures Disclosure Pursuant to 1(c)(3) of Scheduling Order (6/13/17) [previously listed as Exhibit 196] | | | M, P, PV, IR, LA, LF, Daub |
| 559 | | None | Q3 2018 IQVIA - PORTS | | | A, LA, PV, U |
| 560 | | None | Cox Expert Report Exhibit 12(a) AngioDynamics Power Port U.S. Dollar Sales By Product; 2007 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |

Sept. 16, 2022

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 561 | | None | Cox Expert Report Exhibit 12(b)<br>AngioDynamics U.S. Dollar Sales of Accused Power Ports By Product; September 10, 2009 - July 1, 2013 and August 12, 2014 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 562 | | None | Cox Expert Report Exhibit 12.1(a)<br>AngioDynamics Power Port Outside U.S. Dollar Sales By Product; 2007 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 563 | | None | Cox Expert Report Exhibit 12.1(b)<br>AngioDynamics Outside U.S. Dollar Sales of Accused Power Ports By Product; September 10, 2009 - July 1, 2013 and August 12, 2014 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 564 | | None | Cox Expert Report Exhibit 13(a)<br>AngioDynamics Power Port U.S. Unit Sales By Product; 2007 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 565 | | None | Cox Expert Report Exhibit 13(b)<br>AngioDynamics U.S. Unit Sales of Accused Power Ports By Product; September 10, 2009 - July 1, 2013 and August 12, 2014 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 566 | | None | Cox Expert Report Exhibit 13.1(a)<br>AngioDynamics Power Port Outside U.S. Unit Sales By Product; 2007 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 567 | | None | Cox Expert Report Exhibit 13.1(b) AngioDynamics Outside of U.S. Unit Sales of Accused Power Ports By Product; September 10, 2009 - July 1, 2013 and August 12, 2014 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 568 | | None | Cox Expert Report Exhibit 18.1(a)<br>AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 1; September 10, 2009 - July 1, 2013; August 12, 2014-May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 569 | | None | Cox Expert Report Exhibit 18.1(b)<br>AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 2; Sept. 10, 2009 - July 1, 2013; March 10, 2015-May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 570 | | None | Cox Expert Report Exhibit 18.2<br>AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 2; September 10, 2009 - July 1, 2013 and August 12, 2014 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 571 | | None | Cox Expert Report Exhibit 18.3<br>AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 3; September 10, 2009 - July 1, 2013 and March 10, 2015 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 572 | | None | Cox Expert Report Exhibit 18.4(a)<br>AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 4; August 12, 2014 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 573 | | None | Cox Expert Report Exhibit 18.4(b)<br>AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 4; March 10, 2015 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 574 | | None | Cox Expert Report Exhibit 18.5<br>AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 5; August 12, 2014 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 575 | | None | Cox Expert Report Exhibit 18.6<br>AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 6; March 10, 2015 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 576 | | None | Cox Expert Report Exhibit 18.7(a)<br>AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 7; August 12, 2014 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 577 | | None | Cox Expert Report Exhibit 18.7(b)<br>AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 7; March 10, 2015 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 578 | | None | Cox Expert Report Exhibit 18.8 AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 8; August 12, 2014 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 579 | | None | Cox Expert Report Exhibit 18.1.2(a) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 1; September 10, 2009 - July 1, 2013 and August 12, 2014 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 580 | | None | Cox Expert Report Exhibit 18.1.2(b) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 2; September 10, 2009 - July 1, 2013 and March 10, 2015 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 581 | | None | Cox Expert Report Exhibit 18.2.2 AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 2; September 10, 2009 - July 1, 2013 and August 12, 2014 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 582 | | None | Cox Expert Report Exhibit 18.3.2 AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 3; September 10, 2009 - July 1, 2013 and March 10, 2015 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 583 | | None | Cox Expert Report Exhibit 18.4.2(a) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 4; August 12, 2014 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 584 | | None | Cox Expert Report Exhibit 18.4.2(b) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 4; March 10, 2015 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 585 | | None | Cox Expert Report Exhibit 18.5.2 AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 5; August 12, 2014 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 586 | | None | Cox Expert Report Exhibit 18.6.2 AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 6; March 10, 2015 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 587 | | None | Cox Expert Report Exhibit 18.7.2(a) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 7; August 12, 2014 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 588 | | None | Cox Expert Report Exhibit 18.7.2(b) AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 7; March 10, 2015 - May 31, 2017 | | | U, O, NEv, H, A, LA, P, PV, C, |
| 589 | | None | Cox Expert Report Exhibit 18.8.2 AngioDynamics Power Port Outside U.S. Sales Royalty Damages By Product - Scenario 8; August 12, 2014 - May 31, 2017 | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 590 | | None | Cox Expert Report Exhibit 22 Damage Scenarios By Hypothetical Negotiation | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 591 | | None | Cox Expert Report Exhibit 22.1 Damage Scenarios By Hypothetical Negotiation | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 592 | | None | Cox Expert Report Exhibit 12(a) with Projections AngioDynamics Power Port U.S. Dollar Sales By Product; 2007 - February 28, 2019 | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 593 | | None | Cox Expert Report Exhibit 13(a) with Projections AngioDynamics Power Port U.S. Unit Sales By Product; 2007 - February 28, 2019 | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 594 | | None | Cox Expert Report Exhibit 12(b) with Projections AngioDynamics U.S. Dollar Sales of Accused Power Ports By Product; September 10, 2009 - July 1, 2013 and August 12, 2014 - February 28, 2019 | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 595 | | None | Cox Expert Report Exhibit 13(b) with Projections AngioDynamics U.S. Unit Sales of Accused Power Ports By Product; September 10, 2009 - July 1, 2013 and August 12, 2014 - February 28, 2019 | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 596 | | None | Cox Expert Report Exhibit 18.1(a) with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 1; September 10, 2009 - July 1, 2013 and August 12, 2014 - February 28, 2019 | | | I, U, O, NEv, H, A, LA, P, PV, C, |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 597 | | None | Cox Expert Report Exhibit 18.1(b) with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 2; September 10, 2009 - July 1, 2013 and March 10, 2015 - February 28, 2019 | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 598 | | None | Cox Expert Report Exhibit 18.2 with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 2; September 10, 2009 - July 1, 2013 and August 12, 2014 - February 28, 2019 | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 599 | | None | Cox Expert Report Exhibit 18.3 with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 3; September 10, 2009 - July 1, 2013 and March 10, 2015 - February 28, 2019 | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 600 | | None | Cox Expert Report Exhibit 18.4(a) with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 4; August 12, 2014 - February 28, 2019 | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 601 | | None | Cox Expert Report Exhibit 18.4(b) with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 4; March 10, 2015 - February 28, 2019 | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 602 | | None | Cox Expert Report Exhibit 18.5 with Projections Exhibit 18.5 with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 5; August 12, 2014 - February 28, 2019 | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 603 | | None | Cox Expert Report Exhibit 18.6 with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 6; March 10, 2015 - February 28, 2019 | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 604 | | None | Cox Expert Report Exhibit 18.7(a) with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 7; August 12, 2014 - February 28, 2019 | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 605 | | None | Cox Expert Report Exhibit 18.7(b) with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 7; March 10, 2015 - February 28, 2019 | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 606 | | None | Cox Expert Report Exhibit 18.8 with Projections AngioDynamics Power Port U.S. Sales Royalty Damages By Product - Scenario 8; August 12, 2014 - February 28, 2019 | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 607 | | None | Cox Expert Report Exhibit 22 with Projections Damage Scenarios By Hypothetical Negotiation | | | I, U, O, NEv, H, A, LA, P, PV, C, |
| 608 | 7/12/2017 | BARD_AD_2307319 - BARD_AD_2307321 | Patent Assignment Agreement between C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. | | | LA |
| 609 | 3/7/2019 | | Stipulation | | | NEv, LA, P, PV, U, M, LF, MH, Daub, ML, C, IR |
| 610 | | AD_BARD_ONE_00007835 | AngioDynamics Port Sales Data by Product Q1 2018 - Q4 2021 | | | NEv, H, A, U, LA, P, PV, Daub, C, O |
| 611 | | DELANGIO_00539137 | AngioDynamics Port Sales Data by Product through YTD 2022 | | | NEv, H, A, U, LA, P, PV, Daub, C, O |
| 612 | | BARD_AD_2356967 | Bard/BD Port Sales Data by Product 2017 - YTD 2022 | | | NEv, H, A, U, LA, P, PV, Daub, C, O |
| 613 | 3/25/2022 | | Email from D. Cole RE: C.R. Bard, Inc. v. AngioDynamics, Inc. (15-218-JFB) | | | NEv, H, MH, A, U, LA, P, PV, Daub, C, O, IR |
| 614 | | N/A | Cox Updated Exhibit 1 - Bard Power Port U.S. Dollar Sales By Product 2006 - YTD 2022 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 615 | | N/A | Cox Updated Exhibit 2 - Bard Power Port U.S. Unit Sales By Product 2006 - YTD 2022 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 616 | | N/A | Cox Updated Exhibit 7 - Bard Power Port U.S. Gross Profit per Unit By Product 2006 - YTD 2022 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 617 | | N/A | Cox Updated Exhibit 12 - AngioDynamics Power Port U.S. Dollar Sales By Product 2007 - YTD 2022 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 618 | | N/A | Cox Updated Exhibit 12.1 - AngioDynamics Power Port Outside U.S. Dollar Sales By Product 2007 - YTD 2022 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 619 | | N/A | Cox Updated Exhibit 13 - AngioDynamics Power Port U.S. Unit Sales By Product 2007 - YTD 2022 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 620 | | N/A | Cox Updated Exhibit 13.1 - AngioDynamics Power Port Outside U.S. Unit Sales By Product 2007 - YTD 2022 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 621 | | N/A | Cox Updated Exhibit 14 - AngioDynamics Power Port U.S. Average Sale Price By Product 2007 - YTD 2022 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 622 | | N/A | Cox Updated Exhibit 14.1 - AngioDynamics Power Port Outside U.S. Average Sale Price By Product 2007 - YTD 2022 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 623 | | N/A | Cox Updated Exhibit 15 - AngioDynamics Power Port U.S. Gross Margin By Product 2007 - YTD 2022 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |

Bard Peripheral Vascular, Inc.
v.
AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Plaintiff's Trial Exhibit List with Defendant's Objections

Sept. 16, 2022

| Trial Ex. No. | Date | Bates Range | Description | Deponent | Depo No. | AngioDynamics Objections |
|---|---|---|---|---|---|---|
| 624 | | N/A | Cox Updated Exhibit 15.1 - AngioDynamics Power Port Outside U.S. Gross Margin By Product 2007 - YTD 2022 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 625 | | N/A | Cox Updated Exhibit 16 - AngioDynamics Power Port U.S. Gross Profit per Unit By Product 2007 - YTD 2022 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 626 | | N/A | Cox Updated Exhibit 16.1 - AngioDynamics Power Port Outside U.S. Gross Profit per Unit By Product 2007 - YTD 2022 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 627 | 4/7/2022 | N/A | Cox Updated Exhibits 18.1 to 18.8.2 - Royalty Damages by Product through May 2021 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 628 | | N/A | Cox Updated Exhibits 18.1 to 18.8.2 - Royalty Damages by Product through YTD 2022 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 629 | 4/7/2022 | N/A | Cox Updated Exhibits 22 and 22.1 - Damages Scenarios for AngioDynamics by Hypothetical Negotiation through May 2021 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 630 | | N/A | Cox Updated Exhibits 22 and 22.1 - Damages Scenarios for AngioDynamics by Hypothetical Negotiation through YTD 2022 | | | I, U, O, NEv, H, A, LA, P, PV, C, Z, ML |
| 631 | | N/A | Recorded April 2009 Patent Assignment between inventors Kelly B. Powers, Jim C. Beasley, Kevin W. Sheetz, Matthew M. Lowe, Eddie K. Burnside and Jay Gerondale and C.R. Bard regarding the ''417 Patent | | | IR, LA, P, PV, LF, Daub, U, MH, A, NEv |
| 632 | | N/A | Recorded July 2006 Patent Assignment between inventors Kelly B. Powers and Jim C. Beasley and C.R. Bard regarding the ''460 Patent | | | IR, LA, P, PV, LF, Daub, U, MH, A, NEv |
| 633 | | N/A | Recorded April 2009 Patent Assignment between inventors Kelly B. Powers, Jim C. Beasley, Kevin W. Sheetz, Jay Gerondale and Guy Rome and C.R. Bard regarding the ''478 Patent | | | IR, LA, P, PV, LF, Daub, U, MH, A, NEv |
| 634 | 9/10/2008 | BARD_AD_0320951-BARD_AD_0320953 | PowerPort MRI device Post Launch Design Review memorandum from Annemarie Boswell to PowerPort device and PowerLoc system Post Launch. | | | U, O, NEv, H, A, LA, P, PV, C, Z, H, MH, IR, LF |
| 635 | 2/7/2008 | BARD_AD_0566443-BARD_AD_0566445 | February Field Update from Lisa Ung to The Port Development Team | | | U, O, NEv, H, A, LA, P, PV, C, Z, H, MH, IR, LF |
| 636 | 4/15/2009 | DELANGIO_00158207-DELANGIO_00158222 | Smart Port Value Analysis Presentation | | | U, O, NEv, H, A, LA, P, PV, C, Z, H, MH, IR, LF |

EXHIBIT 7

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 1 | | INTENTIONALLY OMITTED | | | | | |
| 2 | | INTENTIONALLY OMITTED | | | | | |
| 3 | 2004 | Tom Beggs Surveys | BARD_AD_0012558 | BARD_AD_0019177 | | | |
| 4 | N/A | Beggs Survey | BARD_AD_0012559 | BARD_AD_0012560 | | | |
| 5 | 2004 | Power Injectable Port CT Technologist Survey Fall 2004 | BARD_AD_0012569 | BARD_AD_0012570 | Boswell 5/26/17 | 12 | |
| 6 | 2004 | Power Injectable Port CT Technologist Survey Fall 2004 | BARD_AD_0012658 | BARD_AD_0012659 | Boswell 5/26/17 | 18 | |
| 7 | 2004 | Power Injectable Port CT Technologist Survey Fall 2004 | BARD_AD_0012702 | BARD_AD_0012704 | Boswell 5/26/17 | 17 | |
| 8 | 2004 | Power Injectable Port CT Technologist Survey Fall 2004 | BARD_AD_0012719 | BARD_AD_0012720 | Boswell 5/26/17 | 19 | |
| 9 | 2004 | Power Injectable Port CT Technologist Survey Fall 2004 | BARD_AD_0012749 | BARD_AD_0012750 | Boswell 5/26/17 | 20 | |
| 10 | 2004 | Power Injectable Port CT Technologist Survey Fall 2004 | BARD_AD_0012787 | BARD_AD_0012788 | Boswell 5/26/17 | 21 | |
| 11 | 2004 | Power Injectable Port CT Technologist Survey Fall 2004 | BARD_AD_0012813 | BARD_AD_0012815 | Boswell 5/26/17; Johnson 1/31/18 | 13 2017 | |
| 12 | 2004 | Power Injectable Port Oncology Nurse Survey Fall 2004 | BARD_AD_0012836 | BARD_AD_0012837 | Boswell 5/26/17 | 15 | |
| 13 | 2004 | Tom Beggs Surveys NDAs | BARD_AD_0013653 | BARD_AD_0013808 | | | |
| 14 | 2005 | Power PowerLoc Label Design Validation CT Technologists Fall 2005 | BARD_AD_0015465 | BARD_AD_0015466 | Boswell 5/26/17 | 16 | |
| 15 | N/A | Screener Survey | BARD_AD_0015693 | BARD_AD_0015694 | Boswell 5/26/17 | 14 | |
| 16 | 2005 | Power Injectable Infusion Port Collateral Material Design Validation Port Nurse Fall 2005 | BARD_AD_0016031 | BARD_AD_0016033 | Boswell 5/26/17 | 22 | |
| 17 | 9/1/2017 | Xcela Power Injectable Ports brochure Clark Expert Report Exhibit Q | BARD_AD_0019225 | BARD_AD_0019227 | | | |
| 18 | 2013 | BioFlo Power Injectable Ports with Endexo and PASV Valve Technology Power Injection Guidelines Clark Expert Report Exhibit CC | BARD_AD_0019228 | BARD_AD_0019228 | Chartrand 6/6/17 | 157 | |
| 19 | 3/24/2005 | Kelly Powers memo re: TTR Summary for March 16 & 21, 2005 | BARD_AD_0020085 | BARD_AD_0020092 | | | |
| 20 | 8/23/2004 | Kelly Powers memo re: TTR Summary for August 4 & 5, 2004 | BARD_AD_0020561 | BARD_AD_0020572 | | | |
| 21 | 6/5/2005 | PowerPort Design Input Summary Report | BARD_AD_0020808 | BARD_AD_0021366 | Scott 10/24/17; Sheetz 6/5/17 | 3 12 | |
| 22 | 2006 | PowerPort Design Input Summary Report | BARD_AD_0022954 | BARD_AD_0023090 | Gregoire 5/31/17 | 11 | |
| 23 | 2007 | Approvals for NPOA - 57088 - Plastic PowerPort | BARD_AD_0023143 | BARD_AD_0023250 | Hibdon 6/23/17 | 9 | |
| 24 | 2005 | PowerPort POA - 56636 | BARD_AD_0025518 | BARD_AD_0025599 | Hibdon 6/23/17; Scott 10/24/17; Sheetz 6/5/17 | 3 6 13 | |
| 25 | 3/14/2007 | Plastic PowerPort Design Validation Protocol Approval Sheet | BARD_AD_0025682 | BARD_AD_0025792 | Hibdon 6/23/17 | 11 | |
| 26 | 9/12/2005 | Matt Lowe memo re: Rationale for approving STD for manufacture of Titanium PowerPorts | BARD_AD_0033623 | BARD_AD_0033679 | | | |
| 27 | | INTENTIONALLY OMITTED | | | | | |
| 28 | N/A | Design History File Record DHFR-253.2 | BARD_AD_0035219 | BARD_AD_0035226 | | | |
| 29 | 10/31/2007 | Titanium PowerPort Port Design Contral Trace Matrix M193-41 | BARD_AD_0036213 | BARD_AD_0036256 | | | |
| 30 | 2009 | Design and Development Plan PowerPort CT Engraving Qualification and Implementation | BARD_AD_0036274 | BARD_AD_0036343 | Hibdon 6/23/17 | 25 | |
| 31 | 9/23/2005 | Design Validation Protocol Titanium PowerPort | BARD_AD_0036401 | BARD_AD_0036414 | Scott 10/24/17 | 4 | |
| 32 | 8/28/2007 | Titanium Power Port POA Global and Post Launch 56636 | BARD_AD_0036500 | BARD_AD_0036540 | | | |
| 33 | 6/30/2005 | Concept POA for Plastic PowerPort | BARD_AD_0036697 | BARD_AD_0036708 | | | |
| 34 | | INTENTIONALLY OMITTED | | | | | |
| 35 | 11/14/2006 | Plastic PowerPort Design Validation Protocol Approval Sheet | BARD_AD_0038680 | BARD_AD_0038697 | Hibdon 6/23/17 | 10 | |
| 36 | 1/20/2005 | Kevin Sheetz memo re: Memo number 193-B Technology gap assessment for the Power Port project | BARD_AD_0039463 | BARD_AD_0039463 | Sheetz 6/5/17 | 18 | |
| 37 | 6/11/2007 | PowerPort isp Design Validation Protocol | BARD_AD_0039697 | BARD_AD_0039718 | Hibdon 6/23/17 | 17 | |
| 38 | 10/5/2005 | Design Validation Protocol Titanium PowerPort | BARD_AD_0045982 | BARD_AD_0046004 | Sheetz 6/5/17 | 19 | |
| 39 | 7/18/2006 | John Zawacki and Annemarie Boswell memo re: Design Validation Report; Titanium Power Port | BARD_AD_0046443 | BARD_AD_0046467 | | | |
| 40 | 2/7/2005 | Power Injection Port Concept Report | BARD_AD_0047759 | BARD_AD_0047848 | Sheetz 6/5/17 | 7 | |
| 41 | 10/18/2005 | PowerPort Equivalency to the Titanium Adult Port Protocol | BARD_AD_0052765 | BARD_AD_0052797 | Sheetz 6/5/17 | 17 | |
| 42 | 6/16/2005 | Kevin Sheetz memo re: Adult Titanium Port Reservoir dimensional investigation | BARD_AD_0053712 | BARD_AD_0053723 | Hibdon 6/23/17 | 5 | |
| 43 | 1/4/2005 | Esther McNeal Memo re: Power Injection Testing M193-6 | BARD_AD_0053724 | BARD_AD_0053725 | | | |
| 44 | | INTENTIONALLY OMITTED | | | | | |
| 45 | 12/9/2004 | Ports in OR 2004: Focus Group Report - ACS Annual Meeting October 2004 | BARD_AD_0056181 | BARD_AD_0056231 | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 46 | 2004 | Power Port Design Input Survey Fall ONS 2004 | BARD_AD_0056670 | BARD_AD_0056831 | | | |
| 47 | 2005 | Power Port Identification Survey: CT Techs, RNs and Physicians Spring 2005 | BARD_AD_0056832 | BARD_AD_0056885 | | | |
| 48 | Dec-96 | Do It By Design, by Dick Sawyer | BARD_AD_0057234 | BARD_AD_0057288 | | | |
| 49 | 2005 | Beggs Fall 2005 Report: Power Port Design Input Survey | BARD_AD_0057844 | BARD_AD_0057878 | Powers 6/8/17 | 17 | |
| 50 | 2005 | Infusion Ports ACS 2005 | BARD_AD_0058336 | BARD_AD_0058459 | | | |
| 51 | 2005 | Beggs Power Injectable Port Design Validation: Blinded interviews and booth intercept interviews ONS 2005 | BARD_AD_0058653 | BARD_AD_0058714 | | | |
| 52 | 2005 | Pre-IDE Submission for Titanium PowerPort | BARD_AD_0061754 | BARD_AD_0061819 | | | |
| 53 | 3/22/2006 | Pre-IDE for Power Injectable Port System | BARD_AD_0062218 | BARD_AD_0062312 | | | |
| 54 | N/A | PowerPort / PowerLoc Vascular Access System Quick Reference Guide Launch Packet M193-50 | BARD_AD_0063663 | BARD_AD_0063681 | | | |
| 55 | 9/29/2006 | Kimberly Geisler letter re: PowerPort System Application for CE Mark | BARD_AD_0064343 | BARD_AD_0064385 | Scott 10/24/17 | 13 | |
| 56 | N/A | Manual on Contrast Media: Injection of Contrast Media | BARD_AD_0067743 | BARD_AD_0067747 | | | |
| 57 | | INTENTIONALLY OMITTED | | | | | |
| 58 | 3/22/2006 | Pre-IDE for Power Injectable Port System | BARD_AD_0089418 | BARD_AD_0089510 | | | |
| 59 | 11/2/2010 | K101432 PowerPort Implantable Port 510k | BARD_AD_0108367 | BARD_AD_0108931 | Scott 10/24/17 | 21 | |
| 60 | N/A | PowerPort IFU | BARD_AD_0109260 | BARD_AD_0109261 | | | |
| 61 | 11/15/2012 | Power Port ClearVUE Slim Port 510k K122899 | BARD_AD_0109749 | BARD_AD_0110408 | | | |
| 62 | N/A | Education Efforts | BARD_AD_0133143 | BARD_AD_0133148 | | | |
| 63 | 5/31/2005 | Base, TI PowerPort spec sheet | BARD_AD_0142214 | BARD_AD_0142215 | | | |
| 64 | 8/24/2005 | CAP, MRI PowerPort spec sheet | BARD_AD_0142274 | BARD_AD_0142275 | | | |
| 65 | 6/2/2005 | CAP, TI PowerPort spec sheet | BARD_AD_0144344 | BARD_AD_0144345 | | | |
| 66 | | INTENTIONALLY OMITTED | | | | | |
| 67 | | INTENTIONALLY OMITTED | | | | | |
| 68 | | INTENTIONALLY OMITTED | | | | | |
| 69 | | INTENTIONALLY OMITTED | | | | | |
| 70 | | INTENTIONALLY OMITTED | | | | | |
| 71 | | INTENTIONALLY OMITTED | | | | | |
| 72 | 5/9/2005 | Annemarie Boswell / John Evans memo re: Spring ONS Conference (& day with Sarah Terrell in Jacksonville, FL) | BARD_AD_0202298 | BARD_AD_0202300 | | | |
| 73 | | INTENTIONALLY OMITTED | | | | | |
| 74 | 8/1/2005 | Elizabeth Richardson Lab Notebook | BARD_AD_0290408 | BARD_AD_0290428 | Hibdon 6/23/17; Powers 6/9/17; Sheetz 6/5/17 | 13 28 27 | |
| 75 | 11/14/2006 | Dwight Hibdon Lab Notebook | BARD_AD_0290686 | BARD_AD_0290693 | Hibdon 6/23/17 | 47 | |
| 76 | 8/12/2005 | PowerPort Project Input | BARD_AD_0300830 | BARD_AD_0300838 | Boswell 5/26/17 | 6 | |
| 77 | 2003 | Ports Brochure | BARD_AD_0301264 | BARD_AD_0301280 | Boswell 5/26/17; Herron 10/5/17 | 2 35 | |
| 78 | 10/25/2005 | Annemarie Boswell memo re: ACS and Power Port Design Validation Northern CA | BARD_AD_0304402 | BARD_AD_0304406 | | | |
| 79 | 6/3/2005 | PowerPort Project Summary, by Zawacki and Boswell | BARD_AD_0305387 | BARD_AD_0305422 | Boswell 5/26/17 | 5 | |
| 80 | 5/3/2005 | Annemarie Boswell memo re: Spring ONS Conference | BARD_AD_0305443 | BARD_AD_0305444 | Boswell 5/26/17 | 39 | |
| 81 | May-92 | Saftey Considerations in the Power Injection of Contrast Media Via Central Venous Catheters during Computed Tomographic Examinations, by Carlson et al. | BARD_AD_0305686 | BARD_AD_0305690 | | | |
| 82 | 2005 | Power Port POA 56636 | BARD_AD_0305711 | BARD_AD_0305738 | | | |
| 83 | 2/9/2007 | PowerPort Design Validation Report | BARD_AD_0306632 | BARD_AD_0306660 | Boswell 5/26/17 | 9 | |
| 84 | 7/6/2004 | David Jansen memo re: June Marketing Monthly Report | BARD_AD_0306664 | BARD_AD_0306685 | | | |
| 85 | 8/2/2004 | David Jansen memo re: Marketing - July Monthly Report | BARD_AD_0306687 | BARD_AD_0306692 | Beasley 5/25/17 | 4 | |
| 86 | May-04 | Andrew Robertson and Resham Shah memo re: marketing | BARD_AD_0306723 | BARD_AD_0306725 | | | |
| 87 | 1/29/2014 | Annemarie Boswell email re: Urgently need a competitive sample of Vaxcel Port with PASV | BARD_AD_0308579 | BARD_AD_0308582 | | | |
| 88 | N/A | breakdown training presentation Part III PowerPort Playbook Selling | BARD_AD_0309626 | BARD_AD_0309626 | | | |
| 89 | N/A | Intl PowerPort Slim Training Presentation | BARD_AD_0309631 | BARD_AD_0309631 | | | |
| 90 | 4/16/2007 | Annemarie Boswell email re: Best Practice : PowerPort/PowerLoc In-Service Tips | BARD_AD_0309695 | BARD_AD_0309696 | | | |
| 91 | 3/27/2008 | Annemarie Boswell email re: Angio-D | BARD_AD_0310098 | BARD_AD_0310099 | | | |
| 92 | 2/2/2005 | Annemarie Boswell email re: Port evaluation | BARD_AD_0310544 | BARD_AD_0310547 | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 93 | 10/24/2006 | Annemarie Boswell memo re: Ports Significant Events -- October 2006 | BARD_AD_0310795 | BARD_AD_0310800 | | | |
| 94 | | INTENTIONALLY OMITTED | | | | | |
| 95 | 3/15/2007 | PowerPort Duo Market Research Scope and Results | BARD_AD_0311477 | BARD_AD_0311548 | | | |
| 96 | 8/2/2007 | Annemarie Boswell email re: MedComp Competitive Testing | BARD_AD_0312268 | BARD_AD_0312269 | | | |
| 97 | May-15 | Asia Product Training Powerpoint: Implantable Ports Product Sales Training | BARD_AD_0312337 | BARD_AD_0312337 | | | |
| 98 | 10/27/2011 | Annemarie Boswell email re: Competitive Information - Navilyst Bioflo PICCs | BARD_AD_0312846 | BARD_AD_0312849 | | | |
| 99 | N/A | Annemarie Boswell PowerPort and PowerLoc System presentation | BARD_AD_0314050 | BARD_AD_0314050 | | | |
| 100 | 6/9/2009 | Annemarie Boswell email re: conference call | BARD_AD_0314156 | BARD_AD_0314158 | | | |
| 101 | 3/12/2009 | Annemarie Boswell email re: Navilyst CT identifier | BARD_AD_0314850 | BARD_AD_0314850 | | | |
| 102 | 5/16/2008 | Matt Draper memo re: B Braun Celsite Power Injectable Ports | BARD_AD_0315576 | BARD_AD_0315577 | Hibdon 6/23/17 | 26 | |
| 103 | 3/3/2005 | Annemarie Boswell and John Zawacki memo re: Port Access Advantage | BARD_AD_0316052 | BARD_AD_0316053 | | | |
| 104 | | INTENTIONALLY OMITTED | | | | | |
| 105 | N/A | Cost spreadsheet | BARD_AD_0319878 | BARD_AD_0319878 | Hammond 5/24/17 | 4 | |
| 106 | | INTENTIONALLY OMITTED | | | | | |
| 107 | 3/18/2009 | Annemarie Boswell email re: Navilyst CT identifier | BARD_AD_0333743 | BARD_AD_0333745 | | | |
| 108 | 2006 | PowerPort Nursing Guide | BARD_AD_0334176 | BARD_AD_0334203 | | | |
| 109 | 6/6/2007 | Annemarie Boswell email re: AngioDynamics | BARD_AD_0334256 | BARD_AD_0334258 | Boswell 5/26/17 | 33 | |
| 110 | 2007 | When in doubt PowerPort Ad | BARD_AD_0334598 | BARD_AD_0334598 | | | |
| 111 | 9/10/2009 | Annemarie Boswell email re: Non-coring needle/port testing Webpage | BARD_AD_0340543 | BARD_AD_0340546 | Herron 10/5/17 | 5 | |
| 112 | 5/14/2007 | Annemarie Boswell email re: Smartport vs. MRI PowerPort dimensions | BARD_AD_0340629 | BARD_AD_0340630 | Sheetz 6/5/17 | 39 | |
| 113 | | INTENTIONALLY OMITTED | | | | | |
| 114 | 8/26/2009 | Annemarie Boswell email re: AngioD CT Port | BARD_AD_0342193 | BARD_AD_0342194 | | | |
| 115 | 6/18/2008 | Annemarie Boswell email re: Bard vascular access | BARD_AD_0344583 | BARD_AD_0344584 | | | |
| 116 | 9/19/2006 | Annemarie Boswell email re: Vortex Power port? | BARD_AD_0345867 | BARD_AD_0345867 | Boswell 5/26/17 | 30 | |
| 117 | 8/5/2008 | Annemarie Boswell email re: Port Competitive Product - Bounty | BARD_AD_0346227 | BARD_AD_0346229 | | | |
| 118 | 4/9/2014 | Annemarie Boswell email re: How to see against Vortex | BARD_AD_0353405 | BARD_AD_0353409 | | | |
| 119 | 3/26/2009 | Annemarie Boswell email re: Port Category Codes and Descriptions: MR Conditional Redlines | BARD_AD_0353810 | BARD_AD_0353812 | Herron 10/5/17 | 6 | |
| 120 | 6/9/2009 | Annemarie Boswell email re: conference call: Navilyst sample | BARD_AD_0357054 | BARD_AD_0357056 | | | |
| 121 | 9/24/2008 | Annemarie Boswell email re: Angio-D Updates | BARD_AD_0357223 | BARD_AD_0357224 | | | |
| 122 | 10/4/2007 | Annemarie Boswell email re: Angio D | BARD_AD_0367191 | BARD_AD_0367192 | Boswell 5/26/17 | 32 | |
| 123 | 8/30/2016 | Annemarie Boswell email re: Sick Leave | BARD_AD_0378547 | BARD_AD_0378549 | | | |
| 124 | N/A | UHS Port Powerpoint: Implantable Port Product Review Prepared for UHS Webinar | BARD_AD_0378560 | | | | |
| 125 | 9/25/2006 | Annemarie Boswell email re: Boston Sci - Power Ports | BARD_AD_0380279 | BARD_AD_0380280 | | | |
| 126 | N/A | Boston Scientific presentation on Power Injected Contrast Enhanced CT Scans | BARD_AD_0380281 | BARD_AD_0380290 | | | |
| 127 | 11/24/2008 | Annemarie Boswell email re: Ango D | BARD_AD_0404615 | BARD_AD_0404616 | | | |
| 128 | 8/31/2009 | Annemarie Boswell email re: Angio-D Update | BARD_AD_0405634 | BARD_AD_0405636 | | | |
| 129 | N/A | Vaccess Port spreadsheet | BARD_AD_0413782 | BARD_AD_0413782 | | | |
| 130 | 9/1/2017 | PowerPort IFU Clark Expert Report Exhibit J | BARD_AD_0414353 | BARD_AD_0414364 | | | |
| 131 | 2006 | PowerPort Nursing Guide | BARD_AD_0415638 | BARD_AD_0415665 | | | |
| 132 | 2011 | Sapiens Port POA | BARD_AD_0417827 | BARD_AD_0417840 | | | |
| 133 | 3/16/2009 | Annemarie Boswell email re: Smart Port | BARD_AD_0423026 | BARD_AD_0423027 | | | |
| 134 | 8/22/2007 | Annemarie Boswell email re: Catheter Samples for the Ti PowerPort isp | BARD_AD_0429667 | BARD_AD_0429672 | | | |
| 135 | | INTENTIONALLY OMITTED | | | | | |
| 136 | 3/31/2008 | Mark Vader email re: Updated - Ports | BARD_AD_0434390 | BARD_AD_0434391 | | | |
| 137 | 2006 | PowerPort Titanium Port 510k | BARD_AD_0498418 | BARD_AD_0498816 | Scott 10/24/17 | 7 | |
| 138 | 8/14/2008 | Kelly Christian email re: Product Sales | BARD_AD_0500747 | BARD_AD_0500748 | | | |
| 139 | 8/14/2008 | JoAnn Olsen email re: Product Idea | BARD_AD_0504376 | BARD_AD_0504377 | | | |
| 140 | 4/26/2010 | Kelly Powers email re: Plasma Pheresis | BARD_AD_0505983 | BARD_AD_0505985 | | | |
| 141 | 9/1/2017 | PowerPort and Power Loc Guide for CT Technologists Clark Expert Report Exhibit I | BARD_AD_0506807 | BARD_AD_0506807 | | | |
| 142 | 2/15/2012 | Simon Campion email re: Navilyst BioFlo PICC w/ Endexo Technology | BARD_AD_0506849 | BARD_AD_0506850 | Acuna 6/9/17 | 7 | |
| 143 | 12/3/2007 | Rick Gaykowski email re: CE PowerPICC Update | BARD_AD_0507606 | BARD_AD_0507610 | | | |
| 144 | 5/21/2008 | Mike Curtis email re: Key Project Update - Power Loc Clear | BARD_AD_0509687 | BARD_AD_0509689 | | | |
| 145 | 11/3/2008 | Chad Modra email re: Groshong Port in Japan | BARD_AD_0509962 | BARD_AD_0509963 | | | |

Case 1:15-cv-00218-JFB-SRF   Document 535-1   Filed 09/23/22   Page 246 of 406 PageID #:
30194

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 146 | 8/3/2005 | Titanium X-Port isp Project Summary | BARD_AD_0516596 | BARD_AD_0516607 | Boswell 5/26/17 | 10 | |
| 147 | 2014 | LA Product Training Powerpoint: Ports Sales Training Module | BARD_AD_0521479 | | | | |
| 148 | 8/1/2007 | Annemarie Boswell email re: Power Symbol letters | BARD_AD_0527671 | BARD_AD_0527672 | Scott 10/24/17 | 26 | |
| 149 | N/A | Port & Port Needle Sets Product Catalogue | BARD_AD_0536306 | BARD_AD_0536373 | Herron 10/5/17 | 19 | |
| 150 | 2012 | BPV National Sales Meeting | BARD_AD_0541951 | | | | |
| 151 | 12/2/2014 | Annemarie Boswell email re: Smooth Catheter Information: POA needed | BARD_AD_0544744 | BARD_AD_0544748 | Acuna 6/9/17 | 11 | |
| 152 | 6/3/2008 | Annemarie Boswell email re: PowerPort due Web page | BARD_AD_0547819 | BARD_AD_0547819 | Herron 10/5/17 | 7 | |
| 153 | | INTENTIONALLY OMITTED | | | | | |
| 154 | 12/22/2009 | Annemarie Boswell email re: Vaccess CT Port : Stealth Launch | BARD_AD_0553568 | BARD_AD_0553568 | Boswell 5/26/17 | 38 | |
| 155 | 5/12/2009 | Jodie Noyce, Annemarie Boswell, and Matt Draper memo re: Oncology Nursing Society (ONS) Convention April 30-May 2, 2009 | BARD_AD_0556124 | BARD_AD_0556125 | | | |
| 156 | 6/21/2005 | Zawacki and Boswell PowerPort Project summary | BARD_AD_0557147 | BARD_AD_0557198 | | | |
| 157 | 12/12/2006 | Annemarie Boswell email re: off-label promotion of RITA's Power-Vortex port | BARD_AD_0557770 | BARD_AD_0557771 | | | |
| 158 | 7/18/2006 | PowerPort Design Validation Report R57085 | BARD_AD_0560286 | BARD_AD_0560310 | | | |
| 159 | 4/16/2008 | Annemarie Boswell email re: Veins For Life - Website Domain for Sale - Limit Price? | BARD_AD_0570948 | BARD_AD_0570951 | Herron 10/5/17 | 4 | |
| 160 | 4/29/2015 | Annemarie Boswell email re: Vortex ports and aperesis | BARD_AD_0574125 | BARD_AD_0574127 | Acuna 6/9/17 | 19 | |
| 161 | 7/30/2007 | Annemarie Boswell email re: PowerPort isp status | BARD_AD_0574158 | BARD_AD_0574159 | Hibdon 6/23/17 | 15 | |
| 162 | 5/21/2008 | Annemarie Boswell email re: Washington Hosp-AngioDynamics SmartPort CT port / needles | BARD_AD_0575564 | BARD_AD_0575565 | | | |
| 163 | 2001 | Assessing the Adequacy of Peripherally Inserted Central Catheters for Power Injection of Intravenous Contrast Agents for CT, by Williamson and McKinney | BARD_AD_0579934 | BARD_AD_0579939 | | | |
| 164 | | INTENTIONALLY OMITTED | | | | | |
| 165 | 2004 | Power Injection Through Central Venous Catheters: Phsyiologic and Hemodynamic Considerations, by Robert Vogelzang | BARD_AD_0583968 | BARD_AD_0583970 | Vogelzang 1/18/17 | 12 | |
| 166 | 4/5/2006 | Annemarie Boswell email re: Rita Medical Products | BARD_AD_0605410 | BARD_AD_0605410 | Boswell 5/26/17 | 27 | |
| 167 | 2006 | RITA brochure | BARD_AD_0605411 | BARD_AD_0605412 | | | |
| 168 | N/A | Titanium X-Port isp Port Design Input Summary Report | BARD_AD_0612059 | BARD_AD_0612069 | | | |
| 169 | 2/7/2014 | Bryan Nishimoto email re: Clear Vue and Slim | BARD_AD_0614085 | BARD_AD_0614088 | Acuna 6/9/17 | 15 | |
| 170 | 2012 | PowerPort Launch Manual | BARD_AD_0614091 | BARD_AD_0614132 | Acuna 6/9/17 | 14 | |
| 171 | 4/11/2006 | Annemarie Boswell email re: Rita Medical Products | BARD_AD_0636770 | BARD_AD_0636771 | Boswell 5/26/17; Hibdon 6/23/17 | 31 28 | |
| 172 | 9/21/2006 | Annemarie Boswell email re: PowerPort/PowerLoc System Pointer: PowerPort/PowerLoc system FDA indicated | BARD_AD_0637538 | BARD_AD_0637539 | Boswell 5/26/17 | 28 | |
| 173 | 11/6/2006 | Annemarie Boswell email re: Cheap imitation of power injectable Port | BARD_AD_0645227 | BARD_AD_0645228 | Hibdon 6/23/17; Scott 10/24/17 | 33 17 | |
| 174 | 9/15/2006 | RITA patient ID card | BARD_AD_0645229 | BARD_AD_0645229 | | | |
| 175 | N/A | Power Port Design Input Survey | BARD_AD_0647162 | BARD_AD_0647200 | | | |
| 176 | N/A | Low Artifact Power Port Implantable Port Idea POA | BARD_AD_0650465 | BARD_AD_0650472 | | | |
| 177 | 2012 | PowerPort ClearVue Brochure Clark Expert Report Exhibit L | BARD_AD_0669345 | BARD_AD_0669346 | Herron 10/5/17; Vogelzang 12/13/17 | 21 603 | |
| 178 | N/A | Custom Kits Idea POA | BARD_AD_0670843 | BARD_AD_0670849 | Acuna 6/9/17 | 22 | |
| 179 | N/A | Port Market Cheat Sheet | BARD_AD_0671734 | BARD_AD_0671737 | Acuna 6/9/17 | 10 | |
| 180 | N/A | PowerPort Vue Brochure | BARD_AD_0674848 | BARD_AD_0674849 | Herron 10/5/17 | 22 | |
| 181 | 10/21/2015 | Vaccess Powerpoint: Sales Analysis: Vaccess CT | BARD_AD_0674857 | | | | |
| 182 | 2011 | BardPort, SlimPort, and X-Port IFU | BARD_AD_0681780 | BARD_AD_0681803 | | | |
| 183 | 2013 | Ports Sales Traning Module | BARD_AD_0684852 | BARD_AD_0684852 | | | |
| 184 | 2009 | PowerPort and PowerLoc CT Guide | BARD_AD_0685586 | BARD_AD_0685596 | | | |
| 185 | 2011 | 2011 Project Budget | BARD_AD_0696019 | BARD_AD_0696019 | | | |
| 186 | 2009 | Copy of Kellys 2009 Monthly BVR reclass | BARD_AD_0704018 | BARD_AD_0704018 | | | |
| 187 | 2012 | 2012 BVR Schedule- All R&D Cost Centers JGE reference copy saved August 7 AMx | BARD_AD_0718572 | BARD_AD_0718572 | | | |
| 188 | 5/11/2011 | Annemarie Boswell email re: Testing of BRAUN / Medcomp Celsite | BARD_AD_0721237 | BARD_AD_0721240 | | | |
| 189 | 5/16/2008 | Matt Draper email re: B Braun Competitive Testing | BARD_AD_0721241 | BARD_AD_0721241 | | | |
| 190 | | INTENTIONALLY OMITTED | | | | | |
| 191 | 4/20/2011 | Dwight Hibdon email re: Angio Power Loc/Life Guard testing | BARD_AD_0729246 | BARD_AD_0729248 | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 192 | 10/23/2008 | Brad Chartrand information request re: scan rates and pressures | BARD_AD_0729249 | BARD_AD_0729249 | | | |
| 193 | 7/19/2016 | Kelly Powers email re: Los Angeles-AngioD - Port Product Issue Date | BARD_AD_0733865 | BARD_AD_0733867 | | | |
| 194 | 4/7/2009 | Power-injectable Port (PIP) versus Traditional Portacath (TP): A retrospective evaluatio of the complications and effectiveness of implantable venous access devices (IVAD) | BARD_AD_0736086 | BARD_AD_0736086 | | | |
| 195 | 9/8/2014 | Bryan Nishimoto email re: "Smooth Polished" Catheter Name Brainstorm | BARD_AD_0752540 | BARD_AD_0752541 | Acuna 6/9/17 | 12 | |
| 196 | 4/28/2015 | Andrea Acuna email re: Access Technologies 2012 Catalog | BARD_AD_0758680 | BARD_AD_0758684 | | | |
| 197 | 2012 | Access Technologies 2012 Catalog | BARD_AD_0758685 | BARD_AD_0758716 | | | |
| 198 | N/A | RD Project Roll-Up v1x spreadsheet | BARD_AD_0773075 | BARD_AD_0773075 | | | |
| 199 | 2/12/2013 | Ning email re: growth opportunities with lower FCC | BARD_AD_0773669 | BARD_AD_0773680 | Hammond 5/24/17 | 25 | |
| 200 | 2016 | RD Projects 2016 Budget Overview spreadsheet | BARD_AD_0774373 | BARD_AD_0774373 | | | |
| 201 | 2014 | Port Strategy Meeting HPG-MA Port presentation | BARD_AD_0776407 | BARD_AD_0776407 | | | |
| 202 | | INTENTIONALLY OMITTED | | | | | |
| 203 | N/A | Updated Port Family Analysis 6-30 spreadsheet | BARD_AD_0779234 | BARD_AD_0779234 | | | |
| 204 | 10/16/2012 | Kimberly Hammond email re: Kenmore Mercy Hospital | BARD_AD_0780034 | BARD_AD_0780044 | Hammond 5/24/17 | 9 | |
| 205 | 10/29/2013 | James Ko email re: MP5 analysis - 10.29.13 | BARD_AD_0780635 | BARD_AD_0780638 | Ochoa 5/26/17 | 7 | |
| 206 | 9/18/2014 | Mishay Lopez email re: CPA - Cape Fear Valley Hospital | BARD_AD_0782253 | BARD_AD_0782258 | Hammond 5/24/17 | 14 | |
| 207 | 10/31/2013 | Dana Parker email re: Norton Premier UDN Angio D threat counter proposal | BARD_AD_0792267 | BARD_AD_0792269 | | | |
| 208 | | INTENTIONALLY OMITTED | | | | | |
| 209 | 10/24/2013 | Power Port TI Assymbly specs | BARD_AD_0794894 | BARD_AD_0794915 | Powers 6/8/17 | 9 | |
| 210 | | INTENTIONALLY OMITTED | | | | | |
| 211 | | INTENTIONALLY OMITTED | | | | | |
| 212 | | INTENTIONALLY OMITTED | | | | | |
| 213 | 4/21/2015 | Summer Sprouse email re: CPA Evangelical Ports | BARD_AD_0803141 | BARD_AD_0803143 | Hammond 5/24/17 | 11 | |
| 214 | 5/28/2013 | Shannon Irving email re: CPA-Washington Surgery Center | BARD_AD_0803256 | BARD_AD_0803261 | Hammond 5/24/17 | 12 | |
| 215 | 10/5/2012 | Kimberly Hammond email re: Vascular Institute of Virginia Port and Powerline CPA | BARD_AD_0808884 | BARD_AD_0808890 | | | |
| 216 | | INTENTIONALLY OMITTED | | | | | |
| 217 | 10/28/2014 | Jeff Lemaster email re: 3YP Cheat Sheets | BARD_AD_0819680 | BARD_AD_0819702 | Hammond 5/24/17 | 17 | |
| 218 | 8/18/2012 | Kimberly Hammond email re: Urgent CPA for St Jospephs [sic ], vaccess port | BARD_AD_0821294 | BARD_AD_0821304 | Hammond 5/24/17 | 13 | |
| 219 | 1/30/2003 | Base, Port, Ti, Standard Profile spec sheet | BARD_AD_0826988 | BARD_AD_0826989 | | | |
| 220 | 1/20/2010 | Base, MRI PowerPort, Shear Weld spec sheet | BARD_AD_0828089 | BARD_AD_0828091 | | | |
| 221 | | INTENTIONALLY OMITTED | | | | | |
| 222 | | INTENTIONALLY OMITTED | | | | | |
| 223 | | INTENTIONALLY OMITTED | | | | | |
| 224 | 3/5/2007 | David Blaber memo re: Sales Department - February Monthly Report | BARD_AD_0859295 | BARD_AD_0859296 | | | |
| 225 | | INTENTIONALLY OMITTED | | | | | |
| 226 | N/A | Visual Inspection of Color Anodized Titanium Parts VS5001006 | BARD_AD_0868633 | BARD_AD_0868651 | | | |
| 227 | 1996 | Power Injection of Intravenous Contrast Material through Central Venous Catheters for CT: In Vitro Evaluation, by Herts et al. | BARD_AD_0868662 | BARD_AD_0868667 | | | |
| 228 | | INTENTIONALLY OMITTED | | | | | |
| 229 | 11/14/2008 | Martha Wiley and David Cise email re: PowerPort Port "CT" Base Engraving Study | BARD_AD_0878104 | BARD_AD_0878119 | Hibdon 6/23/17 | 24 | |
| 230 | N/A | Packaging spreadsheet | BARD_AD_0887467 | BARD_AD_0887467 | | | |
| 231 | | INTENTIONALLY OMITTED | | | | | |
| 232 | | INTENTIONALLY OMITTED | | | | | |
| 233 | 3/25/2008 | David Cise and Matt Draper memo re: SIR 2008 Trip Notes | BARD_AD_0899988 | BARD_AD_0899991 | | | |
| 234 | 12/3/2014 | Brenda Fedor email re: sludge in port chambers | BARD_AD_0911371 | BARD_AD_0911372 | | | |
| 235 | 2014 | Does Sludge/Debris Exist in Today's Vascular Access Ports?, by Dalton et al | BARD_AD_0911373 | BARD_AD_0911376 | | | |
| 236 | N/A | Presentation re: Corona | BARD_AD_0921286 | BARD_AD_0921286 | | | |
| 237 | N/A | Power Port Duo MRI (Corona) Project Charter Port Team | BARD_AD_0921287 | BARD_AD_0921293 | | | |
| 238 | 3/5/2007 | Kelly Powers email re: Power Port visual | BARD_AD_0926555 | BARD_AD_0926556 | | | |
| 239 | 6/2/2009 | Dwight Hibdon email re: AngioDynamics Catheter | BARD_AD_0943157 | BARD_AD_0943159 | | | |
| 240 | | INTENTIONALLY OMITTED | | | | | |
| 241 | 2005 | Beggs Power Injectable Infusion Port Collateral Material DV Port Nurses Report Fall 2005 | BARD_AD_0945553 | BARD_AD_0945582 | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 242 | 2005 | Beggs Fall 2005 Report: Power Injectable Infusoin Port Collateral Material Placing Physicians Design Validation Fall 2005 | BARD_AD_0945670 | BARD_AD_0945696 | Powers 6/8/17 | 16 | |
| 243 | | INTENTIONALLY OMITTED | | | | | |
| 244 | 12/10/2004 | Annemarie Boswell email re: Trip report to NMC | BARD_AD_0950215 | BARD_AD_0950215 | Sheetz 6/5/17 | 1 | |
| 245 | 12/9/2004 | Annemarie Boswell memo re: PowerLine Tray Component Interview Dr. Chrisman | BARD_AD_0950216 | BARD_AD_0950217 | Sheetz 6/5/17 | 2 | |
| 246 | 11/1/2006 | Dwight Hibdon email re: vortex port | BARD_AD_0951263 | BARD_AD_0951263 | Hibdon 6/23/17; Sheetz 6/5/17 | 29 32 | |
| 247 | | INTENTIONALLY OMITTED | | | | | |
| 248 | 6/15/2004 | Kevin Sheetz memo re: Trip report for Port Market Survey Conducted June 7th - June 10 2004 | BARD_AD_0953363 | BARD_AD_0953364 | Sheetz 6/5/17 | 4 | |
| 249 | | INTENTIONALLY OMITTED | | | | | |
| 250 | | INTENTIONALLY OMITTED | | | | | |
| 251 | | INTENTIONALLY OMITTED | | | | | |
| 252 | N/A | Excel spreadsheet of P57085 Testing | BARD_AD_0953893 | BARD_AD_0953893 | | | |
| 253 | 7/22/2005 | Power Port System Flow Evaluation | BARD_AD_0954076 | BARD_AD_0954076 | | | |
| 254 | | INTENTIONALLY OMITTED | | | | | |
| 255 | | INTENTIONALLY OMITTED | | | | | |
| 256 | | INTENTIONALLY OMITTED | | | | | |
| 257 | 8/1/2005 | John Evans email re: Power Port Trip to Seattle | BARD_AD_0955443 | BARD_AD_0955446 | | | |
| 258 | N/A | John Evans memo re: Power Port Trip to Seattle | BARD_AD_0955447 | BARD_AD_0955449 | | | |
| 259 | 12/30/2006 | David Blaber email re: Dec Sig Events | BARD_AD_0957352 | BARD_AD_0957353 | | | |
| 260 | 1/2/2007 | Annemarie Boswell email re: Dec Sig Events | BARD_AD_0958443 | BARD_AD_0958445 | | | |
| 261 | 11/7/2006 | John Evans email re: PowerPort reservoir heights (was: TTR notes) | BARD_AD_0959183 | BARD_AD_0959185 | Hibdon 6/23/17; Sheetz 6/5/17 | 30 36 | |
| 262 | 10/26/2005 | Judi Albiston email re: PowerPort Equivalency Test Protocol | BARD_AD_0964733 | BARD_AD_0964733 | Eliasen 6/21/17 | 10 | |
| 263 | N/A | PowerPort Equivalency to the Titanium Adult Port Protocol | BARD_AD_0964734 | BARD_AD_0964765 | Eliasen 6/21/17 | 11 | |
| 264 | 5/16/2008 | Kevin Sheetz email appt: Brainstorming Session for Ti Port ID | BARD_AD_0966705 | BARD_AD_0966705 | Sheetz 6/5/17 | 31 | |
| 265 | 5/24/2005 | Ed Burnside email re: Pre-connect Update | BARD_AD_0966816 | BARD_AD_0966817 | | | |
| 266 | 12/22/2005 | Kelly Christian email re: contact info | BARD_AD_0970270 | BARD_AD_0970274 | | | |
| 267 | | INTENTIONALLY OMITTED | | | | | |
| 268 | 1/16/2006 | David Cise email re: Power Injection of Ports - Oct05 German Article | BARD_AD_0970822 | BARD_AD_0970822 | | | |
| 269 | 3/30/2006 | Susan Scott email re: PowerPort Question & Comments from Brian | BARD_AD_0972946 | BARD_AD_0972947 | Hibdon 6/23/17; Scott 10/24/17; Sheetz 6/5/17 | 6 9 21 | |
| 270 | 4/17/2008 | Kevin Sheetz email re: Ti Port Radiopaque Identifier - Brainstorming Results | BARD_AD_0973250 | BARD_AD_0973250 | Hibdon 6/23/17 | 22 | |
| 271 | 3/29/2005 | Annemarie Boswell email re: Port Team Actioin Items: Dr. Hickman and aphaeresis in ports | BARD_AD_0973303 | BARD_AD_0973304 | Acuna 6/9/17; Sheetz 6/5/17 | 20 33 | |
| 272 | 6/16/2004 | Robertson email re: Trip report 6-15-04 Port Survey | BARD_AD_0973960 | BARD_AD_0973963 | Sheetz 6/5/17 | 5 | |
| 273 | 4/8/2005 | John Evans email re: Minutes of the Plastic Power Port Kick-Off meeting held 3/30/05 | BARD_AD_0976235 | BARD_AD_0976237 | Hibdon 6/23/17; Scott 10/24/17; Sheetz 6/5/17 | 12 25 25 | |
| 274 | 7/26/2006 | Kevin Sheetz appoint email re: Ti isp PowerPort/Outside Shape/STD Visit | BARD_AD_0980126 | BARD_AD_0980126 | Eliasen 6/21/17; Hibdon 6/23/17; Sheetz 6/5/17 | 17 18 28 | |
| 275 | N/A | Design Input Requirements for Groshong | BARD_AD_0982280 | BARD_AD_0982297 | | | |
| 276 | 2009 | Modified 8 FR Groshong Catheter Stem Design Input Requirements | BARD_AD_0982298 | BARD_AD_0982321 | | | |
| 277 | 7/7/2005 | Kevin Sheetz email re: power port machining suggestions | BARD_AD_0987780 | BARD_AD_0987780 | Eliasen 6/21/17 | 8 | |
| 278 | 10/24/2005 | David Cise email re: Power Port modification | BARD_AD_0988001 | BARD_AD_0988004 | Eliasen 6/21/17 | 9 | |
| 279 | 10/4/2005 | Ken Eliasen email re: Critical dimensions for Ti Power Port | BARD_AD_0988040 | BARD_AD_0988041 | Eliasen 6/21/17 | 32 | |
| 280 | 3/30/2005 | Kevin Sheetz email re: Port Team Action Items: Dr. Hickman and aphaeresis in ports | BARD_AD_0993300 | BARD_AD_0993302 | Gregoire 5/31/17; Sheetz 6/5/17 | 10 34 | |
| 281 | 5/10/2005 | John Evans email re: Plastic Power Port design inputs for 1st gen models | BARD_AD_0970865 | BARD_AD_0970866 | Sheetz 6/5/17 | 24 | |
| 282 | 10/10/2013 | Steve Williamson email re: Barnes | BARD_AD_1009770 | BARD_AD_1009777 | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 283 | 8/25/2014 | Jim Beasley email re: Vascular Port Access Opportunity | BARD_AD_1018725 | BARD_AD_1018726 | Beasley 5/25/17 | 8 | |
| 284 | 5/27/2013 | Kelly Powers email re: Port? | BARD_AD_1025771 | BARD_AD_1025775 | | | |
| 285 | N/A | Port and Dialysis Update presentation by Andrea Acuna and Kelly Powers | BARD_AD_1027263 | BARD_AD_1027294 | | | |
| 286 | 5/11/2013 | Kelly Powers email re: Dr. Trerotola Port | BARD_AD_1043789 | BARD_AD_1043790 | | | |
| 287 | 12/13/2002 | Steven Goode email re: Vortex port | BARD_AD_1070813 | BARD_AD_1070814 | | | |
| 288 | 9/8/2006 | John Zawacki email re: Rumor of the HMP RITA Power Injectable port | BARD_AD_1248363 | BARD_AD_1248366 | Boswell 5/26/17 | 26 & 29 | |
| 289 | 7/31/2014 | S. Marrero memo re: Internal R&D ROI Analytic | BARD_AD_1251886 | BARD_AD_1251893 | | | |
| 290 | 12/10/2009 | Randi Cleverley memo re: Vaccess CT Power-Injectable Port Process validation Plan | BARD_AD_1284984 | BARD_AD_1284985 | | | |
| 291 | 9/24/2014 | Kimberly Hammond email re: CPA - University of Chicago | BARD_AD_1292309 | BARD_AD_1292310 | Hammond 5/24/17 | 10 | |
| 292 | 5/24/2013 | Kelly Powers email re: Port? | BARD_AD_1302299 | BARD_AD_1302302 | | | |
| 293 | 12/17/2009 | Patrick Gasser email re: Ethanol Flushing through Polyurethane Catherters | BARD_AD_1302563 | BARD_AD_1302567 | | | |
| 294 | | INTENTIONALLY OMITTED | | | | | |
| 295 | 2004 | BVR 2004 budget B2 spreadsheet | BARD_AD_1303535 | BARD_AD_1303535 | | | |
| 296 | | INTENTIONALLY OMITTED | | | | | |
| 297 | 2004 | Beggs Power Port Design Input Fall ONS 2004 Report | BARD_AD_1329834 | BARD_AD_1329855 | | | |
| 298 | 2007 | Beggs Power Injectable Infusion Port Collateral Material Post Launch CT Tech Report Spring 2007 | BARD_AD_1334651 | BARD_AD_1334685 | | | |
| 299 | 11/7/2006 | Annemarie Boswell email re: Cheap imitation of power injectable Port | BARD_AD_1345282 | BARD_AD_1345289 | Boswell 5/26/17 | 25 | |
| 300 | 2007 | Beggs Power Injectable Infusion Port Collateral Material Post Launch CT Tech DATA charts Spring 2007 | BARD_AD_1350317 | BARD_AD_1350362 | | | |
| 301 | | INTENTIONALLY OMITTED | | | | | |
| 302 | | INTENTIONALLY OMITTED | | | | | |
| 303 | 10/4/2011 | Pport Lap ISP, WSIOM Assy spec sheet | BARD_AD_1368599 | BARD_AD_1368600 | | | |
| 304 | | INTENTIONALLY OMITTED | | | | | |
| 305 | 12/23/2004 | Base, Port, Adult MRI, No Stem spec sheet | BARD_AD_1402752 | BARD_AD_1402752 | | | |
| 306 | | INTENTIONALLY OMITTED | | | | | |
| 307 | 8/3/2011 | Marketing Memo re: Vaccess LP POA Rationale | BARD_AD_1495962 | BARD_AD_1495971 | Acuna 6/9/17 | 4 | |
| 308 | N/A | Contrast Medica Power Injection using central venous port cathter, by Gebauer | BARD_AD_1501136 | BARD_AD_1501138 | | | |
| 309 | 2008 | PowerPort Design Input Summary Report | BARD_AD_1506546 | BARD_AD_1506624 | Hibdon 6/23/17 | 20 | |
| 310 | 2005 | R&D year end summary spreadsheet | BARD_AD_1508628 | BARD_AD_1508628 | | | |
| 311 | 2003 | Budget 2003 all teams R&D Project Summary spreadsheet | BARD_AD_1508776 | BARD_AD_1508776 | | | |
| 312 | 2005 | 2005 Quarterly BVR Schedules Project Expense Rollup spreadsheet | BARD_AD_1509576 | BARD_AD_1509576 | | | |
| 313 | 2009 | Q2 Drill Down RD proposed cuts spreadsheet | BARD_AD_1509833 | BARD_AD_1509833 | | | |
| 314 | 5/17/2010 | Full Year by Project with Kelly cuts proposal spreadsheet | BARD_AD_1510213 | BARD_AD_1510213 | | | |
| 315 | 9/27/2005 | Pipeline spreadsheet | BARD_AD_1510216 | BARD_AD_1510216 | | | |
| 316 | 2007 | New Products Forecast-FINAL spreadsheet | BARD_AD_1510226 | BARD_AD_1510226 | | | |
| 317 | 2005 | New products and Line extensions 2004-2005 spreadsheet | BARD_AD_1510272 | BARD_AD_1510272 | | | |
| 318 | 2006 | 2006 Project Exp Summary spreadsheet | BARD_AD_1514610 | BARD_AD_1514610 | | | |
| 319 | | INTENTIONALLY OMITTED | | | | | |
| 320 | Aug-08 | BardPort Patient Information | BARD_AD_1549774 | BARD_AD_1549807 | | | |
| 321 | 6/25/2014 | Andrea Acuna email re: Port Informatioin for ORC | BARD_AD_1560409 | BARD_AD_1560412 | Acuna 6/9/17 | 13 | |
| 322 | 7/31/2015 | Declaration of Stephen J. Tallarida vs. USP No. 8,257,325 | BARD_AD_1572331 | BARD_AD_1572424 | Tallarida 11/28/17 | 19 | |
| 323 | 11/30/2004 | U.S. Patent 6,826,257 to Sayre et al. | BARD_AD_1572944 | BARD_AD_1572955 | Tallarida 11/28/17 | 17 | |
| 324 | 4/3/2007 | PowerPort isp Design Validation Protocol | BARD_AD_1575239 | BARD_AD_1575270 | Hibdon 6/23/17 | 16 | |
| 325 | 4/9/2002 | Kevin Sheetz fax re: Port Identification Number Engraving Procedure | BARD_AD_1578623 | BARD_AD_1578633 | Eliasen 6/21/17 | 21 | |
| 326 | N/A | Apheresis Vascular Access System Design Input Summary | BARD_AD_1583199 | BARD_AD_1583227 | | | |
| 327 | 2013 | 2013 NPD Reviews Enhancing the Business Focus | BARD_AD_1598637 | BARD_AD_1598637 | | | |
| 328 | | INTENTIONALLY OMITTED | | | | | |
| 329 | | INTENTIONALLY OMITTED | | | | | |
| 330 | | INTENTIONALLY OMITTED | | | | | |
| 331 | | INTENTIONALLY OMITTED | | | | | |
| 332 | | INTENTIONALLY OMITTED | | | | | |
| 333 | N/A | Bard Concept POA | BARD_AD_1617742 | BARD_AD_1617754 | Powers 6/9/17 | 29 | |
| 334 | N/A | Titanium X-Port isp Global POA RD9082 | BARD_AD_1629117 | BARD_AD_1629135 | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 335 | 11/21/2005 | Project Summary: Titanium X-Port isp | BARD_AD_1629136 | BARD_AD_1629153 | | | |
| 336 | 2008 | Power Port Duo Global POA 59390 | BARD_AD_1632157 | BARD_AD_1632206 | | | |
| 337 | | INTENTIONALLY OMITTED | | | | | |
| 338 | 11/8/2006 | Annemarie Boswell email re: RITA/HMP Powerport | BARD_AD_1648042 | BARD_AD_1648043 | Scott 10/24/17 | 18 | |
| 339 | 11/5/2008 | Annemarie Boswell email re: Triumph Port teaching model | BARD_AD_1649268 | BARD_AD_1649270 | | | |
| 340 | N/A | Concept POA for Vaccess CT | BARD_AD_1667521 | BARD_AD_1667533 | Acuna 6/9/17 | 3 | |
| 341 | 2007 | K062414 RITA 510k | BARD_AD_1669245 | BARD_AD_1669256 | Scott 10/24/17 | 20 | |
| 342 | 4/1/2014 | Annemarie Boswell email re: How to sell against Vortex | BARD_AD_1673442 | BARD_AD_1673443 | Boswell 5/26/17; Gregoire 5/31/17 | 34 9 | |
| 343 | Feb-01 | Power Injection of Contrast Media Using Central Venous Catheters: Feasibility, Safety, and Efficacy, by Herts et al. | BARD_AD_1680148 | BARD_AD_1680155 | | | |
| 344 | | INTENTIONALLY OMITTED | | | | | |
| 345 | 8/23/2004 | Kelly Powers memo re: TTR Summary for August 4 & 5 2004 | BARD_AD_1720460 | BARD_AD_1720471 | | | |
| 346 | 5/21/2008 | Kelly Powers email re: Technote on powerloc.doc | BARD_AD_1751149 | BARD_AD_1751150 | | | |
| 347 | N/A | Dave Smith memo re: Response to information request | BARD_AD_1751151 | BARD_AD_1751151 | | | |
| 348 | 2008 | Cost Center Expense Rollup spreadsheet | BARD_AD_1754969 | BARD_AD_1754969 | | | |
| 349 | | INTENTIONALLY OMITTED | | | | | |
| 350 | 2005 | Quarterly BVR Schedules spreadsheets | BARD_AD_1770417 | BARD_AD_1770417 | | | |
| 351 | 2016 | U.S. Income Statement Review spreadsheets | BARD_AD_1778828 | BARD_AD_1778828 | | | |
| 352 | | INTENTIONALLY OMITTED | | | | | |
| 353 | | INTENTIONALLY OMITTED | | | | | |
| 354 | | INTENTIONALLY OMITTED | | | | | |
| 355 | 10/24/2015 | Jeff Lemaster email re: BPV 5-Year Strategic Plan | BARD_AD_1783313 | BARD_AD_1783434 | Hammond 5/24/17 | 7 | |
| 356 | 3/7/2014 | Steve Williamson email re: materials for our call | BARD_AD_1783614 | BARD_AD_1783625 | Hammond 5/24/17 | 6 | |
| 357 | 10/9/2013 | Kimberly Hammond email re: BPV Monthly Report September 2013 | BARD_AD_1785305 | BARD_AD_1785336 | Hammond 5/24/17 | 15 | |
| 358 | 9/23/2015 | Product Agreement for Implantable Port and Long Term Catheter Products | BARD_AD_1790765 | BARD_AD_1790777 | Acuna 6/9/17 | 23 | |
| 359 | 12/9/2014 | Bard Revenue Recognition Whitepaper | BARD_AD_1790977 | BARD_AD_1790988 | Hammond 5/24/17 | 5 | |
| 360 | | INTENTIONALLY OMITTED | | | | | |
| 361 | | INTENTIONALLY OMITTED | | | | | |
| 362 | 2015 | Budget spreadsheet | BARD_AD_1799078 | BARD_AD_1799078 | | | |
| 363 | | INTENTIONALLY OMITTED | | | | | |
| 364 | N/A | Dave Smith memo re: Response to information request | BARD_AD_1843663 | BARD_AD_1843665 | | | |
| 365 | 12/11/2008 | Ken Eliasen email re: LoPro picture | BARD_AD_1847359 | BARD_AD_1847362 | Eliasen 6/21/17 | 13 | |
| 366 | | INTENTIONALLY OMITTED | | | | | |
| 367 | 5/2/2007 | Amber Brown memo re: PowerPort Implanted Port Cheat Sheet | BARD_AD_1859360 | BARD_AD_1859364 | Boswell 5/26/17 | 35 | |
| 368 | 11/10/2014 | Andrea Acuna email re: Vortex port | BARD_AD_1863438 | BARD_AD_1863439 | | | |
| 369 | 10/5/2009 | 2010 BAS U.S. Income Statement Review | BARD_AD_1885735 | BARD_AD_1885735 | | | |
| 370 | 1/12/2004 | Jim Beasley memo re: Monthly Management Report | BARD_AD_1890253 | BARD_AD_1890264 | | | |
| 371 | N/A | Padraic O'Brien email re: Port analytics | BARD_AD_1891457 | BARD_AD_1891464 | Hammond 5/24/17 | 18 | |
| 372 | 12/31/2009 | Dwight Hibdon email re: Patient card effectiveness | BARD_AD_1896851 | BARD_AD_1896853 | Beasley 5/25/17 | 7 | |
| 373 | 2005 | Power Port Identification Survey: CT Techs, RNs and Physicians, Spring 2005 | BARD_AD_1896996 | BARD_AD_1897055 | Beasley 5/25/17; Powers 6/8/17 | 6 18 | |
| 374 | 1/12/2004 | Jim Beasley memo re: Monthly Management Report | BARD_AD_1910192 | BARD_AD_1910203 | Beasley 5/25/17 | 9 | |
| 375 | 11/7/2006 | Bret Wirta email re: RITA's letter and rebuttal from Bard Access System on Power Port | BARD_AD_1915881 | BARD_AD_1915883 | | | |
| 376 | 11/2/2006 | Richard Naylor email re: competitors off-label power-injectible port | BARD_AD_1915892 | BARD_AD_1915893 | | | |
| 377 | 2006 | RITA booth ACS 10-2006 | BARD_AD_1915899 | BARD_AD_1915899 | | | |
| 378 | 11/8/2006 | Jim Beasley memo re: Monthly Management Report | BARD_AD_1918405 | BARD_AD_1918420 | | | |
| 379 | N/A | Kimberly Hammond email re: BPV Step II P&L Package | BARD_AD_1959135 | BARD_AD_1959152 | Hammond 5/24/17 | 22 | |
| 380 | 2004 | Beggs Fall 2004 Report: Power Injectable Port: CT Technologists Perceptions | BARD_AD_1962862 | BARD_AD_1962901 | Powers 6/8/17 | 19 | |
| 381 | 4/13/2007 | Kelly Powers email re: Port Access Technologies | BARD_AD_1963239 | BARD_AD_1963241 | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 382 | 2012 | U.S. Income Statement Review | BARD_AD_2001785 | BARD_AD_2001785 | | | |
| 383 | 6/8/2005 | John Zawacki memo re: meeting minutes | BARD_AD_2038036 | BARD_AD_2038038 | Powers 6/9/17 | 26 | |
| 384 | | INTENTIONALLY OMITTED | | | | | |
| 385 | | INTENTIONALLY OMITTED | | | | | |
| 386 | | INTENTIONALLY OMITTED | | | | | |
| 387 | 2008 | Cost Center Expense Rollup spreadsheet | BARD_AD_2078716 | BARD_AD_2078716 | | | |
| 388 | 2010 | Budget R&D Port Team spreadsheet | BARD_AD_2186626 | BARD_AD_2186626 | | | |
| 389 | 2016 | R&D Summary spreadsheet | BARD_AD_2188149 | BARD_AD_2188149 | | | |
| 390 | 9/17/2007 | NPD Review | BARD_AD_2189056 | BARD_AD_2189226 | | | |
| 391 | 9/30/2003 | Research and Development Powerpoint | BARD_AD_2189769 | BARD_AD_2189888 | | | |
| 392 | 2005 | R&D spreadsheet | BARD_AD_2189947 | BARD_AD_2189947 | | | |
| 393 | 10/21/2004 | 3 Year Strategic Plan Powerpoint | BARD_AD_2191553 | BARD_AD_2191687 | | | |
| 394 | 2010 | R&D spreadsheet | BARD_AD_2193117 | BARD_AD_2193117 | | | |
| 395 | 2004 | Cost Center Expense Rollup spreadsheet | BARD_AD_2193118 | BARD_AD_2193118 | | | |
| 396 | 2007 | R&D spreadsheet | BARD_AD_2193326 | BARD_AD_2193326 | | | |
| 397 | 2005 | Cost Center Expense Rollup spreadsheet | BARD_AD_2193329 | BARD_AD_2193329 | | | |
| 398 | 2010 | R&D Budget 2010 spreadsheet | BARD_AD_2193509 | BARD_AD_2193509 | | | |
| 399 | 2010 | R&D spreadsheet | BARD_AD_2193690 | BARD_AD_2193690 | | | |
| 400 | 2009 | R&D BVR 2009 spreadsheet | BARD_AD_2193750 | BARD_AD_2193750 | | | |
| 401 | 2006 | Cost Center Expense Rollup spreadsheet | BARD_AD_2193751 | BARD_AD_2193751 | | | |
| 402 | 8/3/2012 | Letter from Bard to STD Med dated August 3, 2012 enclosing second quarter royalty payment | BARD_AD_2200593 | BARD_AD_2200595 | Tallarida 11/28/17 | 12 | |
| 403 | 5/10/2011 | Letter from Bard to STD Med dated May 10, 2011 enclosing first quarter royalty payment | BARD_AD_2200966 | BARD_AD_2200968 | Tallarida 11/28/17; Vogelzang 12/13/17 | 13 | |
| 404 | 11/15/2001 | Supply and Vendor Transition Agreement | BARD_AD_2201224 | BARD_AD_2201242 | Tallarida 11/28/17 | 3 | |
| 405 | 4/24/2006 | Assignment Agreement for USP No. 6,527,754 between STD & Bard | BARD_AD_2201303 | BARD_AD_2201304 | Tallarida 11/28/17 | 10 | |
| 406 | 3/4/2003 | U.S. Patent 6,527,754, Tallarida | BARD_AD_2201306 | BARD_AD_2201314 | Eliasen 6/21/17; Herron 10/5/17; Rosenzweig 8/17/17; Tallarida 11/28/17; Vogelzang 12/15/17 | 26 14 7 6 616 | |
| 407 | 2006 | Rita flyer SIR | BARD_AD_2204242 | BARD_AD_2204243 | | | |
| 408 | 9/2/2008 | Annemarie Boswell email re: Xcela Quote/PFM power injectable ports | BARD_AD_2220541 | BARD_AD_2220547 | Sheetz 6/5/17 | 37 | |
| 409 | | INTENTIONALLY OMITTED | | | | | |
| 410 | 12/19/2006 | Annemarie Boswell email re: Power port v. traditional ports help | BARD_AD_2223411 | BARD_AD_2223413 | Acuna 6/9/17; Hibdon 6/23/17; Sheetz 6/5/17 | 21 32 38 | |
| 411 | 2009 | POA Vaccess CT Power Injectable Port | BARD_AD_2243812 | BARD_AD_2243830 | Boswell 5/26/17; Herron 10/5/17; Powers 6/9/17 | 37 23 30 | |
| 412 | 2004 | Survey 18, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2244633 | BARD_AD_2244636 | | | |
| 413 | 2004 | Survey 33, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2244666 | BARD_AD_2244669 | | | |
| 414 | 2004 | Survey 7, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2244717 | BARD_AD_2244720 | | | |
| 415 | 2004 | Survey 1, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2244811 | BARD_AD_2244814 | | | |
| 416 | 2004 | Survey 15, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2244900 | BARD_AD_2244903 | | | |
| 417 | 2004 | Survey 31, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245167 | BARD_AD_2245170 | | | |
| 418 | 2004 | Survey 17, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245195 | BARD_AD_2245198 | | | |
| 419 | 2004 | Survey 38, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245431 | BARD_AD_2245434 | | | |
| 420 | 2004 | Survey 30, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245447 | BARD_AD_2245450 | | | |
| 421 | 2004 | Survey 25, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245459 | BARD_AD_2245462 | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 422 | 2004 | Survey 9, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245473 | BARD_AD_2245476 | | | |
| 423 | 2004 | Survey 10, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245483 | BARD_AD_2245486 | | | |
| 424 | 2004 | Survey 2, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245499 | BARD_AD_2245502 | | | |
| 425 | 2004 | Survey 11, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246159 | BARD_AD_2246162 | | | |
| 426 | 2004 | Survey 3, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246213 | BARD_AD_2246216 | | | |
| 427 | 2004 | Survey 20, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246256 | BARD_AD_2246259 | | | |
| 428 | 5/15/2012 | U.S. Patent 8,177,762, Beasley | BARD_AD_2246314 | BARD_AD_2246350 | Clark 12/7/17; Herron 10/5/17; Rosenzweig 8/17/17; Tallarida 11/28/17; Vogelzang 12/13/17 | 1014 15 8 8 608 | |
| 429 | 2004 | Survey 12, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246351 | BARD_AD_2246354 | | | |
| 430 | 2004 | Survey 26, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246406 | BARD_AD_2246409 | | | |
| 431 | 2004 | Survey 35, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246527 | BARD_AD_2246530 | | | |
| 432 | 2004 | Survey 28, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246696 | BARD_AD_2246699 | | | |
| 433 | 2004 | Survey 24, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246723 | BARD_AD_2246726 | | | |
| 434 | 2004 | Survey 4, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246924 | BARD_AD_2246927 | | | |
| 435 | 2004 | Survey 37, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246936 | BARD_AD_2246939 | | | |
| 436 | 2004 | Survey 23, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246979 | BARD_AD_2246982 | | | |
| 437 | 2004 | Survey 14, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2247014 | BARD_AD_2247017 | | | |
| 438 | 2004 | Survey 36, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2247058 | BARD_AD_2247061 | | | |
| 439 | 2004 | Survey 27, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2247121 | BARD_AD_2247124 | | | |
| 440 | | INTENTIONALLY OMITTED | | | | | |
| 441 | 2004 | Survey 5, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2247656 | BARD_AD_2247659 | | | |
| 442 | 8/24/2011 | Design and Development Plan DDP59730.4 Vaccess CT Low Profile Port | BARD_AD_2250948 | BARD_AD_2250961 | | | |
| 443 | 5/1/2009 | Jim Beasley memo re: Mark Sands/Cleveland Clinic Product Issues | BARD_AD_2264910 | BARD_AD_2264911 | | | |
| 444 | N/A | UPDATED Supply spreadsheet | BARD_AD_2273989 | BARD_AD_2273989 | Ochoa 5/26/17 | 6 | |
| 445 | Dec-13 | Management P&L spreadsheet | BARD_AD_2274001 | BARD_AD_2274001 | | | |
| 446 | Dec-16 | Management P&L spreadsheet | BARD_AD_2274019 | BARD_AD_2274019 | | | |
| 447 | 2004-2016 | Bard Port Sales 2004-2016 | BARD_AD_2274031 | BARD_AD_2274031 | Hammond 5/24/17 | 19 | |
| 448 | 2013 | Project Expense Rollup Summary spreadsheet | BARD_AD_2290183 | BARD_AD_2290183 | | | |
| 449 | N/A | Sagnite Graham memo re: Historical Capacity Analysis for SLC - Power Port Products | BARD_AD_2290212 | BARD_AD_2290212 | Ochoa 5/26/17 | 4 | |
| 450 | | INTENTIONALLY OMITTED | | | | | |
| 451 | 9/13/2005 | Ken Eliasen email re: Ti ISP | BARD_AD_2292973 | BARD_AD_2292979 | Eliasen 6/21/17 | 6 | |
| 452 | | INTENTIONALLY OMITTED | | | | | |
| 453 | 2009 | PowerPort Brochure | BARD_AD_2295853 | BARD_AD_2295863 | | | |
| 454 | 6/17/2014 | Corporate Policy Manual - Records Retention | BARD_AD_2296719 | BARD_AD_2296761 | Gregoire 5/31/17 | 6 | |
| 455 | 4/16/2010 | Corporate Policy Manual - Records Retention | BARD_AD_2296762 | BARD_AD_2296782 | Gregoire 5/31/17 | 3 | |
| 456 | 11/30/1998 | Corporate Policy Manual - Records Retention | BARD_AD_2296783 | BARD_AD_2296802 | Gregoire 5/31/17 | 1 | |
| 457 | 10/11/2011 | Corporate Policy Manual - Records Retention | BARD_AD_2296803 | BARD_AD_2296829 | Gregoire 5/31/17 | 5 | |
| 458 | 9/16/2011 | Corporate Policy Manual - Records Retention | BARD_AD_2296830 | BARD_AD_2296855 | Gregoire 5/31/17 | 4 | |
| 459 | 3/5/2010 | Corporate Policy Manual - Records Retention | BARD_AD_2296856 | BARD_AD_2296876 | Gregoire 5/31/17 | 2 | |
| 460 | | INTENTIONALLY OMITTED | | | | | |
| 461 | 4/12/2013 | Steven Penderghast letter re: Interface Biologics Inc. (IBI) - Endexo Hydrophobic Catheter Polymer Additive | BARD_AD_2301275 | BARD_AD_2301277 | | | |
| 462 | 6/27/2008 | Attilio Difiore email re: Pilot Study | BARD_AD_2301278 | BARD_AD_2301285 | | | |
| 463 | 1/31/2012 | Kelly Christian email re: Navilyst with Endexo | BARD_AD_2301286 | BARD_AD_2301286 | Acuna 6/9/17 | 8 | |
| 464 | | INTENTIONALLY OMITTED | | | | | |
| 465 | 1/31/2012 | Kelly Christian email re: More IBI Info | BARD_AD_2301289 | BARD_AD_2301290 | | | |
| 466 | | INTENTIONALLY OMITTED | | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 467 | 8/7/1997 | Approvals Sheet R2392 Norfolk Vortex Competitive Port Evaluation Report | BARD_AD_2301429 | BARD_AD_2301500 | | | |
| 468 | 9/24/2009 | Design and Development Vaccess CT Power-Injectable Port QDRMM343-1 | BARD_AD_2301986 | BARD_AD_2301998 | | | |
| 469 | 2009 | Design Input Summary Vaccess CT | BARD_AD_2302010 | BARD_AD_2302251 | Acuna 6/9/17; Powers 6/8/17 | 6 21 | |
| 470 | 2006 | Consolidated BVR vs Budget | BARD_AD_2303869 | BARD_AD_2303869 | | | |
| 471 | 2008 | Consolidated BVR 08 vs Budget 09 | BARD_AD_2303870 | BARD_AD_2303870 | | | |
| 472 | 2007 | Consolidated BVR vs Budget | BARD_AD_2303871 | BARD_AD_2303871 | | | |
| 473 | 2004 | Consolidated BVR vs Budget | BARD_AD_2303873 | BARD_AD_2303873 | | | |
| 474 | 12/19/2016 | Brian Biley memo re: Historical Capacity Analysis for GFO to Power Port Products | BARD_AD_2303875 | BARD_AD_2303875 | Ochoa 5/26/17 | 5 | |
| 475 | N/A | Corporate Policy Manual - Records Retention | BARD_AD_2304176 | BARD_AD_2304223 | Gregoire 5/31/17 | 7 and 8 | |
| 476 | 2002 | Competitive Port Testing Report | BARD_AD_2304238 | BARD_AD_2304275 | Sheetz 6/5/17 | 35 | |
| 477 | | INTENTIONALLY OMITTED | | | | | |
| 478 | | INTENTIONALLY OMITTED | | | | | |
| 479 | 2004 | Survey 21, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2304459 | BARD_AD_2304462 | | | |
| 480 | 2004 | Survey 8, 2004 ONS PowerPort Design Input Survey with CDA | BARD_AD_2304465 | BARD_AD_2304468 | | | |
| 481 | 2004 | Survey 22, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2304469 | BARD_AD_2304472 | | | |
| 482 | 2004 | Survey 34, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2304473 | BARD_AD_2304476 | | | |
| 483 | N/A | Lucky 13 Doc - Section 13.7 Education Efforts | BARD_AD_2306005 | BARD_AD_2306008 | | | |
| 484 | 3/23/2005 | John Zawacki memo re: Meeting with dr. Carlisle at the U of Utah | BARD_AD_2306019 | BARD_AD_2306020 | | | |
| 485 | N/A | Power Port Launch Marketing Communications Estimated Cost Summary | BARD_AD_2306388 | BARD_AD_2306391 | | | |
| 486 | | INTENTIONALLY OMITTED | | | | | |
| 487 | Apr-16 | HPG Port Executive Summary Powerpoint | BARD_AD_2307322 | BARD_AD_2307322 | | | |
| 488 | | INTENTIONALLY OMITTED | | | | | |
| 489 | | INTENTIONALLY OMITTED | | | | | |
| 490 | | INTENTIONALLY OMITTED | | | | | |
| 491 | | INTENTIONALLY OMITTED | | | | | |
| 492 | | INTENTIONALLY OMITTED | | | | | |
| 493 | | INTENTIONALLY OMITTED | | | | | |
| 494 | | INTENTIONALLY OMITTED | | | | | |
| 495 | | INTENTIONALLY OMITTED | | | | | |
| 496 | | INTENTIONALLY OMITTED | | | | | |
| 497 | 9/29/2014 | MarComm Request | BARD_AD_2356681 | BARD_AD_2356694 | Herron 10/5/17 | 27 & 28 | |
| 498 | 2/22/2011 | MarComm Request | BARD_AD_2356695 | BARD_AD_2356705 | Herron 10/5/17 | 25 | |
| 499 | 8/31/2012 | MarComm Request | BARD_AD_2356706 | BARD_AD_2356721 | Herron 10/5/17 | 26 | |
| 500 | 5/20/2016 | MarComm Project Release | BARD_AD_2356722 | BARD_AD_2356792 | Herron 10/5/17 | 29 | |
| 501 | N/A | IP-Patent Marking Website | BARD_AD_2356880 | BARD_AD_2356895 | Herron 10/5/17 | 31 | |
| 502 | 9/12/2003 | K032754 Vortex MP 510k | DELANGIO_00000148 | DELANGIO_00000271 | | | |
| 503 | 11/18/2003 | K033473 Vortex MP 510k | DELANGIO_00000272 | DELANGIO_00000422 | | | |
| 504 | 9/23/2008 | K081472 SmartPort CT 510k | DELANGIO_00000423 | DELANGIO_00000598 | | | |
| 505 | 1/8/2008 | K072375 LifeGuard CT 510k | DELANGIO_00000599 | DELANGIO_00000854 | Kenny 6/7/17 | 214 | |
| 506 | 1/19/2001 | K010189 Vortex 510k | DELANGIO_00000855 | DELANGIO_00001214 | | | |
| 507 | 2/24/2006 | RITA High flow infusion warning protocol TR06026 | DELANGIO_00001376 | DELANGIO_00001463 | Kenny 6/7/17 | 213 | |
| 508 | 9/10/2008 | Blaine Johnson memo re: TR07017 Report | DELANGIO_00001474 | DELANGIO_00001514 | Kenny 6/7/17 | 215 | |
| 509 | 2002 | HMP 2002 Product Catalog | DELANGIO_00001979 | DELANGIO_00002014 | | | |
| 510 | | INTENTIONALLY OMITTED | | | | | |
| 511 | | INTENTIONALLY OMITTED | | | | | |
| 512 | Dec-03 | Inamed Lap Band | DELANGIO_00002046 | DELANGIO_00002068 | | | |
| 513 | | INTENTIONALLY OMITTED | | | | | |
| 514 | 1996 | Port-A-Cath - SmithsMedical Product Specifications | DELANGIO_00002075 | DELANGIO_00002076 | | | |
| 515 | | INTENTIONALLY OMITTED | | | | | |
| 516 | N/A | HMP Vortex MP Vascular Access Port Photo | DELANGIO_00002084 | DELANGIO_00002084 | Girard 6/27/17; Kenny 6/7/17 | 525 212 | |
| 517 | 2000 | IsoMed User Guide | DELANGIO_00002085 | DELANGIO_00002193 | Johnson 1/31/18; King 5/31/17 | 2009 37 & 38 | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 518 | | INTENTIONALLY OMITTED | | | | | |
| 519 | 2008 | IsoMed Technical Manual | DELANGIO_00002216 | DELANGIO_00002280 | | | |
| 520 | | INTENTIONALLY OMITTED | | | | | |
| 521 | 1998 | Vortex Patient Manual | DELANGIO_00002288 | DELANGIO_00002292 | | | |
| 522 | | INTENTIONALLY OMITTED | | | | | |
| 523 | 10/7/1999 | Design Dossier Vortex Norfolk Medical | DELANGIO_00002295 | DELANGIO_00002498 | McTiernan 6/20/17 | 309 | |
| 524 | Apr-00 | Esprit User Guide | DELANGIO_00002499 | DELANGIO_00002568 | | | |
| 525 | | INTENTIONALLY OMITTED | | | | | |
| 526 | | INTENTIONALLY OMITTED | | | | | |
| 527 | 2/27/1997 | FDA medical device labeling requirements | DELANGIO_00002602 | DELANGIO_00002654 | | | |
| 528 | | INTENTIONALLY OMITTED | | | | | |
| 529 | 2005 | Contrast Medica Power Injection using central venous port catthers - Results of an in vitro study, by Gebauer | DELANGIO_00002662 | DELANGIO_00002681 | Johnson 1/31/18 | 2005 | |
| 530 | | INTENTIONALLY OMITTED | | | | | |
| 531 | Oct-90 | FDA Guidance on 510(k) Submissions | DELANGIO_00002688 | DELANGIO_00002714 | | | |
| 532 | 2005 | 2005 Bard IFU | DELANGIO_00002715 | DELANGIO_00002719 | | | |
| 533 | 1970 | A New and Growing Family of Artificial Implanted Fluid-Control Devices, Summers | DELANGIO_00002720 | DELANGIO_00002723 | | | |
| 534 | 2003 | 2003 Bard IFU | DELANGIO_00002724 | DELANGIO_00002754 | | | |
| 535 | 12/7/1993 | Council Directive | DELANGIO_00002755 | DELANGIO_00002788 | | | |
| 536 | 2004 | Vortex MP brouchure 2004 | DELANGIO_00002791 | DELANGIO_00002795 | Kenny 6/7/17 | 211 | |
| 537 | 2012 | 2012 X-Port / BardPort IFU | DELANGIO_00002796 | DELANGIO_00002819 | | | |
| 538 | | INTENTIONALLY OMITTED | | | | | |
| 539 | 9/11/2001 | U.S. Patent 6,287,293, Jones | DELANGIO_00002823 | DELANGIO_00002830 | Bakewell 1/11/18; Eliasen 6/21/17; Johnson 1/31/18; Powers 6/9/17 Vogelzang 12/15/17 | 614 31 2010 31 614 | |
| 540 | 9/5/1989 | U.S. Patent 4,863,470, Carter | DELANGIO_00002831 | DELANGIO_00002834 | | | |
| 541 | 10/28/2004 | WO 2004/091434 A2, Eliasen | DELANGIO_00002835 | DELANGIO_00002858 | | | |
| 542 | | INTENTIONALLY OMITTED | | | | | |
| 543 | | INTENTIONALLY OMITTED | | | | | |
| 544 | 6/14/2011 | U.S. Patent 7,959,615, Stats | DELANGIO_00003014 | DELANGIO_00003057 | Herron 10/5/17; King 5/31/17; Powers 6/9/17 | 13 42 34 | |
| 545 | | INTENTIONALLY OMITTED | | | | | |
| 546 | | INTENTIONALLY OMITTED | | | | | |
| 547 | | INTENTIONALLY OMITTED | | | | | |
| 548 | | INTENTIONALLY OMITTED | | | | | |
| 549 | 7/11/2006 | U.S. Patent 7,076,305, Imran | DELANGIO_00003239 | DELANGIO_00003278 | | | |
| 550 | | INTENTIONALLY OMITTED | | | | | |
| 551 | | INTENTIONALLY OMITTED | | | | | |
| 552 | | INTENTIONALLY OMITTED | | | | | |
| 553 | | INTENTIONALLY OMITTED | | | | | |
| 554 | | INTENTIONALLY OMITTED | | | | | |
| 555 | | INTENTIONALLY OMITTED | | | | | |
| 556 | 12/19/1995 | U.S. Patent 5,476,460, Montalvo | DELANGIO_00003656 | DELANGIO_00003661 | | | |
| 557 | 9/20/2007 | U.S. Publication 2007/021,9510 A1, Zinn et al | DELANGIO_00003714 | DELANGIO_00003726 | | | |
| 558 | | INTENTIONALLY OMITTED | | | | | |
| 559 | 12/2/1986 | U.S. Patent 4,626,244, Reinicke | DELANGIO_00003787 | DELANGIO_00003799 | | | |
| 560 | 6/3/2002 | EP 1 238 682 A2, Reuter | DELANGIO_00003800 | DELANGIO_00003806 | | | |
| 561 | | INTENTIONALLY OMITTED | | | | | |
| 562 | | INTENTIONALLY OMITTED | | | | | |
| 563 | 10/1/2002 | U.S. Patent 6,459,772, Wiedenhoefer | DELANGIO_00003900 | DELANGIO_00003915 | | | |
| 564 | | INTENTIONALLY OMITTED | | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 565 | | INTENTIONALLY OMITTED | | | | | |
| 566 | | INTENTIONALLY OMITTED | | | | | |
| 567 | | INTENTIONALLY OMITTED | | | | | |
| 568 | | INTENTIONALLY OMITTED | | | | | |
| 569 | 7/6/1999 | U.S. Patent 5,919,160, Sanfilippo | DELANGIO_00004087 | DELANGIO_00004104 | | | |
| 570 | 1/15/2004 | WO 2004/004,800 A2, Patton | DELANGIO_00004105 | DELANGIO_00004137 | | | |
| 571 | | INTENTIONALLY OMITTED | | | | | |
| 572 | 4/7/2005 | U.S. Publication 2005/007,5614, Bunodiere | DELANGIO_00004148 | DELANGIO_00004154 | | | |
| 573 | | INTENTIONALLY OMITTED | | | | | |
| 574 | N/A | IsoMed ID card | DELANGIO_00004265 | DELANGIO_00004289 | | | |
| 575 | 6/2/1998 | Asset Purchase Agreement between HMP and Norfolk | DELANGIO_00004493 | DELANGIO_00004527 | King 5/31/17 | 9 | |
| 576 | 6/2/1998 | Licensing Agreement between HMP and Norfolk | DELANGIO_00004750 | DELANGIO_00004753 | King 5/31/17 | 10 | |
| 577 | | INTENTIONALLY OMITTED | | | | | |
| 578 | 6/2/1998 | Asset Purchase Agreement between HMP and Norfolk | DELANGIO_00004812 | DELANGIO_00004846 | | | |
| 579 | | INTENTIONALLY OMITTED | | | | | |
| 580 | N/A | Gross Margin Report | DELANGIO_00006020 | DELANGIO_00006020 | | | |
| 581 | N/A | Gross Margin Report | DELANGIO_00006072 | DELANGIO_00006072 | | | |
| 582 | 2005 | RITA Vortex Playbook marketing material | DELANGIO_00006110 | DELANGIO_00006115 | | | |
| 583 | 1/28/2003 | K030083 Vaxcel with PASV Implantable Port System (Vaxcel with PASV Port) | DELANGIO_00011197 | DELANGIO_00011298 | | | |
| 584 | 3/24/1998 | Carpinella memo re: 6F MiniPort LTF | DELANGIO_00012269 | DELANGIO_00012283 | | | |
| 585 | 8/9/1995 | K951814 - Triumph I 510k | DELANGIO_00026019 | DELANGIO_00026203 | | | |
| 586 | 9/23/2008 | K081472 SmartPort CT Vortex LP and Others 510k | DELANGIO_00026204 | DELANGIO_00026379 | | | |
| 587 | 8/19/2003 | K032557 Triumph VTX 510k | DELANGIO_00026394 | DELANGIO_00026537 | | | |
| 588 | 2009 | VAD 06006 Binder | DELANGIO_00026538 | DELANGIO_00026776 | | | |
| 589 | N/A | 510k Notification document | DELANGIO_00026777 | DELANGIO_00026780 | | | |
| 590 | 4/8/2010 | K062414 Smart Port CT Series 510k | DELANGIO_00026781 | DELANGIO_00026917 | | | |
| 591 | N/A | SmartPort CT Line Extensions Project Design Project Plan (VAD #06006) | DELANGIO_00026918 | DELANGIO_00026924 | | | |
| 592 | | INTENTIONALLY OMITTED | | | | | |
| 593 | 2000 | A Randomized, Prospective Trial of Conventional Vascular Ports vs. The Vortex "Clear-Flow" Reservoir Port in Adult Oncology Patients, by Stevens et al | DELANGIO_00027196 | DELANGIO_00027199 | | | |
| 594 | | INTENTIONALLY OMITTED | | | | | |
| 595 | | INTENTIONALLY OMITTED | | | | | |
| 596 | | INTENTIONALLY OMITTED | | | | | |
| 597 | | INTENTIONALLY OMITTED | | | | | |
| 598 | | INTENTIONALLY OMITTED | | | | | |
| 599 | | INTENTIONALLY OMITTED | | | | | |
| 600 | | INTENTIONALLY OMITTED | | | | | |
| 601 | | INTENTIONALLY OMITTED | | | | | |
| 602 | | INTENTIONALLY OMITTED | | | | | |
| 603 | | INTENTIONALLY OMITTED | | | | | |
| 604 | N/A | Reexamination file history: IsoMed Manual at DELANGIO_00033097 and ESPrit Manual at DELANGIO_00032214 | DELANGIO_00027865 | DELANGIO_00034749 | | | |
| 604 A | 2001 | IsoMed Manual at DELANGIO_00032097 | DELANGIO_00032097 | DELANGIO_00032212 | | | |
| 605 | N/A | Reexamination file history to U.S. Patent 7,785,302 | DELANGIO_00034750 | DELANGIO_00041527 | | | |
| 606 | N/A | RITA Medical Systems: Product Validation Report, TR05059 | DELANGIO_00048250 | DELANGIO_00048260 | | | |
| 607 | N/A | Vortex MP Peripheral Port Body Spec | DELANGIO_00050014 | DELANGIO_00050031 | | | |
| 608 | 11/19/2003 | Vortex MP Launch Presentation | DELANGIO_00051352 | DELANGIO_00051352 | | | |
| 609 | 9/9/2003 | Scott Moeller fax to FDA re: K032754 revised IFU | DELANGIO_00051500 | DELANGIO_00051516 | | | |
| 610 | N/A | HMP Vortex VTX IFU | DELANGIO_00051779 | DELANGIO_00051889 | | | |
| 611 | 1/14/2015 | BioFlo Proposal Slides | DELANGIO_00054640 | DELANGIO_00054648 | | | |
| 612 | 2006 | RITA Vortex EZ & EZ Max brochure | DELANGIO_00054967 | DELANGIO_00054017 | | | |
| 613 | | INTENTIONALLY OMITTED | | | | | |
| 614 | 5/21/2008 | Hanson memo re: Port Team Meeting of 05-20-2008 - Meeting Minutes | DELANGIO_00063132 | DELANGIO_00063132 | Kenny 6/7/17 | 221 | |
| 615 | | INTENTIONALLY OMITTED | | | | | |

September 1, 2022

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 616 | N/A | LifeGuard IFU | DELANGIO_00064253 | DELANGIO_00064298 | Cox 12/13/17 | 9 | |
| 617 | 3/27/2009 | Competitive Port Testing Protocol Bard Power Port, TR09026 Rev. A | DELANGIO_00066929 | DELANGIO_00066973 | | | |
| 618 | 2007 | Vortex CT VAD6006 New Product Release Checklist | DELANGIO_00067787 | DELANGIO_00067817 | Smith 5/24/17 | 38 | |
| 619 | 5/25/2003 | Vortex MP Peripheral Port Body Spec | DELANGIO_00068955 | DELANGIO_00068987 | | | |
| 620 | N/A | TR05050 Flow Rate Limits for Ports Design Verification Protocol | DELANGIO_00069461 | DELANGIO_00069477 | | | |
| 621 | 2005 | TR05059 Power Injection Port Protocol Testing Result | DELANGIO_00069478 | DELANGIO_00069488 | | | |
| 622 | 6/9/2008 | Distribution Agreement between PFM and NAMIC | DELANGIO_00069774 | DELANGIO_00069798 | | | |
| 623 | 6/16/2006 | K945250 TrimPort Implantable Access System 510k | DELANGIO_00072873 | DELANGIO_00072930 | | | |
| 624 | 10/7/1991 | K912111 Trim-Port Implantable Access System 510k | DELANGIO_00073138 | DELANGIO_00073183 | | | |
| 625 | 10/31/1990 | Trim-Port Implantable Venous Access System 510k K903364 | DELANGIO_00073308 | DELANGIO_00073390 | Girard 6/27/17 | 524 | |
| 626 | 4/25/2005 | OmniPICC 510k | DELANGIO_00075265 | DELANGIO_00075289 | | | |
| 627 | | INTENTIONALLY OMITTED | | | | | |
| 628 | 10/2/1989 | K853827 Strato 510k | DELANGIO_00082722 | DELANGIO_00082874 | | | |
| 629 | 3/4/1986 | K823838 Infusa-A-Port 510k | DELANGIO_00084011 | DELANGIO_00086998 | | | |
| 630 | N/A | Boston Sci Vaxcel Implantable Vascular Access Systems Design Dossier Design Control Verification | DELANGIO_00091889 | DELANGIO_00091919 | | | |
| 631 | 8/26/2009 | K942623 TrimPort Implantable Access Systems 510k | DELANGIO_00092871 | DELANGIO_00092940 | | | |
| 632 | 4/29/2007 | Young memo re: Oncology Nursing Society 32nd Annual Congress | DELANGIO_00104463 | DELANGIO_00104465 | Smith 5/24/17 | 41 & 42 | |
| 633 | 2008 | Vaxcel Port Directions for Use | DELANGIO_00106559 | DELANGIO_00106570 | | | |
| 634 | Dec-04 | A prospective randomized trial demonstrating valved implantable ports have fewer complications and lower overall cost than nonvalved implantable ports, by Carlo | DELANGIO_00110857 | DELANGIO_00110863 | | | |
| 635 | N/A | Boston Sci Vaxcel Implantable Vascular Access Systems Design Dossier Design Control Verification, Appendix A | DELANGIO_00111191 | DELANGIO_00111256 | | | |
| 636 | N/A | Port descriptions | DELANGIO_00112904 | DELANGIO_00112909 | Girard 6/27/17 | 519 | |
| 637 | | INTENTIONALLY OMITTED | | | | | |
| 638 | | INTENTIONALLY OMITTED | | | | | |
| 639 | 8/28/2013 | Draft Xcela Plus and BioFlo Dual Port Design Validation Protocol | DELANGIO_00117779 | DELANGIO_00117799 | Girard 6/27/17 | 508 | |
| 640 | 8/19/2013 | BioFlo Port Design Validation Plan/Report | DELANGIO_00118618 | DELANGIO_00118650 | Girard 6/27/17; Nardone (Buiser) 5/18/17 | 512 12 | |
| 641 | N/A | BioFlo Port Design Verification Master Plan/Report | DELANGIO_00121127 | DELANGIO_00121218 | Girard 6/27/17 | 513 | |
| 642 | 4/21/2010 | Smart Plastic CT Port Pinterrogatoryram: Phase I Project Justification Form | DELANGIO_00122831 | DELANGIO_00122834 | Chartrand 6/6/17 | 114 | |
| 643 | 5/25/2012 | Project Proven Update powerpoint | DELANGIO_00123709 | DELANGIO_00123733 | Girard 6/27/17; Nardone (Buiser) 5/18/17 | 504 11 | |
| 644 | N/A | Powers' List of Proposed Motions | DELANGIO_00127513 | DELANGIO_00127517 | Eliasen 8/15/17 | 38 | |
| 645 | 2/16/2012 | Zinn Motion 2 | DELANGIO_00127631 | DELANGIO_00127661 | Eliasen 8/15/17 | 43 | |
| 646 | 12/29/2011 | Order - Misc - BD.R. 104(a) | DELANGIO_00127668 | DELANGIO_00127671 | Eliasen 8/15/17 | 39 | |
| 647 | 1/5/2012 | Order - Authorizing Motions - BD.R. 121 | DELANGIO_00127680 | DELANGIO_00127684 | Eliasen 8/15/17 | 40 | |
| 648 | 12/28/2011 | Zinn List of Motions | DELANGIO_00127695 | DELANGIO_00127699 | Eliasen 8/15/17 | 37 | |
| 649 | 1/3/2012 | Zinn Substitute List of Motions | DELANGIO_00127700 | DELANGIO_00127707 | Eliasen 8/15/17 | 41 | |
| 650 | N/A | Kenneth Eliasen CV | DELANGIO_00127730 | DELANGIO_00127731 | Eliasen 6/21/17 | 3 | |
| 651 | 11/10/2011 | Powers Declaration | DELANGIO_00127732 | DELANGIO_00127737 | Eliasen 8/15/17 | 36 | |
| 652 | N/A | Powers' Opposition 2 | DELANGIO_00127750 | DELANGIO_00127794 | Eliasen 8/15/17 | 44 | |
| 653 | 9/11/2012 | Judgment - MERITS - BD.R. 127 | DELANGIO_00127798 | DELANGIO_00127800 | Eliasen 8/15/17 | 46 | |
| 654 | 3/19/2012 | First Declaration of Kenneth Eliasen | DELANGIO_00127849 | DELANGIO_00127862 | Eliasen 8/15/17; Eliasen 6/21/17 | 55 22 | |
| 655 | N/A | Powers' Substitute List of Proposed Motions | DELANGIO_00127913 | DELANGIO_00127913 | Eliasen 8/15/17 | 42 | |
| 656 | 11/30/2011 | Zinn Clean Copy of Claims | DELANGIO_00127998 | DELANGIO_00128003 | Eliasen 8/15/17 | 47 | |
| 657 | 1/22/2013 | Complaint - MedComp v Bard | DELANGIO_00128203 | DELANGIO_00128216 | Eliasen 8/15/17 | 48 | |
| 658 | N/A | Xcela Plus and BioFlo Power Injectable Port Design Verification Competitive Testing Report | DELANGIO_00128801 | DELANGIO_00128814 | Girard 6/27/17 | 516 | |
| 659 | N/A | Access SBU Product Sales spreadsheet | DELANGIO_00152722 | DELANGIO_00152722 | | | |
| 660 | 2013 | VA Swag v2of Access FY13 USA Forecast 4-23-13x | DELANGIO_00153014 | DELANGIO_00153014 | | | |
| 661 | N/A | Venous Access Field Sales Pricing Guidelines spreadsheet | DELANGIO_00153440 | DELANGIO_00153440 | | | |
| 662 | 2006-2014 | FY06 - FY14 Sales - LRP w/o risk in FY14 | DELANGIO_00153443 | DELANGIO_00153443 | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 663 | 2006-2014 | FY06 - FY14 Sales - LRP w/o risk in FY14 | DELANGIO_00153484 | DELANGIO_00153484 | | | |
| 664 | 2006-2014 | FY06 - FY14 Sales - LRP w/o risk in FY14 | DELANGIO_00153556 | DELANGIO_00153556 | | | |
| 665 | 3/21/2012 | Angio Ports Q3 Business Review | DELANGIO_00156717 | DELANGIO_00156735 | Greiner 6/30/17 | 648 | |
| 666 | Nov-09 | Smart Port Low Profile (LP) and Mini (MP) | DELANGIO_00156839 | DELANGIO_00156854 | | | |
| 667 | 9/12/2008 | SmartPort CT Design Input/Output Template | DELANGIO_00159219 | DELANGIO_00159226 | Chartrand 6/6/17 | 123 | |
| 668 | N/A | FDA Reminders | DELANGIO_00159311 | DELANGIO_00159312 | Girard 6/27/17 | 529 | |
| 669 | 2010 | Access Performance - Ports | DELANGIO_00159802 | DELANGIO_00159810 | Greiner 6/30/17 | 646 | |
| 670 | | INTENTIONALLY OMITTED | | | | | |
| 671 | | INTENTIONALLY OMITTED | | | | | |
| 672 | 12/8/2006 | Smith memo re: Vortex Port Capabilities | DELANGIO_00162839 | DELANGIO_00162839 | Smith 5/24/17 | 36 | |
| 673 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185274 | DELANGIO_00185274 | | | |
| 674 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185275 | DELANGIO_00185275 | | | |
| 675 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185276 | DELANGIO_00185276 | | | |
| 676 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185277 | DELANGIO_00185277 | | | |
| 677 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185278 | DELANGIO_00185278 | | | |
| 678 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185279 | DELANGIO_00185279 | | | |
| 679 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185308 | DELANGIO_00185308 | | | |
| 680 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185309 | DELANGIO_00185309 | | | |
| 681 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185310 | DELANGIO_00185310 | | | |
| 682 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185311 | DELANGIO_00185311 | | | |
| 683 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185312 | DELANGIO_00185312 | | | |
| 684 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185313 | DELANGIO_00185313 | | | |
| 685 | 8/14/2001 | Frank Paolicelli email re: 510k Number for Gerard port | DELANGIO_00186851 | DELANGIO_00186851 | | | |
| 686 | N/A | PFM Vascular Access brochure | DELANGIO_00187266 | DELANGIO_00187273 | Kerr 3/23/17 | 28 | |
| 687 | 2002 | Dave Smith Lab Notebook - ELN 02002 | DELANGIO_00201798 | DELANGIO_00201811 | | | |
| 688 | 7/19/2000 | Sterilization Adoption Vaxcel Mini & Standard Port Kits | DELANGIO_00208777 | DELANGIO_00208821 | | | |
| 689 | 8/15/2005 | K051354 Vortex Port Access System 510k | DELANGIO_00213457 | DELANGIO_00213490 | | | |
| 690 | | INTENTIONALLY OMITTED | | | | | |
| 691 | | INTENTIONALLY OMITTED | | | | | |
| 692 | | INTENTIONALLY OMITTED | | | | | |
| 693 | | INTENTIONALLY OMITTED | | | | | |
| 694 | | INTENTIONALLY OMITTED | | | | | |
| 695 | 9/2/1997 | U.S. Patent 5,662,600, Watson et al. | DELANGIO_00234404 | DELANGIO_00234410 | | | |
| 696 | | INTENTIONALLY OMITTED | | | | | |
| 697 | 11/1/2016 | USA Price List Vascular Access 2016 | DELANGIO_00235848 | DELANGIO_00235867 | McTiernan 6/20/17 | 311 | |
| 698 | 6/22/2016 | Towers email re: VA Product Catalog | DELANGIO_00236056 | DELANGIO_00236057 | McTiernan 6/20/17 | 312 | |
| 699 | 2016 | 2016 USA Price List | DELANGIO_00236059 | DELANGIO_00236120 | | | |
| 700 | Oct-15 | Pricing Impact Template HPG 10.2015 spreadsheet | DELANGIO_00236144 | DELANGIO_00236144 | | | |
| 701 | 2016 | Vascular Access FY16 PriceList | DELANGIO_00236225 | DELANGIO_00236249 | | | |
| 702 | 9/8/2016 | US Ports Price List spreadsheet | DELANGIO_00236831 | DELANGIO_00236831 | | | |
| 703 | N/A | Final DAPA AngioDynamics Price List spreadsheet | DELANGIO_00237381 | DELANGIO_00237381 | | | |
| 704 | N/A | AngioDynamics Field Sales Pricing Guidelines Model spreadsheet | DELANGIO_00237387 | DELANGIO_00237387 | | | |
| 705 | 6/20/1990 | Directive 90-385-EEC | DELANGIO_00238372 | DELANGIO_00238391 | | | |
| 706 | | INTENTIONALLY OMITTED | | | | | |
| 707 | | INTENTIONALLY OMITTED | | | | | |
| 708 | | INTENTIONALLY OMITTED | | | | | |
| 709 | Oct-12 | Draft Xcela Plus single lumen port design verification design review report | DELANGIO_00252527 | DELANGIO_00252538 | Girard 6/27/17 | 506 | |
| 710 | | INTENTIONALLY OMITTED | | | | | |
| 711 | 4/30/2013 | Xcela Plus port design transfer design review report (Phase 1 release) | DELANGIO_00257741 | DELANGIO_00257747 | Girard 6/27/17 | 509 | |
| 712 | 1998 | Active Implantable Medical Devices, British Standard, BS EN 45502-1 1998 | DELANGIO_00259045 | DELANGIO_00259074 | | | |
| 713 | 2015 | BioFlo Port SL-DL Brochure | DELANGIO_00260129 | DELANGIO_00260132 | | | |
| 714 | 9/1/2017 | BioFlo Nurse's Guide Clark Expert Report Exhibit II | DELANGIO_00262713 | DELANGIO_00262725 | | | |
| 715 | | INTENTIONALLY OMITTED | | | | | |
| 716 | N/A | Proposal to Obsolete Vaxcel Chest Port and Vaxcel MicroPort | DELANGIO_00264239 | DELANGIO_00264242 | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 717 | N/A | Standard Practice for Surface Preparation and Marking of Metallic Surgical Implants, ASTM F 86 - XX | DELANGIO_00266332 | DELANGIO_00266334 | | | |
| 718 | 2013 | Access FY13 WW Forecast 3-1-13 spreadsheet | DELANGIO_00266410 | DELANGIO_00266410 | | | |
| 719 | 2013 | Access FY13 USA Forecast 3-1-13 spreadsheet | DELANGIO_00266412 | DELANGIO_00266412 | | | |
| 720 | 2013 | Access FY13 WW Forecast 4-1-13 spreadsheet | DELANGIO_00266897 | DELANGIO_00266897 | | | |
| 721 | 2013 | Access FY13 USA Forecast 4-1-13 spreadsheet | DELANGIO_00266899 | DELANGIO_00266899 | | | |
| 722 | 2013 | Access FY14 USA Forecast 8-13-13 spreadsheet | DELANGIO_00270170 | DELANGIO_00270170 | | | |
| 723 | 6/16/1987 | U.S. Patent 4,673,394, Fenton Jr. et al | DELANGIO_00270198 | DELANGIO_00270205 | | | |
| 724 | 2013 | Access FY14 USA Forecast 9-13-13 spreadsheet | DELANGIO_00270786 | DELANGIO_00270786 | | | |
| 725 | 10/21/2013 | BioFlo US Launch Presentation | DELANGIO_00271469 | DELANGIO_00271497 | Chartrand 6/6/17 | 134 | |
| 726 | 2014 | FY14 Strategic Planning Instructions | DELANGIO_00272676 | DELANGIO_00272676 | | | |
| 727 | 2013 | AngioDynamics Pricing Guidelines - Vascular Access spreadsheets | DELANGIO_00273786 | DELANGIO_00273786 | | | |
| 728 | 2014 | Additional Product Price Offering spreadsheet | DELANGIO_00277000 | DELANGIO_00277000 | | | |
| 729 | | INTENTIONALLY OMITTED | | | | | |
| 730 | 3/21/1967 | U.S. Patent 3,310,051, Schulte | DELANGIO_00281682 | DELANGIO_00281684 | | | |
| 731 | 6/13/1995 | U.S. Patent 5,423,334, Jordan | DELANGIO_00285257 | DELANGIO_00285290 | Powers 6/9/17; Vogelzang 12/15/17 | 25 615 | |
| 732 | 2015 | Market Update powerpoint | DELANGIO_00287893 | DELANGIO_00287915 | Greiner 6/30/17 | 649 | |
| 733 | 8/20/1991 | U.S. Patent 5,041,098, Loiterman et al | DELANGIO_00290765 | DELANGIO_00290776 | | | |
| 734 | 11/29/1990 | WO 90/14118 A1, Loiterman et al | DELANGIO_00294558 | DELANGIO_00294588 | | | |
| 735 | | INTENTIONALLY OMITTED | | | | | |
| 736 | | INTENTIONALLY OMITTED | | | | | |
| 737 | 10/4/2007 | U.S. Publication 2007/0233017 A1, Zinn et al | DELANGIO_00334846 | DELANGIO_00334852 | | | |
| 738 | 5/9/1997 | K942784 510k Vortex LP | DELANGIO_00341346 | DELANGIO_00341356 | | | |
| 739 | | INTENTIONALLY OMITTED | | | | | |
| 740 | | INTENTIONALLY OMITTED | | | | | |
| 741 | 9/2/2004 | Boston Sci Memo - 510k on Vaxcel | DELANGIO_00342632 | DELANGIO_00342632 | | | |
| 742 | 1995 | K955587 Premarket Notification | DELANGIO_00342633 | DELANGIO_00342635 | | | |
| 743 | | INTENTIONALLY OMITTED | | | | | |
| 744 | 2002 | K945250 and K964538 Regulatory Affairs page | DELANGIO_00342639 | DELANGIO_00342641 | | | |
| 745 | 1994 | K945250 Premarket Notification | DELANGIO_00342642 | DELANGIO_00342642 | | | |
| 746 | 1996 | K964538 Premarket Notification | DELANGIO_00342643 | DELANGIO_00342645 | | | |
| 747 | 9/2/2004 | Boston Sci Memo - 510k on R-Port | DELANGIO_00342647 | DELANGIO_00342647 | | | |
| 748 | 1993 | K932671 Premarket Notification - R-Port | DELANGIO_00342652 | DELANGIO_00342654 | | | |
| 749 | 1/13/2009 | Letter to File re: Therex R-Port 510k K932671 | DELANGIO_00342655 | DELANGIO_00342655 | | | |
| 750 | 1998 | K982888 Premarket Notification | DELANGIO_00342658 | DELANGIO_00342663 | | | |
| 751 | 10/20/1998 | K982888 Vaxcel 510k | DELANGIO_00342664 | DELANGIO_00342666 | | | |
| 752 | 9/4/1998 | K982888 Vaxcel Memo | DELANGIO_00342667 | DELANGIO_00342669 | | | |
| 753 | 8/17/1998 | K982888 Vaxcel 510k | DELANGIO_00342670 | DELANGIO_00342671 | | | |
| 754 | 8/14/1998 | Vaxcel Premarket Notification | DELANGIO_00342672 | DELANGIO_00342676 | | | |
| 755 | N/A | K955587 TOC | DELANGIO_00342677 | DELANGIO_00342679 | | | |
| 756 | N/A | K955587 Device Description | DELANGIO_00342680 | DELANGIO_00342688 | | | |
| 757 | N/A | K955587 Substantial Equivalence | DELANGIO_00342689 | DELANGIO_00342695 | | | |
| 758 | 11/18/2004 | FDA Symbols on Labels | DELANGIO_00349639 | DELANGIO_00349644 | | | |
| 759 | Jan-02 | JVIR Volume 13, Number 1 | DELANGIO_00349645 | DELANGIO_00349666 | | | |
| 760 | Jan-05 | JVIR, Power Injection of Microcatheters: An In Vitro Comparison, by Brown et al. | DELANGIO_00349667 | DELANGIO_00349676 | | | |
| 761 | Jan-06 | JVIR, CT Angiography of Peripheral Arterial Disease, by Fleischmann et al. | DELANGIO_00349677 | DELANGIO_00349704 | | | |
| 762 | Feb-04 | JVIR, Vortex MP ad | DELANGIO_00349705 | DELANGIO_00349710 | | | |
| 763 | Feb-05 | JVIR, Practice Guideline for Interventional Clinical Practice, by Collaboration | DELANGIO_00349711 | DELANGIO_00349726 | | | |
| 764 | Mar-04 | JVIR, Maximal Flow Rates Possible during Power Injection through Currently Available PICCs: An In Vitro Study, by Salis et al. | DELANGIO_00349727 | DELANGIO_00349738 | Johnson 1/31/18 | 2002 and 2003 | |
| 765 | Mar-06 | JVIR, Efficacy and Safety Results with the LifeSite Hemodialysis Access System versus the Tesio-Cath Hermodialysis Catheter at 12 Months, by Rosenblatt et al. | DELANGIO_00349739 | DELANGIO_00349750 | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 766 | Aug-04 | JVIR, Power Injection of Contrast Media via Peripherally Inserted Central Catheters for CT, by Coyle et al. | DELANGIO_00349751 | DELANGIO_00349760 | | | |
| 767 | Sep-02 | JVIR, Quality Improvement Guidelines for the Reporting and Archiving of Interventional Radiology Procedures, by Omary et al. | DELANGIO_00349761 | DELANGIO_00349768 | | | |
| 768 | Sep-03 | JVIR, Vortex HMP ads | DELANGIO_00349769 | DELANGIO_00349776 | | | |
| 769 | Sep-03 | JVIR, Volume 14, Number 9, Part 2 | DELANGIO_00349777 | DELANGIO_00350124 | | | |
| 770 | 12/8/2006 | Dave Smith Memo re: Vortex Port Capabilities | DELANGIO_00350125 | DELANGIO_00350125 | | | |
| 771 | 1997 | Power Injection of Peripherally Inserted Central Catheters, by Rivitz and Drucker | DELANGIO_00350126 | DELANGIO_00350132 | | | |
| 772 | | INTENTIONALLY OMITTED | | | | | |
| 773 | 3/26/1991 | U.S. Patent 5,002,735, Alberhasky et al | DELANGIO_00350142 | DELANGIO_00350149 | | | |
| 774 | | INTENTIONALLY OMITTED | | | | | |
| 775 | | INTENTIONALLY OMITTED | | | | | |
| 776 | | INTENTIONALLY OMITTED | | | | | |
| 777 | | INTENTIONALLY OMITTED | | | | | |
| 778 | | INTENTIONALLY OMITTED | | | | | |
| 779 | | INTENTIONALLY OMITTED | | | | | |
| 780 | 1/27/2004 | U.S. Patent 6,682,498, Ross | DELANGIO_00350238 | DELANGIO_00350252 | | | |
| 781 | 2002 | Vascular and Interventional Radiology: Principals and Practice, by Bakal et al. | DELANGIO_00350253 | DELANGIO_00350281 | | | |
| 782 | 2004 | Maximum Flow Rates Possible During Power Injection Through Currently Available PICCs: An In-Vitro Study, by Salis et al. | DELANGIO_00350282 | DELANGIO_00350286 | | | |
| 783 | 2001 | Assessing the Adequacy of Peripherally Inserted Central Catheters for Power Injection of Intravenous Contrast Agents for CT, by Williamson and McKinney | DELANGIO_00350287 | DELANGIO_00350292 | | | |
| 784 | N/A | PICCs and Power Injection Literature: Rivitz et al., Williamson and McKinney, Salis et al., and Coyle | DELANGIO_00351037 | DELANGIO_00351070 | | | |
| 785 | 3/1/1983 | K830000 510k Vascular-Access-Port | DELANGIO_00363904 | DELANGIO_00364033 | | | |
| 786 | 5/9/2006 | K051102 510k | DELANGIO_00379783 | DELANGIO_00379838 | | | |
| 787 | 1/26/2007 | HMP Design Review - Att. A | DELANGIO_00382705 | DELANGIO_00382707 | Smith 5/24/17 | 34 | |
| 788 | Jan-01 | HMP IFU | DELANGIO_00408349 | DELANGIO_00408405 | | | |
| 789 | 2/18/2004 | Dave Smith memo re: Evaluation of port catheter radiopacity TR04009 | DELANGIO_00418278 | DELANGIO_00418287 | Kenny 6/7/17 | 210 | |
| 790 | 8/15/2006 | Board of Directors Meeting 2006 | DELANGIO_00442260 | DELANGIO_00442550 | King 5/31/17 | 19 | |
| 791 | | INTENTIONALLY OMITTED | | | | | |
| 792 | | INTENTIONALLY OMITTED | | | | | |
| 793 | 1997 | Vaxcel Port specs | DELANGIO_00452360 | DELANGIO_00452388 | | | |
| 794 | 1996 | Port-A-Cath IFU | DELANGIO_00514498 | DELANGIO_00514514 | | | |
| 795 | N/A | Work Order Smart Port MP | DELANGIO_00514793 | DELANGIO_00514798 | | | |
| 796 | 2017 | U.S. Patent 7,947,022 Appeal Decision | DELANGIO_00519030 | DELANGIO_00519044 | | | |
| 797 | 2016 | U.S. Patent 7,785,302 Reexam Decision | DELANGIO_00524082 | DELANGIO_00524120 | | | |
| 798 | 2017 | U.S. Patent 7,785,302 Appeal Decision | DELANGIO_00524200 | DELANGIO_00524219 | | | |
| 799 | Mar-16 | U.S. Patent 7,947,022 Reexam Decision | DELANGIO_00529220 | DELANGIO_00529302 | | | |
| 800 | Mar-16 | U.S. Patent 7,959,615 Reexam Decision | DELANGIO_00534107 | DELANGIO_00534137 | | | |
| 801 | 2017 | U.S. Patent 7,959,615 Appeal Decision | DELANGIO_00534207 | DELANGIO_00534224 | | | |
| 802 | 11/7/2013 | Raymond Lareau memo re: Letter of Opinion from Bingham McCutchen LLp Dated October 1, 2013 Regarding U.S. Patent 8,546,460 | DELANGIO_00535468 | DELANGIO_00535468 | | | |
| 803 | 2/21/2014 | Raymond Lareau memo re: Letter of Opinion from Bingham McCutchen LLp Dated October 1, 2013 Regarding U.S. Patent 8,546,417 | DELANGIO_00535469 | DELANGIO_00535469 | | | |
| 804 | 8/14/2014 | Mark Girard memo re: Letter of Opinion from Kacvinsky Daisak Bluni, PLLC regarding U.S. Patent 8,805,478 | DELANGIO_00535470 | DELANGIO_00535470 | | | |
| 805 | 2017 | Smart Port US Sales FY2007 - FY2013 | DELANGIO_00535471 | DELANGIO_00535471 | McTiernan 6/20/17 | 310 | |
| 806 | 10/30/2009 | Product Spreadsheet | DELANGIO_00535472 | DELANGIO_00535509 | | | |
| 807 | N/A | Vaxcel package scan | DELANGIO_00535638 | DELANGIO_00535653 | | | |
| 808 | N/A | Vaxcel package scan | DELANGIO_00535654 | DELANGIO_00535678 | | | |
| 809 | N/A | HMP Vortex photo | DELANGIO_00536400 | DELANGIO_00536400 | | | |
| 810 | N/A | HMP Vortex photo | DELANGIO_00536402 | DELANGIO_00536402 | | | |
| 811 | N/A | Triumph photo | DELANGIO_00536404 | DELANGIO_00536404 | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 812 | N/A | Port-a-Cath photo | DELANGIO_00536405 | DELANGIO_00536405 | Johnson 1/31/18 | 2019 | |
| 813 | N/A | Port-a-Cath photo | DELANGIO_00536406 | DELANGIO_00536406 | | | |
| 814 | N/A | Triumph photo | DELANGIO_00536408 | DELANGIO_00536408 | | | |
| 815 | N/A | Vaxcel photo | DELANGIO_00536410 | DELANGIO_00536410 | | | |
| 816 | N/A | Vaxcel photo | DELANGIO_00536412 | DELANGIO_00536412 | | | |
| 817 | N/A | Vaxcel package photo | DELANGIO_00536413 | DELANGIO_00536413 | | | |
| 818 | N/A | Vaxcel package photo | DELANGIO_00536415 | DELANGIO_00536415 | | | |
| 819 | N/A | Triumph package photo | DELANGIO_00536418 | DELANGIO_00536418 | | | |
| 820 | N/A | Vortex package photo | DELANGIO_00536419 | DELANGIO_00536419 | | | |
| 821 | N/A | HMP Vortex MP package photo | DELANGIO_00536420 | DELANGIO_00536420 | | | |
| 822 | N/A | Triumph photo | DELANGIO_00536422 | DELANGIO_00536422 | | | |
| 823 | N/A | Triumph photo | DELANGIO_00536424 | DELANGIO_00536424 | | | |
| 824 | N/A | ACR Manual on Contrast Media, version 5.0 | DELANGIO_00537055 | DELANGIO_00537122 | | | |
| 825 | N/A | BardPort 40-205 photo | DELANGIO_00537123 | DELANGIO_00537123 | | | |
| 826 | N/A | BardPort 50-245 photo | DELANGIO_00537124 | DELANGIO_00537124 | | | |
| 827 | N/A | Bard Port 60-141 photo | DELANGIO_00537125 | DELANGIO_00537125 | | | |
| 828 | N/A | BardPort 40-210 photo | DELANGIO_00537126 | DELANGIO_00537126 | Johnson 1/31/18 | 2012 & 2013 | |
| 829 | N/A | Bard Port 50-197 photo | DELANGIO_00537127 | DELANGIO_00537127 | | | |
| 830 | N/A | Bard Port 60-157 photo | DELANGIO_00537128 | DELANGIO_00537128 | | | |
| 831 | N/A | Bard Port 40-207 photo | DELANGIO_00537129 | DELANGIO_00537129 | | | |
| 832 | N/A | Bard Port 50-200 photo | DELANGIO_00537130 | DELANGIO_00537130 | | | |
| 833 | N/A | Bard Port 60-149 photo | DELANGIO_00537131 | DELANGIO_00537131 | | | |
| 834 | N/A | HMP Vortex x-ray | DELANGIO_00537132 | DELANGIO_00537132 | | | |
| 835 | N/A | HMP Vortex x-ray | DELANGIO_00537133 | DELANGIO_00537133 | | | |
| 836 | N/A | HMP Vortex x-ray | DELANGIO_00537134 | DELANGIO_00537134 | | | |
| 837 | N/A | Port x-ray kV 40 mA 129 | DELANGIO_00537135 | DELANGIO_00537135 | | | |
| 838 | N/A | Port x-ray kV 40 mA 136 | DELANGIO_00537136 | DELANGIO_00537136 | | | |
| 839 | N/A | Port x-ray kV 40 mA 136 | DELANGIO_00537137 | DELANGIO_00537137 | | | |
| 840 | N/A | Port x-ray kV 40 mA 149 | DELANGIO_00537138 | DELANGIO_00537138 | | | |
| 841 | N/A | Port x-ray kV 40 mA 154 | DELANGIO_00537139 | DELANGIO_00537139 | | | |
| 842 | N/A | Port x-ray kV 40 mA 154 | DELANGIO_00537140 | DELANGIO_00537140 | | | |
| 843 | N/A | Port x-ray | DELANGIO_00537141 | DELANGIO_00537141 | | | |
| 844 | N/A | Port x-ray | DELANGIO_00537142 | DELANGIO_00537142 | | | |
| 845 | N/A | Port x-ray | DELANGIO_00537143 | DELANGIO_00537143 | | | |
| 846 | N/A | Port x-ray | DELANGIO_00537144 | DELANGIO_00537144 | | | |
| 847 | N/A | Port x-ray | DELANGIO_00537145 | DELANGIO_00537145 | | | |
| 848 | N/A | Port x-ray | DELANGIO_00537146 | DELANGIO_00537146 | | | |
| 849 | N/A | Port x-ray | DELANGIO_00537147 | DELANGIO_00537147 | | | |
| 850 | N/A | Port x-ray | DELANGIO_00537148 | DELANGIO_00537148 | | | |
| 851 | N/A | Port x-ray | DELANGIO_00537149 | DELANGIO_00537149 | | | |
| 852 | N/A | Port x-ray | DELANGIO_00537150 | DELANGIO_00537150 | | | |
| 853 | N/A | Port x-ray | DELANGIO_00537151 | DELANGIO_00537151 | | | |
| 854 | N/A | Port x-ray | DELANGIO_00537152 | DELANGIO_00537152 | | | |
| 855 | N/A | Port x-ray | DELANGIO_00537153 | DELANGIO_00537153 | | | |
| 856 | N/A | Port x-ray | DELANGIO_00537154 | DELANGIO_00537154 | | | |
| 857 | N/A | Port x-ray | DELANGIO_00537155 | DELANGIO_00537155 | | | |
| 858 | N/A | Port x-ray | DELANGIO_00537156 | DELANGIO_00537156 | | | |
| 859 | N/A | ASTM F 983 – 86: Standard Practice for Permanent Marking of Orthopaedic Implant Components | DELANGIO_00537157 | DELANGIO_00537158 | | | |
| 860 | N/A | Packaged IsoMed specimen | DELANGIO_00537159 | DELANGIO_00537159 | | | |
| 861 | Apr-15 | Vital-Port Vascular Access System manual | DELANGIO_00537172 | DELANGIO_00537255 | Clark 12/7/17 | 1010 | |
| 862 | 9/30/2008 | Cook Vital-Port 510k | DELANGIO_00538917 | DELANGIO_00538921 | Scott 10/24/17 | 23 | |
| 863 | | INTENTIONALLY OMITTED | | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 864 | N/A | Bard Port x-ray | DELANGIO_00538953 | DELANGIO_00538953 | Johnson 1/31/18 | 2016 | |
| 865 | 3/28/2012 | Eliasen Deposition in Zinn v Powers | ELIASEN 0000001 | ELIASEN 0000113 | Eliasen 6/21/17 | 2 | |
| 866 | | INTENTIONALLY OMITTED | | | | | |
| 867 | | INTENTIONALLY OMITTED | | | | | |
| 868 | | INTENTIONALLY OMITTED | | | | | |
| 869 | | INTENTIONALLY OMITTED | | | | | |
| 870 | | INTENTIONALLY OMITTED | | | | | |
| 871 | 1/1/2008 | K073210 Design Control Requirement Specifications Design Review | PFM000265 | PFM000279 | Kerr 3/23/17 | 21 | |
| 872 | 2006 | PFM Medical Port Products by Quarter 2006 | PFM000942 | PFM000956 | Kerr 3/23/17 | 19 | |
| 873 | 6/9/2008 | Distribution Agreement between PFM and Navilyst | PFM000957 | PFM001013 | Kerr 3/23/17 | 20 | |
| 874 | 1/20/2009 | First Amendment to the Distribution Agreement between PFM and Navilyst | PFM001014 | PFM001025 | Kerr 3/23/17 | 22 | |
| 875 | 12/7/2009 | Second Amendment to the Distribution Agreement between PFM and Navilyst | PFM001026 | PFM001030 | Kerr 3/23/17 | 23 | |
| 876 | 10/19/2011 | Third Amendment to the Distribution Agreement between PFM and Navilyst | PFM001031 | PFM001035 | Kerr 3/23/17 | 24 | |
| 877 | 4/22/2013 | Fourth Amendment to the Distribution Agreement between PFM and Navilyst | PFM001036 | PFM001039 | Kerr 3/23/17 | 25 | |
| 878 | 12/23/2013 | Fifth Amendment to the Distribution Agreement between PFM and Navilyst | PFM001040 | PFM001043 | Kerr 3/23/17 | 26 | |
| 879 | Dec-14 | Sixth Amendment to the Distribution Agreement between PFM and Navilyst | PFM001044 | PFM001047 | Kerr 3/23/17 | 27 | |
| 880 | | INTENTIONALLY OMITTED | | | | | |
| 881 | 2012 | Column Labels 2012 | PRIMO_0000005 | PRIMO_0000005 | LaPlante (PRIMO) 5/24/17 | 19 | |
| 882 | 10/31/2017 | Bard Royalty Income 10-31-17 | PRIMO_ANG_00000001 | PRIMO_ANG_00000001 | Tallarida 11/28/17 | 11 | |
| 883 | 4/5/2002 | Single Intermediate Access Port Project | PRIMO_ANG_00000002 | PRIMO_ANG_00000052 | Tallarida 11/28/17 | 30 | |
| 884 | 6/23/2006 | Titanium ISP (X-port) Close Project | PRIMO_ANG_00000516 | PRIMO_ANG_00000690 | Tallarida 11/28/17 | 31 | |
| 885 | 6/23/2006 | Titanium Power Port | PRIMO_ANG_00000691 | PRIMO_ANG_00000978 | Tallarida 11/28/17 | 32 | |
| 886 | 7/11/2004 | In-Vitro Assessment of Flushing Efficacy Post-Blood Sampling from a Subcutaneous Port | PRIMO_ANG_00000980 | PRIMO_ANG_00000981 | Tallarida 11/28/17 | 25 | |
| 887 | 7/29/2004 | Sample port residual blood volume study | PRIMO_ANG_00000982 | PRIMO_ANG_00000982 | Tallarida 11/28/17 | 26 | |
| 888 | N/A | Bard Market share | PRIMO_ANG_00000983 | PRIMO_ANG_00000983 | Tallarida 11/28/17 | 29 | |
| 889 | N/A | Cyclone port data | PRIMO_ANG_00000984 | PRIMO_ANG_00000985 | Tallarida 11/28/17 | 27 | |
| 890 | N/A | Cyclone port data | PRIMO_ANG_00000986 | PRIMO_ANG_00000987 | Tallarida 11/28/17 | 28 | |
| 891 | N/A | STD Invention Disclosure: Infusion Port with Rapid Reservoir Clearance | PRIMO_ANG_00000989 | PRIMO_ANG_00000992 | Tallarida 11/28/17 | 20 | |
| 892 | N/A | X-Port Cyclone | PRIMO_ANG_00000993 | PRIMO_ANG_00000995 | Tallarida 11/28/17 | 21 | |
| 893 | N/A | Port base with spheres (assembly) | PRIMO_ANG_00000997 | PRIMO_ANG_00001003 | Tallarida 11/28/17 | 24 | |
| 894 | 11/19/2003 | STD Invention Disclosure: Infusion Port with Rapid Reservoir Clearance | PRIMO_ANG_0000989 | PRIMO_ANG_0000992 | | | |
| 895 | | INTENTIONALLY OMITTED | | | | | |
| 896 | 10/25/2016 | U.S. Patent 9,474,888, Wiley et al | | | Eliasen 6/21/17; Hibdon 6/23/17; Johnson 1/31/18 | 24 48 2014 | |
| 897 | | INTENTIONALLY OMITTED | | | | | |
| 898 | 2011 | Xcela power injectable ports brochure | | | Nardone (Buiser) 5/18/17 | 6 | |
| 899 | 2003 | Bard Port brochure (Exhibit 1002) | | | Tallarida 11/28/17 | 18 | |
| 900 | 3/27/2004 | Consulting Agreement | | | Vogelzang 1/18/17 | 7 | |
| 901 | | INTENTIONALLY OMITTED | | | | | |
| 902 | | INTENTIONALLY OMITTED | | | | | |
| 903 | | INTENTIONALLY OMITTED | | | | | |
| 904 | | INTENTIONALLY OMITTED | | | | | |
| 905 | | INTENTIONALLY OMITTED | | | | | |
| 906 | | INTENTIONALLY OMITTED | | | | | |
| 907 | | INTENTIONALLY OMITTED | | | | | |
| 908 | | INTENTIONALLY OMITTED | | | | | |
| 909 | | INTENTIONALLY OMITTED | | | | | |
| 910 | | INTENTIONALLY OMITTED | | | | | |
| 911 | | INTENTIONALLY OMITTED | | | | | |
| 912 | | INTENTIONALLY OMITTED | | | | | |
| 913 | | INTENTIONALLY OMITTED | | | | | |
| 914 | | INTENTIONALLY OMITTED | | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 915 | | INTENTIONALLY OMITTED | | | | | |
| 916 | | INTENTIONALLY OMITTED | | | | | |
| 917 | | INTENTIONALLY OMITTED | | | | | |
| 918 | | INTENTIONALLY OMITTED | | | | | |
| 919 | | INTENTIONALLY OMITTED | | | | | |
| 920 | | INTENTIONALLY OMITTED | | | | | |
| 921 | | INTENTIONALLY OMITTED | | | | | |
| 922 | | INTENTIONALLY OMITTED | | | | | |
| 923 | | INTENTIONALLY OMITTED | | | | | |
| 924 | | INTENTIONALLY OMITTED | | | | | |
| 925 | | INTENTIONALLY OMITTED | | | | | |
| 926 | | INTENTIONALLY OMITTED | | | | | |
| 927 | | INTENTIONALLY OMITTED | | | | | |
| 928 | | INTENTIONALLY OMITTED | | | | | |
| 929 | | INTENTIONALLY OMITTED | | | | | |
| 930 | | INTENTIONALLY OMITTED | | | | | |
| 931 | | INTENTIONALLY OMITTED | | | | | |
| 932 | | INTENTIONALLY OMITTED | | | | | |
| 933 | | INTENTIONALLY OMITTED | | | | | |
| 934 | N/A | Sales Analysis: Vaccess CT | | | Acuna 6/9/17 | 5 | |
| 935 | N/A | Ports: Project Review | | | Acuna 6/9/17 | 9 | |
| 936 | N/A | Port Franchise Focus presentation | | | Acuna 6/9/17 | 16 | |
| 937 | N/A | Ports: Sales Training Module | | | Acuna 6/9/17 | 17 | |
| 938 | N/A | Cancer presentation | | | Acuna 6/9/17 | 18 | |
| 939 | 9/29/2017 | Christopher Bakewell Rebuttal Expert Report | | | Bakewell 1/11/18 | 701 | |
| 940 | 12/1/2017 | Christopher Bakewell Supplemental Expert Report | | | Bakewell 1/11/18 | 702 | |
| 941 | 12/6/2017 | Christopher Bakewell Supplemental Expert Report | | | Bakewell 1/11/18 | 703 | |
| 942 | | INTENTIONALLY OMITTED | | | | | |
| 943 | | INTENTIONALLY OMITTED | | | | | |
| 944 | | INTENTIONALLY OMITTED | | | | | |
| 945 | | INTENTIONALLY OMITTED | | | | | |
| 946 | | INTENTIONALLY OMITTED | | | | | |
| 947 | | INTENTIONALLY OMITTED | | | | | |
| 948 | | INTENTIONALLY OMITTED | | | | | |
| 949 | | INTENTIONALLY OMITTED | | | | | |
| 950 | | INTENTIONALLY OMITTED | | | | | |
| 951 | | INTENTIONALLY OMITTED | | | | | |
| 952 | | INTENTIONALLY OMITTED | | | | | |
| 953 | | INTENTIONALLY OMITTED | | | | | |
| 954 | N/A | Ports: Sales Training Module | | | Boswell 5/26/17 | 3 | |
| 955 | N/A | PowerPort and PowerLoc System powerpoint | | | Boswell 5/26/17 | 8 | |
| 956 | | INTENTIONALLY OMITTED | | | | | |
| 957 | | INTENTIONALLY OMITTED | | | | | |
| 958 | | INTENTIONALLY OMITTED | | | | | |
| 959 | 8/12/2008 | U.S. Patent D574,950 S, Zawacki et al. | | | Boswell 5/26/17 | 40 | |
| 960 | 3/23/2010 | U.S. Patent D612,479 S, Zawacki et al | | | Boswell 5/26/17 | 41 | |
| 961 | | INTENTIONALLY OMITTED | | | | | |
| 962 | N/A | SmartPort webpage | | | Chartrand 6/6/17 | 139 | |
| 963 | N/A | BioFlo Ports with Endexo Technology webpage | | | Chartrand 6/6/17 | 140 | |
| 964 | N/A | Xcela Power Injectable Ports webpage | | | Chartrand 6/6/17 | 141 | |
| 965 | N/A | Xcela Plus Ports webpage | | | Chartrand 6/6/17 | 142 | |
| 966 | | INTENTIONALLY OMITTED | | | | | |
| 967 | | INTENTIONALLY OMITTED | | | | | |
| 968 | | INTENTIONALLY OMITTED | | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 969 | N/A | Picture of a port | | | Clark 2/23/17 | 9 | |
| 970 | 12/31/2013 | U.S. Patent 8,617,044, Pelgrim et al. | | | Cox 12/13/17 | 5 | |
| 971 | 10/7/2015 | Law360, Misuse of patent citation analysis in Finjan v. Blue Coat | | | Cox 12/13/17 | 6 | |
| 972 | 1/13/2004 | U.S. Patent 6,676,633, Smith et al | | | Cox 12/13/17 | 10 | |
| 973 | | INTENTIONALLY OMITTED | | | | | |
| 974 | | INTENTIONALLY OMITTED | | | | | |
| 975 | | INTENTIONALLY OMITTED | | | | | |
| 976 | N/A | 37 C.F.R. Sec. 41.202 Suggestion of an Interference | | | Eliasen 8/15/17 | 52 | |
| 977 | 10/28/2009 | Eliasen Declaration | | | Eliasen 8/15/17 | 53 | |
| 978 | N/A | Application | | | Eliasen 8/15/17 | 54 | |
| 979 | | INTENTIONALLY OMITTED | | | | | |
| 980 | | INTENTIONALLY OMITTED | | | | | |
| 981 | 3/4/2005 | 60/658,518 File History | | | Eliasen 6/21/17 | 23 | |
| 982 | 10/12/2010 | U.S. Patent 7,811,266, Eliasen | | | Eliasen 6/21/17; Tallarida 11/28/17 | 25 23 | |
| 983 | 4/10/2001 | U.S. Patent 6,213,973, Eliasen et al | | | Eliasen 6/21/17 | 27 | |
| 984 | 2/19/2013 | U.S. Patent 8,377,034, Tallarida | | | Eliasen 6/21/17 | 28 | |
| 985 | 12/9/2014 | U.S. Patent 8,905,916, Jacobs et al | | | Eliasen 6/21/17 | 29 | |
| 986 | 12/8/2009 | U.S. Patent 7,628,306, Spurchise et al | | | Eliasen 6/21/17 | 30 | |
| 987 | 2017 | Scientific & Historical Armamentarium of Related Key Data | | | Girard 6/27/17 | 531 | |
| 988 | | INTENTIONALLY OMITTED | | | | | |
| 989 | | INTENTIONALLY OMITTED | | | | | |
| 990 | | INTENTIONALLY OMITTED | | | | | |
| 991 | | INTENTIONALLY OMITTED | | | | | |
| 992 | 8/31/2010 | U.S. Patent 7,785,302, Powers | | | Eliasen 8/15/17; Herron 10/5/17; King 5/31/17; Powers 6/9/17 | 50 11 40 32 | |
| 993 | 5/24/2011 | U.S. Patent 7,947,022, Amin | | | Herron 10/5/17; King 5/31/17; Powers 6/9/17; Sheetz 6/5/17 | 12 41 33 40 | |
| 994 | | INTENTIONALLY OMITTED | | | | | |
| 995 | | INTENTIONALLY OMITTED | | | | | |
| 996 | 10/4/2017 | Bard's Fifth Privilege Log | | | Herron 10/5/17 | 30 | |
| 997 | N/A | IP Patent Coverage webpage | | | Herron 10/5/17 | 32 | |
| 998 | | INTENTIONALLY OMITTED | | | | | |
| 999 | | INTENTIONALLY OMITTED | | | | | |
| 1000 | 3/11/2003 | Bard Corporate R&D Review | | | Hibdon 6/23/17 | 35 | |
| 1001 | Jun-09 | Port Product Line Forecast Meeting | | | Hibdon 6/23/17 | 36 | |
| 1002 | N/A | Ports presentation | | | Hibdon 6/23/17 | 37 | |
| 1003 | 4/27/2004 | Bard NPD Review | | | Hibdon 6/23/17 | 38 | |
| 1004 | N/A | File History for 60/737,466 | | | Hibdon 6/23/17 | 39 | |
| 1005 | N/A | Request to Correct Inventorship Under 37 C.F.R. Section 1.48(a) | | | Hibdon 6/23/17 | 43 | |
| 1006 | 11/24/2011 | U.S. Publication 2011/0288502, Hibdon | | | Hibdon 6/23/17 | 46 | |
| 1007 | 9/29/2017 | Dr. Johnson's Report Appendices | | | Johnson 1/31/18 | 2007 | |
| 1008 | 5/11/2010 | U.S. Patent 7,713,251, Tallarida | | | Johnson 1/31/18; Tallarida 11/28/17 | 2011 7 | |
| 1009 | N/A | Bard Port x-rays | | | Johnson 1/31/18 | 2015 | |
| 1010 | | INTENTIONALLY OMITTED | | | | | |
| 1011 | | INTENTIONALLY OMITTED | | | | | |
| 1012 | | INTENTIONALLY OMITTED | | | | | |
| 1013 | 3/11/2015 | First Amended Complaint in Angio v. Norfolk case | | | King 5/31/17 | 2 | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.

September 1, 2022

C.A. No. 15-218-JFB-SRF

Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 1014 | 1/6/2015 | U.S. Patent 8,926,573, Smith | | | King 5/31/17; Vogelzang 12/15/17 | 3 618 | |
| 1015 | 5/15/2014 | Patent Assignments | | | King 5/31/17 | 6 | |
| 1016 | 6/2/1998 | Patent Assignment between Norfolk and HMP | | | King 5/31/17 | 7 | |
| 1017 | 4/5/2007 | U.S. Publication 2007/0078391, Wortley | | | King 5/31/17 | 12 | |
| 1018 | 9/30/2005 | Provisional App for 60/722,800 | | | King 5/31/17 | 14 | |
| 1019 | | INTENTIONALLY OMITTED | | | | | |
| 1020 | 11/30/2015 | Journal Entry #37 Vortex/BV Amortization | | | King 5/31/17 | 21 | |
| 1021 | 6/24/2016 | Initial Invalidity Contentions | | | King 5/31/17 | 23 | |
| 1022 | N/A | Exhibit A10 to '417 | | | King 5/31/17 | 24 | |
| 1023 | N/A | Exhibit A11 to '417 | | | King 5/31/17 | 26 | |
| 1024 | 3/15/2017 | Angio's Identification of Invalidity References | | | King 5/31/17 | 27 | |
| 1025 | | INTENTIONALLY OMITTED | | | | | |
| 1026 | | INTENTIONALLY OMITTED | | | | | |
| 1027 | | INTENTIONALLY OMITTED | | | | | |
| 1028 | N/A | sales spreadsheet | | | McTiernan 6/20/17 | 302 | |
| 1029 | 6/13/2017 | Twice Updated Sales Figures Disclosure | | | McTiernan 6/20/17 | 306 | |
| 1030 | N/A | Smart Port CT physical exhibit | | | McTiernan 6/20/17 | 307 | |
| 1031 | N/A | Smart Port CT physical exhibit | | | McTiernan 6/20/17 | 308 | |
| 1032 | N/A | Navilyst list prices | | | McTiernan 6/20/17 | 313 | |
| 1033 | N/A | BioFlo Ports w/ PASV Valve Technology Price list | | | McTiernan 6/20/17 | 314 | |
| 1034 | N/A | Field Sales Pricing Guidelines | | | McTiernan 6/20/17 | 315 | |
| 1035 | N/A | Price List spreadsheet | | | McTiernan 6/20/17 | 316 | |
| 1036 | N/A | Vascular Access Field Sales Pricing Guidelines | | | McTiernan 6/20/17 | 317 | |
| 1037 | N/A | sales spreadsheet | | | McTiernan 6/20/17 | 320 | |
| 1038 | N/A | sales spreadsheet | | | McTiernan 6/20/17 | 321 | |
| 1039 | N/A | sales spreadsheet | | | McTiernan 6/20/17 | 322 | |
| 1040 | N/A | FY14 Strategic Planning Instructions | | | McTiernan 6/20/17 | 323 | |
| 1041 | N/A | Port-Product Family Summary spreadsheet | | | Ochoa 5/26/17 | 3 | |
| 1042 | | INTENTIONALLY OMITTED | | | | | |
| 1043 | | INTENTIONALLY OMITTED | | | | | |
| 1044 | | INTENTIONALLY OMITTED | | | | | |
| 1045 | | INTENTIONALLY OMITTED | | | | | |
| 1046 | 4/27/2005 | Provisional App for 60/875,309 | | | Powers 6/9/17 | 23 | |
| 1047 | | INTENTIONALLY OMITTED | | | | | |
| 1048 | 10/5/2006 | U.S. Publication 2006/0224129, Beasley | | | Powers 6/9/17 | 27 | |
| 1049 | N/A | Patent Assignment Cover Sheet | | | Rosenzweig 8/17/17 | 3 | |
| 1050 | | INTENTIONALLY OMITTED | | | | | |
| 1051 | | INTENTIONALLY OMITTED | | | | | |
| 1052 | | INTENTIONALLY OMITTED | | | | | |
| 1053 | N/A | Power Port Port System Flow Evaluation | | | Sheetz 6/5/17 | 10 | |
| 1054 | | INTENTIONALLY OMITTED | | | | | |
| 1055 | | INTENTIONALLY OMITTED | | | | | |
| 1056 | | INTENTIONALLY OMITTED | | | | | |
| 1057 | 12/17/2013 | U.S. Patent 8,608,713, Beasley | | | Tallarida 11/28/17; Vogelzang 12/13/17 | 9 609 | |
| 1058 | 7/31/2015 | Declaration of Stephen J. Tallarida vs. USP No. 8,852,160 | | | Tallarida 11/28/17 | 15 | |
| 1059 | 7/27/2015 | English translation of French patent no. 1,509,165 | | | Tallarida 11/28/17 | 16 | |
| 1060 | N/A | Smart Port package photo | | | Vogelzang 12/13/17 | 604 | |
| 1061 | N/A | Smart Port package photo | | | Vogelzang 12/13/17 | 605 | |
| 1062 | N/A | BioFlo Port package photo | | | Vogelzang 12/13/17 | 606 | |
| 1063 | 12/1/2017 | Vogelzang's Supplemental Expert Report on Invalidity | | | Vogelzang 12/15/17 | 612 | |
| 1064 | | INTENTIONALLY OMITTED | | | | | |
| 1065 | 3/27/2003 | Consulting Agreement | | | Vogelzang 1/18/17 | 2 | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 1066 | | INTENTIONALLY OMITTED | | | | | |
| 1067 | | INTENTIONALLY OMITTED | | | | | |
| 1068 | | INTENTIONALLY OMITTED | | | | | |
| 1069 | 2/5/2004 | Business Contracts Check-In Form | | | Vogelzang 1/18/17 | 6 | |
| 1070 | 3/22/2005 | Consulting Agreement | | | Vogelzang 1/18/17 | 8 | |
| 1071 | | INTENTIONALLY OMITTED | | | | | |
| 1072 | | INTENTIONALLY OMITTED | | | | | |
| 1073 | | INTENTIONALLY OMITTED | | | | | |
| 1074 | 9/1/2017 | Robert Vogelzang Opening Invalidity Report | | | Vogelzang 12/15/17 | 610 | |
| 1075 | 9/30/2017 | Robert Vogelzang Rebuttal Infringement Report | | | Clark 12/7/17; Vogelzang 12/13/17 | 1011 600 | |
| 1076 | 12/6/2017 | Robert Vogelzang Additional Expert Report | | | | | |
| 1077 | 12/12/2017 | Christopher Bakewell Supplemental Expert Report | | | Bakewell 1/11/18 | 704 | |
| 1078 | 12/6/2017 | Attachment C to Bakewell's Expert Report | | | Bakewell 1/11/18 | 705 | |
| 1079 | 9/29/2017 | Exhibits to Bakewell Expert Report | | | Bakewell 1/11/18 | 706 | |
| 1080 | 2014 | U.S. Market for Vascular Access Devices and Accessories, iData Research (excerpts) | BARD_AD_1678064 | BARD_AD_1678377 | Bakewell 1/11/18 | 709 | |
| 1081 | 9/29/2017 | Attachment A to Bakewell's Expert Report | | | Bakewell 1/11/18 | 710 | |
| 1082 | | INTENTIONALLY OMITTED | | | | | |
| 1083 | | INTENTIONALLY OMITTED | | | | | |
| 1084 | | INTENTIONALLY OMITTED | | | | | |
| 1085 | | INTENTIONALLY OMITTED | | | | | |
| 1086 | | INTENTIONALLY OMITTED | | | | | |
| 1087 | | INTENTIONALLY OMITTED | | | | | |
| 1088 | | INTENTIONALLY OMITTED | | | | | |
| 1089 | | INTENTIONALLY OMITTED | | | | | |
| 1090 | | INTENTIONALLY OMITTED | | | | | |
| 1091 | | INTENTIONALLY OMITTED | | | | | |
| 1092 | | INTENTIONALLY OMITTED | | | | | |
| 1093 | 9/1/2017 | List of Materials Considered Clark Expert Report Exhibit C | | | | | |
| 1094 | 9/1/2017 | Smart Port Guidelines Clark Expert Report Exhibit GG | | | | | |
| 1095 | 9/1/2017 | Infringement Chart for 478 Clark Expert Report Exhibit JJ | | | | | |
| 1096 | 9/1/2017 | Smart Port Guidelines for Health Care Providers Wayback Machine page Clark Expert Report Exhibit KK | | | | | |
| 1097 | 11/30/2017 | PowerFlow CT Guide Clark Expert Report Exhibit MM | | | | | |
| 1098 | 11/30/2017 | List of Materials Considered Clark Expert Report Appendix A | | | | | |
| 1099 | | INTENTIONALLY OMITTED | | | | | |
| 1100 | N/A | Port-a-Cath physical exhibit | | | | | |
| 1101 | N/A | Triumph physical exhibit | | | | | |
| 1102 | N/A | Low-Profile Triumph physical exhibit | | | | | |
| 1103 | N/A | Vortex MP physical exhibit | | | | | |
| 1104 | N/A | Vaxcel physical exhibit | | | | | |
| 1104A | N/A | Vaxcel physical exhibit A | | | | | |
| 1104B | N/A | Vaxcel physical exhibit B | | | | | |
| 1104C | N/A | Vaxcel physical exhibit C | | | | | |
| 1104D | N/A | Vaxcel physical exhibit D | | | | | |
| 1104E | N/A | Vaxcel physical exhibit E | | | | | |
| 1104F | N/A | Vaxcel physical exhibit F | | | | | |
| 1105 | 5/22/2017 | Request for Trial for Invalidation | | | | | |
| 1106 | Jan-05 | JSAIR IVR Interventional Radiology vol. 20 No. 1 | | | | | |
| 1107 | 2002 | Japanese product instructions | | | | | |
| 1108 | 12/12/2017 | Attachment A to Bakewell's Expert Report | | | | | |
| 1109 | 9/29/2017 | Exhibit 1.0 to Christopher Bakewell's Expert Report | | | | | |
| 1110 | 9/29/2017 | Exhibit 1.1 to Christopher Bakewell's Expert Report | | | | | |
| 1111 | 9/29/2017 | Exhibit 2.0 to Christopher Bakewell's Expert Report | | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 1112 | 9/29/2017 | Exhibit 2.1 to Christopher Bakewell's Expert Report | | | | | |
| 1113 | 9/29/2017 | Exhibit 2.2 to Christopher Bakewell's Expert Report | | | | | |
| 1114 | 9/29/2017 | Exhibit 2.3 to Christopher Bakewell's Expert Report | | | | | |
| 1115 | 9/29/2017 | Exhibit 2.4 to Christopher Bakewell's Expert Report | | | | | |
| 1116 | 9/29/2017 | Exhibit 2.5 to Christopher Bakewell's Expert Report | | | | | |
| 1117 | 9/29/2017 | Exhibit 2.6 to Christopher Bakewell's Expert Report | | | | | |
| 1118 | 9/29/2017 | Exhibit 2.7 to Christopher Bakewell's Expert Report | | | | | |
| 1119 | 9/29/2017 | Exhibit 3.0 to Christopher Bakewell's Expert Report | | | | | |
| 1120 | 9/29/2017 | Exhibit 3.1 to Christopher Bakewell's Expert Report | | | | | |
| 1121 | 9/29/2017 | Exhibit 3.2 to Christopher Bakewell's Expert Report | | | | | |
| 1122 | 9/29/2017 | Exhibit 4.0 to Christopher Bakewell's Expert Report | | | | | |
| 1123 | 9/29/2017 | Exhibit 5.0 to Christopher Bakewell's Expert Report | | | | | |
| 1124 | 9/29/2017 | Exhibit 5.1 to Christopher Bakewell's Expert Report | | | | | |
| 1125 | 9/29/2017 | Exhibit 6.0 to Christopher Bakewell's Expert Report | | | | | |
| 1126 | N/A | Dr. Robert Vogelzang CV | | | | | |
| 1127 | N/A | Christopher Bakewell CV | | | | | |
| 1128 | 5/16/2017 | Bard's Second Supplemental Response to AngioDynamics's Interrogatory No. 1 | | | | | |
| 1129 | 10/24/2016 | Bard's Responses to AngioDynamics's Fifth Set Interrogatories (No. 13) | | | | | |
| 1130 | 10/3/2016 | Bard's Response to AngioDynamics's Fourth Set of Interrogatories (Nos. 11-12) | | | | | |
| 1131 | 5/18/2017 | Bard's Amended Response to AngioDynamics's Interrogatory No. 4 | | | | | |
| 1132 | | INTENTIONALLY OMITTED | | | | | |
| 1133 | 5/18/2017 | Bard's First Supplemental and Amended Responses to AngioDynamics's Interrogatory No. 9 | | | | | |
| 1134 | 5/23/2016 | Bard's Responses to AngioDynamics's Second Set of Interrogatories (Nos. 4-8) | | | | | |
| 1135 | 5/26/2017 | Bard's Responses to AngioDynamics's Sixth Set of Interrogatories | | | | | |
| 1136 | 5/5/2016 | Bard's Responses to AngioDynamics's First Set of Interrogatories (Nos. 1-3) | | | | | |
| 1137 | 5/16/2017 | Bard First Supplemental Respsonses to AngioDynamics's Fourth Set of Interrogatories (Nos. 11-12) | | | | | |
| 1138 | 5/23/2016 | Bard's Supplemental Response to AngioDynamics's Interrogatory No. 1 | | | | | |
| 1139 | 9/8/2016 | Bard s Responses to AngioDynamics's Third Set of Interrogatories | | | | | |
| 1140 | N/A | Samples of the Accused Products | | | | | |
| 1141 | N/A | Samples of the prior art devices | | | | | |
| 1142 | N/A | Port-a-Cath x-ray photo | DELANGIO_00538959 | DELANGIO_00538959 | | | |
| | | Summary Judgment Ex. 141, ANG_SJ_000490 | | | | | |
| 1143 | | BioFlo PICC 510(k) | DELANGIO_00537257 | DELANGIO_00537910 | | | |
| 1144 | 6/7/2013 | Navilyst Premarket Notification - Abbreviated 510k NMI Port II | DELANGIO_00071332 | DELANGIO_00072866 | | | |
| 1145 | 4/4/2009 | Annemarie Boswell email re: Angio-D CT Port | BARD_AD_0603661 | BARD_AD_0603661 | | | |
| 1146 | 6/12/2017 | Bard's Responses to Angio's Requests for Admission | | | | | |
| 1147 | 9/10/2009 | US Publication No. 2009/0227862 A1, Smith et al. | | | | | |
| 1148 | 2/14/2006 | US Patent 6,997,914, Smith et al. | BARD_AD_1769453 | BARD_AD_1769463 | | | |
| 1149 | 8/27/2006 | John Zawacki email re: Lessons learned meeting notes | BARD_AD_0955123 | BARD_AD_0955124 | | | |
| 1150 | N/A | Filings related to 14/556,660 and 14/171,364, and correspondence | | | | | |
| 1151 | 4/19/2001 | Guidance on Medical Device Patient Labeling; Final Guidance for Industry and FDA Reviewers | DELANGIO_0349520 | DELANGIO_00349573 | | | |
| 1152 | 8/20/2015 | Power-Injectable Implantable Ports with ChronoFlex Polyurethane Catherters Supplemental Pre-Submission regarding K150514 | BARD_AD_0111092 | BARD_AD_0111108 | | | |
| 1153 | 1/20/2014 | Monthly R&D Franchise Update: Port Team | BARD_AD_0879130 | BARD_AD_0879130 | | | |
| 1154 | 10/30/2014 | Concept/Global Product Opportunity Appraisal Approval Form: Smooth Catheter (SC) | BARD_AD_1541561 | BARD_AD_1541572 | | | |
| 1155 | 11/7/2013 | https://www.youtube.com/watch?v=3dpu1KPcrb0 | | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 1156 | 3/11/2012 | https://www.youtube.com/watch?v=j-Zk6-qgHqM | | | | | |
| 1157 | | video at http://www.medicalexpo.com/prod/angiodynamics/product-81076-561741.html | | | | | |
| 1158 | | video at http://www.arteryhealthcarevisuals.com/portfolio/endexo/ | | | | | |
| 1159 | 1/28/2019 | Linked In Profile of Chad Campbell | | | Chad Campbell | 1 | |
| 1160 | 2/3/2019 | AngioDynamics web page with corporate management | | | Chad Campbell | 2 | |
| 1161 | | Photograph of Port-A-Cath Access System chart sticker | DELANGIO_00538963 | DELANGIO_00538963 | | | |
| 1162 | | Photograph of Vortex Access Port (top view) | DELANGIO_00538960 | DELANGIO_00538960 | | | |
| | | Photograph of Vortex Access Port (bottom view) | DELANGIO_00538961 | DELANGIO_00538961 | | | |
| 1163 | | Photograph of Vortex Access Port (top view) | DELANGIO_00538962 | DELANGIO_00538962 | | | |
| | | Photograph of Vortex Access Port (bottom view) | DELANGIO_00538964 | DELANGIO_00538964 | | | |
| 1164 | | INTENTIONALLY OMITTED | | | | | |
| 1165 | 6/7/2016 | U.S. Patent No. 9,358,378 to Hanson et al. | | | | | |
| 1166 | 3/15/2011 | U.S. Patent No. 7,905,875 to Smith et al. | | | | | |
| 1167 | 7/7/2009 | U.S. Design Patent No. D 595892 to Smith et al. | | | | | |
| 1168 | 9/6/2011 | U.S. Design Patent No. D 644735 to Elbe et al. | | | | | |
| 1169 | 12/13/2011 | U.S. Design Patent No. D 650475 to Smith et al. | | | | | |
| 1170 | 6/22/2010 | U.S. Patent No. 7,740,616 to Smith et al. | | | | | |
| 1171 | | Adult Titanium Port (Part No. 0602210) | | | | | |
| 1172 | | PowerPort (Part No. 1708000) | | | | | |
| 1173 | | PowerPort M.R.I. (Part No. 1808000) | | | | | |
| 1174 | | SlimPort (Part No. 0605550) | | | | | |
| 1175 | | X-Port (Part No. 0605840) | | | | | |
| 1176 | | Vaccess Port (Part No. 7460000) | | | | | |
| 1177 | | ClearVue Port (Part No. 1606052) | | | | | |
| 1178 | | SmartPort CT  (Part No. H787CT80STPD0) | | | | | |
| 1179 | | SmartPort CT Low Profile (Part No. H787CT66LTPDVI1) | | | | | |
| 1180 | | SmartPort CT Mini  (Part No. H787CT66PTPD0) | | | | | |
| 1181 | | Xcela Power Injectable Port Standard Titanium Port (Part No. H965451030) | | | | | |
| 1182 | | Xcela Power Injectable Port Plastic (Part No. H965451190) | | | | | |
| 1183 | | Xcela Plus Titanium (Part No. H965440350) | | | | | |
| 1184 | | Xcela Plus Plastic (Part No. H965440290) | | | | | |
| 1185 | | Xcela Dual Port (Part No. H965451810) | | | | | |
| 1186 | | BioFlo Titanium (Part No.H965440150) | | | | | |
| 1187 | | BioFlo Plastic (Part No. H965440130) | | | | | |
| 1188 | | BioFlo Dual Port (Part No. H965440280) | | | | | |
| 1189 | 2014 | Impact of the shape of the impantable ports on their efficiency of flow (injection and flushing) by Guiffant et al. | DELANGIO_00535679 | DELANGIO_00535684 | | | |
| 1190 | 7/22/2014 | U.S. Patent No. 8,784,402 to Lareau et al. | | | | | |
| 1191 | 7/4/2017 | Outcomes in a nurse-led peripherally inserted central catheter program:  a retrospective cohort study by McDiarmid et al. | DELANGIO_00535685 | DELANGIO_0535689 | | | |
| 1192 | 10/9/2014 | Email - Port Team bullets for week ending 10/10/14 | BARD_AD_1371684 | BARD_AD_1371685 | | | |
| 1193 | 8/10/2015 | Email - Post FDA mtg OPTIONS 150810a.docx | BARD_AD_0753084 | BARD_AD_0753086 | | | |
| 1194 | 12/9/2015 | Email - Silk bullets for 12/9/15 | BARD_AD_1372468 | BARD_AD_1372470 | | | |
| 1195 | 10/15/2015 | Email - Port Team bullets for  10/14/15 | BARD_AD_0933087 | BARD_AD_0933093 | | | |
| 1196 | | Xcela Power Injection Port, Vascular Access System Instructions for Use | DELANGIO_00153121 | DELANGIO_00153124 | | | |
| 1197 | 9/20/2016 | U.S. Patent No. 9,447,892 | | | | | |
| 1198 | 2000 | IsoMed Catheter Access Port Kit Instruction Manual | DELANGIO_00538965 | DELANGIO_00538985 | | | |
| 1199 | | Pictures of IsoMed Sales Kit | | | | | |
| 1200 | | Spreadsheet | DELANGIO_00270789 | DELANGIO_00270789 | McTiernan | 305 | |
| 1201 | 2/24/2015 | Email fr. Prechtel re: Status of AFR FA13-39 Coating Equip for Thrombus Resistant Port Cath | BARD_AD_1384460 | BARD_AD_1384468 | | | |
| 1202 | 7/23/2018 | AngioDynamics, Inc. Form 10-K | | | | | |
| 1203 | 11/21/2018 | Becton, Dickinson and Company Form 10-K | | | | | |
| 1204 | 2/7/2012 | Email - Port Bumps | BARD_AD_1377782 | BARD_AD_1377783 | Acuna | 31 | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

September 1, 2022

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 1205 | 1969 | Lt. Col. William H. Walter, III, MC, USAF and Nanette K. Wenger, MD, *Radiographic Identification of Commonly Used Implanted Pacemakers* , New Eng. J. Med., Vol. 281 No. 22, at 1230-31 (1969). | DELANGIO_00538986 | DELANGIO_00538987 | | | |
| 1206 | Apr-03 | *Radiopaque Imprinting Enables Alternative to Angioplasty: Markings on fabric substrate of device allow precise positioning* , reprt. Med. Prod. Mfg. News (Apr. 2003). | DELANGIO_00538988 | DELANGIO_00538988 | | | |
| 1207 | 2003 | A.R. O'Connor, F.V. Coakley, M.V. Meng & S. Eberhardt, *Imaging of retained surgical sponges in the abdomen and pelvis* , Am. J. of Roentgenol., Vol. 180 No. 2, at 481-89 (Feb. 2003). | DELANGIO_00538989 | DELANGIO_00538997 | | | |
| 1208 | 5/15/1995 | Sergio L. Pinski, MD and Richard G. Trohman, MD, *Implantable Cardioverter-Defibrillators: Implications for the Nonelectrophysiologist* , Annals of Internal Med., Vol. 122 No. 10, at 770-77 (May 15, 1995). | DELANGIO_00538998 | DELANGIO_00539005 | | | |
| 1209 | 3/27/2019 | *Artificial intelligence can improve X-ray identification of pacemakers in emergencies* , sourced from Imperial College London and published in ScienceDaily, available at https://www.sciencedaily.com/releases/2019/03/190327142013.htm (last visited Apr. 4, 2022). | DELANGIO_00539006 | DELANGIO_00539008 | | | |
| 1210 | 1970 | Lt. Col. William H. Walter, III, MC, USAF, *Radiographic Identification of Commonly Used Pulse Generators - 1970* , JAMA, Vol. 215 No. 12, at 1974-75 (1970). | DELANGIO_00539009 | DELANGIO_00539010 | | | |
| 1211 | 1996 | G. McKillop & J.H. Reid, *Retained surgical swab misinterpreted as epicardial pacing wire on chest x ray* , Heart, Vol. 75 No. 4, at 342 (Apr. 1, 1996). | DELANGIO_00539011 | DELANGIO_00539011 | | | |
| 1212 | 2000 | K.A.Wolfson, L.L. Seeger, B.M. Kadell, & J.J. Eckardt, *Imaging of surgical paraphernalia: what belongs in the patient and what does not* , Radiographics, Vol. 20 No. 6, at 1665-73 (Nov.-Dec. 2000). | DELANGIO_00539012 | DELANGIO_00539020 | | | |
| 1213 | 3/8/2001 | FDA clearances for biliary stent products of Bard and Sulzer Medica , Med. Indus. Wk., 2001 WLNR 224075 (Mar. 8, 2001). | DELANGIO_00539021 | DELANGIO_00539022 | | | |
| 1214 | 7/31/2015 | Petition for *InterPartes* Review of US Patent No. 8,852,160, *C.R. Bard, Inc. v. Innovative Medical Devices, LLC, Medical Components, Inc.,* No. IPR2015-01654 (P.T.A.B. July 31, 2015) | DELANGIO_00539023 | DELANGIO_00539091 | | | |
| 1215 | | Ex. 1012 to Petition for Inter Partes Review of US Patent No. 7,785,302, *Atrium Medical Corp. v. Bard Peripheral Vascular, Inc.* , No. IPR2021-01199 (P.T.A.B. July 6, 2021) | DELANGIO_00539092 | DELANGIO_00539136 | | | |
| 1216 | 11/27/2006 | AngioDynamics, Inc. Form 8-K, filed 11/27/2006 | DELANGIO_00536931 | DELANGIO_00537052 | | | |
| 1217 | 6/25/2004 | Rita Medical Systems & HMP Merger Proposal & Annexes A-F including Agreement and Plan of Merger | DELANGIO_00518284 | DELANGIO_00518612 | | | |
| 1218 | 3/1/2019 | Trial Transcript for March 1, 2019, Case No. 15-218 (JFB)(SRF) | | | | | |
| 1219 | 3/4/2019 | Trial Transcript for March 4, 2019, Case No. 15-218 (JFB)(SRF) | | | | | |
| 1220 | 3/5/2019 | Trial Transcript for March 5, 2019, Case No. 15-218 (JFB)(SRF) | | | | | |
| 1221 | 3/6/2019 | Trial Transcript for March 6, 2019, Case No. 15-218 (JFB)(SRF) | | | | | |
| 1222 | 3/7/2019 | Trial Transcript for March 7, 2019, Case No. 15-218 (JFB)(SRF) | | | | | |
| 1223 | 11/10/2020 | C.R. Bard, Inc. v. AngioDynamics, Inc., 979 F.3d 1372 (Fed. Cir. 2002) | | | | | |
| 1224 | 10/28/2008 | Beggs PowerPort MRI/PowerLoc CT Technologist Satisfaction Survey, Summer 2008 | BARD_AD_0670549 | BARD_AD_0670580 | | | |
| 1225 | 9/24/2008 | Beggs PowerPort MRI/PowerLoc Oncology Nurse Satisfaction Mail Survey, Summer 2008 | BARD_AD_0509455 | BARD_AD_0509492 | | | |
| 1226 | 9/28/2018 | C.R. Bard, Inc. v. AngioDynamics, Inc., 748 F. App'x 1009 (Fed. Cir. 2018) | | | | | |

EXHIBIT 7A

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 1 | | INTENTIONALLY OMITTED | | | | | |
| 2 | | INTENTIONALLY OMITTED | | | | | |
| 3 | 2004 | Tom Beggs Surveys | BARD_AD_0012558 | BARD_AD_0019177 | | | FRE 403; FRE 602; FRE 802; FRE |
| 4 | N/A | Beggs Survey | BARD_AD_0012559 | BARD_AD_0012560 | | | FRE 403; FRE 602; FRE 802; FRE |
| 5 | 2004 | Power Injectable Port CT Technologist Survey Fall 2004 | BARD_AD_0012569 | BARD_AD_0012570 | Boswell 5/26/17 | 12 | FRE 403; FRE 602; FRE 802; FRE |
| 6 | 2004 | Power Injectable Port CT Technologist Survey Fall 2004 | BARD_AD_0012658 | BARD_AD_0012659 | Boswell 5/26/17 | 18 | FRE 403; FRE 602; FRE 802; FRE |
| 7 | 2004 | Power Injectable Port CT Technologist Survey Fall 2004 | BARD_AD_0012702 | BARD_AD_0012704 | Boswell 5/26/17 | 17 | FRE 403; FRE 602; FRE 802; FRE |
| 8 | 2004 | Power Injectable Port CT Technologist Survey Fall 2004 | BARD_AD_0012719 | BARD_AD_0012720 | Boswell 5/26/17 | 19 | FRE 403; FRE 602; FRE 802; FRE |
| 9 | 2004 | Power Injectable Port CT Technologist Survey Fall 2004 | BARD_AD_0012749 | BARD_AD_0012750 | Boswell 5/26/17 | 20 | FRE 403; FRE 602; FRE 802; FRE |
| 10 | 2004 | Power Injectable Port CT Technologist Survey Fall 2004 | BARD_AD_0012787 | BARD_AD_0012788 | Boswell 5/26/17 | 21 | FRE 403; FRE 602; FRE 802; FRE |
| 11 | 2004 | Power Injectable Port CT Technologist Survey Fall 2004 | BARD_AD_0012813 | BARD_AD_0012815 | Boswell 5/26/17; Johnson 1/31/18 | 13 2017 | FRE 403; FRE 602; FRE 802; FRE |
| 12 | 2004 | Power Injectable Port Oncology Nurse Survey Fall 2004 | BARD_AD_0012836 | BARD_AD_0012837 | Boswell 5/26/17 | 15 | FRE 403; FRE 602; FRE 802; FRE |
| 13 | 2004 | Tom Beggs Surveys NDAs | BARD_AD_0013653 | BARD_AD_0013808 | | | FRE 403; FRE 602; FRE 802; FRE |
| 14 | 2005 | Power PowerLoc Label Design Validation CT Technologists Fall 2005 | BARD_AD_0015465 | BARD_AD_0015466 | Boswell 5/26/17 | 16 | FRE 403; FRE 602; FRE 802; FRE |
| 15 | N/A | Screener Survey | BARD_AD_0015693 | BARD_AD_0015694 | Boswell 5/26/17 | 14 | FRE 403; FRE 602; FRE 802; FRE |
| 16 | 2005 | Power Injectable Infusion Port Collateral Material Design Validation Port Nurse Fall 2005 | BARD_AD_0016031 | BARD_AD_0016033 | Boswell 5/26/17 | 22 | FRE 403; FRE 602; FRE 802; FRE |
| 17 | 9/1/2017 | Xcela Power Injectable Ports brochure Clark Expert Report Exhibit Q | BARD_AD_0019225 | BARD_AD_0019227 | | | |
| 18 | 2013 | BioFlo Power Injectable Ports with Endexo and PASV Valve Technology Power Injection Guidelines Clark Expert Report Exhibit CC | BARD_AD_0019228 | BARD_AD_0019228 | Chartrand 6/14/17 | 157 | |
| 19 | 3/24/2005 | Kelly Powers memo re: TTR Summary for March 16 & 21, 2005 | BARD_AD_0020085 | BARD_AD_0020092 | | | FRE 402; FRE 403; FRE 602; FRE |
| 20 | 8/23/2004 | Kelly Powers memo re: TTR Summary for August 4 & 5, 2004 | BARD_AD_0020561 | BARD_AD_0020572 | | | FRE 402; FRE 403; FRE 602; FRE |
| 21 | 6/5/2005 | PowerPort Design Input Summary Report | BARD_AD_0020808 | BARD_AD_0021366 | Scott 10/24/17; Sheetz 6/5/17 | 3 12 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 22 | 2006 | PowerPort Design Input Summary Report | BARD_AD_0022954 | BARD_AD_0023090 | Gregoire 5/31/17 | 11 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 23 | 2007 | Approvals for NPOA - 57088 - Plastic PowerPort | BARD_AD_0023143 | BARD_AD_0023250 | Hibdon 6/23/17 | 9 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 24 | 2005 | PowerPort POA - 56636 | BARD_AD_0025518 | BARD_AD_0025599 | Hibdon 6/23/17; Scott 10/24/17;Sheetz 6/5/17 | 3 6 13 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 25 | 3/14/2007 | Plastic PowerPort Design Validation Protocol Approval Sheet | BARD_AD_0025682 | BARD_AD_0025792 | Hibdon 6/23/17 | 11 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 26 | 9/12/2005 | Matt Lowe memo re: Rationale for approving STD for manufacture of Titanium PowerPorts | BARD_AD_0033623 | BARD_AD_0033679 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 27 | | INTENTIONALLY OMITTED | | | | | |
| 28 | N/A | Design History File Record DHFR-253.2 | BARD_AD_0035219 | BARD_AD_0035226 | | | FRE 602; FRE 802; no sponsoring witness |
| 29 | 10/31/2007 | Titanium PowerPort Port Design Contral Trace Matrix M193-41 | BARD_AD_0036243 | BARD_AD_0036256 | | | FRE 602; FRE 802; no sponsoring witness |
| 30 | 2009 | Design and Development Plan PowerPort CT Engraving Qualification and Implementation | BARD_AD_0036274 | BARD_AD_0036343 | Hibdon 6/23/17 | 25 | FRE 602; FRE 802; no sponsoring witness |
| 31 | 9/23/2005 | Design Validation Protocol Titanium PowerPort | BARD_AD_0036401 | BARD_AD_0036414 | Scott 10/24/17 | 4 | FRE 602; FRE 802; no sponsoring witness |
| 32 | 8/28/2007 | Titanium Power Port POA Global and Post Launch 56636 | BARD_AD_0036500 | BARD_AD_0036540 | | | FRE 402; FRE 403; FRE 602; FRE |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 33 | 6/30/2005 | Concept POA for Plastic PowerPort | BARD_AD_0036697 | BARD_AD_0036708 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 34 | | INTENTIONALLY OMITTED | | | | | |
| 35 | 11/14/2006 | Plastic PowerPort Design Validation Protocol Approval Sheet | BARD_AD_0038680 | BARD_AD_0038697 | Hibdon 6/23/17 | 10 | FRE 602; FRE 802; no sponsoring witness |
| 36 | 1/20/2005 | Kevin Sheetz memo re: Memo number 193-B Technology gap assessment for the Power Port project | BARD_AD_0039463 | BARD_AD_0039463 | Sheetz 6/5/17 | 18 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 37 | 6/11/2007 | PowerPort isp Design Validation Protocol | BARD_AD_0039697 | BARD_AD_0039718 | Hibdon 6/23/17 | 17 | FRE 403; FRE 602; FRE 802; no sponsoring witness; MIL |
| 38 | 10/5/2005 | Design Validation Protocol Titanium PowerPort | BARD_AD_0045982 | BARD_AD_0046004 | Sheetz 6/5/17 | 19 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 39 | 7/18/2006 | John Zawacki and Annemarie Boswell memo re: Design Validation Report; Titanium Power Port | BARD_AD_0046443 | BARD_AD_0046467 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 40 | 2/7/2005 | Power Injection Port Concept Report | BARD_AD_0047759 | BARD_AD_0047848 | Sheetz 6/5/17 | 7 | FRE 602; FRE 802; no sponsoring witness |
| 41 | 10/18/2005 | PowerPort Equivalency to the Titanium Adult Port Protocol | BARD_AD_0052765 | BARD_AD_0052797 | Sheetz 6/5/17 | 17 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 42 | 6/16/2005 | Kevin Sheetz memo re: Adult Titanium Port Reservoir dimensional investigation | BARD_AD_0053712 | BARD_AD_0053723 | Hibdon 6/23/17 | 5 | FRE 602; FRE 802; no sponsoring witness |
| 43 | 1/4/2005 | Esther McNeal Memo re: Power Injection Testing M193-6 | BARD_AD_0053724 | BARD_AD_0053725 | | | FRE 602; FRE 802; no sponsoring witness |
| 44 | | INTENTIONALLY OMITTED | | | | | |
| 45 | 12/9/2004 | Ports in OR 2004: Focus Group Report - ACS Annual Meeting October 2004 | BARD_AD_0056181 | BARD_AD_0056231 | | | FRE 403; FRE 602; FRE 802; FRE |
| 46 | 2004 | Power Port Design Input Survey Fall ONS 2004 | BARD_AD_0056670 | BARD_AD_0056831 | | | FRE; 403; FRE 602; FRE 802; FRE |
| 47 | 2005 | Power Port Identification Survey: CT Techs, RNs and Physicians Spring 2005 | BARD_AD_0056832 | BARD_AD_0056885 | | | FRE 403; FRE 602; FRE 802; FRE |
| 48 | Dec-96 | Do It By Design, by Dick Sawyer | BARD_AD_0057234 | BARD_AD_0057288 | | | FRE 602; FRE 403; FRE 602; FRE |
| 49 | 2005 | Beggs Fall 2005 Report: Power Port Design Input Survey | BARD_AD_0057844 | BARD_AD_0057878 | Powers 6/8/17 | 17 | FRE 403; FRE 602; FRE 802; FRE |
| 50 | 2005 | Infusion Ports ACS 2005 | BARD_AD_0058336 | BARD_AD_0058459 | | | FRE 403; FRE 602; FRE 802; FRE |
| 51 | 2005 | Beggs Power Injectable Port Design Validation: Blinded interviews and booth intercept interviews ONS 2005 | BARD_AD_0058653 | BARD_AD_0058714 | | | FRE 403; FRE 602; FRE 802; FRE |
| 52 | 2005 | Pre-IDE Submission for Titanium PowerPort | BARD_AD_0061754 | BARD_AD_0061819 | | | FRE 802; no sponsoring |
| 53 | 3/22/2006 | Pre-IDE for Power Injectable Port System | BARD_AD_0062218 | BARD_AD_0062312 | | | FRE 802; no sponsoring |
| 54 | N/A | PowerPort / PowerLoc Vascular Access System Quick Reference Guide Launch Packet M193-50 | BARD_AD_0063663 | BARD_AD_0063681 | | | FRE 602; FRE 802; no sponsoring witness |
| 55 | 9/29/2006 | Kimberly Geisler letter re: PowerPort System Application for CE Mark | BARD_AD_0064343 | BARD_AD_0064385 | Scott 10/24/17 | 13 | FRE 602; FRE 802; no sponsoring witness |
| 56 | N/A | Manual on Contrast Media: Injection of Contrast Media | BARD_AD_0067743 | BARD_AD_0067747 | | | FRE 602; FRE 403; FRE 602; FRE |
| 57 | | INTENTIONALLY OMITTED | | | | | |
| 58 | 3/22/2006 | Pre-IDE for Power Injectable Port System | BARD_AD_0089418 | BARD_AD_0089510 | | | FRE 802; no sponsoring |
| 59 | 11/2/2010 | K101432 PowerPort Implantable Port 510k | BARD_AD_0108367 | BARD_AD_0108931 | Scott 10/24/17 | 21 | FRE 602; FRE 802; FRE 901; no sponsoring witness |
| 60 | N/A | PowerPort IFU | BARD_AD_0109260 | BARD_AD_0109261 | | | |
| 61 | 11/15/2012 | Power Port ClearVUE Slim Port 510k K122899 | BARD_AD_0109749 | BARD_AD_0110240 | | | FRE 602; FRE 802; FRE 901; no sponsoring witness |
| 62 | N/A | Education Efforts | BARD_AD_0133143 | BARD_AD_0133148 | | | FRE 602; FRE 802; no sponsoring witness |
| 63 | 5/31/2005 | Base, TI PowerPort spec sheet | BARD_AD_0142214 | BARD_AD_0142215 | | | FRE 602; FRE 802; no sponsoring witness |
| 64 | 8/24/2005 | CAP, MRI PowerPort spec sheet | BARD_AD_0142274 | BARD_AD_0142275 | | | FRE 602; FRE 802; no sponsoring witness |
| 65 | 6/2/2005 | CAP, TI PowerPort spec sheet | BARD_AD_0144344 | BARD_AD_0144345 | | | FRE 602; FRE 802; no sponsoring witness |
| 66 | | INTENTIONALLY OMITTED | | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 67 | | INTENTIONALLY OMITTED | | | | | |
| 68 | | INTENTIONALLY OMITTED | | | | | |
| 69 | | INTENTIONALLY OMITTED | | | | | |
| 70 | | INTENTIONALLY OMITTED | | | | | |
| 71 | | INTENTIONALLY OMITTED | | | | | |
| 72 | 5/9/2005 | Annemarie Boswell / John Evans memo re: Spring ONS Conference (& day with Sarah Terrell in Jacksonville, FL) | BARD_AD_0202298 | BARD_AD_0202300 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 73 | | INTENTIONALLY OMITTED | | | | | |
| 74 | 8/1/2005 | Elizabeth Richardson Lab Notebook | BARD_AD_0290408 | BARD_AD_0290428 | Hibdon 6/23/17; Powers 6/9/17; Sheetz 6/5/17 | 13 28 27 | FRE 402; FRE 403; FRE 602; no sponsoring witness |
| 75 | 11/14/2006 | Dwight Hibdon Lab Notebook | BARD_AD_0290686 | BARD_AD_0290693 | Hibdon 6/23/17 | 47 | FRE 402; FRE 403; FRE 602; no sponsoring witness |
| 76 | 8/12/2005 | PowerPort Project Input | BARD_AD_0300830 | BARD_AD_0300838 | Boswell 5/26/17 | 6 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 77 | 2003 | Ports Brochure | BARD_AD_0301264 | BARD_AD_0301280 | Boswell 5/26/17; Herron 10/5/17 | 2 35 | FRE 602; FRE 802; no sponsoring witness |
| 78 | 10/25/2005 | Annemarie Boswell memo re: ACS and Power Port Design Validation Northern CA | BARD_AD_0304402 | BARD_AD_0304406 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 79 | 6/3/2005 | PowerPort Project Summary, by Zawacki and Boswell | BARD_AD_0305387 | BARD_AD_0305422 | Boswell 5/26/17 | 5 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 80 | 5/3/2005 | Annemarie Boswell memo re: Spring ONS Conference | BARD_AD_0305443 | BARD_AD_0305444 | Boswell 5/26/17 | 39 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 81 | May-92 | Saftey Considerations in the Power Injection of Contrast Media Via Central Venous Catheters during Computed Tomographic Examinations, by Carlson et al. | BARD_AD_0305686 | BARD_AD_0305690 | | | FRE 402; FRE 403; FRE 602; FRE |
| 82 | 2005 | Power Port POA 56636 | BARD_AD_0305711 | BARD_AD_0305738 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 83 | 2/9/2007 | PowerPort Design Validation Report | BARD_AD_0306632 | BARD_AD_0306660 | Boswell 5/26/17 | 9 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 84 | 7/6/2004 | David Jansen memo re: June Marketing Monthly Report | BARD_AD_0306664 | BARD_AD_0306685 | | | FRE 402; FRE 403; FRE 602; FRE |
| 85 | 8/2/2004 | David Jansen memo re: Marketing - July Monthly Report | BARD_AD_0306687 | BARD_AD_0306692 | Beasley 5/25/17 | 4 | FRE 402; FRE 403; FRE 602; FRE |
| 86 | May-04 | Andrew Robertson and Resham Shah memo re: marketing | BARD_AD_0306723 | BARD_AD_0306725 | | | FRE 402; FRE 403; FRE 602; FRE |
| 87 | 1/29/2014 | Annemarie Boswell email re: Urgently need a competitive sample of Vaxcel Port with PASV | BARD_AD_0308579 | BARD_AD_0308582 | | | FRE 402; FRE 403; FRE 602; FRE |
| 88 | N/A | breakdown training presentation Part III PowerPort Playbook Selling | BARD_AD_0309626 | BARD_AD_0309626 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 89 | N/A | Intl PowerPort Slim Training Presentation | BARD_AD_0309631 | BARD_AD_0309631 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 90 | 4/16/2007 | Annemarie Boswell email re: Best Practice : PowerPort/PowerLoc In-Service Tips | BARD_AD_0309695 | BARD_AD_0309696 | | | FRE 602; FRE 802; no sponsoring witness |
| 91 | 3/27/2008 | Annemarie Boswell email re: Angio-D | BARD_AD_0310098 | BARD_AD_0310099 | | | FRE 402; FRE 403; FRE 602; FRE |
| 92 | 2/2/2005 | Annemarie Boswell email re: Port evaluation | BARD_AD_0310544 | BARD_AD_0310547 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 93 | 10/24/2006 | Annemarie Boswell memo re: Ports Significant Events -- October 2006 | BARD_AD_0310795 | BARD_AD_0310800 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 94 | | INTENTIONALLY OMITTED | | | | | |
| 95 | 3/15/2007 | PowerPort Duo Market Research Scope and Results | BARD_AD_0311477 | BARD_AD_0311548 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 96 | 8/2/2007 | Annemarie Boswell email re: MedComp Competitive Testing | BARD_AD_0312268 | BARD_AD_0312269 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 97 | May-15 | Asia Product Training Powerpoint: Implantable Ports Product Sales Training | BARD_AD_0312337 | BARD_AD_0312337 | | | FRE 402; FRE 403; FRE 602; FRE |
| 98 | 10/27/2011 | Annemarie Boswell email re: Competitive Information - Navilyst Bioflo PICCs | BARD_AD_0312846 | BARD_AD_0312849 | | | FRE 402; FRE 403; FRE 602; FRE |
| 99 | N/A | Annemarie Boswell PowerPort and PowerLoc System presentation | BARD_AD_0314050 | BARD_AD_0314050 | | | FRE 602; FRE 802; no sponsoring witness |
| 100 | 6/9/2009 | Annemarie Boswell email re: conference call | BARD_AD_0314156 | BARD_AD_0314158 | | | FRE 402; FRE 403; FRE 602; FRE |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 101 | 3/12/2009 | Annemarie Boswell email re: Navilyst CT identifier | BARD_AD_0314850 | BARD_AD_0314850 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 102 | 5/16/2008 | Matt Draper memo re: B Braun Celsite Power Injectable Ports | BARD_AD_0315576 | BARD_AD_0315577 | Hibdon 6/23/17 | 26 | FRE 402; FRE 403; FRE 602; FRE |
| 103 | 3/3/2005 | Annemarie Boswell and John Zawacki memo re: Port Access Advantage | BARD_AD_0316052 | BARD_AD_0316053 | | | FRE 402; FRE 403; FRE 602; FRE |
| 104 | | INTENTIONALLY OMITTED | | | | | |
| 105 | N/A | Cost spreadsheet | BARD_AD_0319878 | BARD_AD_0319878 | Hammond 5/24/17 | 4 | FRE 402; FRE 403; FRE 602; FRE |
| 106 | | INTENTIONALLY OMITTED | | | | | |
| 107 | 3/18/2009 | Annemarie Boswell email re: Navilyst CT identifier | BARD_AD_0333743 | BARD_AD_0333745 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 108 | 2006 | PowerPort Nursing Guide | BARD_AD_0334176 | BARD_AD_0334203 | | | FRE 602; no sponsoring |
| 109 | 6/6/2007 | Annemarie Boswell email re: AngioDynamics | BARD_AD_0334256 | BARD_AD_0334258 | Boswell 5/26/17 | 33 | FRE 402; FRE 403; FRE 602; FRE |
| 110 | 2007 | When in doubt PowerPort Ad | BARD_AD_0334598 | BARD_AD_0334598 | | | FRE 602; no sponsoring |
| 111 | 9/10/2009 | Annemarie Boswell email re: Non-coring needle/port testing Webpage | BARD_AD_0340543 | BARD_AD_0340546 | Herron 10/5/17 | 5 | FRE 402; FRE 403; FRE 602; FRE |
| 112 | 5/14/2007 | Annemarie Boswell email re: Smartport vs. MRI PowerPort dimensions | BARD_AD_0340629 | BARD_AD_0340630 | Sheetz 6/5/17 | 39 | FRE 402; FRE 403; FRE 602; FRE |
| 113 | | INTENTIONALLY OMITTED | | | | | |
| 114 | 8/26/2009 | Annemarie Boswell email re: AngioD CT Port | BARD_AD_0342193 | BARD_AD_0342194 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 115 | 6/18/2008 | Annemarie Boswell email re: Bard vascular access | BARD_AD_0344583 | BARD_AD_0344584 | | | FRE 402; FRE 403; FRE 602; FRE |
| 116 | 9/19/2006 | Annemarie Boswell email re: Vortex Power port? | BARD_AD_0345867 | BARD_AD_0345867 | Boswell 5/26/17 | 30 | FRE 602; FRE 802; no sponsoring witness |
| 117 | 8/5/2008 | Annemarie Boswell email re: Port Competitive Product - Bounty | BARD_AD_0346227 | BARD_AD_0346229 | | | FRE 602; FRE 802; no sponsoring witness |
| 118 | 4/9/2014 | Annemarie Boswell email re: How to see against Vortex | BARD_AD_0353405 | BARD_AD_0353409 | | | FRE 402; FRE 403; FRE 602; FRE |
| 119 | 3/26/2009 | Annemarie Boswell email re: Port Category Codes and Descriptions: MR Conditional Redlines | BARD_AD_0353810 | BARD_AD_0353812 | Herron 10/5/17 | 6 | FRE 402; FRE 403; FRE 602; FRE |
| 120 | 6/9/2009 | Annemarie Boswell email re: conference call: Navilyst sample | BARD_AD_0357054 | BARD_AD_0357056 | | | FRE 402; FRE 403; FRE 602; FRE |
| 121 | 9/24/2008 | Annemarie Boswell email re: Angio-D Updates | BARD_AD_0357223 | BARD_AD_0357224 | | | FRE 402; FRE 403; FRE 602; FRE |
| 122 | 10/4/2007 | Annemarie Boswell email re: Angio D | BARD_AD_0367191 | BARD_AD_0367192 | Boswell 5/26/17 | 32 | FRE 402; FRE 403; FRE 602; FRE |
| 123 | 8/30/2016 | Annemarie Boswell email re: Sick Leave | BARD_AD_0378547 | BARD_AD_0378549 | | | FRE 402; FRE 403; FRE 602; FRE802; no sponsoring witness |
| 124 | N/A | UHS Port Powerpoint: Implantable Port Product Review Prepared for UHS Webinar | BARD_AD_0378560 | | | | FRE 402; FRE 403; FRE 602; FRE |
| 125 | 9/25/2006 | Annemarie Boswell email re: Boston Sci - Power Ports | BARD_AD_0380279 | BARD_AD_0380280 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 126 | N/A | Boston Scientific presentation on Power Injected Contrast Enhanced CT Scans | BARD_AD_0380281 | BARD_AD_0380290 | | | FRE 802 |
| 127 | 11/24/2008 | Annemarie Boswell email re: Ango D | BARD_AD_0404615 | BARD_AD_0404616 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 128 | 8/31/2009 | Annemarie Boswell email re: Angio-D Update | BARD_AD_0405634 | BARD_AD_0405636 | | | FRE 402; FRE 403; FRE 602; FRE |
| 129 | N/A | Vaccess Port spreadsheet | BARD_AD_0413782 | BARD_AD_0413782 | | | FRE 402; FRE 403; FRE 802; no sponsoring witnesses |
| 130 | 9/1/2017 | PowerPort IFU Clark Expert Report Exhibit J | BARD_AD_0414353 | BARD_AD_0414364 | | | |
| 131 | 2006 | PowerPort Nursing Guide | BARD_AD_0415638 | BARD_AD_0415665 | | | |
| 132 | 2011 | Sapiens Port POA | BARD_AD_0417827 | BARD_AD_0417840 | | | FRE 402; FRE 403; FRE 602; FRE |
| 133 | 3/16/2009 | Annemarie Boswell email re: Smart Port | BARD_AD_0423026 | BARD_AD_0423027 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 134 | 8/22/2007 | Annemarie Boswell email re: Catheter Samples for the Ti PowerPort isp | BARD_AD_0429667 | BARD_AD_0429672 | | | FRE 402; FRE 403; FRE 602; FRE |
| 135 | | INTENTIONALLY OMITTED | | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 136 | 3/31/2008 | Mark Vader email re: Updated - Ports | BARD_AD_0434390 | BARD_AD_0434391 | | | FRE 402; FRE 403; FRE 602; |
| 137 | 2006 | PowerPort Titanium Port 510k | BARD_AD_0498418 | BARD_AD_0498816 | Scott 10/24/17 | 7 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 138 | 8/14/2008 | Kelly Christian email re: Product Sales | BARD_AD_0500747 | BARD_AD_0500748 | | | FRE 402; FRE 403; FRE 602; FRE |
| 139 | 8/14/2008 | JoAnn Olsen email re: Product Idea | BARD_AD_0504376 | BARD_AD_0504377 | | | FRE 402; FRE 403; FRE 602; FRE |
| 140 | 4/26/2010 | Kelly Powers email re: Plasma Pheresis | BARD_AD_0505983 | BARD_AD_0505985 | | | FRE 402; FRE 403; FRE 602; FRE |
| 141 | 9/1/2017 | PowerPort and Power Loc Guide for CT Technologists Clark Expert Report Exhibit I | BARD_AD_0506807 | BARD_AD_0506807 | | | |
| 142 | 2/15/2012 | Simon Campion email re: Navilyst BioFlo PICC w/ Endexo Technology | BARD_AD_0506849 | BARD_AD_0506850 | Acuna 6/9/17 | 7 | FRE 402; FRE 403; FRE 602; FRE |
| 143 | 12/3/2007 | Rick Gaykowski email re: CE PowerPICC Update | BARD_AD_0507606 | BARD_AD_0507610 | | | FRE 402; FRE 403; FRE 602; FRE |
| 144 | 5/21/2008 | Mike Curtis email re: Key Project Update - Power Loc Clear | BARD_AD_0509687 | BARD_AD_0509689 | | | FRE 402; FRE 403; FRE 602; FRE |
| 145 | 11/3/2008 | Chad Modra email re: Groshong Port in Japan | BARD_AD_0509962 | BARD_AD_0509963 | | | FRE 402; FRE 403; FRE 602; FRE |
| 146 | 3/4/2005 | Titanium X-Port isp Project Summary | BARD_AD_0516607 | BARD_AD_0516607 | Boswell 5/26/17 | 10 | FRE 402; FRE 403; FRE 602; FRE |
| 147 | 2014 | LA Product Training Powerpoint: Ports Sales Training Module | BARD_AD_0521479 | | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 148 | 8/1/2007 | Annemarie Boswell email re: Power Symbol letters | BARD_AD_0527671 | BARD_AD_0527672 | Scott 10/24/17 | 26 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 149 | N/A | Port & Port Needle Sets Product Catalogue | BARD_AD_0536306 | BARD_AD_0536373 | Herron 10/5/17 | 19 | FRE 602; FRE 802; no sponsoring witness |
| 150 | 2012 | BPV National Sales Meeting | BARD_AD_0541951 | BARD_AD_0541951 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 151 | 12/2/2014 | Annemarie Boswell email re: Smooth Catheter Information: POA needed | BARD_AD_0544744 | BARD_AD_0544748 | Acuna 6/9/17 | 11 | FRE 402; FRE 403; FRE 602; FRE |
| 152 | 6/3/2008 | Annemarie Boswell email re: PowerPort due Web page | BARD_AD_0547819 | BARD_AD_0547819 | Herron 10/5/17 | 7 | FRE 402; FRE 403; FRE 602; FRE |
| 153 | | INTENTIONALLY OMITTED | | | | | |
| 154 | 12/22/2009 | Annemarie Boswell email re: Vaccess CT Port : Stealth Launch | BARD_AD_0553568 | BARD_AD_0553568 | Boswell 5/26/17 | 38 | FRE 402; FRE 403; FRE 602; FRE |
| 155 | 5/12/2009 | Jodie Noyce, Annemarie Boswell, and Matt Draper memo re: Oncology Nursing Society (ONS) Convention April 30-May 2, 2009 | BARD_AD_0556124 | BARD_AD_0556125 | | | FRE 402; FRE 403; FRE 602; FRE |
| 156 | 6/21/2005 | Zawacki and Boswell PowerPort Project summary | BARD_AD_0557147 | BARD_AD_0557198 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 157 | 12/12/2006 | Annemarie Boswell email re: off-label promotion of RITA's Power-Vortex port | BARD_AD_0557770 | BARD_AD_0557771 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 158 | 7/18/2006 | PowerPort Design Validation Report R57085 | BARD_AD_0560286 | BARD_AD_0560310 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 159 | 4/16/2008 | Annemarie Boswell email re: Veins For Life - Website Domain for Sale - Limit Price? | BARD_AD_0570948 | BARD_AD_0570951 | Herron 10/5/17 | 4 | FRE 402; FRE 403; FRE 602; FRE |
| 160 | 4/29/2015 | Annemarie Boswell email re: Vortex ports and aperesis | BARD_AD_0574125 | BARD_AD_0574127 | Acuna 6/9/17 | 19 | FRE 402; FRE 403; FRE 602; FRE |
| 161 | 7/30/2007 | Annemarie Boswell email re: PowerPort isp status | BARD_AD_0574158 | BARD_AD_0574159 | Hibdon 6/23/17 | 15 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 162 | 5/21/2008 | Annemarie Boswell email re: Washington Hosp-AngioDynamics SmartPort CT port / needles | BARD_AD_0575564 | BARD_AD_0575565 | | | FRE 402; FRE 403; FRE 602; FRE |
| 163 | 2001 | Assessing the Adequacy of Peripherally Inserted Central Catheters for Power Injection of Intravenous Contrast Agents for CT, by Williamson and McKinney | BARD_AD_0579934 | BARD_AD_0579939 | | | FRE 402; FRE 403; FRE 602; FRE |
| 164 | | INTENTIONALLY OMITTED | | | | | |
| 165 | 2004 | Power Injection Through Central Venous Catheters: Phsyiologic and Hemodynamic Considerations, by Robert Vogelzang | BARD_AD_0583968 | BARD_AD_0583970 | Vogelzang 1/18/17 | 12 | FRE 402; FRE 802 |
| 166 | 4/5/2006 | Annemarie Boswell email re: Rita Medical Products | BARD_AD_0605410 | BARD_AD_0605410 | Boswell 5/26/17 | 27 | FRE 402; FRE 403; FRE 602; FRE |
| 167 | 2006 | RITA brochure | BARD_AD_0605411 | BARD_AD_0605412 | | | FRE 403; FRE 602; FRE 802 |
| 168 | N/A | Titanium X-Port isp Port Design Input Summary Report | BARD_AD_0612059 | BARD_AD_0612069 | | | FRE 402; FRE 403; FRE 602; FRE |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 169 | 2/7/2014 | Bryan Nishimoto email re: Clear Vue and Slim | BARD_AD_0614085 | BARD_AD_0614088 | Acuna 6/9/17 | 15 | FRE 402; FRE 403; FRE 602; FRE |
| 170 | 2012 | PowerPort Launch Manual | BARD_AD_0614091 | BARD_AD_0614132 | Acuna 6/9/17 | 14 | FRE 602; FRE 802; no sponsoring witness |
| 171 | 4/11/2006 | Annemarie Boswell email re: Rita Medical Products | BARD_AD_0636770 | BARD_AD_0636771 | Boswell 5/26/17; Hibdon 6/23/17 | 31 28 | FRE 602; FRE 802; no sponsoring witness |
| 172 | 9/21/2006 | Annemarie Boswell email re: PowerPort/PowerLoc System Pointer: PowerPort/PowerLoc system FDA indicated | BARD_AD_0637538 | BARD_AD_0637539 | Boswell 5/26/17 | 28 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 173 | 11/6/2006 | Annemarie Boswell email re: Cheap imitation of power injectable Port | BARD_AD_0645227 | BARD_AD_0645228 | Hibdon 6/23/17; Scott 10/24/17 | 33 17 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 174 | 9/15/2006 | RITA patient ID card | BARD_AD_0645229 | BARD_AD_0645229 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 175 | N/A | Power Port Design Input Survey | BARD_AD_0647162 | BARD_AD_0647200 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 176 | N/A | Low Artifact Power Port Implantable Port Idea POA | BARD_AD_0650465 | BARD_AD_0650472 | | | FRE 402; FRE 403; FRE 602; FRE |
| 177 | 2012 | PowerPort ClearVue Brochure Clark Expert Report Exhibit L | BARD_AD_0669345 | BARD_AD_0669346 | Herron 10/5/17; Vogelzang 12/13/17 | 21 603 | FRE 602; 802; no sponsoring witness |
| 178 | N/A | Custom Kits Idea POA | BARD_AD_0670843 | BARD_AD_0670849 | Acuna 6/9/17 | 22 | FRE 402; FRE 403; FRE 602; FRE |
| 179 | N/A | Port Market Cheat Sheet | BARD_AD_0671734 | BARD_AD_0671737 | Acuna 6/9/17 | 10 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 180 | N/A | PowerPort Vue Brochure | BARD_AD_0674848 | BARD_AD_0674849 | Herron 10/5/17 | 22 | FRE 602; FRE 802; no sponsoring witness |
| 181 | 10/21/2015 | Vaccess Powerpoint: Sales Analysis: Vaccess CT | BARD_AD_0674857 | | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 182 | 2011 | BardPort, SlimPort, and X-Port IFU | BARD_AD_0681780 | BARD_AD_0681803 | | | FRE 602; FRE 802; no sponsoring witness |
| 183 | 2013 | Ports Sales Traning Module | BARD_AD_0684852 | BARD_AD_0684852 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 184 | 2009 | PowerPort and PowerLoc CT Guide | BARD_AD_0685586 | BARD_AD_0685596 | | | FRE 602; FRE 802; no sponsoring witness |
| 185 | 2011 | 2011 Project Budget | BARD_AD_0696019 | BARD_AD_0696019 | | | FRE 402; FRE 403; FRE 602; FRE |
| 186 | 2009 | Copy of Kellys 2009 Monthly BVR reclass | BARD_AD_0704018 | BARD_AD_0704018 | | | FRE 402; FRE 403; FRE 602; FRE |
| 187 | 2012 | 2012 BVR Schedule- All R&D Cost Centers JGE reference copy saved August 7 AMx | BARD_AD_0718572 | BARD_AD_0718572 | | | FRE 402; FRE 403; FRE 602; FRE |
| 188 | 5/11/2011 | Annemarie Boswell email re: Testing of BRAUN / Medcomp Celsite | BARD_AD_0721237 | BARD_AD_0721240 | | | FRE 402; FRE 403; FRE 602; FRE |
| 189 | 5/16/2008 | Matt Draper email re: B Braun Competitive Testing | BARD_AD_0721241 | BARD_AD_0721241 | | | FRE 402; FRE 403; FRE 602; FRE |
| 190 | | INTENTIONALLY OMITTED | | | | | |
| 191 | 4/20/2011 | Dwight Hibdon email re: Angio Power Loc/Life Guard testing | BARD_AD_0729246 | BARD_AD_0729248 | | | FRE 402; FRE 403; FRE 602; FRE |
| 192 | 10/23/2008 | Brad Chartrand information request re: scan rates and pressures | BARD_AD_0729249 | BARD_AD_0729249 | | | FRE 402; FRE 403; FRE 802 |
| 193 | 7/19/2016 | Kelly Powers email re: Los Angeles-AngioD - Port Product Issue Date | BARD_AD_0733865 | BARD_AD_0733867 | | | FRE 402; FRE 403; FRE 602; FRE |
| 194 | 4/7/2009 | Power-injectable Port (PIP) versus Traditional Portacath (TP): A retrospective evaluatio of the complications and effectiveness of implantable venous access devices (IVAD) | BARD_AD_0736086 | BARD_AD_0736086 | | | FRE 402; FRE 403; FRE 602; FRE |
| 195 | 9/8/2014 | Bryan Nishimoto email re: "Smooth Polished" Catheter Name Brainstorm | BARD_AD_0752540 | BARD_AD_0752541 | Acuna 6/9/17 | 12 | FRE 402; FRE 403; FRE 602; FRE |
| 196 | 4/28/2015 | Andrea Acuna email re: Access Technologies 2012 Catalog | BARD_AD_0758680 | BARD_AD_0758684 | | | FRE 402; FRE 403; FRE 602; FRE |
| 197 | 2012 | Access Technologies 2012 Catalog | BARD_AD_0758685 | BARD_AD_0758716 | | | FRE 402; FRE 403; FRE 602; FRE |
| 198 | N/A | RD Project Roll-Up v1x spreadsheet | BARD_AD_0773075 | BARD_AD_0773075 | | | FRE 402; FRE 403; FRE 602; FRE |
| 199 | 2/12/2013 | Ning email re: growth opportunities with lower FCC | BARD_AD_0773669 | BARD_AD_0773680 | Hammond 5/24/17 | 25 | FRE 402; FRE 403; FRE 602; FRE |
| 200 | 2016 | RD Projects 2016 Budget Overview spreadsheet | BARD_AD_0774373 | BARD_AD_0774373 | | | FRE 402; FRE 403; FRE 602; FRE |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 201 | 2014 | Port Strategy Meeting HPG-MA Port presentation | BARD_AD_0776407 | BARD_AD_0776407 | | | FRE 403; FRE 602; no sponsoring witness |
| 202 | | INTENTIONALLY OMITTED | | | | | |
| 203 | N/A | Updated Port Family Analysis 6-30 spreadsheet | BARD_AD_0779234 | BARD_AD_0779234 | | | FRE 402; FRE 403; FRE 602; FRE |
| 204 | 10/16/2012 | Kimberly Hammond email re: Kenmore Mercy Hospital | BARD_AD_0780034 | BARD_AD_0780044 | Hammond 5/24/17 | 9 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 205 | 10/29/2013 | James Ko email re: MP5 analysis - 10.29.13 | BARD_AD_0780635 | BARD_AD_0780638 | Ochoa 5/26/17 | 7 | FRE 402; FRE 602; FRE 802; no sponsoring witness |
| 206 | 9/18/2014 | Mishay Lopez email re: CPA - Cape Fear Valley Hospital | BARD_AD_0782253 | BARD_AD_0782258 | Hammond 5/24/17 | 14 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 207 | 10/31/2013 | Dana Parker email re: Norton Premier UDN Angio D threat counter proposal | BARD_AD_0792267 | BARD_AD_0792269 | | | FRE 402; FRE 403; FRE 602; FRE |
| 208 | | INTENTIONALLY OMITTED | | | | | |
| 209 | 10/24/2013 | Power Port TI Assymbly specs | BARD_AD_0794894 | BARD_AD_0794915 | Powers 6/8/17 | 9 | FRE 802; no sponsoring |
| 210 | | INTENTIONALLY OMITTED | | | | | |
| 211 | | INTENTIONALLY OMITTED | | | | | |
| 212 | | INTENTIONALLY OMITTED | | | | | |
| 213 | 4/21/2015 | Summer Sprouse email re: CPA Evangelical Ports | BARD_AD_0803141 | BARD_AD_0803143 | Hammond 5/24/17 | 11 | FRE 402; FRE 403; FRE 602; FRE |
| 214 | 5/28/2013 | Shannon Irving email re: CPA-Washington Surgery Center | BARD_AD_0803256 | BARD_AD_0803261 | Hammond 5/24/17 | 12 | FRE 402; FRE 403; FRE 602; FRE |
| 215 | 10/5/2012 | Kimberly Hammond email re: Vascular Institute of Virginia Port and Powerline CPA | BARD_AD_0808884 | BARD_AD_0808890 | | | FRE 402; FRE 403; FRE 602; FRE |
| 216 | | INTENTIONALLY OMITTED | | | | | |
| 217 | 10/28/2014 | Jeff Lemaster email re: 3YP Cheat Sheets | BARD_AD_0819680 | BARD_AD_0819702 | Hammond 5/24/17 | 17 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 218 | 8/18/2012 | Kimberly Hammond email re: Urgent CPA for St Jospephs [sic ], vaccess port | BARD_AD_0821294 | BARD_AD_0821304 | Hammond 5/24/17 | 13 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 219 | 1/30/2003 | Base, Port, Ti, Standard Profile spec sheet | BARD_AD_0826988 | BARD_AD_0826989 | | | FRE 402; FRE 403; FRE 602; FRE |
| 220 | 1/20/2010 | Base, MRI PowerPort, Shear Weld spec sheet | BARD_AD_0828089 | BARD_AD_0828091 | | | FRE 402; FRE 602; FRE 802; no sponsoring witness |
| 221 | | INTENTIONALLY OMITTED | | | | | |
| 222 | | INTENTIONALLY OMITTED | | | | | |
| 223 | | INTENTIONALLY OMITTED | | | | | |
| 224 | 3/5/2007 | David Blaber memo re: Sales Department - February Monthly Report | BARD_AD_0859295 | BARD_AD_0859296 | | | FRE 402; FRE 403; FRE 602; FRE |
| 225 | | INTENTIONALLY OMITTED | | | | | |
| 226 | N/A | Visual Inspection of Color Anodized Titanium Parts VS5001006 | BARD_AD_0868633 | BARD_AD_0868651 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 227 | 1996 | Power Injection of Intravenous Contrast Material through Central Venous Catheters for CT: In Vitro Evaluation, by Herts et al. | BARD_AD_0868662 | BARD_AD_0868667 | | | FRE 402; FRE 403; FRE 602; FRE |
| 228 | | INTENTIONALLY OMITTED | | | | | |
| 229 | 11/14/2008 | Martha Wiley and David Cise email re: PowerPort "CT" Base Engraving Study | BARD_AD_0878104 | BARD_AD_0878119 | Hibdon 6/23/17 | 24 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 230 | N/A | Packaging spreadsheet | BARD_AD_0887467 | BARD_AD_0887467 | | | FRE 402; FRE 403; FRE 602; FRE |
| 231 | | INTENTIONALLY OMITTED | | | | | |
| 232 | | INTENTIONALLY OMITTED | | | | | |
| 233 | 3/25/2008 | David Cise and Matt Draper memo re: SIR 2008 Trip Notes | BARD_AD_0899988 | BARD_AD_0899991 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 234 | 12/3/2014 | Brenda Fedor email re: sludge in port chambers | BARD_AD_0911371 | BARD_AD_0911372 | | | FRE 402; FRE 403; FRE 602; FRE |
| 235 | 2014 | Does Sludge/Debris Exist in Today's Vascular Access Ports?, by Dalton et al | BARD_AD_0911373 | BARD_AD_0911376 | | | FRE 402; FRE 403; FRE 602; FRE |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 236 | N/A | Presentation re: Corona | BARD_AD_0921286 | BARD_AD_0921286 | | | FRE 402; FRE 403; FRE 602; FRE |
| 237 | N/A | Power Port Duo MRI (Corona) Project Charter Port Team | BARD_AD_0921287 | BARD_AD_0921293 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 238 | 3/5/2007 | Kelly Powers email re: Power Port visual | BARD_AD_0926555 | BARD_AD_0926556 | | | FRE 402; FRE 602; FRE 802; no sponsoring witness |
| 239 | 6/2/2009 | Dwight Hibdon email re: AngioDynamics Catheter | BARD_AD_0943157 | BARD_AD_0943159 | | | FRE 402; FRE 403; FRE 602; FRE |
| 240 | | INTENTIONALLY OMITTED | | | | | |
| 241 | 2005 | Beggs Power Injectable Infusion Port Collateral Material DV Port Nurses Report Fall 2005 | BARD_AD_0945553 | BARD_AD_0945582 | | | FRE 403; FRE 602; FRE 802; FRE |
| 242 | 2005 | Beggs Fall 2005 Report: Power Injectable Infusion Port Collateral Material Placing Physicians Design Validation Fall 2005 | BARD_AD_0945670 | BARD_AD_0945696 | Powers 6/8/17 | 16 | FRE 403; FRE 602; FRE 802; FRE |
| 243 | | INTENTIONALLY OMITTED | | | | | |
| 244 | 12/10/2004 | Annemarie Boswell email re: Trip report to NMC | BARD_AD_0950215 | BARD_AD_0950215 | Sheetz 6/5/17 | 1 | FRE 402; FRE 403; FRE 602; FRE |
| 245 | 12/9/2004 | Annemarie Boswell memo re: PowerLine Tray Component Interview Dr. Chrisman | BARD_AD_0950216 | BARD_AD_0950217 | Sheetz 6/5/17 | 2 | FRE 602; no sponsoring |
| 246 | 11/1/2006 | Dwight Hibdon email re: vortex port | BARD_AD_0951263 | BARD_AD_0951263 | Hibdon 6/23/17; Sheetz 6/5/17 | 29 32 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 247 | | INTENTIONALLY OMITTED | | | | | |
| 248 | 6/15/2004 | Kevin Sheetz memo re: Trip report for Port Market Survey Conducted June 7th - June 10 2004 | BARD_AD_0953363 | BARD_AD_0953364 | Sheetz 6/5/17 | 4 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 249 | | INTENTIONALLY OMITTED | | | | | |
| 250 | | INTENTIONALLY OMITTED | | | | | |
| 251 | | INTENTIONALLY OMITTED | | | | | |
| 252 | N/A | Excel spreadsheet of PS7085 Testing | BARD_AD_0953893 | BARD_AD_0953893 | | | FRE 402; FRE 403; FRE 802; no sponsoring witness |
| 253 | 7/22/2005 | Power Port System Flow Evaluation | BARD_AD_0954076 | BARD_AD_0954076 | | | FRE 402; FRE 403; FRE 802; no sponsoring witness |
| 254 | | INTENTIONALLY OMITTED | | | | | |
| 255 | | INTENTIONALLY OMITTED | | | | | |
| 256 | | INTENTIONALLY OMITTED | | | | | |
| 257 | 8/1/2005 | John Evans email re: Power Port Trip to Seattle | BARD_AD_0955443 | BARD_AD_0955446 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 258 | N/A | John Evans memo re: Power Port Trip to Seattle | BARD_AD_0955447 | BARD_AD_0955449 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 259 | 12/30/2006 | David Blaber email re: Dec Sig Events | BARD_AD_0957352 | BARD_AD_0957353 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 260 | 1/2/2007 | Annemarie Boswell email re: Dec Sig Events | BARD_AD_0958443 | BARD_AD_0958444 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 261 | 11/7/2006 | John Evans email re: PowerPort reservoir heights (was: TTR notes) | BARD_AD_0959183 | BARD_AD_0959185 | Hibdon 6/23/17; Sheetz 6/5/17 | 30 36 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 262 | 10/26/2005 | Judi Albiston email re: PowerPort Equivalency Test Protocol | BARD_AD_0964733 | BARD_AD_0964733 | Eliasen 6/21/17 | 10 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 263 | N/A | PowerPort Equivalency to the Titanium Adult Port Protocol | BARD_AD_0964734 | BARD_AD_0964765 | Eliasen 6/21/17 | 11 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 264 | 5/16/2008 | Kevin Sheetz email appt: Brainstorming Session for Ti Port ID | BARD_AD_0966705 | BARD_AD_0966705 | Sheetz 6/5/17 | 31 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 265 | 5/24/2005 | Ed Burnside email re: Pre-connect Update | BARD_AD_0966816 | BARD_AD_0966817 | | | FRE 402; FRE 403; FRE 602; FRE |
| 266 | 12/22/2005 | Kelly Christian email re: contact info | BARD_AD_0970270 | BARD_AD_0970274 | | | FRE 402; FRE 403; FRE 602; FRE |
| 267 | | INTENTIONALLY OMITTED | | | | | |
| 268 | 1/16/2006 | David Cise email re: Power Injection of Ports - Oct05 German Article | BARD_AD_0970822 | BARD_AD_0970822 | | | FRE 402; FRE 403; FRE 602; FRE |
| 269 | 3/30/2006 | Susan Scott email re: PowerPort Question & Comments from Brian | BARD_AD_0972946 | BARD_AD_0972947 | Hibdon 6/23/17; Scott 10/24/17; Sheetz 6/5/17 | 6 9 21 | FRE 403; FRE 602; FRE 802; no sponsoring witness |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 270 | 4/17/2008 | Kevin Sheetz email re: Ti Port Radiopaque Identifier - Brainstorming Results | BARD_AD_0973250 | BARD_AD_0973250 | Hibdon 6/23/17 | 22 | FRE 402; FRE 403; FRE 602; FRE |
| 271 | 3/29/2005 | Annemarie Boswell email re: Port Team Actioin Items: Dr. Hickman and aphaeresis in ports | BARD_AD_0973303 | BARD_AD_0973304 | Acuna 6/9/17; Sheetz 6/5/17 | 20 33 | FRE 402; FRE 403; FRE 602; no sponsoring witness |
| 272 | 6/16/2004 | Robertson email re: Trip report 6-15-04 Port Survey | BARD_AD_0973960 | BARD_AD_0973963 | Sheetz 6/5/17 | 5 | FRE 402; FRE 602; FRE 802; no sponsoring witness |
| 273 | 4/8/2005 | John Evans email re: Minutes of the Plastic Power Port Kick-Off meeting held 3/30/05 | BARD_AD_0976235 | BARD_AD_0976237 | Hibdon 6/23/17; Scott 10/24/17; Sheetz 6/5/17 | 12 25 25 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 274 | 7/26/2006 | Kevin Sheetz appoint email re: Ti isp PowerPort/Outside Shape/STD Visit | BARD_AD_0980126 | BARD_AD_0980126 | Eliasen 6/21/17; Hibdon 6/23/17; Sheetz 6/5/17 | 17 18 28 | FRE 402; FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 275 | N/A | Design Input Requirements for Groshong | BARD_AD_0982280 | BARD_AD_0982297 | | | FRE 402; FRE 602; FRE 802; FRE |
| 276 | 2009 | Modified 8 FR Groshong Catheter Stem Design Input Requirements | BARD_AD_0982298 | BARD_AD_0982321 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 277 | 7/7/2005 | Kevin Sheetz email re: power port machining suggestions | BARD_AD_0987780 | BARD_AD_0987780 | Eliasen 6/21/17 | 8 | FRE 402; FRE 403; FRE 602; FRE |
| 278 | 10/24/2005 | David Cise email re: Power Port modification | BARD_AD_0988001 | BARD_AD_0988004 | Eliasen 6/21/17 | 9 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 279 | 10/4/2005 | Ken Eliasen email re: Critical dimensions for Ti Power Port | BARD_AD_0988040 | BARD_AD_0988041 | Eliasen 6/21/17 | 32 | FRE 402; FRE 602; FRE 802; no sponsoring witness |
| 280 | 3/30/2005 | Kevin Sheetz email re: Port Team Action Items: Dr. Hickman and aphaeresis in ports | BARD_AD_0993300 | BARD_AD_0993302 | Gregoire 5/31/17; Sheetz 6/5/17 | 10 34 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 281 | 5/10/2005 | John Evans email re: Plastic Power Port design inputs for 1st gen models | BARD_AD_0970865 | BARD_AD_0970866 | Sheetz 6/5/17 | 24 | FRE 402; FRE 403; FRE 602; FRE |
| 282 | 10/10/2013 | Steve Williamson email re: Barnes | BARD_AD_1009770 | BARD_AD_1009777 | | | FRE 602; FRE 802; no sponsoring witness |
| 283 | 8/25/2014 | Jim Beasley email re: Vascular Port Access Opportunity | BARD_AD_1018725 | BARD_AD_1018726 | Beasley 5/25/17 | 8 | FRE 402; FRE 403; FRE 602; FRE |
| 284 | 5/27/2013 | Kelly Powers email re: Port? | BARD_AD_1025771 | BARD_AD_1025775 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 285 | N/A | Port and Dialysis Update presentation by Andrea Acuna and Kelly Powers | BARD_AD_1027263 | BARD_AD_1027294 | | | FRE 402; FRE 403; FRE 602; FRE |
| 286 | 5/11/2013 | Kelly Powers email re: Dr. Trerotola Port | BARD_AD_1043789 | BARD_AD_1043790 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 287 | 12/13/2002 | Steven Goode email re: Vortex port | BARD_AD_1070813 | BARD_AD_1070814 | | | FRE 402; FRE 403; FRE 602; FRE |
| 288 | 9/8/2006 | John Zawacki email re: Rumor of the HMP RITA Power Injectable port | BARD_AD_1248363 | BARD_AD_1248366 | Boswell 5/26/17 | 26 & 29 | FRE 402; FRE 403; FRE 602; FRE |
| 289 | 7/31/2014 | S. Marrero memo re: Internal R&D Analytic | BARD_AD_1251886 | BARD_AD_1251893 | | | FRE 402; FRE 602; FRE 802; FRE |
| 290 | 12/10/2009 | Randi Cleverley memo re: Vaccess CT Power-Injectable Port Process validation Plan | BARD_AD_1284984 | BARD_AD_1284985 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 291 | 9/24/2014 | Kimberly Hammond email re: CPA - University of Chicago | BARD_AD_1292309 | BARD_AD_1292310 | Hammond 5/24/17 | 10 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 292 | 5/24/2013 | Kelly Powers email re: Port? | BARD_AD_1302299 | BARD_AD_1302302 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 293 | 12/17/2009 | Patrick Gasser email re: Ethanol Flushing through Polyurethane Catheters | BARD_AD_1302563 | BARD_AD_1302567 | | | FRE 402; FRE 403; FRE 602; FRE |
| 294 | | | INTENTIONALLY OMITTED | | | | |
| 295 | 2004 | BVR 2004 budget B2 spreadsheet | BARD_AD_1303535 | BARD_AD_1303535 | | | FRE 402; FRE 403; FRE 602; FRE |
| 296 | | | INTENTIONALLY OMITTED | | | | |
| 297 | 2004 | Beggs Power Port Design Input Fall ONS 2004 Report | BARD_AD_1329834 | BARD_AD_1329855 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness; MIL |
| 298 | 2007 | Beggs Power Injectable Infusion Port Collateral Material Post Launch CT Tech Report Spring 2007 | BARD_AD_1334651 | BARD_AD_1334685 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness; MIL |
| 299 | 11/7/2006 | Annemarie Boswell email re: Cheap imitation of power injectable Port | BARD_AD_1345288 | BARD_AD_1345289 | Boswell 5/26/17 | 25 | FRE 402; FRE 602; FRE 802; no sponsoring witness; MIL |
| 300 | 2007 | Beggs Power Injectable Infusion Port Collateral Material Post Launch CT Tech DATA charts Spring 2007 | BARD_AD_1350317 | BARD_AD_1350362 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness; MIL |
| 301 | | | INTENTIONALLY OMITTED | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 302 | | INTENTIONALLY OMITTED | | | | | |
| 303 | 10/4/2011 | Pport Lap ISP, WSIOM Assy spec sheet | BARD_AD_1368599 | BARD_AD_1368600 | | | FRE 602; no sponsoring |
| 304 | | INTENTIONALLY OMITTED | | | | | |
| 305 | 12/23/2004 | Base, Port, Adult MRI, No Stem spec sheet | BARD_AD_1402752 | BARD_AD_1402752 | | | FRE 402; FRE 403; FRE 901 |
| 306 | | INTENTIONALLY OMITTED | | | | | |
| 307 | 8/3/2011 | Marketing Memo re: Vaccess LP POA Rationale | BARD_AD_1495962 | BARD_AD_1495971 | Acuna 6/9/17 | 4 | FRE 402; FRE 602; FRE 802; no sponsoring witness |
| 308 | N/A | Contrast Medica Power Injection using central venous port cathter, by Gebauer | BARD_AD_1501136 | BARD_AD_1501138 | | | FRE 402; FRE 403; FRE 602; FRE |
| 309 | 2008 | PowerPort Design Input Summary Report | BARD_AD_1506546 | BARD_AD_1506624 | Hibdon 6/23/17 | 20 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 310 | 2005 | R&D year end summary spreadsheet | BARD_AD_1508628 | BARD_AD_1508628 | | | FRE 402; FRE 403; FRE 602; FRE |
| 311 | 2003 | Budget 2003 all teams R&D Project Summary spreadsheet | BARD_AD_1508776 | BARD_AD_1508776 | | | FRE 402; FRE 403; FRE 602; FRE |
| 312 | 2005 | 2005 Quarterly BVR Schedules Project Expense Rollup spreadsheet | BARD_AD_1509576 | BARD_AD_1509576 | | | FRE 402; FRE 403; FRE 602; FRE |
| 313 | 2009 | Q2 Drill Down RD proposed cuts spreadsheet | BARD_AD_1509833 | BARD_AD_1509833 | | | FRE 402; FRE 403; FRE 602; FRE |
| 314 | 5/17/2010 | Full Year by Project with Kelly cuts proposal spreadsheet | BARD_AD_1510213 | BARD_AD_1510213 | | | FRE 402; FRE 403; FRE 602; FRE |
| 315 | 9/27/2005 | Pipeline spreadsheet | BARD_AD_1510216 | BARD_AD_1510216 | | | FRE 402; FRE 403; FRE 602; FRE |
| 316 | 2007 | New Products Forecast-FINAL spreadsheet | BARD_AD_1510226 | BARD_AD_1510226 | | | FRE 402; FRE 403; FRE 602; FRE |
| 317 | 2005 | New products and Line extensions 2004-2005 spreadsheet | BARD_AD_1510272 | BARD_AD_1510272 | | | FRE 402; FRE 403; FRE 602; FRE |
| 318 | 2006 | 2006 Project Exp Summary spreadsheet | BARD_AD_1514610 | BARD_AD_1514610 | | | FRE 402; FRE 403; FRE 602; FRE |
| 319 | | INTENTIONALLY OMITTED | | | | | |
| 320 | Aug-08 | BardPort Patient Information | BARD_AD_1549774 | BARD_AD_1549807 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 321 | 6/25/2014 | Andrea Acuna email re: Port Informatioin for ORC | BARD_AD_1560409 | BARD_AD_1560412 | Acuna 6/9/17 | 13 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 322 | 7/31/2015 | Declaration of Stephen J. Tallarida vs. USP No. 8,257,325 | BARD_AD_1572331 | BARD_AD_1572424 | Tallarida 11/28/17 | 19 | FRE 402; FRE 403; FRE 602; FRE |
| 323 | 11/30/2004 | U.S. Patent 6,826,257 to Sayre et al. | BARD_AD_1572944 | BARD_AD_1572955 | Tallarida 11/28/17 | 17 | FRE 402; FRE 403; FRE 602; FRE |
| 324 | 4/3/2007 | PowerPort isp Design Validation Protocol | BARD_AD_1575239 | BARD_AD_1575270 | Hibdon 6/23/17 | 16 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 325 | 4/9/2002 | Kevin Sheetz fax re: Port Identification Number Engraving Procedure | BARD_AD_1578623 | BARD_AD_1578633 | Eliasen 6/21/17 | 21 | FRE 402; FRE 403; FRE 602; FRE |
| 326 | N/A | Apheresis Vascular Access System Design Input Summary | BARD_AD_1583199 | BARD_AD_1583227 | | | FRE 402; FRE 403; FRE 602; FRE |
| 327 | 2013 | 2013 NPD Reviews Enhancing the Business Focus | BARD_AD_1598637 | BARD_AD_1598637 | | | FRE 402; FRE 403; FRE 602; FRE |
| 328 | | INTENTIONALLY OMITTED | | | | | |
| 329 | | INTENTIONALLY OMITTED | | | | | |
| 330 | | INTENTIONALLY OMITTED | | | | | |
| 331 | | INTENTIONALLY OMITTED | | | | | |
| 332 | | INTENTIONALLY OMITTED | | | | | |
| 333 | N/A | Bard Concept POA | BARD_AD_1617742 | BARD_AD_1617754 | Powers 6/9/17 | 29 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 334 | N/A | Titanium X-Port isp Global POA RD9082 | BARD_AD_1629117 | BARD_AD_1629135 | | | FRE 402; FRE 403; FRE 602; FRE |
| 335 | 11/21/2005 | Project Summary: Titanium X-Port isp | BARD_AD_1629136 | BARD_AD_1629153 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 336 | 2008 | Power Port Duo Global POA 59390 | BARD_AD_1632157 | BARD_AD_1632206 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 337 | | INTENTIONALLY OMITTED | | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 338 | 11/8/2006 | Annemarie Boswell email re: RITA/HMP Powerport | BARD_AD_1648042 | BARD_AD_1648043 | Scott 10/24/17 | 18 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 339 | 11/5/2008 | Annemarie Boswell email re: Triumph Port teaching model | BARD_AD_1649268 | BARD_AD_1649270 | | | FRE 402; FRE 403; FRE 602; FRE |
| 340 | N/A | Concept POA for Vaccess CT | BARD_AD_1667521 | BARD_AD_1667533 | Acuna 6/9/17 | 3 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 341 | 2007 | K062414 RITA 510k | BARD_AD_1669245 | BARD_AD_1669256 | Scott 10/24/17 | 20 | FRE 403; FRE 802 |
| 342 | 4/1/2014 | Annemarie Boswell email re: How to sell against Vortex | BARD_AD_1673442 | BARD_AD_1673443 | Boswell 5/26/17; Gregoire 5/31/17 | 34 9 | FRE 402; FRE 403; FRE 602; FRE |
| 343 | Feb-01 | Power Injection of Contrast Media Using Central Venous Catheters: Feasibility, Safety, and Efficacy, by Herts et al. | BARD_AD_1680148 | BARD_AD_1680155 | | | FRE 402; FRE 403; FRE 602; FRE |
| 344 | | INTENTIONALLY OMITTED | | | | | |
| 345 | 8/23/2004 | Kelly Powers memo re: TTR Summary for August 4 & 5 2004 | BARD_AD_1720460 | BARD_AD_1720471 | | | FRE 402; FRE 403; FRE 602; FRE |
| 346 | 5/21/2008 | Kelly Powers email re: Technote on powerloc.doc | BARD_AD_1751149 | BARD_AD_1751150 | | | FRE 402; FRE 403; FRE 602; FRE |
| 347 | N/A | Dave Smith memo re: Response to information request | BARD_AD_1751151 | BARD_AD_1751151 | | | FRE 403; FRE 802 |
| 348 | 2008 | Cost Center Expense Rollup spreadsheet | BARD_AD_1754969 | BARD_AD_1754969 | | | FRE 402; FRE 403; FRE 802; no sponsoring witness |
| 349 | | INTENTIONALLY OMITTED | | | | | |
| 350 | 2005 | Quarterly BVR Schedules spreadsheets | BARD_AD_1770417 | BARD_AD_1770417 | | | FRE 402; FRE 403; FRE 802; no sponsoring witness |
| 351 | 2016 | U.S. Income Statement Review spreadsheets | BARD_AD_1778828 | BARD_AD_1778828 | | | FRE 402; FRE 403; FRE 802; no sponsoring witness |
| 352 | | INTENTIONALLY OMITTED | | | | | |
| 353 | | INTENTIONALLY OMITTED | | | | | |
| 354 | | INTENTIONALLY OMITTED | | | | | |
| 355 | 10/24/2015 | Jeff Lemaster email re: BPV 5-Year Strategic Plan | BARD_AD_1783313 | BARD_AD_1783434 | Hammond 5/24/17 | 7 | FRE 402; FRE 403; FRE 602; FRE |
| 356 | 3/7/2014 | Steve Williamson email re: materials for our call | BARD_AD_1783614 | BARD_AD_1783625 | Hammond 5/24/17 | 6 | FRE 402; FRE 403; FRE 602; FRE |
| 357 | 10/9/2013 | Kimberly Hammond email re: BPV Monthly Report September 2013 | BARD_AD_1785305 | BARD_AD_1785336 | Hammond 5/24/17 | 15 | FRE 402; FRE 403; FRE 602; FRE |
| 358 | 9/23/2015 | Product Agreement for Implantable Port and Long Term Catheter Products | BARD_AD_1790765 | BARD_AD_1790777 | Acuna 6/9/17 | 23 | FRE 402; FRE 403; FRE 602; FRE |
| 359 | 12/9/2014 | Bard Revenue Recognition Whitepaper | BARD_AD_1790977 | BARD_AD_1790988 | Hammond 5/24/17 | 5 | FRE 402; FRE 403; FRE 602; FRE |
| 360 | | INTENTIONALLY OMITTED | | | | | |
| 361 | | INTENTIONALLY OMITTED | | | | | |
| 362 | 2015 | Budget spreadsheet | BARD_AD_1799078 | BARD_AD_1799078 | | | FRE 402; FRE 403; FRE 602; FRE |
| 363 | | INTENTIONALLY OMITTED | | | | | |
| 364 | N/A | Dave Smith memo re: Response to information request | BARD_AD_1843663 | BARD_AD_1843665 | | | FRE 403; FRE 802 |
| 365 | 12/11/2008 | Ken Eliasen email re: LoPro picture | BARD_AD_1847359 | BARD_AD_1847362 | Eliasen 6/21/17 | 13 | FRE 402; FRE 403; FRE 602; FRE |
| 366 | | INTENTIONALLY OMITTED | | | | | |
| 367 | 5/2/2007 | Amber Brown memo re: PowerPort Implanted Port Cheat Sheet | BARD_AD_1859360 | BARD_AD_1859364 | Boswell 5/26/17 | 35 | FRE 402; FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 368 | 11/10/2014 | Andrea Acuna email re: Vortex port | BARD_AD_1863438 | BARD_AD_1863439 | | | FRE 402; FRE 403; FRE 602; FRE |
| 369 | 10/5/2009 | 2010 BAS U.S. Income Statement Review | BARD_AD_1885735 | BARD_AD_1885735 | | | FRE 402; FRE 403; FRE 802; no sponsoring witness |
| 370 | 1/12/2004 | Jim Beasley memo re: Monthly Management Report | BARD_AD_1890253 | BARD_AD_1890264 | | | FRE 402; FRE 403; FRE 802; no sponsoring witness |
| 371 | N/A | Padraic O'Brien email re: Port analytics | BARD_AD_1891457 | BARD_AD_1891464 | Hammond 5/24/17 | 18 | FRE 402; FRE 403; FRE 602; FRE |
| 372 | 12/31/2009 | Dwight Hibdon email re: Patient card effectiveness | BARD_AD_1896851 | BARD_AD_1896853 | Beasley 5/25/17 | 7 | FRE 402; FRE 403; FRE 602; FRE |
| 373 | 2005 | Power Port Identification Survey: CT Techs, RNs and Physicians, Spring 2005 | BARD_AD_1896996 | BARD_AD_1897055 | Beasley 5/25/17; Powers 6/8/17 | 6 18 | FRE 403; FRE 602; FRE 802; no sponsoring witness; MIL |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 374 | 1/12/2004 | Jim Beasley memo re: Monthly Management Report | BARD_AD_1910192 | BARD_AD_1910203 | Beasley 5/25/17 | 9 | FRE 402; FRE 403; FRE 602; FRE |
| 375 | 11/7/2006 | Bret Wirta email re: RITA's letter and rebuttle from Bard Access System on Power Port | BARD_AD_1915881 | BARD_AD_1915882 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 376 | 11/2/2006 | Richard Naylor email re: competitors off-label power-injectible port | BARD_AD_1915892 | BARD_AD_1915893 | | | FRE 402; FRE 403; FRE 602; FRE |
| 377 | 2006 | RITA booth ACS 10-2006 | BARD_AD_1915899 | BARD_AD_1915899 | | | FRE 402; FRE 403; FRE 802; no sponsoring witness |
| 378 | 11/8/2006 | Jim Beasley memo re: Monthly Management Report | BARD_AD_1918405 | BARD_AD_1918420 | | | FRE 402; FRE 403; FRE 602; FRE |
| 379 | N/A | Kimberly Hammond email re: BPV Step II P&L Package | BARD_AD_1959135 | BARD_AD_1959152 | Hammond 5/24/17 | 22 | FRE 402; FRE 403; FRE 602; FRE802; no sponsoring |
| 380 | 2004 | Beggs Fall 2004 Report: Power Injectable Port: CT Technologists Perceptions | BARD_AD_1962862 | BARD_AD_1962901 | Powers 6/8/17 | 19 | FRE 403; FRE 602; FRE 602; no sponsoring witness; MIL |
| 381 | 4/13/2007 | Kelly Powers email re: Port Access Technologies | BARD_AD_1963239 | BARD_AD_1963241 | | | FRE 402; FRE 403; FRE 602; FRE |
| 382 | 2012 | U.S. Income Statement Review | BARD_AD_2001785 | BARD_AD_2001785 | | | FRE 402; FRE 403; FRE 602; FRE |
| 383 | 6/8/2005 | John Zawacki memo re: meeting minutes | BARD_AD_2038036 | BARD_AD_2038038 | Powers 6/9/17 | 26 | FRE 402; FRE 403; FRE 602; FRE |
| 384 | | INTENTIONALLY OMITTED | | | | | |
| 385 | | INTENTIONALLY OMITTED | | | | | |
| 386 | | INTENTIONALLY OMITTED | | | | | |
| 387 | 2008 | Cost Center Expense Rollup spreadsheet | BARD_AD_2078716 | BARD_AD_2078716 | | | FRE 402; FRE 403; FRE 602; FRE |
| 388 | 2010 | Budget R&D Port Team spreadsheet | BARD_AD_2186626 | BARD_AD_2186626 | | | FRE 402; FRE 403; FRE 602; FRE |
| 389 | 2016 | R&D Summary spreadsheet | BARD_AD_2188149 | BARD_AD_2188149 | | | FRE 402; FRE 403; FRE 602; FRE |
| 390 | 9/17/2007 | NPD Review | BARD_AD_2189056 | BARD_AD_2189226 | | | FRE 402; FRE 403; FRE 602; FRE |
| 391 | 9/30/2003 | Research and Development Powerpoint | BARD_AD_2189769 | BARD_AD_2189888 | | | FRE 402; FRE 403; FRE 602; FRE |
| 392 | 2005 | R&D spreadsheet | BARD_AD_2189947 | BARD_AD_2189947 | | | FRE 402; FRE 403; FRE 602; FRE |
| 393 | 10/21/2004 | 3 Year Strategic Plan Powerpoint | BARD_AD_2191553 | BARD_AD_2191687 | | | FRE 402; FRE 403; FRE 602; FRE |
| 394 | 2010 | R&D spreadsheet | BARD_AD_2193117 | BARD_AD_2193117 | | | FRE 402; FRE 403; FRE 602; FRE |
| 395 | 2004 | Cost Center Expense Rollup spreadsheet | BARD_AD_2193118 | BARD_AD_2193118 | | | FRE 402; FRE 403; FRE 602; FRE |
| 396 | 2007 | R&D spreadsheet | BARD_AD_2193326 | BARD_AD_2193326 | | | FRE 402; FRE 403; FRE 602; FRE |
| 397 | 2005 | Cost Center Expense Rollup spreadsheet | BARD_AD_2193329 | BARD_AD_2193329 | | | FRE 402; FRE 403; FRE 602; FRE |
| 398 | 2010 | R&D Budget 2010 spreadsheet | BARD_AD_2193509 | BARD_AD_2193509 | | | FRE 402; FRE 403; FRE 602; FRE |
| 399 | 2010 | R&D spreadsheet | BARD_AD_2193690 | BARD_AD_2193690 | | | FRE 402; FRE 403; FRE 602; FRE |
| 400 | 2009 | R&D BVR 2009 spreadsheet | BARD_AD_2193750 | BARD_AD_2193750 | | | FRE 402; FRE 403; FRE 602; FRE |
| 401 | 2006 | Cost Center Expense Rollup spreadsheet | BARD_AD_2193751 | BARD_AD_2193751 | | | FRE 402; FRE 403; FRE 602; FRE |
| 402 | 8/3/2012 | Letter from Bard to STD Med dated August 3, 2012 enclosing second quarter royalty payment | BARD_AD_2200593 | BARD_AD_2200595 | Tallarida 11/28/17 | 12 | FRE 402; FRE 403; FRE 602; FRE |
| 403 | 5/10/2011 | Letter from Bard to STD Med dated May 10, 2011 enclosing first quarter royalty payment | BARD_AD_2200966 | BARD_AD_2200968 | Tallarida 11/28/17; Vogelzang 12/13/17 | 13 | FRE 402; FRE 403; FRE 602; FRE |
| 404 | 11/15/2001 | Supply and Vendor Transition Agreement | BARD_AD_2201224 | BARD_AD_2201242 | Tallarida 11/28/17 | 3 | FRE 402; FRE 403; FRE 602; FRE |
| 405 | 4/24/2006 | Assignment Agreement for USP No. 6,527,754 between STD & Bard | BARD_AD_2201303 | BARD_AD_2201304 | Tallarida 11/28/17 | 10 | FRE 402; FRE 403; FRE 802; no sponsoring witness |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 406 | 3/4/2003 | U.S. Patent 6,527,754, Tallarida | BARD_AD_2201306 | BARD_AD_2201314 | Eliasen 6/21/17; Herron 10/5/17; Rosenzweig 8/17/17; Tallarida 11/28/17; Vogelzang 12/15/17; | 26 14 7 6 616 | FRE 402; FRE 403 |
| 407 | 2006 | Rita flyer SIR | BARD_AD_2204242 | BARD_AD_2204243 | | | FRE 402; FRE 403; FRE 802 |
| 408 | 9/2/2008 | Annemarie Boswell email re: Xcela Quote/PFM power injectable ports | BARD_AD_2220541 | BARD_AD_2220547 | Sheetz 6/5/17 | 37 | FRE 402; FRE 403; FRE 602; FRE |
| 409 | | INTENTIONALLY OMITTED | | | | | |
| 410 | 12/19/2006 | Annemarie Boswell email re: Power port v. traditional ports help | BARD_AD_2223411 | BARD_AD_2223413 | Acuna 6/9/17; Hibdon 6/23/17; Sheetz 6/5/17 | 21 32 38 | FRE 402; FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 411 | 2009 | POA Vaccess CT Power Injectable Port | BARD_AD_2243812 | BARD_AD_2243830 | Boswell 5/26/17; Herron 10/5/17; Powers 6/9/17 | 37 23 30 | FRE 402; FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 412 | 2004 | Survey 18, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2244633 | BARD_AD_2244636 | | | FRE 403; FRE 602; FRE 802; FRE |
| 413 | 2004 | Survey 33, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2244666 | BARD_AD_2244669 | | | FRE 403; FRE 602; FRE 802; FRE |
| 414 | 2004 | Survey 7, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2244717 | BARD_AD_2244720 | | | FRE 403; FRE 602; FRE 802; FRE |
| 415 | 2004 | Survey 1, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2244811 | BARD_AD_2244814 | | | FRE 403; FRE 602; FRE 802; FRE |
| 416 | 2004 | Survey 15, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2244900 | BARD_AD_2244903 | | | FRE 403; FRE 602; FRE 802; FRE |
| 417 | 2004 | Survey 31, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245167 | BARD_AD_2245170 | | | FRE 403; FRE 602; FRE 802; FRE |
| 418 | 2004 | Survey 17, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245195 | BARD_AD_2245198 | | | FRE 403; FRE 602; FRE 802; FRE |
| 419 | 2004 | Survey 38, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245431 | BARD_AD_2245434 | | | FRE 403; FRE 602; FRE 802; FRE |
| 420 | 2004 | Survey 30, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245447 | BARD_AD_2245450 | | | FRE 403; FRE 602; FRE 802; FRE |
| 421 | 2004 | Survey 25, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245459 | BARD_AD_2245462 | | | FRE 403; FRE 602; FRE 802; FRE |
| 422 | 2004 | Survey 9, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245473 | BARD_AD_2245476 | | | FRE 403; FRE 602; FRE 802; FRE |
| 423 | 2004 | Survey 10, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245483 | BARD_AD_2245486 | | | FRE 403; FRE 602; FRE 802; FRE |
| 424 | 2004 | Survey 2, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2245499 | BARD_AD_2245502 | | | FRE 403; FRE 602; FRE 802; FRE |
| 425 | 2004 | Survey 11, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246159 | BARD_AD_2246162 | | | FRE 403; FRE 602; FRE 802; FRE |
| 426 | 2004 | Survey 3, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246213 | BARD_AD_2246216 | | | FRE 403; FRE 602; FRE 802; FRE |
| 427 | 2004 | Survey 20, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246256 | BARD_AD_2246259 | | | FRE 403; FRE 602; FRE 802; FRE |
| 428 | 5/15/2012 | U.S. Patent 8,177,762, Beasley | BARD_AD_2246314 | BARD_AD_2246350 | Clark 12/7/17; Herron 10/5/17; Rosenzweig 8/17/17; Tallarida 11/28/17; Vogelzang 12/13/17 | 1014 15 8 8 608 | FRE 402; FRE 403 |
| 429 | 2004 | Survey 12, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246351 | BARD_AD_2246354 | | | FRE 403; FRE 602; FRE 802; FRE |
| 430 | 2004 | Survey 26, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246406 | BARD_AD_2246409 | | | FRE 403; FRE 602; FRE 802; FRE |
| 431 | 2004 | Survey 35, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246527 | BARD_AD_2246530 | | | FRE 403; FRE 602; FRE 802; FRE |
| 432 | 2004 | Survey 28, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246696 | BARD_AD_2246699 | | | FRE 403; FRE 602; FRE 802; FRE |
| 433 | 2004 | Survey 24, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246723 | BARD_AD_2246726 | | | FRE 403; FRE 602; FRE 802; FRE |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 434 | 2004 | Survey 4, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246924 | BARD_AD_2246927 | | | FRE 403; FRE 602; FRE 802; FRE |
| 435 | 2004 | Survey 37, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246936 | BARD_AD_2246939 | | | FRE 403; FRE 602; FRE 802; FRE |
| 436 | 2004 | Survey 23, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2246979 | BARD_AD_2246982 | | | FRE 403; FRE 602; FRE 802; FRE |
| 437 | 2004 | Survey 14, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2247014 | BARD_AD_2247017 | | | FRE 403; FRE 602; FRE 802; FRE |
| 438 | 2004 | Survey 36, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2247058 | BARD_AD_2247061 | | | FRE 403; FRE 602; FRE 802; FRE |
| 439 | 2004 | Survey 27, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2247121 | BARD_AD_2247124 | | | FRE 403; FRE 602; FRE 802; FRE |
| 440 | | INTENTIONALLY OMITTED | | | | | |
| 441 | 2004 | Survey 5, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2247656 | BARD_AD_2247659 | | | FRE 403; FRE 602; FRE 802; FRE |
| 442 | 8/24/2011 | Design and Development Plan DDP59730.4 Vaccess CT Low Profile Port | BARD_AD_2250948 | BARD_AD_2250961 | | | FRE 402; FRE 403; FRE 602; FRE |
| 443 | 5/1/2009 | Jim Beasley memo re: Mark Sands/Cleveland Clinic Product Issues | BARD_AD_2264910 | BARD_AD_2264911 | | | FRE 402; FRE 403; FRE 602; FRE |
| 444 | N/A | UPDATED Supply spreadsheet | BARD_AD_2273989 | BARD_AD_2273989 | Ochoa 5/26/17 | 6 | FRE 402; FRE 403; FRE 602; FRE |
| 445 | Dec-13 | Management P&L spreadsheet | BARD_AD_2274001 | BARD_AD_2274001 | | | FRE 402; FRE 403; FRE 602; FRE |
| 446 | Dec-16 | Management P&L spreadsheet | BARD_AD_2274019 | BARD_AD_2274019 | | | FRE 402; FRE 403; FRE 602; FRE |
| 447 | 2004-2016 | Bard Port Sales 2004-2016 | BARD_AD_2274031 | BARD_AD_2274031 | Hammond 5/24/17 | 19 | FRE 402; FRE 403; FRE 602; FRE |
| 448 | 2013 | Project Expense Rollup Summary spreadsheet | BARD_AD_2290183 | BARD_AD_2290183 | | | FRE 402; FRE 403; FRE 602; FRE |
| 449 | N/A | Sagnite Graham memo re: Historical Capacity Analysis for SLC - Power Port Products | BARD_AD_2290212 | BARD_AD_2290212 | Ochoa 5/26/17 | 4 | FRE 402; FRE 403; FRE 602; FRE |
| 450 | | INTENTIONALLY OMITTED | | | | | |
| 451 | 9/13/2005 | Ken Eliasen email re: Ti ISP | BARD_AD_2292973 | BARD_AD_2292979 | Eliasen 6/21/17 | 6 | FRE 402; FRE 403; FRE 602; FRE |
| 452 | | INTENTIONALLY OMITTED | | | | | |
| 453 | 2009 | PowerPort Brochure | BARD_AD_2295853 | BARD_AD_2295863 | | | |
| 454 | 6/17/2014 | Corporate Policy Manual - Records Retention | BARD_AD_2296719 | BARD_AD_2296761 | Gregoire 5/31/17 | 6 | FRE 402; FRE 403; FRE 602; FRE |
| 455 | 4/16/2010 | Corporate Policy Manual - Records Retention | BARD_AD_2296762 | BARD_AD_2296782 | Gregoire 5/31/17 | 3 | FRE 402; FRE 403; FRE 602; FRE |
| 456 | 11/30/1998 | Corporate Policy Manual - Records Retention | BARD_AD_2296783 | BARD_AD_2296802 | Gregoire 5/31/17 | 1 | FRE 402; FRE 403; FRE 602; FRE |
| 457 | 10/11/2011 | Corporate Policy Manual - Records Retention | BARD_AD_2296803 | BARD_AD_2296829 | Gregoire 5/31/17 | 5 | FRE 402; FRE 403; FRE 602; FRE |
| 458 | 9/16/2011 | Corporate Policy Manual - Records Retention | BARD_AD_2296830 | BARD_AD_2296855 | Gregoire 5/31/17 | 4 | FRE 402; FRE 403; FRE 602; FRE |
| 459 | 3/5/2010 | Corporate Policy Manual - Records Retention | BARD_AD_2296856 | BARD_AD_2296876 | Gregoire 5/31/17 | 2 | FRE 402; FRE 403; FRE 602; FRE |
| 460 | | INTENTIONALLY OMITTED | | | | | |
| 461 | 4/12/2013 | Steven Penderghast letter re: Interface Biologics Inc. (IBI) - Endexo Hydrophobic Catheter Polymer Additive | BARD_AD_2301275 | BARD_AD_2301277 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 462 | 6/27/2008 | Attilio Difiore email re: Pilot Study | BARD_AD_2301278 | BARD_AD_2301285 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 463 | 1/31/2012 | Kelly Christian email re: Navilyst with Endexo | BARD_AD_2301286 | BARD_AD_2301286 | Acuna 6/9/17 | 8 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 464 | | INTENTIONALLY OMITTED | | | | | |
| 465 | 1/31/2012 | Kelly Christian email re: More IBI Info | BARD_AD_2301289 | BARD_AD_2301290 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 466 | | INTENTIONALLY OMITTED | | | | | |
| 467 | 8/7/1997 | Approvals Sheet R2392 Norfolk Vortex Competitive Port Evaluation Report | BARD_AD_2301429 | BARD_AD_2301500 | | | FRE 402; FRE 403; FRE 602; FRE |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 468 | 9/24/2009 | Design and Development Vaccess CT Power-Injectable Port QDRMM343-1 | BARD_AD_2301986 | BARD_AD_2301998 | | | FRE 402; FRE 403; FRE 602; FRE |
| 469 | 2009 | Design Input Summary Vaccess CT | BARD_AD_2302010 | BARD_AD_2302251 | Acuna 6/9/17; Powers 6/8/17 | 6 21 | FRE 402; FRE 403; FRE 602; FRE |
| 470 | 2006 | Consolidated BVR vs Budget | BARD_AD_2303869 | BARD_AD_2303869 | | | FRE 402; FRE 403; FRE 602; FRE |
| 471 | 2008 | Consolidated BVR 08 vs Budget 09 | BARD_AD_2303870 | BARD_AD_2303870 | | | FRE 402; FRE 403; FRE 602; FRE |
| 472 | 2007 | Consolidated BVR vs Budget | BARD_AD_2303871 | BARD_AD_2303871 | | | FRE 402; FRE 403; FRE 602; FRE |
| 473 | 2004 | Consolidated BVR vs Budget | BARD_AD_2303873 | BARD_AD_2303873 | | | FRE 402; FRE 403; FRE 602; FRE |
| 474 | 12/19/2016 | Brian Biley memo re: Historical Capacity Analysis for GFO to Power Port Products | BARD_AD_2303875 | BARD_AD_2303875 | Ochoa 5/26/17 | 5 | FRE 402; FRE 403; FRE 602; FRE |
| 475 | N/A | Corporate Policy Manual - Records Retention | BARD_AD_2304176 | BARD_AD_2304223 | Gregoire 5/31/17 | 7 and 8 | FRE 402; FRE 403; FRE 602; FRE |
| 476 | 2002 | Competitive Port Testing Report | BARD_AD_2304238 | BARD_AD_2304275 | Sheetz 6/5/17 | 35 | FRE 402; FRE 403; FRE 602; FRE |
| 477 | | INTENTIONALLY OMITTED | | | | | |
| 478 | | INTENTIONALLY OMITTED | | | | | |
| 479 | 2004 | Survey 21, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2304459 | BARD_AD_2304462 | | | FRE 403; FRE 602; FRE 802; FRE |
| 480 | 2004 | Survey 8, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2304465 | BARD_AD_2304468 | | | FRE 403; FRE 602; FRE 802; FRE |
| 481 | 2004 | Survey 22, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2304469 | BARD_AD_2304472 | | | FRE 403; FRE 602; FRE 802; FRE |
| 482 | 2004 | Survey 34, 2004 Fall ONS PowerPort Design Input Survey with CDA | BARD_AD_2304473 | BARD_AD_2304476 | | | FRE 403; FRE 602; FRE 802; FRE |
| 483 | N/A | Lucky 13 Doc - Section 13.7 Education Efforts | BARD_AD_2306005 | BARD_AD_2306008 | | | FRE 402; FRE 403; FRE 602; FRE |
| 484 | 3/23/2005 | John Zawacki memo re: Meeting with dr. Carlisle at the U of Utah | BARD_AD_2306019 | BARD_AD_2306020 | | | FRE 402; FRE 403; FRE 602; FRE |
| 485 | N/A | Power Port Launch Marketing Communications Estimated Cost Summary | BARD_AD_2306388 | BARD_AD_2306391 | | | FRE 402; FRE 403; FRE 602; FRE |
| 486 | | INTENTIONALLY OMITTED | | | | | |
| 487 | Apr-16 | HPG Port Executive Summary Powerpoint | BARD_AD_2307322 | BARD_AD_2307322 | | | FRE 402; FRE 403; FRE 602; FRE |
| 488 | | INTENTIONALLY OMITTED | | | | | |
| 489 | | INTENTIONALLY OMITTED | | | | | |
| 490 | | INTENTIONALLY OMITTED | | | | | |
| 491 | | INTENTIONALLY OMITTED | | | | | |
| 492 | | INTENTIONALLY OMITTED | | | | | |
| 493 | | INTENTIONALLY OMITTED | | | | | |
| 494 | | INTENTIONALLY OMITTED | | | | | |
| 495 | | INTENTIONALLY OMITTED | | | | | |
| 496 | | INTENTIONALLY OMITTED | | | | | |
| 497 | 9/29/2014 | MarComm Request | BARD_AD_2356681 | BARD_AD_2356694 | Herron 10/5/17 | 27 & 28 | FRE 402; FRE 403; FRE 602; FRE |
| 498 | 2/22/2011 | MarComm Request | BARD_AD_2356695 | BARD_AD_2356705 | Herron 10/5/17 | 25 | FRE 402; FRE 403; FRE 602; FRE |
| 499 | 8/31/2012 | MarComm Request | BARD_AD_2356706 | BARD_AD_2356721 | Herron 10/5/17 | 26 | FRE 402; FRE 403; FRE 602; FRE |
| 500 | 5/20/2016 | MarComm Project Release | BARD_AD_2356722 | BARD_AD_2356792 | Herron 10/5/17 | 29 | FRE 402; FRE 403; FRE 602; FRE |
| 501 | N/A | IP-Patent Marking Website | BARD_AD_2356880 | BARD_AD_2356895 | Herron 10/5/17 | 31 | FRE 402; FRE 403; FRE 602; FRE |
| 502 | 9/12/2003 | K032754 Vortex MP 510k | DELANGIO_00000148 | DELANGIO_00000271 | | | FRE 402; FRE 403; FRE 802 |
| 503 | 11/18/2003 | K033473 Vortex MP 510k | DELANGIO_00000272 | DELANGIO_00000422 | | | FRE 402; FRE 403; FRE 802 |
| 504 | 9/23/2008 | K081472 SmartPort CT 510k | DELANGIO_00000423 | DELANGIO_00000598 | | | |
| 505 | 1/8/2008 | K072375 LifeGuard CT 510k | DELANGIO_00000599 | DELANGIO_00000854 | Kenny 6/7/17 | 214 | |
| 506 | 1/19/2001 | K010189 Vortex 510k | DELANGIO_00000855 | DELANGIO_00001214 | | | FRE 402; FRE 403; FRE 802 |
| 507 | 2/24/2006 | RITA High flow infusion warning protocol TR06026 | DELANGIO_00001376 | DELANGIO_00001463 | Kenny 6/7/17 | 213 | FRE 402; FRE 403; FRE 802 |
| 508 | 9/10/2008 | Blaine Johnson memo re: TR07017 Report | DELANGIO_00001474 | DELANGIO_00001514 | Kenny 6/7/17 | 215 | FRE 402; FRE 403; FRE 802 |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 509 | 2002 | HMP 2002 Product Catalog | DELANGIO_00001979 | DELANGIO_00002014 | | | FRE 402; FRE 403; FRE 802 |
| 510 | | INTENTIONALLY OMITTED | | | | | |
| 511 | | INTENTIONALLY OMITTED | | | | | |
| 512 | Dec-03 | Inamed Lap Band | DELANGIO_00002046 | DELANGIO_00002068 | | | FRE 402; FRE 403; FRE 602; FRE |
| 513 | | INTENTIONALLY OMITTED | | | | | |
| 514 | 1996 | Port-A-Cath - SmithsMedical Product Specifications | DELANGIO_00002075 | DELANGIO_00002076 | | | FRE 402; FRE 403; FRE 602; FRE |
| 515 | | INTENTIONALLY OMITTED | | | | | |
| 516 | N/A | HMP Vortex MP Vascular Access Port Photo | DELANGIO_00002084 | DELANGIO_00002084 | Girard 6/27/17; Kenny 6/7/17 | 525 212 | FRE 402; FRE 403 |
| 517 | 2000 | IsoMed User Guide | DELANGIO_00002085 | DELANGIO_00002193 | Johnson 1/31/18; King 5/31/17 | 2009 37 & 38 | FRE 402; FRE 403; FRE 602; FRE |
| 518 | | INTENTIONALLY OMITTED | | | | | |
| 519 | 2008 | IsoMed Technical Manual | DELANGIO_00002216 | DELANGIO_00002280 | | | FRE 402; FRE 403; FRE 602; FRE |
| 520 | | INTENTIONALLY OMITTED | | | | | |
| 521 | 1998 | Vortex Patient Manual | DELANGIO_00002288 | DELANGIO_00002292 | | | FRE 402; FRE 403; FRE 802 |
| 522 | | INTENTIONALLY OMITTED | | | | | |
| 523 | 10/7/1999 | Design Dossier Vortex Norfolk Medical | DELANGIO_00002295 | DELANGIO_00002498 | McTiernan 6/20/17 | 309 | FRE 402; FRE 403; FRE 802 |
| 524 | Apr-00 | Esprit User Guide | DELANGIO_00002499 | DELANGIO_00002568 | | | FRE 402; FRE 403; FRE 602; FRE |
| 525 | | INTENTIONALLY OMITTED | | | | | |
| 526 | | INTENTIONALLY OMITTED | | | | | |
| 527 | 2/27/1997 | FDA medical device labeling requirements | DELANGIO_00002602 | DELANGIO_00002654 | | | FRE 402; FRE 403; FRE 602; FRE |
| 528 | | INTENTIONALLY OMITTED | | | | | |
| 529 | 2005 | Contrast Medica Power Injection using central venous port cathters - Results of an in vitro study, by Gebauer | DELANGIO_00002662 | DELANGIO_00002681 | Johnson 1/31/18 | 2005 | FRE 402; FRE 403; FRE 602; FRE |
| 530 | | INTENTIONALLY OMITTED | | | | | |
| 531 | Oct-90 | FDA Guidance on 510(k) Submissions | DELANGIO_00002688 | DELANGIO_00002714 | | | FRE 402; FRE 403; FRE 602; FRE |
| 532 | 2005 | 2005 Bard IFU | DELANGIO_00002715 | DELANGIO_00002719 | | | FRE 402; FRE 403; FRE 602; FRE |
| 533 | 1970 | A New and Growing Family of Artificial Implanted Fluid-Control Devices, Summers | DELANGIO_00002720 | DELANGIO_00002723 | | | FRE 402; FRE 403; FRE 602; FRE |
| 534 | 2003 | 2003 Bard IFU | DELANGIO_00002724 | DELANGIO_00002754 | | | FRE 402; FRE 403; FRE 602; FRE |
| 535 | 12/7/1993 | Council Directive | DELANGIO_00002755 | DELANGIO_00002788 | | | FRE 402; FRE 403; FRE 602; FRE |
| 536 | 2004 | Vortex MP brouchure 2004 | DELANGIO_00002791 | DELANGIO_00002795 | Kenny 6/7/17 | 211 | FRE 402; FRE 403; FRE 802 |
| 537 | 2012 | 2012 X-Port / BardPort IFU | DELANGIO_00002796 | DELANGIO_00002819 | | | FRE 402; FRE 403; FRE 602; FRE |
| 538 | | INTENTIONALLY OMITTED | | | | | |
| 539 | 9/11/2001 | U.S. Patent 6,287,293, Jones | DELANGIO_00002823 | DELANGIO_00002830 | Bakewell 1/11/18; Eliasen 6/21/17; Johnson 1/31/18; Powers 6/9/17 Vogelzang 12/15/17 | 614 31 2010 31 614 | FRE 402; FRE 403; FRE 802 |
| 540 | 9/5/1989 | U.S. Patent 4,863,470, Carter | DELANGIO_00002831 | DELANGIO_00002834 | | | FRE 402; FRE 403; FRE 802 |
| 541 | 10/28/2004 | WO 2004/091434 A2, Eliasen | DELANGIO_00002835 | DELANGIO_00002858 | | | FRE 402; FRE 403; FRE 802 |
| 542 | | INTENTIONALLY OMITTED | | | | | |
| 543 | | INTENTIONALLY OMITTED | | | | | |
| 544 | 6/14/2011 | U.S. Patent 7,959,615, Stats | DELANGIO_00003014 | DELANGIO_00003057 | Herron 10/5/17; King 5/31/17; Powers 6/9/17 | 13 42 34 | FRE 402; FRE 403; FRE 802 |
| 545 | | INTENTIONALLY OMITTED | | | | | |
| 546 | | INTENTIONALLY OMITTED | | | | | |
| 547 | | INTENTIONALLY OMITTED | | | | | |
| 548 | | INTENTIONALLY OMITTED | | | | | |
| 549 | 7/11/2006 | U.S. Patent 7,076,305, Imran | DELANGIO_00003239 | DELANGIO_00003278 | | | FRE 402; FRE 403; FRE 802 |
| 550 | | INTENTIONALLY OMITTED | | | | | |
| 551 | | INTENTIONALLY OMITTED | | | | | |
| 552 | | INTENTIONALLY OMITTED | | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 553 | | INTENTIONALLY OMITTED | | | | | |
| 554 | | INTENTIONALLY OMITTED | | | | | |
| 555 | | INTENTIONALLY OMITTED | | | | | |
| 556 | 12/19/1995 | U.S. Patent 5,476,460, Montalvo | DELANGIO_00003656 | | | | FRE 402; FRE 403; FRE 802 |
| 557 | 9/20/2007 | U.S. Publication 2007/021,9510 A1, Zinn et al | DELANGIO_00003714 | DELANGIO_00003726 | | | FRE 402; FRE 403; FRE 802 |
| 558 | | INTENTIONALLY OMITTED | | | | | |
| 559 | 12/2/1986 | U.S. Patent 4,626,244, Reinicke | DELANGIO_00003787 | DELANGIO_00003799 | | | FRE 402; FRE 403; FRE 802 |
| 560 | 6/3/2002 | EP 1 238 682 A2, Reuter | DELANGIO_00003800 | DELANGIO_00003806 | | | FRE 402; FRE 403; FRE 802 |
| 561 | | INTENTIONALLY OMITTED | | | | | |
| 562 | | INTENTIONALLY OMITTED | | | | | |
| 563 | 10/1/2002 | U.S. Patent 6,459,772, Wiedenhoefer | DELANGIO_00003900 | DELANGIO_00003915 | | | FRE 402; FRE 403; FRE 802 |
| 564 | | INTENTIONALLY OMITTED | | | | | |
| 565 | | INTENTIONALLY OMITTED | | | | | |
| 566 | | INTENTIONALLY OMITTED | | | | | |
| 567 | | INTENTIONALLY OMITTED | | | | | |
| 568 | | INTENTIONALLY OMITTED | | | | | |
| 569 | 7/6/1999 | U.S. Patent 5,919,160, Sanfilippo | DELANGIO_00004087 | DELANGIO_00004104 | | | FRE 402; FRE 403; FRE 802 |
| 570 | 1/15/2004 | WO 2004/004,800 A2, Patton | DELANGIO_00004105 | DELANGIO_00004137 | | | FRE 402; FRE 403; FRE 802 |
| 571 | | INTENTIONALLY OMITTED | | | | | |
| 572 | 4/7/2005 | U.S. Publication 2005/007,5614, Bunodiere | DELANGIO_00004148 | DELANGIO_00004154 | | | FRE 402; FRE 403; FRE 802 |
| 573 | | INTENTIONALLY OMITTED | | | | | |
| 574 | N/A | IsoMed ID card | DELANGIO_00004265 | DELANGIO_00004289 | | | FRE 402; FRE 403; FRE 602; FRE |
| 575 | 6/2/1998 | Asset Purchase Agreement between HMP and Norfolk | DELANGIO_00004493 | DELANGIO_00004527 | King 5/31/17 | 9 | FRE 402; FRE 403; FRE 802 |
| 576 | 6/2/1998 | Licensing Agreement between HMP and Norfolk | DELANGIO_00004750 | DELANGIO_00004753 | King 5/31/17 | 10 | FRE 402; FRE 403; FRE 802 |
| 577 | | INTENTIONALLY OMITTED | | | | | |
| 578 | 6/2/1998 | Asset Purchase Agreement between HMP and Norfolk | DELANGIO_00004812 | DELANGIO_00004846 | | | FRE 402; FRE 403; FRE 802 |
| 579 | | INTENTIONALLY OMITTED | | | | | |
| 580 | N/A | Gross Margin Report | DELANGIO_00006020 | DELANGIO_00006020 | | | |
| 581 | N/A | Gross Margin Report | DELANGIO_00006072 | DELANGIO_00006072 | | | |
| 582 | 2005 | RITA Vortex Playbook marketing material | DELANGIO_00006110 | DELANGIO_00006115 | | | FRE 402; FRE 403; FRE 802 |
| 583 | 1/28/2003 | K030083 Vaxcel with PASV Implantable Port System (Vaxcel with PASV Port) | DELANGIO_00011197 | DELANGIO_00011298 | | | FRE 402; FRE 403; FRE 802 |
| 584 | 3/24/1998 | Carpinella memo re: 6F MiniPort LTF | DELANGIO_00012269 | DELANGIO_00012283 | | | FRE 402; FRE 403; FRE 802 |
| 585 | 8/9/1995 | K951814 - Triumph I 510k | DELANGIO_00026019 | DELANGIO_00026203 | | | FRE 402; FRE 403; FRE 802 |
| 586 | 9/23/2008 | K081472 SmartPort CT Vortex LP and Others 510k | DELANGIO_00026204 | DELANGIO_00026379 | | | FRE 402; FRE 403; FRE 802 |
| 587 | 8/19/2003 | K032557 Triumph VTX 510k | DELANGIO_00026394 | DELANGIO_00026537 | | | FRE 402; FRE 403; FRE 802 |
| 588 | 2009 | VAD 06006 Binder | DELANGIO_00026538 | DELANGIO_00026776 | | | FRE 402; FRE 403; FRE 802 |
| 589 | N/A | 510k Notification document | DELANGIO_00026777 | DELANGIO_00026780 | | | FRE 402; FRE 403; FRE 802 |
| 590 | 4/8/2010 | K062414 Smart Port CT Series 510k | DELANGIO_00026781 | DELANGIO_00026917 | | | FRE 402; FRE 403; FRE 802 |
| 591 | N/A | SmartPort CT Line Extensions Project Design Project Plan (VAD #06006) | DELANGIO_00026918 | DELANGIO_00026924 | | | FRE 402; FRE 403; FRE 802 |
| 592 | | INTENTIONALLY OMITTED | | | | | |
| 593 | 2000 | A Randomized, Prospective Trial of Conventional Vascular Ports vs. the Vortex "Clear-Flow" Reservoir Port in Adult Oncology Patients, by Stevens et al | DELANGIO_00027196 | DELANGIO_00027199 | | | FRE 402; FRE 403; FRE 602; FRE |
| 594 | | INTENTIONALLY OMITTED | | | | | |
| 595 | | INTENTIONALLY OMITTED | | | | | |
| 596 | | INTENTIONALLY OMITTED | | | | | |
| 597 | | INTENTIONALLY OMITTED | | | | | |
| 598 | | INTENTIONALLY OMITTED | | | | | |
| 599 | | INTENTIONALLY OMITTED | | | | | |
| 600 | | INTENTIONALLY OMITTED | | | | | |
| 601 | | INTENTIONALLY OMITTED | | | | | |
| 602 | | INTENTIONALLY OMITTED | | | | | |
| 603 | | INTENTIONALLY OMITTED | | | | | |
| 604 | N/A | Reexamination file history: IsoMed Manual at DELANGIO_00032097 and ESPrit Manual at DELANGIO_00032214 | DELANGIO_00027865 | DELANGIO_00034749 | | | FRE 402; FRE 403; FRE 602; FRE |
| 604-A | 2001 | IsoMed Manual at DELANGIO_00032097 | DELANGIO_00032097 | DELANGIO_00032212 | | | FRE 402; FRE 403; FRE 602; FRE |
| 605 | N/A | Reexamination file history to U.S. Patent 7,785,302 | DELANGIO_00034750 | DELANGIO_00041527 | | | FRE 402; FRE 403; FRE 602; FRE |
| 606 | N/A | RITA Medical Systems: Product Validation Report, TR05059 | DELANGIO_00048250 | DELANGIO_00048260 | | | FRE 402; FRE 403; FRE 602; FRE |
| 607 | N/A | Vortex MP Launch Presentation | DELANGIO_00050014 | DELANGIO_00050031 | | | FRE 402; FRE 403; FRE 802 |
| 608 | 11/19/2003 | Vortex MP Peripheral Port Body Spec | DELANGIO_00051352 | DELANGIO_00051352 | | | FRE 402; FRE 403; FRE 802 |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 609 | 9/9/2003 | Scott Moeller fax to FDA re: K032754 revised IFU | DELANGIO_00051500 | DELANGIO_00051516 | | | FRE 402; FRE 403; FRE 802 |
| 610 | N/A | HMP Vortex VTX IFU | DELANGIO_00051779 | DELANGIO_00051889 | | | FRE 402; FRE 403; FRE 802 |
| 611 | 1/14/2015 | BioFlo Proposal Slides | DELANGIO_00054640 | DELANGIO_00054648 | | | FRE 402; FRE 403; FRE 802 |
| 612 | 2006 | RITA Vortex EZ & EZ Max brochure | DELANGIO_00054967 | DELANGIO_00054017 | | | FRE 402; FRE 403; FRE 802 |
| 613 | | INTENTIONALLY OMITTED | | | | | |
| 614 | 5/21/2008 | Hanson memo re: Port Team Meeting of 05-20-2008 - Meeting Minutes | DELANGIO_00063132 | DELANGIO_00063132 | Kenny 6/7/17 | 221 | |
| 615 | | INTENTIONALLY OMITTED | | | | | |
| 616 | N/A | LifeGuard IFU | DELANGIO_00064253 | DELANGIO_00064298 | Cox 12/13/17 | 9 | FRE 402; FRE 403; FRE 802 |
| 617 | 3/27/2009 | Competitive Port Testing Protocol Bard Power Port, TR09026 Rev. A | DELANGIO_00066929 | DELANGIO_00066973 | | | FRE 402; FRE 403; FRE 802 |
| 618 | 2007 | Vortex CT VAD6006 New Product Release Checklist | DELANGIO_00067787 | DELANGIO_00067817 | Smith 5/24/17 | 38 | FRE 402; FRE 403; FRE 802 |
| 619 | 5/25/2003 | Vortex MP Peripheral Port Body Spec | DELANGIO_00068955 | DELANGIO_00068987 | | | FRE 402; FRE 403; FRE 802 |
| 620 | N/A | TR05050 Flow Rate Limits for Ports Design Verification Protocol | DELANGIO_00069461 | DELANGIO_00069477 | | | FRE 402; FRE 403; FRE 802 |
| 621 | 2005 | TR05059 Power Injection Port Protocol Testing Result | DELANGIO_00069478 | DELANGIO_00069488 | | | FRE 402; FRE 403; FRE 802 |
| 622 | 6/9/2008 | Distribution Agreement between PFM and NAMIC | DELANGIO_00069774 | DELANGIO_00069798 | | | FRE 402; FRE 403; FRE 802 |
| 623 | 6/16/2006 | K945250 TrimPort Implantable Access System 510k | DELANGIO_00072873 | DELANGIO_00072930 | | | FRE 402; FRE 403; FRE 802 |
| 624 | 10/7/1991 | K912111 Trim-Port Implantable Access System 510k | DELANGIO_00073133 | DELANGIO_00073183 | | | FRE 402; FRE 403; FRE 802 |
| 625 | 10/31/1990 | Trim-Port Implantable Venous Access System 510k K903364 | DELANGIO_00073308 | DELANGIO_00073390 | Girard 6/27/17 | 524 | FRE 402; FRE 403; FRE 802 |
| 626 | 4/25/2005 | OmniPICC 510k | DELANGIO_00075265 | DELANGIO_00075289 | | | FRE 402; FRE 403; FRE 802 |
| 627 | | INTENTIONALLY OMITTED | | | | | |
| 628 | 10/2/1989 | K853827 Strato 510k | DELANGIO_00082722 | DELANGIO_00082874 | | | FRE 402; FRE 403; FRE 802 |
| 629 | 3/4/1986 | K823838 Infusa-A-Port 510k | DELANGIO_00084011 | DELANGIO_00086998 | | | FRE 402; FRE 403; FRE 802 |
| 630 | N/A | Boston Sci Vaxcel Implantable Vascular Access Systems Design Dossier Design Control Verification | DELANGIO_00091899 | DELANGIO_00091919 | | | FRE 402; FRE 403; FRE 802 |
| 631 | 8/26/2009 | K942623 TrimPort Implantable Access Systems 510k | DELANGIO_00092871 | DELANGIO_00092940 | | | FRE 402; FRE 403; FRE 802 |
| 632 | 4/29/2007 | Young memo re: Oncology Nursing Society 32nd Annual Congress | DELANGIO_00104463 | DELANGIO_00104465 | Smith 5/24/17 | 41 & 42 | FRE 402; FRE 403; FRE 802 |
| 633 | 2008 | Vaxcel Port Directions for Use | DELANGIO_00106559 | DELANGIO_00106570 | | | FRE 402; FRE 403; FRE 802 |
| 634 | Dec-04 | A prospective randomized trial demonstrating valved implantable ports have fewer complications and lower overall cost than nonvalved implantable ports, by Carlo | DELANGIO_00110857 | DELANGIO_00110863 | | | FRE 402; FRE 403; FRE 802; FRE |
| 635 | N/A | Boston Sci Vaxcel Implantable Vascular Access Systems Design Dossier Design Control Verification, Appendix A | DELANGIO_00111191 | DELANGIO_00111256 | | | FRE 402; FRE 403; FRE 802 |
| 636 | N/A | Port descriptions | DELANGIO_00112904 | DELANGIO_00112909 | Girard 6/27/17 | 519 | FRE 402; FRE 403; FRE 802 |
| 637 | | INTENTIONALLY OMITTED | | | | | |
| 638 | | INTENTIONALLY OMITTED | | | | | |
| 639 | 8/28/2013 | Draft Xcela Plus and BioFlo Dual Port Design Validation Protocol | DELANGIO_00117779 | DELANGIO_00117799 | Girard 6/27/17 | 508 | FRE 402; FRE 403; FRE 802 |
| 640 | 8/19/2013 | BioFlo Port Design Validation Plan/Report | DELANGIO_00118618 | DELANGIO_00118650 | Girard 6/27/17; Nardone (Buiser) 5/18/17 | 512 12 | FRE 402; FRE 403; FRE 802 |
| 641 | N/A | BioFlo Port Design Verification Master Plan/Report | DELANGIO_00121127 | DELANGIO_00121218 | Girard 6/27/17 | 513 | FRE 402; FRE 403; FRE 802 |
| 642 | 4/21/2010 | Smart Plastic CT Port PInterrogatoryram: Phase I Project Justification Form | DELANGIO_00122821 | DELANGIO_00122834 | Chartrand 6/6/17 | 114 | FRE 402; FRE 403; FRE 802 |
| 643 | 5/25/2012 | Project Proven Update powerpoint | DELANGIO_00123709 | DELANGIO_00123733 | Girard 6/27/17; Nardone (Buiser) 5/18/17 | 504 11 | FRE 402; FRE 403; FRE 802 |
| 644 | N/A | Powers' List of Proposed Motions | DELANGIO_00127513 | DELANGIO_00127517 | Eliasen 8/15/17 | 38 | FRE 402; FRE 403; FRE 602; FRE |
| 645 | 2/16/2012 | Zinn Motion 2 | DELANGIO_00127631 | DELANGIO_00127661 | Eliasen 8/15/17 | 43 | FRE 402; FRE 403; FRE 602; FRE |
| 646 | 12/29/2011 | Order - Misc - BD.R. 104(a) | DELANGIO_00127668 | DELANGIO_00127671 | Eliasen 8/15/17 | 39 | FRE 402; FRE 403; FRE 602; FRE |
| 647 | 1/5/2012 | Order - Authorizing Motions - BD.R. 121 | DELANGIO_00127680 | DELANGIO_00127684 | Eliasen 8/15/17 | 40 | FRE 402; FRE 403; FRE 602; FRE |
| 648 | 12/28/2011 | Zinn List of Motions | DELANGIO_00127695 | DELANGIO_00127699 | Eliasen 8/15/17 | 37 | FRE 402; FRE 403; FRE 602; FRE |
| 649 | 1/3/2012 | Zinn Substitute List of Motions | DELANGIO_00127700 | DELANGIO_00127707 | Eliasen 8/15/17 | 41 | FRE 402; FRE 403; FRE 602; FRE |
| 650 | N/A | Kenneth Eliasen CV | DELANGIO_00127730 | DELANGIO_00127731 | Eliasen 6/21/17 | 3 | FRE 402; FRE 403; FRE 602; FRE |
| 651 | 11/10/2011 | Powers Declaration | DELANGIO_00127732 | DELANGIO_00127737 | Eliasen 8/15/17 | 36 | FRE 402; FRE 403; FRE 602; FRE |
| 652 | N/A | Powers' Opposition 2 | DELANGIO_00127750 | DELANGIO_00127794 | Eliasen 8/15/17 | 44 | FRE 402; FRE 403; FRE 602; FRE |
| 653 | 9/11/2012 | Judgment - MERITS - BD.R. 127 | DELANGIO_00127798 | DELANGIO_00127800 | Eliasen 8/15/17 | 46 | FRE 402; FRE 403; FRE 602; FRE |
| 654 | 3/19/2012 | First Declaration of Kenneth Eliasen | DELANGIO_00127849 | DELANGIO_00127862 | Eliasen 8/15/17; Eliasen 6/21/17 | 55 22 | FRE 402; FRE 403; FRE 602; FRE |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 655 | N/A | Powers' Substitute List of Proposed Motions | DELANGIO_00127910 | DELANGIO_00127913 | Eliasen 8/15/17 | 42 | FRE 402; FRE 403; FRE 602; FRE |
| 656 | 11/30/2011 | Zinn Clean Copy of Claims | DELANGIO_00127998 | DELANGIO_00128003 | Eliasen 8/15/17 | 47 | FRE 402; FRE 403; FRE 602; FRE |
| 657 | 1/22/2013 | Complaint - MedComp v Bard | DELANGIO_00128203 | DELANGIO_00128216 | Eliasen 8/15/17 | 48 | FRE 402; FRE 403; FRE 602; FRE |
| 658 | N/A | Xcela Plus and BioFlo Power Injectable Port Design Verification Competitive Testing Report | DELANGIO_00128801 | DELANGIO_00128814 | Girard 6/27/17 | 516 | FRE 402; FRE 403; FRE 802 |
| 659 | N/A | Access SBU Product Sales spreadsheet | DELANGIO_00152722 | DELANGIO_00152722 | | | FRE 403; FRE 802 |
| 660 | 2013 | VA Swag v2of Access FY13 USA Forecast 4-23-13x | DELANGIO_00153014 | DELANGIO_00153014 | | | FRE 403; FRE 802 |
| 661 | N/A | Venous Access Field Sales Pricing Guidelines spreadsheet | DELANGIO_00153440 | DELANGIO_00153440 | | | FRE 403; FRE 802 |
| 662 | 2006-2014 | FY06 - FY14 Sales - LRP w/o risk in FY14 | DELANGIO_00153443 | DELANGIO_00153443 | | | FRE 403; FRE 802 |
| 663 | 2006-2014 | FY06 - FY14 Sales - LRP w/o risk in FY14 | DELANGIO_00153484 | DELANGIO_00153484 | | | FRE 403; FRE 802 |
| 664 | 2006-2014 | FY06 - FY14 Sales - LRP w/o risk in FY14 | DELANGIO_00153556 | DELANGIO_00153556 | | | FRE 403; FRE 802 |
| 665 | 3/21/2012 | Angio Ports Q3 Business Review | DELANGIO_00156717 | DELANGIO_00156735 | Greiner 6/30/17 | 648 | FRE 403; FRE 802 |
| 666 | Nov-09 | Smart Port Low Profile (LP) and Mini (MP) | DELANGIO_00156839 | DELANGIO_00156846 | | | FRE 402; FRE 403; FRE 802 |
| 667 | 9/12/2008 | SmartPort CT Design Input/Output Template | DELANGIO_00159129 | DELANGIO_00159226 | Chartrand 6/6/17 | 123 | FRE 402; FRE 403; FRE 802 |
| 668 | N/A | FDA Reminders | DELANGIO_00159311 | DELANGIO_00159312 | Girard 6/27/17 | 529 | |
| 669 | 2010 | Access Performance - Ports | DELANGIO_00159802 | DELANGIO_00159810 | Greiner 6/30/17 | 646 | FRE 403; FRE 802 |
| 670 | | INTENTIONALLY OMITTED | | | | | |
| 671 | | INTENTIONALLY OMITTED | | | | | |
| 672 | 12/8/2006 | Smith memo re: Vortex Port Capabilities | DELANGIO_00162839 | DELANGIO_00162839 | Smith 5/24/17 | 36 | FRE 402; FRE 403; FRE 802 |
| 673 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185274 | DELANGIO_00185274 | | | FRE 403 |
| 674 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185275 | DELANGIO_00185275 | | | FRE 403 |
| 675 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185276 | DELANGIO_00185276 | | | FRE 403 |
| 676 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185277 | DELANGIO_00185277 | | | FRE 403 |
| 677 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185278 | DELANGIO_00185278 | | | FRE 403 |
| 678 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185279 | DELANGIO_00185279 | | | FRE 403 |
| 679 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185308 | DELANGIO_00185308 | | | FRE 403 |
| 680 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185309 | DELANGIO_00185309 | | | FRE 403 |
| 681 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185310 | DELANGIO_00185310 | | | FRE 403 |
| 682 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185311 | DELANGIO_00185311 | | | FRE 403 |
| 683 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185312 | DELANGIO_00185312 | | | FRE 403 |
| 684 | 2014 | Angio Consolidated Income Statements | DELANGIO_00185313 | DELANGIO_00185313 | | | FRE 403 |
| 685 | 8/14/2001 | Frank Paolicelli email re: 510k Number for Gerard port | DELANGIO_00186851 | DELANGIO_00186851 | | | FRE 402; 403; 802 |
| 686 | N/A | PFM Vascular Access brochure | DELANGIO_00187266 | DELANGIO_00187273 | Kerr 3/23/17 | 28 | FRE 402; 403; 802 |
| 687 | 2002 | Dave Smith Lab Notebook - ELN 02002 | DELANGIO_00201798 | DELANGIO_00201811 | | | FRE 402; FRE 403; FRE 802 |
| 688 | 7/19/2000 | Sterilization Adoption Vaxcel Mini & Standard Port Kits | DELANGIO_00208777 | DELANGIO_00208821 | | | FRE 402; FRE 403; FRE 802 |
| 689 | 8/15/2005 | K051354 Vortex Port Access System 510k | DELANGIO_00213457 | DELANGIO_00213490 | | | FRE 402; FRE 403; FRE 802 |
| 690 | | INTENTIONALLY OMITTED | | | | | |
| 691 | | INTENTIONALLY OMITTED | | | | | |
| 692 | | INTENTIONALLY OMITTED | | | | | |
| 693 | | INTENTIONALLY OMITTED | | | | | |
| 694 | | INTENTIONALLY OMITTED | | | | | |
| 695 | 9/2/1997 | U.S. Patent 5,662,600, Watson et al. | DELANGIO_00234404 | DELANGIO_00234410 | | | FRE 402; FRE 403; FRE 602; FRE |
| 696 | | INTENTIONALLY OMITTED | | | | | |
| 697 | 11/1/2016 | USA Price List Vascular Access 2016 | DELANGIO_00235848 | DELANGIO_00235867 | McTiernan 6/20/17 | 311 | FRE 403 |
| 698 | 6/22/2016 | Towers email re: VA Product Catalog | DELANGIO_00236056 | DELANGIO_00236057 | McTiernan 6/20/17 | 312 | FRE 402; FRE 403; FRE 802 |
| 699 | 2016 | 2016 USA Price List | DELANGIO_00236059 | DELANGIO_00236120 | | | FRE 403 |
| 700 | Oct-15 | Pricing Impact Template HPG 10.2015 spreadsheet | DELANGIO_00236144 | DELANGIO_00236144 | | | FRE 403 |
| 701 | 2016 | Vascular Access FY16 PriceList | DELANGIO_00236225 | DELANGIO_00236249 | | | FRE 403 |
| 702 | 9/8/2016 | US Ports Price List spreadsheet | DELANGIO_00236831 | DELANGIO_00236831 | | | FRE 403 |
| 703 | N/A | Final DAPA AngioDynamics Price List spreadsheet | DELANGIO_00237381 | DELANGIO_00237381 | | | FRE 403 |
| 704 | N/A | AngioDynamics Field Sales Pricing Guidelines Model spreadsheet | DELANGIO_00237387 | DELANGIO_00237387 | | | FRE 403 |
| 705 | 6/20/1990 | Directive 90-38S-EEC | DELANGIO_00238372 | DELANGIO_00238391 | | | FRE 402; FRE 403; FRE 602; FRE |
| 706 | | INTENTIONALLY OMITTED | | | | | |
| 707 | | INTENTIONALLY OMITTED | | | | | |
| 708 | | INTENTIONALLY OMITTED | | | | | |
| 709 | Oct-12 | Draft Xcela Plus single lumen port design verification design review report | DELANGIO_00252527 | DELANGIO_00252538 | Girard 6/27/17 | 506 | FRE 402; FRE 403; FRE 802 |
| 710 | | INTENTIONALLY OMITTED | | | | | |
| 711 | 4/30/2013 | Xcela Plus port design transfer design review report (Phase 1 release) | DELANGIO_00257741 | DELANGIO_00257747 | Girard 6/27/17 | 509 | FRE 402; FRE 403; FRE 802 |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 712 | 1998 | Active Implantable Medical Devices, British Standard, BS EN 45502-1 1998 | DELANGIO_00259045 | DELANGIO_00259074 | | | FRE 402; FRE 403; FRE 602; FRE |
| 713 | 2015 | BioFlo Port SL-DL Brochure | DELANGIO_00260129 | DELANGIO_00260132 | | | FRE 402; FRE 403; FRE 802 |
| 714 | 9/1/2017 | BioFlo Nurse's Guide Clark Expert Report Exhibit II | DELANGIO_00262713 | DELANGIO_00262725 | | | FRE 402; FRE 403; FRE 802 |
| 715 | | INTENTIONALLY OMITTED | | | | | |
| 716 | N/A | Proposal to Obsolete Vaxcel Chest Port and Vaxcel MicroPort | DELANGIO_00264239 | DELANGIO_00264242 | | | FRE 402; FRE 403; FRE 802 |
| 717 | N/A | Standard Practice for Surface Preparation and Marking of Metallic Surgical Implants, ASTM F 86 - XX | DELANGIO_00266332 | DELANGIO_00266334 | | | FRE 402; FRE 403; FRE 602; FRE |
| 718 | 2013 | Access FY13 WW Forecast 3-1-13 spreadsheet | DELANGIO_00266410 | DELANGIO_00266410 | | | FRE 403 |
| 719 | 2013 | Access FY13 USA Forecast 3-1-13 spreadsheet | DELANGIO_00266412 | DELANGIO_00266412 | | | FRE 403 |
| 720 | 2013 | Access FY13 WW Forecast 4-1-13 spreadsheet | DELANGIO_00266897 | DELANGIO_00266897 | | | FRE 403 |
| 721 | 2013 | Access FY13 USA Forecast 4-1-13 spreadsheet | DELANGIO_00266899 | DELANGIO_00266899 | | | FRE 403 |
| 722 | 2013 | Access FY14 Forecast 8-13-13 spreadsheet | DELANGIO_00270170 | DELANGIO_00270170 | | | FRE 403 |
| 723 | 6/16/1987 | U.S. Patent  4,673,394, Fenton Jr. et al | DELANGIO_00270198 | DELANGIO_00270205 | | | FRE 402; FRE 403; FRE 602; FRE |
| 724 | 2013 | Access FY14 USA Forecast 9-13-13 spreadsheet | DELANGIO_00270786 | DELANGIO_00270786 | | | FRE 403 |
| 725 | 10/21/2013 | BioFlo US Launch Presentation | DELANGIO_00271469 | DELANGIO_00271497 | Chartrand 6/6/17 | 134 | FRE 402; FRE 403; FRE 802 |
| 726 | 2014 | FY14 Strategic Planning Instructions | DELANGIO_00272676 | DELANGIO_00272676 | | | FRE 403 |
| 727 | 2013 | AngioDynamics Pricing Guidelines - Vascular Access spreadsheets | DELANGIO_00273786 | DELANGIO_00273786 | | | FRE 403 |
| 728 | 2014 | Additional Product Price Offering spreadsheet | DELANGIO_00277000 | DELANGIO_00277000 | | | FRE 403 |
| 729 | | INTENTIONALLY OMITTED | | | | | |
| 730 | 3/21/1967 | U.S. Patent 3,310,051, Schulte | DELANGIO_00281682 | DELANGIO_00281684 | | | FRE 402; FRE 403; FRE 602; FRE |
| 731 | 6/13/1995 | U.S. Patent 5,423,334, Jordan | DELANGIO_00285257 | DELANGIO_00285290 | Powers 6/9/17; Vogelzang 12/15/17 | 25 615 | FRE 402; FRE 403; FRE 602; FRE |
| 732 | 2015 | Market Update powerpoint | DELANGIO_00287893 | DELANGIO_00287915 | Greiner 6/30/17 | 649 | FRE 402; FRE 403; FRE 802 |
| 733 | 8/20/1991 | U.S. Patent 5,041,098, Loiterman et al | DELANGIO_00290765 | DELANGIO_00290776 | | | FRE 402; FRE 403; FRE 602; FRE |
| 734 | 11/29/1990 | WO 90/14118 A1, Loiterman et al | DELANGIO_00294558 | DELANGIO_00294588 | | | FRE 402; FRE 403; FRE 602; FRE |
| 735 | | INTENTIONALLY OMITTED | | | | | |
| 736 | | INTENTIONALLY OMITTED | | | | | |
| 737 | 10/4/2007 | U.S. Publication 2007/0233017 A1, Zinn et al | DELANGIO_00334846 | DELANGIO_00334852 | | | FRE 402; FRE 403; FRE 602; FRE |
| 738 | 5/9/1997 | K942784 510k Vortex LP | DELANGIO_00341346 | DELANGIO_00341356 | | | FRE 402; FRE 403; FRE 802 |
| 739 | | INTENTIONALLY OMITTED | | | | | |
| 740 | | INTENTIONALLY OMITTED | | | | | |
| 741 | 9/2/2004 | Boston Sci Memo - 510k on Vaxcel | DELANGIO_00342632 | DELANGIO_00342632 | | | FRE 402; FRE 403; FRE 802 |
| 742 | 1995 | K955587 Premarket Notification | DELANGIO_00342633 | DELANGIO_00342635 | | | FRE 402; FRE 403; FRE 802 |
| 743 | | INTENTIONALLY OMITTED | | | | | |
| 744 | 2002 | K945250 and K964538 Regulatory Affairs page | DELANGIO_00342640 | DELANGIO_00342641 | | | FRE 402; FRE 403; FRE 802 |
| 745 | 1994 | K945250 Premarket Notification | DELANGIO_00342642 | DELANGIO_00342642 | | | FRE 402; FRE 403; FRE 802 |
| 746 | 1996 | K964538 Premarket Notification | DELANGIO_00342643 | DELANGIO_00342645 | | | FRE 402; FRE 403; FRE 802 |
| 747 | 9/2/2004 | Boston Sci Memo - 510k on R-Port | DELANGIO_00342647 | DELANGIO_00342647 | | | FRE 402; FRE 403; FRE 802 |
| 748 | 1993 | K932671 Premarket Notification - R-Port | DELANGIO_00342652 | DELANGIO_00342654 | | | FRE 402; FRE 403; FRE 802 |
| 749 | 1/13/2009 | Letter to File re: Therex R-Port 510k K932671 | DELANGIO_00342655 | DELANGIO_00342655 | | | FRE 402; FRE 403; FRE 802 |
| 750 | 1998 | K982888 Premarket Notification | DELANGIO_00342658 | DELANGIO_00342663 | | | FRE 402; FRE 403; FRE 802 |
| 751 | 10/20/1998 | K982888 Vaxcel 510k | DELANGIO_00342664 | DELANGIO_00342666 | | | FRE 402; FRE 403; FRE 802 |
| 752 | 9/4/1998 | K982888 Vaxcel Memo | DELANGIO_00342667 | DELANGIO_00342669 | | | FRE 402; FRE 403; FRE 802 |
| 753 | 8/17/1998 | K982888 Vaxcel 510k | DELANGIO_00342670 | DELANGIO_00342671 | | | FRE 402; FRE 403; FRE 802 |
| 754 | 8/14/1998 | Vaxcel Premarket Notification | DELANGIO_00342676 | DELANGIO_00342676 | | | FRE 402; FRE 403; FRE 802 |
| 755 | N/A | K955587 TOC | DELANGIO_00342677 | DELANGIO_00342679 | | | FRE 402; FRE 403; FRE 802 |
| 756 | N/A | K955587 Device Description | DELANGIO_00342680 | DELANGIO_00342688 | | | FRE 402; FRE 403; FRE 802 |
| 757 | N/A | K955587 Substantial Equivalence | DELANGIO_00342689 | DELANGIO_00342695 | | | FRE 402; FRE 403; FRE 802 |
| 758 | 11/18/2004 | FDA Symbols on Labels | DELANGIO_00349639 | DELANGIO_00349644 | | | FRE 402; FRE 403; FRE 602; FRE |
| 759 | Jan-02 | JVIR Volume 13, Number 1 | DELANGIO_00349645 | DELANGIO_00349666 | | | FRE 402; FRE 403; FRE 602; FRE |
| 760 | Jan-05 | JVIR, Power Injection of Microcatheters: An In Vitro Comparison, by Brown et al. | DELANGIO_00349667 | DELANGIO_00349676 | | | FRE 402; FRE 403; FRE 602; FRE |
| 761 | Jan-06 | JVIR, CT Angiography of Peripheral Arterial Disease, by Fleischmann et al. | DELANGIO_00349677 | DELANGIO_00349704 | | | FRE 402; FRE 403; FRE 602; FRE |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 762 | Feb-04 | JVIR, Vortex MP ad | DELANGIO_00349705 | DELANGIO_00349710 | | | FRE 402; FRE 403; FRE 602; FRE |
| 763 | Feb-05 | JVIR, Practice Guideline for Interventional Clinical Practice, by Collaboration | DELANGIO_00349711 | DELANGIO_00349726 | | | FRE 402; FRE 403; FRE 602; FRE |
| 764 | Mar-04 | JVIR, Maximal Flow Rates Possible during Power Injection through Currently Available PICCs: An In Vitro Study, by Salis et al. | DELANGIO_00349727 | DELANGIO_00349738 | Johnson 1/31/18 | 2002 and 2003 | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; no sponsoring |
| 765 | Mar-06 | JVIR, Efficacy and Safety Results with the LifeSite Hemodialysis Access System versus the Tesio-Cath Hemodialysis Catheter at 12 Months, by Rosenblatt et al. | DELANGIO_00349739 | DELANGIO_00349750 | | | FRE 402; FRE 403; FRE 602; FRE |
| 766 | Aug-04 | JVIR, Power Injection of Contrast Media via Peripherally Inserted Central Catheters for CT, by Coyle et al. | DELANGIO_00349751 | DELANGIO_00349760 | | | FRE 402; FRE 403; FRE 602; FRE |
| 767 | Sep-02 | JVIR, Quality Improvement Guidelines for the Reporting and Archiving of Interventional Radiology Procedures, by Omary et al. | DELANGIO_00349761 | DELANGIO_00349768 | | | FRE 402; FRE 403; FRE 602; FRE |
| 768 | Sep-03 | JVIR, Vortex HMP ads | DELANGIO_00349769 | DELANGIO_00349776 | | | FRE 402; FRE 403; FRE 602; FRE |
| 769 | Sep-03 | JVIR, Volume 14, Number 9, Part 2 | DELANGIO_00349777 | DELANGIO_00350124 | | | FRE 402; FRE 403; FRE 602; FRE |
| 770 | 12/8/2006 | Dave Smith Memo re: Vortex Port Capabilities | DELANGIO_00350125 | DELANGIO_00350125 | | | FRE 402; FRE 403; FRE 802 |
| 771 | 1997 | Power Injection of Peripherally Inserted Central Catheters, by Rivitz and Drucker | DELANGIO_00350126 | DELANGIO_00350132 | | | FRE 402; FRE 403; FRE 602; FRE |
| 772 | | INTENTIONALLY OMITTED | | | | | |
| 773 | 3/26/1991 | U.S. Patent 5,002,735, Alberhasky et al | DELANGIO_00350142 | DELANGIO_00350149 | | | FRE 402; FRE 403; FRE 602; FRE |
| 774 | | INTENTIONALLY OMITTED | | | | | |
| 775 | | INTENTIONALLY OMITTED | | | | | |
| 776 | | INTENTIONALLY OMITTED | | | | | |
| 777 | | INTENTIONALLY OMITTED | | | | | |
| 778 | | INTENTIONALLY OMITTED | | | | | |
| 779 | | INTENTIONALLY OMITTED | | | | | |
| 780 | 1/27/2004 | U.S. Patent 6,682,498, Ross | DELANGIO_00350238 | DELANGIO_00350252 | | | FRE 402; FRE 403; FRE 602; FRE |
| 781 | 2002 | Vascular and Interventional Radiology: Principals and Practice, by Bakal et al. | DELANGIO_00350253 | DELANGIO_00350281 | | | FRE 402; FRE 403; FRE 602; FRE |
| 782 | 2004 | Maximum Flow Rates Possible During Power Inection Through Currently Available PICCs: An In-Vitro Study, by Salis et al. | DELANGIO_00350282 | DELANGIO_00350286 | | | FRE 402; FRE 403; FRE 602; FRE |
| 783 | 2001 | Assessing the Adequacy of Peripherally Inserted Central Catheters for Power Injection of Intravenous Contrast Agents for CT, by Williamson and McKinney | DELANGIO_00350287 | DELANGIO_00350292 | | | FRE 402; FRE 403; FRE 602; FRE |
| 784 | N/A | PICCs and Power Injection Literature: Rivitz et al., Williamson and McKinney, Salis et al., and Coyle | DELANGIO_00351037 | DELANGIO_00351070 | | | FRE 402; FRE 403; FRE 802 |
| 785 | 3/1/1983 | K830000 510k Vascular-Access-Port | DELANGIO_00363904 | DELANGIO_00364033 | | | FRE 402; FRE 403; FRE 802 |
| 786 | 5/9/2006 | K051102 510k | DELANGIO_00379783 | DELANGIO_00379838 | | | FRE 402; FRE 403; FRE 802 |
| 787 | 1/26/2007 | HMP Design Review - Att. A | DELANGIO_00382705 | DELANGIO_00382707 | Smith 5/24/17 | 34 | FRE 402; FRE 403; FRE 802 |
| 788 | Jan-01 | HMP IFU | DELANGIO_00408349 | DELANGIO_00408405 | | | FRE 402; FRE 403; FRE 802 |
| 789 | 2/18/2004 | Dave Smith memo re: Evaluation of port catheter radiopacity TR04009 | DELANGIO_00418278 | DELANGIO_00418287 | Kenny 6/7/17 | 210 | FRE 402; FRE 403; FRE 802 |
| 790 | 8/15/2006 | Board of Directors Meeting 2006 | DELANGIO_00442260 | DELANGIO_00442550 | King 5/31/17 | 19 | FRE 402; FRE 403; FRE 802 |
| 791 | | INTENTIONALLY OMITTED | | | | | |
| 792 | | INTENTIONALLY OMITTED | | | | | |
| 793 | 1997 | Vaxcel Port specs | DELANGIO_00452360 | DELANGIO_00452388 | | | FRE 402; FRE 403; FRE 802 |
| 794 | 1996 | Port-A-Cath IFU | DELANGIO_00514498 | DELANGIO_00514514 | | | FRE 402; FRE 403; FRE 602; FRE |
| 795 | N/A | Work Order Smart Port MP | DELANGIO_00514793 | DELANGIO_00514798 | | | FRE 402; FRE 403; FRE 802 |
| 796 | 2017 | U.S. Patent 7,947,022 Appeal Decision | DELANGIO_00519030 | DELANGIO_00519044 | | | FRE 402; FRE 403; FRE 802 |
| 797 | 2016 | U.S. Patent 7,785,302 Reexam Decision | DELANGIO_00524082 | DELANGIO_00524120 | | | FRE 402; FRE 403; FRE 802 |
| 798 | 2017 | U.S. Patent 7,785,302 Appeal Decision | DELANGIO_00524200 | DELANGIO_00524219 | | | FRE 402; FRE 403; FRE 802 |
| 799 | Mar-16 | U.S. Patent 7,947,022 Reexam Decision | DELANGIO_00529220 | DELANGIO_00529302 | | | FRE 402; FRE 403; FRE 802 |
| 800 | Mar-16 | U.S. Patent 7,959,615 Reexam Decision | DELANGIO_00534107 | DELANGIO_00534137 | | | FRE 402; FRE 403; FRE 802 |
| 801 | 2017 | U.S. Patent 7,959,615 Appeal Decision | DELANGIO_00534207 | DELANGIO_00534224 | | | FRE 402; FRE 403; FRE 802 |
| 802 | 11/7/2013 | Raymond Lareau memo re: Letter of Opinion from Bingham McCutchen LLp Dated October 1, 2013 Regarding U.S. Patent 8,546,460 | DELANGIO_00535468 | DELANGIO_00535468 | | | FRE 802 |
| 803 | 2/21/2014 | Raymond Lareau memo re: Letter of Opinion from Bingham McCutchen LLp Dated October 1, 2013 Regarding U.S. Patent 8,546,417 | DELANGIO_00535469 | DELANGIO_00535469 | | | FRE 802 |
| 804 | 8/14/2014 | Mark Girard memo re: Letter of Opinion from Kacvinsky Daisak Bluni, PLLC regarding U.S. Patent 8,805,478 | DELANGIO_00535470 | DELANGIO_00535470 | | | FRE 802 |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 805 | 2017 | Smart Port US Sales FY2007 - FY2013 | DELANGIO_00535471 | DELANGIO_00535471 | McTiernan 6/20/17 | 310 | |
| 806 | 10/30/2009 | Product Spreadsheet | DELANGIO_00535473 | DELANGIO_00535509 | | | |
| 807 | N/A | Vaxcel package scan | DELANGIO_00535638 | DELANGIO_00535653 | | | |
| 808 | N/A | Vaxcel package scan | DELANGIO_00535654 | DELANGIO_00535678 | | | |
| 809 | N/A | HMP Vortex photo | DELANGIO_00536400 | DELANGIO_00536400 | | | FRE 402; FRE 403 |
| 810 | N/A | HMP Vortex photo | DELANGIO_00536402 | DELANGIO_00536402 | | | FRE 402; FRE 403 |
| 811 | N/A | Triumph photo | DELANGIO_00536404 | DELANGIO_00536404 | | | FRE 402; FRE 403 |
| 812 | N/A | Port-a-Cath photo | DELANGIO_00536405 | DELANGIO_00536405 | Johnson 1/31/18 | 2019 | FRE 402; FRE 403 |
| 813 | N/A | Port-a-Cath photo | DELANGIO_00536406 | DELANGIO_00536406 | | | FRE 402; FRE 403 |
| 814 | N/A | Triumph photo | DELANGIO_00536408 | DELANGIO_00536408 | | | FRE 402; FRE 403 |
| 815 | N/A | Vaxcel photo | DELANGIO_00536410 | DELANGIO_00536410 | | | FRE 402; FRE 403 |
| 816 | N/A | Vaxcel photo | DELANGIO_00536412 | DELANGIO_00536412 | | | FRE 402; FRE 403 |
| 817 | N/A | Vaxcel package photo | DELANGIO_00536413 | DELANGIO_00536413 | | | FRE 402; FRE 403 |
| 818 | N/A | Vaxcel package photo | DELANGIO_00536415 | DELANGIO_00536415 | | | FRE 402; FRE 403 |
| 819 | N/A | Triumph package photo | DELANGIO_00536418 | DELANGIO_00536418 | | | FRE 402; FRE 403 |
| 820 | N/A | Vortex package photo | DELANGIO_00536419 | DELANGIO_00536419 | | | FRE 402; FRE 403 |
| 821 | N/A | HMP Vortex MP package photo | DELANGIO_00536420 | DELANGIO_00536420 | | | FRE 402; FRE 403 |
| 822 | N/A | Triumph photo | DELANGIO_00536422 | DELANGIO_00536422 | | | FRE 402; FRE 403 |
| 823 | N/A | Triumph photo | DELANGIO_00536424 | DELANGIO_00536424 | | | FRE 402; FRE 403 |
| 824 | N/A | ACR Manual on Contrast Media, version 5.0 | DELANGIO_00537055 | DELANGIO_00537122 | | | FRE 402; FRE 403; FRE 602; FRE |
| 825 | N/A | BardPort 40-205 photo | DELANGIO_00537123 | DELANGIO_00537123 | | | FRE 402; FRE 403; FRE 901; FRE |
| 826 | N/A | BardPort 50-245 photo | DELANGIO_00537124 | DELANGIO_00537124 | | | FRE 402; FRE 403; FRE 901; FRE |
| 827 | N/A | Bard Port 60-141 photo | DELANGIO_00537125 | DELANGIO_00537125 | | | FRE 402; FRE 403; FRE 901; FRE |
| 828 | N/A | BardPort 40-210 photo | DELANGIO_00537126 | DELANGIO_00537126 | Johnson 1/31/18 | 2012 & 2013 | FRE 402; FRE 403; FRE 901; FRE |
| 829 | N/A | Bard Port 50-197 photo | DELANGIO_00537127 | DELANGIO_00537127 | | | FRE 402; FRE 403; FRE 901; FRE |
| 830 | N/A | Bard Port 60-157 photo | DELANGIO_00537128 | DELANGIO_00537128 | | | FRE 402; FRE 403; FRE 901; FRE |
| 831 | N/A | Bard Port 40-207 photo | DELANGIO_00537129 | DELANGIO_00537129 | | | FRE 402; FRE 403; FRE 901; FRE |
| 832 | N/A | Bard Port 50-200 photo | DELANGIO_00537130 | DELANGIO_00537130 | | | FRE 402; FRE 403; FRE 901; FRE |
| 833 | N/A | Bard Port 60-149 photo | DELANGIO_00537131 | DELANGIO_00537131 | | | FRE 402; FRE 403; FRE 901; FRE |
| 834 | N/A | HMP Vortex x-ray | DELANGIO_00537132 | DELANGIO_00537132 | | | FRE 402; FRE 403; FRE 901; FRE |
| 835 | N/A | HMP Vortex x-ray | DELANGIO_00537133 | DELANGIO_00537133 | | | FRE 402; FRE 403; FRE 901; FRE |
| 836 | N/A | HMP Vortex x-ray | DELANGIO_00537134 | DELANGIO_00537134 | | | FRE 402; FRE 403; FRE 901; FRE |
| 837 | N/A | Port x-ray kV 40 mA 129 | DELANGIO_00537135 | DELANGIO_00537135 | | | FRE 402; FRE 403; FRE 901; FRE |
| 838 | N/A | Port x-ray kV 40 mA 136 | DELANGIO_00537136 | DELANGIO_00537136 | | | FRE 402; FRE 403; FRE 901; FRE |
| 839 | N/A | Port x-ray kV 40 mA 136 | DELANGIO_00537137 | DELANGIO_00537137 | | | FRE 402; FRE 403; FRE 901; FRE |
| 840 | N/A | Port x-ray kV 40 mA 149 | DELANGIO_00537138 | DELANGIO_00537138 | | | FRE 402; FRE 403; FRE 901; FRE |
| 841 | N/A | Port x-ray kV 40 mA 154 | DELANGIO_00537139 | DELANGIO_00537139 | | | FRE 402; FRE 403; FRE 901; FRE |
| 842 | N/A | Port x-ray kV 40 mA 154 | DELANGIO_00537140 | DELANGIO_00537140 | | | FRE 402; FRE 403; FRE 901; FRE |
| 843 | N/A | Port x-ray | DELANGIO_00537141 | DELANGIO_00537141 | | | FRE 402; FRE 403; FRE 901; FRE |
| 844 | N/A | Port x-ray | DELANGIO_00537142 | DELANGIO_00537142 | | | FRE 402; FRE 403; FRE 901; FRE |
| 845 | N/A | Port x-ray | DELANGIO_00537143 | DELANGIO_00537143 | | | FRE 402; FRE 403; FRE 901; FRE |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 846 | N/A | Port x-ray | DELANGIO_00537144 | DELANGIO_00537144 | | | FRE 402; FRE 403; FRE 901; FRE |
| 847 | N/A | Port x-ray | DELANGIO_00537145 | DELANGIO_00537145 | | | FRE 402; FRE 403; FRE 901; FRE |
| 848 | N/A | Port x-ray | DELANGIO_00537146 | DELANGIO_00537146 | | | FRE 402; FRE 403; FRE 901; FRE |
| 849 | N/A | Port x-ray | DELANGIO_00537147 | DELANGIO_00537147 | | | FRE 402; FRE 403; FRE 901; FRE |
| 850 | N/A | Port x-ray | DELANGIO_00537148 | DELANGIO_00537148 | | | FRE 402; FRE 403; FRE 901; FRE |
| 851 | N/A | Port x-ray | DELANGIO_00537149 | DELANGIO_00537149 | | | FRE 402; FRE 403; FRE 901; FRE |
| 852 | N/A | Port x-ray | DELANGIO_00537150 | DELANGIO_00537150 | | | FRE 402; FRE 403; FRE 901; FRE |
| 853 | N/A | Port x-ray | DELANGIO_00537151 | DELANGIO_00537151 | | | FRE 402; FRE 403; FRE 901; FRE |
| 854 | N/A | Port x-ray | DELANGIO_00537152 | DELANGIO_00537152 | | | FRE 402; FRE 403; FRE 901; FRE |
| 855 | N/A | Port x-ray | DELANGIO_00537153 | DELANGIO_00537153 | | | FRE 402; FRE 403; FRE 901; FRE |
| 856 | N/A | Port x-ray | DELANGIO_00537154 | DELANGIO_00537154 | | | FRE 402; FRE 403; FRE 901; FRE |
| 857 | N/A | Port x-ray | DELANGIO_00537155 | DELANGIO_00537155 | | | FRE 402; FRE 403; FRE 901; FRE |
| 858 | N/A | Port x-ray | DELANGIO_00537156 | DELANGIO_00537156 | | | FRE 402; FRE 403; FRE 901; FRE |
| 859 | N/A | ASTM F 983 – 86: Standard Practice for Permanent Marking of Orthopaedic Implant Components | DELANGIO_00537157 | DELANGIO_00537158 | | | FRE 402; FRE 403; FRE 602; FRE |
| 860 | N/A | Packaged IsoMed specimen | DELANGIO_00537159 | DELANGIO_00537159 | | | FRE 402; FRE 403; FRE 602; FRE |
| 861 | Apr-15 | Vital-Port Vascular Access System manual | DELANGIO_00537172 | DELANGIO_00537255 | Clark 12/7/17 | 1010 | FRE 402; FRE 403; FRE 602; FRE |
| 862 | 9/30/2008 | Cook Vital-Port 510k | DELANGIO_00538917 | DELANGIO_00538921 | Scott 10/24/17 | 23 | FRE 402; FRE 403; FRE 602; FRE |
| 863 | | INTENTIONALLY OMITTED | | | | | |
| 864 | N/A | Bard Port x-ray | DELANGIO_00538953 | DELANGIO_00538953 | Johnson 1/31/18 | 2016 | FRE 402; FRE 403; FRE 901; FRE |
| 865 | 3/28/2012 | Eliasen Deposition in Zinn v Powers | ELIASEN 0000001 | ELIASEN 0000113 | Eliasen 6/21/17 | 2 | FRE 402; FRE 403; FRE 602; FRE |
| 866 | | INTENTIONALLY OMITTED | | | | | |
| 867 | | INTENTIONALLY OMITTED | | | | | |
| 868 | | INTENTIONALLY OMITTED | | | | | |
| 869 | | INTENTIONALLY OMITTED | | | | | |
| 870 | | INTENTIONALLY OMITTED | | | | | |
| 871 | 1/1/2008 | K073210 Design Control Requirement Specifications Design Review | PFM000265 | PFM000279 | Kerr 3/23/17 | 21 | FRE 402; FRE 403; FRE 602; FRE |
| 872 | 2006 | PFM Medical Port Products by Quarter 2006 | PFM000942 | PFM000956 | Kerr 3/23/17 | 19 | FRE 402; FRE 403; FRE 602; FRE |
| 873 | 6/9/2008 | Distribution Agreement between PFM and Navilyst | PFM000957 | PFM001013 | Kerr 3/23/17 | 20 | FRE 402; FRE 403; FRE 602; FRE |
| 874 | 1/20/2009 | First Amendment to the Distribution Agreement between PFM and Navilyst | PFM001014 | PFM001025 | Kerr 3/23/17 | 22 | FRE 402; FRE 403; FRE 602; FRE |
| 875 | 12/7/2009 | Second Amendment to the Distribution Agreement between PFM and Navilyst | PFM001026 | PFM001030 | Kerr 3/23/17 | 23 | FRE 402; FRE 403; FRE 602; FRE |
| 876 | 10/19/2011 | Third Amendment to the Distribution Agreement between PFM and Navilyst | PFM001031 | PFM001035 | Kerr 3/23/17 | 24 | FRE 402; FRE 403; FRE 602; FRE |
| 877 | 4/22/2013 | Fourth Amendment to the Distribution Agreement between PFM and Navilyst | PFM001036 | PFM001039 | Kerr 3/23/17 | 25 | FRE 402; FRE 403; FRE 602; FRE |
| 878 | 12/23/2013 | Fifth Amendment to the Distribution Agreement between PFM and Navilyst | PFM001040 | PFM001043 | Kerr 3/23/17 | 26 | FRE 402; FRE 403; FRE 602; FRE |
| 879 | Dec-14 | Sixth Amendment to the Distribution Agreement between PFM and Navilyst | PFM001044 | PFM001047 | Kerr 3/23/17 | 27 | FRE 402; FRE 403; FRE 602; FRE |
| 880 | | INTENTIONALLY OMITTED | | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 881 | 2012 | Column Labels 2012 | PRIMO_0000005 | PRIMO_0000005 | LaPlante (PRIMO) 5/24/17 | 19 | FRE 402; FRE 403; FRE 602; FRE |
| 882 | 10/31/2017 | Bard Royalty Income 10-31-17 | PRIMO_ANG_00000001 | PRIMO_ANG_00000001 | Tallarida 11/28/17 | 11 | FRE 402; FRE 403; FRE 602; FRE |
| 883 | 4/5/2002 | Single Intermediate Access Port Project | PRIMO_ANG_00000002 | PRIMO_ANG_00000052 | Tallarida 11/28/17 | 30 | FRE 402; FRE 403; FRE 602; FRE |
| 884 | 6/23/2006 | Titanium ISP (X-port) Close Project | PRIMO_ANG_00000516 | PRIMO_ANG_00000690 | Tallarida 11/28/17 | 31 | FRE 402; FRE 403; FRE 602; FRE |
| 885 | 6/23/2006 | Titanium Power Port | PRIMO_ANG_00000691 | PRIMO_ANG_00000978 | Tallarida 11/28/17 | 32 | FRE 402; FRE 403; FRE 602; FRE |
| 886 | 7/11/2004 | In-Vitro Assessment of Flushing Efficacy Post-Blood Sampling from a Subcutaneous Port | PRIMO_ANG_00000980 | PRIMO_ANG_00000981 | Tallarida 11/28/17 | 25 | FRE 402; FRE 403; FRE 602; FRE |
| 887 | 7/29/2004 | Sample port residual blood volume study | PRIMO_ANG_00000982 | PRIMO_ANG_00000982 | Tallarida 11/28/17 | 26 | FRE 402; FRE 403; FRE 602; FRE |
| 888 | N/A | Bard Market share | PRIMO_ANG_00000983 | PRIMO_ANG_00000983 | Tallarida 11/28/17 | 29 | FRE 402; FRE 403; FRE 602; FRE |
| 889 | N/A | Cyclone port data | PRIMO_ANG_00000984 | PRIMO_ANG_00000985 | Tallarida 11/28/17 | 27 | FRE 402; FRE 403; FRE 602; FRE |
| 890 | N/A | Cyclone port data | PRIMO_ANG_00000986 | PRIMO_ANG_00000987 | Tallarida 11/28/17 | 28 | FRE 402; FRE 403; FRE 602; FRE |
| 891 | N/A | STD Invention Disclosure: Infusion Port with Rapid Reservoir Clearance | PRIMO_ANG_00000989 | PRIMO_ANG_00000992 | Tallarida 11/28/17 | 20 | FRE 402; FRE 403; FRE 602; FRE |
| 892 | N/A | X-Port Cyclone | PRIMO_ANG_00000993 | PRIMO_ANG_00000995 | Tallarida 11/28/17 | 21 | FRE 402; FRE 403; FRE 602; FRE |
| 893 | N/A | Port base with spheres (assembly) | PRIMO_ANG_00000997 | PRIMO_ANG_00001003 | Tallarida 11/28/17 | 24 | FRE 402; FRE 403; FRE 602; FRE |
| 894 | 11/19/2003 | STD Invention Disclosure: Infusion Port with Rapid Reservoir Clearance | PRIMO_ANG_0000989 | PRIMO_ANG_0000992 | | | FRE 402; FRE 403; FRE 602; FRE |
| 895 | | INTENTIONALLY OMITTED | | | | | |
| 896 | 10/25/2016 | U.S. Patent 9,474,888, Wiley et al | | | Eliasen 6/21/17; Hibdon 6/23/17; Johnson 1/31/18 | 24 48 2014 | FRE 402; FRE 403; FRE 802 |
| 897 | | INTENTIONALLY OMITTED | | | | | |
| 898 | 2011 | Xcela power injectable ports brochure | | | Nardone (Buiser) 5/18/17 | 6 | FRE 802 |
| 899 | 2003 | Bard Port brochure (Exhibit 1002) | | | Tallarida 11/28/17 | 18 | FRE 402; FRE 403; FRE 802 |
| 900 | 3/27/2004 | Consulting Agreement | | | Vogelzang 1/18/17 | 7 | FRE 402; FRE 403; FRE 602; FRE |
| 901 | | INTENTIONALLY OMITTED | | | | | |
| 902 | | INTENTIONALLY OMITTED | | | | | |
| 903 | | INTENTIONALLY OMITTED | | | | | |
| 904 | | INTENTIONALLY OMITTED | | | | | |
| 905 | | INTENTIONALLY OMITTED | | | | | |
| 906 | | INTENTIONALLY OMITTED | | | | | |
| 907 | | INTENTIONALLY OMITTED | | | | | |
| 908 | | INTENTIONALLY OMITTED | | | | | |
| 909 | | INTENTIONALLY OMITTED | | | | | |
| 910 | | INTENTIONALLY OMITTED | | | | | |
| 911 | | INTENTIONALLY OMITTED | | | | | |
| 912 | | INTENTIONALLY OMITTED | | | | | |
| 913 | | INTENTIONALLY OMITTED | | | | | |
| 914 | | INTENTIONALLY OMITTED | | | | | |
| 915 | | INTENTIONALLY OMITTED | | | | | |
| 916 | | INTENTIONALLY OMITTED | | | | | |
| 917 | | INTENTIONALLY OMITTED | | | | | |
| 918 | | INTENTIONALLY OMITTED | | | | | |
| 919 | | INTENTIONALLY OMITTED | | | | | |
| 920 | | INTENTIONALLY OMITTED | | | | | |
| 921 | | INTENTIONALLY OMITTED | | | | | |
| 922 | | INTENTIONALLY OMITTED | | | | | |
| 923 | | INTENTIONALLY OMITTED | | | | | |
| 924 | | INTENTIONALLY OMITTED | | | | | |
| 925 | | INTENTIONALLY OMITTED | | | | | |
| 926 | | INTENTIONALLY OMITTED | | | | | |
| 927 | | INTENTIONALLY OMITTED | | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 928 | | INTENTIONALLY OMITTED | | | | | |
| 929 | | INTENTIONALLY OMITTED | | | | | |
| 930 | | INTENTIONALLY OMITTED | | | | | |
| 931 | | INTENTIONALLY OMITTED | | | | | |
| 932 | | INTENTIONALLY OMITTED | | | | | |
| 933 | | INTENTIONALLY OMITTED | | | | | |
| 934 | N/A | Sales Analysis: Vaccess CT | | | Acuna 6/9/17 | 5 | FRE 402; FRE 403; FRE 602; FRE |
| 935 | N/A | Ports: Project Review | | | Acuna 6/9/17 | 9 | FRE 402; FRE 403; FRE 602; FRE |
| 936 | N/A | Port Franchise Focus presentation | | | Acuna 6/9/17 | 16 | FRE 402; FRE 403; FRE 602; FRE |
| 937 | N/A | Ports: Sales Training Module | | | Acuna 6/9/17 | 17 | FRE 402; FRE 403; FRE 602; FRE |
| 938 | N/A | Cancer presentation | | | Acuna 6/9/17 | 18 | FRE 402; FRE 403; FRE 602; FRE |
| 939 | 9/29/2017 | Christopher Bakewell Rebuttal Expert Report | | | Bakewell 1/11/18 | 701 | FRE 402; 403; FRE 802 |
| 940 | 12/1/2017 | Christopher Bakewell Supplemental Expert Report | | | Bakewell 1/11/18 | 702 | FRE 402; 403; FRE 802 |
| 941 | 12/6/2017 | Christopher Bakewell Supplemental Expert Report | | | Bakewell 1/11/18 | 703 | FRE 402; 403; FRE 802 |
| 942 | | INTENTIONALLY OMITTED | | | | | |
| 943 | | INTENTIONALLY OMITTED | | | | | |
| 944 | | INTENTIONALLY OMITTED | | | | | |
| 945 | | INTENTIONALLY OMITTED | | | | | |
| 946 | | INTENTIONALLY OMITTED | | | | | |
| 947 | | INTENTIONALLY OMITTED | | | | | |
| 948 | | INTENTIONALLY OMITTED | | | | | |
| 949 | | INTENTIONALLY OMITTED | | | | | |
| 950 | | INTENTIONALLY OMITTED | | | | | |
| 951 | | INTENTIONALLY OMITTED | | | | | |
| 952 | | INTENTIONALLY OMITTED | | | | | |
| 953 | | INTENTIONALLY OMITTED | | | | | |
| 954 | N/A | Ports: Sales Training Module | | | Boswell 5/26/17 | 3 | FRE 403; FRE 602; FRE 802; no |
| 955 | N/A | PowerPort and PowerLoc System powerpoint | | | Boswell 5/26/17 | 8 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 956 | | INTENTIONALLY OMITTED | | | | | |
| 957 | | INTENTIONALLY OMITTED | | | | | |
| 958 | | INTENTIONALLY OMITTED | | | | | |
| 959 | 8/12/2008 | U.S. Patent D574,950 S, Zawacki et al. | | | Boswell 5/26/17 | 40 | FRE 402; FRE 403; FRE 802; FRE |
| 960 | 3/23/2010 | U.S. Patent D612,479 S, Zawacki et al | | | Boswell 5/26/17 | 41 | FRE 402; FRE 403; FRE 802; FRE |
| 961 | | INTENTIONALLY OMITTED | | | | | |
| 962 | N/A | SmartPort webpage | | | Chartrand 6/6/17 | 139 | FRE 402; FRE 403; FRE 802 |
| 963 | N/A | BioFlo Ports with Endexo Technology webpage | | | Chartrand 6/6/17 | 140 | FRE 402; FRE 403; FRE 802 |
| 964 | N/A | Xcela Power Injectable Ports webpage | | | Chartrand 6/6/17 | 141 | FRE 402; FRE 403; FRE 802 |
| 965 | N/A | Xcela Plus Ports webpage | | | Chartrand 6/6/17 | 142 | FRE 402; FRE 403; FRE 802 |
| 966 | | INTENTIONALLY OMITTED | | | | | |
| 967 | | INTENTIONALLY OMITTED | | | | | |
| 968 | | INTENTIONALLY OMITTED | | | | | |
| 969 | N/A | Picture of a port | | | Clark 2/23/17 | 9 | FRE 402; FRE 403; FRE 602; FRE |
| 970 | 12/31/2013 | U.S. Patent 8,617,044, Pelgrim et al. | | | Cox 12/13/17 | 5 | FRE 402; FRE 403; FRE 602; FRE |
| 971 | 10/7/2015 | Law360, Misuse of patent citation analysis in Finjan v. Blue Coat | | | Cox 12/13/17 | 6 | FRE 402; FRE 403; FRE 602; FRE |
| 972 | 1/13/2004 | U.S. Patent 6,676,633, Smith et al | | | Cox 12/13/17 | 10 | FRE 402; FRE 403; FRE 602; FRE |
| 973 | | INTENTIONALLY OMITTED | | | | | |
| 974 | | INTENTIONALLY OMITTED | | | | | |
| 975 | | INTENTIONALLY OMITTED | | | | | |
| 976 | N/A | 37 C.F.R. Sec. 41.202 Suggestion of an Interference | | | Eliasen 8/15/17 | 52 | FRE 402; FRE 403; FRE 602; FRE |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 977 | 10/28/2009 | Eliasen Declaration | | | Eliasen 8/15/17 | 53 | FRE 402; FRE 403; FRE 602; FRE |
| 978 | N/A | Application | | | Eliasen 8/15/17 | 54 | FRE 402; FRE 403; FRE 602; FRE |
| 979 | | INTENTIONALLY OMITTED | | | | | |
| 980 | | INTENTIONALLY OMITTED | | | | | |
| 981 | 3/4/2005 | 60/658,518 File History | | | Eliasen 6/21/17 | 23 | FRE 402; FRE 403; FRE 602; FRE |
| 982 | 10/12/2010 | U.S. Patent 7,811,266, Eliasen | | | Eliasen 6/21/17; Tallarida 11/28/17 | 25 23 | FRE 402; FRE 403; FRE 602; FRE |
| 983 | 4/10/2001 | U.S. Patent 6,213,973, Eliasen et al | | | Eliasen 6/21/17 | 27 | FRE 402; FRE 403; FRE 602; FRE |
| 984 | 2/19/2013 | U.S. Patent 8,377,034, Tallarida | | | Eliasen 6/21/17 | 28 | FRE 402; FRE 403; FRE 602; FRE |
| 985 | 12/9/2014 | U.S. Patent 8,905,916, Jacobs et al | | | Eliasen 6/21/17 | 29 | FRE 402; FRE 403; FRE 602; FRE |
| 986 | 12/8/2009 | U.S. Patent 7,628,306, Spurchise et al | | | Eliasen 6/21/17 | 30 | FRE 402; FRE 403; FRE 602; FRE |
| 987 | 2017 | Scientific & Historical Armamentarium of Related Key Data | | | Girard 6/27/17 | 531 | FRE 402; FRE 403; FRE 802 |
| 988 | | INTENTIONALLY OMITTED | | | | | |
| 989 | | INTENTIONALLY OMITTED | | | | | |
| 990 | | INTENTIONALLY OMITTED | | | | | |
| 991 | | INTENTIONALLY OMITTED | | | | | |
| 992 | 8/31/2010 | U.S. Patent 7,785,302, Powers | | | Eliasen 8/15/17; Herron 10/5/17; King 5/31/17; Powers 6/9/17 | 50 11 40 32 | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; no sponsoring witness |
| 993 | 5/24/2011 | U.S. Patent 7,947,022, Amin | | | Herron 10/5/17; King 5/31/17; Powers 6/9/17; Sheetz 6/5/17 | 12 41 33 40 | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; no sponsoring witness |
| 994 | | INTENTIONALLY OMITTED | | | | | |
| 995 | | INTENTIONALLY OMITTED | | | | | |
| 996 | 10/4/2017 | Bard's Fifth Privilege Log | | | Herron 10/5/17 | 30 | FRE 402; FRE 403; FRE 802 |
| 997 | N/A | IP Patent Coverage webpage | | | Herron 10/5/17 | 32 | FRE 402; FRE 403; FRE 602; FRE |
| 998 | | INTENTIONALLY OMITTED | | | | | |
| 999 | | INTENTIONALLY OMITTED | | | | | |
| 1000 | 3/11/2003 | Bard Corporate R&D Review | | | Hibdon 6/23/17 | 35 | FRE 402; FRE 403; FRE 602; FRE |
| 1001 | Jun-09 | Port Product Line Forecast Meeting | | | Hibdon 6/23/17 | 36 | FRE 402; FRE 403; FRE 602; FRE |
| 1002 | N/A | Ports presentation | | | Hibdon 6/23/17 | 37 | FRE 402; FRE 403; FRE 602; FRE |
| 1003 | 4/27/2004 | Bard NPD Review | | | Hibdon 6/23/17 | 38 | FRE 402; FRE 403; FRE 602; FRE |
| 1004 | N/A | File History for 60/737,466 | | | Hibdon 6/23/17 | 39 | FRE 402; FRE 403; FRE 602; FRE |
| 1005 | N/A | Request to Correct Inventorship Under 37 C.F.R. Section 1.48(a) | | | Hibdon 6/23/17 | 43 | FRE 402; FRE 403; FRE 602; FRE |
| 1006 | 11/24/2011 | U.S. Publication 2011/0288502, Hibdon | | | Hibdon 6/23/17 | 46 | FRE 402; FRE 403; FRE 602; FRE |
| 1007 | 9/29/2017 | Dr. Johnson's Report Appendices | | | Johnson 1/31/18 | 2007 | FRE 403; FRE 602; FRE 802; FRE |
| 1008 | 5/11/2010 | U.S. Patent 7,713,251, Tallarida | | | Johnson 1/31/18; Tallarida 11/28/17 | 2011 7 | FRE 402; FRE 403; FRE 602; FRE |
| 1009 | N/A | Bard Port x-rays | | | Johnson 1/31/18 | 2015 | FRE 402; FRE 602; FRE 802; FRE |
| 1010 | | INTENTIONALLY OMITTED | | | | | |
| 1011 | | INTENTIONALLY OMITTED | | | | | |
| 1012 | | INTENTIONALLY OMITTED | | | | | |
| 1013 | 3/11/2015 | First Amended Complaint in Angio v. Norfolk case | | | King 5/31/17 | 2 | FRE 402; FRE 403; FRE 802 |
| 1014 | 1/6/2015 | U.S. Patent 8,926,573, Smith | | | King 5/31/17; Vogelzang 12/15/17 | 3 618 | FRE 402; FRE 403; FRE 802 |

Case 1:15-cv-00218-JFB-SRF   Document 535-1   Filed 09/23/22   Page 296 of 406 PageID #:

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 1015 | 5/15/2014 | Patent Assignments | | | King 5/31/17 | 6 | FRE 402; FRE 403; FRE 802 |
| 1016 | 6/2/1998 | Patent Assignment between Norfolk and HMP | | | King 5/31/17 | 7 | FRE 402; FRE 403; FRE 802 |
| 1017 | 4/5/2007 | U.S. Publication 2007/0078391, Wortley | | | King 5/31/17 | 12 | FRE 402; FRE 403; FRE 802 |
| 1018 | 9/30/2005 | Provisional App for 60/722,800 | | | King 5/31/17 | 14 | FRE 402; FRE 403; FRE 802 |
| 1019 | | INTENTIONALLY OMITTED | | | | | |
| 1020 | 11/30/2015 | Journal Entry #37 Vortex/BV Amortization | | | King 5/31/17 | 21 | FRE 402; FRE 403; FRE 802 |
| 1021 | 6/24/2016 | Initial Invalidity Contentions | | | King 5/31/17 | 23 | FRE 402; 403; FRE 802 |
| 1022 | N/A | Exhibit A10 to '417 | | | King 5/31/17 | 24 | FRE 402; 403; FRE 802 |
| 1023 | N/A | Exhibit A11 to '417 | | | King 5/31/17 | 26 | FRE 402; 403; FRE 802 |
| 1024 | 3/15/2017 | Angio's Identification of Invalidity References | | | King 5/31/17 | 27 | FRE 402; 403; FRE 802 |
| 1025 | | INTENTIONALLY OMITTED | | | | | |
| 1026 | | INTENTIONALLY OMITTED | | | | | |
| 1027 | | INTENTIONALLY OMITTED | | | | | |
| 1028 | N/A | sales spreadsheet | | | McTiernan 6/20/17 | 302 | |
| 1029 | 6/13/2017 | Twice Updated Sales Figures Disclosure | | | McTiernan 6/20/17 | 306 | FRE 802 |
| 1030 | N/A | Smart Port CT physical exhibit | | | McTiernan 6/20/17 | 307 | |
| 1031 | N/A | Smart Port CT physical exhibit | | | McTiernan 6/20/17 | 308 | |
| 1032 | N/A | Navilyst list prices | | | McTiernan 6/20/17 | 313 | FRE 402; FRE 403 |
| 1033 | N/A | BioFlo Ports w/ PASV Valve Technology Price list | | | McTiernan 6/20/17 | 314 | FRE 402; FRE 403 |
| 1034 | N/A | Field Sales Pricing Guidelines | | | McTiernan 6/20/17 | 315 | FRE 402; FRE 403 |
| 1035 | N/A | Price List spreadsheet | | | McTiernan 6/20/17 | 316 | FRE 402; FRE 403 |
| 1036 | N/A | Vascular Access Field Sales Pricing Guidelines | | | McTiernan 6/20/17 | 317 | FRE 402; FRE 403 |
| 1037 | N/A | sales spreadsheet | | | McTiernan 6/20/17 | 320 | FRE 402; FRE 403 |
| 1038 | N/A | sales spreadsheet | | | McTiernan 6/20/17 | 321 | FRE 402; FRE 403 |
| 1039 | N/A | sales spreadsheet | | | McTiernan 6/20/17 | 322 | FRE 402; FRE 403 |
| 1040 | N/A | FY14 Strategic Planning Instructions | | | McTiernan 6/20/17 | 323 | FRE 402; FRE 403 |
| 1041 | N/A | Port-Product Family Summary spreadsheet | | | Ochoa 5/26/17 | 3 | FRE 402; 403; FRE 602; FRE 802; |
| 1042 | | INTENTIONALLY OMITTED | | | | | |
| 1043 | | INTENTIONALLY OMITTED | | | | | |
| 1044 | | INTENTIONALLY OMITTED | | | | | |
| 1045 | | INTENTIONALLY OMITTED | | | | | |
| 1046 | 4/27/2005 | Provisional App for 60/875,309 | | | Powers 6/9/17 | 23 | FRE 402; FRE 403; FRE 602; FRE |
| 1047 | | INTENTIONALLY OMITTED | | | | | |
| 1048 | 10/5/2006 | U.S. Publication 2006/0224129, Beasley | | | Powers 6/9/17 | 27 | FRE 402; FRE 403; FRE 602; FRE |
| 1049 | N/A | Patent Assignment Cover Sheet | | | Rosenzweig 8/17/17 | 3 | FRE 402; FRE 602; FRE 802; FRE |
| 1050 | | INTENTIONALLY OMITTED | | | | | |
| 1051 | | INTENTIONALLY OMITTED | | | | | |
| 1052 | | INTENTIONALLY OMITTED | | | | | |
| 1053 | N/A | Power Port Port System Flow Evaluation | | | Sheetz 6/5/17 | 10 | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 1054 | | INTENTIONALLY OMITTED | | | | | |
| 1055 | | INTENTIONALLY OMITTED | | | | | |
| 1056 | | INTENTIONALLY OMITTED | | | | | |
| 1057 | 12/17/2013 | U.S. Patent 8,608,713, Beasley | | | Tallarida 11/28/17; Vogelzang 12/13/17 | 9, 609 | FRE 402; FRE 403; FRE 602; FRE |
| 1058 | 7/31/2015 | Declaration of Stephen J. Tallarida vs. USP No. 8,852,160 | | | Tallarida 11/28/17 | 15 | FRE 402; FRE 403; FRE 602; FRE |
| 1059 | 7/27/2015 | English translation of French patent no. 1,509,165 | | | Tallarida 11/28/17 | 16 | FRE 402; FRE 403; FRE 602; FRE |
| 1060 | N/A | Smart Port package photo | | | Vogelzang 12/13/17 | 604 | |
| 1061 | N/A | Smart Port package photo | | | Vogelzang 12/13/17 | 605 | |
| 1062 | N/A | BioFlo package photo | | | Vogelzang 12/13/17 | 606 | |
| 1063 | 12/1/2017 | Vogelzang's Supplemental Expert Report on Invalidity | | | Vogelzang 12/15/17 | 612 | FRE 402; 403; FRE 802 |
| 1064 | | INTENTIONALLY OMITTED | | | | | |
| 1065 | 3/27/2003 | Consulting Agreement | | | Vogelzang 1/18/17 | 2 | FRE 402; FRE 403; FRE 602; FRE |
| 1066 | | INTENTIONALLY OMITTED | | | | | |
| 1067 | | INTENTIONALLY OMITTED | | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 1068 | | INTENTIONALLY OMITTED | | | | | |
| 1069 | 2/5/2004 | Business Contracts Check-In Form | | | Vogelzang 1/18/17 | 6 | FRE 402; FRE 403; FRE 802 |
| 1070 | 3/22/2005 | Consulting Agreement | | | Vogelzang 1/18/17 | 8 | FRE 402; FRE 403; FRE 602; FRE |
| 1071 | | | | INTENTIONALLY OMITTED | | | |
| 1072 | | | | INTENTIONALLY OMITTED | | | |
| 1073 | | | | INTENTIONALLY OMITTED | | | |
| 1074 | 9/1/2017 | Robert Vogelzang Opening Invalidity Report | | | Vogelzang 12/15/17 | 610 | FRE 402; FRE 403; FRE 802 |
| 1075 | 9/30/2017 | Robert Vogelzang Rebuttal Infringement Report | | | Clark 12/7/17; Vogelzang 12/13/17 | 1011 600 | FRE 402; FRE 403; FRE 802 |
| 1076 | 12/6/2017 | Robert Vogelzang Additional Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1077 | 12/12/2017 | Christopher Bakewell Supplemental Expert Report | | | Bakewell 1/11/18 | 704 | FRE 402; FRE 403; FRE 802 |
| 1078 | 12/6/2017 | Attachment C to Bakewell's Expert Report | | | Bakewell 1/11/18 | 705 | FRE 402; FRE 403; FRE 802 |
| 1079 | 9/29/2017 | Exhibits to Bakewell Expert Report | | | Bakewell 1/11/18 | 706 | FRE 402; FRE 403; FRE 802 |
| 1080 | 2014 | U.S. Market for Vascular Access Devices and Accessories, iData Research (excerpts) | BARD_AD_1678064 | BARD_AD_1678377 | Bakewell 1/11/18 | 709 | FRE 402; FRE 403; FRE 602; FRE |
| 1081 | 9/29/2017 | Attachment A to Bakewell's Expert Report | | | Bakewell 1/11/18 | 710 | FRE 402; FRE 403; FRE 802 |
| 1082 | | | | INTENTIONALLY OMITTED | | | |
| 1083 | | | | INTENTIONALLY OMITTED | | | |
| 1084 | | | | INTENTIONALLY OMITTED | | | |
| 1085 | | | | INTENTIONALLY OMITTED | | | |
| 1086 | | | | INTENTIONALLY OMITTED | | | |
| 1087 | | | | INTENTIONALLY OMITTED | | | |
| 1088 | | | | INTENTIONALLY OMITTED | | | |
| 1089 | | | | INTENTIONALLY OMITTED | | | |
| 1090 | | | | INTENTIONALLY OMITTED | | | |
| 1091 | | | | INTENTIONALLY OMITTED | | | |
| 1092 | | | | INTENTIONALLY OMITTED | | | |
| 1093 | 9/1/2017 | List of Materials Considered Clark Expert Report Exhibit C | | | | | |
| 1094 | 9/1/2017 | Smart Port Guidelines Clark Expert Report Exhibit GG | | | | | |
| 1095 | 9/1/2017 | Infringement Chart for 478 Clark Expert Report Exhibit JJ | | | | | |
| 1096 | 9/1/2017 | Smart Port Guidelines for Health Care Providers Wayback Machine page Clark Expert Report Exhibit KK | | | | | |
| 1097 | 11/30/2017 | PowerFlow CT Guide Clark Expert Report Exhibit MM | | | | | |
| 1098 | 11/30/2017 | List of Materials Considered Clark Expert Report Appendix A | | | | | |
| 1099 | | INTENTIONALLY OMITTED | | | | | |
| 1100 | N/A | Port-a-Cath physical exhibit | | | | | FRE 402; FRE 403; FRE 602; FRE |
| 1101 | N/A | Triumph physical exhibit | | | | | FRE 402; FRE 403; FRE 602; FRE |
| 1102 | N/A | Low-Profile Triumph physical exhibit | | | | | FRE 402; FRE 403; FRE 602; FRE |
| 1103 | N/A | Vortex MP physical exhibit | | | | | FRE 402; FRE 403; FRE 602; FRE |
| 1104 | N/A | Vaxcel physical exhibit | | | | | FRE 402; FRE 403; FRE 602; FRE |
| 1104A | N/A | Vaxcel physical exhibit A | | | | | FRE 402; FRE 403; FRE 602; FRE |
| 1104B | N/A | Vaxcel physical exhibit B | | | | | FRE 402; FRE 403; FRE 602; FRE |
| 1104C | N/A | Vaxcel physical exhibit C | | | | | FRE 402; FRE 403; FRE 602; FRE |
| 1104D | N/A | Vaxcel physical exhibit D | | | | | FRE 402; FRE 403; FRE 602; FRE |
| 1104E | N/A | Vaxcel physical exhibit E | | | | | FRE 402; FRE 403; FRE 602; FRE |
| 1104F | N/A | Vaxcel physical exhibit F | | | | | FRE 402; FRE 403; FRE 602; FRE |
| 1105 | 5/22/2017 | Request for Trial for Invalidation | | | | | FRE 402; FRE 403; FRE 602; FRE |
| 1106 | Jan-05 | JSAIR IVR Interventional Radiology vol. 20 No. 1 | | | | | FRE 402; FRE 403; FRE 602; FRE |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 1107 | 2002 | Japanese product instructions | | | | | FRE 402; FRE 403; FRE 602; FRE |
| 1108 | 12/12/2017 | Attachment A to Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802; FRE |
| 1109 | 9/29/2017 | Exhibit 1.0 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802; FRE |
| 1110 | 9/29/2017 | Exhibit 1.1 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1111 | 9/29/2017 | Exhibit 2.0 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1112 | 9/29/2017 | Exhibit 2.1 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1113 | 9/29/2017 | Exhibit 2.2 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1114 | 9/29/2017 | Exhibit 2.3 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1115 | 9/29/2017 | Exhibit 2.4 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1116 | 9/29/2017 | Exhibit 2.5 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1117 | 9/29/2017 | Exhibit 2.6 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1118 | 9/29/2017 | Exhibit 2.7 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1119 | 9/29/2017 | Exhibit 3.0 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1120 | 9/29/2017 | Exhibit 3.1 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1121 | 9/29/2017 | Exhibit 3.2 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1122 | 9/29/2017 | Exhibit 4.0 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1123 | 9/29/2017 | Exhibit 5.0 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1124 | 9/29/2017 | Exhibit 5.1 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1125 | 9/29/2017 | Exhibit 6.0 to Christopher Bakewell's Expert Report | | | | | FRE 402; FRE 403; FRE 802 |
| 1126 | N/A | Dr. Robert Vogelzang CV | | | | | FRE 402; FRE 403; FRE 802 |
| 1127 | N/A | Christopher Bakewell CV | | | | | FRE 402; FRE 403; FRE 802 |
| 1128 | 5/16/2017 | Bard's Second Supplemental Response to AngioDynamics's Interrogatory No. 1 | | | | | FRE 403; FRE 802 |
| 1129 | 10/24/2016 | Bard's Responses to AngioDynamics's Fifth Set of Interrogatories (No. 13) | | | | | FRE 403; FRE 802 |
| 1130 | 10/3/2016 | Bard's Response to AngioDynamics's Fourth Set of Interrogatories (Nos. 11-12) | | | | | FRE 403; FRE 802 |
| 1131 | 5/18/2017 | Bard's Amended Response to AngioDynamics's Interrogatory No. 4 | | | | | FRE 403; FRE 802 |
| 1132 | | INTENTIONALLY OMITTED | | | | | |
| 1133 | 5/18/2017 | Bard's First Supplemental and Amended Responses to AngioDynamics's Interrogatory No. 9 | | | | | FRE 403; FRE 802 |
| 1134 | 5/23/2016 | Bard's Responses to AngioDynamics's Second Set of Interrogatories (Nos. 4-8) | | | | | FRE 403; FRE 802 |
| 1135 | 5/26/2017 | Bard's Responses to AngioDynamics's Sixth Set of Interrogatories | | | | | FRE 403; FRE 802 |
| 1136 | 5/5/2016 | Bard's Responses to AngioDynamics' First Set of Interrogatories (Nos. 1-3) | | | | | FRE 403; FRE 802 |
| 1137 | 5/16/2017 | Bard First Supplemental Respsonses to AngioDynamics's Fourth Set of Interrogatories (Nos. 11-12) | | | | | FRE 403; FRE 802 |
| 1138 | 5/23/2016 | Bard's Supplemental Response to AngioDynamics's Interrogatory No. 1 | | | | | FRE 403; FRE 802 |
| 1139 | 9/8/2016 | Bard s Responses to AngioDynamics's Third Set of Interrogatories | | | | | FRE 403; FRE 802 |
| 1140 | N/A | Samples of the Accused Products | | | | | |
| 1141 | N/A | Samples of the prior art devices | | | | | FRE 403; FRE 602; FRE 901; no sponsoring witness |
| 1142 | N/A | Port-a-Cath x-ray photo Summary Judgment Ex. 141, ANG_SJ_000490 | DELANGIO_00538959 | DELANGIO_00538959 | | | FRE 402; FRE 602; FRE 901 |
| 1143 | | BioFlo PICC 510(k) | DELANGIO_00537257 | DELANGIO_00537910 | | | FRE 402; FRE 403; FRE 802 |
| 1144 | 6/7/2013 | Navilyst Premarket Notification - Abbreviated 510k NMI Port II | DELANGIO_00071332 | DELANGIO_00072866 | | | FRE 402; FRE 403; FRE 802 |
| 1145 | 4/4/2009 | Annemarie Boswell email re: Angio-D CT Port | BARD_AD_0603661 | BARD_AD_0603661 | | | FRE 402; FRE 602; FRE 802; no sponsoring witness |
| 1146 | 6/12/2017 | Bard's Responses to Angio's Requests for Admission | | | | | FRE 403; 802 |
| 1147 | 9/10/2009 | US Publication No. 2009/0227862 A1, Smith et al. | | | | | FRE 402; FRE 403; FRE 602; FRE |
| 1148 | 2/14/2006 | US Patent 6,997,914, Smith et al. | BARD_AD_1769453 | BARD_AD_1769463 | | | FRE 402; FRE 403; FRE 602; FRE |
| 1149 | 8/27/2006 | John Zawacki email re: Lessons learned meeting notes | BARD_AD_0955123 | BARD_AD_0955124 | | | FRE 403; FRE 602; FRE 802; no sponsoring witness |
| 1150 | N/A | Filings related to 14/556,660 and 14/171,364, and correspondence | | | | | FRE 402; FRE 602; FRE 802; FRE |
| 1151 | 4/19/2001 | Guidance on Medical Device Patient Labeling; Final Guidance for Industry and FDA Reviewers | DELANGIO_0349520 | DELANGIO_00349573 | | | FRE 402; FRE 403; FRE 602; FRE |
| 1152 | 8/20/2015 | Power-Injectable Implantable Ports with ChronoFlex Polyurethane Catherters Supplemental Pre-Submission regarding K150514 | BARD_AD_0111092 | BARD_AD_0111108 | | | FRE 402; FRE 403; FRE 602; FRE |
| 1153 | 1/20/2014 | Monthly R&D Franchise Update: Port Team | BARD_AD_0879130 | BARD_AD_0879130 | | | FRE 402; FRE 403; FRE 602; FRE |
| 1154 | 10/30/2014 | Concept/Global Product Opportunity Appraisal Approval Form: Smooth Catheter (SC) | BARD_AD_1541561 | BARD_AD_1541572 | | | FRE 402; FRE 403; FRE 602; FRE |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 1155 | 11/7/2013 | https://www.youtube.com/watch?v=3dpu1KPcrb0 | | | | | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; FRCP 26; FRCP 34; FRCP 37; no sponsoring witness; not produced during discovery |
| 1156 | 3/11/2012 | https://www.youtube.com/watch?v=j-Zk6-qgHqM | | | | | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; FRCP 26; FRCP 34; FRCP 37; no sponsoring witness; not produced during discovery |
| 1157 | | video at http://www.medicalexpo.com/prod/angiodynamics/product-81076-561741.html | | | | | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; FRCP 26; FRCP 34; FRCP 37; no sponsoring witness; not produced during discovery |
| 1158 | | video at http://www.arteryhealthcarevisuals.com/portfolio/endexo / | | | | | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; FRCP 26; FRCP 34; FRCP 37; no sponsoring witness; not produced during discovery |
| 1159 | 1/28/2019 | Linked In Profile of Chad Campbell | | | Chad Campbell | 1 | FRE 402; FRE 403; FRE 802 |
| 1160 | 2/3/2019 | AngioDynamics web page with corporate management | | | Chad Campbell | 2 | FRE 402; FRE 403; FRE 802 |
| 1161 | | Photograph of Port-A-Cath Access System chart sticker | DELANGIO_00538963 | DELANGIO_00538963 | | | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; FRCP 26; FRCP 34; FRCP 37; no sponsoring witness; not produced during discovery |
| 1162 | | Photograph of Vortex Access Port (top view) | DELANGIO_00538960 | DELANGIO_00538960 | | | FRE 402; FRE 403 |
| | | Photograph of Vortex Access Port (bottom view) | DELANGIO_00538961 | DELANGIO_00538961 | | | FRE 402; FRE 403 |
| 1163 | | Photograph of Vortex Access Port (top view) | DELANGIO_00538962 | DELANGIO_00538962 | | | FRE 402; FRE 403 |
| | | Photograph of Vortex Access Port (bottom view) | DELANGIO_00538964 | DELANGIO_00538964 | | | FRE 402; FRE 403 |
| 1164 | | INTENTIONALLY OMITTED | | | | | |
| 1165 | 6/7/2016 | U.S. Patent No. 9,358,378 to Hanson et al. | | | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not produced during discovery |
| 1166 | 3/15/2011 | U.S. Patent No. 7,905,875 to Smith et al. | | | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not produced during |
| 1167 | 7/7/2009 | U.S. Design Patent No. D 595892 to Smith et al. | | | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not produced during |
| 1168 | 9/6/2011 | U.S. Design Patent No. D 644735 to Elbe et al. | | | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not produced during |
| 1169 | 12/13/2011 | U.S. Design Patent No. D 650475 to Smith et al. | | | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not produced during |
| 1170 | 6/22/2010 | U.S. Patent No. 7,740,616 to Smith et al. | | | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not produced during |
| 1171 | | Adult Titanium Port (Part No. 0602210) | | | | | FRE 402; FRE 403; FRE 901 |
| 1172 | | PowerPort (Part No. 1708000) | | | | | |
| 1173 | | PowerPort M.R.I. (Part No. 1808000) | | | | | |
| 1174 | | SlimPort (Part No. 0605550) | | | | | FRE 402; FRE 403; FRE 901; exceeds number of prior art |
| 1175 | | X-Port (Part No. 0605840) | | | | | FRE 402; FRE 403; FRE 901; exceeds number of prior art |
| 1176 | | Vaccess Port (Part No. 7460000) | | | | | |
| 1177 | | ClearVue (Part No. 1606052) | | | | | |
| 1178 | | SmartPort CT  (Part No. H787CT80STPD0) | | | | | |
| 1179 | | SmartPort CT Low Profile (Part No. H787CT66LTPDVI1) | | | | | |
| 1180 | | SmartPort CT Mini  (Part No. H787CT66PTPD0) | | | | | |
| 1181 | | Xcela Power Injectable Port Standard Titanium Port (Part No. H965451030) | | | | | |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
**Defendant AngioDynamics's Trial Exhibit List**

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 1182 | | Xcela Power Injectable Port Plastic (Part No. H965451190) | | | | | |
| 1183 | | Xcela Plus Titanium (Part No. H965440350) | | | | | |
| 1184 | | Xcela Plus Plastic (Part No. H965440290) | | | | | |
| 1185 | | Xcela Dual Port (Part No. H965451810) | | | | | |
| 1186 | | BioFlo Titanium (Part No.H965440150) | | | | | |
| 1187 | | BioFlo Plastic (Part No. H965440130) | | | | | |
| 1188 | | BioFlo Dual Port (Part No. H965440280) | | | | | |
| 1189 | 2014 | Impact of the shape of the implantable ports on their efficiency of flow (injection and flushing) by Guiffant et al. | DELANGIO_00535679 | DELANGIO_00535684 | | | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; no sponsoring witness |
| 1190 | 7/22/2014 | U.S. Patent No. 8,784,402 to Lareau et al. | | | | | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; FRCP 26; FRCP 34; FRCP 37; not produced during discovery |
| 1191 | 7/4/2017 | Outcomes in a nurse-led peripherally inserted central catheter program: a retrospective cohort study by McDiarmid et al. | DELANGIO_00535685 | DELANGIO_0535689 | | | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; no sponsoring witness |
| 1192 | 10/9/2014 | Email - Port Team bullets for week ending 10/10/14 | BARD_AD_1371684 | BARD_AD_1371685 | | | FRE 402; FRE 403; FRE 602; FRE 802; no sponsoring |
| 1193 | 8/10/2015 | Email - Post FDA mtg OPTIONS 150810a.docx | BARD_AD_0753084 | BARD_AD_0753086 | | | FRE 402; FRE 403; FRE 602; FRE 802; no sponsoring |
| 1194 | 12/9/2015 | Email - Silk bullets for 12/9/15 | BARD_AD_1372468 | BARD_AD_1372470 | | | FRE 402; FRE 403; FRE 602; FRE 802; no sponsoring |
| 1195 | 10/15/2015 | Email - Port Team bullets for  10/14/15 | BARD_AD_0933087 | BARD_AD_0933093 | | | FRE 402; FRE 403; FRE 602; FRE 802; no sponsoring |
| 1196 | | Xcela Power Injection Port, Vascular Access System Instructions for Use | DELANGIO_00153121 | DELANGIO_00153124 | | | |
| 1197 | 9/20/2016 | U.S. Patent No. 9,447,892 | | | | | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; FRCP 26; FRCP 34; FRCP 37; not produced during discovery |
| 1198 | 2000 | IsoMed Catheter Access Port Kit Instruction Manual | DELANGIO_00538965 | DELANGIO_00538985 | | | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; no sponsoring witness |
| 1199 | | Pictures of IsoMed Sales Kit | | | | | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; FRCP 26; FRCP 34; FRCP 37; not produced during discovery |
| 1200 | | Spreadsheet | DELANGIO_00270789 | DELANGIO_00270789 | McTiernan | 305 | |
| 1201 | 2/24/2015 | Email fr. Prechtel re: Status of AFR FA13-39 Coating Equip for Thrombus Resistant Port Cath | BARD_AD_1384460 | BARD_AD_1384468 | | | FRE 402; FRE 403; FRE 602; FRE 802; no sponsoring |
| 1202 | 7/23/2018 | AngioDynamics, Inc. Form 10-K | | | | | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; FRCP 26; FRCP 34; FRCP 37; not produced during discovery |
| 1203 | 11/21/2018 | Becton, Dickinson and Company Form 10-K | | | | | FRE 402; FRE 403; FRE 602; FRE 802; FRE 901; FRCP 26; FRCP 34; FRCP 37; not produced during discovery |
| 1204 | 2/7/2012 | Email - Port Bumps | BARD_AD_1377782 | BARD_AD_1377783 | Acuna | 31 | FRE 402; FRE 403; FRE 602; FRE 802; no sponsoring |
| 1205 | 1969 | Lt. Col. William H. Walter, III, MC, USAF and Nanette K. Wenger, MD, *Radiographic Identification of Commonly Used Implanted Pacemakers* , New Eng. J. Med., Vol. 281 No. 22, at 1230-31 (1969). | DELANGIO_00538986 | DELANGIO_00538987 | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not produced during discovery, |
| 1206 | Apr-03 | *Radiopaque Imprinting Enables Alternative to Angioplasty: Markings on fabric substrate of device allow precise positioning* , reprt. Med. Prod. Mfg. News (Apr. 2003). | DELANGIO_00538988 | DELANGIO_00538988 | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not produced during discovery, |
| 1207 | 2003 | A.R. O'Connor, F.V. Coakley, M.V. Meng & S. Eberhardt, *Imaging of retained surgical sponges in the abdomen and pelvis* , Am. J. of Roentgenol., Vol. 180 No. 2, at 481-89 (Feb. 2003). | DELANGIO_00538989 | DELANGIO_00538997 | | | FRE 402; FRE 403; FRE 602; FRE 802; FRCP 26; FRCP 34; FRCP 37; not produced during discovery, |

Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.
C.A. No. 15-218-JFB-SRF
Defendant AngioDynamics's Trial Exhibit List

| EX. NO. (DX) | DATE | DESCRIPTION | PROD_BEG | PROD_END | DEPONENT | DEP. EX. NO. | BARD'S OBJECTIONS |
|---|---|---|---|---|---|---|---|
| 1208 | 5/15/1995 | Sergio L. Pinski, MD and Richard G. Trohman, MD, Implantable Cardioverter-Defibrillators: Implications for the Nonelectrophysiologist , Annals of Internal Med., Vol. 122 No. 10, at 770-77 (May 15, 1995). | DELANGIO_00538998 | DELANGIO_00539005 | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not produced during discovery, |
| 1209 | 3/27/2019 | Artificial intelligence can improve X-ray identification of pacemakers in emergencies , sourced from Imperial College London and published in ScienceDaily, available at https://www.sciencedaily.com/releases/2019/03/190327142013.htm (last visited Apr. 4, 2022). | DELANGIO_00539006 | DELANGIO_00539008 | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not produced during discovery, |
| 1210 | 1970 | Lt. Col. William H. Walter, III, MC, USAF, Radiographic Identification of Commonly Used Pulse Generators -1970 , JAMA, Vol. 215 No. 12, at 1974-75 (1970). | DELANGIO_00539009 | DELANGIO_00539010 | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not produced during discovery, |
| 1211 | 1996 | G.  McKillop & J.H. Reid, Retained surgical swab misinterpreted as epicardial pacing wire on chest x ray , Heart, Vol. 75 No. 4, at 342 (Apr. 1, 1996). | DELANGIO_00539011 | DELANGIO_00539011 | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not produced during discovery, |
| 1212 | 2000 | K.A.Wolfson, L.L. Seeger, B.M. Kadell, & J.J. Eckardt, Imaging of surgical paraphernalia: what belongs in the patient and what does not , Radiographics, Vol. 20 No. 6, at 1665-73 (Nov.-Dec. 2000). | DELANGIO_00539012 | DELANGIO_00539020 | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not produced during discovery, |
| 1213 | 3/8/2001 | FDA clearances for biliary stent products of Bard and Sulzer Medica , Med. Indus. Wk., 2001 WLNR 224075 (Mar. 8, 2001). | DELANGIO_00539021 | DELANGIO_00539022 | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not produced during discovery, |
| 1214 | 7/31/2015 | Petition for InterPartes  Review of US Patent No. 8,852,160, C.R. Bard, Inc. v. Innovative Medical Devices, LLC, Medical Components, Inc.,  No. IPR2015-01654 (P.T.A.B. July 31, 2015) | DELANGIO_00539023 | DELANGIO_00539091 | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not |
| 1215 | | Ex. 1012 to Petition for Inter Partes Review of US Patent No. 7,785,302, Atrium Medical Corp. v. Bard Peripheral Vascular, Inc. , No. IPR2021-01199 (P.T.A.B. July 6, 2021) | DELANGIO_00539092 | DELANGIO_00539136 | | | FRE 402; FRE 403; FRE 802; FRCP 26; FRCP 34; FRCP 37; not |
| 1216 | 11/27/2006 | AngioDynamics, Inc. Form 8-K, filed 11/27/2006 | DELANGIO_00536931 | DELANGIO_00537052 | | | FRE 402; FRE 403; FRE 802; late disclosed, no sponsoring |
| 1217 | 6/25/2004 | Rita Medical Systems & HMP Merger Proposal & Annexes A-F including Agreement and Plan of Merger | DELANGIO_00518284 | DELANGIO_00518612 | | | FRE 402; FRE 403; FRE 802; late disclosed, no sponsoring |
| 1218 | 3/1/2019 | Trial Transcript for March 1, 2019, Case No. 15-218 (JFB)(SRF) | | | | | FRE 802; not evidence, no |
| 1219 | 3/4/2019 | Trial Transcript for March 4, 2019, Case No. 15-218 (JFB)(SRF) | | | | | FRE 802; not evidence, no |
| 1220 | 3/5/2019 | Trial Transcript for March 5, 2019, Case No. 15-218 (JFB)(SRF) | | | | | FRE 802; not evidence, no |
| 1221 | 3/6/2019 | Trial Transcript for March 6, 2019, Case No. 15-218 (JFB)(SRF) | | | | | FRE 802; not evidence, no |
| 1222 | 3/7/2019 | Trial Transcript for March 7, 2019, Case No. 15-218 (JFB)(SRF) | | | | | FRE 802; not evidence, no |
| 1223 | 11/10/2020 | C.R. Bard, Inc. v. AngioDynamics, Inc., 979 F.3d 1372 (Fed. Cir. 2002) | | | | | FRE 802; not evidence, no |
| 1224 | 10/28/2008 | Beggs PowerPort MRI/PowerLoc CT Technologist Satisfaction Survey, Summer 2008 | BARD_AD_0670549 | BARD_AD_0670580 | | | FRE 402; FRE 403; FRE 802; late disclosed, no sponsoring |
| 1225 | 9/24/2008 | Beggs PowerPort MRI/PowerLoc Oncology Nurse Satisfaction Mail Survey, Summer 2008 | BARD_AD_0509455 | BARD_AD_0509492 | | | FRE 402; FRE 403; FRE 802; late disclosed, no sponsoring |
| 1226 | 9/28/2018 | C.R. Bard, Inc. v. AngioDynamics, Inc., 748 F. App'x 1009 (Fed. Cir. 2018) | | | | | FRE 802, not evidence, no spon |

EXHIBIT 8

## BARD'S WITNESS LIST

Bard intends to call the following witnesses at the upcoming trial on infringement, damages, and validity. The witnesses will testify live unless otherwise indicated.

Bard specifically reserves the right to supplement or amend this list by adding or removing witnesses as appropriate. In addition to the witnesses identified by name below, Bard also reserves the right to call at trial any witnesses identified in any list of fact witnesses or initial disclosures served by AngioDynamics. Bard reserves the right to call at trial anyone who has been deposed by either party, regardless of whether they are listed below. By listing witnesses below, Bard does not waive its objections to AngioDynamics calling these witnesses at trial. Subject to these representations, Bard identifies the following individuals as potential witnesses who may provide fact testimony:

Will call

- Kelly Powers
- Anne-Marie Boswell
- Kimberly Hammond
- Timothy Clark
- Matthew Johnson
- Alan Cox
- Tina King (deposition)
- Brad Chartrand (deposition)

May Call

- Andrea Acuna
- Steve Kenney (deposition)
- Mark Girard (deposition)
- Chuck Greiner (deposition)
- Brian McTiernan
- Richard Rosenzweig
- Witnesses to authenticate exhibits as needed, subject to cooperation between the parties

EXHIBIT 9

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

BARD PERIPHERAL VASCULAR, INC.,

      Plaintiff and Counterclaim-Defendant,

      v.

ANGIODYNAMICS, INC.,

      Defendant and Counterclaim-Plaintiff,

      v.

C.R. BARD, INC.,

      Counterclaim/Third-Party Complaint Defendant.

C.A. No. 15-218-JFB-SRF

## ANGIODYNAMICS, INC.'S WITNESS LIST

AngioDynamics intends to call the following witnesses at the upcoming trial on all issues, including non-infringement, damages, invalidity, ineligibility, inequitable conduct, equitable estoppel, and unclean hands. The witnesses will testify live unless otherwise indicated.

AngioDynamics specifically reserves the right to supplement or amend this list by adding or removing witnesses as appropriate. In addition to the witnesses identified by name below, AngioDynamics also reserves the right to call at trial any witnesses identified in any list of fact witnesses or initial disclosures served by Bard. AngioDynamics reserves the right to call at trial anyone who has been deposed by either party, regardless of whether they are listed below. By listing witnesses below, AngioDynamics does not waive its objections to Bard calling these witnesses at trial. Subject to these representations, AngioDynamics identifies the following individuals as potential witnesses who may provide fact testimony:

A.      AngioDynamics *will* present the testimony of the following witnesses, including, as presently advised, the manner (live or deposition) in which they are currently expected to testify:

- Christopher Bakewell
- Annemarie Boswell (deposition/trial testimony)
- Chad Campbell
- Brad Chartrand
- Timothy Clark (deposition/trial testimony)
- Ken Eliasen (deposition)
- Mark Girard
- Brian McTiernan
- Kelly Powers (deposition/trial testimony)
- Anthony David Smith
- Robert Vogelzang

B.      AngioDynamics *may* present the testimony of the following witnesses:

- Andrea Acuna (deposition)
- Jim C. Beasley (deposition)
- Alan Cox (deposition/trial testimony)
- John Evans (deposition)
- Chuck Greiner (deposition or live)
- Kimberly Hammond (deposition/trial testimony)
- Kristopher Herron (deposition)
- Dwight Hibdon (deposition)
- Matthew Johnson (deposition)
- Steven Kenny
- Tina King (deposition or live)
- Marshall Kerr (deposition)
- Susan Scott (deposition)
- Kevin Sheetz (deposition)
- Steven Tallarida (deposition)
- Witnesses to authenticate exhibits as needed, subject to cooperation between the parties
- Witnesses listed on Bard's "Will" or "May Call" lists

2

EXHIBIT 10

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BARD PERIPHERAL VASCULAR, INC., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-218 (JFB) (SRF) |
| | ) | |
| ANGIODYNAMICS, INC., | ) | |
| | ) | |
| Defendant, Counterclaim-Plaintiff and | ) | |
| Crossclaim/Third-Party Complaint Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| C.R. BARD, INC., | ) | |
| | ) | |
| Counterclaim/Third-Party Complaint | ) | |
| Defendant. | ) | |
| | ) | |

## <u>BARD'S DEPOSITION DESIGNATIONS</u>

The following contains a list of Bard's deposition designations that it may use at the upcoming trial.  Bard reserves the right to modify and/or supplement this list as circumstances warrant.  In particular, Bard intends to narrow these designations before trial with the understanding that AngioDynamics will do the same.  Bard's inclusion of any testimony in its designations should not be construed as a concession that such testimony is relevant and/or non-prejudicial. Bard explicitly reserves the right to withdraw designation of such testimony in response to the Court's decisions on summary judgment, motions in limine, and/or AngioDynamics's narrowing of its own designations.

**Bard's Designation of Deposition Testimony of Tina King, May 31, 2017**

| Testimony Designated (Page/line) | Defendants' Objections | Defendants' Counter-Designations | Bard's Objections | Court Ruling |
|---|---|---|---|---|
| 5:13-7:12 | | | | |
| 58:4-64:11 | | | | |
| 89:20-90:17 | | | | |
| 99:8-100:10 | | | | |
| 104:9–22 | | | | |
| 118:3-141:16 | | | | |
| 142:14-157:9 | | | | |

**Bard's Designation of Deposition Testimony of Brad Chartrand, June 6, 2017**

| Testimony Designated (Page/line) | Defendants' Objections | Defendants' Counter-Designations | Bard's Objections | Court Ruling |
|---|---|---|---|---|
| 5:12-18 | | | | |
| 25:5-27:2 | | | | |
| 29:19-32:8 | | | | |
| 35:8-36:25 | | | | |
| 37:5-17 | | | | |
| 38:4-8 | | | | |
| 71:8-72:17 | | | | |
| 84:19-86:25 | | | | |
| 87:17-88:23 | | | | |
| 105:4-20 | | | | |
| 106:14-108:13 | | | | |
| 111:12-25 | | | | |
| 115:20-116:19 | | | | |
| 120:19-145:24 | | | | |
| 161:16-162:23 | | | | |
| 182:21-183:23 | | | | |
| 184:2-12 | | | | |
| 192:8-193:6 | | | | |
| 212:6-25 | | | | |
| 224:2-19 | | | | |
| 227:21-228:15 | | | | |
| 234:20-235:24 | | | | |

| Testimony Designated (Page/line) | Defendants' Objections | Defendants' Counter-Designations | Bard's Objections | Court Ruling |
|---|---|---|---|---|
| 240:14-241:12 | | | | |
| 242:8-243:2 | | | | |
| 244:16-19 | | | | |
| 246:25-251:11 | | | | |
| 257:19-259:13 | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Bard's Designation of Deposition Testimony of Mark Girard, June 27, 2017**

| Testimony Designated (Page/line) | Defendants' Objections | Defendants' Counter-Designations | Bard's Objections | Court Ruling |
|---|---|---|---|---|
| 6:14-21 | | | | |
| 27:6-12 | | | | |
| 28:9-12 | | | | |
| 32:7-33:22 | | | | |
| 37:9-20 | | | | |
| 38:6-22 | | | | |
| 39:9-40:13 | | | | |
| 47:14-16 | | | | |
| 60:3-62:18 | | | | |
| 64:16-65:23 | | | | |
| 74:15-76:22 | | | | |
| 78:8-20 | | | | |
| 80:18-81:13 | | | | |
| 85:3-11 | | | | |
| 86:11-17 | | | | |
| 102:14-104:12 | | | | |
| 105:14-106:3 | | | | |
| 106:16-22 | | | | |
| 109:4-10 | | | | |
| 110:3-14 | | | | |
| 111:11-112:8 | | | | |
| 113:16-115:5 | | | | |

| Testimony Designated (Page/line) | Defendants' Objections | Defendants' Counter-Designations | Bard's Objections | Court Ruling |
|---|---|---|---|---|
| 122:8-15 | | | | |
| 128:13-130:19 | | | | |
| 139:13-141:22 | | | | |
| 153:12-154:4 | | | | |
| 154:16-23 | | | | |
| 158:25-159:12 | | | | |
| 160:7-16 | | | | |
| 177:13-23 | | | | |
| 181:5-182:4 | | | | |
| 183:5-10 | | | | |
| 184:3-185:15 | | | | |
| 185:24-186:14 | | | | |
| 197:3-24 | | | | |
| 205:6-8 | | | | |
| 218:13-219:6 | | | | |
| 314:6-17 | | | | |

**Bard's Designation of Deposition Testimony of Charles Greiner, June 30, 2017**

| Testimony Designated (Page/line) | Defendants' Objections | Defendants' Counter-Designations | Bard's Objections | Court Ruling |
|---|---|---|---|---|
| 5:14-18 | | | | |
| 13:14-20 | | | | |
| 20:16-21:10 | | | | |
| 45:4-48:6 | | | | |
| 50:23-52:5 | | | | |
| 52:9-53:2 | | | | |
| 53:19-54:14 | | | | |
| 57:4-25 | | | | |
| 61:3-62:8 | | | | |
| 65:8-66:5 | | | | |
| 67:19-68:3 | | | | |
| 69:14-24 | | | | |
| 70:7-12 | | | | |
| 73:11-24 | | | | |
| 75:7-12 | | | | |
| 73:11-24 | | | | |
| 75:7-12 | | | | |
| 76:6-20 | | | | |
| 77:3-10 | | | | |
| 77:16-24 | | | | |
| 79:18-80:3 | | | | |
| 81:7-82:2 | | | | |

| Testimony Designated (Page/line) | Defendants' Objections | Defendants' Counter-Designations | Bard's Objections | Court Ruling |
|---|---|---|---|---|
| 82:20-83:2 | | | | |
| 83:13-84:25 | | | | |
| 85:21-86:2 | | | | |
| 86:11-87:3 | | | | |
| 90:15-17 | | | | |
| 92:5-93:4 | | | | |
| 94:2-95:11 | | | | |
| 96:18-23 | | | | |
| 97:3-21 | | | | |
| 99:11-100:7 | | | | |
| 101:2-14 | | | | |
| 103:24-104:10 | | | | |
| 105:25-106:13 | | | | |
| 107:16-108:2 | | | | |
| 108:6-8 | | | | |
| 108:15-109:3 | | | | |
| 109:12-110:3 | | | | |
| 110:14-111:2 | | | | |
| 112:15-113:2 | | | | |
| 115:5-9 | | | | |
| 115:21-116:25 | | | | |
| 119:20-120:9 | | | | |
| 123:3-5 | | | | |

| Testimony Designated (Page/line) | Defendants' Objections | Defendants' Counter-Designations | Bard's Objections | Court Ruling |
|---|---|---|---|---|
| 123:19-24 | | | | |
| 124:3-12 | | | | |
| 124:18-125:7 | | | | |
| 126:2-15 | | | | |
| 127:2-12 | | | | |
| 128:8-12 | | | | |
| 128:20-129:4 | | | | |
| 132:5-23 | | | | |
| 133:2-10 | | | | |
| 134:9-20 | | | | |
| 136:6-21 | | | | |
| 139:19-23 | | | | |
| 140:2-9 | | | | |
| 142:11-25 | | | | |
| 143:17:144:10 | | | | |
| 178:23-179:9 | | | | |
| 180:17-181:2 | | | | |
| 181:7-25 | | | | |
| 183:18-185:5 | | | | |

**Bard's Designation of Deposition Testimony of James Steven Kenny, June 7, 2017**

| Testimony Designated (Page/line) | Defendants' Objections | Defendants' Counter-Designations | Bard's Objections | Court Ruling |
|---|---|---|---|---|
| 5:17-24 | | | | |
| 8:19-9:20 | | | | |
| 75:23-76-2 | | | | |
| 76:25-77:25 | | | | |
| 83:23-85:22 | | | | |
| 93:20-94:11 | | | | |
| 96:3-99:22 | | | | |
| 100:10-101-4 | | | | |
| 103:10-104-4 | | | | |
| 118:17-119:5 | | | | |
| 121:9-25 | | | | |
| 126:6-127:25 | | | | |
| 131:4-16 | | | | |
| 132:23-133:15 | | | | |
| 141:7-18 | | | | |
| 142:17-143:11 | | | | |
| 143:21-144:23 | | | | |
| 151:21-155:12 | | | | |
| 168:20-23; 171:7-172-22 | | | | |
| 182:10-23; 183:5-12 | | | | |
| 190:15-11 | | | | |
| 197:20-198:4 | | | | |

| Testimony Designated (Page/line) | Defendants' Objections | Defendants' Counter-Designations | Bard's Objections | Court Ruling |
|---|---|---|---|---|
| 213:25-214:13 | | | | |
| 216:16-217:12 | | | | |
| 219:11-221:14 | | | | |
| 223:21-224:-25 | | | | |
| 226:14-22; | | | | |
| 227:16-228:20 | | | | |
| 276:7-277:18 | | | | |
| 287:18-25 | | | | |
| 288:20-290:18 | | | | |
| 291:3-293:9 | | | | |
| 299:5-302:17 | | | | |
| 302:24-303:18 | | | | |
| 317:24-318:1; 318:10-13 | | | | |
| 319:2-320:10 | | | | |
| 322:17-324:12 | | | | |
| 339:21-24 | | | | |
| 340:21-341:25 | | | | |
| 341:10-12 | | | | |

EXHIBIT 10A

Exhibit 10A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

BARD PERIPHERAL VASCULAR, INC.,

                Plaintiff and Counterclaim-Defendant,

                v.

ANGIODYNAMICS, INC.,

                Defendant and Counterclaim-Plaintiff.

C.A. No. 15-218-JFB-SRF

**ANGIODYNAMICS, INC.'S COUNTER DESIGNATIONS TO
BARD PERIPHERAL VASCULAR, INC.'S DEPOSITION DESIGNATIONS**

DEFENDANT'S COUNTER-DESIGNATIONS

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| Tina King, May 31, 2017 | 10:2-12 |
| | 12:10-25 |
| | 13:16-14:5 |
| | 56:24-57:19 |
| | 66:22-67:21 |
| | 89:12-19 |
| | 105:3-8 |
| | 106:3-10 |
| | 107:3-8 |
| | 109:20-110:21 |
| | 112:23-114:13 |
| | 157:10-24 |
| | 162:6-21 |
| Brad Chartrand, June 6, 2017 | 12:15-13:9 |
| | 13:20-25:4 |
| | 27:3-5 |
| | 27:21-29:18 |
| | 32:9-33:20 |
| | 35:5-7 |
| | 37:23-38:3 |
| | 38:9-24 |
| | 39:25-40:24 |
| | 43:12-44:18 |
| | 54:18-23 |

DEFENDANT'S COUNTER-DESIGNATIONS

| | |
|---|---|
| | 59:23-60:19 |
| | 68:22-71:7 |
| | 74:2-7 |
| | 76:20-81:4 |
| | 87:9-16 |
| | 88:24-89:25 |
| | 91:8-17 |
| | 93:2-4 |
| | 94:5-97:25 |
| | 100:2-101:22 |
| | 102:11-6 |
| | 104:15-20 |
| | 105:21-106:13 |
| | 109:7-110:15 |
| | 110:25-111:10 |
| | 116:20-117:15 |
| | 119:3-11 |
| | 146:25-148:5 |
| | 148:6-20 |
| | 153:24-154:25 |
| | 156:23-159:20 |
| | 160:11-161:15 |
| | 164:24-165:11 |
| | 169:19-170:8 |
| | 172:8-174:15 |

DEFENDANT'S COUNTER-DESIGNATIONS

| | |
|---|---|
| | 181:7-16 |
| | 182:18-20 |
| | 183:24-25 |
| | 184:13-187:21 |
| | 191:7-192:7 |
| | 193:7-21 |
| | 202:20-204:8 |
| | 210:21-212:5 |
| | 213:5-19 |
| | 222:25-223:25 |
| | 224:20-225:9 |
| | 227:15-20 |
| | 228:16-229:11 |
| | 231:14-234: 19 |
| | 235:25-236:24 |
| | 237:10-238:22 |
| | 239:13-240:13 |
| | 241:13-242:7 |
| | 243:3-244:15 |
| | 244:20-245:12 |
| | 255:17-257:18 |
| | 259:14-23 |
| | 286:14-287:4 |
| | 291:15-292:8 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BARD PERIPHERAL VASCULAR, INC., | |
| Plaintiff and Counterclaim-Defendant, | |
| v. | C.A. No. 15-218-JFB-SRF |
| ANGIODYNAMICS, INC., | |
| Defendant and Counterclaim-Plaintiff. | |

**ANGIODYNAMICS, INC.'S OBJECTIONS TO BARD PERIPHERAL VASCULAR,
INC.'S DEPOSITION DESIGNATIONS**

| CODE | OBJECTION |
|---|---|
| AA | Asked and answered; Fed. R. Evid. 611(a). |
| ARG | Argumentative, Fed. R. Evid. 611(a). |
| BTS | Beyond the scope of examination or of 30(b)(6) topic; Fed R. Evid. 611, Fed. R. Civ. P. 30(b)(6). |
| CP | Compound question. |
| CU | Cumulative/Waste of time; Fed. R. Evid. 403. |
| Daub | Subject to Daubert Motion |
| E | Improper Expert Testimony |
| F | No foundation or assumes facts not in evidence; Fed. R. Evid. 602, 703, 901. |
| FOW | An objection to form is waived if it was not timely made during the deposition, Fed. R. Civ. P. 32(d)(3)(B). |
| H | Hearsay if offered for the truth of the matter asserted; Fed. R. Evid. 801, 803, 805. |
| ID | Incomplete designation; Fed. R. Evid. 106, 403. |
| IH | Incomplete/Improper Hypothetical. |
| IR | Not relevant; Fed. R. Evid. 401, 402. |
| LA | Limited Admissibility (Admissible for Some Purposes but Not Others) (FRE 105) |
| LQ | Leading; Fed. R. Evid. 611(c). |
| LC | Legal Conclusion; Fed. R. Evid. 701. |
| LW | Witness will be testifying live at trial. |
| M | Misleading (FRE 401-403, 611) |
| MIS | Mischaracterization of testimony or evidence. |
| ML | Subject to Motion In Limine |
| MSJ | Subject to SJ Motion |
| NARR | Narrative. |
| NE | Not Evidence (e.g. attorney colloquy, attorney argument, etc.) |
| NR | Not responsive; Fed. R. Evid. 611(a). |
| O | Unqualified Opinion; Fed. R. Evid. 701, 702. |
| P | Privileged including work product; Fed. R. Evid. 501, Fed. R. Civ. P. 26(b)(3),(4) |
| PK | Lack of personal knowledge; Fed. R. Evid. 602 |
| PR | More prejudicial than probative, Fed. R. Evid. 403. |
| SPEC | Speculation; Fed. R. Evid. 602, 701, 702. |
| U | Unfairly prejudicial; Fed. R. Evid. 403. |
| V | Vague or ambiguous; confusing Fed. R. Evid. 611(a) |

ANGIODYNAMIC'S OBJECTIONS TO BARD'S DEPOSITION DESIGNATIONS

## Deposition Testimony of Tina King, May 31, 2017

AngioDynamics generally objects to Bard's deposition designations of the Tina King transcript in that many of the designations are not relevant to Bard's affirmative case.  Instead, the majority of the testimony designations are more appropriate for cross examination of this witness that is currently intended to be presented live at the trial, or as counter designations if AngioDynamics decides instead to provide affirmative deposition designations.

| Testimony Designated (Page/line) | Defendants' Objections |
|---|---|
| 58:4-64:11 | Global = IR, M, PR, SPEC, LA<br><br>59:9-24 = LC, F, V<br><br>60:2-13 = CP, F, PK, LQ, V<br><br>60:14-22 = CP, F, LQ, V<br><br>62:13-64:11 = F |
| 89:20-90:17 | IR, M, PR, SPEC, LA, F, BTS |
| 99:8-100:10 | Global = IR, M, PR, SPEC<br><br>99:15-100:4 = F, NE, P |
| 104:9–22 | IR, M, PR, SPEC, LA, |
| 118:3-141:16 | Global = IR, M, PR, SPEC, LA<br><br>118:19-119:2 = PK<br><br>120:3-6 = F, PK<br><br>121:13-122:11 = P, NE<br><br>123:11-126:16 = F, PK, V<br><br>126:17-127:5 = P, NE<br><br>127:6-128:6 = PK<br><br>128:15-129:5 = LC, PK<br><br>129:12-16 = LC, PK V<br><br>129:17-130:6 = P, NE |

ANGIODYNAMIC'S OBJECTIONS TO BARD'S DEPOSITION DESIGNATIONS

|  |  |
|---|---|
|  | 130:7-17 = PK, H |
|  | 130:18-131:4 = F, PK |
|  | 131:6-21 = H, PK |
|  | 136:20-137:3 = P, NE |
|  | 137:5-137:9 = F, PK |
|  | 140:7-19 = LC, ARG, LQ, F |
|  | 140:21-141:10 = P, F, NE |
|  | 141:10-16 = IR, NE |
| 142:14-157:9 | Global = IR, M, PR, SPEC, LA |
|  | 142:14-25 = P, NE |
|  | 143:24-145:8 = PK, F |
|  | 146:10-21 = F, PK |
|  | 147:6-148:3 = PK, LC, H |
|  | 148:4-149:7 = PK, H |
|  | 149:22-150:8 = F, PK, V |
|  | 150:11 – 151:10 = BTS, F |
|  | 152:7-153:9 = V, PK, F |
|  | 154:16-155:12 = PK |
|  | 156:6-21 = BTS, PK |
|  | 157:2-9 = PK, F |

ANGIODYNAMIC'S OBJECTIONS TO BARD'S DEPOSITION DESIGNATIONS

**Deposition Testimony of Brad Chartrand, June 6, 2017**

AngioDynamics generally objects to Bard's deposition designations of the Brad Chartrand transcript in that many of the designations are not relevant to Bard's affirmative case.  Instead, the majority of the testimony designations are more appropriate for cross examination of this witness that is currently intended to be presented live at the trial, or as counter designations if AngioDynamics decides instead to provide affirmative deposition designations.

| Testimony Designated (Page/line) | Defendants' Objections |
|---|---|
| 25:5-27:2 | LA |
| 29:19-32:8 | LA |
| 35:8-36:25 | Global = IR, LA, M<br><br>35:8-23 = PK, V, SPEC<br><br>35:24-36:7 = PK, SPEC<br><br>36:19-23 = CU, V, PR<br><br>36:23-25 = NE, ARG, PR, NARR |
| 37:5-17 | LA |
| 38:4-8 | LA |
| 71:8-72:17 | LA, IR, SPEC, PK, PR, M |
| 84:19-86:25 | Global = LA, IR, PR, M, SPEC<br><br>85:20-86:11= PK<br><br>86:12-18 = ARG |
| 87:17-88:23 | Global  = LA, IR, PR, M, SPEC, PK<br><br>88:15-16 = H |
| 105:4-20 | LW, LA, IR, PR, M, SPEC, PK |
| 106:14-108:13 | Global = LA, IR, PR, M, SPEC<br><br>108:1-13 = F, ARG, PK |

ANGIODYNAMIC'S OBJECTIONS TO BARD'S DEPOSITION DESIGNATIONS

| Testimony Designated (Page/line) | Defendants' Objections |
|---|---|
| 111:12-25 | LA, IR, PR, M, SPEC, PK, F |
| 115:20-116:19 | LA, IR, PR, M, SPEC, PK, ARG, F, LQ |
| 120:19-145:24 | Global = LA, IR, PR, M, SPEC<br><br>121:6-9 = P, NE<br><br>126:2-15 = PK<br><br>126:16-24 = CP, V<br><br>127:15-128:12 = PK, V<br><br>131:16-25 = CP<br><br>132:6-19 = PK, F<br><br>133:5-9 = V, U, F<br><br>133:17-20 = H<br><br>135:11-136:3 = MIS, V<br><br>136:9-15 = V, MIS, ARG<br><br>137:8-15 = V, PK, F<br><br>137:16-18 = H<br><br>138:12-139:8 = LC, PK<br><br>142:5-10 = PK<br><br>145:7-24 = F, PK |
| 161:16-162:23 | LA, IR, M |
| 182:21-183:23 | Global = LA, IR, PR, M, SPEC<br><br>183:7-17 = PK |
| 184:2-12 | LA, IR, PR, PK, SPEC, M, LC |
| 192:8-193:6 | LA, IR, PR, M |

ANGIODYNAMIC'S OBJECTIONS TO BARD'S DEPOSITION DESIGNATIONS

| Testimony Designated (Page/line) | Defendants' Objections |
|---|---|
| 212:6-25 | LA, IR, PR, PK, SPEC, V, M |
| 224:2-19 | LA, IR, PR, PK, SPEC, M |
| 227:21-228:15 | Global = LA, IR, PK, PR, SPEC, M<br><br>228:10-15 = LC |
| 234:20-235:24 | LA, IR |
| 240:14-241:12 | IR, LA, PK, SPEC, PR, M |
| 242:8-243:2 | IR, LA, PK, H |
| 244:16-19 | LA, IR |
| 246:25-251:11 | Global = LW, LA, IR<br><br>247:19-248:17 = V SPEC, PK, M. PR<br><br>249:23-250:16 = V SPEC, PK, M, ARG, PR<br><br>250:24-251:11 = V, SPEC, PK, M, PR |
| 257:19-259:13 | Global = IR, LA, LW<br><br>258:13-24 = V, M, PR<br><br>258:25-259:13 = V, M, PR, PK, SPEC |

EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

BARD PERIPHERAL VASCULAR, INC.,

        Plaintiff and Counterclaim-Defendant,

        v.

ANGIODYNAMICS, INC.,

        Defendant and Counterclaim-Plaintiff,

        v.

C.R. BARD, INC.,

        Counterclaim/Third-Party Complaint
        Defendant.

C.A. No. 15-218-JFB-SRF

**ANGIODYNAMICS, INC.'S DEPOSITION DESIGNATIONS**

**AngioDynamics, Inc.'s Designation of the Deposition Testimony of**
**Andrea Acuna 30(b)(6), dated June 9, 2017**
**Topics: 15, 17, 22, 27, 28, 29, 30, 37, 41, 45, 46**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 6:21-7:8 | | | | |
| 13:3-14:11 | | | | |
| 16:11-20 | | | | |
| 25:21-27:4 | | | | |
| 29:21-25 | | | | |
| 58:3-59:10 | | | | |
| 97:2-98:24 | | | | |
| 100:3-102:25 | | | | |
| 104:11-108:6 | | | | |
| 116:13-117:18 | | | | |
| 126:15-128:24 | | | | |
| 131:25-133:23 | | | | |
| 135:23-139:24 | | | | |
| 141:4-142:25 | | | | |
| 143:2-25 | | | | |
| 146:3-23 | | | | |
| 147:25-148:23 | | | | |
| 149:9-11 | | | | |
| 150:5-24 | | | | |
| 152:18-153:17 | | | | |
| 157:2-158:23 | | | | |
| 161:25-162:22 | | | | |
| 164:5-166:19 | | | | |
| 167:3-15 | | | | |
| 187:10-22 | | | | |
| 189:16-189:20 | | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 189:22-190:2 | | | | |
| 190:4-190:9 | | | | |
| 191:15-19 | | | | |
| 191:20-192:2 | | | | |
| 192:20-192:25 | | | | |
| 194:4-194:17 | | | | |
| 194:19-194:25 | | | | |
| 195:2-196:13 | | | | |
| 196:14-196:20 | | | | |
| 196:24-198:13 | | | | |
| 202:20-203:15 | | | | |
| 206:2-23 | | | | |
| 215:21-216:18 | | | | |
| 217:25-218:24 | | | | |
| 231:14-235:5 | | | | |
| 237:7-237:10 | | | | |
| 237:11-238:11 | | | | |
| 240:2-25 | | | | |
| 241:24-242:24 | | | | |
| 250:23-251:8 | | | | |
| 253:10-14 | | | | |
| 254:5-6 | | | | |
| 255:14-19 | | | | |
| 257:5-7 | | | | |
| 257:9-14 | | | | |
| 257:16-20 | | | | |
| 257:22-258:3 | | | | |
| 258:7-12 | | | | |

| | | | | |
|---|---|---|---|---|
| 258:14-17 | | | | |
| 258:19-22 | | | | |
| 258:25-259:3 | | | | |
| 259:5-7 | | | | |
| 259:9-12 | | | | |
| 259:15-18 | | | | |
| 259:20 | | | | |
| 261:19 | | | | |
| 273:4-23 | | | | |
| 274:10-275:22 | | | | |

**AngioDynamics, Inc.'s Designation of the Deposition Testimony of**
**Jim Beasley, dated May 25, 2017**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 5:17-6:11 | | | | |
| 6:25-11:25 | | | | |
| 13:25-21:5 | | | | |
| 25:18-27:18 | | | | |
| 31:20-33:3 | | | | |
| 33:8-38:11 | | | | |
| 46:20-54:18 | | | | |
| 56:17-62:24 | | | | |
| 64:2-25 | | | | |
| 65:23-66:7 | | | | |
| 71:13-72:6 | | | | |
| 73:2-74:9 | | | | |
| 78:10-81:17 | | | | |
| 86:11-22 | | | | |
| 92:16-23 | | | | |
| 97:5-98:11 | | | | |

**AngioDynamics, Inc.'s Designation of the Deposition Testimony of**
**Annemarie Boswell, dated May 26, 2017**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 13:15-14:4 | | | | |
| 14:7-15:2 | | | | |
| 19:2-23:4 | | | | |
| 23:15-25:24 | | | | |
| 28:11-32:3 | | | | |
| 34:23-36:3 | | | | |
| 36:17-22 | | | | |
| 37:22-41:14 | | | | |
| 41:23-42:14 | | | | |
| 45:2-4 | | | | |
| 45:8-49:24 | | | | |
| 50:8-22 | | | | |
| 51:5-53:24 | | | | |
| 57:17-61:7 | | | | |
| 61:18-62:20 | | | | |
| 63:3-64:10 | | | | |
| 64:18-69:5 | | | | |
| 69:21-70:20 | | | | |
| 70:25-71:4 | | | | |
| 71:25-74:4 | | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 77:21-79:24 | | | | |
| 80:13-21 | | | | |
| 81:10-12 | | | | |
| 82:9-24 | | | | |
| 83:10-84:16 | | | | |
| 84:21-87:8 | | | | |
| 87:15-101:18 | | | | |
| 102:2-18 | | | | |
| 102:22-103:15 | | | | |
| 104:13-105:11 | | | | |
| 106:10-107:24 | | | | |
| 110:4-112:16 | | | | |
| 113:4-114:22 | | | | |
| 115:2-9 | | | | |
| 115:17-116:9 | | | | |
| 116:13-126:23 | | | | |
| 127:3-130:22 | | | | |
| 130:25-135:6 | | | | |
| 135:12-22 | | | | |
| 137:5-139:3 | | | | |
| 141:7-142:11 | | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 146:5-148:22 | | | | |
| 151:2-153:11 | | | | |
| 153:21-167:6 | | | | |
| 167:14-168:23 | | | | |
| 170:22-171:25 | | | | |
| 175:10-177:24 | | | | |
| 178:14-182:9 | | | | |
| 183:2-197:13 | | | | |
| 197:18-198:22 | | | | |
| 199:15-200:18 | | | | |
| 201:6-216:3 | | | | |
| 216:14-218:7 | | | | |
| 218:11-220:11 | | | | |

**AngioDynamics, Inc.'s Designation of the Deposition Testimony of**
**Dr. Timothy Clark, dated December 7, 2017**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 9:11-10:15 | | | | |
| 11:9-13 | | | | |
| 14:15-15:25 | | | | |
| 17:12-18:22 | | | | |
| 20:11-21:22 | | | | |
| 22:19-23:10 | | | | |
| 25:6-29:7 | | | | |
| 31:4-36:3 | | | | |
| 38:25-41:18 | | | | |
| 46:20-48:2 | | | | |
| 49:8-51:14 | | | | |
| 52:3-13 | | | | |
| 62:11-64:15 | | | | |
| 65:6-66:3 | | | | |
| 67:3-73:8 | | | | |
| 74:22-75:20 | | | | |
| 79:17-85:24 | | | | |
| 97:24-100:8 | | | | |
| 104:12-106:5 | | | | |
| 108:7-110:7 | | | | |
| 110:21-112:7 | | | | |
| 112:17-113:13 | | | | |
| 114:5-116:14 | | | | |
| 119:16-121:13 | | | | |
| 124:11-132:22 | | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 133:8-134:17 | | | | |
| 135:13-23 | | | | |
| 136:5-138:9 | | | | |
| 138:23-141:3 | | | | |
| 145:4-16 | | | | |
| 151:17-153:23 | | | | |
| 155:6-156:23 | | | | |
| 157:22-189:16 | | | | |
| 190:4-191:25 | | | | |
| 194:16-196:13 | | | | |
| 197:14-198:18 | | | | |
| 199:12-205:21 | | | | |
| 206:18-227:25 | | | | |
| 228:11-231:17 | | | | |
| 243:3-250:17 | | | | |
| 259:19-25 | | | | |
| 263:9-25 | | | | |
| 269:18-270:4 | | | | |
| 271:6-19 | | | | |
| 275:6-25 | | | | |

**AngioDynamics, Inc.'s Designation of the Deposition Testimony of**
**Dr. Timothy Clark, dated February 23, 2017**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 6:10-7:5 | | | | |
| 9:6-18 | | | | |
| 12:5-13:25 | | | | |
| 24:16-25:21 | | | | |
| 28:3-31:17 | | | | |
| 35:13-38:16 | | | | |
| 39:6-42:3 | | | | |
| 43:4-17 | | | | |
| 44:15-47:9 | | | | |
| 49:12-54:11 | | | | |
| 56:12-57:8 | | | | |
| 58:15-60:21 | | | | |
| 61:15-18 | | | | |
| 62:24-65:4 | | | | |
| 66:18-67:5 | | | | |
| 67:14-70:16 | | | | |
| 72:13-75:22 | | | | |
| 85:15-86:23 | | | | |
| 90:15-96:2 | | | | |
| 100:18-103:22 | | | | |
| 104:3-107:25 | | | | |
| 108:7-118:16 | | | | |
| 125:7-126:13 | | | | |
| 134:3-137:9 | | | | |
| 140:10-142:9 | | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 151:16-154:15 | | | | |
| 156:6-161:21 | | | | |
| 164:12-165:12 | | | | |

**AngioDynamics, Inc.'s Designation of the Deposition Testimony of**
**Kenneth Eliasen 30(b)(6), dated August 15, 2017**
**<u>Topic 57</u>**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 6:17-8:10 | | | | |
| 8:21-9:14 | | | | |
| 15:14-16:16 | | | | |
| 17:15-20:5 | | | | |
| 28:5-17 | | | | |
| 33:24-35:22 | | | | |
| 36:20-38:2 | | | | |
| 41:19-42:4 | | | | |
| 44:12-45:3 | | | | |
| 45:22-50:16 | | | | |
| 60:7-61:6 | | | | |
| 62:8-63:7 | | | | |
| 67:14-68:25 | | | | |
| 70:9-72:25 | | | | |
| 78:3-6 | | | | |
| 86:6-90:6 | | | | |
| 90:21-91:11 | | | | |
| 91:20-92:22 | | | | |
| 93:11-95:18 | | | | |
| 97:2-101:12 | | | | |
| 102:9-106:23 | | | | |
| 107:9-109:5 | | | | |
| 109:12-115:10 | | | | |
| 121:8-124:24 | | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 125:12-127:25 | | | | |
| 128:12-131:9 | | | | |
| 132:3-22 | | | | |
| 133:6-137:25 | | | | |
| 139:16-141:3 | | | | |
| 141:11-142:15 | | | | |
| 143:10-144:21 | | | | |
| 145:22-146:17 | | | | |
| 147:10-149:10 | | | | |
| 149:18-150:22 | | | | |
| 152:13-153:9 | | | | |
| 153:18-156:21 | | | | |
| 157:16-158:17 | | | | |
| 168:4-170:10 | | | | |
| 172:21-175:15 | | | | |
| 180:20-182:20 | | | | |

**AngioDynamics, Inc.'s Designation of the Deposition Testimony of
<u>Kenneth Eliasen, dated June 21, 2017</u>**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 7:15-23 | | | | |
| 18:3-10 | | | | |
| 38:21-39:11 | | | | |
| 41:5-25 | | | | |
| 43:10-45:13 | | | | |
| 72:19-73:4 | | | | |
| 83:17-85:4 | | | | |
| 86:3-87:2 | | | | |
| 87:22-88:5 | | | | |
| 88:10-91:24 | | | | |
| 92:19-95:22 | | | | |
| 99:21-25 | | | | |
| 101:9-102:18 | | | | |
| 105:6-106:8 | | | | |
| 107:14-108:2 | | | | |
| 109:7-22 | | | | |
| 115:22-121:18 | | | | |
| 158:16-159:23 | | | | |
| 160:5-162:3 | | | | |
| 194:15-195:13 | | | | |
| 196:19-197:10 | | | | |
| 215:10-20 | | | | |
| 225:9-228:24 | | | | |
| 256:14-17 | | | | |
| 258:16-260:17 | | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 261:2-13 | | | | |
| 261:24-262:6 | | | | |
| 263:17-265:16 | | | | |
| 266:4-19 | | | | |
| 267:3-23 | | | | |
| 272:9-273:3 | | | | |
| 273:13-20 | | | | |
| 282:3-283:20 | | | | |
| 284:4-288:16 | | | | |
| 288:20-290:23 | | | | |
| 302:15-303:17 | | | | |
| 310:25-312:16 | | | | |
| 320:2-321:22 | | | | |
| 323:2-324:25 | | | | |

**AngioDynamics, Inc.'s Designation of the Deposition Testimony of**
**Mark Girard, dated June 27, 2017**
**Topics: 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 18, 28, 36, 40**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 6:14-21 | | | | |
| 8:17-9:7 | | | | |
| 11:6-22 | | | | |
| 13:6-15 | | | | |
| 15:18-16:9 | | | | |
| 16:15-22 | | | | |
| 18:14-19:2 | | | | |
| 19:22-20:15 | | | | |
| 21:6-21 | | | | |
| 23:15-20 | | | | |
| 24:2-22 | | | | |
| 28:2-16 | | | | |
| 28:24-30:4 | | | | |
| 31:18-32:14 | | | | |
| 52:12-15 | | | | |
| 53:11-56:24 | | | | |
| 57:21-60:2 | | | | |
| 62:19-64:15 | | | | |
| 67:20-68:9 | | | | |
| 71:6-72:6 | | | | |
| 76:23-77:22 | | | | |
| 103:5-106:22 | | | | |
| 142:7-143:15 | | | | |
| 149:16-150:2 | | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 150:9-151:17 | | | | |
| 213:23-214:12 | | | | |
| 223:12-17 | | | | |
| 260:4-261:19 | | | | |
| 262:18-263:6 | | | | |
| 264:19-267:3 | | | | |
| 284:20-24 | | | | |
| 299:16-300:17 | | | | |

**AngioDynamics, Inc.'s Designation of the Deposition Testimony of**
**Charles Greiner, dated June 30, 2017**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 13:13-16:9 | | | | |
| 18:15-19:6 | | | | |
| 20:16-21:13 | | | | |
| 23:5-24:2 | | | | |
| 25:2-17 | | | | |
| 41:3-45:3 | | | | |
| 47:23-50:4 | | | | |
| 61:20-62:8 | | | | |
| 68:9-71:14 | | | | |
| 159:20-160:11 | | | | |
| 161:6-165:8 | | | | |
| 169:9-19 | | | | |
| 171:17-20 | | | | |
| 181:19-182:23 | | | | |
| 186:15-25 | | | | |
| 226:19-227:19 | | | | |
| 228:25-229:12 | | | | |
| 234:25-236:6 | | | | |
| 236:15-237:20 | | | | |

**AngioDynamics's Designation of Deposition Testimony
of Dwight Hibdon, June 23, 2017**

| Testimony Designated (Page/Line) | Plaintiff's Objections | Plaintiff's Counter Designations | Defendant's Objections | Court Ruling |
|---|---|---|---|---|
| 23:8-24:2 | | | | |
| 46:19-47:21 | | | | |
| 48:5-49:10 | | | | |
| 78:2-82:19 | | | | |
| 83:5-84:20 | | | | |
| 89:8-90:5 | | | | |
| 123:20-124:23 | | | | |
| 136:2-137:2 | | | | |
| 137:23-138:3 | | | | |
| 139:10-141:16 | | | | |
| 161:21-162:10 | | | | |
| 169:14-170:6 | | | | |
| 173:5-13 | | | | |
| 174:16-175:8 | | | | |
| 211:22-213:16 | | | | |
| 214:16-21 | | | | |
| 217:21-219:11 | | | | |
| 234:13-235:19 | | | | |
| 251:10-252:13 | | | | |
| 262:6-18 | | | | |
| 285:6-22 | | | | |
| 288:2-9 | | | | |
| 324:25-325:20 | | | | |

**AngioDynamics, Inc.'s Designation of the Deposition Testimony of
James Steven Kenny, dated June 7, 2017
Topics: 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 19, 28, 31, 34, 40**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 5:17-24 | | | | |
| 8:19-9:7 | | | | |
| 14:5-20:7 | | | | |
| 23:6-15 | | | | |
| 39:15-40:2 | | | | |
| 43:3-16 | | | | |
| 87:7-14 | | | | |
| 88:13-24 | | | | |
| 97:9-99:4 | | | | |
| 105:21-109:20 | | | | |
| 112:10-113:6 | | | | |
| 113:14-117:25 | | | | |
| 118:7-16 | | | | |
| 120:11-121:2 | | | | |
| 136:3-138:23 | | | | |
| 139:18-22 | | | | |
| 140:4-141:6 | | | | |
| 160:5-164:19 | | | | |
| 165:15-167:25 | | | | |
| 171:18-176:12 | | | | |
| 197:20-198:13 | | | | |
| 205:7-209:11 | | | | |
| 217:13-218:16 | | | | |
| 219:11-220:20 | | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 238:14-244:4 | | | | |
| 246:5-247:3 | | | | |
| 253:7-258:10 | | | | |
| 265:2-266:10 | | | | |
| 283:12-286:10 | | | | |
| 292:11-297:22 | | | | |
| 325:23-327:12 | | | | |
| 349:25-387:3 | | | | |
| 390:5-391:23 | | | | |

**AngioDynamics, Inc.'s Designation of the Deposition Testimony of**
**Kelly Powers 30(b)(6), dated June 8, 2017**
**30(b)(6) Topics: 1, 4, 6, 7, 9, 10, 11, 12, 13, 14, 19, 20, 23, 24,**
**31, 34, 39, 40, 41, 42, 43, 44, 47, 48, 52, 53, 54, 59, 63**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 10:19-12:20 | | | | |
| 14:6-15:12 | | | | |
| 19:7-20:22 | | | | |
| 22:16-35:2 | | | | |
| 36:24-42:25 | | | | |
| 48:3-49:23 | | | | |
| 51:24-53:6 | | | | |
| 54:4-59:9 | | | | |
| 60:12-66:15 | | | | |
| 66:24-70:20 | | | | |
| 71:9-83:25 | | | | |
| 84:14-85:11 | | | | |
| 86:16-112:13 | | | | |
| 113:13-132:24 | | | | |
| 135:7-146:6 | | | | |
| 146:15-181:23 | | | | |
| 182:8-215:5 | | | | |
| 215:13-220:23 | | | | |

**AngioDynamics, Inc.'s Designation of the Deposition Testimony of**
**<u>Kelly Powers, dated July 9, 2017</u>**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 6:15-11:7 | | | | |
| 11:24-15:14 | | | | |
| 15:22-17:12 | | | | |
| 18:23-20:2 | | | | |
| 20:9-21:12 | | | | |
| 22:11-24:17 | | | | |
| 25:21-28:10 | | | | |
| 28:19-36:24 | | | | |
| 44:3-46:2 | | | | |
| 46:15-47:19 | | | | |
| 48:7-50:22 | | | | |
| 51:5-53:17 | | | | |
| 59:15-23 | | | | |
| 61:23-63:15 | | | | |
| 63:19-86:7 | | | | |
| 87:14-88:10 | | | | |
| 93:4-94:22 | | | | |
| 95:17-19 | | | | |
| 95:21-97:13 | | | | |
| 98:15-101:14 | | | | |
| 108:4-111:16 | | | | |
| 112:8-141:3 | | | | |
| 146:4-19 | | | | |
| 147:17-155:5 | | | | |
| 155:14-160:25 | | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 161:3-180:13 | | | | |

**AngioDynamics, Inc.'s Designation of the Deposition Testimony of**
**Susan Scott, dated October 24, 2017**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 8:25-12:18 | | | | |
| 17:2-9 | | | | |
| 19:20-20:23 | | | | |
| 25:21-27:2 | | | | |
| 27:7-28:4 | | | | |
| 43:16-22 | | | | |
| 53:13-54:25 | | | | |
| 55:8-56:7 | | | | |
| 56:22-58:14 | | | | |
| 62:10-20 | | | | |
| 66:3-23 | | | | |
| 67:21-69:10 | | | | |
| 69:20-70:24 | | | | |
| 73:2-12 | | | | |
| 76:12-20 | | | | |
| 77:19-78:10 | | | | |
| 79:20-82:17 | | | | |
| 84:15-87:11 | | | | |
| 90:18-91:13 | | | | |
| 91:23-94:18 | | | | |
| 98:9-100:17 | | | | |
| 106:8-110:19 | | | | |
| 111:7-113:19 | | | | |
| 114:11-24 | | | | |
| 116:5-117:21 | | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 118:10-121:8 | | | | |
| 122:12-123:5 | | | | |
| 123:20-126:24 | | | | |
| 127:18-130:22 | | | | |
| 132:8-137:16 | | | | |
| 138:14-139:12 | | | | |
| 140:9-24 | | | | |
| 141:23-143:4 | | | | |
| 143:10-146:14 | | | | |
| 152:25-153:15 | | | | |
| 153:19-157:13 | | | | |
| 157:21-162:17 | | | | |
| 163:22-164:6 | | | | |
| 164:13-165:16 | | | | |
| 166:23-167:18 | | | | |
| 168:10-170:6 | | | | |
| 170:18-172:15 | | | | |
| 172:23-175:12 | | | | |
| 175:16-177:20 | | | | |
| 178:3-20 | | | | |
| 179:2-180:6 | | | | |
| 180:11-183:15 | | | | |
| 183:20-185:5 | | | | |
| 185:9-197:11 | | | | |
| 200:3-201:24 | | | | |
| 204:6-211:17 | | | | |
| 212:21-213:10 | | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 216:22-219:19 | | | | |
| 220:12-226:15 | | | | |
| 233:20-234:19 | | | | |
| 235:25-242:16 | | | | |
| 245:23-246:13 | | | | |
| 247:11-248:13 | | | | |
| 248:23-250:9 | | | | |
| 253:11-254:6 | | | | |
| 257:13-258:10 | | | | |
| 258:17-259:19 | | | | |
| 260:20-273:22 | | | | |
| 274:15-280:5 | | | | |
| 281:3-287:19 | | | | |
| 288:12-291:9 | | | | |
| 292:2-19 | | | | |
| 295:9-296:11 | | | | |
| 311:8-312:14 | | | | |
| 325:14-327:17 | | | | |
| 330:7-334:4 | | | | |

**AngioDynamics, Inc.'s Designation of the Deposition Testimony of**
**<u>Kevin Sheetz, dated June 5, 2017</u>**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 11:8-12:13 | | | | |
| 15:22-18:7 | | | | |
| 18:12-22:22 | | | | |
| 24:11-28:14 | | | | |
| 30:4-25 | | | | |
| 31:13-32:18 | | | | |
| 33:16-34:3 | | | | |
| 34:11-35:17 | | | | |
| 36:7-14 | | | | |
| 38:13-39:10 | | | | |
| 42:18-49:9 | | | | |
| 49:15-50:10 | | | | |
| 51:2-52:18 | | | | |
| 52:24-56:10 | | | | |
| 57:22-66:16 | | | | |
| 66:23-79:24 | | | | |
| 86:23-90:25 | | | | |
| 91:20-96:24 | | | | |
| 98:13-102:15 | | | | |
| 102:23-112:20 | | | | |
| 113:14-20 | | | | |
| 117:9-119:6 | | | | |
| 120:5-126:24 | | | | |
| 129:23-132:24 | | | | |
| 133:3-140:15 | | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 141:14-18 | | | | |
| 142:7-143:8 | | | | |
| 143:20-149:13 | | | | |
| 150:11-24 | | | | |
| 151:13-152:25 | | | | |
| 153:14-154:5 | | | | |
| 154:15-165:7 | | | | |
| 165:13-168:17 | | | | |
| 169:3-170:4 | | | | |
| 170:8-171:2 | | | | |
| 172:22-174:8 | | | | |
| 181:7-183:9 | | | | |
| 184:6-185:5 | | | | |
| 185:18-189:7 | | | | |
| 192:24-197:6 | | | | |
| 208:7-211:11 | | | | |
| 220:23-222:16 | | | | |
| 226:15-250:23 | | | | |

**AngioDynamics, Inc.'s Designation of the Deposition Testimony of
Steven Tallarida 30(b)(6), dated November 28, 2017
<u>Primo</u>**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 9:5-10:4 | | | | |
| 10:16-11:12 | | | | |
| 16:8-20 | | | | |
| 17:11-15 | | | | |
| 19:13-22 | | | | |
| 23:4-27:9 | | | | |
| 33:7-21 | | | | |
| 46:4-47:24 | | | | |
| 49:8-50:13 | | | | |
| 60:7-64:25 | | | | |
| 68:11-73:23 | | | | |
| 74:6-77:7 | | | | |
| 90:14-91:14 | | | | |
| 91:21-109:4 | | | | |
| 111:7-112:23 | | | | |
| 113:3-116:10 | | | | |
| 120:14-20 | | | | |
| 122:12-21 | | | | |
| 124:10-132:15 | | | | |
| 142:7-150:22 | | | | |
| 151:2-153:2 | | | | |
| 153:21-155:11 | | | | |
| 157:4-162:20 | | | | |
| 163:4-166:22 | | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 168:12-170:16 | | | | |
| 171:12-173:23 | | | | |
| 175:14-179:23 | | | | |
| 180:21-185:23 | | | | |
| 186:9-189:5 | | | | |
| 189:17-198:15 | | | | |
| 199:12-200:21 | | | | |
| 201:16-205:24 | | | | |
| 206:1-4 | | | | |
| 206:6-207:17 | | | | |
| 207:20-209:11 | | | | |
| 209:15-24 | | | | |
| 210:2-22 | | | | |
| 210:25-211:16 | | | | |
| 211:19-21 | | | | |
| 211:23-212:8 | | | | |
| 212:21-213:9 | | | | |
| 213:12-22 | | | | |
| 213:25 | | | | |
| 214:1-3 | | | | |
| 214:5-13 | | | | |
| 214:16-17 | | | | |
| 214:21-215:10 | | | | |
| 215:13-216:1 | | | | |
| 216:4-11 | | | | |
| 216:15-217:2 | | | | |
| 217:4 | | | | |
| 217:7-20 | | | | |

| | | | |
|---|---|---|---|
| 217:22-23 | | | |
| 218:3-14 | | | |
| 219:3-12 | | | |
| 219:17-220:12 | | | |
| 220:17-222:14 | | | |
| 222:17-25 | | | |
| 223:8-10 | | | |
| 223:15-23 | | | |
| 223:25-224:4 | | | |
| 224:9-11 | | | |
| 224:17-225:20 | | | |
| 225:22-226:6 | | | |
| 226:8-227:17 | | | |
| 227:20-24 | | | |
| 228:2-22 | | | |
| 228:24-229:3 | | | |
| 229:7-12 | | | |
| 229:20-21 | | | |
| 229:24-230:5 | | | |
| 230:7-11 | | | |
| 230:14-18 | | | |
| 231:11-233:5 | | | |
| 232:21-237:13 | | | |
| 237:17-239:17 | | | |
| 240:8-246:18 | | | |
| 246:18-21 | | | |
| 247:1-5 | | | |
| 247:8-10 | | | |
| 247:13-17 | | | |
| 247:21-25 | | | |
| 249:18-21 | | | |

| | | | | |
|---|---|---|---|---|
| 250:17-252:2 | | | | |
| 253:4-10 | | | | |
| 253:17-25 | | | | |
| 254:4-255:15 | | | | |
| 256:2-12 | | | | |
| 256:18-259:2 | | | | |
| 259:6-260:4 | | | | |
| 260:6-15 | | | | |
| 260:20-261:7 | | | | |
| 261:10-19 | | | | |
| 262:3-265:7 | | | | |
| 265:20-267:24 | | | | |
| 268:2-269:15 | | | | |
| 269:4-15 | | | | |
| 272:2-24 | | | | |
| 274:17-275:20 | | | | |
| 275:25-278:24 | | | | |
| 287:18-289:14 | | | | |
| 280:1-281:16 | | | | |
| 282:18-298:4 | | | | |
| 300:5-305:22 | | | | |
| 306:9-316:25 | | | | |
| 320:3-321:24 | | | | |
| 329:16-330:9 | | | | |
| 340:7-341:2 | | | | |
| 357:14-359:4 | | | | |
| 362:5-21 | | | | |

EXHIBIT 11A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BARD PERIPHERAL VASCULAR, INC., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-218 (JFB) (SRF) |
| | ) | |
| ANGIODYNAMICS, INC., | ) | |
| | ) | |
| Defendant, Counterclaim-Plaintiff and | ) | |
| Crossclaim/Third-Party Complaint Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| C.R. BARD, INC., | ) | |
| | ) | |
| Counterclaim/Third-Party Complaint | ) | |
| Defendant. | ) | |
| | ) | |

## BARD'S OBJECTIONS AND COUNTER DESIGNATIONS TO ANGIODYNAMICS, INC.'S DEPOSITION DESIGNATIONS

The following contains a list of Bard's counter deposition designations that it may use at the upcoming trial. Bard reserves the right to modify and/or supplement this list as circumstances warrant. Bard also reserves the right to play any of AngioDynamics's initial designations at trial in the event that AngioDynamics does not choose to use certain testimony. Bard notes that AngioDynamics's initial designations are overbroad, irrelevant and prejudicial. Additionally, the proper substantive scope of evidence is also still being addressed through motions in limine and summary judgment.

Bard further reserves the right to narrow its counter designations in response to AngioDynamics narrowing its deposition designations. Because of the overbroad nature of AngioDynamics's deposition designations, Bard has not provided specific objections to each

portion of designated testimony.  But Bard reserves the right to provide such objections when AngioDynamics provides narrowed designations.  Currently, Bard generally objects to the depositions designations under at least the following Federal Rules of Evidence:  105, 106, 401, 402, 403, 611, 701, 702, 801, 805, and 901.

Bard's inclusion of any testimony in its counter designations should not be construed as a concession that such testimony is relevant and/or non-prejudicial.  Bard explicitly reserves the right to withdraw designation of such testimony in response to the Court's decisions on summary judgment, motions in limine, and/or AngioDynamics's narrowing of its own designations.

Finally, Bard objects to AngioDynamics's deposition designation of 30(b)(1) witnesses and expert witnesses including Kenneth Eliasen, Dwight Hibdon, Kevin Sheetz, Timothy Clark, Jim Beasely, AnneMarie Boswell, Kelly Powers, Steven Tallarida, Susan Scott.

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| Kenneth Eliasen, August 15, 2017 | 20:6-21:3 |
| | 21:12-22 |
| | 52:7-25 |
| | 94:5-11 |
| | 94:24-95:4 |
| | 95:15-96:6 |
| | 97:15-25 |
| | 99:6-25 |
| | 100:9-101:20 |
| | 103:16-104:4 |
| | 124:25-125:11 |
| | 128:2-11 |
| | 130:9-16 |
| | 156:22-157:8 |
| | 168:4-170:10 |

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| Kenneth Eliasen, June  21, 2017 | 41:16-25 |
| | 51:16-24 |
| | 56:3-22 |
| | 96:25-99:25 |
| | 110:13-21 |
| | 162:4-164:11 |
| | 243:13-246:22 |
| | 249:16-250:19 |
| | 263:6-16 |
| | 267:24-269:5 |
| | 270:18-271:23 |
| | 273:4-12 |
| | 274:6-275:7 |
| | 283:21-285:7 |
| | 289:7-291:9 |
| | 292:3-8 |
| | 316:5-317:20 |
| | 318:13-319:5 |
| | 321:15-323:15 |
| | 329:13-330:6 |
| | 341:8-13 |
| | 342:16-344:9 |

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| Andrea Acuna, June  9, 2017 | 98:25 |
| | 99:8 |
| | 100:2 |
| | 148:24-149:2 |
| | 156:14-18 |
| | 167:2 |
| | 196:14-16 |
| | 199:24-200:4 |
| | 241:21-23 |
| | 253:6-9 |

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| Annemarie Boswell, May 26, 2017 | 50:23-51:4<br><br>54:14-20<br><br>54:23-55:10<br><br>153:15-20 |

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| Mark Girard, June 27, 2017 | 6:14-21 |
| | 27:6-12 |
| | 28:9-12 |
| | 32:7-33:22 |
| | 37:9-20 |
| | 38:6-22 |
| | 39:9-40:13 |
| | 47:14-16 |
| | 60:3-62:18 |
| | 64:16-65:23 |
| | 74:15-76:22 |
| | 78:8-20 |
| | 80:18-81:13 |
| | 85:3-11 |
| | 86:11-17 |
| | 102:14-104:12 |
| | 105:14-106:3 |
| | 106:16-22 |
| | 109:4-10 |
| | 110:3-14 |
| | 111:11-112:8 |
| | 113:16-115:5 |

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| | 122:8-15 |
| | 128:13-130:19 |
| | 139:13-141:22 |
| | 153:12-154:4 |
| | 154:16-23 |
| | 158:25-159:12 |
| | 160:7-16 |
| | 177:13-23 |
| | 181:5-182:4 |
| | 183:5-10 |
| | 184:3-185:15 |
| | 185:24-186:14 |
| | 197:3-24 |
| | 205:6-8 |
| | 218:13-219:6 |
| | 314:6-17 |

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| Charles Greiner, June 30, 2017 | 5:14-18 |
| | 13:14-20 |
| | 20:16-21:10 |
| | 45:4-48:6 |
| | 50:23-52:5 |
| | 52:9-53:2 |
| | 53:19-54:14 |
| | 57:4-25 |
| | 61:3-62:8 |
| | 65:8-66:5 |
| | 67:19-68:3 |
| | 69:14-24 |
| | 70:7-12 |
| | 73:11-24 |
| | 75:7-12 |
| | 73:11-24 |
| | 75:7-12 |
| | 76:6-20 |
| | 77:3-10 |
| | 77:16-24 |
| | 79:18-80:3 |
| | 81:7-82:2 |

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| | 82:20-83:2 |
| | 83:13-84:25 |
| | 85:21-86:2 |
| | 86:11-87:3 |
| | 90:15-17 |
| | 92:5-93:4 |
| | 94:2-95:11 |
| | 96:18-23 |
| | 97:3-21 |
| | 99:11-100:7 |
| | 101:2-14 |
| | 103:24-104:10 |
| | 105:25-106:13 |
| | 107:16-108:2 |
| | 108:6-8 |
| | 108:15-109:3 |
| | 109:12-110:3 |
| | 110:14-111:2 |
| | 112:15-113:2 |
| | 115:5-9 |
| | 115:21-116:25 |
| | 119:20-120:9 |
| | 123:3-5 |

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| | 123:19-24 |
| | 124:3-12 |
| | 124:18-125:7 |
| | 126:2-15 |
| | 127:2-12 |
| | 128:8-12 |
| | 128:20-129:4 |
| | 132:5-23 |
| | 133:2-10 |
| | 134:9-20 |
| | 136:6-21 |
| | 139:19-23 |
| | 140:2-9 |
| | 142:11-25 |
| | 143:17:144:10 |
| | 178:23-179:9 |
| | 180:17-181:2 |
| | 181:7-25 |
| | 183:18-185:5 |

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| James Steven Kenny, June 7, 2017 | 5:17-24 |
| | 8:19-9:20 |
| | 75:23-76:2 |
| | 76:25-77:25 |
| | 83:23-85:22 |
| | 93:20-94:11 |
| | 96:3-99:22 |
| | 100:10-101:4 |
| | 103:10-104:4 |
| | 118:17-119:5 |
| | 121:9-25 |
| | 126:6-127:25 |
| | 131:4-16 |
| | 132:23-133:15 |
| | 141:7-18 |
| | 142:17-143:11 |
| | 143:21-144:23 |
| | 151:21-155:12 |
| | 168:20-23 |
| | 171:7-172:22 |
| | 182:10-23 |
| | 183:5-12 |

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| | 190:15-11 |
| | 197:20-198:4 |
| | 213:25-214:13 |
| | 216:16-217:12 |
| | 219:11-221:14 |
| | 223:21-224:25 |
| | 226:14-22 |
| | 227:16-228:20 |
| | 276:7-277:18 |
| | 287:18-25 |
| | 288:20-290:18 |
| | 291:3-293:9 |
| | 299:5-302:17 |
| | 302:24-303:18 |
| | 317:24-318:1 |
| | 318:10-13 |
| | 319:2-320:10 |
| | 322:17-324:12 |
| | 339:21-24 |
| | 340:21-341:25 |
| | 341:10-12 |
| Kevin Sheetz, June 5, 2017 | 15:8-14 |
| | 28:15-17 |

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| | 29:18-22 |
| | 29:25-30:3 |
| | 31:5-12 |
| | 50:11-13, 15-20 |
| | 79:25-80:3 |
| | 80:6-10 |
| | 132:25-133:1 |
| | 185:6-9 |
| Jim Beasley, May 25, 2017 | 21:19-22:16 |
| | 22:22-23:8 |
| | 23:19-22, 25 |
| | 24:2-11 |
| | 25:2-4 |
| | 29:23-30:23 |
| | 46:14-16 |
| | 55:3-5, 11-15, 20-24 |
| | 56:11-16 |
| | 65:8-13 |
| | 74:15-23 |
| | 96:22-24 |
| Dwight Hibdon, June 23, 2017 | 24:4-10, 16-18 |
| | 77:4-9 |
| | 82:20-23 |

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| | 90:6-7, 9-16 |
| | 125:11-16 |
| | 137:18-19, 22 |
| | 141:17-142:5 |
| | 142:7-9 |
| | 98:3-18, 22-25 |
| | 99:2-6 |
| | 99:22-100:7 |
| | 100:9, 17-24 |
| | 101:2-13 |
| | 172:23-25 |
| | 252:14-18 |
| | 283:22-284:9 |
| | 288:18-23 |
| | 289:5-7, 9-11 |
| | 325:21, 23-25 |
| Steven Tallarida, November 28, 2017 | 13:7-25 |
| | 35:3-5, 7-13, 15, 17-23 |
| | 36:2-8 |
| | 48:15-16 |
| | 78:3-8 |
| | 91:17-20 |
| | 109:6, 8-10 |

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| | 153:14-20 |
| | 162:21-24 |
| | 163:3 |
| | 189:7-8 |
| | 247:4-5, 8 |
| | 249:4-17 |
| | 249:22-250:7 |
| | 263:9-20 |
| | 263:22-265:18 |
| | 273:2-274:9 |
| | 278:25-279:7 |
| | 298:6-9, 13-16 |
| | 299:4-6, 21-25 |
| | 317:2-4, 6-11 |
| | 319:20-21 |
| | 319:24-320:2 |
| | 321:25-322:6 |
| | 326:7-16 |
| | 326:20-327:13 |
| | 330:10-12 |
| | 345:13-18, 23-25 |
| | 351:22-352:23 |
| | 353:3-6, 9-12, 16-20 |

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| | 353:23-354:2 |
| | 356:15-18, 21-25 |
| | 357:7-10 |
| | 359:20-22 |
| | 359:25-360:6 |
| Susan Scott, October 24, 2017 | 21:15-16, 18-24 |
| | 141:10-13, 18-20 |
| | 143:6 |
| | 166:16-22 |
| | 211:20-23 |
| | 259:20-25 |
| | 260:5-19 |
| | 291:21-25 |
| | 294:21-295:8 |
| | 310:22-311:7 |
| | 325:4-10 |
| Kelly Powers, June 8, 2017 | 43:2-47:16 |
| | 50:21-51:23 |
| | 59:16-60:11 |
| | 133:12-134:6 |
| | 134:14-135:6 |
| Kelly Powers, June 9, 2017 | 17:14-15 |
| | 17:19-18:2 |

| DEPONENT | COUNTER DESIGNATIONS |
|---|---|
| | 25:7-12<br><br>43:11-12,<br><br>43:15-20, 22<br><br>43:24-44:2<br><br>61:11-22<br><br>88:22-25<br><br>144:20-24 |

EXHIBIT 12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

BARD PERIPHERAL VASCULAR, INC.,

                    Plaintiff and Counterclaim-Defendant,

                    v.

ANGIODYNAMICS, INC.,

                    Defendant and Counterclaim-Plaintiff,

                    v.

C.R. BARD, INC.,

                    Counterclaim/Third-Party Complaint
                    Defendant.

C.A. No. 15-218-JFB-SRF

## ANGIODYNAMICS, INC.'S TRIAL TESTIMONY DESIGNATIONS

**AngioDynamics, Inc.'s Designation of the Trial Testimony of**
**Annemarie Boswell, dated March 6, 2019**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 951:13-23 | | | | |
| 952:19-953:5 | | | | |
| 953:16-954:5 | | | | |
| 955:5-16 | | | | |
| 964:20-965:11 | | | | |
| 965:16-18 | | | | |
| 965:22-969:5 | | | | |
| 969:7-973:11 | | | | |

**AngioDynamics, Inc.'s Designation of the Trial Testimony of**
**Kimberly Hammond, dated March 6, 2019**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 975:3-7 | | | | |
| 987:4-14 | | | | |
| 987:18-989:21 | | | | |
| 990:3-23 | | | | |
| 991:7-996:17 | | | | |
| 996:23-1000:5 | | | | |

**AngioDynamics, Inc.'s Designation of the Trial Testimony of**
**Alan Cox, dated March 7, 2019**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 1000:16-23 | | | | |
| 1156:14-1173:6 | | | | |
| 1173:11-13 | | | | |
| 1173:18-1176:9 | | | | |
| 1176:15-21 | | | | |
| 1176:24-1180:17 | | | | |
| 1181:7-14 | | | | |
| 1181:17-1186:18 | | | | |
| 1187:7-1201:20 | | | | |
| 1201:23-1204:7 | | | | |
| 1204:11-20 | | | | |
| 1204:24-1211:16 | | | | |
| 1211:24-1214:6 | | | | |
| 1214:11-1214:14 | | | | |
| 1216:18-1217:4 | | | | |

**AngioDynamics, Inc.'s Designation of the Trial Testimony of**
**Dr. Timothy Clark, dated March 5-6, 2019**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 726:20-727:1 | | | | |
| 728:1-7 | | | | |
| 729:12-22 | | | | |
| 733:8-20 | | | | |
| 768:7-14 | | | | |
| 770:19-21 | | | | |
| 772:14-21 | | | | |
| 774:2-6 | | | | |
| 775:25-776:2 | | | | |
| 778:13-21 | | | | |
| 781:14-782:21 | | | | |
| 789:3-791:9 | | | | |
| 795:17-796:4 | | | | |
| 801:6-25 | | | | |
| 804:6-807:18 | | | | |
| 809:1-9 | | | | |
| 816:20-817:3 | | | | |
| 827:23-829:21 | | | | |
| 839:11-841:17 | | | | |
| 847:6-848:15 | | | | |
| 852:22-854:14 | | | | |

| | | | | |
|---|---|---|---|---|
| 866:24-867:4 | | | | |
| 885:11-25 | | | | |
| 887:7-15 | | | | |
| 894:20-895:7 | | | | |
| 896:1-901:4 | | | | |
| 901:14-21 | | | | |
| 901:25-918:16 | | | | |
| 918:21-939:12 | | | | |
| 942:9-22 | | | | |
| 943:3-946:22 | | | | |

**AngioDynamics, Inc.'s Designation of the Trial Testimony of
Kelly Powers, dated March 4-5, 2019**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 410:10-17 | | | | |
| 435:5-17 | | | | |
| 438:21-441:6 | | | | |
| 441:9-442:4 | | | | |
| 442:11-444:6 | | | | |
| 445:4-17 | | | | |
| 449:3-21 | | | | |
| 455:5-17 | | | | |
| 458:9-459:18 | | | | |
| 460:12-462:8 | | | | |
| 477:25-478:11 | | | | |
| 519:23-520:5 | | | | |
| 521:19-522:14 | | | | |
| 530:10-531:5 | | | | |
| 533:21-534:21 | | | | |
| 535:20-538:13 | | | | |
| 539:18-540:12 | | | | |
| 541:14-23 | | | | |

| | | | | |
|---|---|---|---|---|
| 542:9-19 | | | | |
| 563:11-595:3 | | | | |
| 608:1-609:1 | | | | |
| 609:3-634:25 | | | | |
| 635:6-13 | | | | |
| 635:16-640:25 | | | | |
| 649:15-650:3 | | | | |

EXHIBIT 12A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARD PERIPHERAL VASCULAR, INC., | |
| Plaintiff and Counterclaim-Defendant, | |
| v. | C.A. No. 15-218-JFB-SRF |
| ANGIODYNAMICS, INC., | |
| Defendant and Counterclaim-Plaintiff, | |
| v. | |
| C.R. BARD, INC., | |
| Counterclaim/Third-Party Complaint Defendant. | |

**BARD'S OBJECTIONS TO ANGIODYNAMICS, INC.'S TRIAL TESTIMONY DESIGNATIONS**

**AngioDynamics, Inc.'s Designation of the Trial Testimony of**
**Annemarie Boswell, dated March 6, 2019**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 951:13-23 | FRE 802, FRE 611, FRE 403 | | | |
| 952:19-953:5 | FRE 802, FRE 611, FRE 403 | | | |
| 953:16-954:5 | FRE 802, FRE 611, FRE 403 | | | |
| 955:5-16 | FRE 802, FRE 611, FRE 403 | | | |
| 964:20-965:11 | FRE 802, FRE 611, FRE 403 | | | |
| 965:16-18 | FRE 802, FRE 611, FRE 403 | | | |
| 965:22-969:5 | FRE 802, FRE 611, FRE 403 | | | |
| 969:7-973:11 | FRE 802, FRE 611, FRE 403 | | | |

**AngioDynamics, Inc.'s Designation of the Trial Testimony of**
**<u>Kimberly Hammond, dated March 6, 2019</u>**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 975:3-7 | FRE 802, FRE 611, FRE 403 | | | |
| 987:4-14 | FRE 802, FRE 611, FRE 403 | | | |
| 987:18-989:21 | FRE 802, FRE 611, FRE 403 | | | |
| 990:3-23 | FRE 802, FRE 611, FRE 403 | | | |
| 991:7-996:17 | FRE 802, FRE 611, FRE 403 | | | |
| 996:23-1000:5 | FRE 802, FRE 611, FRE 403 | | | |

**AngioDynamics, Inc.'s Designation of the Trial Testimony of**
**Alan Cox, dated March 7, 2019**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 1000:16-23 | FRE 802, FRE 611, FRE 403 | | | |
| 1156:14-1173:6 | FRE 802, FRE 611, FRE 403 | | | |
| 1173:11-13 | FRE 802, FRE 611, FRE 403 | | | |
| 1173:18-1176:9 | FRE 802, FRE 611, FRE 403 | | | |
| 1176:15-21 | FRE 802, FRE 611, FRE 403 | | | |
| 1176:24-1180:17 | FRE 802, FRE 611, FRE 403 | | | |
| 1181:7-14 | FRE 802, FRE 611, FRE 403 | | | |
| 1181:17-1186:18 | FRE 802, FRE 611, FRE 403 | | | |
| 1187:7-1201:20 | FRE 802, FRE 611, FRE 403 | | | |
| 1201:23-1204:7 | FRE 802, FRE 611, FRE 403 | | | |
| 1204:11-20 | FRE 802, FRE 611, FRE 403 | | | |
| 1204:24-1211:16 | FRE 802, FRE 611, FRE 403 | | | |
| 1211:24-1214:6 | FRE 802, FRE 611, FRE 403 | | | |

| | | | | |
|---|---|---|---|---|
| 1214:11-1214:14 | FRE 802, FRE 611, FRE 403 | | | |
| 1216:18-1217:4 | FRE 802, FRE 611, FRE 403 | | | |

**AngioDynamics, Inc.'s Designation of the Trial Testimony of**
**Dr. Timothy Clark, dated March 5-6, 2019**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 726:20-727:1 | FRE 802, FRE 611, FRE 403 | | | |
| 728:1-7 | FRE 802, FRE 611, FRE 403 | | | |
| 729:12-22 | FRE 802, FRE 611, FRE 403 | | | |
| 733:8-20 | FRE 802, FRE 611, FRE 403 | | | |
| 768:7-14 | FRE 802, FRE 611, FRE 403 | | | |
| 770:19-21 | FRE 802, FRE 611, FRE 403 | | | |
| 772:14-21 | FRE 802, FRE 611, FRE 403 | | | |
| 774:2-6 | FRE 802, FRE 611, FRE 403 | | | |
| 775:25-776:2 | FRE 802, FRE 611, FRE 403 | | | |
| 778:13-21 | FRE 802, FRE 611, FRE 403 | | | |
| 781:14-782:21 | FRE 802, FRE 611, FRE 403 | | | |
| 789:3-791:9 | FRE 802, FRE 611, FRE 403 | | | |
| 795:17-796:4 | FRE 802, FRE 611, FRE 403 | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 801:6-25 | FRE 802, FRE 611, FRE 403 | | | |
| 804:6-807:18 | FRE 802, FRE 611, FRE 403 | | | |
| 809:1-9 | FRE 802, FRE 611, FRE 403 | | | |
| 816:20-817:3 | FRE 802, FRE 611, FRE 403 | | | |
| 827:23-829:21 | FRE 802, FRE 611, FRE 403 | | | |
| 839:11-841:17 | FRE 802, FRE 611, FRE 403 | | | |
| 847:6-848:15 | FRE 802, FRE 611, FRE 403 | | | |
| 852:22-854:14 | FRE 802, FRE 611, FRE 403 | | | |
| 866:24-867:4 | FRE 802, FRE 611, FRE 403 | | | |
| 885:11-25 | FRE 802, FRE 611, FRE 403 | | | |
| 887:7-15 | FRE 802, FRE 611, FRE 403 | | | |
| 894:20-895:7 | FRE 802, FRE 611, FRE 403 | | | |
| 896:1-901:4 | FRE 802, FRE 611, FRE 403 | | | |
| 901:14-21 | FRE 802, FRE 611, FRE 403 | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 901:25-918:16 | FRE 802, FRE 611, FRE 403 | | | |
| 918:21-939:12 | FRE 802, FRE 611, FRE 403 | | | |
| 942:9-22 | FRE 802, FRE 611, FRE 403 | | | |
| 943:3-946:22 | FRE 802, FRE 611, FRE 403 | | | |

**AngioDynamics, Inc.'s Designation of the Trial Testimony of**
**<u>Kelly Powers, dated March 4-5, 2019</u>**

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 410:10-17 | FRE 802, FRE 611, FRE 403 | | | |
| 435:5-17 | FRE 802, FRE 611, FRE 403 | | | |
| 438:21-441:6 | FRE 802, FRE 611, FRE 403 | | | |
| 441:9-442:4 | FRE 802, FRE 611, FRE 403 | | | |
| 442:11-444:6 | FRE 802, FRE 611, FRE 403 | | | |
| 445:4-17 | FRE 802, FRE 611, FRE 403 | | | |
| 449:3-21 | FRE 802, FRE 611, FRE 403 | | | |
| 455:5-17 | FRE 802, FRE 611, FRE 403 | | | |
| 458:9-459:18 | FRE 802, FRE 611, FRE 403 | | | |
| 460:12-462:8 | FRE 802, FRE 611, FRE 403 | | | |
| 477:25-478:11 | FRE 802, FRE 611, FRE 403 | | | |
| 519:23-520:5 | FRE 802, FRE 611, FRE 403 | | | |
| 521:19-522:14 | FRE 802, FRE 611, FRE 403 | | | |

| Testimony Designated (Page/Line) | Bard's Objections | Bard's Counter Designations | Angio's Objections | Court Ruling |
|---|---|---|---|---|
| 530:10-531:5 | FRE 802, FRE 611, FRE 403 | | | |
| 533:21-534:21 | FRE 802, FRE 611, FRE 403 | | | |
| 535:20-538:13 | FRE 802, FRE 611, FRE 403 | | | |
| 539:18-540:12 | FRE 802, FRE 611, FRE 403 | | | |
| 541:14-23 | FRE 802, FRE 611, FRE 403 | | | |
| 542:9-19 | FRE 802, FRE 611, FRE 403 | | | |
| 563:11-595:3 | FRE 802, FRE 611, FRE 403 | | | |
| 608:1-609:1 | FRE 802, FRE 611, FRE 403 | | | |
| 609:3-634:25 | FRE 802, FRE 611, FRE 403 | | | |
| 635:6-13 | FRE 802, FRE 611, FRE 403 | | | |
| 635:16-640:25 | FRE 802, FRE 611, FRE 403 | | | |
| 649:15-650:3 | FRE 802, FRE 611, FRE 403 | | | |