IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARD PERIPHERAL VASCULAR, INC.,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>    v.<br><br>ANGIODYNAMICS, INC.,<br><br>    Defendant, Counterclaim-Plaintiff,<br><br>    v.<br><br>C.R. BARD, INC.,<br><br>    Counterclaim/Third-Party Complaint Defendant. | C.A.  No. 15-218-JFB-SRF<br><br>VERDICT FORM |

Ladies and gentlemen of the jury, it is now your duty to answer the questions presented in this Verdict Form, according to your unanimous decision after due deliberation. Please answer the questions in the order in which they appear.

During your deliberations, you may refer to the instructions that I have read to you in the courtroom at the start and conclusion of the trial.

Once you have completed this Verdict Form, please advise the Clerk and have your Foreperson sign and date this form.

1

I. **INFRINGEMENT**

   A. **DIRECT INFRINGEMENT OF THE '417 PATENT**

   1. Has Bard proven by a preponderance of the evidence that AngioDynamics's Smart Port CT and Smart Port LP products have directly infringed either or both of claims 5 and 12, including each and every limitation of their underlying independent claims, of the '417 patent? [*A "yes" answer to this question is a finding for Bard. A "no" answer is a finding for AngioDynamics.*]

|  | YES<br>DID INFRINGE | NO<br>DID NOT INFRINGE |
|---|---|---|
| **Smart Port CT** | | |
| Claim 5 | ✓ | |
| Claim 12 | ✓ | |
| **Smart Port LP** | | |
| Claim 5 | ✓ | |
| Claim 12 | ✓ | |

B.    DIRECT INFRINGEMENT OF THE '460 PATENT

2.    Has Bard proven by a preponderance of the evidence that AngioDynamics's Smart Port, Xcela, Xcela Plus, and BioFlo Port products have directly infringed claim 4, including each and every limitation of the underlying independent claim, of the '460 patent? [*A "yes" answer to this question is a finding for Bard. A "no" answer is a finding for AngioDynamics.*]

|  | YES<br>DID INFRINGE | NO<br>DID NOT INFRINGE |
|---|---|---|
| **Smart Port CT** | | |
| Claim 4 | ✓ | |
| **Smart Port LP** | | |
| Claim 4 | ✓ | |
| **Smart Port MP** | | |
| Claim 4 | ✓ | |
| **Xcela Ports** | | |
| Claim 4 | ✓ | |
| **Xcela Plus Ports** | | |
| Claim 4 | ✓ | |
| **BioFlo Ports** | | |
| Claim 4 | ✓ | |

## C. INDUCED INFRINGEMENT OF THE '478 PATENT

3. Has Bard proven by a preponderance of the evidence that a single entity has directly infringed claim 3 of the '478 patent, including each and every limitation of the underlying independent claim, and that AngioDynamics has induced that entity's infringement? *[A "yes" answer to this question is a finding for Bard. A "no" answer is a finding for AngioDynamics.]*

|  | **YES**<br>**DID INFRINGE** | **NO**<br>**DID NOT INFRINGE** |
|---|---|---|
| Claim 3 | ✓ |  |

## II. **PATENT VALIDITY**

### A. **ANTICIPATION**

4. Has AngioDynamics proven by clear and convincing evidence that either or both of claims 5 and 12 of the '417 patent are invalid because they are anticipated by a single prior art reference? [*A "yes" answer to this question is a finding for AngioDynamics. A "no" answer is a finding for Bard.*]

|  | YES<br>INVALID | NO<br>NOT INVALID |
|---|---|---|
| Claim 5 |  | ✓ |
| Claim 12 |  | ✓ |

5. Has AngioDynamics proven by clear and convincing evidence that claim 4 of the '460 patent is invalid because it is anticipated by a single prior art reference? [*A "yes" answer to this question is a finding for AngioDynamics. A "no" answer is a finding for Bard.*]

|  | YES<br>INVALID | NO<br>NOT INVALID |
|---|---|---|
| Claim 4 |  | ✓ |

6. Has AngioDynamics proven by clear and convincing evidence that claim 3 of the '478 patent is invalid because it is anticipated by a single prior art reference? [*A "yes" answer to this question is a finding for AngioDynamics. A "no" answer is a finding for Bard.*]

|  | YES<br>INVALID | NO<br>NOT INVALID |
|---|---|---|
| Claim 3 |  | ✓ |

## B.  OBVIOUSNESS

7.  Has AngioDynamics proven by clear and convincing evidence that either or both of claims 5 and 12 of the '417 patent are invalid because they would have been obvious to one of skill in the art at the time of the invention? [*A "yes" answer to this question is a finding for AngioDynamics. A "no" answer is a finding for Bard.*]

|  | YES<br>INVALID | NO<br>NOT INVALID |
|---|---|---|
| Claim 5 |  | ✓ |
| Claim 12 |  | ✓ |

