IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| C.R. BARD, INC and<br>BARD PERIPHERAL VASCULAR, INC.,<br><br>      Plaintiffs and<br>      Counterclaim Defendants,<br><br>      v.<br><br>ANGIODYNAMICS, INC.,<br><br>      Defendant and<br>      Counterclaim-Plaintiff. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 15-218 (JFB) (SRF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## C. R. BARD, INC. AND BARD PERIPHERAL VASCULAR, INC.'S MOTION TO STAY ANGIODYNAMICS INC.'S MOTION FOR ATTORNEYS' FEES PENDING APPEAL TO THE FEDERAL CIRCUIT

Plaintiff Bard Peripheral Vascular Inc. and Counterclaim/Third-Party Defendant C.R. Bard Inc. (collectively "Bard") respectfully request that the Court stay consideration of Defendant AngioDynamics Inc.'s ("Angio") motion for attorneys' fees (D.I. 592) pending Bard's appeal on the merits to the Federal Circuit. The Federal Rules of Civil Procedure authorize a district court to defer ruling on a request for attorneys' fees and costs until a pending appeal has been resolved and that is the most efficient course of action here. *See* Comments to Fed. R. Civ. P. 54 (1993 amendments) ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."). Because Defendant's motion could become moot if Bard prevails on appeal, staying the motion until after the appeal is resolved would conserve the Court's and the parties' resources. Counsel for Bard have attempted to reach agreement with AngioDynamics on this motion, but were unable to do so.

Indeed, following the first trial in 2019 Angio similarly filed a motion for attorneys' fees (D.I. 450), and Bard similarly filed a motion to stay (D.I. 455) pending its appeal on the merits to the Federal Circuit. The Court granted this stay (D.I. 460). This was correct and ultimately conserved the Court's and the parties' resources, as the Federal Circuit reversed and remanded the prior grant of JMOL in 1019. Similarly, Judge Andrews previously ordered such a stay *sua sponte* pending the outcome of the appeal to the Federal Circuit in *Broadsoft Inc. v. CallWave Communications LLC*, C.A. No. 13- 711-RGA-SRF, Docket Entry 442 (D. Del. May 7, 2018). *See also Walker Digital, LLC v. Expedia, Inc.*, C.A. No. 11–313–SLR, 2013 WL 5662145 (D. Del. Oct. 16, 2013) (exercising discretion to deny without prejudice motions for attorney fees pending appeal).

Counsel for Bard have attempted to reach agreement with AngioDynamics on this motion, but were unable to do so. Accordingly, Bard respectfully requests that the Court stay Defendant's motion for attorneys' fees until after the Federal Circuit has rendered its opinion on Bard's appeal.

In the event the Court declines to stay, Bard respectfully requests the Court extend the deadline for Bard to respond to AngioDynamics' motion (D.I. 592) – Bard requests the deadline be set to fourteen (14) days after the Court issues its decision regarding the stay.

OF COUNSEL:

Steven C. Cherny
Matthew A. Traupman
Bianca Fox
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Lauren N. Martin
Anne-Raphaëlle Aubry
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
(617) 712-7100

Jared W. Newton
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
(202) 538-8000

Dylan Raife
RAIFE LAW, PLLC
15 SW 58th Drive
Des Moines, IA 50312
(515) 783-6297

Jodie Cheng
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

June 26, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227))
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Plaintiffs and Counterclaim Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served June 26, 2023, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu A. Palapura, Esquire<br>Brandon R. Harper, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant and Counterclaim*<br>*Plaintiff AngioDynamics, Inc.* | *VIA ELECTRONIC MAIL* |
| John T. Moehringer, Esquire<br>Danielle V. Tully, Esquire<br>Michael B. Powell, Esquire<br>David A. Cole, Esquire<br>Jaclyn A. Hall, Esquire<br>John Augelli, Esquire<br>Deanna Thompson, Esquire<br>Michael W. Glenn, Esquire<br>Catherine N. Taylor, Esquire<br>Tyler Ricker, Esquire<br>CADWALADER, WICKERSHAM & TAFT LLP<br>200 Liberty Street<br>New York, NY  10281<br>*Attorneys for Defendant and Counterclaim*<br>*Plaintiff AngioDynamics, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Brian P. Egan*
_____
Brian P. Egan (#6227))