8.  Has AngioDynamics proven by clear and convincing evidence that claim 4 of the '460 patent is invalid because it would have been obvious to one of skill in the art at the time of the invention? [*A "yes" answer to this question is a finding for AngioDynamics. A "no" answer is a finding for Bard.*]

|  | YES<br>INVALID | NO<br>NOT INVALID |
|---|---|---|
| Claim 4 |  | ✓ |

7

9. Has AngioDynamics proven by clear and convincing evidence that claim 3 of the '478 patent is invalid because it would have been obvious to one of skill in the art at the time of the invention? [*A "yes" answer to this question is a finding for AngioDynamics. A "no" answer is a finding for Bard.*]

|  | **YES** <br> <u>INVALID</u> | **NO** <br> <u>NOT INVALID</u> |
|---|---|---|
| Claim 3 |  | ✓ |

*If you found that AngioDynamics infringed a valid claim, that is, you answered "yes" to any of questions 1 through 3 and answered "no" for each of the corresponding of questions 4 through 9, you must answer the remaining questions 10 through 15. If you did not find that AngioDynamics infringed any valid claim, you should skip the remaining questions and return this verdict form to the Court.*

III. **WILLFUL INFRINGEMENT**

10. Has Bard proven by a preponderance of the evidence that AngioDynamics's infringement of the '417 patent was willful? [*A "yes" answer to this question is a finding for Bard. A "no" answer is a finding for AngioDynamics.*]

|  | YES<br>WILLFUL | NO<br>NOT WILLFUL |
|---|---|---|
| Claim 5 | ✓ |  |
| Claim 12 | ✓ |  |

11. Has Bard proven by a preponderance of the evidence that AngioDynamics's infringement of the '460 patent was willful? [*A "yes" answer to this question is a finding for Bard. A "no" answer is a finding for AngioDynamics.*]

|  | YES<br>WILLFUL | NO<br>NOT WILLFUL |
|---|---|---|
| Claim 4 | ✓ |  |

12. Has Bard proven by a preponderance of the evidence that AngioDynamics's infringement of the '478 patent was willful? [*A "yes" answer to this question is a finding for Bard. A "no" answer is a finding for AngioDynamics.*]

|  | YES<br>WILLFUL | NO<br>NOT WILLFUL |
|---|---|---|
| Claim 5 | ✓ |  |

## IV. PRIOR USE

13. Has AngioDynamics proven by clear and convincing evidence that AngioDynamics, or a company it acquired, commercially used the '417 Patent in good faith and in the United States before April 25, 2005? [*A "yes" answer to this question is a finding for AngioDynamics. A "no" answer is a finding for Bard.*]

|  | YES<br>PRIOR USE | NO<br>NO PRIOR USE |
|---|---|---|
| Claim 5 |  | ✓ |
| Claim 12 |  | ✓ |

14. Has AngioDynamics proven by clear and convincing evidence that AngioDynamics, or a company it acquired, commercially used the '460 Patent in good faith and in the United States before April 25, 2005? [*A "yes" answer to this question is a finding for AngioDynamics. A "no" answer is a finding for Bard.*]

|  | YES<br>PRIOR USE | NO<br>NO PRIOR USE |
|---|---|---|
| Claim 4 |  | ✓ |

15. Has AngioDynamics proven by clear and convincing evidence that AngioDynamics, or a company it acquired, commercially used the '478 Patent in good faith and in the United States before April 25, 2005? [*A "yes" answer to this question is a finding for AngioDynamics. A "no" answer is a finding for Bard.*]

|  | **YES**<br>PRIOR USE | **NO**<br>NO PRIOR USE |
|---|---|---|
| Claim 3 |  | ✓ |

**You have now completed this Verdict Form and should so advise the Clerk. The Foreperson should sign and date the Form below:**

DATED: 11/22/2022      FOREPERSON: [redacted]

11